UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                              Chapter 7

                                                    Case No. 23-10322 (JPM)
    ELETSON HOLDINGS INC., *et al.*,
                                                    (Jointly Administered)

                            Alleged Debtors.    <u>FOR PUBLICATION</u>
---------------------------------------------------------x

**APPEARANCES:**

**REED SMITH LLP**
*Counsel for Alleged Debtors*
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
By:    Anne E. Pille, Esq.
          Derek J. Baker, Esq.
          Paul M. Singer, Esq.

**TOGUT, SEGAL & SEGAL LLP**
*Counsel for Petitioning Creditors*
One Penn Plaza Suite 3335
New York, NY 10119
By:    Kyle J. Ortiz, Esq.
         Bryan Kotliar, Esq.
         Brian F. Shaughnessy, Esq.

**DECHERT LLP**
*Counsel for Wilmington Savings Fund Society, FSB*
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
By:    Stephen Zide, Esq.

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**

## MEMORANDUM OPINION

In this involuntary Chapter 7 case, three petitioning creditors—Pach Shemen LLC, VR Global Partners, L.P., and ALPINE PARTNERS (BVI), L.P. (collectively, the "Petitioning Creditors")—have filed a motion to compel the alleged debtors—Eletson Holdings, Inc., Agathonissos Finance LLC, and Eletson Finance (US) LLC (collectively, the "Alleged Debtors")—to file a statement of creditors and serve pleadings on all creditors pursuant to Rules 1017(a), 1017(d) and 1003(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Alleged Debtors have filed a motion to dismiss the petition, asserting, *inter alia*, that Petitioning Creditors are ineligible to file the petition and that the petition was filed in bad faith. The Court GRANTS the motion to compel, and thus Alleged Debtors shall file a list of creditors pursuant to (i) Bankruptcy Rules 1017(a) and 1017(d) and (ii) pursuant to the Court's discretion to order disclosure under Bankruptcy Rule 1003(b).[1]

## BACKGROUND

Petitioning Creditors filed the instant motion, dated April 24, 2023 (the "Motion to Compel") [Dkt. No. 52], seeking an order compelling Alleged Debtors to file a statement of creditors and serve pleadings upon these creditors pursuant to Bankruptcy Rules 1017(a), 1017(d) and 1003(b). Alleged Debtors filed a response on May 1, 2023 (the "Objection") [Dkt. No. 56]. Petitioning Creditors filed a reply to the Objection on May 5, 2023 (the "Reply") [Dkt. No. 60].

Petitioning Creditors commenced this involuntary Chapter 7 bankruptcy case with the filing of a petition (the "Petition") [Dkt. No. 1]. Petitioning Creditors also filed a *Statement of*

---

[1] The Court waives the requirement to file an answer with the list and the requirement to include the nature and amount of the claims pursuant to Bankruptcy Rule 1003(b).

2

*Petitioning Creditors In Support of Involuntary Chapter 7 Petitions Against Eletson Holdings., Eletson Finance (US) LLC and Agathonissos Finance LLC* (the "Petitioning Creditors' Statement") [Dkt. No. 3]. Alleged Debtors moved for abstention and to dismiss the Petition for ineligibility and bad faith (the "Motion to Dismiss") [Dkt. No. 40] and submitted a memorandum of law in support of the Motion to Dismiss (the "Alleged Debtors' Memorandum") [Dkt. No. 41] on April 14, 2023. The parties are engaged in discovery, and an evidentiary hearing on the Motion to Dismiss is currently scheduled for June 29, 2023.

Petitioning Creditors base their arguments on two separate bankruptcy rules: Bankruptcy Rule 1017 and Bankruptcy Rule 1003. Petitioning Creditors first state that the Court should grant the Motion to Compel under Bankruptcy Rules 1017(a) and 1017(d). [Motion to Compel ¶¶ 16, 17 n.4]. Petitioning Creditors assert that, under Bankruptcy Rule 1017(a),[2] a motion to dismiss requires the filing of a list of creditors. [*Id.* at 17]. Petitioning Creditors also allege that, pursuant to Bankruptcy Rule 1017(d),[3] a motion under 11 U.S.C. § 305 requires notice to "all creditors" under Bankruptcy Rule 2002(a). [*Id.* at ¶ 17 n.4].

Petitioning Creditors also contend that the Court can grant the Motion to Compel under Bankruptcy Rule 1003(b). [*Id.* at ¶ 19]. Although Petitioning Creditors alleged the existence of three creditors satisfying the requirements of 11 U.S.C. § 303(b)(1), they state that the positions

---

[2] Bankruptcy Rule 1017(a) states:

> Except as provided in §§ 707(a)(3), 707(b), 1208(b), and 1307(b) of the Code, and in Rule 1017(b), (c), and (e), a case shall not be dismissed on motion of the petitioner, for want of prosecution or other cause, or by consent of the parties, before a hearing on notice as provided in Rule 2002. For the purpose of the notice, the debtor shall file a list of creditors with their addresses within the time fixed by the court unless the list was previously filed. If the debtor fails to file the list, the court may order the debtor or another entity to prepare and file it.

[3] Bankruptcy Rule 1017(d) states:

> The court shall not dismiss a case or suspend proceedings under § 305 before a hearing on notice as provided in Rule 2002(a).

3

taken by Alleged Debtors in the Motion to Dismiss permit the Court to compel the production of the list of creditors. [*Id.* at ¶ 20]. Petitioning Creditors state that, as Alleged Debtors have moved for dismissal due to the alleged failure to meet the statutory requirements of 11 U.S.C. § 303(b)(1), the Alleged Debtors have implied the existence of twelve or more creditors and assert the existence of fewer than three creditors.[4] [*Id.* at ¶ 22]. Since a finding that Petitioning Creditors did not satisfy the requirements of 11 U.S.C. § 303(b)(1) could result in dismissal, the Petitioning Creditors argue that they are entitled to the list of creditors prior to the potential dismissal of the Petition based on a lack of eligible creditors. [*Id.* at ¶ 19]. Petitioning Creditors also state that the disclosure of the list of creditors is essential to allowing those creditors to decide whether to join in the Petition and assert their rights in the bankruptcy. [*Id.* at ¶ 24].

Alleged Debtors raise four points in their Objection. First, Alleged Debtors contend that Petitioning Creditors are attempting to exploit the bankruptcy rules to satisfy the requirements of 11 U.S.C. § 303, which Alleged Debtors argue Petitioning Creditors could not satisfy on the filing date. [Objection ¶¶ 19–21]. Second, Alleged Debtors argue that Petitioning Creditors have not met the prerequisites of Bankruptcy Rules 1017 and 1003(b), as Alleged Debtors have not filed an answer and Petitioning Creditors have alleged the existence of three or more creditors that satisfy 11 U.S.C. § 303(b)(1). [*Id.* at ¶ 22]. Third, Alleged Debtors state the Court must deny the Motion to Compel to prevent the imposition of the negative consequences of bankruptcy, such as loss of credit and embarrassment, on a nonconsensual debtor. [*Id.* at ¶ 24]. Fourth, Alleged Debtors argue that the Motion to Compel should be denied on the basis of improper forum shopping and subversion of the bankruptcy process. [*Id.* at ¶¶ 26–27].

---

[4] A fourth creditor, Watson Farley & Williams LLP (Hong Kong LLP) and Paleokrassas & Partners Law Firm, joined the petition on May 4, 2023. [Dkt. Nos. 58–59, 61]. Alleged Debtors filed a supplemental memorandum of law to dismiss addressing the alleged joinder, along with a motion to file this memorandum under seal, on May 30, 2023. [Dkt. Nos. 70–72].

In their Reply, Petitioning Creditors seek to refute all four points. Petitioning Creditors argue that Bankruptcy Rule 1017 applies to both dismissals for "other cause" and abstention, for which Alleged Debtors have moved. [Reply ¶¶ 4–8]. Petitioning Creditors next state that the Motion to Dismiss is essentially an answer as required by Bankruptcy Rule 1003(b) and that the Motion to Dismiss implies the existence of twelve or more creditors. [*Id.* at ¶¶ 10, 12]. Petitioning Creditors also contend that Supreme Court precedent allows for the post-petition cure of an involuntary petition that does not meet the requirements of 11 U.S.C. § 303(b) at filing. [*Id.* at ¶ 19]. Finally, Petitioning Creditors insist that they are not forum shopping, as evidenced by the signing of a stipulation that prevents any party from using information acquired through the bankruptcy case in the separate pending arbitration. [*Id.* at ¶ 27].

The Court held a hearing on the Motion to Compel on May 8, 2023.

## DISCUSSION

A.  **BANKRUPTCY RULES 1017(a) AND 1017(d)**

The Court may require notice of the Motion to Dismiss to all creditors pursuant to Bankruptcy Rule 1017. Bankruptcy Rule 1017 governs procedures for the dismissal, conversion or suspension of a bankruptcy case. Subsection (a) states:

> Except as provided in §§ 707(a)(3), 707(b), 1208(b), and 1307(b) of the Code, and in Rule 1017(b), (c), and (e), a case shall not be dismissed on motion of the petitioner, for want of prosecution or other cause, or by consent of the parties, before a hearing on notice as provided in Rule 2002. For the purpose of the notice, the debtor shall file a list of creditors with their addresses within the time fixed by the court unless the list was previously filed. If the debtor fails to file the list, the court may order the debtor or another entity to prepare and file it.

Fed. R. Bankr. P. 1017(a). "This subdivision implements §§ 303(j), 707, 1112 and 1307 of the Code by specifying the manner of and persons to whom notice shall be given and requiring the court to hold a hearing on the issue of dismissal." Fed. R. Bankr. P. 1017 advisory committee's

5

note. In the notes to Bankruptcy Rule 1017, the advisory committee also states that "the rule . . . applies to voluntary and involuntary cases." *Id.*; *see In re Schwartz*, 58 B.R. 923, 925 (Bankr. S.D.N.Y. 1986). "Section 303(j) governs dismissal of an involuntary petition and requires notice to all creditors when dismissal follows petitioner motion, or petitioner and debtor consent, or is based on want of prosecution," and "Rule 1017 provides that such dismissal cannot occur before a hearing and notice to all creditors pursuant to a list provided by the debtor or other knowledgeable entity." *In re QDOS, Inc.*, 607 B.R. 338, 344 n.6 (9th Cir. BAP 2019) (citing *Banco Popular de Puerto Rico v. Colon (In re Colon)*, 2008 WL 8664760, at *7 (1st Cir. BAP Nov. 21, 2008)). As "[a]ll creditors of the alleged debtor have standing to object to the proposed dismissal," notice and a hearing on a motion to dismiss provides creditors with an opportunity to intervene. *In re Taub*, 150 B.R. 96, 97–98 (Bankr. D. Conn. 1993). Bankruptcy Rules 1017 and 2002(a) apply during the "gap period" between the filing of the involuntary petition and Court's order for relief, not solely after the order for relief has been granted. *See Efron v. Gutierrez*, 226 B.R. 305, 318 n.16 (D.P.R. 1998).

Petitioning Creditors contend that the phrase "other cause" includes the Motion to Dismiss filed by Alleged Debtors, and therefore the notice requirements of Bankruptcy Rule 1017(a) apply. Multiple courts have applied Bankruptcy Rule 1017(a) to motions to dismiss pursuant to 11 U.S.C. § 303(b). *See In re Colon*, 2008 WL 8664760, at *7; *Efron*, 226 B.R. 305 at 318. Furthermore, a carve out of § 303(b) is not required by the plain meaning of Bankruptcy Rule 1017(a). Alleged Debtors have moved to dismiss the involuntary bankruptcy case partly based on a lack of eligible creditors pursuant to 11 U.S.C. § 303(b). [Alleged Debtors' Memorandum ¶¶ 64–68]. Therefore, the Court finds that the Motion to Dismiss implicates the notice requirements of Bankruptcy Rule 1017(a).

Alleged Debtors have also moved to dismiss the Petition on the basis of bad faith. [Alleged Debtors' Memorandum ¶ 3]. Whether "bad faith" constitutes cause for dismissal under 11 U.S.C. § 707(a)[5] has been a source of debate among courts. *See In re Grullon*, 2014 WL 2109924, at *2 (Bankr. S.D.N.Y. May 20, 2014). Courts in the Second Circuit have generally found that motions to dismiss a case for bad faith fall under 11 U.S.C. § 707(a). *See In re Lombardo*, 370 B.R. 506, 511 (Bankr. E.D.N.Y. 2007); *In re Aiello*, 428 B.R. 296, 302 (Bankr. S.D.N.Y. 2010); *see also In re Immudyne, Inc.*, 218 B.R. 860, 862 (Bankr. S.D. Tex. 1998). A motion pursuant to 11 U.S.C. § 707(a) would directly implicate Bankruptcy Rule 1017(a), which, according to the advisory committee notes, implements 11 U.S.C. § 707. *See* Fed. R. Bankr. P. 1017 advisory committee's note. Based on Alleged Debtors' arguments for dismissal under 11 U.S.C. § 303(b) and bad faith, the Court will apply Bankruptcy Rule 1017(a) and require notice of the Motion to Dismiss to all creditors.

Alleged Debtors claim that Petitioning Creditors seek to exploit Bankruptcy Rule 1017(a), and that Bankruptcy Rule 1017 should not apply to motions to dismiss made on the basis of Petitioning Creditors' ineligibility or bad faith during the gap period. [Objection ¶ 20]. Alleged Debtors also argue that the "other cause" language of Bankruptcy Rule 1017 "governs motions to dismiss under section 303(j) and 'for cause' under §§ 707(a)(1)–(2), 1208(c), and 1307(c) and not on the basis of one or more petitioning creditors' ineligibility or bad faith," citing *In re Immudyne* as authority. 218 B.R. 860 at 861; [*Id.* at ¶ 23]. However, the court in *Immudyne* did not hold that

---

[5] 11 U.S.C. § 707(a) states:

> The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—(1) unreasonable delay by the debtor that is prejudicial to creditors; (2) nonpayment of any fees or charges required under chapter 123 of title 28; and (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee.

7

only those rules outlined in Bankruptcy Rule 1018 applied to involuntary proceedings. *See In re Immudyne, Inc.*, 218 B.R. at 861–62. Moreover, the advisory committee notes to Bankruptcy Rule 1017 explicitly state that Bankruptcy Rule 1017(a) applies in involuntary cases. *See* Fed. R. Bankr. P. 1017 advisory committee's note. Even if the Court were to find that Bankruptcy Rule 1017 did not apply to contested proceedings in involuntary cases, Bankruptcy Rule 7026 (making Fed. R. Civ. P. 26 applicable) is incorporated by Bankruptcy Rule 1018 and would "mandate pre-discovery disclosure of individuals likely to have relevant discoverable information and production of documents supporting claims or defenses." *In re QDOS, Inc.*, 607 B.R. 338 at 346. Alleged Debtors' list of creditors would likely fall within this disclosure. *See id.* Therefore, the Court may require notice to creditors under Bankruptcy Rule 1017(a) or disclosure under Bankruptcy Rule 1018 if the Motion to Dismiss was not considered an answer under Bankruptcy Rule 1011.

Alleged Debtors argue that, as no determination has been made as to whether the Alleged Debtors have been properly forced into bankruptcy, the Court must use caution when compelling disclosure in order to avoid "loss of credit standing, inability to transfer [assets] and carry on business affairs, and public embarrassment." [Objection ¶ 24]. Requiring disclosure of creditors does not limit Alleged Debtors' use, acquisition, or disposition of property. Although this is an involuntary case, Alleged Debtors must still comply with the requirements of the Bankruptcy Code and Bankruptcy Rules. Additionally, the harm of disclosure in this case is limited, as Petitioning Creditors can seek and obtain creditor information under either Bankruptcy Rule 2004 or Bankruptcy Rule 7026. *In re QDOS, Inc.*, 607 B.R. 338 at 346.

Bankruptcy Rule 1017(d) states that "the court shall not dismiss a case or suspend proceedings under § 305 before a hearing on notice as provided in Rule 2002(a)." Fed. R. Bankr. P. 1017(d). In a chapter 7 liquidation, Bankruptcy Rule 2002(a) requires, for "the hearing on the

dismissal of the case or the conversion of the case to another chapter, unless the hearing is under § 707(a)(3) or § 707(b) or is on dismissal of the case for failure to pay the filing fee," 21 days' notice by mail to the debtor, the trustee, all creditors and indenture trustees "[e]xcept as provided in subdivisions (h), (i), (l), (p), and (q) of this rule." Fed. R. Bankr. P. 2002(a). Bankruptcy Rule 2002(h) states:

> "[i]n an involuntary chapter 7 case, after 90 days following the order for relief under that chapter, the court may direct that all notices required by subdivision (a) of this rule be mailed only to: the debtor; the trustee; all indenture trustees; creditors that hold claims for which proofs of claim have been filed; and creditors, if any, that are still permitted to file claims because an extension was granted under Rule 3002(c)(1) or (c)(2)."

Fed. R. Bankr. P. 2002(h)(2).

The Petitioning Creditors argue that, since Alleged Debtors have moved for abstention under 11 U.S.C. § 305(a), Alleged Debtors must comport with the notice rules of Bankruptcy Rule 2002(a) and provide notice to "all creditors." [Motion to Compel ¶ 17 n.4]. Alleged Debtors did not address the impact of Bankruptcy Rule 1017(d) in their Objection. Courts have acknowledged that Bankruptcy Rule 1017 and 2002 apply to involuntary cases but courts have not addressed the applicability of Bankruptcy Rule 1017(d) during the gap period. *See In re Colon*, 2008 WL 8664760, at *7; *Efron*, 226 B.R. at 318 n.16. Transparency in bankruptcy and fairness to all creditors, along with the plain meaning of the Bankruptcy Rules, likely warrant notice of the Motion to Dismiss under Bankruptcy Rule 1017(d) as well.

**B.    BANKRUPTCY RULE 1003(b)**

Bankruptcy Rule 1003 provides another mechanism by which an alleged debtor in an involuntary bankruptcy case may be compelled to file a list of creditors. 11 U.S.C. § 303(b) permits the commencement of an involuntary bankruptcy:

9

> (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount . . . if such noncontingent, undisputed claims aggregate at least $10,000 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims; (2) if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, by one or more of such holders that hold in the aggregate at least $10,000 of such claims.

11 U.S.C. § 303(b). As Alleged Debtors contend that at least one of the Petitioning Creditors is ineligible to file an involuntary petition under 11 U.S.C. § 303(b)(1), and each of the Petitioning Creditors holds a claim of over $10,000, the Alleged Debtors must have twelve or more creditors to prevail on their argument for dismissal based on an insufficient number of petitioning creditors under 11 U.S.C. § 303(b)(1). *Id.*; [Motion to Compel ¶ 20].

Bankruptcy Rule 1003 provides for certain procedures relating to an involuntary petition. Subsection (b) states:

> If the answer to an involuntary petition filed by fewer than three creditors avers the existence of 12 or more creditors, the debtor shall file with the answer a list of all creditors with their addresses, a brief statement of the nature of their claims, and the amounts thereof. If it appears that there are 12 or more creditors as provided in §303(b) of the Code, the court shall afford a reasonable opportunity for other creditors to join in the petition before a hearing is held thereon.

Fed. R. Bankr. P. 1003(b). The language of the rule sets out two prerequisites for requiring the debtor to file a list of creditors: (i) an involuntary petition filed by fewer than three creditors and (ii) an answer filed by the debtor that avers the existence of twelve or more creditors. *Id.* This rule "implements, in part, § 303(c)'s joinder provisions" and "provides the mechanism by which an alleged debtor substantiates its assertion that it has more than 12 qualifying creditors and returns the burden to petitioning creditors." *In re QDOS, Inc.*, 607 B.R. at 345.

As a threshold matter, the Court must determine if Alleged Debtors' Motion to Dismiss is an "answer" for purposes of Bankruptcy Rule 1003(b). "Defenses to involuntary petitions are 'presented in the manner prescribed by [FRCP] 12,' which ordinarily means by answer or by motion." *In re Kidwell*, 158 B.R. 203, 209 (Bankr. E.D. Cal. 1993) (quoting Fed. R. Bankr. P. 1011). Rule 12 of the Federal Rules of Civil Procedure (the "FRCP") requires any defense to a claim for relief to be asserted in a responsive pleading. Fed. R. Civ. P. 12(b). However, FRCP 12 also provides that certain defenses may be asserted by motion: "(1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19." *Id.* Although defenses of ineligibility and bad faith are not specifically included in the list of defenses that may be asserted under FRCP 12(b), courts have found that these defenses fall within the ambit of FRCP 12(b)(6). *See In re QDOS, Inc.*, 607 B.R. at 345; *In re Kidwell*, 158 B.R. at 209.

Courts have disagreed on whether the procedure provided for in Bankruptcy Rule 1003(b) may apply to motions to dismiss that allege ineligibility to file an involuntary petition. *Compare In re QDOS, Inc.*, 607 B.R. at 345 *and In re Kidwell*, 158 B.R. at 209–10 (finding that the Bankruptcy Rule 1003(b) procedure applies to both answers and motions to dismiss) *with In re Ft. Howard Dev., LLC*, 593 B.R. 427, 433 (Bankr. D. Md. 2018) *and Atlas Mach. & Iron Works, Inc. v. Bethlehem Steel Corp.*, 986 F.2d 709, 716 n.8 (4th Cir. 1993) (finding that Bankruptcy Rule 1003(b) was inapplicable to a motion to dismiss). While Bankruptcy Rule 1003(b) provides a specific procedure for an answer that alleges fewer than three petitioners and twelve or more creditors, the Bankruptcy Rules are silent as to procedures when that same defense is raised in a motion to dismiss. *See In re Kidwell*, 158 B.R. at 209–10.

The Court finds that the procedures set forth in Bankruptcy Rule 1003(b) apply to the Motion to Dismiss. *See id.*; *In re QDOS, Inc.*, 607 B.R. at 347. As Alleged Debtors' defense of ineligibility could be raised in either an answer or a motion to dismiss, the "sensible solution is for the court to exercise its discretion to impose the same procedure when the defense is raised by motion." *In re Kidwell*, 158 B.R. at 210. To hold otherwise would permit Alleged Debtors to avoid the requirements of Bankruptcy Rule 1003(b) simply by filing a motion to dismiss rather than an answer despite asserting the same substantive arguments. *See id.* While Alleged Debtors cite two cases for the proposition that a motion to dismiss cannot constitute an answer for purposes of Rule 1003(b), the Court finds these cases distinguishable. *See In re Ft. Howard Dev., LLC*, 593 B.R. at 433; *Atlas Mach. & Iron Works, Inc.*, 986 F.2d at 716 n.8. In both cases, the Bankruptcy Rule 1003(b) procedure was raised after a hearing and dismissal. *See In re Ft. Howard Dev., LLC*, 593 B.R. at 428; *Atlas Mach. & Iron Works, Inc.*, 986 F.2d at 714–15. Here, Petitioning Creditors have raised the argument in anticipation of an evidentiary hearing (following discovery) on Alleged Debtors' Motion to Dismiss. *See In re QDOS, Inc.*, 607 B.R. at 349; [Motion to Compel ¶ 2]. As Petitioning Creditors are seeking to prepare for a hearing on a motion to dismiss rather than attempting to obtain a second attempt at filing a petition found to be defective, the Court holds that Bankruptcy Rule 1003(b) applies to the Motion to Dismiss. *See In re QDOS, Inc.*, 607 B.R. at 349.

The Court must also determine whether Alleged Debtors have averred the existence of at least twelve creditors in the Motion to Dismiss, or whether there "appears" to be twelve or more creditors as provided in 11 U.S.C. § 303(b) of the Bankruptcy Code. As Petitioning Creditors argued in the Motion to Compel, one of Alleged Debtors' defenses raised in the Motion to Dismiss would necessarily require the existence of twelve or more creditors. [Motion to Compel ¶ 20; Alleged Debtors' Memorandum ¶¶ 58–59]. Alleged Debtors' Motion to Dismiss recognizes that,

12

by raising the numerosity requirement as a defense, the Petitioning Creditors may have a right to a list of creditors. [Alleged Debtors' Memorandum ¶ 26 n.7]. The fact that Alleged Debtors have also asserted a bad faith defense does not preclude disclosure of the list of creditors based on the assertion of the ineligibility defense.

Alleged Debtors cite *In re Taub* for the proposition that Bankruptcy Rule 1003(b) is inapplicable (i) where there are three or more petitioning creditors or (ii) where "the alleged debtor seeks dismissal of the petition on the basis that the petitioning creditors are not qualified under § 303(b) because their claims are subject to a *bona fide* dispute." *In re Taub*, 439 B.R. 261, 271 (Bankr. E.D.N.Y. 2010). The *Taub* court based its reasoning on *In re Vortex Fishing Systems, Inc.*, which held that "the Bankruptcy Court had discretion over the notice to be afforded to other creditors before hearing the involuntary petition on the merits" under Bankruptcy Rule 1003(b). *Liberty Tool, & Mfg. v. Vortex Fishing Sys., Inc. (In re Vortex Fishing Sys., Inc.)*, 277 F.3d 1057, 1071 (9th Cir. 2002). Here, the Court may exercise its discretion to require the filing of the creditor list. *Id.* Moreover, the record also established a *bona fide* dispute as to a creditor's claim in *In re Taub*. *See* 439 B.R. at 275. This Court has yet to determine whether Petitioning Creditors' claims are subject to a *bona fide* dispute. Denying relief under Bankruptcy Rule 1003 in this case would permit involuntary debtors to avoid disclosure of a list of creditors simply by alleging that a *bona fide* dispute exists as to creditors' claims.

While Petitioning Creditors meet the other requirements of Bankruptcy Rule 1003(b), they cannot meet the condition of having fewer than three petitioning creditors. Under Bankruptcy Rule 1011, "[FRCP] 12(b)(6) applies in a contested involuntary situation just as it does generally." *In re QDOS Inc.*, 607 B.R. at 345. Therefore, the Court must accept factual allegations but will disregard legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "If the petitioning

13

creditors plausibly allege that they have met the standards, the motion must fail, and the involuntary debtor must answer." *In re QDOS Inc.*, 607 B.R. at 345. However, "[i]t is not permissible to deprive eligible creditors of their statutory right to join in the petition and then to dismiss for insufficiency in number of petitioners merely because of the misbehavior of the first creditor to petition." *In re Kidwell*, 158 B.R. at 220.

Here, the Petitioning Creditors have asserted that they are three entities holding claims of at least $18,600 or more than the value of any lien on property of Alleged Debtors securing such claim. *See Iqbal*, 556 U.S. at 678–79; [Petitioning Creditors' Statement ¶¶ 47–48]. Since Petitioning Creditors have alleged the existence of three creditors,[6] they do not satisfy Bankruptcy Rule 1003(b), which requires fewer than three creditors to apply. Fed. R. Bankr. P. 1003(b); [Motion to Compel ¶ 20]. As three or more creditors filed the instant petition, the Court is not required to afford creditors a "reasonable opportunity" to join the petition under Bankruptcy Rule 1003(b).

However, as discussed above, the Court can, in its discretion, order an alleged debtor in an involuntary case to file a list of creditors even if the movant does not meet all of the technical requirements of Bankruptcy Rule 1003(b). *See In re Vortex Fishing Sys., Inc.*, 277 F.3d at 1071. "[T]he exercise of discretion over the opportunity to join in three-petitioner cases is measured in the context of the Rule 1013(a) mandate that the court resolve the merits of the involuntary petition 'at the earliest practicable time.'" *Id.*

The Court exercises its discretion to compel Alleged Debtors to disclose its list of creditors under Bankruptcy Rule 1003(b) in addition to providing notice under Bankruptcy Rules 1017(a) and 1017(d) as discussed *supra*, Section A. Petitioning Creditors seek the list of creditors to aid in

---

[6] As set forth *supra* n.4, a fourth creditor joined the Petition on May 4, 2023. [Dkt. Nos. 58–59, 61].

14

their preparation for an evidentiary hearing on the Motion to Dismiss, which asserts, *inter alia*, an insufficient number of petitioning creditors. [Alleged Debtors' Memorandum ¶ 3]. If the Court were to dismiss the case at the evidentiary hearing without requiring Alleged Debtors to file a list of creditors, Petitioning Creditors would be denied the opportunity to cure the petition through the joinder of other creditors. *See In re Zarnel*, 619 F.3d 156, 167–69 (2d Cir. 2010). Since the Court has already set a hearing date for the Motion to Dismiss and the parties are currently engaged in discovery, requiring Alleged Debtors to file a list of creditors will not prevent resolution of the merits of the involuntary petition "at the earliest practicable time." *See* Fed. R. Bankr. P. 1013(a); *In re Vortex Fishing Sys., Inc.*, 277 F.3d at 1071.

C.  **FORUM SHOPPING**

In their Opposition, Alleged Debtors also argue that Petitioning Creditors are using the bankruptcy rules to avoid an adverse ruling that allegedly occurred in separate arbitration proceedings. [Objection ¶ 26]. As noted by Petitioning Creditors, this Court entered an Order approving a stipulation between the parties that would prevent the use of confidential information obtained in the course of the bankruptcy case in the arbitration proceedings. [Dkt. No. 37]. In addition, the parties entered into a stipulation to lift the stay to allow the arbitration to proceed on April 17, 2023. [Dkt. No. 48].

**CONCLUSION**

While this case presents difficult and complex issues of interpretation, the Court orders notice to all creditors under Bankruptcy Rules 1017(a) and 1017(d), and the filing of the list of creditors required under Bankruptcy Rule 1003(b). Petitioning Creditors shall submit a proposed

order consistent with this opinion.

Date:   June 8, 2023
           New York, New York

                                          /s/John P. Mastando III
                                          HON. JOHN P. MASTANDO III
                                          UNITED STATES BANKRUPTCY JUDGE