# TOGUT, SEGAL & SEGAL LLP

ATTORNEYS AT LAW
ONE PENN PLAZA
NEW YORK, NEW YORK 10119

(212) 594-5000

Brian F. Shaughnessy
bshaughnessy@teamtogut.com

September 1, 2023

**VIA EMAIL**
The Honorable John P. Mastando III
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 501
New York, New York 10004

  Re: <u>In re Eletson Holdings Inc. et al.</u>, Case No. 23-10322 (JPM)

Dear Judge Mastando:

  We write on behalf of 12 of the 14 Petitioning Creditors in the above-referenced case, to address the improper "motion in limine" that the Debtors emailed to Chambers earlier today. We request a conference with the Court – today if possible – to address why the Petitioning Creditors should not have to respond to this submission, and why it should be ignored by the Court. Below is a preview of our position.

  <u>First</u>, the Debtors' submission is not a proper motion in limine. "The purpose of a motion in limine is to allow the trial court to rule in advance on the admissibility and relevance of certain forecasted evidence." *United Realty Advisors v. Verschleiser*, 2019 WL 5285043, at *1 (S.D.N.Y. Oct. 3, 2019) (citation omitted). The title of the Debtors' submission says it all – it is a "Motion in Limine to Accord the Arbitration Award Preclusive Effect or in the Alternative for a Stay." In other words, the Debtors' motion is about preventing the Court from addressing entire issues in this case, not about including or excluding evidence at the upcoming Motion to Dismiss trial. A motion in limine cannot be used for such a purpose. *See, e.g., United Realty* (motion in limine "plainly improper" where, rather than "specify[ing] evidence that the plaintiffs seek to preclude[,]" the motion raised legal arguments seeking to strike or limit defenses at trial and to avoid "long passed" time limits for making such motions); *TVT Records v. Island Def Jam Music Grp.*, 250 F. Supp. 2d 341, 344-45 (S.D.N.Y. 2003) ("Thus, in the guise of addressing limited evidentiary issues, the parties' motions in limine would effectively serve as a form of advance trial of substantive portions of the case, or indeed as a substitute for the trial itself. Insofar as these strategies and purposes underlie the parties' motions, the Court deems them impermissible[.]"); *Broadspring, Inc. v. Congoo, LLC*, 2014 WL 7392905, at *10 (S.D.N.Y. Dec. 29, 2014) ("[T]he motion is a patently improper attempt to seek judgment as a matter of law in the guise of a motion in limine concerning the admissibility of evidence.").

  <u>Second</u>, the Court already denied the Debtors' request to adjourn the trial – just two days ago. *See* August 30 Tr. 34:5-35:9. The Debtors cannot use a motion in limine to

TOGUT, SEGAL & SEGAL LLP

Honorable John P. Mastando III
United States Bankruptcy Court
September 1, 2023
Page 2

revisit this issue.  *See, e.g.*, *U.S. Underwriters Ins. Co. v. Falcon Constr. Corp.*, 2006 WL 3146422, at *2-3 (S.D.N.Y. Oct. 30, 2006) (motion in limine denied where party's argument was "an improper attempt to relitigate an issue that [the court] previously decided").

<u>Third</u>, the Debtors' submission is really just an improper brief in response to the Petitioning Creditors' surreply concerning the Arbitration award [Docket No. 170] (the "<u>Surreply</u>").  The Court permitted the Surreply, but did not permit the Debtors to file a further response to that Surreply.  The Debtors never even sought the Court's permission.  Such attempts to circumvent the Court's instructions and rules should not be tolerated.

<u>Finally</u>, as discussed in the Petitioning Creditors' Court-sanctioned Surreply, the issues addressed in the Arbitration award have little relevance to the questions before the Court on the Debtors' Motion to Dismiss – namely, whether the Debtors are generally paying their debts as they come due, whether the statutory requirements of Section 303(b) are met, or whether any Petitioning Creditor commenced these bankruptcy cases in bad faith under the Bankruptcy Code.  In any event, those issues are the exclusive province of this Court.

Accordingly, given that the trial on the Debtors' Motion to Dismiss starts next Thursday, the Petitioning Creditors request a conference as soon as is convenient for the Court, so that the Petitioning Creditors do not waste time and resources responding to the Debtors' improper motion.

    Respectfully submitted,

    TOGUT, SEGAL & SEGAL LLP
    By:

    */s/ Brian F. Shaughnessy*
    Brian F. Shaughnessy

cc:    Stephen Zide, Esq., Dechert LLP (by email)
    David Herman, Esq., Dechert LLP (by email)
    Owen Haney, Esq., Dechert LLP (by email)
    Paul Koepp, Esq., Seward & Kissel LLP (by email)
    Mark D. Kotwick, Esq. Seward & Kissel LLP (by email)
    Ann Pille, Esq., Reed Smith LLP (by email)
    Michael Galibois, Esq., Reed Smith LLP (by email)
    Derek J. Baker, Esq., Reed Smith LLP (by email)