**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ELETSON HOLDINGS INC.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 23-10322 (JPM)<br><br>(Jointly Administered) |

**NOTICE OF DEBTORS' MOTION TO COMPEL MEDIATION**
**REGARDING COMPETING PLAN AND COMPETING PLAN PROCEDURES**

**PLEASE TAKE NOTICE** that, on February 13, 2024, the above-captioned debtors and debtors-in-possession (collectively the "Debtors") filed the *Debtors' Motion to Compel Mediation Regarding Competing Plan and Competing Plan Procedures* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion (the "Hearing") will be held before the Honorable John P. Mastando III, United States Bankruptcy Judge for the Southern District of New York, in the United States Bankruptcy Court for the Southern District of New York (the "Court"), in Courtroom No. 501, located at One Bowling Green, New York, New York 10004, on **February 27, 2024 at 10:00 A.M. (Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to entry of the order must: (i) be made in writing, (ii) state with particularity the grounds therefor, (iii) be filed in accordance with the electronic filing procedures for the United States Bankruptcy Court for the Southern District of New York, with proof of service, with a courtesy copy delivered to the undersigned counsel and the Chambers of the Honorable John P. Mastando III, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New

---

[1] The Debtors in these chapter 11 cases are: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC.

York, 10004; and (iv) be served upon (a) counsel to the Debtors, Reed Smith LLP, 599 Lexington Avenue, New York, NY 10022, Attn: Andrew L. Buck and Louis M. Solomon, Reed Smith LLP, 10 South Wacker Drive, 40th Floor Chicago, IL 60606, Attn: Ann E. Pille and Reed Smith LLP, Three Logan Square, 1717 Arch Street, Suite 3100, Philadelphia PA 19146, Attn: Derek J. Baker and Derek Osei-Bonsu; (b) counsel to William K. Harrington, the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Room 534, New York, New York 10004, Attn: Paul Schwartzberg, Esq. and Daniel Rudewicz, Esq.; (paul.schwartzberg@usdoj.com and daniel.rudewicz@usdoj.com) (c) and any other party in interest who files a Notice of Appearance and a request for service of documents, so as to be received by **February 20, 2024 at 4:00 p.m. (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that only those objections that are timely filed, served and received will be considered at the Hearing. Failure to file a timely objection may result in the entry of a final order granting the relief requested in the Motion without further notice. Failure to attend the Hearing in person or by counsel may result in relief being granted or denied upon default. In the event that no objection to the Motion is timely filed and served, the relief requested in the Motion may be granted without a hearing before the Court.

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted by "Zoom for Government." Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, must make an electronic appearance utilizing the Electronic Appearance portal located at the Court's website at:

https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Appearances must be entered no later than **February 26, 2024 at 4:00 p.m. (Eastern Time)** (the "Appearance Deadline"). After the Appearance Deadline has passed, parties who have made their electronic appearance through the Court's website to appear via Zoom for Government will receive an invitation from the Court with a Zoom link that will allow them to attend the Hearing. Requests to receive a Zoom link should not be emailed to the Court, and the Court will not respond to late requests that are submitted on the day of the hearing. Further information on the use of Zoom for Government can be found at the Court's website at https://www.nysb.uscourts.gov/zoom-video-hearing-guide.

**PLEASE TAKE FURTHER NOTICE** that the Motion, as well as all other case related filings can be viewed and/or obtained by (i) accessing the Court's Website for a fee, or (ii) by contacting the Office of the Clerk of the United States Bankruptcy Court, Southern District of New York. Please note that a PACER password is required to access documents on the Court's Website.

DATED:   New York, New York
              February 13, 2024

**REED SMITH LLP**

/s/ Derek J. Baker
Derek J. Baker
Derek Osei-Bonsu
Reed Smith LLP
Three Logan Square
1717 Arch Street
Philadelphia, PA 19103
Telephone: (215) 851-8100
Facsimile: (215) 851-1420
E-Mail: dbaker@reedsmith.com
        dosei-bonsu@reedsmith.com

-and-

Andrew L. Buck
Louis M. Solomon
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 251-5400
Facsimile: (212) 521-5450
E-Mail: abuck@reedsmith.com
        lsolomon@reedsmith.com

-and-

Ann E. Pille (Admitted *Pro Hac Vice*)
10 S. Wacker Drive, Suite 4000
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
E-Mail: apille@reedsmith.com

*Counsel to the Debtors*

- 4 -

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Eletson Holdings Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10322 (JPM)<br>(Jointly Administered) |

**DEBTORS' MOTION TO COMPEL MEDIATION**
**REGARDING COMPETING PLAN AND COMPETING PLAN PROCEDURES**

The above captioned debtors and debtors-in-possession (collectively the "Debtors"), by and through their undersigned counsel move (the "Motion") for entry of an order substantially similar to the proposed order attached hereto as **Exhibit A** (the "Proposed Order") pursuant to section 1.1 of the *Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation And Mediation/Voluntary Arbitration In Bankruptcy Cases And Adversary Proceedings* (the "Mediation Procedures") directing mediation between the Debtors, the official committee of unsecured creditors (the "Committee"), and that certain group of creditors and alleged creditors sometimes known as the Petitioning Creditors represented by Togut Segal, & Segal LLP (the "Petitioning Creditors") regarding, among other things, the Debtors' Plan (defined below), the Petitioning Creditors' *Motion of the Petitioning Creditors to Terminate the Debtors' Exclusivity Period* [Dkt. No. 384] (the "Exclusivity Motion") and the Committee's *Motion of Official Committee of Unsecured Creditors for an Order Appointing a Chapter 11 Trustee* [Dkt. No. 394] (the "Trustee Motion"). In support of the Motion, the Debtors respectfully submit the following:

---

[1] The Debtors in these chapter 11 cases are: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC. The address of the Debtors' corporate headquarters is 118 Kolokotroni Street, GR 185 35 Piraeus, Greece.

**PRELIMINARY STATEMENT**

1.       As the Debtors have noted since their inception, the Debtors were subjected to improper involuntary petitions for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").  Extensive discovery occurred during that involuntary process – including the Debtor's production of no less than 93,000 pages of materials during the first nine months of these bankruptcy cases and bitter litigation between the Debtors and Petitioning Creditors.  On September 6, 2023, the Debtors, Petitioning Creditors and others reached an agreement on a stipulation for the voluntary conversion of the Debtors' cases to cases under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"), and an order [Dkt. No. 215] formally converting the Chapter 11 Cases was entered on September 25, 2023 (the "Conversion Order").

2.       Since entry of the Conversion Order the Debtors have made significant progress in the Chapter 11 Cases and in moving towards a resolution of their outstanding obligations.  The Debtors have undertaken a full disclosure of financial information - separated by specific entity - which supplemented the extensive financial discovery that had been conducted in the prior nine months.  The Debtors have also sat for no less than eight hours of section 341(a) testimony and have addressed numerous issues and allegations interposed.  The Debtors moved for, and secured, a bar date to confirm the extent of any asserted claims. The Debtors have also begun the claim evaluation/reconciliation process through the commencement of certain claim objections.  Several of those claim objections relate specifically to issues which were preserved on September 6, 2023, and go to the heart of the improper actions taken by such alleged creditors.

3.       Despite allegations (and that is all they are – allegations), the Debtors have attempted to move these cases forward with roadblocks repeatedly imposed by Levona Ltd. ("Levona") and its proxies in these Chapter 11 Cases including Pach Shemen LLC ("Pach

- 2 -

Shemen"), the Indenture Trustee, and now, the Committee. All have been agents of Murchinson and Dechert LLP ("Dechert") – Murchinson's prepetition counsel and architect behind the involuntary case structure. The Committee has repeatedly pursued only actions which benefit Murchinson/Levona.

4.      The Committee alleged that potential claims exist which the Debtors should pursued for the benefit of their estates. The Debtors are aware of the "allegations" Dechert asserted, but those allegations were specifically refuted in advance of the September agreement. Nevertheless, Dechert, through its new proxy – the Committee – continues to try to distract parties from seeking a meaningful resolution in these cases by seeking to displace the Debtors' management and pursue claims which would only benefit Murchinson/Levona.

5.      While the Debtors continue to believe that the claims asserted by Dechert are meritless, the Debtors have invited the Committee, the Petitioning Creditors, and all other parties-in-interest to engage with the Debtors to allow for the analysis of their asserted claims in response to the Debtors refutation thereof in August and September. The Debtors established an investigation committee comprised of an independent director to receive any demands and perform an investigation of any claims against potential insiders. Notwithstanding the calls for this independent review – and the Debtors' full support for, and establishment of, an investigation committee to perform that independent review – parties in interest have not submitted a single demand for review by the investigation committee. The Debtors have made themselves available to answer any questions from the investigation committee and stand willing to support any investigation to be undertaken, but the Committee and Petitioning Creditors are unwilling to engage. Rather they simply want to make unsupported and baseless allegations and quote "run up costs" to the detriment of the Debtors and their non-Murchinson creditors.

6.      On January 23, 2024, the Debtors filed the *Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Dkt. No. 370] (the "Plan") and related disclosure statement (the "Disclosure Statement"). Pursuant to section 1121(d) of the Bankruptcy Code, upon filing the Plan the Debtors' exclusivity period was extended to March 25, 2024. On January 28, 2024, the Petitioning Creditors filed the Exclusivity Motion seeking the termination of the Debtors' remaining exclusivity period and seeking permission to file their own competing plan As of the date hereof, notwithstanding requests for further information, the Debtors have not received any details regarding the Petitioning Creditors' plan and have no idea whether the proposed plan will offer any advantage to the Debtors' legitimate creditors, or whether the proposed plan will be confirmable. On February 6, 2024, the Committee filed the Trustee Motion seeking the appointment of a chapter 11 trustee over the administration of the Debtors' estates.

7.      On February 9, 2024, the United States District Court for the Southern District of New York's entered an order confirming an Arbitration Award ("Confirmed Award") in favor of Debtor Eletson Holdings Inc. and non-debtor Eletson Corporation against Levona, an alter ego of the largest Petitioning Creditor, Pach Shemen. The impact of the Confirmed Award conclusively establishes that Levona acted improperly, including through intermediaries, to the detriment of the Debtors and their various non-Levona creditors. At the same time, the total impact of the Confirmed Award on these Chapter 11 Cases has not yet been determined.

8.      The Petitioning Creditors assert they are poised to present their competing plan, whether that be upon termination of the Exclusivity Period or immediately after its natural expiration. Upon the filing of the Petitioning Creditors' plan, the Debtors and the Petitioning Creditors will need to coordinate on the procedures for moving forward with their competing plans

and will have to navigate a plethora of scheduling issues, claim objections, and voting and tabulation procedures among other concerns. This will be a massive undertaking.

9. Given the litigious relationship between the Debtors, the Committee and the Petitioning Creditors, as well as coordination that will be required, the Debtors believe that immediately entering into mediation regarding the Plan, appointment of a chapter 11 trustee, the Exclusivity Period and the Petitioning Creditors' potential plan is in the best interest of all parties. On February 13, 2024, counsel to the Debtors and counsel to the Petitioning Creditors discussed the possibility of entering mediation. On the same day, counsel for the Debtors requested that the Committee also consent to entering into mediation. The Petitioning Creditors' counsel and Committees' counsel responded that they are willing to mediate but would not agree to seek a new potential mediator. The Petitioning Creditors and the Committee believe mediation should commence immediately utilizing Judge Gropper (ret.), who was previously appointed as a mediator in these cases. Since the prior mediations were not successful, the Debtors believe an alternative mediator would be more effective. The Petitioning Creditors assert that the Debtors' motion is designed to ensure further delay, which the Debtors dispute since the Debtors have outlined a proposal (in their Plan) which has received absolutely no response from the Petitioning Creditors or the Committee who have responded with only litigation. The Debtors are willing to immediately engage in mediation and intend to discuss possible alternative mediators with the parties pending the disposition of this Motion.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

11. The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy Code and Rule 9019-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

12. The relief sought herein is also predicated on General Order M-390 (as amended and restated by General Order M-452) (the "Standing Order") and the Mediation Procedures.

## BACKGROUND

13. On March 7, 2023, certain of the Petitioning Creditors filed involuntary petitions for relief pursuant to Chapter 7 of the Bankruptcy Code against the Debtors. On September 25, 2023, the Conversion Order converted the Debtors cases to cases under chapter 11 of the Bankruptcy Code.

14. The Debtors have remained in possession of their estates and continue in the operation and management of their limited businesses as debtors-in-possession pursuant to section 1107 and 1108 of the Bankruptcy Code.

15. On October 20, 2023, the Office of the United States Trustee for the Southern District of New York (the "UST") appointed an official committee of unsecured creditors (the "Committee") in these Chapter 11 Cases.

16. As of the date hereof no trustee or receiver has been appointed to oversee or administer the Debtors' estates.

## RELIEF REQUESTED

17. By this Motion, the Debtors seek entry of an order, pursuant to section 105(a) of the Bankruptcy Code, Local Rule 9019-1, the Standing Order and Mediation Procedures assigning to mediation: (i) the resolution of the Exclusivity Motion and the Petitioning Creditors' ability to file and seek solicitation of their proposed plan, (ii) the resolution of the Trustee Motion, (iii)

procedures and schedule for the approval of the Disclosure Statement and the Petitioning Creditors' disclosure statement, (iv) solicitation and noticing procedures for the Disclosure Statement and the Petitioning Creditors' disclosure statement, (v) voting and tabulation procedures for the Plan and the Petitioning Creditors' plan, (vi) scheduling record dates, (vii) deadlines for filing of motions for temporary allowance of claims for voting purposes pursuant to Bankruptcy Rule 3018(a), (viii) deadlines for objecting to confirmation of the Plan or Petitioning Creditors' plan and (ix) such other related relief and directing the Debtors, Committee and Petitioning Creditors (collectively, the "Mediation Parties") to participate in such mediation.

## BASIS FOR RELIEF

18. Section 105(a) of the Bankruptcy Code provides that the Court may "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

19. Local Rule 9019-1 provides that: "[a]lternative dispute resolution shall be conducted in the manner required by the [Mediation Procedures]." In turn, the Mediation Procedures, which were adopted and made available on the Court's web site pursuant to the Standing Order, provides that "[t]he Court may order assignment of a matter to mediation upon its own motion, or upon a motion by any party in interest or the U.S. Trustee." *Mediation Procedures*, at § 1.1. Further, "[u]nless otherwise ordered by the presiding judge, any adversary proceeding, contested matter or other dispute may be referred by the Court to mediation." *Id*. at § 1.3.

20. Here mediation is appropriate as an efficient and cost-effective resolution mechanism to solve the disputes surrounding the Exclusivity Motion and the potential issues arising from competing plans.

- 7 -

**A. The Mediation Parties Would Benefit from an Impartial Mediator**

21.     The relationship between the Mediation Parties is contentious.  The Debtors maintain that the Petitioning Creditors initiated these bankruptcy cases as an improper litigation tactic to provide Levona with an advantage in the arbitration against Eletson Holdings Inc. and Eletson Corporation, and to hedge against a loss in the arbitration.  The Petitioning Creditors and Committee allege the Debtors have otherwise been adverse to, and uncooperative with, them throughout the pendency of these Chapter 11 Cases.

22.     Even though a consensual resolution is in the best interest of all parties, the Debtors do not believe they will be able to reach a reasonable resolution on the issues related to the Exclusivity Motion, Trustee Motion and competing plans without the assistance of an independent and impartial mediator.  The benefit of a meaningful dialogue with an impartial third party would go a long way in assisting the amicable resolution of the issues between the Mediation Parties.  For this reason, the Debtors believe that compelling mediation is in the best interest of all parties.

**B. Mediation is in the Best Interest of All Parties**

23.     The Exclusivity Motion and Trustee Motion are rife with misstatements, omissions and factual inaccuracies.  Among the asserted reasons supporting termination of the remaining exclusivity period and appointment of a chapter 11 trustee are claims of bad faith actions taken by the Debtors and improper attempts to protect insiders at the expense of the Debtors' estates.  The Petitioning Creditors attached nearly 1900 pages of exhibits to the Exclusivity Motion, many of which are unauthenticated and inadmissible hearsay.  The Trustee Motion incudes over thirty exhibits which are also unauthenticated.  Resolution of the claims in the Exclusivity Motion and Trustee Motion will require multiple evidentiary hearings, distracting the Debtors during their remaining exclusivity period and likely requiring the Debtors to seek an extension of the exclusive

period or dragging the process on to the point where the relief sought in the Exclusivity Motion would be moot.

24. While non-binding, the Debtors believe there is a greater likelihood of a consensual and timely resolution of the Exclusivity Motion and Trustee Motion and confirmation of the Plan through mediation than there is through motion practice alone.

### C. Mediation Will be Necessary for Scheduling Purposes

25. Competing plans present the risk of confusion to the Debtors' creditors, unworkable and conflicting confirmation schedules and any number of other potential issues that may arise all of which may result in further delay of confirmation and breed costly litigation. The Debtors believe that mediation at this juncture would be extremely beneficial towards reaching a workable confirmation schedule and consensual solicitation, notice and objection procedures while avoiding the incurrence of additional and unnecessary fees, unnecessary litigation and potentially confusing and overwhelming the Debtors' creditors with unnecessary and/or duplicative pleadings, notices and hearings.

26. Based on the foregoing reasons, the Debtors respectfully request that the Court order the mediation and direct the Mediation Parties to participate in the mediation in accordance with the Mediation Procedures, except as modified herein and provided that the Court waive the requirements of section 2.1 of the Mediation Procedures to the extent that the Mediation Parties agree upon a mediator.

### MEDIATION PROCEDURES

27. Except as otherwise proposed or expanded upon by the Debtors herein, the Court's Mediation Procedures shall apply to the proposed mediation.

28. The Debtors propose to modify section 2.2.A. of the Mediation Procedures, which governs the appointment of the mediator, so that the mediator shall be selected by the following process: (a) The Debtors shall select and propose three qualified mediators to conduct the mediation (the "Debtors' List"), (b) the Petitioning Creditors and Committee shall select and propose three qualified mediators also to conduct the mediation (the "Creditor's List"), (c) the Mediation Parties shall mutually agree and select, in writing, one mediator and one alternate mediator from the combined Debtors' List and Creditors' List within seven days of the Court's order assigning the Mediation Parties to mediation. As presently set forth in the Mediation Procedures, if the Mediation Parties cannot agree upon a mediator within those seven days, the Court shall appoint a mediator and alternate mediator.

29. The Debtors proposed to modify section 4.0 of the Mediation Procedures, which governs "Compensation of Mediators," so that the mediator's compensation for the mediation proposed herein shall be shared equally between the Mediation Parties. The Debtors further request that the Court's approval not be required for the payment of the mediation related fees by the Debtors; *provided*, *that*, the amount attributable to the Debtors' estates shall not exceed $25,000.00, in which case payment shall be subject to the Court's approval. All other terms of the mediator's compensation shall be on such terms as mutually agreed between the Mediation Parties and the mediator. As presently set forth in the Mediation Procedures, in the event that the mediator, and the Mediation Parties cannot agree on terms of compensation, then the Court shall fix such terms as are reasonable and just.

## RESERVATION OF RIGHTS

30. The Debtors reserve all rights, remedies, claims and defenses available to it under applicable law. Nothing contained in or omitted from this Motion is intended or should be

construed as (a) an admission of liability on any claim filed or asserted against the Debtors or (b) an admission as to the validity or allowance of any claim filed or asserted against Debtors.

## NOTICE

31. Notice of this Motion will be given to the following parties or their respective counsel: (a) the Petitioning Creditors; (b) the UST; (c) the Committee; and (d) all parties that have filed a notice of appearance in these cases. In light of the nature of the relief requested, the Debtors respectfully submit that no other or further notice need be provided.

## NO PRIOR REQUEST

32. No prior request for the relief requested herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, substantially in the form attached hereto as Exhibit A, granting this Motion in its entirety, such other and further relief as the Court deems just and proper.

DATED:   New York, New York
         February 13, 2024

**REED SMITH LLP**

/s/ Derek J. Baker
Derek J. Baker
Derek Osei-Bonsu
Reed Smith LLP
Three Logan Square
1717 Arch Street
Philadelphia, PA 19103
Telephone: (215) 851-8100
Facsimile: (215) 851-1420
E-Mail: dbaker@reedsmith.com
         dosei-bonsu@reedsmith.com

-and-

Andrew L. Buck
Louis M. Solomon
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 251-5400
Facsimile: (212) 521-5450
E-Mail: abuck@reedsmith.com
         lsolomon@reedsmith.com

-and-

Ann E. Pille (Admitted *Pro Hac Vice*)
10 S. Wacker Drive, Suite 4000
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
E-Mail: apille@reedsmith.com

*Counsel to the Debtors*