

**Driving progress**
*through partnership*
**Louis M. Solomon**
Direct Phone: +1 212 549 0400
Email: lsolomon@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

February 14, 2024

**Via ECF**

Honorable John P. Mastando III
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

*In re: Eletson Holdings, Inc., et al, Chapter 11 Case No. 23-10322 (JPM)*

Dear Judge Mastando:

Attached please find papers filed by Eletson Corp. ("Corp") today in the District Court in *Eletson Holdings, Inc. and Eletson Corp. v. Levona Holdings, LTD.,* Case No. 1:23-cv-07331-LJL, requesting that the District Court provide urgent pre-judgment relief barring Levona Holdings Ltd. ("Levona") from transferring, selling or otherwise dissipating any and all assets it may have in order to ensure the eventual enforceability of the impending judgment (Exhibit A).

As the Court is aware, the Order Your Honor signed on April 17, 2023, which lifted the automatic stay as to the Arbitration (the "Lift Stay Order"), provided protections requiring that "***no Arbitration Party shall transfer, dispose of, transact in, hypothecate, encumber, impair, or otherwise use any such Arbitration Award or any asset or property related thereto absent a further order of [the Bankruptcy Court].***"  Dkt. 47 ¶ 4.  Levona seemed to agree, and in fact represented to this Court, that the Lift Stay Order applied to Levona's interests in the *Symi and Telendos*—assets related to the Final Award.  *See* Dkt. 347 at 38:12-13 (Court: "Do you think [the Lift Stay Order] precludes the actual sale?" / Mr. Nesser:  "Yes, Your Honor.").  However, in Levona's *Opposition to Debtors' Motion to "Enforce Three Orders" and for Sanctions* [Dkt. 332] ("Motion to Enforce"), Levona has recently taken the position that its interests in the *Symi* and *Telendos*—assets related to the Final Award—are not subject to the Lift Stay Order.  *See e.g.*, Dkt. 332 ¶ 5, 45, 48.  Levona now asserts that the Lift Stay Order "only prevents the use or impairment of the Arbitration Award and the assets at issue in that award" and "does not prevent Levona from selling" the vessels.  *Id.* ¶ 45; *see also id.* ¶ 48 (admitting that a "sale of the ships" "would be permissible because there is no dispute that Levona owns the ships").

In light of Levona's change in position, in addition to recent actions taken by Levona, Corp has serious concerns that Levona intends to put its assets beyond reach, thereby frustrating Corp's future ability to satisfy the impending judgment. Corp reserves all rights with respect to Levona's compliance with the Lift Stay Order, but has been compelled to seek this immediate relief given Levona's refusal to agree to stand down on its sale efforts pending entry of judgment in the District Court and subsequent return to Your Honor consistent with the Lift Stay Order.



To be clear, the relief that Corp seeks would do nothing more than preserve the status quo, and is consistent with the Lift Stay Order and prior orders issued in the Arbitration. Corp is not intending to enforce the confirmed arbitration award without first returning to this Court in accordance with the Lift Stay Order. Rather, Corp seeks only limited relief in the District Court to ensure that there will be assets against which to enforce the judgment when permitted by this Court. Corp files this request for relief in the District Court, given that a judgment has not yet been issued and returning to this Court at this juncture would be premature.

We are available for a conference at the Court's convenience to discuss this matter.


Respectfully,

Louis M. Solomon

Encls.

cc: All Counsel of Record