TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Kyle J. Ortiz
Bryan M. Kotliar
Martha E. Martir
Amanda C. Glaubach

*Counsel for Pach Shemen LLC, VR Global Partners, L.P., Alpine Partners (BVI), L.P., Gene B. Goldstein, Gene B. Goldstein, In His Capacity as Trustee of the Gene B. Goldstein and Francine T. Goldstein Family Trust, Mark Millet, In His Capacity as Trustee of the Mark E. Millet Living Trust, Mark Millet, In His Capacity as Trustee of the Millet 2016 Irrevocable Trust, Robert Latter, Tracy Lee Gustafson, Jason Chamness, and Ron Pike* (collectively, the "*Petitioning Creditors*")

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re:                                                      :        Chapter 11
                                                            :
ELETSON HOLDINGS INC., et al.,                              :        Case No. 23-10322 (JPM)
                                                            :
                                                            :        (Jointly Administered)
                                        Debtors.[1]         :
                                                            :
------------------------------------------------------------x

**PETITIONING CREDITORS' MOTION FOR ENTRY OF AN
ORDER (I) APPROVING CERTAIN KEY DATES RELATING TO
CONFIRMATION OF THE PETITIONING CREDITORS' PLAN, INCLUDING
SCHEDULING A HEARING TO CONSIDER APPROVAL OF PETITIONING
CREDITORS' PLAN; (II) APPROVING THE FORM AND MANNER OF THE
CONFIRMATION HEARING NOTICE; (III) APPROVING PETITIONING
CREDITORS' DISCLOSURE STATEMENT AND NOTICE THEREOF;
(IV) APPROVING (A) PROCEDURES FOR SOLICITATION, (B) FORMS OF
BALLOTS, (C) PROCEDURES FOR TABULATION OF VOTES, AND
(D) PROCEDURES FOR OBJECTIONS; AND (V) ESTABLISHING NOTICE AND
OBJECTION PROCEDURES FOR THE CONFIRMATION OF THE PLAN**

The Petitioning Creditors, by and through their undersigned counsel,

hereby submit this motion (the "<u>Motion</u>") for entry of an order, substantially in the

---

[1]     The Debtors in these cases are: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC.  The address of the Debtors' corporate headquarters is 118 Kolokotroni Street, GR 185 35 Piraeus, Greece.  The Debtors' mailing address is c/o Eletson Maritime, Inc., 1 Landmark Square, Suite 424, Stamford, Connecticut 06901.

form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 1125 and 1126 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3016, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Rule 3017-1, 3018-1, and 3020-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"):

(i)     approving the Plan Confirmation Schedule (as defined below), including scheduling a confirmation hearing (the "Confirmation Hearing") to consider approval of the *Petitioning Creditors' Joint Chapter 11 Plan of Reorganization of Eletson Holdings Inc. and its Affiliated Debtors*, filed on March 26, 2024 [Docket No. 531] (as it may be amended, modified, and/or supplemented from time to time, the "Plan");

(ii)     approving the Confirmation Hearing Notice (as defined below), including the form and manner of service thereof;

(iii)     approving the *Disclosure Statement in Support of Petitioning Creditors' Joint Chapter 11 Plan of Reorganization of Eletson Holdings Inc. and its Affiliated Debtors*, filed on March 26, 2024 [Docket No. 532] (as it may be amended, modified, and/or supplemented from time to time, the "Disclosure Statement")[2] and notice thereof; and

(iv)     approving (a) the procedures for solicitation of votes on the Plan (the "Solicitation Procedures"), (b) the forms of the Ballots (as defined below) to be distributed in connection with solicitation; (c) the Tabulation Procedures (as defined below); and (d) the procedures for filing objections to confirmation of the Plan; and

In support of this Motion, the Petitioning Creditors, by and through their undersigned counsel, respectfully represent:

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or Disclosure Statement, as applicable.

**JURISDICTION AND VENUE**

1.     The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.) (the "Amended Standing Order").  The Petitioning Creditors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The bases for relief requested in this Motion are sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018, 3020, and 9006, and Local Rules 3017-1, 3018-1, and 3020-1.

**BACKGROUND**

A.     **The Chapter 11 Cases**

4.     On March 7, 2023 (the "Petition Date"), Pach Shemen LLC ("Pach Shemen"), VR Global Partners, L.P. ("VR Global"), and Alpine Partners (BVI) L.P (collectively, the "Initial Petitioning Creditors") commenced chapter 7 cases against Eletson Holdings Inc. ("Eletson Holdings"), Eletson Finance (US) LLC ("Eletson Finance") and Agathonissos Finance LLC ("Eletson MI" and, together with Eletson Holdings and Eletson Finance, the "Debtors") by filing involuntary petitions (the "Involuntary Petitions") pursuant to section 303 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court" or the "Court").  The Involuntary Petitions were later joined by, among others, Gene Goldstein, Gene Goldstein in his

capacity as Trustee of the Gene B. Goldstein and Francine T. Goldstein Family Trust (the "Goldstein Family Trust"), Tracy Gustafson, Jason Chamness, Ron Pike, Mark Millet, in his capacity as Trustee of the Millet 2016 Irrevocable Trust (the "Millet 2016 Trust"), Mark Millet, in his capacity as Trustee of the Mark E. Millet Living Trust (the "Millet Living Trust"), and Robert Latter (collectively, the "Joining Creditors" and, together with the Initial Petitioning Creditors, the "Petitioning Creditors" or the "Plan Proponents").  The Involuntary Petition were also joined by New Agathonissos Finance ("NAF") and Wilmington Savings Fund Society, FSB, the trustee and collateral agent for the First Preferred Ship Mortgage Notes due January 15, 2022.  *See* Docket Nos. 92 and 102.

5.      By order of the Bankruptcy Court, on September 25, 2023 (the "Conversion Date"), the Debtors' cases were voluntarily converted, at the Debtors' request, to cases under chapter 11 of the Bankruptcy Code (these "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possessions pursuant to 1107(a) and 1108 of the Bankruptcy Code.

6.      No trustee or examiner has been appointed in these Chapter 11 Cases. On October 20, 2023, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee").

7.      The Debtors filed their schedules of assets and liabilities and statements of financial affairs (the "Original Schedules") on October 10,2023.  *See* Docket Nos. 216-221.  On December 29, 2024, the Debtors filed amended schedule A/B for Eletson Holdings [Docket No. 341] (the "Amended Schedules" and together, with the Original Schedules, the "Schedules").

**B.**     **The Plan and Disclosure Statement**

8.     On March 26, 2024 the Plan Proponents filed the Disclosure Statement and certain exhibits thereto, including the Plan. The Plan classifies claims against (each, a "<u>Claim</u>") the Debtors into eleven (11) separate classes:

| Class | Designation | Impairment | Entitled to Vote |
|-------|-------------|------------|------------------|
| Class 1 | Other Priority Claims | Unimpaired | No (Deemed to Accept) |
| Class 2 | Secured Claims | Unimpaired | No (Deemed to Accept) |
| Class 3 | General Unsecured Claims | Impaired | Yes |
| Class 4 | Convenience Claims | Impaired | Yes |
| Class 5 | Azure Guaranty Claims | Impaired | Yes |
| Class 6 | Corp. Guaranty Claims | Impaired | Yes |
| Class 7 | OCM Guaranty Claims | Unimpaired | No (Deemed to Accept) |
| Class 8 | Subordinated Claims | Impaired | No (Deemed to Reject) |
| Class 9 | Intercompany Claims | Impaired /Unimpaired | No (Deemed to Accept/Reject) |
| Class 10 | Intercompany Interests | Impaired /Unimpaired | No (Deemed to Accept/Reject) |
| Class 11 | Existing Equity Interests | Impaired | No (Deemed to Reject) |

9.     Pursuant to the Plan, only Holders of Claims in Class 3 (General Unsecured Claims), Class 4 (Convenience Claims), Class 5 (Azure Guaranty Claims) and Class 6 (Corp. Guaranty Claims) are entitled to vote on the Plan (the "<u>Voting Classes</u>"). Holders of Claims or Interests in Class 1 (Other Priority Claims), Class 7

(OCM Guaranty Claims), Class 8 (Subordinated Claims), Class 9 (Intercompany Claims), Class 10 (Intercompany Interests), and Class 11 (Existing Equity Interests) are not entitled to vote on the Plan (collectively, the "Non-Voting Classes") because, as set forth in the table above, such Class is either unimpaired and deemed to accept the Plan or impaired, and not receiving or retaining any value under the Plan and, thus, are deemed to reject the Plan.

10.     The Plan provides for the substantive consolidation of the Debtors' estates solely for purposes of voting, classification, and distribution.[3]  As such, each Class of Claims under the Plan shall constitute a Class of Claims against the single, consolidated Debtor entity consisting of all of the Debtors combined.  In addition, all Ballots received by the Debtors may be tabulated on a consolidated basis; *provided, however*, that the Voting Declaration (as defined below) shall also include an analysis of the voting results on a Debtor by-Debtor basis in the event it is determined that certain Plan confirmation requirements must be satisfied on a Debtor-by-Debtor basis.

## RELIEF REQUESTED

11.     By this Motion, the Plan Proponents respectfully request that the Court: (i) approve the Plan Confirmation Schedule (as defined below), including setting a date and time for the Confirmation Hearing;  (ii) approve the form and manner of the Confirmation Hearing Notice ;  (iii) approve the Disclosure Statement as providing "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code and the notice thereof;  and (iv) approve (a) the Solicitation Procedures;  (b) the forms of

---

[3]     All parties' rights are reserved (including the Plan Proponents) with respect to substantive consolidation in the event that the Plan is not confirmed and/or does not go effective.

Ballots; (c) the Tabulation Procedures; and (d) procedures for filing objections to confirmation of the Plan.

## BASIS FOR RELIEF

**A.    The Plan Proponents Have Provided Adequate Notice of the Disclosure Statement Hearing**

12.    Bankruptcy Rule 3017(a) provides that "the court shall hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders and other parties in interest . . . to consider . . . any objections or modifications" to a disclosure statement. Fed. R. Bankr. P. 3017(a). Similarly, Bankruptcy Rule 2002(b) requires at least twenty-eight (28) days' notice be given by mail to all creditors of the time fixed for filing objections and the hearing to consider approval of a disclosure statement. Fed. R. Bankr. P. 2002(b).

13.    The Plan Proponents' proposed *Notice of Disclosure Statement Hearing* (the "Disclosure Statement Hearing Notice"), filed together with this Motion and attached to the Proposed Order as **Exhibit 6**, identifies (i) the date, time, and place of the hearing to consider approval of the Disclosure Statement (the "Disclosure Statement Hearing"), (ii) how to obtain a copy of this Motion and other pleadings, including the proposed Plan and Disclosure Statement, and (iii) the deadline and procedures for filing objections to approval of the Disclosure Statement.

14.    Accordingly, all parties in interest will have had at least twenty-eight (28) days' notice of the Disclosure Statement Hearing and of the deadline to object to approval of the Disclosure Statement in compliance with Bankruptcy Rules 2002(b) and 3017(a) and Local Rule 3017-1. Accordingly, the Plan Proponents request that the Court

approve such notice as appropriate and in compliance with the requirements of the

Bankruptcy Rules and Local Rules.

**B.**     **The Disclosure Statement Contains Adequate Information and Should Be Approved**

15.     Section 1125 of the Bankruptcy Code provides that, before a debtor may

solicit votes on a Chapter 11 plan, it must provide its creditors with a disclosure

statement that is "approved, after notice and a hearing, by the court as containing

adequate information."  11 U.S.C. § 1125(b).  Section 1125 of the Bankruptcy Code

defines "adequate information" as follows:

> [i]nformation of a kind, and in sufficient detail, as far as is
> reasonably practicable in light of the nature and history of the
> debtor and the condition of the debtor's books and records . . .
> that would enable . . . a hypothetical investor of the relevant
> class to make an informed judgment about the plan.

11 U.S.C. § 1125(a)(1).

16.     A disclosure statement must, as a whole, provide information that is

"reasonably practicable" to permit an "informed judgment" by impaired creditors or

interest holders on whether to vote for or against the proposed plan of reorganization.

*See In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994);  *see also In re Adelphia*

*Commc'ns Corp.*, 352 B.R. 592, 600 (Bankr. S.D.N.Y. 2006) (noting that "an adequate

disclosure determination requires a bankruptcy court to find not just that there is

enough information, but also that what is said is not misleading").  The disclosure

statement should inform the "average unsecured creditor 'what it is going to get, when

it is going to get it, and what contingencies there are to getting its distribution.'"  *In re*

*Radco Props., Inc.*, 402 B.R. 666, 683 (Bankr. E.D.N.C. 2009) (quoting *In re Ferretti*, 128 B.R.

16, 19 (Bankr. D.N.H. 1991)).  In examining the adequacy of the information contained

in a disclosure statement, a bankruptcy court has broad discretion.  *See In re WorldCom,*

*Inc.*, No. M-47 HB, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003); *see also Kirk v. Texaco, Inc.*, 82 B.R. 678, 682 (S.D.N.Y. 1988) (noting that "[t]he legislative history could hardly be more clear in granting broad discretion to bankruptcy judges under § 1125(a)"). This grant of discretion is intended to permit courts to tailor disclosures made in connection with solicitation to facilitate the effective reorganization of debtors in a broad range of businesses and circumstances. *See* H.R. Rep. 95-595, 95th Cong., 1st Sess., 408–09 (1977); *Texaco*, 82 B.R. at 682 (bankruptcy judges have a clear congressional mandate to exercise "broad discretion in their supervision of corporate reorganizations").

17. Accordingly, the determination of whether a disclosure statement contains adequate information is made on a case-by-case basis, focusing on the unique facts and circumstances of each case. In that regard, courts generally examine whether a disclosure statement contains such information as:

(a) the circumstances that gave rise to the filing of the bankruptcy petition;

(b) a complete description of the available assets and their value;

(c) the anticipated future of the debtor;

(d) the source of the information provided in the disclosure statement;

(e) a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized other than those set forth in the disclosure statement;

(f) the condition and performance of the debtor while in chapter 11;

(g) information regarding claims against the estate;

(h) a liquidation analysis setting forth the estimated return that creditors would receive under chapter 7;

(i) the accounting and valuation methods used to produce the financial information in the disclosure statement;

(j)     information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors, and/or officers of the debtor;

(k)     a summary of the plan;

(l)     an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

(m)     the collectability of any accounts receivable;

(n)     any financial information, valuations, or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

(o)     information relevant to the risks being taken by the creditors and interest holders;

(p)     the actual or projected value that can be obtained from avoidable transfers;

(q)     the existence, likelihood, and possible success of non-bankruptcy litigation;

(r)     the tax consequences of the plan; and

(s)     the relationship of the debtor with its affiliates.

*See In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170–71 (Bankr. S.D. Ohio 1988); *see also In re Source Enters. Inc.*, Case No. 06-11707 (AJG), at *4 (Bankr. S.D.N.Y. July 31, 2007) [Docket No. 322] (slip op.) (using similar criteria and citing *Scioto Valley*, 88 B.R. at 170–71); *see also In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (explaining that the adequacy of disclosure statement "is to be determined on a case-specific basis under a flexible standard . . . .").

18.     The Plan Proponents submit that the Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code. The Disclosure Statement contains descriptions and summaries of, among other things: (a) certain events preceding the filing of the Involuntary Petitions; (b) events leading to the conversion of these cases to the Chapter 11 Cases; (c) developments during these

Chapter 11 Cases; (d) material terms of the Plan and its implementation; (e) Claims asserted against the Debtors' estates; (f) risk factors affecting the Plan; (g) financial information that could be relevant to creditors' determinations of whether to accept or reject the Plan; and (h) a description of the exculpation provisions of the Plan.

19.     Accordingly, the Plan Proponents submit that the Disclosure Statement should be approved as it contains adequate information within the meaning of section 1125(a)(1) of the Bankruptcy Code and otherwise comports with applicable law.

**C.     Approval of Plan Confirmation Schedule**
**and Scheduling of Confirmation Hearing**

(1)     Plan Confirmation Schedule

20.     The following is a summary of the proposed dates and deadlines related to confirmation of the Plan (the "Plan Confirmation Schedule"):[4]

| Event | Proposed Deadline |
|---|---|
| Voting Record Date | April 10, 2024 |
| Solicitation Commencement Deadline | Three Business Days from the Entry of the Proposed Order |
| Plan Supplement Filing Date | June 3, 2024 |
| Voting Deadline | June 17, 2024 at 4:00 p.m. (prevailing Eastern Time) |
| Voting Declaration Deadline | June 19, 2024 |
| Deadline for Objections to Plan Confirmation | June 24, 2024 at 4:00 p.m. (prevailing Eastern Time) |
| Reply Deadline | July 1, 2024 at 4:00 p.m. (prevailing Eastern Time) |
| Confirmation Hearing | July 3, 2024 at [__] [__].m. |

---

[4]     All dates in this table and elsewhere in this Motion are proposed dates. Parties should review the Court's order approving this Motion for the actual dates established by the Court.

(2) <u>Voting Record Date</u>

21.     The Plan Proponents propose that the Court establish April 10, 2024 as the record date for purposes of determining which persons or entities are entitled to vote on the Plan (the "<u>Voting Record Date</u>").

22.     With respect to any transferred Claim, if the transferor of such Claim is entitled to vote with respect to the Plan, the Plan Proponents propose that the transferee will be entitled to receive a Solicitation Package (as defined below) and vote to accept or reject the Plan on account of the transferred Claim only if:  (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date;  or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer.  In the event a Claim is transferred after the transferor has completed a Ballot, the transferee of such Claim shall be bound by any vote (and the consequences thereof) made on the Ballot by the holder as of the Voting Record Date of such transferred Claim.

(3) <u>Voting Deadline and Plan Supplement Filing Date</u>

23.     Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the court shall set a time within which the holders of claims or equity interests may accept or reject a plan.  Fed. R. Bankr. P. 3017(c).  The Plan Proponents intend to mail the Solicitation Packages, with the assistance of Kurtzman Carson Consultants LLC ("<u>KCC</u>") the voting agent for the Plan Proponents in these Chapter 11 Cases (the "<u>Voting Agent</u>"), on or before the solicitation commencement

deadline (the "Solicitation Commencement Deadline"), which is anticipated to be June 19, 2024.

24.      The Plan Proponents request that the Court exercise its authority under Bankruptcy Rule 3017(c) to establish June 17, 2024 at 4:00 p.m. (prevailing Eastern Time) as the deadline for voting on the Plan (the "Voting Deadline") in accordance with the procedures described below and set forth in the Proposed Order.  The Plan Proponents submit that the proposed solicitation period of approximately twenty-eight (28) days is a sufficient and adequate period within which Holders of Claims in the single Voting Classes can make an informed decision to accept or reject the Plan and submit timely Ballots.[5]

25.      The Plan Proponents request that the Court establish June 3, 2024 as the deadline (the "Plan Supplement Filing Deadline") for the Plan Proponents to file the exhibits and appendices to the Plan (the "Plan Supplement").  By scheduling the Plan Supplement Filing Date in advance of the Voting Deadline, creditors will be able to review the Plan Supplement prior to casting their vote.

(4)      Plan Objection Deadline

26.      The Plan Proponents request that the Court direct the manner in which objections to confirmation of the Plan shall be made.  Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the Court."  Fed. R. Bankr. P. 3020(b)(1).  Local Rule 3020-1 further provides that objections to confirmation of a plan must be submitted "not later than seven days

---

[5]      The Plan Proponents request authority to extend the time within which Ballots may be accepted for any reason deemed appropriate by the Plan Proponents.  Such extensions may be made by oral or written notice to the Plan Proponents' counsel.  Any instance in which the Voting Deadline is extended will be highlighted and listed in the Voting Declaration (as defined below).

prior to the first date set for the hearing to consider confirmation of the plan." Local Rule 3020-1. The Plan Proponents request that the Court establish June 24, 2024 at 4:00 p.m. (prevailing Eastern Time) as the deadline by which objections to the Plan, if any, must be filed and served (the "Objection Deadline"). By this Motion, the Plan Proponents are requesting that the Court schedule the Confirmation Hearing for July 3, 2024 (subject to the Court's availability) such that the Objection Deadline will be at least seven (7) days prior to the anticipated Confirmation Hearing.

**D.** **Approval of Form and Procedures for Notice
of the Confirmation Hearing and Voting Status**

27. Bankruptcy Rule 2002(b) provides that:

> "[T]he clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees not less than 28 days' notice by mail of the time fixed (1) for filing objections and the hearing to consider approval of a disclosure statement . . .; [and] (2) for filing objections and the hearing to consider confirmation of a . . . chapter 11 . . . plan."

Fed. R. Bankr. P. 2002(b).

28. Likewise, Bankruptcy Rule 3017(a) requires that notice of the hearing to consider a proposed disclosure statement be provided to creditors, equity security holders, and other parties in interest. *See* Fed. R. Bankr. P. 3017(a) (providing that after a disclosure statement is filed, it must be mailed with the notice of the hearing to consider the disclosure statement and any objections or modifications thereto on no less than 28 days' notice). Based on the proposed date of July 3, 2024 (subject to the Court's availability) for the Confirmation Hearing and the procedures set forth below, creditors

and parties in interest will have more than 28 days' notice of the Confirmation Hearing in accordance with Bankruptcy Rules 2002(b) and 3017(a).

29.     As described below, the Confirmation Hearing Notice will identify the voting status for each Class of Claims.  Holders of Claims in the Non-Voting Classes are either (i) unimpaired and deemed to accept the Plan, or (ii) impaired and not receiving or retaining any value under the Plan and, thus, deemed to reject the Plan, *see* 11 U.S.C. § 1126(f), (g);  Plan §§ 3.3(a)-(k).  Bankruptcy Rule 3017(d) provides, in relevant part:

> If the court orders that the disclosure statement and the plan or a summary of the plan shall not be mailed to any unimpaired class, notice that the class is designated in the plan as unimpaired and notice of the name and address of the person from whom the plan or summary of the plan and disclosure statement may be obtained upon request and at the plan proponent's expense, shall be mailed to members of the unimpaired class together with the notice of the time fixed for filing objections to and the hearing on confirmation.

Fed. R. Bankr. P. 3017(d).

30.     In accordance with Bankruptcy Rule 3017(d), the Plan Proponents propose that the Confirmation Hearing Notice identify the treatment of the Non-Voting Classes under the Plan.  The Plan Proponents submit that identifying the treatment of the Non-Voting Classes under the Plan in the Confirmation Hearing Notice satisfies the requirements of Bankruptcy Rule 3017(d) and should be approved.

31.     By the Solicitation Commencement Deadline, the Plan Proponents, with the assistance of the Voting Agent, will serve the notice of the Confirmation Hearing, substantially in the form attached to the Proposed Order as **Exhibit 1** (the "Confirmation Hearing Notice"), in the manner set forth herein.  The Plan Proponents will also file the Confirmation Hearing Notice on the docket of the Chapter

11 Cases[6] and post it on the case website (the "Case Website") maintained by the

Voting Agent (https://www.kccllc.net/Eletson) where it can be viewed free of charge.

The Plan Proponents will also utilize the services of the Voting Agent to mail the

Confirmation Hearing Notice to:  (i) Holders of Claims in the Voting Classes;  (ii)

Holder of Claims in the Non-Voting Classes;  (iii) all creditors and parties in interest;

and (iv) any other party which has filed a request for notice in these Chapter 11 Cases to

the extent not included in the Voting Classes or Non-Voting Classes.

      32.     The Confirmation Hearing Notice identifies:

     (a)     the date and time of the Confirmation Hearing and the location of the Confirmation Hearing (including procedures for participating telephonically);

     (b)     the Objection Deadline;

     (c)     procedures for filing objections to confirmation of the Plan;

     (d)     the voting status for each Class of Claims;

     (e)     the manner in which a copy of the Disclosure Statement (which includes the disclaimer required by Local Rule 3017-1(b)), the Plan, and the exhibits to each of the foregoing can be obtained;  and

     (f)     the Voting Record Date and the Voting Deadline.

      33.     The Plan Proponents respectfully request that the Court approve the

Confirmation Hearing Notice as providing adequate and sufficient notice of the

Confirmation Hearing and the voting status for each Class of Claims on account of their

---

[6]    The Plan Proponents will not re-distribute any Confirmation Hearing Notice that is returned as undeliverable without a forwarding address.

respective unimpaired or impaired status and order that no other and further notice of

the Confirmation Hearing or non-voting status shall be required.

**E.     Approval of the Solicitation Packages and
          Solicitation, Tabulation and Objection Procedures**

      (1)      <u>Solicitation Packages and Solicitation Procedures for the Voting Classes</u>

      34.      Bankruptcy Rule 3017(d) specifies the materials that must be provided to

holders of claims and equity interests for the purpose of solicitation of their votes and

providing adequate notice of the hearing on confirmation of a chapter 11 plan:

> Upon approval of a disclosure statement, —except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders—the debtor-in-possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> > (1) the plan or a court approved summary of the plan;
> >
> > (2) the disclosure statement as approved by the court;
> >
> > (3) notice of the time within which acceptances and rejections of the plan may be filed;  and
> >
> > (4) any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with [Bankruptcy] Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

Fed. R. Bankr. P. 3017(d).

35.     Bankruptcy Rule 3017(d) also requires the Plan Proponents to mail a form of ballot that substantially conforms to Official Form No. B314 only to "creditors and equity security holders entitled to vote on the plan."  Fed. R. Bankr. P. 3017(d).

36.     In accordance with Bankruptcy Rule 3017(d), the Plan Proponents propose that as promptly as practicable following entry of the Proposed Order, and in any event no later than the Solicitation Commencement Deadline, the Plan Proponents will utilize the services of the Voting Agent to mail the following materials to each Holder of a Claim in the Voting Classes (the "Solicitation Packages"):

(a)     a cover sheet from the Plan Proponents describing the contents of such Solicitation Package;

(b)     the Confirmation Hearing Notice;

(c)     a copy of the order approving this Motion (without exhibits attached);

(d)     the Disclosure Statement with the Plan annexed thereto;

(e)     a personalized Ballot to cast a vote on the Plan;  and

(f)     such other solicitation materials as the Court may direct (such as materials related to the proposed rights offering).

37.     The Solicitation Packages will contain Ballots, substantially in the forms attached to the Proposed Order as **Exhibit 2** (the "GUC Claims Ballot"), **Exhibit 2-A** (the "Master Ballot"), **Exhibit 2-B** (the "Beneficial Holder Ballot"), **Exhibit 3** (the "Convenience Claims Ballot"), **Exhibit 4** (the "Azure Guaranty Claims Ballot"), and **Exhibit 5** (the "Corp. Guaranty Claims Ballot") for the Holders of Claims in the Voting Classes.  The forms of the Ballots are based on Official Form No. B314, but the Ballots have been modified to address the particular circumstances of these Chapter 11 Cases and to include certain additional information that the Plan Proponents believe to be relevant and appropriate for Holders of Claims in the Voting Classes to vote to accept

or reject the Plan.  The same or similar relief with respect to the contents of the Solicitation Packages has been granted in this and other districts in other chapter 11 cases.  *See, e.g.  In re Benitago Inc.,* Case No. 23-11394 (SHL) (Bankr. S.D.N.Y. Jan. 5, 2024) [Docket No. 350];  *In re Endo International plc,* Case No. 22-22549 (JLG) (Bankr. S.D.N.Y. Jan. 1, 2024) [Docket No. 3549];  *In re Inversiones Latin America Power LTDA.,* Case No. 23-11891 (JPM) (Bankr. S.D.N.Y. Dec. 1, 2023) [Docket No. 36];  *In re 96 Wythe Acquisition LLC,* Case No. 21-22108 (SHL) (Bankr. S.D.N.Y. Feb. 24, 2023) [Docket No. 925];  *In re Pareteum Corporation,* Case No. 22-10615 (LGB) (Bankr. S.D.N.Y. Aug. 22, 2022) [Docket No. 296];  *In re Garrett Motion, Inc.,* Case No. 20-12212 (MEW) (Bankr. S.D.N.Y. March 12, 2021) [Docket No. 1016];  *In re Westinghouse Electric Company LLC,* Case No. 17-10751 (MEW) (Bankr. S.D.N.Y. Feb. 22, 2018) [Docket No. 2632];  *In re Pacific Drilling S.A.,* Case No. 17-13193 (MEW) (Bankr. S.D.N.Y. Sep. 26, 2018) [Docket No. 618];  *In re SunEdison,* Case No. 16-10992 (SMB) (Bankr. S.D.N.Y. June 13, 2017) [Docket No. 3319].

38.     The Plan Proponents seek a waiver of the requirement to include copies of the Plan in the Solicitation Packages and the materials sent to creditors in the Non-Voting Classes.  The Plan, including exhibits, are voluminous documents and the Debtors operate a global business with hundreds of potential creditors worldwide. Thus, to conserve estate resources, in lieu of printing and mailing copies of the Plan to all Holders of Claims, the Plan will be available at no charge on the Case Website.  In addition, any party entitled to receive a copy of the Plan may request either an electronic copy or obtain a paper copy by contacting the Voting Agent (a) in writing at Eletson Holdings Inc., *et al.,* Ballot Processing Center c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, California 90245, (b) via email at https://www.kccllc.net/Eletson/inquiry, or (c) by telephone at 888-647-1737 (Domestic) or 310-751-2624 (International).  The Plan Proponents believe that this

procedure provides ready access to the most up-to-date, searchable versions of the Plan and related documents and will result in substantial savings to the Debtors' estates. The same or similar relief has been granted in this and other districts in other chapter 11 cases. *See, e.g. In re Benitago Inc.,* Case No. 23-11394 (SHL) (Bankr. S.D.N.Y. Jan. 5, 2024) [Docket No. 350]; *In re 96 Wythe Acquisition LLC*, Case No. 21-22108 (SHL) (Bankr. S.D.N.Y. Feb. 24, 2023) [Docket No. 925]; *In re Pareteum Corporation,* Case No. 22-10615 (LGB) (Bankr. S.D.N.Y. Aug. 22, 2022) [Docket No. 296]; *In re Garrett Motion Inc.*, Case No. 20-12212 (MEW) (Bankr. S.D.N.Y. Mar. 12, 2021) [Docket No. 1016]; *In re Westinghouse Electric Company LLC*, Case No. 17-10751 (MEW) (Bankr. S.D.N.Y. Feb. 22, 2018) [Docket No. 2632]; *In re SunEdison*, Case No. 16-10992 (SMB) (Bankr. S.D.N.Y. June 13, 2017) [Docket No. 3319].

39.　　Bankruptcy Rule 3017(e) provides that "the court shall consider [at the disclosure statement hearing] the procedures for transmitting the documents and information required by [Bankruptcy Rule 3017(d)] to beneficial holders of stock, bonds, debentures, notes and other securities, determine the adequacy of the procedures, and enter any orders the court deems appropriate." Fed. R. Bankr. P. 3017(e). Because of the complexity and difficulty associated with reaching the beneficial holders of notes, many of which hold their notes indirectly in brokerage or other custodian accounts and through several layers of ownership, the Plan Proponents propose that materials be sent in a manner customary in the securities industries so as to maximize the likelihood that such holders will receive the materials in a timely fashion. Thus, for Holders of claims in Class 3 General Unsecured Claims, the Plan Proponents propose to mail "master" and "beneficial holder" ballots in accordance with the procedures outlined above to (a) each directly registered holder of the 2022 Notes Claims or Old Notes Claims (collectively, the "Notes") as of the Voting Record Date, and (b) each broker,

commercial bank, transfer agent, trust company, dealer, or other intermediary or nominee, or their mailing agent (each a "Nominee") identified by the Voting Agent as an entity through which beneficial holders indirectly hold the Notes. The Plan Proponents propose that they be authorized to send Solicitation Packages to Nominees in paper format and/or via electronic transmission in accordance with the customary requirements of each Nominee.

40.     Even after the mailings to the holders of Notes as of the Voting Record Date as described above, additional steps are necessary to ensure that beneficial holders of the Debtors' notes that are not record holders receive the Solicitation Packages and have an opportunity to vote. Thus, the Plan Proponents propose that the Court order that the Nominees through which beneficial holders hold Notes promptly distribute Solicitation Packages to such holders, and cooperate with the Voting Agent to accomplish such distribution, in any case no later than five (5) business days after receipt by the Nominees of the Solicitation Packages. The Plan Proponents will provide the Nominees with sufficient quantities of Solicitation Packages to permit service of such documents on their respective beneficial holders.

41.     The Plan Proponents submit that the Solicitation Packages and the Ballots comply with Bankruptcy Rule 3017(d) and should be approved. Distribution of the Solicitation Packages as set forth herein will provide creditors in the Voting Classes with the requisite materials and sufficient time to make an informed decision with respect to the Plan and provides creditors and equity holders in the Non-Voting Classes the requisite materials and sufficient time to file objections, if any, to confirmation of the Plan.

(2)     The Tabulation Procedures

42.     The Plan Proponents respectfully request that the Court approve the following procedures for voting and tabulation of Ballots (the "Tabulation Procedures") described herein in accordance with section 1126(c) and (d)  of the Bankruptcy Code and Bankruptcy Rule 3018(a).

43.     Section 1126(c)  of the Bankruptcy Code provides as follows:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).

44.     Further, Bankruptcy Rule 3018(a) provides that the "court after notice and hearing may temporarily allow [a] claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan."  Fed. R. Bankr. P. 3018(a).

45.     Additionally, Bankruptcy Rule 3018(c) provides, in part, that "[a]n acceptance or rejection [of a plan] shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent and conform to the appropriate Official Form."  Fed. R. Bankr. P. 3018(c).

46.     The Plan Proponents request that the following procedures shall be utilized for determining the amount of each Claim within the Voting Classes, solely for purposes of voting to accept or reject the Plan, and not for the purpose of the allowance

of, or distribution on account of, any such Claim, and without prejudice to the Plan

Proponents' rights in any other context:

(a)     if a Claim is deemed Allowed under the Plan or a stipulated agreement between the parties, such Claim will be temporarily Allowed for voting purposes in the deemed Allowed amount set forth therein;

(b)     if a Claim for which a proof of claim was timely filed or was listed in the Schedules in an amount that is liquidated, non-contingent, and undisputed, such Claim is Allowed for voting in the amount set forth on the proof of claim or the Schedules;

(c)     if a Claim for which a proof of claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Voting Agent) and such Claim has not been Allowed, such Claim shall be temporarily Allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

(d)     if a Claim is listed on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such Claim is temporarily Allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

(e)     if a Claim has been estimated or otherwise Allowed for voting purposes by order of the Court, such Claim is temporarily Allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(f)     if a Claim is listed in the Debtors' Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall not be Allowed for voting with the exception of subsections (k) and (*l*) below;

(g)     proofs of claim filed for $0.00 are not entitled to vote;

(h)     if the Plan Proponents have served an objection or request for estimation as to a Claim at least ten (10) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline;

(i)     notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the Voting Classes shall be provided with only one Solicitation Package and one ballot for voting a single Claim in such Voting Class, regardless of whether the Plan Proponents have objected to such duplicate Claims;

(j)     if a proof of claim has been amended by a later filed proof of claim, only the later filed amending Claim will be entitled to vote, regardless of whether the Plan Proponents have objected to such earlier filed claim;

(k)     Votes cast by the Beneficial Owners in Class 3 (General Unsecured Claims) on account of Notes held through Nominees will be applied to the applicable positions held by such Nominees as of the Voting Record Date, as evidenced by the applicable securities position report(s) obtained from Depository Trust Company (the "DTC"); and

(l)     Votes submitted by a Nominee pursuant to a Master Ballot will not be counted in excess of the amount of such Claims held by such Nominee as of the Voting Record Date.

47.     The Plan Proponents propose the following Tabulation Procedures be utilized in tabulating the Ballots:

(a)     Ballots received after the Voting Deadline will not be counted by the Voting Agent, except as expressly provided herein or in the event that the Voting Deadline is extended by the Plan Proponents and subject to any contrary order of the Court;

(b)     Holders of Claims in the Voting Classes must vote all of their Claims in such class either to accept or reject the Plan and may not split their votes with respect to Claims in the same class;

(c)     any Ballot (or group of Ballots with respect to the Claims in a class received from a single creditor) that partially rejects and partially accepts the Plan will not be counted;

(d)     the method of delivery of Ballots to be sent from each Holder of a Claim in the Voting Classes to the Voting Agent is at the election and risk of each Holder of a Claim, and will be deemed made only when the original executed Ballot is actually received by the Voting Agent;

(e)     a Ballot received by facsimile e-mail, or any other electronic means (except for the mechanism provided on the Case Website or as otherwise noted) will not be counted;

(f)     no Ballot sent to the Plan Proponents, the Plan Proponents' agents (other than the Voting Agent), or the Plan Proponents legal advisors will be counted;

(g)     if multiple Ballots are received from, or on behalf of, an individual Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the latest valid Ballot timely received will be deemed to reflect the intent of such Holder and to supersede and revoke any prior Ballot with respect to such Claim, *provided that*, if a Holder timely submits both a paper Ballot and Ballot via email on account of the same Claim, the Ballot submitted via email shall supersede the paper Ballot;

(h)     if a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, or other person acting in a fiduciary or representative capacity, such person shall be required to indicate such capacity when signing.  The Voting Agent may request proper evidence prior to accepting such Ballot;

(i)     any Holder of a Claim entitled to vote that has delivered a valid Ballot may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

(j)     subject to any contrary order of the Court, the Plan Proponents reserve the right to reject any and all Ballots that are not in proper form, the acceptance of which would, in the opinion of the Plan Proponents or their counsel, not be in accordance with the provisions of the Proposed Order or the Bankruptcy Code; *provided*, *however*, that the Plan Proponents may but are not required to notify any Holder submitting a Ballot not in proper form of any such defects and their intent to reject such Ballot if the alleged defects are not remedied.  Any disputes regarding the form of any Ballot shall be determined by the Bankruptcy Court;

(k)     to the extent there are multiple Claims within the Voting Classes held by a particular Holder, the Plan Proponents may, in their discretion, aggregate the Claims of such particular Holder within the Voting Classes for the purposes of counting votes;

(l)     unless waived by the Plan Proponents, or as ordered by the Court, any defects or irregularities in connection with the deliveries of the Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived;  and

(m)     notwithstanding anything to the contrary herein, the Plan Proponents, in their sole discretion, subject to any contrary order of

the Court, may waive any defect in any Ballot at any time, whether before or after the Voting Deadline and without notice.

48. <u>Voting By Beneficial Holders of Notes:</u>

(a)   the Plan Proponents request that the Court authorize the Nominees to obtain the votes of beneficial holders of the Notes, as applicable, by forwarding the Solicitation Package to each beneficial holder of the Notes for whom it acts as a Nominee for voting so that the beneficial holder may return its vote directly to its Nominee.  Each Nominee will distribute the Solicitation Packages, as appropriate, in accordance with their customary practices and obtain votes to accept or to reject the Plan also in accordance with their customary practices.  If it is the Nominee's customary and accepted practice to submit a "voting instruction form" to the beneficial holders for the purpose of recording the beneficial holder's vote, the Nominee will be authorized to send the voting information form; *provided, however*, that the Nominee also distribute the appropriate Beneficial Holder Ballot approved by the Proposed Order; and

(b)   Nominees shall summarize the individual votes of their respective beneficial holders cast on their Beneficial Holder Ballots on a Master Ballot which can be returned via email at https://www.kccllc.net/Eletson/inquiry, in substantially the forms of the Master Ballot attached to the Proposed Order as **Exhibits 2-A** and **2- B** and then return the Master Ballot to the Voting Agent.  This procedure adequately recognizes the complex structure of the securities industry, enables the Plan Proponents to transmit materials to the holders of the notes, and affords such holders a fair and reasonable opportunity to vote.  The Plan Proponents  hereby request that the Court approve the Master Ballot.

49.   The Plan Proponents request authority to accept duly completed and executed Ballots delivered by regular mail, courier, or delivery services so as to actually be received on or before the Voting Deadline by the Voting Agent at the following address:  Eletson Holdings Inc., *et al.*, Ballot Processing Center c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, California 90245.

50.   In addition to accepting Ballots via regular mail, courier, or delivery services, or, in the case of Master Ballots and Beneficial Holder Ballots, via electronic mail, the Plan Proponents request authorization to accept Ballots via electronic, online

transmission by utilizing the e-ballot platform on the Voting Agent's website. Except for Holders of Class 3 General Unsecured Claims submitting a Master Ballot or Beneficial Holder Ballot, Holders may cast an electronic Ballot and electronically sign and submit such e-ballot via the e-ballot platform by visiting https://www.kccllc.net/Eletson, clicking on the "Submit E-Ballot" section of the website and following the directions to submit their electronic Ballot. Holders of Class 3 General Unsecured Claims submitting a Master Ballot or Beneficial Holder Ballot may not submit their Master Ballot or Beneficial Holder Ballot via the e-ballot platform and may submit their Master Ballot or Beneficial Holder Ballot via electronic mail to the Voting Agent. The encrypted Ballot data and audit trail created by such electronic submission shall become part of the record of any electronic Ballot submitted in this manner, and the Holder's electronic signature will be deemed to be an original signature that is legally valid and effective. The Plan Proponents submit that allowing Holders to submit Ballots through this electronic process will be beneficial to the Holders, is reasonable and appropriate and should be approved by the Court. For the avoidance of doubt, electronic submissions of Ballots may only be made via the e-ballot platform. Ballots submitted by electronic mail (except for Master Ballots and Beneficial Holder Ballots), facsimile or any other means of electronic submission not specifically authorized by the Proposed Order shall not be counted.

51.     The Plan Proponents further propose that the following Ballots not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (a) any Ballot received after the Voting Deadline, even if postmarked before the Voting Deadline (except as expressly provided herein or in the event that the Voting Deadline is extended by the Plan Proponents); (b) any Ballot that is properly completed, executed, and timely returned to the Voting Agent but does not

indicate an acceptance or rejection of the Plan; (c) any Ballot that is properly completed, executed, and timely returned to the Voting Agent but indicates both an acceptance and a rejection of the Plan; (d) any paper Ballot that is illegible or contains insufficient information to permit the identification of the Holder; (e) any Ballot not bearing an original signature on the line adjacent to the "Signature:" label in the certification section therein; and (f) any form of Ballot other than the official form sent by the Voting Agent or a copy of the official form. As set forth in the Tabulation Procedures above, the Plan Proponents may but are not required to notify any Holder of a Claim in the Voting Classes submitting a Ballot not in proper form of any such defects and their intent to reject such Ballot if the alleged defects are not remedied. Any disputes regarding the form of any Ballot shall be determined by the Court.

52.     The Voting Agent will process and tabulate Ballots for the Voting Classes and, prior to the Confirmation Hearing, will file a declaration of the Voting Agent (the "<u>Voting Declaration</u>") no later than June 19, 2024 (the "<u>Voting Declaration Deadline</u>"), in accordance with Local Rule 3018-1.

53.     Such Voting Declaration will list, among other things, all instances in which (a) Ballots were withdrawn, (b) votes were changed by the filing of superseding Ballots, (c) the Voting Deadline was extended, and (d) every irregular Ballot including, without limitation, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or necessary information, damaged, or received via facsimile, or any other means not set forth in the Solicitation Procedures. With regard

to clause (d) of this paragraph, the Voting Declaration will indicate the Plan Proponents' intentions with regard to such irregular Ballots.

54.     Nothing contained in the Solicitation Procedures, or the Tabulation Procedures shall serve as, or be deemed to constitute a waiver of the Plan Proponents' right to object to any filed proof of claim on substantive grounds.

55.     The Plan Proponents respectfully submit that such procedures provide for a fair and equitable voting process and should be approved by the Court.

(4)     <u>Objection Procedures</u>

56.     Subject to Court approval of the Plan Confirmation Schedule, the Plan Proponents propose the Objection Deadline of June 24, 2024 at 4:00 p.m. (prevailing Eastern Time).  The Plan Proponents request that the Court direct that any objections to confirmation of the Plan shall:

(a)     be in writing;

(b)     comply with the Bankruptcy Rules, the Local Rules, Chambers' procedures and orders of this Court;

(c)     state the name and address of the objecting party and the nature and amount of the claim against or interest in the estate or property of the Debtors;

(d)     state with particularity the legal and factual basis for such objection;

(e)     be filed with the Clerk of the Court, together with proof of service thereon;  and

(f)     be served by mail, email or hand delivery, so as to be **<u>actually received</u>** no later than 4:00 p.m. (prevailing Eastern Time) on the Objection Deadline by the following parties (collectively, the "<u>Notice Parties</u>"):

(i)     counsel to the Plan Proponents, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, Attn:  Kyle J. Ortiz, Esq. (kortiz@teamtogut.com) and Bryan M. Kotliar, Esq. (bkotliar@teamtogut.com);

(ii) the U.S. Trustee, Office of the United States Trustee, Alexander Hamilton Custom House, One Bowling Green, New York, NY 10004, Attn.: Daniel Rudewicz, Esq. (Daniel.Rudewicz@usdoj.gov);

(iii) counsel to the Creditors' Committee, Dechert LLP, 1095 Avenue of Americas, New York, NY 10036, Attn: David Herman, Esq. (david.herman@dechert.com) and Stephen Zide, Esq. (stephen.zide@dechert.com); and

(iv) any other party which has filed a request for notice in these Chapter 11 Cases.

57. The Objection Deadline will afford the Plan Proponents and other parties in interest adequate and sufficient time to consider the objections, if any, to file replies, and to propose Plan modifications, if appropriate, as well as to provide the Court with sufficient time to consider any such pleadings in preparation for the Confirmation Hearing. Unless an objection to the Plan is timely filed and served pursuant to the above procedures, such objection may not be considered by the Court at the Confirmation Hearing.

58. Additionally, the Plan Proponents request that the Court set July 1, 2024 at 12:00 p.m. (prevailing Eastern Time) as the reply deadline (the "Reply Deadline") for the Plan Proponents to file and serve, as appropriate, replies or an omnibus reply to any filed objections to approval of the Disclosure Statement or confirmation of the Plan. Depending on the number of objections, if any, the Plan Proponents may also include

with any reply or omnibus reply a chart summarizing objections and any proposed resolutions thereto for the Court's convenience.

59.     The Plan Proponents request that objections not timely filed and served in accordance with the provisions of an order granting this Motion not be considered by the Court and be denied and overruled.

60.     The proposed procedures pursuant to Bankruptcy Rule 3020 and Local Rule 3020-1 for filing objections and replies, if any, are fair and reasonable and in the best interests of the Debtors, their creditors and other parties in interest.  Accordingly, the Plan Proponents request the Court approve the notice procedures for objections and replies and find such procedures constitute good and sufficient notice and no other or further notice be necessary or required.

**F.     <u>Miscellaneous Provisions</u>**

61.     Copies of the Solicitation Package, as well as the Plan and Disclosure Statement, will be provided to a party in interest, if requested, of the Voting Agent (a) in writing to the following address:  Eletson Holdings Inc., *et al.*, Ballot Processing Center c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, California 90245, (b) via email at https://www.kccllc.net/Eletson/inquiry, or (c) by telephone at 888-647-1737 (Domestic) or 310-751-2624 (International).  In addition, copies of the Disclosure Statement and Plan are on file with the Office of the Clerk of the Court (One Bowling Green, New York, NY 10004-1408) for review during normal business hours.  Parties may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at:  http://www.nysb.uscourts.gov.

62.     The Plan Proponents anticipate that some Solicitation Packages and the Confirmation Hearing Notice may be returned as undeliverable.  The Plan Proponents believe that it would be costly and wasteful to mail such notices to the same addresses

to which undeliverable notices were mailed. Therefore, the Plan Proponents request that the Court waive the strict notice provisions of Bankruptcy Rules 2002(b) and 3017(d) unless a new mailing address is provided to the Plan Proponents and the Plan Proponents' counsel on or before the date that is ten (10) days prior to the Voting Deadline.

63. The Plan Proponents request authorization to make non-substantive changes to the Solicitation Packages (including the Plan, Disclosure Statement, and the Ballots), the procedures contained herein, and all Plan or Disclosure Statement-related documents, without further order of the Court, including, without limitation, filling in any missing dates or other missing information, changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Plan, any other materials in the Solicitation Packages prior to distribution of such materials.

64. Based upon the foregoing, the Plan Proponents submit that the relief requested herein is necessary, appropriate, and in the best interest of the Debtors' estates and their creditors, and therefore should be granted

## NOTICE

65. The Plan Proponents will serve the Disclosure Statement Hearing Notice on: (a) the U.S. Trustee; (b) counsel to the Debtors; (c) counsel to the Creditors' Committee; (d) the Internal Revenue Service; (e) the Securities and Exchange Commission; (f) holders of Claims against the Debtors that have filed proofs of claim (either pre-petition or administrative) as of the date of this Motion, as they appear and at the addresses set forth in such proofs of claim; (g) holders of Claims against the Debtors, as they appear in the Schedules; (h) any party that has requested notice pursuant to Bankruptcy Rule 2002; (i) any other party entitled to notice pursuant to

Local Rule 9013-1(b); (j) all other entities on the Debtors' list of unsecured creditors to the extent not included in the foregoing (a) through (j).  The Plan Proponents submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## CONCLUSION

WHEREFORE, the Plan Proponents respectfully request this Court (a) enter the Proposed Order, substantially in the form attached hereto as **Exhibit A** and (b) grant such other and further relief as may be just and proper.

Dated: April 10, 2024
     New York, New York

            Respectfully submitted,

            TOGUT, SEGAL & SEGAL LLP

            */s/ Kyle J. Ortiz*
            Kyle J. Ortiz
            Bryan M. Kotliar
            Martha E. Martir
            Amanda C. Glaubach
            One Penn Plaza
            New York, New York 10119
            (212) 594-5000
            Email:  kortiz@teamtogut.com
                   bkotliar@teamtogut.com
                   aglaubach@teamtogut.com
                   mmartir@teamtogut.com

            *Counsel for the Petitioning Creditors*

EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------------x
                                       :
In re:                                 :        Chapter 11
                                       :
ELETSON HOLDINGS INC., et al.,         :        Case No. 23-10322 (JPM)
                                       :
                                       :        (Jointly Administered)
                       Debtors.¹       :
                                       :
---------------------------------------------------------------x
```

**ORDER (I) APPROVING CERTAIN KEY DATES RELATING TO CONFIRMATION OF THE PETITIONING CREDITORS' PLAN, INCLUDING SCHEDULING A HEARING TO CONSIDER APPROVAL OF PETITIONING CREDITORS' PLAN; (II) APPROVING THE FORM AND MANNER OF THE CONFIRMATION HEARING NOTICE; (III) APPROVING PETITIONING CREDITORS' DISCLOSURE STATEMENT AND NOTICE THEREOF; (IV) APPROVING (A) PROCEDURES FOR SOLICITATION, (B) FORMS OF BALLOTS, (C) PROCEDURES FOR TABULATION OF VOTES, AND (D) PROCEDURES FOR OBJECTIONS; AND (V) ESTABLISHING NOTICE AND OBJECTION <u>PROCEDURES FOR THE CONFIRMATION OF THE PLAN</u>**

Upon the motion (the "<u>Motion</u>")² of the Petitioning Creditors for entry of

an order (this "<u>Order</u>"), (i) approving the Plan Confirmation Schedule (as defined

below), including scheduling the Confirmation Hearing (as defined below) to consider

final approval of the *Petitioning Creditors' Joint Chapter 11 Plan of Reorganization of Eletson*

*Holdings Inc. and its Affiliated Debtors*, filed on March 26, 2024 [Docket No. 531] (as it may

be amended, modified, and/or supplemented from time to time, the "<u>Plan</u>");

(ii) approving the form and manner of notice of the Confirmation Hearing;

(iii) approving the *Disclosure Statement in Support of Petitioning Creditors' Joint Chapter 11*

---

¹ The Debtors in these cases are: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC. The address of the Debtors' corporate headquarters is 118 Kolokotroni Street, GR 185 35 Piraeus, Greece. The Debtors' mailing address is c/o Eletson Maritime, Inc., 1 Landmark Square, Suite 424, Stamford, Connecticut 06901.

² Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

*Plan of Reorganization of Eletson Holdings Inc. and its Affiliated Debtors*, filed on March 26, 2024 [Docket No. 532] (as it may be amended, modified, and/or supplemented from time to time, the "<u>Disclosure Statement</u>") and notice thereof; (iv) approving (a) the Solicitation Procedures (as defined below), (b) the form of Ballots (as defined below) to be distributed in connection with solicitation, (c) the Tabulation Procedures (as defined below); and (v) the procedures for filing objections to confirmation of the Plan, all as set forth more fully in the Motion; and the Court having jurisdiction to consider the Motion and relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and the Court having determined that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and the Court having reviewed the Motion, the Disclosure Statement, and the papers in support thereof, in opposition thereto and having heard the statements in support of the relief requested therein at a hearing before the Court, if any (the "<u>Hearing</u>"); and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and the Court having determined that the legal and factual basis set forth in the Motion and on the record of the Hearing established just cause for the relief granted herein; and all objections to the Motion, if any, having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing;

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A.      The Disclosure Statement Hearing Notice, attached hereto as **Exhibit 6**, filed by the Petitioning Creditors and served upon parties in interest in these Chapter 11 Cases constituted adequate and sufficient notice of the Hearing and the deadline for filing objections to the Disclosure Statement and responses thereto.

B.      The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code and no further information is necessary.

C.      The distribution procedures and contents of the Solicitation Packages, including the notice of the Confirmation Hearing, substantially in the form attached hereto as **Exhibit 1** (the "Confirmation Hearing Notice"), comply with Bankruptcy Rules 2002 and 3017 and Local Rule 3017-1 and constitute good and sufficient notice to all interested parties of the Voting Record Date, the Voting Deadline, the Objection Deadline, the Confirmation Hearing, and all related matters.

D.      The Plan Proponents' proposed schedule and procedures relating to confirmation of the Plan set forth herein (the "Plan Confirmation Schedule"), provide interested parties with sufficient time to review and consider all solicitation materials, including the Plan, the Disclosure Statement, the Plan Supplement, and other information and materials relating to confirmation of the Plan, provides Holders of Claims with sufficient time to make an informed judgment to accept or reject the Plan

---

[3]   The findings and conclusions set forth herein and in the record of the Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014, and are incorporated by reference as though fully set forth herein.  To the extent that any finding of fact shall be determined to be a conclusion of law, it shall be deemed so, and vice versa.

and provides all parties-in-interest in these Chapter 11 Cases with sufficient time to object to confirmation of the Plan.

E.       The Ballots, substantially in the forms attached hereto as **Exhibit 2**, **Exhibit 2-A**, **Exhibit 2-B**, **Exhibit 3**, **Exhibit 4**, and **Exhibit 5** are consistent with Official Form No. B314, address the particular needs of these Chapter 11 Cases, and provide adequate information and instructions for each person or entity entitled to vote to accept or reject the Plan.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.       The Motion is granted as set forth herein.  All objections, responses, statements or comments, if any, in opposition to approval of the Disclosure Statement and the relief requested in the Motion that have not otherwise been resolved or withdrawn prior to, or on the record of the Hearing, are overruled in their entirety.

2.       The Disclosure Statement is approved pursuant to section 1125(b) of the Bankruptcy Code and Bankruptcy Rule 3017(b).  The Disclosure Statement Hearing Notice attached hereto as **Exhibit 6** is approved.

**I.       Plan Confirmation Schedule and Confirmation Hearing**

3.       The following schedule in connection with confirmation of the Plan is hereby approved:

| Event | Proposed Deadline |
|---|---|
| Voting Record Date | April 10, 2024 |
| Solicitation Commencement Deadline | Three Business Days from the Entry of this Order |
| Plan Supplement Filing Date | June 3, 2024 |
| Voting Deadline | June 17, 2024 at 4:00 p.m. (prevailing Eastern Time) |
| Voting Declaration Deadline | June 19, 2024 |
| Deadline for Objections to Plan Confirmation | June 24, 2024 at 4:00 p.m. (prevailing Eastern Time) |
| Reply Deadline | July 1, 2024 at 4:00 p.m. (prevailing Eastern Time) |
| Confirmation Hearing | July 3, 2024 at [__] [__].m. |

4.      The Confirmation Hearing may be adjourned or continued from time to time by the Court or the Plan Proponents without further notice other than an announcement in open court or as indicated in any notice or hearing agenda that is filed with the Court.

5.      The Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 1**, is hereby approved.

6.      The Ballots, substantially in the forms attached hereto as **Exhibit 2**, **Exhibit 2-A**, **Exhibit 2-B**, **Exhibit 3**, **Exhibit 4**, and **Exhibit 5**, are hereby approved.

7.      As promptly as practicable following entry of this Order, and in any event no later than the Solicitation Commencement Deadline, the Plan Proponents shall mail or cause to be mailed solicitation packages (the "Solicitation Packages") to Holders of Claims in Class 3 (General Unsecured Secured Claims), Class 4 (Convenience Claims), Class 5 (Azure Guaranty Claims) and Class 6 (Corp. Guaranty Claims) (the "Voting

Classes"), which are entitled to vote on the Plan.  Each Solicitation Package shall contain the following:

(a)     a cover sheet from the Plan Proponents describing the contents of such Solicitation Package;

(b)     the Confirmation Hearing Notice;

(c)     a copy of this Order (without exhibits attached);

(d)     the Disclosure Statement with the Plan annexed thereto;

(e)     a personalized Ballot to cast a vote on the Plan;  and

(f)     such other solicitation materials as the Court may direct (such as materials related to the rights offering as applicable).

8.     As promptly as practicable following entry of this Order, and in any event no later than the Solicitation Commencement Deadline, the Plan Proponents shall mail or cause to be mailed the Confirmation Hearing Notice to (a) Holders of Claims or Interests in Class 1 (Other Priority Claims), Class 7 (OCM Guaranty Claims), Class 8 (Subordinated Claims), Class 9 (Intercompany Claims), Class 10 (Intercompany Interests), and Class 11 (Existing Equity Interests) (collectively, the "Non-Voting Classes"), (b) all creditors and parties and (c) any other party which has filed a request for notice in these Chapter 11 Cases.  The Plan Proponents shall not re-distribute any Confirmation Hearing Notice that is returned as undeliverable without a forwarding address.

9.     The Plan Proponents are not required to distribute copies of the Plan to any Holder of Claims in the Non-Voting Classes.  Holders of Claims in the Non-Voting Classes may request copies of the Plan by contacting the Voting Agent (a) in writing at Eletson Holdings Inc., *et al.*, Ballot Processing Center c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, California 90245, (b) via email

at https://www.kccllc.net/Eletson/inquiry, or (c) by telephone at 888-647-1737 (Domestic) or 310-751-2624 (International).

10.     With respect to Solicitation Packages to be distributed to owners of a beneficial interest ("Beneficial Owners") in the Notes, the Plan Proponents shall distribute or cause to be distributed Solicitation Packages to (a) the record holders of such Notes as of the Voting Record Date, and (b) each broker, commercial bank, transfer agent, trust company, dealer, or other intermediary or nominee, or their mailing agent (each a "Nominee") identified by the Voting Agent as an entity through which Beneficial Owners indirectly hold positions in the Notes as of the Voting Record Date. The Plan Proponents shall send Solicitation Packages to the Nominees in paper format and/or via electronic transmission in accordance with the customary requirements of each Nominee and the Plan Proponents (including the Voting Agent) and each Nominee shall cooperate with each other to accomplish distribution of the Solicitation Packages to the respective Beneficial Owners.

11.     Each Nominee through which one or more Beneficial Owners holds positions in the Notes as of the Voting Record Date is hereby ordered to distribute the Solicitation Package to the Beneficial Owners for which they hold positions in the Notes within five (5) business days after receipt of such Solicitation Packages from the Plan Proponents and obtain the vote of such Beneficial Owners consistent with customary practices for obtaining the votes of securities held in "street name", in one of the following two ways:

> (a)     Master Ballots:  A Nominee may obtain the votes of Beneficial Owners by forwarding to the Beneficial Owners the applicable unsigned Beneficial Holder Ballot, together with the Solicitation Package, a return envelope provided by, and addressed to, the Nominee, or other instructions specifying the procedure on how to return the Beneficial Holder Ballot or information requested therein to such Nominee, and other materials requested to be forwarded.

Each such Beneficial Owner may then indicate its vote on the Beneficial Holder Ballot, provide the information requested in the Beneficial Holder Ballot, review the certifications contained in the Beneficial Holder Ballot, and return the Beneficial Holder Ballot in sufficient time to be summarized by the Nominee on a Master Ballot in substantially the forms annexed hereto as **Exhibits 2-A and 2-B**. The Nominee shall be responsible for summarizing the individual votes of its respective Beneficial Owners from their Beneficial Holder Ballots on the Master Ballot and returning the Master Ballot to the Voting Agent so that it is received prior to the Voting Deadline. The Nominee shall retain copies of all Beneficial Holder Ballots received by such Nominee for inspection for a period of one year after the Effective Date of the Plan.

- or -

(b)    Pre-Validated Ballots:  A Nominee may pre-validate a Beneficial Holder Ballot by, as applicable:  (i) signing the applicable Beneficial Holder Ballot indicating the name of the Nominee and the Depository Trust Company (the "DTC") participation number;  and (ii) indicating on the Beneficial Holder Ballot the account number of the applicable Beneficial Owner, and the outstanding principal amount of applicable Notes held by the Nominee for such Beneficial Owner;  and shall forward such pre-validated Beneficial Holder Ballot together with the Solicitation Package and other materials requested to be forwarded to the Beneficial Owner for voting.  The Beneficial Owner may then complete the information requested in such pre-validated Ballot, review the certifications contained in the Beneficial Holder Ballot, and return the Beneficial Ballot directly to the Voting Agent as instructed so that it is received by the Voting Agent before the Voting Deadline.  A list of the Beneficial Owners to whom pre-validated Beneficial Ballots were delivered will be maintained by each applicable Nominee for inspection for at least one year from the Voting Deadline.  The Nominee shall maintain a list of the Beneficial Owners to whom pre-validated Beneficial Holder Ballots were delivered for inspection for a period of one year after the Effective Date of the Plan.

12.     Solely for purposes of voting to accept or reject the Plan, and not for the purpose of the allowance of, or distribution on account of, any Claim, and without prejudice to the Plan Proponents' rights in any other context, the following procedures shall be utilized for determining the amount of each Claim within a Class of Claims that is entitled to vote to accept or reject the Plan:

(a)     if a Claim is deemed Allowed under the Plan or a stipulated agreement between the parties, such Claim will be temporarily Allowed for voting purposes in the deemed Allowed amount set forth therein;

(b)     if a Claim for which a proof of claim was timely filed or was listed in the Schedules in an amount that is liquidated, non-contingent, and undisputed, such Claim is Allowed for voting in the amount set forth on the proof of claim or the Schedules;

(c)     if a Claim for which a proof of claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Voting Agent) and such Claim has not been Allowed, such Claim shall be temporarily Allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

(d)     if a Claim is listed on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such Claim is temporarily Allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

(e)     if a Claim has been estimated or otherwise Allowed for voting purposes by order of the Court, such Claim is temporarily Allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(f)     if a Claim is listed in the Debtors' Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall not be Allowed for voting with the exception of subsections (k) and (*l*) below;

(g)     proofs of claim filed for $0.00 are not entitled to vote;

(h)     if the Plan Proponents have served an objection or request for estimation as to a Claim at least ten (10) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline;

(i)     notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the Voting Classes shall be provided with only one Solicitation Package and one ballot for voting a single Claim in such Voting Class, regardless of whether the Plan Proponents have objected to such duplicate Claims;

(j)     if a proof of claim has been amended by a later filed proof of claim, only the later filed amending Claim will be entitled to vote, regardless of whether the Plan Proponents have objected to such earlier filed claim;

(k)     Votes cast by the Beneficial Owners in Class 3 (General Unsecured Claims) on account of Notes held through Nominees will be applied to the applicable positions held by such Nominees as of the Voting Record Date, as evidenced by the applicable securities position report(s) obtained from DTC; and

(l)     Votes submitted by a Nominee pursuant to a Master Ballot will not be counted in excess of the amount of such Claims held by such Nominee as of the Voting Record Date.

13.     The following Tabulation Procedures shall be utilized in tabulating the Ballots:

(a)     Ballots received after the Voting Deadline will not be counted by the Plan Proponents, except as expressly provided herein or in the event that the Voting Deadline is extended by the Plan Proponents and subject to any contrary order of the Court;

(b)     Holders of Claims in the Voting Classes must vote all of their Claims in such class either to accept or reject the Plan and may not split their votes with respect to Claims in the same class;

(c)     any Ballot (or group of Ballots with respect to the Claims in a class received from a single creditor) that partially rejects and partially accepts the Plan will not be counted;

(d)     the method of delivery of Ballots to be sent from each Holder of a Claim in the Voting Classes to the Voting Agent is at the election and risk of each Holder of a Claim, and will be deemed made only

when the original executed Ballot is actually received by the Voting Agent;

(e)      a Ballot received by facsimile, e-mail, or any other electronic means (except for the mechanism provided on the Case Website or as otherwise noted) will not be counted;

(f)      no Ballot sent to the Plan Proponents, the Plan Proponents' agents (other than the Voting Agent), or the Plan Proponents legal advisors will be counted;

(g)      if multiple Ballots are received from, or on behalf of, an individual Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the latest valid Ballot timely received will be deemed to reflect the intent of such Holder and to supersede and revoke any prior Ballot with respect to such Claim, *provided that*, if a Holder timely submits both a paper Ballot and Ballot via email on account of the same Claim, the Ballot submitted via email shall supersede the paper Ballot;

(h)      if a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, or other person acting in a fiduciary or representative capacity, such person shall be required to indicate such capacity when signing. The Plan Proponents may request proper evidence prior to accepting such Ballot;

(i)      any Holder of a Claim entitled to vote that has delivered a valid Ballot may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

(j)      subject to any contrary order of the Court, the Plan Proponents reserve the right to reject any and all Ballots that are not in proper form, the acceptance of which would, in the opinion of the Plan Proponents or their counsel, not be in accordance with the provisions of this Order or the Bankruptcy Code; *provided, however,* that the Plan Proponents may but are not required to notify any Holder submitting a Ballot not in proper form of any such defects and their intent to reject such Ballot if the alleged defects are not remedied. Any disputes regarding the form of any Ballot shall be determined by the Bankruptcy Court;

(k)      to the extent there are multiple Claims within the Voting Classes held by a particular Holder, the Plan Proponents may, in their discretion, aggregate the Claims of such particular Holder within the Voting Classes for the purposes of counting votes;

(l)      unless waived by the Plan Proponents, or as ordered by the Court, any defects or irregularities in connection with the deliveries of the Ballots must be cured by the Voting Deadline, and unless otherwise

ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived;  and

(m)  notwithstanding anything to the contrary herein, the Plan Proponents, in their sole discretion, subject to any contrary order of the Court, may waive any defect in any Ballot at any time, whether before or after the Voting Deadline and without notice.

14.  The following procedures will be utilized in tabulating votes by Beneficial Holders of Notes:

(a)  Nominees are authorized to obtain the votes of beneficial holders of the Notes, as applicable, by forwarding the Solicitation Package to each beneficial holder of the Notes for whom it acts as a Nominee for voting so that the beneficial holder may return its vote directly to its Nominee.  Each Nominee will distribute the Solicitation Packages, as appropriate, in accordance with their customary practices and obtain votes to accept or to reject the Plan also in accordance with their customary practices.  If it is the Nominee's customary and accepted practice to submit a "voting instruction form" to the beneficial holders for the purpose of recording the beneficial holder's vote, the Nominee will be authorized to send the voting information form; *provided*, *however*, that the Nominee also distribute the appropriate Beneficial Holder Ballot approved by the Proposed Order; and

(b)  Nominees shall summarize the individual votes of their respective beneficial holders cast on their Beneficial Holder Ballots on a master Ballot which can be returned via email at https://www.kccllc.net/Eletson/inquiry, in substantially the forms of the Master Ballot attached to the Proposed Order as **Exhibits 2-A** and **2-B** and then return the Master Ballot to the Voting Agent.

15.  The Plan Proponents are authorized to accept duly completed and executed Ballots delivered by regular mail, courier, or delivery services so as to actually be received by the Voting Deadline (*i.e.,* June 17, 2024 at 4:00 p.m. (prevailing Eastern Time)) by the Voting Agent at the following address:  Eletson Holdings Inc., *et al.*, Ballot Processing Center c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, California 90245.

16.     In addition to accepting Ballots via regular mail, courier, or delivery services, or, in the case of Master Ballots and Beneficial Holder Ballots, via electronic mail, the Plan Proponents are authorized to accept Ballots via electronic, online transmission by utilizing the e-ballot platform on the Voting Agent's website.  Except for Holders of Class 3 General Unsecured Claims submitting a Master Ballot or Beneficial Holder Ballot, Holders may cast an electronic Ballot and electronically sign and submit such e-ballot via the e-ballot platform by visiting https://www.kccllc.net/Eletson, clicking on the "Submit E-Ballot" section of the website and following the directions to submit their electronic Ballot.  Holders of Class 3 General Unsecured Claims submitting a Master Ballot or Beneficial Holder Ballot may not submit their Master Ballot or Beneficial Holder Ballot via the e-ballot platform and may submit their Master Ballot or Beneficial Holder Ballot via electronic mail to the Voting Agent.  The encrypted Ballot data and audit trail created by such electronic submission shall become part of the record of any electronic Ballot submitted in this manner, and the Holder's electronic signature will be deemed to be an original signature that is legally valid and effective.  For the avoidance of doubt, electronic submissions of Ballots may only be made via the e-ballot platform.  Ballots submitted by electronic mail (except for Master Ballots and Beneficial Holder Ballots), facsimile or any other means of electronic submission not specifically authorized by the Order shall not be counted.

17.     The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:  (a) any Ballot received after the Voting Deadline, even if postmarked before the Voting Deadline (except as expressly provided herein or in the event that the Voting Deadline is extended by the Plan Proponents);  (b) any Ballot that is properly completed, executed, and timely

returned to the Voting Agent but does not indicate an acceptance or rejection of the Plan; (c) any Ballot that is properly completed, executed, and timely returned to the Voting Agent but indicates both an acceptance and a rejection of the Plan; (d) any paper Ballot that is illegible or contains insufficient information to permit the identification of the Holder; (e) any Ballot not bearing an original signature on the line adjacent to the "Signature:" label in the certification section therein; and (f) any form of Ballot other than the official form sent by the Voting Agent or a copy of the official form. As set forth in the Tabulation Procedures above, the Plan Proponents may but are not required to notify any Holder of a Claim in the Voting Classes submitting a Ballot not in proper form of any such defects and their intent to reject such Ballot if the alleged defects are not remedied. Any disputes regarding the form of any Ballot shall be determined by the Court.

18. The Voting Agent will process and tabulate Ballots for the Voting Classes and, prior to the Confirmation Hearing, will file the voting declaration (the "Voting Declaration") no later than June 19, 2024 (the "Voting Declaration Deadline"). Such Voting Declaration will list, among other things, all instances in which (a) Ballots were withdrawn, (b) votes were changed by the filing of superseding Ballots, (c) the Voting Deadline was extended, and (d) every irregular Ballot including, without limitation, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or necessary information, damaged, or received via facsimile, or any other means not set forth in the Solicitation Procedures. With regard to clause (d) of this paragraph, the Voting Declaration will indicate the Plan Proponents' intentions with regard to such irregular Ballots.

19. In light of the Plan's proposed substantive consolidation of the Debtors' estates solely for purposes of voting, classification, and distribution, the Plan

Proponents are authorized to tabulate Ballots on a consolidated basis; *provided, however*, that the Voting Declaration shall also include an analysis of the voting results on a Debtor-by-Debtor basis in the event it is determined that certain Plan confirmation requirements must be satisfied on a Debtor-by-Debtor basis.[4]

20.     Nothing contained in the Solicitation Procedures or the Tabulation Procedures shall serve as or be deemed a waiver of any parties' right to object to any filed proof of claim.

21.     Any objections to confirmation of the Plan shall:

(a)     be in writing;

(b)     comply with the Bankruptcy Rules, the Local Rules, Chambers' procedures and orders of this Court;

(c)     state the name and address of the objecting party and the nature and amount of the claim against or interest in the estate or property of the Debtor;

(d)     state with particularity the legal and factual basis for such objection;

(e)     be filed with the Clerk of the Court, together with proof of service thereon;  and

(f)     be served by mail, email or hand delivery, so as to be **actually received** no later than 4:00 p.m. (prevailing Eastern Time) on the Objection Deadline (*i.e.*, June 24, 2024) by the following parties (collectively, the "Notice Parties"):

(i)     counsel to the Plan Proponents, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, Attn:  Kyle J. Ortiz, Esq. (kortiz@teamtogut.com) and Bryan M. Kotliar, Esq. (bkotliar@teamtogut.com);

(ii)    the U.S. Trustee, Office of the United States Trustee, Alexander Hamilton Custom House, One Bowling Green, New York, NY 10004, Attn.: Daniel Rudewicz, Esq.

---

[4]     All parties' rights are reserved (including the Plan Proponents) with respect to substantive consolidation in the event that the Plan is not confirmed and/or does not go effective.

(Daniel.Rudewicz@usdoj.gov);

  (iii)  counsel to the Creditors' Committee, Dechert LLP, 1095 Avenue of Americas, New York, NY 10036, Attn: David Herman, Esq. (david.herman@dechert.com) and Stephen Zide, Esq. (stephen.zide@dechert.com); and

  (iv)  any other party which has filed a request for notice in these Chapter 11 Cases.

22. Unless an objection to the Plan is timely filed and served pursuant to the above procedures, such objection may not be considered by the Court and will be deemed overruled.

23. Any replies or an omnibus reply filed by the Plan Proponents or any other party in interest to any filed objections to confirmation of the Plan shall be filed by the Reply Deadline (*i.e.*, July 1, 2024 at 4:00 p.m. (prevailing Eastern Time)).

24. The notice procedures set forth in this Order for objecting to confirmation of the Plan constitute good and sufficient notice and are hereby approved. No other or further notice shall be necessary or be required.

**II.** **Miscellaneous Relief**

25. The Plan Proponents are authorized to make non-substantive changes to the Solicitation Packages (including the Plan, Disclosure Statement, and Ballots), the Confirmation Hearing Notice, the procedures contained herein, and all Plan or Disclosure Statement-related documents, without further order of the Court, including, without limitation, filling in any missing dates or other missing information, changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Plan, any other materials in the Solicitation Package prior to distribution of such materials.

26.     The Plan Proponents are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

27.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:   New York, New York
         _____, 2024

                                    _____
                                    HONORABLE JOHN P. MASTANDO III,
                                    UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT "1"

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Kyle J. Ortiz
Bryan M. Kotliar
Martha E. Martir
Amanda C. Glaubach

*Counsel for Pach Shemen LLC, VR Global Partners, L.P., Alpine Partners (BVI), L.P., Gene B. Goldstein, Gene B. Goldstein, In His Capacity as Trustee of the Gene B. Goldstein and Francine T. Goldstein Family Trust, Mark Millet, In His Capacity as Trustee of the Mark E. Millet Living Trust, Mark Millet, In His Capacity as Trustee of the Millet 2016 Irrevocable Trust, Robert Latter, Tracy Lee Gustafson, Jason Chamness, and Ron Pike* (collectively, the "*Petitioning Creditors*")

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
                                          :
In re:                                    :      Chapter 11
                                          :
ELETSON HOLDINGS INC., et al.,            :      Case No. 23-10322 (JPM)
                                          :
                                          :      (Jointly Administered)
                      Debtors.[1]         :
                                          :
------------------------------------------------------------x
```

## NOTICE OF HEARING TO CONSIDER CONFIRMATION OF THE PETITIONING CREDITORS' JOINT CHAPTER 11 PLAN OF REORGANIZATION OF ELETSON HOLDINGS INC. AND ITS AFFILIATED DEBTORS AND RELATED VOTING AND OBJECTION DEADLINES

## I.     PLAN CONFIRMATION DEADLINES

### A.     The Plan and Disclosure Statement

On [●], 2024 the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") entered an order [Docket No. [●]] (the "<u>Disclosure Statement Order</u>")[2] (a) approving the *Disclosure Statement in Support of Petitioning Creditors' Joint Chapter 11 Plan of Reorganization of Eletson Holdings Inc. and its Affiliated Debtors* [Docket No. [●]] (as it may be amended, modified, and/or supplemented from time to time,

---

[1]     The Debtors in these cases are: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC. The address of the Debtors' corporate headquarters is 118 Kolokotroni Street, GR 185 35 Piraeus, Greece. The Debtors' mailing address is c/o Eletson Maritime, Inc., 1 Landmark Square, Suite 424, Stamford, Connecticut 06901.

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Disclosure Statement Order.

the "Disclosure Statement"), (b) authorizing the Petitioning Creditors to solicit votes with respect to the acceptance or rejection of the *Petitioning Creditors' Joint Chapter 11 Plan of Reorganization of Eletson Holdings Inc. and its Affiliated Debtors* [Docket No. [●]] (as it may be amended, modified, and/or supplemented from time to time, the "Plan"), (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages") for Holders of Claims entitled to vote on the Plan, (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan, and € procedures for providing notice to Holders of Claims in the Non-Voting Classes.

The Petitioning Creditors intend to file the documents and exhibits comprising the Plan Supplement on or before **[●], 2024** and will include a notice that informs parties how they may obtain copies of the Plan Supplement.

## B. The Confirmation Hearing

The hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will take place [virtually via Zoom][3] commencing on **[●], 2024 at [●] [●].m. (prevailing Eastern Time**), or such other time that the Court determines, before the Honorable John P. Mastando III, in the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, NY 10004-1408. Those wishing to participate in the Hearing in person may appear before the Court. For those wishing to participate remotely, in accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government. Parties wishing to appear at the Confirmation Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance (an "eCourtAppearance") through the Court's website at https://ecf.nysb.uscourts.gov/cgibin/nysbAppearances.pl. Electronic appearances (eCourtAppearances) need to be made by **[●] (prevailing Eastern Time) the business day before the Hearing (*i.e.*, on [●], 2024)**.

*Please be advised that the Confirmation Hearing may be adjourned or continued from time to time by the Court or the Plan Proponents without further notice other than an announcement in open court or as indicated in any notice or hearing agenda that is filed with the Court.*

## C. Critical Information Regarding Voting on the Plan

The voting record date is **[●], 2024 (the "Voting Record Date")**, which is the date for determining which Holders of Claims in Class 3 (General Unsecured Claims), Class 4 (Convenience Claims), Class 5 (Azure Guaranty Claims) and Class 6 (Corp. Guaranty Claims) (the "Voting Classes") are entitled to vote on the Plan.

The deadline for voting on the Plan is **[●], 2024 at [●] (prevailing Eastern Time) (the "Voting Deadline")**. If you are a Holder of a Claim in one of the Voting Classes, you will receive a Solicitation Package, including a Ballot. If you received a

---

[3]     [Subject to Court's confirmation]

Solicitation Package and intend to vote on the Plan you **must**: (a) follow the instructions on your Ballot and the Disclosure Statement Order carefully; (b) complete **all** of the required information on the Ballot; and (c) execute and return your completed Ballot according to and as set forth in the instructions set forth therein and the Disclosure Statement Order so that it is **actually received** by Kurtzman Carson Consultants LLC (the "Voting Agent") on or before the Voting Deadline. **A failure to follow such instructions may disqualify your vote**.

### D. Critical Information Regarding Objecting to the Plan

The deadline for filing objections to the Plan is **[●], 2024 at [●] (prevailing Eastern Time) (the "Objection Deadline")**. All objections to the relief sought at the Confirmation Hearing **must**: (a) be in writing; (b) comply with the Bankruptcy Rules, the Local Rules, Chambers' procedures and orders of this Court; (c) state the name and address of the objecting party and the nature and amount of the claim against or interest in the estate or property of the Debtor; (d) state, with particularity, the legal and factual basis for the such objection; (e) be filed with the Clerk of the Court, together with proof of service; and (f) be served, by mail, email or hand delivery, upon the following parties (collectively, the "Notice Parties") so as to be **actually received** on or before the Objection Deadline.

(i)     counsel to the Plan Proponents, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Kyle J. Ortiz, Esq. (kortiz@teamtogut.com) and Bryan M. Kotliar, Esq. (bkotliar@teamtogut.com);

(ii)    the U.S. Trustee, Office of the United States Trustee, Alexander Hamilton Custom House, One Bowling Green, New York, NY 10004, Attn.: Daniel Rudewicz, Esq. (Daniel.Rudewicz@usdoj.gov);

(iii)   counsel to the Creditors' Committee, Dechert LLP, 1095 Avenue of Americas, New York, NY 10036, Attn: David Herman, Esq. (david.herman@dechert.com) and Stephen Zide, Esq. (stephen.zide@dechert.com); and

(iv)    any other party which has filed a request for notice in these Chapter 11 Cases.

---

**ONLY THOSE RESPONSES OR OBJECTIONS THAT ARE TIMELY FILED AND RECEIVED WILL BE CONSIDERED BY THE COURT. OBJECTIONS NOT TIMELY FILED AND SERVED IN THE MANNER SET FORTH ABOVE WILL NOT BE CONSDIERED AND WILL BE DEEMED OVERRULED.**

---

E. **Important Information Regarding Exculpation and Injunction Provisions**

THE PLAN CONTAINS A SERIES OF EXCULPATION AND INJUNCTION PROVISIONS. IN THAT RESPECT, PARTIES SHOULD BE AWARE THAT, IF THE PLAN IS CONFIRMED AND IF THE EFFECTIVE DATE OCCURS, CERTAIN PARTIES WILL BE GETTING THE BENEFITS OF THE EXCULPATION AND INJUNCTION PROVISIONS AND CERTAIN PARTIES WILL BE BOUND BY THE EXCULPATION AND INJUNCTION PROVISIONS, EACH AS SET FORTH IN SECTIONS 10.4, AND 10.5 OF THE PLAN AND PART G OF THE DISCLOSURE STATEMENT.

THE PLAN CONTAINS THE FOLLOWING PROVISIONS WITH RESPECT THERETO:

(a) **Defined Terms.** As used in the Plan, capitalized terms have the meanings set forth below.

(i) *Exculpated Parties* means, in its capacity as such, (a) the Plan Proponents, (b) the Committee and all members thereto, and (c) with respect to each of the foregoing Entities and Persons in the foregoing clauses (a) through (b), each of their Related Parties.

(ii) *Related Parties* means, subject to any exclusions expressly set forth in the Plan, (a) any Entity or Person; (b) such Entity's or Person's predecessors, predecessors in interest, successors and assigns, parents, owners, subsidiaries, affiliates, affiliated investment funds or investment vehicles, managed or advised accounts, funds, or other entities, and investment advisors, sub-advisors, or managers; (c) with respect to each of the foregoing in clauses (a) and (b), such Entity's or Person's respective current and former officers, directors, principals, equity holders (regardless of whether such interests are held directly or indirectly, and any fund managers, fiduciaries, or other agents with any involvement related to the Debtors), members, partners, employees, agents, sub-agents, trustees, advisory board members, financial advisors, attorneys, accountants, actuaries, managers, investment managers, investment bankers, consultants, representatives, management companies, fund advisors and other professionals; and (d) with respect to each of the foregoing in clauses (a)–(c), such Entity's or Person's respective heirs, executors, estates, servants, and nominees.

(b) **Discharge of the Debtors**. Pursuant to and to the fullest extent permitted by the Bankruptcy Code, except as otherwise specifically provided in this Plan or the Confirmation Order, the treatment of Claims and Interests under this Plan shall be in full and final satisfaction, compromise, settlement, release, discharge and termination, as of the Effective Date, of all Claims of any nature whatsoever, whether known or unknown, against, and Interests in, the Debtors, any property of the Estates, or any property of Reorganized Holdings, including all Claims of the kind specified in section 502(g), 502(h)

or 502(i) of the Bankruptcy Code, in each case whether or not: (a) a Proof of Claim or Interest based upon such Claim, debt, right, or Interest is filed or deemed filed pursuant to section 501 of the Bankruptcy Code, (b) a Claim or Interest based upon such Claim, liability, obligation or Interest is Allowed pursuant to section 502 of the Bankruptcy Code, or (c) the Holder of such a Claim, liability, obligation or Interest has voted to accept this Plan. Except as otherwise provided herein, any default or "event of default" by the Debtors with respect to any Claim or Interest that existed immediately prior to or on account of the filing of these Chapter 11 Cases shall be deemed cured (and no longer continuing) as of the Effective Date.

(c)     **Injunction**. Except as otherwise specifically provided in this Plan or the Confirmation Order, all Persons or Entities who have held, hold or may hold (a) Claims or Interests that arose prior to the Effective Date, (b) Causes of Action that are subject to exculpation pursuant to Section **Error! Reference source not found.** of the Plan (but only to the extent of the exculpation provided in Section **Error! Reference source not found.** of the Plan), or (c) Claims, Interests or Causes of Action that are otherwise discharged, satisfied, stayed or terminated pursuant to the terms of the Plan and all other parties-in-interest seeking to enforce such Claims, Interests or Causes of Action are permanently enjoined, from and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim (including a Subordinated Claim) against or Interest in the Debtors or Reorganized Holdings, or property of any Debtors or Reorganized Holdings, other than to enforce any right to a distribution pursuant to this Plan, (ii) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against the Debtors or Reorganized Holdings or property of any Debtors or Reorganized Holdings with respect to any such Claim or Interest, other than to enforce any right to a distribution pursuant to the Plan, (iii) creating, perfecting or enforcing any Lien or encumbrance of any kind against the Debtors or Reorganized Holdings, or against the property or interests in property of the Debtors or Reorganized Holdings with respect to any such Claim or Interest, other than to enforce any right to a distribution pursuant to this Plan, or (iv) asserting any right of setoff (except for setoffs validly exercised prepetition) or subrogation of any kind against any obligation due from the Debtors or Reorganized Holdings, or against the property or interests in property of the Debtors or Reorganized Holdings, with respect to any such Claim or Interest. Such injunction shall extend to any successors or assignees of the Debtors or Reorganized Holdings and its respective properties and interests in properties.

(d)     **Exculpation.** Effective as of the Effective Date, to the extent permitted under section 1125(e) of the Bankruptcy Code, and except as otherwise specifically provided in this Plan, no Exculpated Party shall have or incur liability for, and each Exculpated Party is exculpated from any Cause of Action related to any act or omission taking place between the Petition Date and the Effective Date, in connection with, relating to, or arising out of, the Chapter 11 Cases, the filing of the Involuntary Petitions, the formulation, preparation,

dissemination, negotiation, or filing of the Plan, the Disclosure Statement, the Plan Supplement, the Rights Offering Procedures, or any transaction under the Plan, contract, instrument, or document or transaction approved by the Bankruptcy Court in these Chapter 11 Cases, except for (a) any Cause of Action related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted fraud, willful misconduct, or gross negligence of such Person, and (b) any Cause of Action related to any liability of professionals to their clients pursuant to N.Y. Comp. Codes R. & Regs. tit. 22 § 1200.8 Rule 1.8(h)(1).

F.    **Additional Information**

The information described herein and the materials included in the Solicitation Package are intended to be self-explanatory. If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials if you received the materials in electronic format), please feel free to contact the Voting Agent (a) in writing at Eletson Holdings Inc., *et al.*, Ballot Processing Center c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, California 90245, (b) via email at https://www.kccllc.net/Eletson/inquiry, or (c) by telephone at 888-647-1737 (Domestic) or 310-751-2624 (International): **Please be advised that the Voting Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may <u>not</u> advise you whether you should vote to accept or reject the Plan.**

An electronic copy of the Disclosure Statement and the Plan (and all of the exhibits thereto) may be obtained free of charge by visiting the Case Website https://www.kccllc.net/Eletson. In addition, copies of the Disclosure Statement and Plan are on file with the Office of the Clerk of the Court (One Bowling Green, New York, NY 10004-1408) for review during normal business hours. Parties may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.nysb.uscourts.gov. Note that a PACER password and login are needed to access documents on the Bankruptcy Court's website. A PACER password can be obtained at: www.pacer.psc.uscourts.gov.

---

**BINDING NATURE OF THE PLAN**

**IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND ALL OTHER PARTIES TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH PARTY WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM IN THESE CHAPTER 11 CASES, OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTED TO REJECT THE PLAN.**

---

Dated: April [ ], 2024
New York, New York

Respectfully submitted,

TOGUT, SEGAL & SEGAL LLP

_/s/ DRAFT_
Kyle J. Ortiz
Bryan M. Kotliar
Martha E. Martir
Amanda C. Glaubach
One Penn Plaza
New York, New York 10119
(212) 594-5000
Email:  kortiz@teamtogut.com
         bkotliar@teamtogut.com
         aglaubach@teamtogut.com
         mmartir@teamtogut.com

_Counsel for the Petitioning Creditors_

# EXHIBIT "2"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                    :

In re:                          :         Chapter 11

                                    :

ELETSON HOLDINGS INC., et al.,    :         Case No. 23-10322 (JPM)

                                    :

                                    :         (Jointly Administered)

                        Debtors.[1]    :

                                    :
---------------------------------------------------------------x

## BALLOT FOR ACCEPTING OR REJECTING PETITIONING CREDITORS' JOINT CHAPTER 11 PLAN OF REORGANIZATION OF ELETSON HOLDINGS INC. AND ITS AFFILIATED DEBTORS

**Ballot for Class 3 - General Unsecured Claims**
**(Other than on account of the Old Notes or the 2022 Notes)**

PLEASE READ AND FOLLOW
THE ENCLOSED INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED TO THE VOTING AGENT PRIOR TO [●] [●].M. (PREVAILING EASTERN TIME) ON [●], 2024 (THE "<u>VOTING DEADLINE</u>").**

On March 7, 2023 (the "<u>Petition Date</u>"), Pach Shemen LLC ("<u>Pach Shemen</u>"), VR Global Partners, L.P. ("<u>VR Global</u>"), and Alpine Partners (BVI) L.P (collectively, the "<u>Initial Petitioning Creditors</u>") commenced chapter 7 cases against Eletson Holdings Inc. ("<u>Eletson Holdings</u>"), Eletson Finance (US) LLC ("<u>Eletson Finance</u>") and Agathonissos Finance LLC ("<u>Eletson MI</u>" and, together with Eletson Holdings and Eletson Finance, the "<u>Debtors</u>") by filing involuntary petitions (the "<u>Involuntary Petitions</u>") pursuant to section 303 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>" or the "<u>Court</u>"). The Involuntary Petitions were later joined by, among others, Gene Goldstein, Gene Goldstein in his capacity as Trustee of the Gene B. Goldstein and Francine T. Goldstein Family Trust (the "<u>Goldstein Family Trust</u>"), Tracy Gustafson, Jason Chamness, Ron Pike, Mark Millet, in his capacity as Trustee of the Millet 2016 Irrevocable Trust (the "<u>Millet 2016 Trust</u>"), Mark Millet, in his capacity as Trustee of the Mark E. Millet Living Trust (the "<u>Millet Living Trust</u>"), and Robert Latter (collectively, the "<u>Joining Creditors</u>" and, together with the Initial Petitioning Creditors, the "<u>Petitioning Creditors</u>" or the "<u>Plan Proponents</u>"). The Involuntary Petition were also joined by New Agathonissos Finance ("<u>NAF</u>") and Wilmington Savings Fund Society, FSB, the trustee and collateral agent for the First Preferred Ship Mortgage Notes due January 15, 2022. *See* Docket Nos. 92 and 102.

By order of the Bankruptcy Court, on September 25, 2023 (the "<u>Conversion Date</u>"), the Debtors' cases were voluntarily converted, at the Debtors' request, to cases under chapter 11 of the Bankruptcy Code (these "<u>Chapter 11 Cases</u>").

The Petitioning Creditors are soliciting votes regarding the *Petitioning Creditors' Joint Chapter 11 Plan of Reorganization of Eletson Holdings Inc. and its Affiliated Debtors* [Docket No. [●]] (as it may be

---

[1]    The Debtors in these cases are: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC. The address of the Debtors' corporate headquarters is 118 Kolokotroni Street, GR 185 35 Piraeus, Greece. The Debtors' mailing address is c/o Eletson Maritime, Inc., 1 Landmark Square, Suite 424, Stamford, Connecticut 06901.

amended, modified, and/or supplemented from time to time, the "Plan"), as set forth in the *Disclosure Statement in Support of Petitioning Creditors' Joint Chapter 11 Plan of Reorganization of Eletson Holdings Inc. and its Affiliated Debtors* [Docket No. [●]] (as it may be amended, modified, and/or supplemented from time to time, the "Disclosure Statement"). Pursuant to the *Order (I) Approving Certain Key Dates Relating to Confirmation of the Petitioning Creditors' Plan, Including Scheduling a Hearing to Consider Approval of Petitioning Creditors' Plan; (II) Approving the Form and Manner of the Confirmation Hearing Notice; (III) Approving Petitioning Creditors' Disclosure Statement and Notice Thereof; (IV) Approving (A) Procedures for Solicitation; (B) Forms of Ballots; (C) Procedures for Tabulation of Votes; and (D) Procedures for Objections; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* [Docket No. [●]] (the "Disclosure Statement Order") entered on [_____] [__], 2024, the Bankruptcy Court has (a) found that the Disclosure Statement contains "adequate information" as set forth in section 1125 of the Bankruptcy Code and approved the Disclosure Statement, (b) authorized the Petitioning Creditors to solicit votes with respect to the acceptance or rejection of the Plan, (c) approved the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages") for Holders of Claims entitled to vote on the Plan, (d) approved the procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan, and (e) approved procedures for providing notice to Holders of Claims in the Non-Voting Classes.[2]

You are receiving this Ballot because as of [●], 2024 (the "Voting Record Date"), you may be a Holder of General Unsecured Claims under the Plan. Accordingly, you have a right to:

(1) vote to accept or reject the Plan,

(2) if your General Unsecured Claim is in an amount greater than $200,000, you may make an irrevocable election to have your General Unsecured Claim reduced to $200,000.00 and treated as a Convenience Claim under the Plan (the "Convenience Class Election") (as described in further detail below and in the Plan); and

(3)(i) elect to, (A) if you are an Eligible Holder, receive the Pro Rata Share, as between the Eligible Holders of Equity / Cash Option Claims, of the Reorganized Equity, subject to dilution on account of the Reorganized Equity issued on account of the Rights Offering, the Backstop Premium, and the EIP (the "GUC Equity Election"), or (B) receive the Pro Rata Share, among Equity/Cash Option Claims, of the GUC Cash Pool (the "GUC Cash Election") (as described in further detail below and in the Plan); *provided*, for the avoidance of doubt, the Pro Rata Share for the GUC Cash Pool shall be calculated based on the aggregate amount of all Allowed Equity / Cash Option Claims whether or not Holders of such Claims make the GUC Cash Election.

For the avoidance of doubt, you may only select one of either (a) the Convenience Class Election, or (b)(i) the GUC Cash Election or (ii) if you are an Eligible Holder, the GUC Equity Election, and, in the case of (b)(i) and (b)(ii), if you are an Eligible Holder, you may also elect to exercise your Rights Offering Subscription Rights (the "Rights Offering Election").

Please Note: You will receive separate forms regarding the Rights Offering Election and how to subscribe for the Rights Offering if you are eligible to do so.

If you do not submit a Ballot or submit a Ballot but fail to affirmatively elect the GUC Equity Election, you will be deemed to have elected the GUC Cash Election. If you submit a Ballot electing both the GUC Equity Election and the GUC Cash Election, you will be deemed to have elected the GUC Cash Election.

Your rights are described in the Plan and accompanying Disclosure Statement. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim(s). The Disclosure

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

Statement and the Plan can be accessed via contacting the Voting Agent (a) in writing to the following address: [●] (b) by calling [●] or (c) via email at [●]. **Please be advised that the Voting Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may <u>not</u> advise you whether you should vote to accept or reject the Plan**

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Plan Proponents' counsel <u>immediately</u> at (212) 594-5000.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification of your Claim. Your Claim is entitled to the treatment afforded to the Class 3 General Unsecured Claims under the Plan.

To ensure that your vote is counted, you must: (a) complete this Ballot; (b) clearly indicate your decision either to accept or reject the Plan in the appropriate box below; and (c) sign and return this Ballot using the method set forth below so that it is received by the Voting Deadline, which is [●] [●].m. (prevailing Eastern Time) on [●], 2024. If the Court confirms the Plan, you will be bound by the Plan regardless of whether you vote.

**You may access the e-ballot platform on the case website maintained by the Voting Agent at https://www.kccllc.net/Eletson. Click on the "Submit E-Ballot" link and follow the directions to submit your electronic ballot. Holders are encouraged to submit their Ballot via the e-ballot platform. If you choose to submit your Ballot via the e-ballot platform you should NOT submit your hard copy Ballot as well. Please choose only one form of return of your Ballot.**

<u>Item 1</u>. **Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of General Unsecured Claims against the following Debtors in the following aggregate unpaid principal amount (insert amount in box below):

> Class: 3
> Debtor(s): (see chart below)
> Aggregate Claim Amount: $_____

| Class | Debtors |
|---|---|
| 3 | <u>Debtor</u><br>Eletson Holdings Inc.<br>Eletson Finance (US) LLC<br>Agathonissos Finance LLC |

<u>Item 2</u>. **Vote on Plan.**

The Holder of General Unsecured Claims against the Debtors set forth in <u>Item 1</u> votes to (please check one):

| | |
|---|---|
| □ **ACCEPT** (vote FOR) the Plan | □ **REJECT** (vote AGAINST) the Plan |

Any Ballot that is executed by the Holder of a Claim that is not marked to accept or reject the Plan or is marked both to accept and reject the Plan will not be counted.

**Item 3.** **Treatment of General Unsecured Claim.**

The Plan provides that Holders of Allowed General Unsecured Claims have the option, at their election, to receive equity or cash under the Plan on account of such claim. Please read the following parts (A) and (B) below and select only <u>one</u>.

**Item 3(A).** **GUC Equity Election.**

Pursuant to Section 3.3(c)(iii)(1)(A) of the Plan, Eligible Holders of General Unsecured Claims may make the GUC Equity Election and receive the Pro Rata Share, as between Eligible Holders of the Equity / Cash Option Claims, of the Reorganized Equity, subject to dilution on account of the Reorganized Equity issued on account of the Rights Offering, the Backstop Premium, and the EIP. For the avoidance of doubt, any non-Eligible Holder of an Allowed General Unsecured Claim, shall automatically receive the GUC Cash Election specified in Section 3.3(c)(iii)(1)(B) of the Plan (unless, pursuant to Section 3.3(d) of the Plan, such Holder irrevocably elects the Convenience Class Election); *provided*, *further*, if an Eligible Holder of an Allowed General Unsecured Claim does not submit a Ballot, *or* submits a Ballot but fails to affirmatively elect the GUC Equity Election, *or* elects both the GUC Equity Election and the GUC Cash Election, such Eligible Holder shall be deemed to have elected the GUC Cash Election with respect to its Allowed General Unsecured Claim.

By checking the box below, if the undersigned is an Eligible Holder of a General Unsecured Claim and chooses to accept the Plan, the undersigned may make the GUC Equity Election, thereby electing to receive the Pro Rata Share, as between Eligible Holders of the Equity / Cash Option Claims, of the Reorganized Equity, subject to dilution on account of the Reorganized Equity issued on account of the Rights Offering, the Backstop Premium, and the EIP.

> ☐ The undersigned elects to **opt-in** to the GUC Equity Election and receive the Pro Rata Share, as between Eligible Holders of the Equity / Cash Option Claims, of the Reorganized Equity, subject to dilution on account of the Reorganized Equity issued on account of the Rights Offering, the Backstop Premium, and the EIP, pursuant to Section 3.3(c)(iii)(1)(A) of the Plan.

**Item 3(B).** **GUC Cash Election.**

Pursuant to Section 3.3(c)(iii)(1)(B) of the Plan, Holders of General Unsecured Claims may make the GUC Cash Election and receive the Pro Rata Share, as between the Equity / Cash Option Claims, of the GUC Cash Pool; *provided*, for the avoidance of doubt, the Pro Rata Share calculation in this <u>Item 3(B)</u> shall be calculated based on the aggregate amount of all Allowed Equity / Cash Option Claims whether or not Holders of such Claims receive the treatment in this <u>Item 3(B)</u>. For the avoidance of doubt, any non-Eligible Holder of an Allowed General Unsecured Claim, shall automatically receive the GUC Cash Election specified in Section 3.3(c)(iii)(1)(B) of the Plan (unless, pursuant to Section 3.3(d) of the Plan, such Holder irrevocably elects the Convenience Class Election); *provided*, *further*, if an Eligible Holder of an Allowed General Unsecured Claim does not submit a Ballot, *or* submits a Ballot but fails to affirmatively elect the GUC Equity Election, *or* elects both the GUC Equity Election and the GUC Cash Election, such Eligible Holder shall be deemed to have elected the GUC Cash Election with respect to its Allowed General Unsecured Claim.

By checking the box below, if the undersigned is a Holder of a General Unsecured Claim that chooses to accept the Plan, the undersigned may make the GUC Cash Election, thereby electing to receive the Pro Rata Share, as between the Equity / Cash Option Claims, of the GUC Cash Pool; *provided*, for the

avoidance of doubt, the Pro Rata Share for the GUC Cash Pool shall be calculated based on the aggregate amount of all Allowed Equity / Cash Option Claims whether or not Holders of such Claims make the GUC Cash Election.

> ☐ The undersigned elects to **opt-in** to the GUC Cash Election and receive the Pro Rata Share, as between the Equity / Cash Option Claims, of the GUC Cash Pool.

**Item 4.** **OPTIONAL** Convenience Class Election for General Unsecured Claims *greater than $200,000.*

By checking the box below, the undersigned *__may irrevocably elect to reduce__* your Allowed General Unsecured Claim to an amount equal to $200,000 (to the extent your Allowed Class 3 General Unsecured Claim exceeds $200,000) and thereby receive payment in Cash in an amount equal to ten percent (10%) of $200,000, in full satisfaction of such Claim; *provided that*, if the aggregate distributions to Holders of Allowed Convenience Claims exceeds $1,000,000 (the "Convenience Claim Cap"), then Holders of such Claims shall receive their Pro Rata Share of the Convenience Claim Cap in Cash. By checking the box below and making the irrevocable Convenience Class Election, the undersigned will be deemed to have accepted the Plan. If the undersigned fails to check the box below, the undersigned will be deemed to have rejected the Convenience Class Election.

> ☐ The undersigned elects to **opt-in** to the Convenience Class Election and reduce its Class 3 General Unsecured Claim that is greater than $200,000 to a Claim of $200,000 to be treated as a Convenience Claim pursuant to Section 3.3(d) of the Plan.

**Item 5.** Certifications.

By signing this Ballot, the undersigned certifies to the Court and the Plan Proponents that:

(a)     either: (i) the Entity is the Holder of the General Unsecured Claims being voted, or (ii) the Entity is an authorized signatory for an Entity that is a Holder of the General Unsecured Claims being voted;

(b)     the Entity has received a copy of the Disclosure Statement and has received a copy of the Solicitation Package, and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein; and

(c)     no other Ballots with respect to the amount of the General Unsecured Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier Ballots are hereby revoked.

Name of Holder: _____
                            (Print or Type)

Social Security (Last 4 Digits)
or Federal Tax Identification Number: _____

Signature: _____

Name of Signatory: _____
                            (If Other Than Holder)

Title: _____

Address: _____

_____

_____

Email: _____

Date Completed: _____

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND
RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED (OR OTHERWISE IN ACCORDANCE
WITH THE SOLICITATION PROCEDURES) VIA REGULAR MAIL, COURIER OR DELIVERY
SERVICES TO:**

Eletson Holdings Inc., *et al.*, Ballot Processing
Center c/o KCC, 222 N. Pacific Coast Highway,
Suite 300, El Segundo, California 90245

Email: https://www.kccllc.net/Eletson/inquiry
Telephone: 888-647-1737 (Domestic) or 310-751-
2624 (International)

**<u>OR</u>**

**<u>ELECTRONICALLY VIA THE VOTING AGENT'S E-BALLOT PLATFORM
HTTPS://WWW.KCCLLC.NET/ELETSON</u>**

By electronic, online submission:

> Please visit https://www.kccllc.net/Eletson. Click on the "Submit E-Ballot Form" section of the Case Website and follow the directions to submit your electronic Ballot. If you choose to submit your Ballot via the Voting Agent's e-ballot system, you should not also return a hard copy of your Ballot.

> IMPORTANT NOTE: You will need the following information to retrieve and submit your customized Ballot:

> Unique E-Ballot ID#: _____

> PIN#: _____

> "E-Balloting" is the sole manner in which this Ballot will be accepted via electronic or online transmission. Ballots submitted by facsimile or email will not be counted. Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.

**PLEASE ALLOW SUFFICIENT TIME FOR THE VOTING AGENT TO RECEIVE THIS BALLOT PRIOR TO VOTING DEADLINE ON [●], 2024 [●] AT [●].M. PREVAILING EASTERN TIME.**

**INSTRUCTIONS FOR COMPLETING THIS BALLOT**

1.   The Plan Proponents are soliciting the votes of Holders of Class 3 General Unsecured Claims with respect to the Plan.   Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order as applicable.

**PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**PLEASE ALLOW SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THE BALLOT.**

2.   **The Court may confirm the Plan and thereby bind you to the terms of the Plan, if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in each Impaired Class of Claims entitled to vote on the Plan.   In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if it finds that the Plan accords fair and equitable treatment to the Class or Classes that have rejected the Plan and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.   Please review the Disclosure Statement for more information.**

3.   To ensure that your vote is counted, you must:  (a) complete the Ballot;  (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) sign and return the Ballot so that it is actually received by the Voting Agent prior to the Voting Deadline at:

> Eletson Holdings Inc., *et al.*, Ballot Processing Center c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, California 90245
>
> Email: https://www.kccllc.net/Eletson/inquiry
> Telephone: 888-647-1737 (Domestic) or 310-751-2624 (International)

4.   If a Ballot or the information requested therein is received after the Voting Deadline, and if the Voting Deadline is not extended, it will not be counted unless otherwise determined by the Plan Proponents and approved by the Court.   Additionally, the following Ballots **will NOT be counted:**

- any Ballot (or group of Ballots with respect to Claims in a class received from a single creditor) that partially rejects and partially accepts the Plan;

- any Ballot received after the Voting Deadline, even if postmarked before the Voting Deadline (except as expressly provided herein or in the event that the Voting Deadline is extended by the Plan Proponents);

- any Ballot sent by facsimile, e-mail, or any other electronic means;

- any Ballot sent to the Plan Proponents, the Plan Proponents' agents, or the Plan Proponents' legal advisors;

- any Ballot that is properly completed, executed, and timely returned to the Voting Agent but does not indicate an acceptance or rejection of the Plan;

- any Ballot that is properly completed, executed, and timely returned to the Voting Agent but indicates both an acceptance and a rejection of the Plan;

- any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the General Unsecured Claim;

- any Ballot not bearing an original signature on the line adjacent to the "Signature:" label in the certification section therein;

- any form of a Ballot other than the official form sent by the Voting Agent or a copy of the official form;

- Any vote included on any Ballot cast by an Entity that does not hold the General Unsecured Claims; and

- any Ballot submitted by any Entity not entitled to vote pursuant to the Solicitation Procedures.

5. If multiple Ballots are received from the Holder of a Claim in respect to the same Claim prior to the Voting Deadline, the last valid executed Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot.

6. You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote.

7. If you are a Holder of a Class 3 Allowed General Unsecured Claim that is greater than $200,000 and you wish to make the optional Convenience Class Election, please check the box in Item 4. Please note that failure to check the box in Item 4 will be deemed as having declined the Convenience Class Election. For the avoidance of doubt, a Holder electing Item 4 will be deemed as having declined Item 3(A) and Item 3(B) and as having rejected the Rights Offering.

8. If you are an Eligible Holder of a Class 3 Allowed General Unsecured Claim and you wish to make the GUC Equity Election, please check the box in Item 3(A). Please note that failure to check a box in Item 4 and Item 3(A) will be deemed as having elected Item 3(B). For the avoidance of doubt, an Eligible Holder electing Item 3(A) may, in addition, elect to participate in the Rights Offering.

9. If you are a Holder of a Class 3 Allowed General Unsecured Claim and you wish to make the optional GUC Cash Election, please check the box in Item 3(B). Please note that failure to check a box in Item 3(A), Item 3(B), and Item 4 will be deemed as having elected Item 3(B). For the avoidance of doubt, an Eligible Holder electing Item 3(B) may, in addition, elect to participate in the Rights Offering.

10. If you are an Eligible Holder of an Allowed General Unsecured Claim but do not submit a Ballot, *or* submit a Ballot but fail to affirmatively elect the GUC Equity Election, *or* elect both the GUC Equity Election and the GUC Cash Election, you will be deemed to have elected the GUC Cash Election with respect to your Allowed General Unsecured Claim.

11. You may only select one of the optional elections in Item 3(A), Item 3(B), and Item 4. For the avoidance of doubt, any non-Eligible Holder of an Allowed General Unsecured Claim, shall automatically receive the GUC Cash Election specified in Section 3.3(c)(iii)(1)(B) of the Plan (unless, pursuant to Section 3.3(d) of the Plan, such Holder irrevocably elects the Convenience Class Election); *provided, further*, if an Eligible Holder of an Allowed General

Unsecured Claim does not submit a Ballot or submits a Ballot but fails to affirmatively elect the GUC Equity Election, such Eligible Holder shall be deemed to have elected the GUC Cash Election with respect to its Allowed General Unsecured Claim.

12.    The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, Holder of Claims should not surrender certificates or instruments representing or evidencing their Claims, and the Voting Agent will not accept delivery of any such certificates or instruments surrendered.

13.    This Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

14.    <u>Please be sure to sign and date your Ballot.</u> If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Plan Proponents or the Court, must submit proper evidence to the requesting party of your authority to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

15.    If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class. Each Ballot votes only your Claims indicated on that ballot, so please complete and return each Ballot you received.

16.    After the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Plan Proponents and approval of the Court.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT,
THESE BALLOT INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL
THE VOTING AGENT AT: 888-647-1737 (DOMESTIC) OR 310-751-2624 (INTERNATIONAL)
OR VIA EMAIL AT HTTPS://WWW.KCCLLC.NET/ELETSON/INQUIRY .**

**PLEASE NOTE THAT THE VOTING AGENT IS NOT AUTHORIZED
TO PROVIDE, AND WILL NOT PROVIDE, LEGAL OR FINANCIAL ADVICE.**

> **IF THE VOTING AGENT DOES NOT <u>ACTUALLY RECEIVE</u> YOUR VOTE PRIOR TO THE VOTING DEADLINE, WHICH IS [●] [●].M. PREVAILING EASTERN TIME ON [●], 2024, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE WILL NOT BE COUNTED.**

# EXHIBIT "2-A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                          :
In re:                                    :        Chapter 11
                                          :
ELETSON HOLDINGS INC., et al.,            :        Case No. 23-10322 (JPM)
                                          :
                                          :        (Jointly Administered)
                          Debtors.[1]     :
                                          :
-------------------------------------------------------------x

## MASTER BALLOT FOR ACCEPTING OR REJECTING PETITIONING CREDITORS' JOINT CHAPTER 11 PLAN OF REORGANIZATION OF ELETSON HOLDINGS INC. AND ITS AFFILIATED DEBTORS

### Master Ballot for Class 3 - General Unsecured Claims

PLEASE READ AND FOLLOW
THE ENCLOSED INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.

**THIS MASTER BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED TO THE VOTING AGENT PRIOR TO [●] [●].M. (PREVAILING EASTERN TIME) ON [●], 2024 (THE "<u>VOTING DEADLINE</u>").**

On March 7, 2023 (the "<u>Petition Date</u>"), Pach Shemen LLC ("<u>Pach Shemen</u>"), VR Global Partners, L.P. ("<u>VR Global</u>"), and Alpine Partners (BVI) L.P (collectively, the "<u>Initial Petitioning Creditors</u>") commenced chapter 7 cases against Eletson Holdings Inc. ("<u>Eletson Holdings</u>"), Eletson Finance (US) LLC ("<u>Eletson Finance</u>") and Agathonissos Finance LLC ("<u>Eletson MI</u>" and, together with Eletson Holdings and Eletson Finance, the "<u>Debtors</u>") by filing involuntary petitions (the "<u>Involuntary Petitions</u>") pursuant to section 303 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>" or the "<u>Court</u>"). The Involuntary Petitions were later joined by, among others, Gene Goldstein, Gene Goldstein in his capacity as Trustee of the Gene B. Goldstein and Francine T. Goldstein Family Trust (the "<u>Goldstein Family Trust</u>"), Tracy Gustafson, Jason Chamness, Ron Pike, Mark Millet, in his capacity as Trustee of the Millet 2016 Irrevocable Trust (the "<u>Millet 2016 Trust</u>"), Mark Millet, in his capacity as Trustee of the Mark E. Millet Living Trust (the "<u>Millet Living Trust</u>"), and Robert Latter (collectively, the "<u>Joining Creditors</u>" and, together with the Initial Petitioning Creditors, the "<u>Petitioning Creditors</u>" or the "<u>Plan Proponents</u>"). The Involuntary Petition were also joined by New Agathonissos Finance ("<u>NAF</u>") and Wilmington Savings Fund Society, FSB, the trustee and collateral agent for the First Preferred Ship Mortgage Notes due January 15, 2022. *See* Docket Nos. 92 and 102.

By order of the Bankruptcy Court, on September 25, 2023 (the "<u>Conversion Date</u>"), the Debtors' cases were voluntarily converted, at the Debtors' request, to cases under chapter 11 of the Bankruptcy Code (these "<u>Chapter 11 Cases</u>").

---

[1]     The Debtors in these cases are: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC.  The address of the Debtors' corporate headquarters is 118 Kolokotroni Street, GR 185 35 Piraeus, Greece.  The Debtors' mailing address is c/o Eletson Maritime, Inc., 1 Landmark Square, Suite 424, Stamford, Connecticut 06901.

The Petitioning Creditors are soliciting votes regarding the *Petitioning Creditors' Joint Chapter 11 Plan of Reorganization of Eletson Holdings Inc. and its Affiliated Debtors* [Docket No. [●]] (as it may be amended, modified, and/or supplemented from time to time, the "Plan"), as set forth in the *Disclosure Statement in Support of Petitioning Creditors' Joint Chapter 11 Plan of Reorganization of Eletson Holdings Inc. and its Affiliated Debtors* [Docket No. [●]] (as it may be amended, modified, and/or supplemented from time to time, the "Disclosure Statement"). Pursuant to the *Order (I) Approving Certain Key Dates Relating to Confirmation of the Petitioning Creditors' Plan, Including Scheduling a Hearing to Consider Approval of Petitioning Creditors' Plan; (II) Approving the Form and Manner of the Confirmation Hearing Notice; (III) Approving Petitioning Creditors' Disclosure Statement and Notice Thereof; (IV) Approving (A) Procedures for Solicitation; (B) Forms of Ballots; (C) Procedures for Tabulation of Votes; and (D) Procedures for Objections; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* [Docket No. [●]] (the "Disclosure Statement Order") entered on [_____] [__], 2024, the Bankruptcy Court has (a) found that the Disclosure Statement contains "adequate information" as set forth in section 1125 of the Bankruptcy Code and approved the Disclosure Statement, (b) authorized the Petitioning Creditors to solicit votes with respect to the acceptance or rejection of the Plan, (c) approved the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages") for Holders of Claims entitled to vote on the Plan, (d) approved the procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan, and (e) approved procedures for providing notice to Holders of Claims in the Non-Voting Classes.[2]

You are receiving this Master Ballot because as of [●], 2024 (the "Voting Record Date"), you may be a Nominee (*i.e.*, a broker, dealer, commercial bank, trust company, or other agent or nominee) holding General Unsecured Claims in Class 3 on behalf of a Beneficial Owner(s) of the 2022 Notes and Old Notes (as defined in the Plan) (collectively, the "Notes") entitled to vote on the Plan.

**This Master Ballot is to be used by you as a Nominee to transmit only the votes you receive from the Beneficial Holder Ballots from Beneficial Owners who hold positions in the Notes through you as of the Voting Record Date. This Master Ballot is to be used by you only to transmit to the Voting Agent the votes you receive on the Beneficial Holder Ballots from the Beneficial Owners of the Notes in which you have a position and for no other purpose. This Master Ballot must be completed, executed, and delivered by you, and received by the Voting Agent by the Voting Deadline in accordance with the accompanying instructions.**

Your rights are described in the Plan and accompanying Disclosure Statement. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim(s). The Disclosure Statement and the Plan can be accessed via contacting the Voting Agent (a) in writing to the following address: in writing at Eletson Holdings Inc., *et al.*, Ballot Processing Center c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, California 90245, (b) via email at https://www.kccllc.net/Eletson/inquiry, or (c) by telephone at 888-647-1737 (Domestic) or 310-751-2624 (International). **Please be advised that the Voting Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may not advise you whether you should vote to accept or reject the Plan.**

This Master Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Master Ballot, please contact the Plan Proponents' counsel immediately at (212) 594-5000.

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

**Item 1.** **Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, [●], 2024, the undersigned (please check the applicable box):

      is a Nominee for the Beneficial Owner(s) of the aggregate principal amount of the Notes listed in <u>Item 2</u> below;

      is acting under an unrevoked power of attorney and/or agency agreement (a copy of which will be provided upon request) granting the right to vote and executed by or on behalf of a Nominee for the Beneficial Owner(s) of the aggregate principal amount of the Notes listed in <u>Item 2</u> below; or

      has been granted an unrevoked voting proxy (an original of which is attached hereto) from a Nominee for the Beneficial Owner(s) of the Notes or the Beneficial Owner itself of the aggregate principal amount of the Notes listed in <u>Item 2</u> below; and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owner(s) of the Notes described in <u>Item 2</u> below.

**Item 2.** **Tabulation and Transmittal of the Votes of the Beneficial Owners of the Notes.**

      The undersigned certifies that the Beneficial Owners listed in the table below (identified by their respective customer account numbers) (a) are Beneficial Owners of the Notes as of the Voting Record Date and (b) have delivered to the undersigned, as Nominee, duly completed, properly executed Beneficial Holder Ballots or appropriate instructions casting such votes.

| Your Customer Account Number for Each Beneficial Owner of the Notes | Principal Amount Held by Beneficial Owner as of Voting Record Date | Item 2 Indicate the vote cast on Item 2 of the Beneficial Holder Ballot by checking the appropriate box below. | | |
|---|---|---|---|---|
| | | Accept the Plan | or | Reject the Plan |
| 1 | $ | ☐ | | ☐ |
| 2 | $ | ☐ | | ☐ |
| 3 | $ | ☐ | | ☐ |
| 4 | $ | ☐ | | ☐ |
| 5 | $ | ☐ | | ☐ |
| 6 | $ | ☐ | | ☐ |
| TOTALS | $ | | | |

**Item 3. Certification Regarding Votes Cast on Other Ballots in Respect of the Notes Under the Plan.**

The undersigned certifies that it has transcribed in the following table the information, if any, provided by the Beneficial Owners in <u>Item 3</u> of the Beneficial Holder Ballots. Please attach additional sheets if necessary.

| YOUR customer account number and/or Customer Name for each Beneficial Owner who completed Item 3 of the Beneficial Holder Ballot. | Customer Account Number at Other Nominee | Name of Other Registered Holder or Nominee (if applicable) | Transcribe Information from Item 3 of the Beneficial Holder Ballot | | |
|---|---|---|---|---|---|
| | | | DTC Participant Number of Other Nominee | Aggregate Principal Amount of Other Class 3 General Unsecured Claims Voted | CUSIP / ISIN Number of Other Positions in the Notes Held and Voted by Beneficial Owner |
| 1. | | | | $ | |
| 2. | | | | $ | |
| 3. | | | | $ | |
| 4. | | | | $ | |

**Item 4. Certifications.**

By signing this Master Ballot, the undersigned certifies to the Court and the Plan Proponents that:

(a)      the undersigned has received a copy of the Master Ballot, the Beneficial Holder Ballots and the remainder of the Solicitation Package and has delivered the same to the Beneficial Owners of the Notes listed in <u>Item 2</u> of the Master Ballot above;

(b)      the undersigned has received a completed and signed Beneficial Holder Ballot (or other accepted customary method of communicating a vote) from each Beneficial Owner listed in <u>Item 2</u> above or from an intermediary nominee;

(c)      the undersigned is the Nominee for the Beneficial Owner of Notes in <u>Item 2</u> above being voted, or it has been authorized by each Beneficial Owner of the Notes listed in <u>Item 2</u> above to vote on the Plan;

(d)      the undersigned has properly disclosed:

- the number of Beneficial Owners of Notes who completed the Beneficial Holder Ballots;

- the respective amounts of the Notes owned, as the case may be, by each Beneficial Owner of Notes who completed a Beneficial Holder Ballot;

- each Beneficial Owner's respective vote concerning the Plan;

- each Beneficial Owner's certification as to other Class 3 General Unsecured Claims voted; and

- the customer name, account number, or other identification number for each Beneficial Owner;

(e)      each Beneficial Owner of the Notes has certified to the undersigned (or to an intermediary nominee, as applicable), that it is eligible to vote on the Plan; and

(f)      the undersigned will maintain copies of any Beneficial Holder Ballots and/or any alternate communication, correspondence, or other record of a conveyed vote returned by any Beneficial Owners of the Notes or by intermediary nominees (whether properly completed or defective) for at least one year after the Voting Deadline and disclose all such information to the Court or the Plan Proponents, if so ordered.

[*Continued on the Following Page*]

Name of Nominee: _____
(Print or Type)

Participant                                                                   Number:
_____

Name of Proxy Holder or Agent for Nominee: _____
(Print or Type)

Social Security or Federal Tax Identification Number: _____

Signature: _____

Name of Signatory: _____
(If Other Than Nominee)

Title: _____

Address: _____

_____

_____

Email: _____

Date Completed: _____

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND
RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED OR BY EMAIL TO:**

Eletson Holdings Inc., *et al.*, Ballot Processing
Center c/o KCC, 222 N. Pacific Coast Highway,
Suite 300, El Segundo, California 90245

Email: https://www.kccllc.net/Eletson/inquiry
Telephone: 888-647-1737 (Domestic) or 310-751-
2624 (International)

**IF THE VOTING AGENT DOES NOT <u>ACTUALLY RECEIVE</u> THIS MASTER
BALLOT PRIOR TO THE VOTING DEADLINE, WHICH IS [●] [●]. M.
PREVAILING EASTERN TIME ON [●], 2024, AND IF THE VOTING DEADLINE IS
NOT EXTENDED, THE VOTES TRANSMITTED HEREBY WILL NOT BE
COUNTED.**

**INSTRUCTIONS FOR COMPLETING THIS MASTER BALLOT**

1.    The Plan Proponents are soliciting the votes of Holders of General Unsecured Claims with respect to the Plan.  Capitalized terms used in the Master Ballot or in these instructions (the "<u>Master Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order as applicable.

**PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT.**

**PLEASE ALLOW SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THE MASTER BALLOT.**

2.    **Balloting Options.**  You can elect one of the following two (2) balloting options with respect to voting the Class 3 General Unsecured Claims of Beneficial Owners of the Notes:

a.    <u>Pre-Validate Ballots.</u>  You may, at your option, elect to pre-validate the Beneficial Holder Ballot sent to you by the Voting Agent.  If you choose the pre-validation option, you must immediately pre-validate the individual Beneficial Holder Ballot and deliver to the Beneficial Owner a Solicitation Package containing, in addition to the materials already in the Solicitation Package sent by the Voting Agent, (i) the pre-validated Ballot, (ii) a postage pre-paid return envelope addressed to the Voting Agent (address listed below), and (iii) clear instructions stating that such Beneficial Owner must return their pre-validated Beneficial Holder Ballot directly to the Voting Agent in such return envelope so that the Voting Agent actually receives the pre-validated Beneficial Holder Ballot prior to the Voting Deadline. You must also maintain a list of the Beneficial Owners to whom pre-validated Beneficial Holder Ballot were delivered in your files for a period of one year after the Effective Date of the Plan (in the event you are required to produce such Ballots to the Voting Agent, Plan Proponents or the Court).

b.    <u>Non Pre-Validated Ballots.</u>  If you do not elect to pre-validate the Beneficial Holder Ballot, you should immediately distribute Solicitation Packages, including the Beneficial Holder Ballots, to each Beneficial Owner that holds a position in the Notes through you (or intermediary nominees) or otherwise convey the information thereon through customary means and take any action required to ensure each such Beneficial Owner timely votes their positions in the Notes.  To ensure that the vote cast by the Beneficial Owners of the Notes held through you are counted toward confirmation of the Plan, upon receipt of completed, executed Beneficial Holder Ballots, you <u>must</u>: (i) complete your Master Ballot in accordance with Paragraph 3 below;  (ii) retain each completed Beneficial Holder Ballot (or alternative communication conveying the vote) received by you from each Beneficial Owner in your files for a period of one year after the Effective Date of the Plan (in the event you are required to produce such Ballots to the Voting Agent, Plan Proponents, or the Court);  and (iii) sign, date, and return your Master Ballot so that it is <u>actually received</u> by the Voting Agent prior to the Voting Deadline at:

Eletson Holdings Inc., *et al.*, Ballot Processing
Center c/o KCC, 222 N. Pacific Coast Highway,
Suite 300, El Segundo, California 90245

Email: https://www.kccllc.net/Eletson/inquiry
Telephone: 888-647-1737 (Domestic) or 310-751-
2624 (International)

3.  **Complete Your Master Ballot.** You must properly complete the Master Ballot with respect to all Beneficial Holder Ballots returned to you by Beneficial Owners of the Notes as follows:

    a.   **Item 1:** Check the appropriate box in <u>Item 1</u> of the Master Ballot.

    b.   **Item 2:** Use the chart in <u>Item 2 </u>of the Master Ballot to compile, validate, and indicate in each column the aggregate principal amount voted for each customer account number or other identification number assigned by you or an intermediary nominee to each such Beneficial Owner (remember that (i) each account of a Beneficial Owner must vote all such Beneficial Owner's positions in the Notes to accept or reject the Plan and may not split such vote and (ii) do not count any Beneficial Holder Ballot executed by the Beneficial Owner that does not indicate a vote to accept or reject the Plan or that indicates both a vote to accept or reject the Plan) and, if applicable, indicate any related elections made by each such Beneficial Owner. **Check the appropriate box on Exhibit A hereto to denote the CUSIP / ISIN numbers for the Notes being voted through this Master Ballot.**

    c.   **Item 3:** Review and complete <u>Item 3</u> of the Master Ballot, if applicable.

    d.   **Item 5:** Review and complete the certification in <u>Item 4</u> of the Master Ballot.

    e.   **Execute and date your Master Ballot.** You must:  (a) sign and date your Master Ballot;  (b) if applicable, indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Voting Agent, Plan Proponents, or the Court, submit proper evidence to the requesting party to so act on behalf of such Beneficial Owner of the Notes;  and (c) provide your name and mailing address, if different from the address on the attached mailing label or if no mailing label is attached to the Master Ballot.

4.  **Master Ballots Not Counted.** Any Master Ballot (and votes transmitted thereon) received after the Voting Deadline will not be counted as a vote toward confirmation of the Plan (unless the Debtors, with the reasonable consent of the Notice Parties, extend the deadline with respect thereto).  **The following Master Ballots also will NOT be counted:**

    ▪   any Master Ballot (or group of Ballots with respect to Claims in a class received from a single creditor) that partially rejects and partially accepts the Plan;

    ▪   any Master Ballot received after the Voting Deadline, even if postmarked before the Voting Deadline (except as expressly provided herein or in the event that the Voting Deadline is extended by the Plan Proponents);

    ▪   Master Ballots sent by facsimile or any other electronic means, other than electronic email;

- any Master Ballots sent to the Plan Proponents, the Plan Proponents' agents (other than the Voting Agent), or the Plan Proponents' legal advisors;

- any Master Ballot that is properly completed, executed, and timely returned to the Voting Agent but does not indicate an acceptance or rejection of the Plan;

- any Master Ballot that is properly completed, executed, and timely returned to the Voting Agent but indicates both an acceptance and a rejection of the Plan;

- any Master Ballot that is illegible or contains insufficient information to permit the identification of the Holder;

- any Master Ballot not bearing an original signature on the line adjacent to the "Signature:" label in the certification section therein;

- any form of Master Ballot other than the official form sent by the Voting Agent or a copy of the official form; and

- Any vote included on any Master Ballot cast by an Entity that does not hold Notes.

5.  **Delivery Methods.**  The method of delivery of your Master Ballot to the Voting Agent is at your own election and risk.  Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent <u>actually</u> <u>receives</u> the originally executed Master Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that you use electronic mail or an overnight or hand delivery service.  In all cases, you should allow sufficient time to assure timely delivery.

6.  **Master Ballot Limitations.**  The Master Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan (including any applicable elections) and make certifications with respect thereto.  At this time, holders of Claims should not surrender to you any certificates or instruments representing their positions in the Notes and you should not accept delivery of any such certificates or instruments surrendered together with any Beneficial Holder Ballot.

7.  **Multiple Ballots**.  If multiple Master Ballots are received from, or on behalf of, an individual Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the latest valid Master Ballot timely received will be deemed to reflect the intent of such Holder and to supersede and revoke any prior Master Ballot with respect to such Claim, *provided that*, if a Holder timely submits both a paper Master Ballot and a Master Ballot via email on account of the same Claim, the email Master Ballot shall supersede the paper Master Ballot.

8.  You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote.

9.  After the Voting Deadline, no Master Ballot may be withdrawn or modified without the prior written consent of the Plan Proponents and approval of the Bankruptcy Court.

IF YOU HAVE ANY QUESTIONS REGARDING THE MASTER BALLOT,
THESE MASTER BALLOT INSTRUCTIONS, OR THE PROCEDURES FOR VOTING,
PLEASE CALL THE VOTING AGENT AT:  888-647-1737 (DOMESTIC) OR 310-751-2624
(INTERNATIONAL) OR VIA EMAIL AT
HTTPS://WWW.KCCLLC.NET/ELETSON/INQUIRY.

PLEASE NOTE THAT THE VOTING AGENT IS NOT AUTHORIZED
TO PROVIDE, AND WILL NOT PROVIDE, LEGAL OR FINANCIAL ADVICE.

**EXHIBIT A**

**Please check ONE box below to indicate the CUSIP / ISIN to which this Master Ballot pertains:**

|   | NOTE DESCRIPTION | CUSIP / ISIN |
|---|---|---|
| ☐ | 9.625% First Preferred Ship Mortgage Notes Due 2022 | |
| ☐ | First Preferred Ship Mortgage Notes Due 2022 | |

# EXHIBIT "2-B"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------x
                                          :
In re:                                    :        Chapter 11
                                          :
ELETSON HOLDINGS INC., et al.,            :        Case No. 23-10322 (JPM)
                                          :
                                          :        (Jointly Administered)
                         Debtors.¹        :
                                          :
-----------------------------------------------------------------x
```

## BENEFICIAL HOLDER BALLOT FOR ACCEPTING OR REJECTING PETITIONING CREDITORS' JOINT CHAPTER 11 PLAN OF REORGANIZATION OF ELETSON HOLDINGS INC. AND ITS AFFILIATED DEBTORS

**Beneficial Holder Ballot for Class 3 - General Unsecured Claims**

PLEASE READ AND FOLLOW
THE ENCLOSED INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.

**THIS BENEFICIAL HOLDER BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED IN ACCORDANCE WITH YOUR NOMINEE'S INSTRUCTIONS IN SUFFICIENT TIME FOR THIS BENEFICIAL HOLDER BALLOT (OR THE MASTER BALLOT REFLECTING THE VOTE CAST ON THIS BENEFICIAL HOLDER BALLOT) TO BE CAST PRIOR TO [●] [●].M. (PREVAILING EASTERN TIME) ON [●], 2024 (THE "<u>VOTING DEADLINE</u>").**

> **You should return this Beneficial Holder Ballot to your Nominee in order to instruct your Nominee to cast your vote to accept or reject the Plan on your behalf. However, if it is your Nominee's customary practice to receive your instructions or have your vote cast by other means, such as by voting information form ("<u>VIF</u>"), phone, e-mail, internet, or fax, then you should follow your Nominee's voting procedures for casting your vote in lieu of returning this Beneficial Holder Ballot or the information requested herein to your Nominee.**

On March 7, 2023 (the "<u>Petition Date</u>"), Pach Shemen LLC ("<u>Pach Shemen</u>"), VR Global Partners, L.P. ("<u>VR Global</u>"), and Alpine Partners (BVI) L.P ("<u>Alpine</u>", and collectively, the "<u>Initial Petitioning Creditors</u>") commenced chapter 7 cases against Eletson Holdings Inc. ("<u>Eletson Holdings</u>"), Eletson Finance (US) LLC ("<u>Eletson Finance</u>") and Agathonissos Finance LLC ("<u>Eletson MI</u>" and, together with Eletson Holdings and Eletson Finance, the "<u>Debtors</u>") by filing involuntary petitions (the "<u>Involuntary Petitions</u>") pursuant to section 303 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>" or the "<u>Court</u>"). The Involuntary Petitions were later joined by, among others, Gene Goldstein, Gene Goldstein in his capacity as Trustee of the Gene B. Goldstein and Francine T. Goldstein Family Trust (the "<u>Goldstein Family Trust</u>"), Tracy Gustafson, Jason Chamness, Ron Pike, Mark Millet, in his capacity as Trustee of the Millet 2016 Irrevocable Trust (the "<u>Millet 2016 Trust</u>"), Mark Millet, in his capacity as Trustee of the Mark E. Millet Living Trust (the "<u>Millet Living Trust</u>"), and Robert Latter (collectively, the "<u>Joining Creditors</u>"

---

¹ The Debtors in these cases are: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC. The address of the Debtors' corporate headquarters is 118 Kolokotroni Street, GR 185 35 Piraeus, Greece. The Debtors' mailing address is c/o Eletson Maritime, Inc., 1 Landmark Square, Suite 424, Stamford, Connecticut 06901.

and, together with the Initial Petitioning Creditors, the "Petitioning Creditors" or the "Plan Proponents"). The Involuntary Petition were also joined by New Agathonissos Finance ("NAF") and Wilmington Savings Fund Society, FSB, the trustee and collateral agent for the First Preferred Ship Mortgage Notes due January 15, 2022. *See* Docket Nos. 92 and 102.

By order of the Bankruptcy Court, on September 25, 2023 (the "Conversion Date"), the Debtors' cases were voluntarily converted, at the Debtors' request, to cases under chapter 11 of the Bankruptcy Code (these "Chapter 11 Cases").

The Petitioning Creditors are soliciting votes regarding the *Petitioning Creditors' Joint Chapter 11 Plan of Reorganization of Eletson Holdings Inc. and its Affiliated Debtors* [Docket No. [●]] (as it may be amended, modified, and/or supplemented from time to time, the "Plan"), as set forth in the *Disclosure Statement in Support of Petitioning Creditors' Joint Chapter 11 Plan of Reorganization of Eletson Holdings Inc. and its Affiliated Debtors* [Docket No. [●]] (as it may be amended, modified, and/or supplemented from time to time, the "Disclosure Statement"). Pursuant to the *Order (I) Approving Certain Key Dates Relating to Confirmation of the Petitioning Creditors' Plan, Including Scheduling a Hearing to Consider Approval of Petitioning Creditors' Plan; (II) Approving the Form and Manner of the Confirmation Hearing Notice; (III) Approving Petitioning Creditors' Disclosure Statement and Notice Thereof; (IV) Approving (A) Procedures for Solicitation; (B) Forms of Ballots; (C) Procedures for Tabulation of Votes; and (D) Procedures for Objections; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* [Docket No. [●]] (the "Disclosure Statement Order") entered on [_____] [__], 2024, the Bankruptcy Court has (a) found that the Disclosure Statement contains "adequate information" as set forth in section 1125 of the Bankruptcy Code and approved the Disclosure Statement, (b) authorized the Petitioning Creditors to solicit votes with respect to the acceptance or rejection of the Plan, (c) approved the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages") for Holders of Claims entitled to vote on the Plan, (d) approved the procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan, and (e) approved procedures for providing notice to Holders of Claims in the Non-Voting Classes.[2]

You are receiving this Beneficial Holder Ballot because as of [●], 2024 (the "Voting Record Date"), you may be a Beneficial Owner of the 2022 Notes and Old Notes (as defined in the Plan) (collectively, the "Notes") entitled to vote your respective portion of the Class 3 General Unsecured Claims under the Plan. Accordingly, if you continued to hold your position in the Notes as of the Voting Record Date, you will have a right to vote to accept or reject the Plan.

Each Beneficial Owner of the Notes should receive a single Beneficial Holder Ballot on account of its positions in the Notes held through a particular Nominee. The vote cast on the Beneficial Holder Ballot shall be counted and tabulated as a vote on account of such Beneficial Owner's positions in the Notes. A Beneficial Owner may not split its vote with respect to any of its positions in the Notes irrespective of whether such positions are held through the same or different Nominees. All positions of a Beneficial Owner in the Notes must be voted the same way.

Your rights are described in the Plan and accompanying Disclosure Statement. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim(s). The Disclosure Statement and the Plan can be accessed via contacting the Voting Agent: (a) in writing at Eletson Holdings Inc., *et al.*, Ballot Processing Center c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, California 90245, (b) via email at https://www.kccllc.net/Eletson/inquiry, or (c) by telephone at 888-647-1737 (Domestic) or 310-751-2624 (International). **Please be advised that the Voting Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may not advise you whether you should vote to accept or reject the Plan.**

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

This Beneficial Holder Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan (including any applicable elections) and making certain certifications with respect to the Plan. If you believe you have received this Beneficial Holder Ballot in error, or if you believe that you have received the wrong Ballot, please contact your Nominee or the Plan Proponents' counsel <u>immediately</u> at (212) 594-5000.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your positions in the Notes. Your positions in the Notes are entitled to the treatment afforded to the Class 3 General Unsecured Claims under the Plan.

To ensure that your vote is counted, you must: (a) complete this Beneficial Holder Ballot; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in <u>Item 2</u> below; and (c) sign and return this Beneficial Holder Ballot to the address set forth on the enclosed pre-addressed envelope so that it is received by your Nominee in sufficient time for your Nominee to submit a master ballot prior to the Voting Deadline, which is [●] [●].m. (prevailing Eastern Time) on [●], 2024. However, if it is your Nominee's customary practice to receive your instructions or have your vote cast by other means such as phone, e-mail, internet, or fax, then you should follow your Nominee's voting procedures for casting your vote in lieu of submitting this Beneficial Holder Ballot. If the Court confirms the Plan, you will be bound by the Plan regardless of whether you vote.

<u>Item 1</u>. **Principal Amount of Notes Held by Beneficial Owner.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned Beneficial Owner held the following aggregate unpaid principal amount of the Notes (insert amount in box below):

| |
|---|
| Class: 3<br>Debtor(s): (see chart below)<br>Principal Amount of Notes: $_____ |

| Class | Debtors |
|---|---|
| 3 | **Debtor**<br>Eletson Holdings Inc.<br>Eletson Finance (US) LLC<br>Agathonissos Finance LLC |

**<u>On Exhibit A hereto, check the CUSIP / ISIN number for the above-referenced Notes you are voting.</u>**

<u>Item 2</u>. **Vote on Plan.**

The Beneficial Owner votes the principal amount of the Notes set forth in <u>Item 1</u> to (please check one):

| □   **ACCEPT** (vote FOR) the Plan | □   **REJECT** (vote AGAINST) the Plan |
|---|---|

Any Beneficial Holder Ballot that is executed by a Beneficial Owner but is not marked to accept or reject the Plan or is marked both to accept and reject the Plan will not be counted.

**Item 3**.  **Certification Regarding Votes Cast on Other Beneficial Holder Ballots in Respect of the Notes.**
If the Beneficial Owner on behalf of which this Beneficial Holder Ballot is being cast has cast other Beneficial Holder Ballots on account of other positions in the Notes held by it, the undersigned certifies that the requisite information regarding any other Beneficial Holder Ballots cast by it has been included in the table below (or on additional sheets attached hereto).  Do not include in the following table information relating to your positions in the Notes being voted on this Beneficial Holder Ballot.  *Only information relating to <u>other Beneficial Holder Ballots</u> cast by the Beneficial Owner on account of other positions it holds in the Notes should be identified in this <u>Item 3</u>*.  Please attach additional sheets if necessary.

| Other Beneficial Holder Ballots Cast by Beneficial Owner in Respect of Additional Positions in the Notes | | | |
|---|---|---|---|
| | Customer Account Number at Other Nominee | Name of Other Registered Holder or Nominee (if applicable) | Aggregate Principal Amount of Other Class 3 General Unsecured Claims Voted | CUSIP / ISIN Number of Other Positions in the Notes Held and Voted by Beneficial Owner |
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |

        To be counted, a Beneficial Owner must vote *all* of its positions in the Notes either to accept or reject the Plan.  No split votes will be permitted.

**<u>Item 4</u>. Certifications.**

        By signing this Ballot, the undersigned certifies to the Court and the Plan Proponents that:

(a)        either:  (i) the Entity is the Beneficial Owner of the principal amount of the Notes being voted in this Beneficial Holder Ballot, or (ii) the Entity is an authorized signatory for an Entity that is the Beneficial Owner of the principal amount of the Notes being voted in this Beneficial Holder Ballot;

(b)        the Entity has received a copy of the Disclosure Statement and has received a copy of the Solicitation Package, and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)        either:  (i) the Entity has cast the same vote with respect to all principal amounts of the Notes it holds, or (ii) the Entity for whom the undersigned is an authorized signatory of the Beneficial Owner of the principal amount of the Notes being voted in this Beneficial Holder Ballot has cast the same vote with respect to all principal amounts of the Notes such Beneficial Owner holds; and

(d)        no other Beneficial Holder Ballots with respect to the principal amount of the Notes identified in <u>Item 1</u> have been cast or, if any other Beneficial Holder Ballots have been cast with respect to such principal amount, then any such earlier Beneficial Holder Ballots are hereby revoked.

Name of Holder: _____
(Print or Type)

Social Security (Last 4 Digits)
or Federal Tax Identification Number: _____

Signature: _____

Name of Signatory: _____
(If Other Than Holder)

Title: _____

Address: _____

_____

_____

Email: _____

Date Completed: _____

**PLEASE COMPLETE, SIGN, AND DATE THIS BENEFICIAL HOLDER BALLOT AND RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED (OR OTHERWISE IN ACCORDANCE WITH THE INSTRUCTIONS OF YOUR NOMINEE). PLEASE ALLOW SUFFICIENT TIME FOR YOUR NOMINEE TO RECEIVE THIS BENEFICIAL HOLDER BALLOT OR THE INFORMATION REQUESTED HEREIN AND CAST YOUR VOTE PRIOR TO [●] [●].M. PREVAILING EASTERN TIME ON [●], 2024 (THE "<u>VOTING DEADLINE</u>") AS INSTRUCTED BY YOUR NOMINEE.**

**INSTRUCTIONS FOR COMPLETING THIS BENEFICIAL HOLDER BALLOT**

1.  The Plan Proponents are soliciting the votes of Holders of Class 3 General Unsecured Claims (including Beneficial Owners of the Notes) with respect to the Plan.  Capitalized terms used in the Beneficial Holder Ballot or in these instructions (the "Beneficial Holder Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order as applicable.

    **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BENEFICIAL HOLDER BALLOT.**

    **PLEASE ALLOW SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THE BENEFICIAL HOLDER BALLOT.**

2.  **The Court may confirm the Plan and thereby bind you to the terms of the Plan, if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in each Impaired Class of Claims entitled to vote on the Plan.  In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if it finds that the Plan accords fair and equitable treatment to the Class or Classes that have rejected the Plan and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.**

3.  To ensure that your vote is counted, you must:  (a) complete the Beneficial Holder Ballot, including checking on **Exhibit A** hereto the CUSIP / ISIN numbers for the Notes you are voting; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot;  and (c) sign and return the Beneficial Holder Ballot or the information requested therein in accordance with Nominee's instructions in sufficient time for your Beneficial Holder Ballot or for your Nominee to include your vote on a Master Ballot, as applicable, that is actually received by the Voting Agent prior to the Voting Deadline on [●], 2024 at [●] [●].m (prevailing Eastern Time).

4.  If a Beneficial Holder Ballot or the information requested therein is received after the Voting Deadline, and if the Voting Deadline is not extended, it will not be counted unless otherwise determined by the Plan Proponents and approved by the Court.  Additionally, the following Beneficial Holder Ballots **will NOT be counted:**

    ▪   any Beneficial Holder Ballot (or group of Ballots with respect to Claims in a class received from a single creditor) that partially rejects and partially accepts the Plan;

    ▪   any Beneficial Holder Ballot received after the Voting Deadline, even if postmarked before the Voting Deadline (except as expressly provided herein or in the event that the Voting Deadline is extended by the Plan Proponents);

    ▪   any Beneficial Holder Ballot sent by facsimile, e-mail, or any other electronic means, except as instructed by your Nominee;

    ▪   any Beneficial Holder Ballot sent to the Plan Proponents, the Plan Proponents' agents (other than the Voting Agent), or the Plan Proponents' legal advisors;

    ▪   any Beneficial Holder Ballot that is properly completed, executed, and timely returned to its Nominee but does not indicate an acceptance or rejection of the Plan;

- any Beneficial Holder Ballot that is properly completed, executed, and timely returned to its Nominee but indicates both an acceptance and a rejection of the Plan;

- any Beneficial Holder Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Owner;

- any Beneficial Holder Ballot not bearing an original signature on the line adjacent to the "Signature:" label in the certification section therein [other than a Beneficial Holder Ballot properly submitted in accordance with the Nominee's instructions];

- any form of a Beneficial Holder Ballot other than the official form sent by the Nominee or a copy of the official form;

- Any vote included on any Beneficial Holder Ballot cast by an Entity that does not hold Notes; and

- any Beneficial Holder Ballot submitted by any Entity not entitled to vote pursuant to the Solicitation Procedures.

5. If multiple Beneficial Holder Ballots are received from the Beneficial Owner in respect to the same positions held in the Notes prior to the Voting Deadline, the last valid executed Beneficial Holder Ballot timely received will be deemed to reflect that Beneficial Owner's intent and will supersede and revoke any prior Beneficial Holder Ballot with respect to such positions in the Notes.

6. You must vote all of your positions in the Notes either to accept or reject the Plan and may not split your vote.

7. The Beneficial Holder Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, Beneficial Owners should not surrender certificates or instruments representing or evidencing their positions in the Notes, and the Plan Proponents will not accept delivery of any such certificates or instruments surrendered.

8. The Beneficial Holder Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

9. Please be sure to sign and date your Beneficial Holder Ballot. If you are signing a Beneficial Holder Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, Plan Proponents, or the Court, must submit proper evidence to the requesting party of your authority to so act on behalf of such Beneficial Owner. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Beneficial Holder Ballot.

10. If you hold Claims or beneficial interests in more than one Class under the Plan you may receive more than one Ballot or Beneficial Holder Ballot coded for each different Class. Each Ballot and Beneficial Holder Ballot votes only your Claims or beneficial interests indicated on such ballot, so please complete and return each Ballot and Beneficial Holder Ballot you received.

11. After the Voting Deadline, no Beneficial Holder Ballot may be withdrawn or modified without the prior written consent of the Plan Proponents and approval of the Court.

IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL HOLDER BALLOT,
THESE BENEFICIAL HOLDER BALLOT INSTRUCTIONS, OR THE PROCEDURES FOR
VOTING, PLEASE CALL THE VOTING AGENT AT: 888-647-1737 (DOMESTIC) OR
310- 751- 2624 (INTERNATIONAL) OR VIA EMAIL AT
HTTPS://WWW.KCCLLC.NET/ELETSON/INQUIRY.

PLEASE NOTE THAT THE VOTING AGENT IS NOT AUTHORIZED
TO PROVIDE, AND WILL NOT PROVIDE, LEGAL OR FINANCIAL ADVICE.

## EXHIBIT A

**Please check ONE box below to indicate the CUSIP / ISIN to which this Beneficial Holder Ballot pertains:**

|   | NOTE DESCRIPTION | CUSIP / ISIN |
|---|---|---|
| ☐ | 9.625% First Preferred Ship Mortgage Notes Due 2022 | |
| ☐ | First Preferred Ship Mortgage Notes Due 2022 | |

# EXHIBIT "3"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                   :

In re:                          :       Chapter 11
                                   :

ELETSON HOLDINGS INC., et al.,    :       Case No. 23-10322 (JPM)
                                   :

                                   :       (Jointly Administered)

                        Debtors.[1]   :

-------------------------------------------------------------x

## BALLOT FOR ACCEPTING OR REJECTING PETITIONING CREDITORS' JOINT CHAPTER 11 PLAN OF REORGANIZATION OF ELETSON HOLDINGS INC. AND ITS AFFILIATED DEBTORS

**Ballot for Class 4 - Convenience Claims**

PLEASE READ AND FOLLOW
THE ENCLOSED INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED TO THE VOTING AGENT PRIOR TO [●] [●].M. (PREVAILING EASTERN TIME) ON [●], 2024 (THE "<u>VOTING DEADLINE</u>").**

On March 7, 2023 (the "<u>Petition Date</u>"), Pach Shemen LLC ("<u>Pach Shemen</u>"), VR Global Partners, L.P. ("<u>VR Global</u>"), and Alpine Partners (BVI) L.P (collectively, the "<u>Initial Petitioning Creditors</u>") commenced chapter 7 cases against Eletson Holdings Inc. ("<u>Eletson Holdings</u>"), Eletson Finance (US) LLC ("<u>Eletson Finance</u>") and Agathonissos Finance LLC ("<u>Eletson MI</u>" and, together with Eletson Holdings and Eletson Finance, the "<u>Debtors</u>") by filing involuntary petitions (the "<u>Involuntary Petitions</u>") pursuant to section 303 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>" or the "<u>Court</u>"). The Involuntary Petitions were later joined by, among others, Gene Goldstein, Gene Goldstein in his capacity as Trustee of the Gene B. Goldstein and Francine T. Goldstein Family Trust (the "<u>Goldstein Family Trust</u>"), Tracy Gustafson, Jason Chamness, Ron Pike, Mark Millet, in his capacity as Trustee of the Millet 2016 Irrevocable Trust (the "<u>Millet 2016 Trust</u>"), Mark Millet, in his capacity as Trustee of the Mark E. Millet Living Trust (the "<u>Millet Living Trust</u>"), and Robert Latter (collectively, the "<u>Joining Creditors</u>" and, together with the Initial Petitioning Creditors, the "<u>Petitioning Creditors</u>" or the "<u>Plan Proponents</u>"). The Involuntary Petition was also joined by New Agathonissos Finance ("<u>NAF</u>") and Wilmington Savings Fund Society, FSB, the trustee and collateral agent for the First Preferred Ship Mortgage Notes due January 15, 2022. *See* Docket Nos. 92 and 102.

By order of the Bankruptcy Court, on September 25, 2023 (the "<u>Conversion Date</u>"), the Debtors' cases were voluntarily converted, at the Debtors' request, to cases under chapter 11 of the Bankruptcy Code (these "<u>Chapter 11 Cases</u>").

The Petitioning Creditors are soliciting votes regarding the *Petitioning Creditors' Joint Chapter 11 Plan of Reorganization of Eletson Holdings Inc. and its Affiliated Debtors* [Docket No. [●]] (as it may be amended, modified, and/or supplemented from time to time, the "<u>Plan</u>"), as set forth in the *Disclosure*

---

[1]    The Debtors in these cases are: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC. The address of the Debtors' corporate headquarters is 118 Kolokotroni Street, GR 185 35 Piraeus, Greece. The Debtors' mailing address is c/o Eletson Maritime, Inc., 1 Landmark Square, Suite 424, Stamford, Connecticut 06901.

*Statement in Support of Petitioning Creditors' Joint Chapter 11 Plan of Reorganization of Eletson Holdings Inc. and its Affiliated Debtors* [Docket No. [●]] (as it may be amended, modified, and/or supplemented from time to time, the "Disclosure Statement"). Pursuant to the *Order (I) Approving Certain Key Dates Relating to Confirmation of the Petitioning Creditors' Plan, Including Scheduling a Hearing to Consider Approval of Petitioning Creditors' Plan; (II) Approving the Form and Manner of the Confirmation Hearing Notice; (III) Approving Petitioning Creditors' Disclosure Statement and Notice Thereof; (IV) Approving (A) Procedures for Solicitation; (B) Forms of Ballots; (C) Procedures for Tabulation of Votes; and (D) Procedures for Objections; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* [Docket No. [●]] (the "Disclosure Statement Order") entered on [____] [__], 2024, the Bankruptcy Court has (a) found that the Disclosure Statement contains "adequate information" as set forth in section 1125 of the Bankruptcy Code and approved the Disclosure Statement, (b) authorized the Petitioning Creditors to solicit votes with respect to the acceptance or rejection of the Plan, (c) approved the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages") for Holders of Claims entitled to vote on the Plan, (d) approved the procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan, and (e) approved procedures for providing notice to Holders of Claims in the Non-Voting Classes.[2]

You are receiving this Ballot because as of [●], 2024 (the "Voting Record Date"), you may be a Holder of Convenience Claims under the Plan. Accordingly, if you continued to hold your Convenience Claims as of the Voting Record Date, you will have a right to vote to accept or reject the Plan.

Your rights are described in the Plan and accompanying Disclosure Statement. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim(s). The Disclosure Statement and the Plan can be accessed via contacting the Voting Agent: (a) in writing at Eletson Holdings Inc., *et al.*, Ballot Processing Center c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, California 90245, (b) via email at https://www.kccllc.net/Eletson/inquiry, or (c) by telephone at 888-647-1737 (Domestic) or 310-751-2624 (International). **Please be advised that the Voting Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may not advise you whether you should vote to accept or reject the Plan**

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Plan Proponents' counsel immediately at (212) 594-5000.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification of your Claim. Your Claim is entitled to the treatment afforded to the Class 4 Convenience Claims under the Plan.

To ensure that your vote is counted, you must: (a) complete this Ballot; (b) clearly indicate your decision either to accept or reject the Plan in the appropriate box below; and (c) sign and return this Ballot either (i) via the Voting Agent's online electronic balloting platform or (ii) by delivering a paper copy via regular mail, courier, or delivery services to the Voting Agent at Eletson Holdings Inc., *et al.*, Ballot Processing Center c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, California 90245 so that it is received by the Voting Deadline, which is [●] [●].m. (prevailing Eastern Time) on [●], 2024. If the Court confirms the Plan, you will be bound by the Plan regardless of whether you vote.

**You may access the e-ballot platform on the case website maintained by the Voting Agent at https://www.kccllc.net/Eletson. Click on the "Submit E-Ballot" link and follow the directions to submit your electronic ballot. Holders are encouraged to submit their Ballot via the e-ballot platform.**

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

**If you choose to submit your Ballot via the e-ballot platform you should NOT submit your hard copy Ballot as well. Please choose only one form of return of your Ballot.**

<u>Item 1</u>. **Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of Convenience Claims against the following Debtors in the following aggregate unpaid principal amount (insert amount in box below):

| Class: 4 |
| --- |
| Debtor(s): (see chart below) |
| Aggregate Claim Amount: $_____ |

| Class | Debtors |
| --- | --- |
| <u>4</u> | **<u>Debtor</u>**<br>Eletson Holdings Inc.<br>Eletson Finance (US) LLC<br>Agathonissos Finance LLC |

<u>Item 2</u>. **Vote on Plan.**

The Holder of Convenience Claims against the Debtors set forth in <u>Item 1</u> votes to (please check one):

| ☐     **<u>ACCEPT</u>** (vote FOR) the Plan     ☐     **<u>REJECT</u>** (vote AGAINST) the Plan |
| --- |

Any Ballot that is executed by the Holder of a Claim that is not marked to accept or reject the Plan or is marked both to accept and reject the Plan will not be counted.

<u>Item 3</u>. Certifications.

By signing this Ballot, the undersigned certifies to the Court and the Plan Proponents that:

(a) either: (i) the Entity is the Holder of the Convenience Claims being voted, or (ii) the Entity is an authorized signatory for an Entity that is a Holder of the Convenience Claims being voted;

(b) the Entity has received a copy of the Disclosure Statement and has received a copy of the Solicitation Package, and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein; and

(c) no other Ballots with respect to the amount of the Convenience Claims identified in <u>Item 1</u> have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier Ballots are hereby revoked.

Name of Holder: _____
(Print or Type)

Social Security (Last 4 Digits)
or Federal Tax Identification Number: _____

Signature: _____

Name of Signatory: _____
(If Other Than Holder)

Title: _____

Address: _____
_____
_____
_____

Email: _____

Date Completed: _____

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND
RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED (OR OTHERWISE IN ACCORDANCE
WITH THE SOLICITATION PROCEDURES) VIA REGULAR MAIL, COURIER OR DELIVERY
SERVICES TO:**

Eletson Holdings Inc., *et al.*, Ballot Processing
Center c/o KCC, 222 N. Pacific Coast Highway,
Suite 300, El Segundo, California 90245

Email: https://www.kccllc.net/Eletson/inquiry
Telephone: 888-647-1737 (Domestic) or 310-751-
2624 (International)

**<u>OR</u>**

**<u>ELECTRONICALLY VIA THE VOTING AGENT'S E-BALLOT PLATFORM
HTTPS://WWW.KCCLLC.NET/ELETSON</u>**

By electronic, online submission:

Please visit https://www.kccllc.net/Eletson. Click on the "Submit E-Ballot Form" section of the Case Website and follow the directions to submit your electronic Ballot. If you choose to submit your Ballot via the Voting Agent's e-ballot system, you should not also return a hard copy of your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized Ballot:

Unique E-Ballot ID#: _____

PIN#: _____

"E-Balloting" is the sole manner in which this Ballot will be accepted via electronic or online transmission. Ballots submitted by facsimile or email will not be counted. Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.

**PLEASE ALLOW SUFFICIENT TIME FOR THE VOTING AGENT TO RECEIVE THIS BALLOT PRIOR TO VOTING DEADLINE ON [●], 2024 [●] AT [●].M. PREVAILING EASTERN TIME.**

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.    The Plan Proponents are soliciting the votes of Holders of Class 4 Convenience Claims with respect to the Plan.  Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order as applicable.

**PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**PLEASE ALLOW SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THE BALLOT.**

2.    **The Court may confirm the Plan and thereby bind you to the terms of the Plan, if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in each Impaired Class of Claims entitled to vote on the Plan.  In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if it finds that the Plan accords fair and equitable treatment to the Class or Classes that have rejected the Plan and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.**

3.    To ensure that your vote is counted, you must:  (a) complete the Ballot; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) sign and return the Ballot so that it is <u>actually</u> <u>received</u> by the Voting Agent prior to the Voting Deadline at:

> Eletson Holdings Inc., *et al.*, Ballot Processing
> Center c/o KCC, 222 N. Pacific Coast Highway,
> Suite 300, El Segundo, California 90245
>
> Email: https://www.kccllc.net/Eletson/inquiry
> Telephone: 888-647-1737 (Domestic) or 310-751-
> 2624 (International)

4.    If a Ballot or the information requested therein is received after the Voting Deadline, and if the Voting Deadline is not extended, it will not be counted <u>unless</u> otherwise determined by the Plan Proponents and approved by the Court.  Additionally, the following Ballots **will NOT be counted:**

- any Ballot (or group of Ballots with respect to Claims in a class received from a single creditor) that partially rejects and partially accepts the Plan;

- any Ballot received after the Voting Deadline, even if postmarked before the Voting Deadline (except as expressly provided herein or in the event that the Voting Deadline is extended by the Plan Proponents);

- any Ballot sent by facsimile, e-mail, or any other electronic means (except for the mechanism provided on the Case Website or as otherwise noted);

- any Ballot sent to the Plan Proponents, the Plan Proponents' agents (other than the Voting Agent), or the Plan Proponents' legal advisors;

- any Ballot that is properly completed, executed, and timely returned to the Voting Agent but does not indicate an acceptance or rejection of the Plan;

- any Ballot that is properly completed, executed, and timely returned to the Voting Agent but indicates both an acceptance and a rejection of the Plan;

- any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Convenience Claim;

- any Ballot not bearing an original signature on the line adjacent to the "Signature:" label in the certification section therein;

- any form of a Ballot other than the official form sent by the Voting Agent or a copy of the official form;

- Any vote included on any Ballot cast by an Entity that does not hold the Convenience Claims; and

- any Ballot submitted by any Entity not entitled to vote pursuant to the Solicitation Procedures.

5. If multiple Ballots are received from the Holder of a Claim in respect to the same Claim prior to the Voting Deadline, the last valid executed Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot.

6. You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote.

7. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, Holder of Claims should not surrender certificates or instruments representing or evidencing their Claims, and the Plan Proponents will not accept delivery of any such certificates or instruments surrendered.

8. This Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

9. <u>Please be sure to sign and date your Ballot.</u> If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, Plan Proponents or the Court, must submit proper evidence to the requesting party of your authority to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

10. If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class. Each Ballot votes only your Claims indicated on that ballot, so please complete and return each Ballot you received.

11. After the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Plan Proponents and approval of the Court.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT,
THESE BALLOT INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL
THE VOTING AGENT AT: 888-647-1737 (DOMESTIC) OR 310-751-2624 (INTERNATIONAL)
OR VIA EMAIL AT HTTPS://WWW.KCCLLC.NET/ELETSON/INQUIRY.**

**PLEASE NOTE THAT THE VOTING AGENT IS NOT AUTHORIZED
TO PROVIDE, AND WILL NOT PROVIDE, LEGAL OR FINANCIAL ADVICE.**

---

**IF THE VOTING AGENT DOES NOT <u>ACTUALLY RECEIVE</u> YOUR
VOTE PRIOR TO THE VOTING DEADLINE, WHICH IS [●] [●].M.
PREVAILING EASTERN TIME ON [●], 2024, AND IF THE VOTING
DEADLINE IS NOT EXTENDED, YOUR VOTE WILL NOT BE COUNTED.**

---

# EXHIBIT "4"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                         :

In re:                        :       Chapter 11
                             :

ELETSON HOLDINGS INC., et al.,  :       Case No. 23-10322 (JPM)
                           :
                           :       (Jointly Administered)
                           :
               Debtors.[1]   :
                           :
---------------------------------------------------------------x

## BALLOT FOR ACCEPTING OR REJECTING PETITIONING CREDITORS' JOINT CHAPTER 11 PLAN OF REORGANIZATION OF ELETSON HOLDINGS INC. AND ITS AFFILIATED DEBTORS

### Ballot for Class 5 – Azure Guaranty Claims

PLEASE READ AND FOLLOW
THE ENCLOSED INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED TO THE VOTING AGENT PRIOR TO [●] [●].M. (PREVAILING EASTERN TIME) ON [●], 2024 (THE "<u>VOTING DEADLINE</u>").**

      On March 7, 2023 (the "<u>Petition Date</u>"), Pach Shemen LLC ("<u>Pach Shemen</u>"), VR Global Partners, L.P. ("<u>VR Global</u>"), and Alpine Partners (BVI) L.P (collectively, the "<u>Initial Petitioning Creditors</u>") commenced chapter 7 cases against Eletson Holdings Inc. ("<u>Eletson Holdings</u>"), Eletson Finance (US) LLC ("<u>Eletson Finance</u>") and Agathonissos Finance LLC ("<u>Eletson MI</u>" and, together with Eletson Holdings and Eletson Finance, the "<u>Debtors</u>") by filing involuntary petitions (the "<u>Involuntary Petitions</u>") pursuant to section 303 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>" or the "<u>Court</u>"). The Involuntary Petitions were later joined by, among others, Gene Goldstein, Gene Goldstein in his capacity as Trustee of the Gene B. Goldstein and Francine T. Goldstein Family Trust (the "<u>Goldstein Family Trust</u>"), Tracy Gustafson, Jason Chamness, Ron Pike, Mark Millet, in his capacity as Trustee of the Millet 2016 Irrevocable Trust (the "<u>Millet 2016 Trust</u>"), Mark Millet, in his capacity as Trustee of the Mark E. Millet Living Trust (the "<u>Millet Living Trust</u>"), and Robert Latter (collectively, the "<u>Joining Creditors</u>" and, together with the Initial Petitioning Creditors, the "<u>Petitioning Creditors</u>" or the "<u>Plan Proponents</u>"). The Involuntary Petition was also joined by New Agathonissos Finance ("<u>NAF</u>") and Wilmington Savings Fund Society, FSB, the trustee and collateral agent for the First Preferred Ship Mortgage Notes due January 15, 2022.  *See* Docket Nos. 92 and 102.

      By order of the Bankruptcy Court, on September 25, 2023 (the "<u>Conversion Date</u>"), the Debtors' cases were voluntarily converted, at the Debtors' request, to cases under chapter 11 of the Bankruptcy Code (these "<u>Chapter 11 Cases</u>").

      The Petitioning Creditors are soliciting votes regarding the *Petitioning Creditors' Joint Chapter 11 Plan of Reorganization of Eletson Holdings Inc. and its Affiliated Debtors* [Docket No. [●]] (as it may be amended, modified, and/or supplemented from time to time, the "<u>Plan</u>"), as set forth in the *Disclosure*

---

[1]    The Debtors in these cases are: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC.  The address of the Debtors' corporate headquarters is 118 Kolokotroni Street, GR 185 35 Piraeus, Greece.  The Debtors' mailing address is c/o Eletson Maritime, Inc., 1 Landmark Square, Suite 424, Stamford, Connecticut 06901.

*Statement in Support of Petitioning Creditors' Joint Chapter 11 Plan of Reorganization of Eletson Holdings Inc. and its Affiliated Debtors* [Docket No. [●]] (as it may be amended, modified, and/or supplemented from time to time, the "Disclosure Statement"). Pursuant to the *Order (I) Approving Certain Key Dates Relating to Confirmation of the Petitioning Creditors' Plan, Including Scheduling a Hearing to Consider Approval of Petitioning Creditors' Plan; (II) Approving the Form and Manner of the Confirmation Hearing Notice; (III) Approving Petitioning Creditors' Disclosure Statement and Notice Thereof; (IV) Approving (A) Procedures for Solicitation; (B) Forms of Ballots; (C) Procedures for Tabulation of Votes; and (D) Procedures for Objections; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* [Docket No. [●]] (the "Disclosure Statement Order") entered on [____] [__], 2024, the Bankruptcy Court has (a) found that the Disclosure Statement contains "adequate information" as set forth in section 1125 of the Bankruptcy Code and approved the Disclosure Statement, (b) authorized the Petitioning Creditors to solicit votes with respect to the acceptance or rejection of the Plan, (c) approved the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages") for Holders of Claims entitled to vote on the Plan, (d) approved the procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan, and (e) approved procedures for providing notice to Holders of Claims in the Non-Voting Classes.[2]

You are receiving this Ballot because as of [●], 2024 (the "Voting Record Date"), you may be a Holder of Azure Guaranty Claims under the Plan. Accordingly, if you continued to hold your Azure Guaranty Claims as of the Voting Record Date, you will have a right to vote to accept or reject the Plan.

Your rights are described in the Plan and accompanying Disclosure Statement. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim(s). The Disclosure Statement and the Plan can be accessed via contacting the Voting Agent: (a) in writing at Eletson Holdings Inc., *et al.*, Ballot Processing Center c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, California 90245, (b) via email at https://www.kccllc.net/Eletson/inquiry, or (c) by telephone at 888-647-1737 (Domestic) or 310-751-2624 (International). **Please be advised that the Voting Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may not advise you whether you should vote to accept or reject the Plan**.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Plan Proponents' counsel immediately at (212) 594-5000.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification of your Claim. Your Claim is entitled to the treatment afforded to the Class 5 Azure Guaranty Claims under the Plan.

To ensure that your vote is counted, you must: (a) complete this Ballot; (b) clearly indicate your decision either to accept or reject the Plan in the appropriate box below; and (c) sign and return this Ballot either (i) via the Voting Agent's online electronic balloting platform or (ii) by delivering a paper copy via regular mail, courier, or delivery services to the Voting Agent at Eletson Holdings Inc., *et al.*, Ballot Processing Center c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, California 90245 so that it is received by the Voting Deadline, which is [●] [●].m. (prevailing Eastern Time) on [●], 2024. If the Court confirms the Plan, you will be bound by the Plan regardless of whether you vote.

**You may access the e-ballot platform on the case website maintained by the Voting Agent at https://www.kccllc.net/Eletson. Click on the "Submit E-Ballot" link and follow the directions to submit your electronic ballot. Holders are encouraged to submit their Ballot via the e-ballot platform. If you**

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

**choose to submit your Ballot via the e-ballot platform you should NOT submit your hard copy Ballot as well.  Please choose only one form of return of your Ballot.**

<u>Item 1</u>. **Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of Azure Guaranty Claims against the following Debtors in the following aggregate unpaid principal amount (insert amount in box below):

<div style="border:1px solid black; padding:10px;">

Class:  5

Debtor(s):  (see chart below)

Aggregate Claim Amount:  $_____

</div>

| Class | Debtors |
|-------|---------|
| 5 | **Debtor**<br>Eletson Holdings Inc.<br>Eletson Finance (US) LLC<br>Agathonissos Finance LLC |

<u>Item 2</u>.  **Vote on Plan.**

The Holder of Azure Guaranty Claims against the Debtors set forth in <u>Item 1</u> votes to (please check one):

| ☐ | **ACCEPT** (vote FOR) the Plan | ☐ | **REJECT** (vote AGAINST) the Plan |
|---|---|---|---|

Any Ballot that is executed by the Holder of a Claim that is not marked to accept or reject the Plan or is marked both to accept and reject the Plan will not be counted.

<u>Item 3</u>.  Certifications.

By signing this Ballot, the undersigned certifies to the Court and the Plan Proponents that:

(a)     either:  (i) the Entity is the Holder of the Azure Guaranty Claims being voted, or (ii) the Entity is an authorized signatory for an Entity that is a Holder of the Azure Guaranty Claims being voted;

(b)     the Entity has received a copy of the Disclosure Statement and has received a copy of the Solicitation Package, and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein; and

(c)     no other Ballots with respect to the amount of the Azure Guaranty Claims identified in <u>Item 1</u> have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier Ballots are hereby revoked.

```
Name of Holder:        _____
                              (Print or Type)
Social Security (Last 4 Digits)
or Federal Tax Identification Number: _____

Signature:             _____
Name of Signatory:     _____
                              (If Other Than Holder)
Title:                 _____
Address:               _____
                       _____
                       _____
                       _____
Email:                 _____
Date Completed:        _____
```

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND
RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED (OR OTHERWISE IN ACCORDANCE
WITH THE SOLICITATION PROCEDURES) VIA REGULAR MAIL, COURIER OR DELIVERY
SERVICES TO:**

Eletson Holdings Inc., *et al.*, Ballot Processing
Center c/o KCC, 222 N. Pacific Coast Highway,
Suite 300, El Segundo, California 90245

Email: https://www.kccllc.net/Eletson/inquiry
Telephone: 888-647-1737 (Domestic) or 310-751-
2624 (International)

**<u>OR</u>**

**<u>ELECTRONICALLY VIA THE VOTING AGENT'S E-BALLOT PLATFORM
HTTPS://WWW.KCCLLC.NET/ELETSON</u>**

By electronic, online submission:

Please visit https://www.kccllc.net/Eletson. Click on the "Submit E-Ballot Form" section of the Case Website and follow the directions to submit your electronic Ballot. If you choose to submit your Ballot via the Voting Agent's e-ballot system, you should not also return a hard copy of your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized Ballot:

Unique E-Ballot ID#: _____

PIN#: _____

"E-Balloting" is the sole manner in which this Ballot will be accepted via electronic or online transmission. Ballots submitted by facsimile or email will not be counted. Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.

**PLEASE ALLOW SUFFICIENT TIME FOR THE VOTING AGENT TO RECEIVE THIS BALLOT PRIOR TO VOTING DEADLINE ON [●], 2024 [●] AT [●].M. PREVAILING EASTERN TIME.**

| Class 5– Azure Guaranty Claims |
| --- |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.    The Plan Proponents are soliciting the votes of Holders of Class 5 Azure Guaranty Claims with respect to the Plan. Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order as applicable.

**PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**PLEASE ALLOW SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THE BALLOT.**

2.    **The Court may confirm the Plan and thereby bind you to the terms of the Plan, if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in each Impaired Class of Claims entitled to vote on the Plan. In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if it finds that the Plan accords fair and equitable treatment to the Class or Classes that have rejected the Plan and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. Please review the Disclosure Statement for more information.**

3.    To ensure that your vote is counted, you must: (a) complete the Ballot; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) sign and return the Ballot so that it is actually received by the Voting Agent prior to the Voting Deadline at:

> Eletson Holdings Inc., *et al.*, Ballot Processing Center c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, California 90245
>
> Email: https://www.kccllc.net/Eletson/inquiry
> Telephone: 888-647-1737 (Domestic) or 310-751-2624 (International)

4.    If a Ballot or the information requested therein is received after the Voting Deadline, and if the Voting Deadline is not extended, it will not be counted unless otherwise determined by the Plan Proponents and approved by the Court. Additionally, the following Ballots **will NOT be counted:**

- any Ballot (or group of Ballots with respect to Claims in a class received from a single creditor) that partially rejects and partially accepts the Plan;

- any Ballot received after the Voting Deadline, even if postmarked before the Voting Deadline (except as expressly provided herein or in the event that the Voting Deadline is extended by the Plan Proponents);

- any Ballot sent by facsimile, e-mail, or any other electronic means (except for the mechanism provided on the Case Website or as otherwise noted);

- any Ballot sent to the Plan Proponents, the Plan Proponents' agents (other than the Voting Agent), or the Plan Proponents' legal advisors;

1

- any Ballot that is properly completed, executed, and timely returned to the Voting Agent but does not indicate an acceptance or rejection of the Plan;

- any Ballot that is properly completed, executed, and timely returned to the Voting Agent but indicates both an acceptance and a rejection of the Plan;

- any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Azure Guaranty Claim;

- any Ballot not bearing an original signature on the line adjacent to the "Signature:" label in the certification section therein;

- any form of a Ballot other than the official form sent by the Voting Agent or a copy of the official form;

- Any vote included on any Ballot cast by an Entity that does not hold the Azure Guaranty Claims; and

- any Ballot submitted by any Entity not entitled to vote pursuant to the Solicitation Procedures.

5. If multiple Ballots are received from the Holder of a Claim in respect to the same Claim prior to the Voting Deadline, the last valid executed Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot.

6. You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote.

7. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, Holder of Claims should not surrender certificates or instruments representing or evidencing their Claims, and the Plan Proponents will not accept delivery of any such certificates or instruments surrendered.

8. This Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

9. <u>Please be sure to sign and date your Ballot.</u> If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, Plan Proponents, or the Court, must submit proper evidence to the requesting party of your authority to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

10. If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class. Each Ballot votes only your Claims indicated on that ballot, so please complete and return each Ballot you received.

11. After the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Plan Proponents and approval of the Court.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT,
THESE BALLOT INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL
THE VOTING AGENT AT: 888-647-1737 (DOMESTIC) OR 310-751-2624 (INTERNATIONAL)
OR VIA EMAIL AT HTTPS://WWW.KCCLLC.NET/ELETSON/INQUIRY.

PLEASE NOTE THAT THE VOTING AGENT IS NOT AUTHORIZED
TO PROVIDE, AND WILL NOT PROVIDE, LEGAL OR FINANCIAL ADVICE.

---

**IF THE VOTING AGENT DOES NOT <u>ACTUALLY RECEIVE</u> YOUR
VOTE PRIOR TO THE VOTING DEADLINE, WHICH IS [●] [●].M.
PREVAILING EASTERN TIME ON [●], 2024, AND IF THE VOTING
DEADLINE IS NOT EXTENDED, YOUR VOTE WILL NOT BE COUNTED.**

# EXHIBIT "5"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                                    :
In re:                                              :        Chapter 11
                                                    :
ELETSON HOLDINGS INC., et al.,                      :        Case No. 23-10322 (JPM)
                                                    :
                                                    :        (Jointly Administered)
                                    Debtors.[1]     :
                                                    :
-------------------------------------------------------------x

## BALLOT FOR ACCEPTING OR REJECTING PETITIONING CREDITORS' JOINT CHAPTER 11 PLAN OF REORGANIZATION OF ELETSON HOLDINGS INC. AND ITS AFFILIATED DEBTORS

### Ballot for Class 6 – Corp. Guaranty Claims

PLEASE READ AND FOLLOW
THE ENCLOSED INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED TO THE VOTING AGENT PRIOR TO [●] [●].M. (PREVAILING EASTERN TIME) ON [●], 2024 (THE "<u>VOTING DEADLINE</u>").**

On March 7, 2023 (the "<u>Petition Date</u>"), Pach Shemen LLC ("<u>Pach Shemen</u>"), VR Global Partners, L.P. ("<u>VR Global</u>"), and Alpine Partners (BVI) L.P (collectively, the "<u>Initial Petitioning Creditors</u>") commenced chapter 7 cases against Eletson Holdings Inc. ("<u>Eletson Holdings</u>"), Eletson Finance (US) LLC ("<u>Eletson Finance</u>") and Agathonissos Finance LLC ("<u>Eletson MI</u>" and, together with Eletson Holdings and Eletson Finance, the "<u>Debtors</u>") by filing involuntary petitions (the "<u>Involuntary Petitions</u>") pursuant to section 303 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>" or the "<u>Court</u>"). The Involuntary Petitions were later joined by, among others, Gene Goldstein, Gene Goldstein in his capacity as Trustee of the Gene B. Goldstein and Francine T. Goldstein Family Trust (the "<u>Goldstein Family Trust</u>"), Tracy Gustafson, Jason Chamness, Ron Pike, Mark Millet, in his capacity as Trustee of the Millet 2016 Irrevocable Trust (the "<u>Millet 2016 Trust</u>"), Mark Millet, in his capacity as Trustee of the Mark E. Millet Living Trust (the "<u>Millet Living Trust</u>"), and Robert Latter (collectively, the "<u>Joining Creditors</u>" and, together with the Initial Petitioning Creditors, the "<u>Petitioning Creditors</u>" or the "<u>Plan Proponents</u>"). The Involuntary Petition was also joined by New Agathonissos Finance ("<u>NAF</u>") and Wilmington Savings Fund Society, FSB, the trustee and collateral agent for the First Preferred Ship Mortgage Notes due January 15, 2022. *See* Docket Nos. 92 and 102.

By order of the Bankruptcy Court, on September 25, 2023 (the "<u>Conversion Date</u>"), the Debtors' cases were voluntarily converted, at the Debtors' request, to cases under chapter 11 of the Bankruptcy Code (these "<u>Chapter 11 Cases</u>").

The Petitioning Creditors are soliciting votes regarding the *Petitioning Creditors' Joint Chapter 11 Plan of Reorganization of Eletson Holdings Inc. and its Affiliated Debtors* [Docket No. [●]] (as it may be amended, modified, and/or supplemented from time to time, the "<u>Plan</u>"), as set forth in the *Disclosure*

---

[1]   The Debtors in these cases are: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC.  The address of the Debtors' corporate headquarters is 118 Kolokotroni Street, GR 185 35 Piraeus, Greece.  The Debtors' mailing address is c/o Eletson Maritime, Inc., 1 Landmark Square, Suite 424, Stamford, Connecticut 06901.

*Statement in Support of Petitioning Creditors' Joint Chapter 11 Plan of Reorganization of Eletson Holdings Inc. and its Affiliated Debtors* [Docket No. [●]] (as it may be amended, modified, and/or supplemented from time to time, the "Disclosure Statement").  Pursuant to the *Order (I) Approving Certain Key Dates Relating to Confirmation of the Petitioning Creditors' Plan, Including Scheduling a Hearing to Consider Approval of Petitioning Creditors' Plan; (II) Approving the Form and Manner of the Confirmation Hearing Notice; (III) Approving Petitioning Creditors' Disclosure Statement and Notice Thereof; (IV) Approving (A) Procedures for Solicitation; (B) Forms of Ballots; (C) Procedures for Tabulation of Votes; and (D) Procedures for Objections; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* [Docket No. [●]] (the "Disclosure Statement Order") entered on [____] [__], 2024, the Bankruptcy Court has (a) found that the Disclosure Statement contains "adequate information" as set forth in section 1125 of the Bankruptcy Code and approved the Disclosure Statement, (b) authorized the Petitioning Creditors to solicit votes with respect to the acceptance or rejection of the Plan, (c) approved the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages") for Holders of Claims entitled to vote on the Plan, (d) approved the procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan, and (e) approved procedures for providing notice to Holders of Claims in the Non-Voting Classes.[2]

You are receiving this Ballot because as of [●], 2024 (the "Voting Record Date"), you may be a Holder of Corp. Guaranty Claims under the Plan.  Accordingly, if you continued to hold your Corp. Guaranty Claims as of the Voting Record Date, you will have a right to vote to accept or reject the Plan.

Your rights are described in the Plan and accompanying Disclosure Statement.  You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim(s).  The Disclosure Statement and the Plan can be accessed via contacting the Voting Agent: (a) in writing at Eletson Holdings Inc., *et al.*, Ballot Processing Center c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, California 90245, (b) via email at https://www.kccllc.net/Eletson/inquiry, or (c) by telephone at 888-647-1737 (Domestic) or 310-751-2624 (International).  **Please be advised that the Voting Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may not advise you whether you should vote to accept or reject the Plan.**

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Plan Proponents' counsel immediately at (212) 594-5000.

You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification of your Claim.  Your Claim is entitled to the treatment afforded to the Class 6 Corp. Guaranty Claims under the Plan.

To ensure that your vote is counted, you must:  (a) complete this Ballot; (b) clearly indicate your decision either to accept or reject the Plan in the appropriate box below;  and (c) sign and return this Ballot either (i) via the Voting Agent's online electronic balloting platform or (ii) by delivering a paper copy via regular mail, courier, or delivery services to the Voting Agent at Eletson Holdings Inc., *et al.*, Ballot Processing Center c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, California 90245 so that it is received by the Voting Deadline, which is [●] [●].m. (prevailing Eastern Time) on [●], 2024.  If the Court confirms the Plan, you will be bound by the Plan regardless of whether you vote.

**You may access the e-ballot platform on the case website maintained by the Voting Agent at https://www.kccllc.net/Eletson.  Click on the "Submit E-Ballot" link and follow the directions to submit your electronic ballot.  Holders are encouraged to submit their Ballot via the e-ballot platform.**

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

**If you choose to submit your Ballot via the e-ballot platform you should NOT submit your hard copy Ballot as well.  Please choose only one form of return of your Ballot.**

<u>Item 1</u>. **Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of Corp. Guaranty Claims against the following Debtors in the following aggregate unpaid principal amount (insert amount in box below):

---

Class:  6
Debtor(s):  (see chart below)
Aggregate Claim Amount:  $_____

---

| Class | Debtors |
|-------|---------|
| 6 | **<u>Debtor</u>**<br>Eletson Holdings Inc.<br>Eletson Finance (US) LLC<br>Agathonissos Finance LLC |

<u>Item 2</u>.  **Vote on Plan.**

The Holder of Corp. Guaranty Claims against the Debtors set forth in <u>Item 1</u> votes to (please check one):

---

| ☐ | **ACCEPT** (vote FOR) the Plan | ☐ | **REJECT** (vote AGAINST) the Plan |

---

Any Ballot that is executed by the Holder of a Claim that is not marked to accept or reject the Plan or is marked both to accept and reject the Plan will not be counted.

<u>Item 3</u>.  Certifications.

By signing this Ballot, the undersigned certifies to the Court and the Plan Proponents that:

(a)     either:  (i) the Entity is the Holder of the Corp. Guaranty Claims being voted, or (ii) the Entity is an authorized signatory for an Entity that is a Holder of the Corp. Guaranty Claims being voted;

(b)     the Entity has received a copy of the Disclosure Statement and has received a copy of the Solicitation Package, and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein; and

(c)     no other Ballots with respect to the amount of the Corp. Guaranty Claims identified in <u>Item 1</u> have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier Ballots are hereby revoked.

Name of Holder: _____
                          (Print or Type)

Social Security (Last 4 Digits)
or Federal Tax Identification Number: _____

Signature: _____

Name of Signatory: _____
                          (If Other Than Holder)

Title: _____

Address: _____

_____

_____

_____

Email: _____

Date Completed: _____

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND
RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED (OR OTHERWISE IN ACCORDANCE
WITH THE SOLICITATION PROCEDURES) VIA REGULAR MAIL, COURIER OR DELIVERY
SERVICES TO:**

Eletson Holdings Inc., *et al.*, Ballot Processing
Center c/o KCC, 222 N. Pacific Coast Highway,
Suite 300, El Segundo, California 90245

Email: https://www.kccllc.net/Eletson/inquiry
Telephone: 888-647-1737 (Domestic) or 310-751-
2624 (International)

<u>OR</u>

<u>ELECTRONICALLY VIA THE VOTING AGENT'S E-BALLOT PLATFORM
HTTPS://WWW.KCCLLC.NET/ELETSON</u>

By electronic, online submission:

Please visit https://www.kccllc.net/Eletson. Click on the "Submit E-Ballot Form" section of the Case Website and follow the directions to submit your electronic Ballot. If you choose to submit your Ballot via the Voting Agent's e-ballot system, you should not also return a hard copy of your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized Ballot:

Unique E-Ballot ID#: _____

PIN#: _____

"E-Balloting" is the sole manner in which this Ballot will be accepted via electronic or online transmission. Ballots submitted by facsimile or email will not be counted. Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.

**PLEASE ALLOW SUFFICIENT TIME FOR THE VOTING AGENT TO RECEIVE THIS BALLOT PRIOR TO VOTING DEADLINE ON [●], 2024 [●] AT [●].M. PREVAILING EASTERN TIME.**

.

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Plan Proponents are soliciting the votes of Holders of Class 6 Corp. Guaranty Claims with respect to the Plan.  Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order as applicable.

   **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

   **PLEASE ALLOW SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THE BALLOT.**

2. **The Court may confirm the Plan and thereby bind you to the terms of the Plan, if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in each Impaired Class of Claims entitled to vote on the Plan.  In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if it finds that the Plan accords fair and equitable treatment to the Class or Classes that have rejected the Plan and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.**

3. To ensure that your vote is counted, you must:  (a) complete the Ballot; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) sign and return the Ballot so that it is actually received by the Voting Agent prior to the Voting Deadline at:

   > Eletson Holdings Inc., *et al.*, Ballot Processing Center c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, California 90245
   >
   > Email: https://www.kccllc.net/Eletson/inquiry
   > Telephone: 888-647-1737 (Domestic) or 310-751-2624 (International)

4. If a Ballot or the information requested therein is received after the Voting Deadline, and if the Voting Deadline is not extended, it will not be counted unless otherwise determined by the Plan Proponents and approved by the Court.  Additionally, the following Ballots **will NOT be counted:**

   ▪ any Ballot (or group of Ballots with respect to Claims in a class received from a single creditor) that partially rejects and partially accepts the Plan;

   ▪ any Ballot received after the Voting Deadline, even if postmarked before the Voting Deadline (except as expressly provided herein or in the event that the Voting Deadline is extended by the Plan Proponents);

   ▪ any Ballot sent by facsimile, e-mail, or any other electronic means (except for the mechanism provided on the Case Website or as otherwise noted);

   ▪ any Ballot sent to the Plan Proponents, the Plan Proponents' agents (other than the Voting Agent), or the Plan Proponents' legal advisors;

- any Ballot that is properly completed, executed, and timely returned to the Voting Agent but does not indicate an acceptance or rejection of the Plan;

- any Ballot that is properly completed, executed, and timely returned to the Voting Agent but indicates both an acceptance and a rejection of the Plan;

- any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Corp. Guaranty Claim;

- any Ballot not bearing an original signature on the line adjacent to the "Signature:" label in the certification section therein;

- any form of a Ballot other than the official form sent by the Voting Agent or a copy of the official form;

- Any vote included on any Ballot cast by an Entity that does not hold the Corp. Guaranty Claims; and

- any Ballot submitted by any Entity not entitled to vote pursuant to the Solicitation Procedures.

5.  If multiple Ballots are received from the Holder of a Claim in respect to the same Claim prior to the Voting Deadline, the last valid executed Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot.

6.  You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote.

7.  The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, Holder of Claims should not surrender certificates or instruments representing or evidencing their Claims, and the Plan Proponents will not accept delivery of any such certificates or instruments surrendered.

8.  This Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

9.  <u>Please be sure to sign and date your Ballot.</u> If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, Plan Proponents, or the Court, must submit proper evidence to the requesting party of your authority to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

10. If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class. Each Ballot votes only your Claims indicated on that ballot, so please complete and return each Ballot you received.

11. After the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Plan Proponents and approval of the Court.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT,
THESE BALLOT INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL
THE VOTING AGENT AT: 888-647-1737 (DOMESTIC) OR 310-751-2624 (INTERNATIONAL)
OR VIA EMAIL AT HTTPS://WWW.KCCLLC.NET/ELETSON/INQUIRY.

PLEASE NOTE THAT THE VOTING AGENT IS NOT AUTHORIZED
TO PROVIDE, AND WILL NOT PROVIDE, LEGAL OR FINANCIAL ADVICE.

---

**IF THE VOTING AGENT DOES NOT <u>ACTUALLY RECEIVE</u> YOUR
VOTE PRIOR TO THE VOTING DEADLINE, WHICH IS [●] [●].M.
PREVAILING EASTERN TIME ON [●], 2024, AND IF THE VOTING
DEADLINE IS NOT EXTENDED, YOUR VOTE WILL NOT BE COUNTED.**

# EXHIBIT "6"

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Kyle J. Ortiz
Bryan M. Kotliar
Martha E. Martir
Amanda C. Glaubach

*Counsel for Pach Shemen LLC, VR Global Partners, L.P., Alpine Partners (BVI), L.P., Gene B.
Goldstein, Gene B. Goldstein, In His Capacity as Trustee of the Gene B. Goldstein and Francine T.
Goldstein Family Trust, Mark Millet, In His Capacity as Trustee of the Mark E. Millet Living Trust,
Mark Millet, In His Capacity as Trustee of the Millet 2016 Irrevocable Trust, Robert Latter, Tracy Lee
Gustafson, Jason Chamness, and Ron Pike* (collectively, the "*Petitioning Creditors*")

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ELETSON HOLDINGS INC., et al., | : | Case No. 23-10322 (JPM) |
| | : | |
| | : | (Jointly Administered) |
| Debtors.[1] | : | |
| | : | |

---------------------------------------------------------------x

## NOTICE OF DISCLOSURE STATEMENT HEARING

TO ALL PARTIES IN INTEREST:

      **PLEASE TAKE NOTICE THAT** on March 26, 2024, the Petitioning
Creditors filed (a) the *Petitioning Creditors' Joint Chapter 11 Plan of Reorganization of
Eletson Holdings Inc. and its Affiliated Debtors* [Docket No. 531] (as it may be amended,
modified, and/or supplemented from time to time, the "Plan") and (b) the related
disclosure statement [Docket No. 532] (as it may be amended, modified, and/or
supplemented from time to time, the "Disclosure Statement").[2]

      **PLEASE TAKE FURTHER NOTICE THAT** on April 10, 2024, the
Petitioning Creditors filed the *Petitioning Creditors' Motion for Entry of an Order (I)
Approving Certain Key Dates Relating to Confirmation of the Petitioning Creditors' Plan,
Including Scheduling a Hearing to Consider Approval of Petitioning Creditors' Plan; (II)*

---

[1]    The Debtors in these cases are: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos
Finance LLC. The address of the Debtors' corporate headquarters is 118 Kolokotroni Street, GR 185
35 Piraeus, Greece. The Debtors' mailing address is c/o Eletson Maritime, Inc., 1 Landmark Square,
Suite 424, Stamford, Connecticut 06901.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in
the Plan or Disclosure Statement, as applicable.

*Approving the Form and Manner of the Confirmation Hearing Notice; (III) Approving Petitioning Creditors' Disclosure Statement and Notice Thereof; (IV) Approving (A) Procedures for Solicitation; (B) Forms of Ballots; (C) Procedures for Tabulation of Votes; and (D) Procedures for Objections; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* (the "Disclosure Statement Motion").  Pursuant to the Disclosure Statement Motion, the Petitioning Creditors are seeking entry of an order, substantially in the form attached as **Exhibit A** to the Motion (the "Proposed Solicitation Order"), (a) for a determination that the Disclosure Statement contains "adequate information" within the meaning ascribed to such term in section 1125 of the Bankruptcy Code and (b) approving the Disclosure Statement and the procedures, dates, and deadlines related to confirmation of the Plan.

PLEASE TAKE FURTHER NOTICE THAT a hearing (the "Hearing") to consider approval of the Motion and entry of the Proposed Solicitation Order will be held before the Honorable John P. Mastando III, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408 (the "Court") **on May 8, 2024 at 10:00 a.m. (prevailing Eastern Time**) to consider entry of an order approving the Motion.

PLEASE TAKE FURTHER NOTICE THAT the Hearing will take place virtually via Zoom.  Those wishing to participate in the Hearing in person may appear before the Court.  For those wishing to participate remotely, in accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government.  Parties wishing to appear at the Confirmation Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance (an "eCourtAppearance") through the Court's website at https://ecf.nysb.uscourts.gov/cgibin/nysbAppearances.pl.  Electronic appearances (eCourtAppearances) need to be made by **4:00 p.m. (prevailing Eastern Time) the business day before the Hearing (***i.e.***, on May 7, 2024).**

PLEASE TAKE FURTHER NOTICE THAT in accordance with the Disclosure Statement Order, objections, if any, to the Disclosure Statement Motion must be made in writing and filed with the Court and served so as to be actually received by the following parties no later than **May 1, 2024, at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline")** by the following parties (collectively, the "Notice Parties"):

(i)     counsel to the Petitioning Creditors, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, Attn:  Kyle J. Ortiz, Esq. (kortiz@teamtogut.com) and Bryan M. Kotliar, Esq. (bkotliar@teamtogut.com);

(ii)    the U.S. Trustee, Office of the United States Trustee, Alexander Hamilton Custom House, One Bowling Green, New York, NY 10004, Attn.: Daniel Rudewicz, Esq. (Daniel.Rudewicz@usdoj.gov);

(iii)   counsel to the Creditors' Committee, Dechert LLP, 1095 Avenue of Americas, New York, NY 10036, Attn:  David

Herman, Esq. (david.herman@dechert.com) and Stephen Zide, Esq. (stephen.zide@dechert.com); and

(iv)     any other party which has filed a request for notice in these Chapter 11 Cases.

**PLEASE TAKE FURTHER NOTICE THAT IF AN OBJECTION TO THE DISCLOSURE STATEMENT IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE DISCLOSURE STATEMENT MOTION AND MAY NOT BE HEARD AT THE HEARING.**

**PLEASE TAKE FURTHER NOTICE THAT** the Hearing may be adjourned from time to time without further notice to parties in interest other than by an announcement in the Court of such adjournment or as indicated in any notice of agenda of matters scheduled for the Hearing filed by the Petitioning Creditors with the Court.

**PLEASE TAKE FURTHER NOTICE THAT** an electronic copy of the Disclosure Statement and the Plan (and all of the exhibits thereto) may be obtained free of charge by visiting the Case Website https://www.kccllc.net/Eletson.  In addition, copies of the Disclosure Statement and Plan are on file with the Office of the Clerk of the Court (One Bowling Green, New York, NY 10004-1408) for review during normal business hours.  Parties may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at:  http://www.nysb.uscourts.gov.  Note that a PACER password and login are needed to access documents on the Bankruptcy Court's website. A PACER password can be obtained at: www.pacer.psc.uscourts.gov.

Dated: April 10, 2024
New York, New York

Respectfully submitted,

TOGUT, SEGAL & SEGAL LLP

*/s/ Kyle J. Ortiz*
Kyle J. Ortiz
Bryan M. Kotliar
Martha E. Martir
Amanda C. Glaubach
One Penn Plaza
New York, New York 10119
(212) 594-5000
Email:  kortiz@teamtogut.com
          bkotliar@teamtogut.com
          aglaubach@teamtogut.com
          mmartir@teamtogut.com

*Counsel for the Petitioning Creditors*

3