# TOGUT, SEGAL & SEGAL LLP

ONE PENN PLAZA
NEW YORK, NEW YORK 10119

—

WWW.TOGUTLAWFIRM.COM

—

(212) 594–5000

KYLE J. ORTIZ
(212) 201–6582
KORTIZ@TEAMTOGUT.COM

May 28, 2024

**<u>VIA EMAIL</u>**

Honorable John P. Mastando III
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

Re:    *In re Eletson Holdings Inc.*, Case No. 23-10322 (JPM)

Dear Judge Mastando:

We write on behalf of the Petitioning Creditors in the above-referenced Chapter 11 cases, in connection with the Debtors' May 24, 2024 letter [Docket No. 717] to the Court concerning their disclosure statement (the "<u>Letter</u>").

Respectfully, the Letter makes clear that Your Honor should immediately enter the order approving the Petitioning Creditors' disclosure statement for solicitation, as well as appoint a Chapter 11 Trustee, so that these cases can meaningfully progress.[1]  As set forth below, the Debtors' plan and disclosure statement process is being conducted in bad faith and with a singular focus on returning value to insider family members instead of creditors – a fact reinforced by the Debtors' own words in the Letter.

The Letter suggests that the Debtors are planning to drop their facially improper Gas Ownership Claims Settlement (after being called out for trying to sneak it in through a last-minute revision to their disclosure statement), and instead to contribute the Collections Contribution (defined as "contributions of collections from the

---

[1]    If a Trustee is appointed, the Petitioning Creditors would be willing to hold their solicitation for a reasonable time until the Trustee has had a chance to get up to speed and evaluate/comment on the Petitioning Creditors' proposed plan.  The Trustee would also be able to comment on the Debtors' plan and disclosure statement, and determine, as a real fiduciary, whether that plan is in the best interest of the estates.

TOGUT, SEGAL & SEGAL LLP

Honorable John P. Mastando III
United States Bankruptcy Court
May 28, 2024
Page 2

arbitration award issued against Levona Holdings from non-Debtor entities").[2]  This
demonstrates a remarkable level of chutzpah because the Collections Contribution
would already be property of the estate had the Debtors' insiders not fraudulently
looted it from the estates after the petition date.  As Judge Liman explained:

> It could be argued that Eletson—by asking at the last minute that damages
> be paid to [Gas] and not to itself—transferred a claim that belonged to the
> estate or an entity owned by the estate to a non-debtor and that the
> damages awarded to [Gas] should instead be for the benefit of the
> creditors of Holdings, but the Court need not now address that issue (if it
> ever needs to be addressed).

*Eletson Holdings, Inc. v. Levona Holdings Ltd.*, No. 23-CV-7331 (LJL), 2024 WL 1724592, at
*38 (S.D.N.Y. Apr. 19, 2024).

The Debtors want credit for magnanimously contributing property that should
already belong to the estate pursuant to (i) a purported agreement between conflicted
parties that effectuated the fraudulent transfer, and (ii) the efforts of counsel who
assisted in the fraud while simultaneously representing the Debtors here.  The Court
must put a stop to these antics.[3]

There is no reason to give the Debtors additional time.  The Debtors had 180 days
of exclusivity to figure out (and engage with creditors on) a confirmable plan and
disclosure statement.  They squandered that period, proposed an un-marketed new
value plan, and then let exclusivity lapse when they realized their plan was otherwise
doomed.  The law provides the Debtors with no right to use their delay tactics to hold
up an approved disclosure statement such as the Petitioning Creditors', which treats
creditors equally and maximizes value.  The current situation is the consequence of the
Debtors' bad faith, gross mismanagement, and negligence.

Further, all of the Debtors' statements at the May 15, 2024 hearing about wanting
competing plans to maximize value have been exposed as bluster.  The reality is that,
when faced with competition, the Debtors have been unwilling to engage regarding an
overbid, or even to answer the fundamental question of who the proper fiduciary is to
submit an overbid offer to.  See Exhibit A.  The difficulty the Debtors are having
answering this basic question highlights the need for a Chapter 11 Trustee in these
cases.  Nothing about the past fourteen months demonstrates that the Debtors' insider
family members (whose many hats in this plan process include buyer, seller, and target

---

[2]    Under the Petitioning Creditors' proposed plan, the entirety of the claims against Levona are
preserved for the reorganized Debtors, with settlement authority left to an independent director, not
the targets of a fraudulent-transfer action.

[3]    This is just the latest effort to undo the Stay Order, which requires parties to return to this Court prior
to any enforcement of an award.  Docket No. 48 ¶ 4.  The Debtors are attempting to skip the
fraudulent transfer question regarding this portion of the award.

TOGUT, SEGAL & SEGAL LLP

Honorable John P. Mastando III
United States Bankruptcy Court
May 28, 2024
Page 3

of the largest retained cause of action) are able to fairly evaluate competing bids consistent with their fiduciary duties.[4]  Simply put, they are hopelessly conflicted.

\*       \*       \*

It has been nearly two weeks since the May 15, 2024 disclosure statement hearing, with no progress whatsoever, after the Debtors' claimed they needed "not [] more than a week" to fix the problems identified at the hearing.  May 15, 2024 Tr. 107:6-10.

And it was the Debtors who claimed two months ago during the Trustee Motion trial that the process was working and that these cases were on track to neatly wrap up in "60 to 90 days."  April 9, 2024 Tr. 120:1-2.  Yet all the Debtors have done since then is cause further delay, with no resolution in sight.  Creditors will ultimately bear the costs of allowing the Debtors to continue squandering chance after chance as they ceaselessly search for ways to keep the Debtors' value for their insiders without legitimately addressing their obligations to their creditors.  There is no reason that this cat-and-mouse game should be allowed to continue.  It is time for these cases to move forward with a Trustee and solicitation of the Petitioning Creditors' plan.

Respectfully submitted,

TOGUT, SEGAL & SEGAL LLP
By:

/s/ Kyle J. Ortiz

Kyle J. Ortiz
A Member of the Firm

---

[4]    Indeed, if a Chapter 11 Trustee is appointed, the family members could continue to seek approval to solicit any plan proposal they wish free of fiduciary duties to the estates.

## EXHIBIT A

**From:** Kyle Ortiz kortiz@teamtogut.com  📎
**Subject:** Re: Eletson -
**Date:** May 23, 2024 at 6:10 PM
**To:** Baker, Derek J.  DBaker@reedsmith.com
**Cc:** Pille, Ann E.  APille@ReedSmith.com, Solomon, Louis M.  LSolomon@reedsmith.com, Brian Shaughnessy
bshaughnessy@teamtogut.com, Bryan Kotliar  bkotliar@teamtogut.com, Martha Martir  mmartir@teamtogut.com, Zide, Stephen
Stephen.Zide@dechert.com, Herman, David  David.Herman@dechert.com

Derek,

Following up on the below.  Please let us know the status of any additional improvements (as the Debtors' letter stated are in the
works) and the proper fiduciary for us to make an overbid to.  Separately, have you reached out to the Court for a hearing date next
week?

Best regards,

Kyle

Kyle J. Ortiz l Partner
Togut, Segal & Segal LLP
One Penn Plaza l Suite 3335 l New York, NY  10119
Direct: (212) 201-6582 l Cell (646) 531-5404
Email: kortiz@teamtogut.com
http://www.togutlawfirm.com

**TOGUT SEGAL & SEGAL LLP**

On May 20, 2024, at 8:45 PM, Kyle Ortiz <kortiz@teamtogut.com> wrote:

Derek,

Thank you for reply.  Yes, we are proposing making an overbid under the Shareholder construct with PS or an affiliate acquiring
100% of the shares (with proceeds going to creditors consistent with your waterfall).

Separately, we do not think the Court has made any determinations with regard to your disclosure statement.  We understood him to
be holding solicitation of the creditor plan to see if the Debtors' disclosure statement issues can be resolved (so as not to have two
different solicitations *if* your DS is approved), but was clear that there would be another hearing on the Debtors' disclosure
statement after any additional submission are made and can be reviewed by all parties and the Court.

See the highlighted passage below from page 104 of the attached transcript.

*motion, which is found at docket number 574, and there's a lot*
*5 of filings that go along with that, and the rights offering*
*6 motion which is found in docket 592 -- and again, there are a*
*7 number of filings that go along with that -- and noting that*
*8 there was no objection, I will grant the motions. **But I will***
***9 not yet enter the order subject the filing by the debtors of***
***10 the amendments and revisions that have been discussed here***
***11 today the commitment letter, the proposed committee letter, et***
***12 cetera, the other changes that have been referenced.***
***13 And I will continue this hearing as to the debtors'***
***14 motion until everyone has a chance to review those and the***
***15 Court does as well. I will continue it to a time to be***
***16 determined based on when the submissions are made. Next week***
***17 I'm in a jury trial in the District Court, so we may actually***
***18 meet at 500 Pearl if needed. But we'll see what's submitted***
***19 and when. And then we'll determine how to proceed.***

We look forward to your response on the status of the Debtors' additional improvements, the proper recipients for an overbid, and
details of the process under which the Debtors will ensure independent evaluation of such overbid. Thank you.

Best regards,

Kyle

Kyle J. Ortiz l Partner
Togut, Segal & Segal LLP
One Penn Plaza l Suite 3335 l New York, NY  10119
Direct: (212) 201-6582 l Cell (646) 531-5404
Email: kortiz@teamtogut.com
http://www.togutlawfirm.com

<image.png>

On May 20, 2024, at 7:04 PM, Baker, Derek J. <DBaker@reedsmith.com> wrote:

Kyle.

Thanks for your note.  I was out most of the day on some other cases/meetings and so I'm just now catching up. The debtors
professionals have been having discussions with the shareholders professionals over the last several days to confirm the extent
of the additional improvements that the shareholders propose as part of their shareholder new value contribution and plan.  We
expect to provide that to the committee once we have final authorization to do so.

If I understand your email correctly, are you suggesting that Pach shemen is  interested in making a proposal on the same terms
as the shareholders, but that the Pack Shemen  would be the acquirer of the shares upon reorganization - And would contribute
funds to satisfy the various creditor classes in the Debtors plan or are you proposing an alternative structure? I simply ask
because it may impact my answer as to how that proposal should be delivered and how it will be evaluated.

The debtors  and the shareholders obviously disagree about your position on, and in fact, we think the court has already noted
the expectation to provide the debtors/shareholder plan along with the Pach Shemen  plan to creditors for a vote; but if you are
suggesting that you want to talk about a unified structure where the sponsor is either the shareholders or pach shemen, that is
something that I can explore. Can you  let me know?

Derek J. Baker, Esquire
Reed Smith LLP
215–851-8148 (PHL Phone)
609-520-6390 (PRC Phone)
215-285-1600 (cell)
dbaker@reedsmith.com

This email is privileged and confidential. If you are not the intended recipient of this email, please delete the
email and contact the undersigned immediately.

Sent from a mobile device.

Sent with BlackBerry Work
(www.blackberry.com)

---

**From:** Kyle Ortiz <kortiz@teamtogut.com>
**Date:** Monday, May 20, 2024 at 2:45 PM
**To:** Baker, Derek J. <DBaker@ReedSmith.com>, Pille, Ann E. <APille@ReedSmith.com>,
Solomon, Louis M. <LSolomon@reedsmith.com>
**Cc:** Brian Shaughnessy <bshaughnessy@teamtogut.com>, Bryan Kotliar
<bkotliar@teamtogut.com>, Martha Martir <mmartir@teamtogut.com>, Zide, Stephen
<Stephen.Zide@dechert.com>, Herman, David <David.Herman@dechert.com>
**Subject:** Eletson -

**External E-Mail - FROM kortiz@teamtogut.com <kortiz@teamtogut.com>**

---

Derek,

Hope you had a nice weekend.  We wanted to follow up on the hearing last week.  As you are aware,
although we do not believe the two plans are even remotely comparable (and believe that soliciting them
both will create value destructive confusion as opposed to value maximizing competition), we indicated at
the hearing that if the Debtors' plan is allowed to go forward we would be willing to top the current bid under

that construct as a plan sponsor in place of the Shareholders.  As noted at the hearing, our willingness to do so is not because we think the Debtors' plan is a competitive alternative, but is an opportunity to acquire substantially more of the company at a significant discount to our plan proposal if creditors determine that is their preferred construct.

Without significant revisions we still believe the Debtors' plan is unconfirmable and the disclosure statement lacks sufficient information and will continue pressing our objections. We believe creditors will do significantly better under our plan, but if confusion reigns, we want to ensure creditors at least get maximum value under the inferior construct.  If the Debtors proceed to use our overbid under their construct, we are happy to work with the Debtors to update their disclosure statement to address its information deficiencies.

While we continue to believe the value maximizing use of time is for all parties to focus on improvements under the creditors' materially superior plan, we would like to submit an overbid as new plan sponsors for the Debtors' construct.  However, prior to submitting our competing bid, please let us know if the Debtors/Shareholders have made any additional changes (as the Committee encouraged) to the Plan. Finally, please let us know the proper fiduciaries at the Debtors to submit our overbid to so that it can be considered by the Debtors and the process by which it will be treated fairly considering the inherent conflict with the Shareholders.  We have copied counsel to the Committee on this e-mail.  Thank you.

Best regards,

Kyle

Kyle J. Ortiz l Partner
Togut, Segal & Segal LLP
One Penn Plaza l Suite 3335 l New York, NY  10119
Direct: (212) 201-6582 l Cell (646) 531-5404
Email: kortiz@teamtogut.com
http://www.togutlawfirm.com

<image.png>

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

RSUSv12021