quinn emanuel  trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7253**

WRITER'S EMAIL ADDRESS
**isaacnesser@quinnemanuel.com**

May 28, 2024

**VIA ECF**

Honorable John P. Mastando III
United States Bankruptcy Court for the
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   *In re Eletson Holdings, et al.*, Case No. 23-10322 (JPM)

Your Honor:

I write on behalf of Levona Holdings Ltd. in opposition to Debtors' Request To Stay Discovery (ECF 715, the "Stay Request"), which was in turn based on arguments that Debtors asserted for the first time in their opposition (ECF 714, the "Opposition") to Levona's motion to compel (ECF 699). Because the briefing schedule set by the Court did not contemplate a reply submission in connection with Levona's motion to compel, this letter does not address every point in Debtors' Opposition but rather just certain limited issues directly relevant to the Stay Request; we respectfully request leave to file a short reply addressing the other points raised in Debtors' opposition to the motion to compel.

**1.    Binding Second Circuit Authority Prohibits A Stay**

In the Second Circuit, a court may not "consider the legal sufficiency of [collateral estoppel] defenses first," without discovery, as Debtors are requesting (Opp. at 5). Rather, in the circumstances presented here, discovery is *required* before the Court can invoke collateral estoppel to bar any portion of Levona's proof of claim. *PenneCom B.V. v. Merrill Lynch & Co., Inc.*, 372 F.3d 488, 493 (2d Cir. 2004) (reversing district court decision that had granted a motion to dismiss on the basis of the collateral estoppel effect of an arbitration award: "[B]efore the court invokes collateral estoppel to bar [a party] from relitigating [claims] …, [that party] ***must be allowed discovery*** to collect evidence which might support a finding either that [that party] was not afforded a full and fair opportunity to prove its [claim] in the arbitration, or that [the party seeking to invoke collateral estoppel] should be precluded by its own (alleged) misconduct from asserting the equitable doctrine of collateral estoppel.") (emphasis added). That is on its own dispositive of Debtors' request to stay discovery.

**2.    The Stay Request Is Procedurally Defective**

The Stay Request is a procedurally improper effort by Debtors to circumvent the basic rules of motion practice and manipulate the discovery process. The Court should deny a stay for those reasons as well.

***First***, the Stay Request asks to set a briefing schedule on a dispositive motion without identifying any governing legal standard that would permit the filing of such a motion. *Cf.* Fed. R. Bank. P. 9013 ("[a] request for an order … shall be by written motion … [and] *shall state with particularity the grounds therefor*"). Debtors' failure to cite a governing legal standard is no accident, but rather is attributable to the fact that there *is* no such standard. Indeed, by default, under Federal Rule of Bankruptcy Procedure 9014(a) and (c), "[a] claim objection is treated as a contested matter" and thus "subject to standard discovery procedures and disposition on summary judgment." *In re Polaroid Corp.*, 527 B.R. 335, 346 (D. Minn. 2015). The Court should reject Debtors' improper effort to import the motion to dismiss process of Federal Rule of Civil Procedure 12(b) (and hence Bankruptcy Rule 7012) into this contested matter. *See* Fed. R. Bankr. P. 9014(c) (exclusive list of rules applicable to contested matters, which *omits* Rule 7012).

***Second***, the Stay Request, which Debtors filed as a standalone one-paragraph document, is not a motion, is not denominated as a motion, did not set a briefing schedule or hearing date, and if construed as a motion was filed in violation of multiple applicable rules. *See, e.g.*, Fed. R. Bank. P. 9013 ("[a] request for an order … shall be by written motion"); Local Bankr. R. (S.D.N.Y) 5070-1 ("prior to serving a motion … the moving party … must obtain a return date from the assigned Judge's chambers"); Local Bankr. R. (S.D.N.Y.) 7007-1(b) ("No discovery-related motion ... shall be heard unless counsel … first requests an informal conference with the Court and either the request has been denied or the discovery dispute has not been resolved as a consequence of the conference."). This Court's individual rules likewise do not permit a party to file "[r]equests for relief requiring a hearing … without first obtaining a hearing date" or to file a discovery motion before "participat[ing] in a conference with the Court." Importantly, this is not a mere technical concern: In recent correspondence with Levona ***and apparently also with third parties*** on whom Levona served subpoenas, Debtors have falsely characterized their Stay Request as a formal motion to quash, and asserted (incorrectly) that the mere filing of that non-existent motion to quash had the effect of automatically staying discovery. Ex. A at 2. The Court should reject that tactic.

**3.    Debtors Mischaracterize The Substance And History Of Levona's Effort To Obtain The Documents At Issue**

Debtors' request for a stay is based in significant part on mischaracterizations of the facts and history relevant to Levona's past efforts to obtain the discovery at issue in Levona's motion to compel. The following clarification is therefore necessary.

The "majority of the claims" in the arbitration between Eletson and Levona "rest[ed] upon [whether] … Eletson exercise[d] [a] purchase option" as to the preferred shares in Eletson Gas. ECF 249, Ex. D ("Final Award") at 9. Nonetheless, in July 2023, after post-hearing submissions had been filed in the arbitration, Levona learned that Eletson had produced a document to the Petitioning Creditors in this bankruptcy case that (a) contradicted Eletson's stated position in the arbitration regarding its purported exercise of the option and (b) should have been—but had not

2

been—produced to Levona in the arbitration. Levona could not receive or review the document because Eletson had designated it as confidential pursuant to the protective order governing this bankruptcy case. Accordingly, Levona made multiple attempts in multiple forums to obtain access to the wrongfully-withheld document (and additional documents about which Levona later became aware):

- *Arbitration*: In July 2023, Levona asked the arbitrator to order Eletson to produce the wrongfully-withheld document. Eletson opposed the request. The arbitrator denied Levona's request, holding that (a) he lacked authority to require Eletson to "disobey … [the] Protective Order" in the bankruptcy (even though the document at issue belonged to Eletson itself) and (b) Levona, which had not seen the wrongfully-withheld document, had necessarily relied on "conclusory assertions" regarding the document's significance. *See Eletson Holdings Inc. et al. v. Levona Holdings Ltd.*, 23-cv-07331 (LJL) (S.D.N.Y.), ECF 67-53 at 2.

- **District Court**. In early October 2023, Levona asked the District Court to refer the confirmation/vacatur proceeding to this Court pursuant to the Amended Standing Order of Reference. If granted, referral would have converted the vacatur proceeding to a "related Dispute" as defined in the Protective Order and hence would have permitted Levona to review and use the wrongfully withheld documents. Eletson objected to the request. The District Court denied the motion and reconsideration. *Id.*, ECF 36, 39.

- *Bankruptcy Court*. In mid-October 2023, Levona filed a motion in this Court, seeking to modify the Protective Order for the explicit purpose of permitting Levona to use the wrongfully-withheld documents in support of Levona's vacatur petition in the District Court. *See* ECF 230 at 7 ("Because the hearing on the current petitions to confirm and vacate … in the District Court … is scheduled for November 20, 2023, Levona respectfully requests an order resolving this motion in advance of that date."); ECF 254 at 5-6 ("Having already used the Protective Order to obstruct the Arbitration, Debtors should not be permitted to use it to hinder Levona's efforts to obtain vacatur of an arbitration award that, at the very least, rests on an incomplete factual record as to a key disputed issue."). Eletson opposed the motion,[1] which the Court denied. ECF 295.

- *Bankruptcy Court (2d effort)*. In early February 2024, Debtors incorrectly asserted that Levona was not a "Party" entitled to access confidential documents filed in this bankruptcy case. Levona requested a discovery conference regarding the issue on February 12 (ECF 423). Eletson again opposed disclosure of the documents to Levona (*see* ECF 527). The Court ruled in Levona's favor on March 12. *See* 3/12/2024 Hr'g Tr. at 10:12-11:5 ("Levona is entitled to documents filed under seal related to the motions for the appointment of a Chapter 11 trustee and the exclusivity motion ….").

The foregoing is not an exclusive list of Levona's efforts to obtain the discovery at issue on its motion to compel. *See also, e.g., Eletson Holdings Inc.*, 23-cv-07331 ECF 80 (Jan. 23, 2024)

---

[1] Notably, "Debtors [in their opposition brief did] not contest that the [wrongfully-withheld documents] were 'responsive to Levona's discovery requests' in the Arbitration and that Eletson Holdings failed to produce them in the Arbitration." ECF 254 at 1 (Levona's reply brief).

3

(district court order denying Levona's request for documents concerning Eletson's lack of capacity and authority, which Eletson opposed and Levona is thus again seeking via discovery here).

Accordingly, despite Levona's repeated efforts over many months in three forums, it was not until March 18, 2024, that Levona finally obtained some of the documents that Eletson has been wrongfully withholding for over a year. Although Levona will provide the Court with a detailed description of the substance of the wrongfully-withheld documents and their significance in a formal submission at an appropriate time in the future, for present purposes it is sufficient to note that is now obvious why Eletson has been fighting tooth-and-nail for nearly a year to prevent Levona from seeing the wrongfully withheld documents: The documents include multiple, explicit, unambiguous statements, by and to multiple Eletson employees (including Vassilis Kertsikoff and another recent Eletson affiant), establishing that Eletson *never* exercised the option to purchase Eletson Gas's preferred shares.

Simply put, the wrongfully-withheld documents—which Levona only recently obtained despite Eletson's vigorous objections in three courts over the course of nearly a year—are **clear evidence of Eletson's fraud on the arbitrator, of Eletson's unclean hands, and at minimum of the fact that the arbitration award was rendered based on an incomplete record.** Each of those issues provides an independent basis to deny collateral estoppel effect to the Award.[2] But the Court need not resolve those questions now. As to the wrongfully-withheld documents, the only question before the Court at this point is whether Levona should be prohibited from conducting further discovery for the purpose of getting at the truth, including what was withheld, why was it withheld, who knew, and when. If Debtors have nothing to hide, they should welcome that inquiry. Indeed, if Debtors have nothing to hide, one would have expected them to have at least provided an answer, by now, to the basic question of **why were the wrongfully-withheld documents never produced to Levona in the arbitration**? Regrettably, all the evidence—including the substance of the wrongfully-withheld documents and Debtors' year's-long effort to block disclosure of the documents and to oppose any related inquiry, at every turn and in every forum—is to the contrary.

Debtors' request for a stay of discovery is just the latest episode in their ongoing campaign to conceal their wrongdoing. The Court should not reward that effort. Instead, the Court should grant Levona the discovery it seeks, as contemplated by the ordinary rules and law governing contested matters, so that Levona can properly oppose the Debtors' objection to Levona's claim.

\* \* \*

The Court should deny the Stay Request. Alternatively, as Levona proposed to Debtors (ECF 714 at 8-9), the Court should (a) pause required compliance with Levona's discovery until after the Court resolves Levona's pending motion to compel and (b) adjourn the June 18 evidentiary hearing on the claim objection to provide sufficient time for the discovery to conclude.

Respectfully submitted,

 */s/ Isaac Nesser*

Isaac Nesser

---

[2] Levona reserves its arguments that the wrongfully-withheld documents support vacatur of the arbitration award and warrant relief against the individuals and entities responsible for the wrongdoing.

# EXHIBIT A

**John Super**

| | |
|---|---|
| **From:** | Isaac Nesser |
| **Sent:** | Friday, May 24, 2024 7:54 PM |
| **To:** | Solomon, Louis M.; Taylor Jones |
| **Cc:** | QE-Levona; Underwood, Colin A.; Jay Goodgal; Galibois, Michael B.; Peles, Joshua M.; Pille, Ann E.; Baker, Derek J.; Yong, Hyuna |
| **Subject:** | Re: Eletson/Levona |

Counsel,

Please immediately send us a copy of Eletson Holdings' purported motion to quash the subpoena--we have not seen it.  The Debtors' "Request" docketed at ECF 715 is not a motion, is not denominated as a motion, did not set a briefing schedule or hearing date, and if construed as a motion was filed in violation of multiple applicable rules.  *See, e.g.*, Fed. R. Bank. P. 9013 (motions must "state with particularity the grounds thereof for the relief or order being sought"); Local Bankr. R. (S.D.N.Y) 5070-1 ("Unless the Court orders otherwise, prior to serving a motion, cross-motion, or application, the moving party or applicant must obtain a return date from the assigned Judge's chambers."); Local Bankr. R. (S.D.N.Y.) 7007-1(b) ("No discovery-related motion under ... shall be heard unless counsel for the moving party first requests an informal conference with the Court and either the request has been denied or the discovery dispute has not been resolved as a consequence of the conference."); Judge Mastando's Chambers Rules, Scheduling ("Requests for relief requiring a hearing that are filed without first obtaining a hearing date will not be scheduled for hearing on the Court's calendar."); *id*., Discovery Disputes ("Discovery motions may not be filed until the parties have ... participated in a conference with the Court."); Bankr. Proc. Manual § 9016:11 (2024 ed.) ("A motion to quash a subpoena should state with particularity the grounds therefor and be accompanied by (i) a copy of the subpoena, (ii) an affidavit or other evidence showing the need for the order, and (iii) a proposed protective order.").

Please also let us know the basis for Eletson Holdings' view that it can move to quash a third-party subpoena—we don't think that's permissible.  *See, e.g.,* 9 Moore's Federal Practice - Civil § 45.50  ("When a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by the nonparty."); *United States v. Mount Sinai Hosp.,* 169 F. Supp. 3d 538, 545 (S.D.N.Y. 2016) ("A party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right.") (quoting *Nova Products, Inc. v. Kisma Video, Inc.,* 220 F.R.D. 238, 241 (S.D.N.Y. 2004)).

Please also let us know the basis for Eletson Holdings' view that "[Levona's] discovery is stayed pending Judge Mastando's determination of [Eletson Holdings'] application to stay"—we don't think that's correct.  *See, e.g., Barnes v. Madison*, 79 F. App'x 691, 707 (5th Cir. 2003) ("[T]he mere act of filing a motion for a protective order does not relieve a party of the duty to appear; the party is obliged to appear until some order of the court excuses attendance."); *F.A.A. v. Landy*, 705 F.2d 624, 634 (2d Cir. 1983) ("It is clear, however, that it is not the filing of [a motion to vacate a deposition notice] that stays the deposition, but rather a court order.").

Thank you,

Isaac Nesser
Partner
Quinn Emanuel Urquhart & Sullivan LLP

1

51 Madison Ave.
New York, NY 10010
212-849-7253

---

**From:** "Solomon, Louis M." <LSolomon@reedsmith.com>
**Sent:** Friday, May 24, 2024 5:13 PM
**To:** Taylor Jones
**Cc:** Isaac Nesser; QE-Levona; Underwood, Colin A.; Jay Goodgal; Galibois, Michael B.; Peles, Joshua M.; Pille, Ann E.; Baker, Derek J.; Yong, Hyuna
**Subject:** RE: Eletson/Levona

**[EXTERNAL EMAIL from lsolomon@reedsmith.com]**

---

Counsel,

We write solely to address scheduling.  Holdings, as you know, has moved to quash the subpoena served on Mr. Goodgal and apparently related entity(ies).  Your discovery is stayed pending Judge Mastando's determination of our application to stay.

Should the discovery proceed, it is not our intention to represent Mr. Goodgal and apparently related entity(ies).  But it is our understanding that he will have counsel.  The Estate would like to avoid incurring the expense of that counsel until Judge Mastando reacts to our stay application.

Thank you, and enjoy the weekend all.


**Louis M. Solomon** (bio)
E-Mail: Lsolomon@reedsmith.com
Direct Tel.: +1.212.549.0400
Mobile:  +1.917.292.2484
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022

---

**From:** Taylor Jones <taylorjones@quinnemanuel.com>
**Sent:** Tuesday, May 14, 2024 8:06 PM
**To:** Solomon, Louis M. <LSolomon@reedsmith.com>; Underwood, Colin A. <CUnderwood@reedsmith.com>; Galibois, Michael B. <MGalibois@reedsmith.com>; Pille, Ann E. <APille@ReedSmith.com>; Peles, Joshua M. <JPeles@reedsmith.com>; Baker, Derek J. <DBaker@ReedSmith.com>
**Cc:** Isaac Nesser <isaacnesser@quinnemanuel.com>; QE-Levona <qe-levona@quinnemanuel.com>
**Subject:** Eletson/Levona

**External E-Mail - FROM Taylor Jones <taylorjones@quinnemanuel.com>**

2

Counsel,

Attached for service, please find Levona's notices of subpoenas for documents and deposition testimony to (1) Jay Charles Goodgal, (2) Castalia Advisors LLC, and (3) TipTree, Inc.

Best,
Taylor

**Taylor Jones**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7595 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
taylorjones@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

RSUSv12021