

Three Bryant Park
1095 Avenue of the Americas
New York, NY  10036-6797
+1 212 698 3500  Main
+1 212 698 3599  Fax
www.dechert.com

**STEPHEN ZIDE**

Stephen.Zide@dechert.com
+1 212 698 3629  Direct
+1 212 698 3599  Fax

May 29, 2024

**VIA ECF**

Honorable John P. Mastando III
U.S. Bankruptcy Court, Southern District of New York
One Bowling Green
New York, New York 10004

Re: *In re Eletson Holdings Inc., et al., No. 23-10322 (JPM)*

Dear Judge Mastando,

We write on behalf of the Committee to address the recent correspondence concerning the status of the plan process.[1]

On May 15, 2024, the Court heard motions by the Debtors and the Petitioning Creditors to approve competing disclosure statements.  The Court approved the disclosure statement of the Petitioning Creditors.  With respect to the Debtors' disclosure statement, the Committee raised concerns about, among other things, the lack of disclosure regarding the new Gas Ownership Claims Settlement and the Debtors' failure to provide proof of funds for the Shareholder New Value Contribution. The Committee explained that the Petitioning Creditors' plan is superior and that the Petitioning Creditors had addressed all of the Committee's concerns regarding disclosure.  Nonetheless, the Committee supported a short adjournment of the hearing on the Debtors' disclosure statement to give the debtors time to address the issues the Committee had raised and otherwise to make improvements to their plan and disclosure statement.

At the conclusion of the hearing, the Court continued the hearing to provide the Debtors an opportunity to make "amendments and revisions" to their proposed plan and disclosure statement and to permit parties and the Court an opportunity to review those changes.  (Ex. A (Hr'g Tr.) at 104:8-16.)  The Debtors represented that they would make appropriate revisions within "a week at most."  (*Id.* at 103:9; *see also id.* at 107:8 ("it will not be more than a week").)

Since that time, the Committee has been negotiating with the Debtors to improve the Debtors' plan and disclosure statement.  As a result, the Debtors have made some improvements and other revisions.  Despite those revisions, the Committee continues to believe there are significant

---

[1] Capitalized terms not defined herein shall have the meanings set forth in the Debtors' amended chapter 11 plan.  *See* ECF 671.



May 29, 2024
Page 2

deficiencies with the Debtors' plan and disclosure statement. In addition, almost two weeks have passed since the May 15 hearing, and the Debtors have not yet filed a revised plan or disclosure statement with the Court. The Debtors have shared the revised terms only with the Committee.

Given the mounting administrative expenses and uncertainty, these cases need to proceed expeditiously. To that end, the Committee requests that the Court require the Debtors to file their revised plan and disclosure statement by this Thursday, May 30. That will give other parties and the Court the opportunity to assess the revised terms. The Committee likewise requests that the Court hold the continued disclosure statement hearing early next week.

Finally, as set forth in other parties' correspondence, the Petitioning Creditors have expressed an interest in submitting an "overbid" on the Debtors' plan construct. The Debtors have not engaged with the Petitioning Creditors on that expression of interest. Instead, the Debtors have made a proposal to the Committee on a process for addressing that overbid, but the Committee does not find that proposal satisfactory and the Debtors have declined the Committee's request to discuss that proposal with the Petitioning Creditors. As a result, the Petitioning Creditors have not submitted an overbid.

Fundamentally, the Debtors do not have an independent fiduciary capable of addressing competing bids. The Committee has expressed concerns about the fact that there is no independent fiduciary at the Debtors throughout these cases, and it is one of the principal reasons why the Committee moved for the appointment of a trustee. Now real consequences are following from that problem in that parties are indicating a willingness to provide more value under the Debtors' plan construct, but the Debtors have been unable or unwilling to engage with those parties because they do not have an independent fiduciary even to evaluate such offers, let alone actively solicit them as is the Debtors' duty. In the Committee's view, the Debtors' lack of an independent fiduciary to spearhead the plan process is yet another reason why a trustee should be appointed in these cases.

As set forth above, the Committee respectfully requests that the Court set a deadline of May 30 for the Debtors to file their revised plan and disclosure statement and schedule a continued hearing on their disclosure statement for a date that is convenient for the Court early next week.

Respectfully Submitted,

/s/ *Stephen D. Zide*

Stephen D. Zide

Exhibit A

```
                                                                    1

 1
 2   UNITED STATES BANKRUPTCY COURT
 3   SOUTHERN DISTRICT OF NEW YORK
 4   - - - - - - - - - - - - - - - - - - - - -x
 5
 6   In the Matter of:
 7   ELETSON HOLDINGS INC., et al.,          Main Case No.
 8           Debtors.                        23-10322-jpm
 9
10   - - - - - - - - - - - - - - - - - - - - -x
11
12              United States Bankruptcy Court
13              One Bowling Green
14              New York, New York
15
16              May 15, 2024
17              9:46 AM
18
19
20
21   B E F O R E:
22   HON. JOHN P. MASTANDO, III
23   U.S. BANKRUPTCY JUDGE
24
25   ECRO:  K. HARRIS
```

1  approval to solicit our plan.
2  So what does that solicitation look like? We're just
3  soliciting two classes of claims. It's really just one class.
4  It's general unsecured creditors that also happens to have a
5  convenience class component. Those are classes 3 and 4 under
6  our plan. No one else is voting on our plan.
7  In addition to voting, general unsecured creditors can
8  make various elections first on their ballots for their claim
9  treatment, unsecured creditors can elect to receive cash or
10  equity. They all have the same option.
11  Second, on their rights offering materials, they all
12  have the same option, the same option as Pach Shemen and the
13  other petitioning creditors to participate in the rights
14  offering or not at the same 17.8 percent discount to plan
15  equity value.
16  And third, we've added an option now for unsecured
17  creditors to join in the backstop pro rata based on their
18  claims. That right to provide the backstop is now open to
19  everyone. Subsequent backstop parties, people that commit
20  capital after Pach Shemen has and take on far less risk given
21  the time frame, can backstop pro rata on exactly the same
22  terms.
23  Another change reflected in Monday's filings that
24  resolved the debtors' objections are that the backstop premium
25  and fees and expenses are clearly and expressly only payable in

1   connection with consummation of our plan.  That's in paragraph
2   11 of the revised rights offering order which Reed Smith has
3   confirmed resolves their objection on this point subject to
4   some tweaks in the documents we filed last night.
5           If our plan is not confirmed -- if our plan is not
6   consummated, the backstop parties don't get the premium or the
7   fees and expenses.  That's pretty unique and different than any
8   backstop fees in any other case that I've ever seen.
9           In terms of the timeline, we're asking for the
10  following, which we think is very achievable.  We'd like to
11  finish the solicitation mailings within three business days
12  from the entry of the order.  We think that's early next week,
13  depending on if and when your order enters the order by June
14  3rd, we'll file the plan supplement.  June 24th is the voting
15  deadline.  June 26th will file the voting declaration.  June
16  27th is the deadline for objections to our plan, July 1st for
17  replies in support of our plan, and then July 3rd at TBD,
18  subject to Your Honor's availability for the confirmation
19  hearing.  Obviously, we'll do whatever the Court has available,
20  but we'd like that to be as soon as possible in early July.
21          We worked with KCC on the schedule, particularly given
22  their familiarity with the notes.  And we think this is
23  reasonable and provide sufficient notice.
24          So with that, I'll stop and see if Your Honor has any
25  questions.  And with that, we ask that you enter the orders in

102

1 the forms filed last night at dockets number 697 and 698.

2     THE COURT: Thank you, counsel.

3     Would anyone else like to be heard?

4     MR. ZIDE: Stephen Zide from Deckert on behalf of the

5 official committee of unsecured creditors. Very briefly, Your

6 Honor.

7     I already expressed to committee view. We just want

8 to reiterate that we did negotiate extensively with the

9 petitioning creditors on their plan. They did make very

10 substantial improvements to their plan. We think their plan is

11 ready to go, ready to solicit. But like I said earlier, if the

12 debtors are willing to spend the next couple of days a week to

13 fix the disclosure issues in their plan, we could entertain

14 that, if that makes sense to do that. But at this point, we're

15 fully supportive of their plan going forward.

16     THE COURT: Thank you, counsel.

17     Did anyone else wish to be heard?

18     MR. BAKER: Your Honor, Derek Baker from Reed Smith on

19 behalf of the debtors.

20     Your Honor, in response to the first comment of Mr.

21 Kotliar regarding the resolution of the language and the rights

22 offering order we did comment on that. Mr. Kotliar did reflect

23 additional language that was reflected in the filing that was

24 last night, because it does limit the risk to the estate in the

25 event that the Pokémon claim Pokémon plan is not confirmed. We

1 are okay with the entry of that order.

2      With respect to the solicitation order, the debtor solicitation order mirrors the dates that were articulated by Mr. Kotliar.  Obviously we understand -- excuse me, we understand the committee's suggestion about taking some time in very short order to provide the additional comments that I articulated, I would be making to the plan and disclosure statement.  And we're agreeable to doing that, which would we think might slight, might delay those dates by a week at most.  If we could otherwise have the time to have those additions made so that we could solicit jointly.

12      THE COURT:  Thank you, counsel.

13      MR. BAKER:  Thank you, Your Honor.

14      THE COURT:  Did anyone else wish to be heard?

15      MR. ZIDE:  Just very briefly.  Again, Stephen Zide on behalf of the committee.

17      I just want to make it clear, even with those changes, the committee has not signed off on the approach.  We have to see what they'll do.

20      And number 2, I really would encourage the debtors to do whatever they can to improve the economic terms of the plan and the business terms of their plan to make them more beneficial to unsecured creditors if they're going to take some time over the next couple of days to go back and try to fix their plan and disclosure statement.

104

1           THE COURT:  Thank you, counsel.
2           Does anyone else wish to be heard?  Okay.
3           As to the petitioning creditors' disclosure statement
4  motion, which is found at docket number 574, and there's a lot
5  of filings that go along with that, and the rights offering
6  motion which is found in docket 592 -- and again, there are a
7  number of filings that go along with that -- and noting that
8  there was no objection, I will grant the motions.  But I will
9  not yet enter the order subject the filing by the debtors of
10 the amendments and revisions that have been discussed here
11 today the commitment letter, the proposed committee letter, et
12 cetera, the other changes that have been referenced.
13          And I will continue this hearing as to the debtors'
14 motion until everyone has a chance to review those and the
15 Court does as well.  I will continue it to a time to be
16 determined based on when the submissions are made.  Next week
17 I'm in a jury trial in the District Court, so we may actually
18 meet at 500 Pearl if needed.  But we'll see what's submitted
19 and when.  And then we'll determine how to proceed.
20          But also, in the meantime, I would -- without
21 prejudging anything, I would like the parties to discuss if
22 both plans were to go out, how that would be done jointly,
23 again, without prejudging anything, but if that were to happen,
24 the parties should discuss how they would envision that and if
25 they can agree on procedure.

1     MR. KOTLIAR: Okay. Your Honor, for the record, Brian
2  Kotliar, Togut, Segal & Segal, counsel for the position of
3  creditors,
4     I think in connection with discussing those other
5  changes and what the timeline might look like, it comes back to
6  the one open issue on our order which is the date and time for
7  the confirmation hearing. And I don't think we need that right
8  now, but I think having --
9     THE COURT: Well, I don't think I can answer that for
10 that very reason.
11    MR. KOTLIAR: Yeah. I think getting those dates from
12 Your Honor chambers, which we're happy to do separately after
13 this hearing, I think will inform how we set the schedule
14 because we want to give people as much notice as possible but
15 also work towards a date that's going to be --
16    THE COURT: I'm not sure what you mean.
17    MR. KOTLIAR: So when you have the confirmation
18 hearing and you're working backwards., It's a lot easier than
19 moving forwards and saying we're going to give people this much
20 time to vote  And then it turns out there's four weeks.
21    THE COURT: Oh, no, no. I understand, but all I mean
22 is I don't know when we'll have that date because I don't know
23 when people are going to submit things, when there will be
24 agreement or disagreement, if there's a continuing discussion.
25    MR. KOTLIAR: Understood.

1  THE COURT: So once everything is resolved, we'll be
2 able to set that date. And then you can work backwards from
3 that, if that's what you mean.
4  MR. KOTLIAR: Yes. Understood. Thank you.
5  THE COURT: Yes, absolutely. Thank you, counsel.
6  MR. BAKER: Thank you, Your Honor. That was going to
7 be my -- I was going to Derek Baker from Reed Smith on behalf
8 of the debtor.
9  I was going to make a similar request to understand
10 what end dates would be. But we can work with your chambers to
11 get some availability.
12  THE COURT: Yes. And again, the end dates will partly
13 be determined by what's submitted and when and if there's
14 agreement and if we need a further hearing and things like
15 that.
16  MR. BAKER: Understood, Your Honor. Thank you.
17  MR. ZIDE: If I may, Your Honor.
18  THE COURT: Please.
19  MR. ZIDE: Stephen Zide from Dechert on behalf of the
20 committee.
21  From our perspective, we think it's important that
22 this does not go indefinitely. This case isn't going on a long
23 time. We do have a plan and disclosure statement which we
24 think is ready to go. So what I would suggest is we put a
25 deadline here for the filing of new submissions maybe a week

|   |   |
|---|---|
| 1 | from today, just so people's feet are to the fire and this is |
| 2 | just not going on indefinitely because it's just burning |
| 3 | administrative costs. |
| 4 | THE COURT: I think that sounds reasonable. Any |
| 5 | objection, Mr. Baker? |
| 6 | MR. BAKER: I don't have an objection to setting a |
| 7 | date. My only request is if I can get back to you, Your Honor, |
| 8 | it will not be more than a week. But I only say that because |
| 9 | my team has been working sort of around the clock for the |
| 10 | last -- |
| 11 | THE COURT: Understood. |
| 12 | MR. BAKER: -- ten days. And I'd like to. I'd like |
| 13 | to -- |
| 14 | THE COURT: Understood. I think everyone's on the |
| 15 | same page. |
| 16 | MR. BAKER: But we're not -- |
| 17 | THE COURT: We're moving it along. |
| 18 | MR. BAKER: We're not dragging this out. |
| 19 | THE COURT: Understood. I think everyone is on the |
| 20 | same page, just moving it along as quickly as we can. If we do |
| 21 | get to a point with competing plans, I don't know if it will be |
| 22 | July 3rd. We'll have to figure out what the dates would be |
| 23 | based on when we reach that point. As I said, I'll be at 500 |
| 24 | Pearl for most of next week, but we'll make it work. We'll get |
| 25 | done whatever we need to get done. |

1   MR. BAKER:  Thank you, Your Honor.
2   THE COURT:  Thank you, counsel.
3   MR. BAKER:  Your Honor, then I would turn the podium
4   over to my partner Ms. Pille, to handle the status conferences.
5   THE COURT:  Thank you.
6   Good morning.
7   MS. PILLE:  Good morning, Your Honor.  Anne Pille from
8   Reed Smith, on behalf of the debtors here on items 4 through 7
9   of the agenda which are the pending claims objections.  We are
10  up on status for those today, Your Honor.
11  Last time we were before Your Honor, you set a
12  deadline for responses.  Those were filed on May 7th.  And so
13  we have had an opportunity to review those.  We have also
14  engaged with those parties that have filed responses with
15  respect to a potential scheduling order that I think in theory
16  would look very similar to the scheduling orders that we had
17  previously submitted on the other contested matters that we've
18  handled before Your Honor.
19  We have reached out to try to identify potential
20  hearing dates for any evidentiary hearing that may be necessary
21  with respect to those.  And I think the consensus amongst the
22  debtors and the creditors that have filed responses is to set
23  those matters over for status for the June 18th date just to
24  come in and -- to the extent that we need another date.
25  But then we'd like the Court to entertain having an

1  evidentiary hearing on those claims objections, all four of the
2  claims objections that are identified on the agenda items 4
3  through 7 either the week of July 22nd or the week of August
4  5th.  That seems -- those seem to be dates that work the best
5  for the parties, Your Honor.
6              THE COURT:  Okay.  And so you're not including the
7  Levona claim in this?
8              MS. PILLE:  That's correct, Your Honor.  Levona is
9  already scheduled for hearing on --
10             THE COURT:  For the June 18th -- well, I wasn't sure
11 what the status of that is.
12             MS. PILLE:  Yes, correct.  So the --
13             THE COURT:  Although I don't think they filed the
14 response yet --
15             MS. PILLE:  That's correct, Your Honor.
16             THE COURT:  -- to the claim objection.
17             MS. PILLE:  That's correct.  But we have engaged in
18 discovery with them.  I mean, we've been in communications with
19 Levona, especially because some of those issues relate to the
20 motion to enforce kind of consistently.
21             THE COURT:  Right, understood.
22             MS. PILLE:  So yes, this is only with respect to the
23 four items on the agenda, Your Honor, which is the omnibus
24 objection to the duplicative claims.
25             I will note that the response to that was only filed

1  by Deutsche Bank.  There were three individual note holders
2  that were identified in that claim objections.  And no
3  responses were filed by those.  The objection toe the original
4  petition creditors claims, which was at docket number 377 and
5  response was at docket number 643, the objection to the NAF
6  claim which as filed at 379 with the response filed at 644, and
7  the objection to the Wilmington claim which was filed at 380
8  and Wilmington's response was filed at 639.  And the
9  petitioning creditors represented by Togut also filed a
10 statement in support of the Wilmington or joinder in support of
11 the Wilmington response at 645.  So only with respect to those
12 four, we're looking for those -- the evidentiary hearing date,
13 Your Honor.
14         THE COURT:  Okay.  So The proposal is as to agenda
15 items 4, 5, 6, and 7, that we schedule a status conference with
16 the June 18th date that's currently on the calendar.  So we
17 will do that.  We'll grant that.  And then an evidentiary
18 hearing the week of --
19         MS. PILLE:  We had asked for either July 23rd and
20 24th, Your Honor, or something the week of August 5th.
21         Your Honor, my apologies.  I did not understand that
22 Wilmington may not be available the week of August 5th.  So if
23 the Court can entertain us on July 23rd and 24th, that would be
24 preferable.
25         THE COURT:  Okay.  Why don't we -- yes.  Let's

1  schedule it for July 23rd and 24th.  And if you would file a
2  notice with all these dates, that would be great.
3         MS. PILLE:  I will do that, Your Honor.  And the
4  parties have been reviewing a proposed scheduling order.  So we
5  will also propose dates for deadlines for discovery
6  depositions, things of that nature in that order.
7         THE COURT:  Great.  Thank you, counsel.
8         Would anyone else like to be heard on these matters?
9         MR. ORTIZ:  Good afternoon, Your Honor.  Kyle Ortiz at
10 Togut, Segal & Segal, petitioning creditors.
11        I do want to note, Ms. Pille, that with regards to the
12 duplicative claims, only Deutsche Bank responded, one of our
13 clients, Tracy Gustafson, was one of the parties who filed a
14 claim that was objected to as duplicative.  We resolved that
15 with the debtors by just an acknowledgment that his claim is
16 included within the Wilmington claim, which we appreciate that
17 they're -- so that  part of that one is resolved.
18        THE COURT:  Okay.  Thank you, counsel.
19        MS. PILLE:  That's correct, Your Honor.  Anne Pille on
20 behalf of the debtor.
21        That's correct.  Mr. Gustafson's claim is included
22 within --
23        THE COURT:  Thank you, counsel.
24        What else for today?
25        MR. BAKER:  Your Honor, Derek Baker from Reed Smith,

1  on behalf of the debtors.
2          That concludes the agenda.  The debtors have nothing
3  else to present to Your Honor unless Your Honor has any further
4  questions.
5          THE COURT:  No.  I think we're adjourned.  So I'll
6  look for those filings from the parties, and then we'll
7  schedule accordingly.
8          MR. BAKER:  Thank you, Your Honor.
9          THE COURT:  Thank you.  We're adjourned.  Have a great
10 day, everyone.
11         (Whereupon these proceedings were concluded at 12:17 PM)