

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

**Louis M. Solomon**
Direct Phone:  +1 212 549 0400
Email:  lsolomon@reedsmith.com

May 31, 2024

**VIA ECF**

Honorable John P. Mastando III
United States Bankruptcy Court for the
Southern District of New York
One Bowling Green
**New York, NY 10004-1408**

Re:    *In re Eletson Holdings Inc., et al.*, Bankr. S.D.N.Y. 23-10322

Dear Judge Mastando:

We write as counsel to the Debtors in the above referenced Chapter 11 cases in response to Levona's opposition to Debtors' Request To Stay Discovery (ECF 719, "Opp."). Levona filed its opposition after giving Debtors a single business day to respond to Levona's email, sent to Debtors on Friday evening of a holiday weekend (ECF 719, Ex. A). Much of Levona's opposition is irrelevant to the current issue: the requested brief pause in Levona's discovery – which now includes **twenty-three** third-party subpoenas against twelve nonparties – pending this Court's determination of whether Levona has any legally cognizable claim to collaterally attack in this Court the Final Award and Judge Liman's Confirmation Order, or to assert claims based on a non-binding letter of intent to which it is not a party. These are straightforward legal issues. Early decision could avoid millions of dollars of expense to the Estate.

Levona agrees that a brief stay is appropriate, albeit pending decision on its motion to compel (Opp. at 4). There is no reason a stay should not issue so that Your Honor can consider whether discovery is necessary given the patent legal deficiencies in Levona's claim. Debtors request a stay.

I.     **Levona's Attempts To Relitigate Issues Do Not Prohibit a Stay**

As Debtors noted in their May 22, 2024 letter (ECF No. 714), this Court has the authority to resolve the legal sufficiency of a party's claim "before allowing a potentially massive factual controversy to proceed." *New York v. Roman Catholic Diocese of Rockville Ctr. (In re Roman Catholic Diocese of Rockville Ctr.)*, 2023 U.S. Dist. LEXIS 180871, at *17 (S.D.N.Y. Oct. 6, 2023); *accord Neal v. Atlas Acquisitions, LLC*, 2015 U.S. Dist. LEXIS 187961, at *2 (M.D. Fla. Feb. 24, 2015) (staying discovery to avoid incurring "potentially needless cost" while motion in response to "time-barred proof of claim during a bankruptcy proceeding" is pending); *In re McMahon*, 2008 Bankr. LEXIS 1075, at *6 (Bankr. D.D.C. Apr. 10, 2008) (denying motion to compel and motion for relief from stay where court found that any pending discovery that related to motion for relief from stay should be treated as relating only to the pending objection to a pending proof of claim).

ABU DHABI ♦ ASTANA ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG
HOUSTON ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ ORANGE COUNTY ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH
PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON



Honorable John P. Mastando III
May 31, 2024
Page 2

Levona's claims contain glaring legal deficiencies that do not need additional discovery at this juncture. Moreover, far from requiring discovery on the legal sufficiency of preclusion defenses, the Second Circuit has upheld dismissal on res judicata and collateral estoppel grounds pre-discovery. *See Ninety-Five Madison Co. v. Vitra Int'l AG*, 837 F. App'x 823, 826 (2d Cir. 2020) (affirming pre-discovery dismissal of claims previously adjudicated in arbitration based on preclusion, notwithstanding arguments that plaintiff's claims were not fully and fairly adjudicated) (summary order). Debtors' request for a stay is appropriate before the parties engage in hideously costly and potentially needless discovery.

Levona's case does not support a different result. In *PenneCom B.V. v. Merrill Lynch & Co., Inc.*, 372 F.3d 488, 493 (2d Cir. 2004), the ***parties and claims and issues were different*** in the collateral proceeding than in the underlying arbitration. There, the prevailing party to an arbitration award brought a separate action against a nonparty to the arbitration for compensatory damages over and above the losses found by the arbitrator, claiming that the nonparty had facilitated fraud in the arbitration. The Court ruled that discovery was appropriate into the nonparty's alleged fraud/unclean hands, before the nonparty could be permitted to assert the equitable defense of collateral estoppel. Here, as Debtors will brief in more detail at the appropriate time, such issues do not arise, including because the ***parties and claims and issues here are exactly the same*** as in the arbitration, and Levona cannot collaterally attack that arbitration in this Court (ECF 714 at 2-3; *see also id*. at 3-4 (previewing waiver defense), 5 (noting legal grounds for precluding Levona from asserting its claim based on a non-binding document to which it is not party)).

**II.        Debtors' Request to Stay Discovery Is Proper and Appropriate in Light of the Subpoenas**

When the parties were before Your Honor on May 8, 2024, Your Honor gave clear direction on how the parties should navigate discovery. After both Debtors and Levona previewed at length their respective positions as to how discovery should proceed and on what bases, *see, e.g.*, 5/8/24 Hr'g Tr. 105:18-133:15, Your Honor considered these arguments and ordered Levona "to submit a five-page letter on the discovery issues related to the claim objection," with Debtors responding a week later, after which, as Your Honor stated, "we will address it." *Id*. at 133:16-25; *see also id*. at 138:3-25; 139:4-23. Your Honor has not yet had the opportunity to address these issues, which could obviate the discovery.

Yet, instead of waiting for a ruling as to how the parties should proceed, Levona has attempted to circumvent Your Honor's direction through issuing ***twenty-three third-party subpoenas*** (including deposition and document subpoenas ("Subpoenas")) on ***twelve*** nonparties:

1. Jay Charles Goodgal, dated May 14, 2024
2. Castalia Advisors LLC, dated May 14, 2024
3. TipTree, Inc., dated May 14, 2024
4. Steven Storm, dated May 15, 2024
5. Odinbrook Global Advisors, LLC, dated May 15, 2024
6. Stefanos Kasselakis, dated May 17, 2024
7. Apargo Ltd., dated May 22, 2024
8. Fentalon Ltd., dated May 22, 2024
9. Family United Trust Company, dated May 22, 2024
10. Glafkos Trust Company, dated May 22, 2024
11. Lassia Investment Company, dated May 22, 2024



Honorable John P. Mastando III
May 31, 2024
Page 3

    12.    Desimusco Trading Co., dated May 22, 2024

Levona's transparent harassment seeks irrelevant and unduly burdensome documents and testimony. Levona has also been dunning the third parties demanding prompt responses, well before the June 18th Hearing – a hearing that Levona has agreed to adjourn pending this Court's ruling (Opp. at 4). Levona's strategy will have the clear effect of unnecessarily imposing the costs and burden not just on the nonparties but also on the Estate, as the Debtors will need to respond to, review, and engage in this massive and unnecessary discovery without giving Your Honor a chance to review the matter.

Levona argues that Debtors' request for a stay is procedurally deficient, despite also wanting a stay. Yet Levona is silent on its own deficiencies in issuing the bad faith Subpoenas. Indeed, whether Levona has the right to even issue these Subpoenas is contingent on Levona's motion to compel discovery and Debtors' opposition (ECF No. 714). There are additional obvious deficiencies to the Subpoenas, including in most of the cases non-compliance with the 100-mile radius limitation and improper service prescribed in FRCP 45, as incorporated by Bankruptcy Rule 9016. *See Hermitage Glob. Partners L.P. v. Prevezon Holdings Ltd.,* 2015 U.S. Dist. LEXIS 20080, at *13-14 (S.D.N.Y. Feb. 19, 2015) (holding certain subpoenas unenforceable under Rule 45(c)'s 100-mile limitation).

In any event, Debtors' request is procedurally sufficient. Levona's tactic provides a good cause basis for the stay (ECF Nos. 714 & 715), as do the objections lodged by one or more of the third parties. FRCP 45(d)(2)(B) (stating that upon the filing of an objection, actions compelling production or examination "may only be required as directed in [an] order"); *In re Rezulin Prods. Liab. Litig.*, 2003 U.S. Dist. LEXIS 31021, at *25 (S.D.N.Y. June 4, 2003) (recognizing that where there are objections to a subpoena, "production is stayed unless and until the party serving the subpoena obtains a court order upon notice to the subpoenaed person and motion").

Levona's only cited case, *In re Polaroid Corp.,* 527 B.R. 335 (D. Minn. 2015) (Opp. at 2), is distinguishable. There, the claimant had "had presented the Bankruptcy Court with a request for specific discovery that [claimant] believed would create material issues of fact with respect to its claim and the pending objections," which were rooted in undecided contract disputes. *Id*. at 338, 348. The district court overturned the bankruptcy court's denial of discovery where the bankruptcy court's determination was not reached as a matter of law or on undisputed facts but instead on a belief that the claimant had already in its possession all relevant documents. *Id*. at 348. Here, unlike in *In re Polaroid Corp.*, Debtors present to this Court purely legal questions, including does Levona's proof of claim constitute an impermissible collateral attack on the Final Award and the District Court's Confirmation Order and whether Levona can recover $262.5 million on the basis of a nonbinding agreement to which it is not even a party. To reach an answer requires no additional discovery – all that is needed is a briefing schedule. Levona's potentially needless discovery should be stayed.

**III.**    **Levona's Past Failures to Pursue Discovery Do Not Warrant Discovery Now**

Levona feigns that it undertook efforts "over many months" (Opp. at 4) to obtain the documents at issue. The argument is premature and confusing. Levona admits that it has the documents and can use them in this Court. So, Levona surely does not need discovery to get those documents here.



Honorable John P. Mastando III
May 31, 2024
Page 4

Levona seems to be pre-arguing why it should be allowed a collateral attack.  The effort fails because it wholly misconstrues the legal bases and vehicles under which it sought the documents, including asking this Court to open up a Protective Order to use elsewhere documents produced pursuant to that order.  **What Levona glaringly omits are any efforts to obtain the documents *in the District Court*— because it made none**.

Levona told Your Honor in November 2023 that the documents it was seeking "will be relevant to the District Court's consideration of the arbitration award," including "whether there was misconduct in connection with the arbitration" (11/8/23 Hr'g Tr. at 35:4-10).  Despite having ample opportunities to seek the documents in the District Court—in fact, as Levona admits, it actually sought further discovery to amend its cross-petition to vacate the award in January 2024 (Opp. at 3-4)—Levona made no attempt to obtain the documents in the only appropriate forum.  *See Livingston v. Escrow,* 637 F. App'x 45, 47 (2d Cir. 2016) ("[E]vidence [is] not new for purposes of collateral estoppel when it was available at the time of the prior proceeding.") (citing *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 504 (1984)).  Levona's clear strategic decision was gamesmanship and does not and cannot warrant a second bite at the apple.  *Cf. Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V.*, 400 F. App'x 611, 614 (2d Cir. 2010) ("An equitable claim cannot proceed where the plaintiff has had and let pass an adequate alternative remedy at law.") (summary order) (quoting *Norris v. Grosvenor Mktg.,* 803 F.2d 1281, 128**7** (2d Cir. 1986)).

\*         \*         \*         \*         \*

Levona concedes that staying discovery is appropriate pending decision on its motion to compel (Opp. at 4).  The merits of Levona' claim, however, can be decided on the law, vitiating any need for discovery.  Debtors respectfully request that discovery be stayed and that the Court set a briefing schedule for determining whether Levona has a claim to assert at all as a matter of law.

Respectfully,

*/s/ Louis M. Solomon*

Louis M. Solomon

cc:  Counsel of record (*via ECF*)