

**Louis M. Solomon**
Direct Phone:  +1 212 549 0400
Email:  lsolomon@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

May 31, 2024

**By Electronic Mail**

Honorable John P. Mastando III
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

*In re: Eletson Holdings Inc., et al., Chapter 11 Case No. 23-10322 (JPM)*

Dear Judge Mastando:

On behalf of Debtors, and as we indicated we would do, we write in response to the correspondence from the Petitioning Creditors dated May 28, 2024 [Dkt. 712] (the "Petitioning Creditor Correspondence") and from the Official Committee of Unsecured Creditors dated May 29, 2024 [Dkt. 720] (the "Committee Correspondence" and, together with the Petitioning Creditor Correspondence, the "Plan Scheduling Correspondence"). Independently, we wish to update the Court on the timing and progress of Debtor's further revised proposed plan of reorganization and disclosure statement (the "Debtors' Revised Plan").

Petitioning Creditors request that this Court "immediately enter the order approving the Petitioning Creditors' disclosure statement for solicitation", intemperately and inaccurately asserting that "the Debtors' plan and disclosure statement process is being conducted in bad faith and with a singular focus on returning value to insider family members instead of creditors…." *Petitioning Creditor Correspondence,* p. 1. This is false. Indeed, given that it is now so plainly clear that Debtors' proposed plan is **millions, if not tens of millions of dollars,** better for Eletson creditors than the one being proposed by the Murchinson-controlled Petitioning Creditors, one would hope that Petitioning Creditors would stop their wild and patently inaccurate accusations.

As detailed in our correspondence to Your Honor of last week, Debtors have been working diligently to make material and substantial improvements to their proposed plan and disclosure statement that will result in better outcomes for their legitimate creditors. These improvements are evidenced by the Debtors' Revised Plan, filed earlier today. Among other things, since filing their first plan in January, Debtors' equity holders have tripled their anticipated new value contribution, and Debtors have negotiated with their non-debtor affiliates to contribute effectively 75% of the arbitration award against Levona Holdings Ltd ("Levona") in order to increase the distributions that creditors stand to receive in the event the Debtors' Revised Plan is confirmed.

The Debtors have also spent significant time revising the Debtors' Revised Plan in order to modify which "Causes of Action" are being assigned to the Litigation Trust. As Your Honor is aware, the Debtors have struggled throughout this case to understand what Causes of Action the Committee and the Petitioning

Honorable John P. Mastando III
May 31, 2024
Page 2



Creditors believe may have value and will be pursued for the benefit of legitimate creditors. This process has been complicated by the fact that the Committee and the Petitioning Creditors have consistently declined to identify any such claims to the Demand Review Committee or otherwise seek to pursue those claims in a derivative capacity. Over the past weeks, the Debtors have worked with the Committee to understand which Causes of Action the Committee asserts are material, including, but not limited to, claims against the Debtors' insiders and affiliates. To the extent those claims against insiders and affiliates have been articulated, the Debtors' Revised Plan provides for the assignment of the same to the Litigation Trust in a manner that, we trust, significantly simplifies and clarifies our prior treatment. At the same time, the Debtors' Revised Plan provides that the Debtors will now retain certain Causes of Action which the Debtors believe the Committee and the Petitioning Creditors have no incentive or desire to pursue against themselves and are unlikely to be pursued by the Litigation Trust. The Debtors' Revised Plan retains these Causes of Action (referred to in the Debtors' Revised Plan as the "Retained Causes of Action") and proposes to share value of net collections from those causes of action, if any, with the Litigation Trust, thereby maximizing outcomes for all parties involved.

Many of the changes made to the Debtors' Revised Plan have been previewed with the Committee, and a number of the Committee's comments have been incorporated into the most recent draft. The result of those efforts is a plan that is markedly better for creditors than the one filed by Debtors in January. And, without question, the plan is better for creditors than the Murchinson-backed plan.

Debtors' improvements to the Debtors' Revised Plan have prompted the Petitioning Creditors to advise this Court that they intend to make an "overbid" plan proposal that otherwise mirrors the structure of the Debtors' plan (the "Overbid Plan"). By allowing this competitive process to unfold, regardless of which plan is ultimately confirmed, Debtors' creditors will do better than they would have done in a case without competing plans. Although Debtors acknowledge that this process took a few days longer than originally anticipated, it was time well spent. We all, Debtors and lawyers alike, did not have a Memorial Day weekend this year.

Petitioning Creditors' Overbid Plan, however, does come with certain logistical complications. As detailed in prior correspondence, Debtors have discussed the logistics of valuing such an "overbid" proposal with the Committee, especially in light of: (i) the fact that the Petitioning Creditors would not be in a position to commit any portion of the arbitration award being committed by the Debtors' non-debtor affiliates, and (ii) Petitioning Creditors appear to be committed to advancing two competing plans of their own at the same time, in addition to Debtors' proposed plan. It is further complicated by the fact that Petitioning Creditors have not provided anything beyond the most basic, sketchy details of their Overbid Plan. As part of discussions with the Committee last week, Debtors suggested that the Committee and Debtors work with Justice Gropper to evaluate the relative value to creditors under the Debtors' Revised Plan, the Petitioning Creditors' originally-filed plan (the "Original Creditor Plan"), and the Petitioning Creditors' Overbid Plan. The Committee rejected that proposal.

As an alternative, and in response to the Committee' incorrect contention that the Debtors do not have an independent fiduciary, Debtors now propose expanding the role of the Demand Review Committee to provide an independent valuation and assessment of any competing plans under the aegis of a fully



Honorable John P. Mastando III
May 31, 2024
Page 3

independent director. Debtors intend to take steps to expand the scope of the Demand Review Committee shortly to enable that role.

Debtors are prepared to proceed with the continued hearing on approval of their disclosure statement, as revised, and the approval of the disclosure statement for the Original Creditor Plan. Debtors believe that these estates would be best served if Petitioning Creditors, the Committee, and Debtors engaged in discussions about the process for joint solicitation of both competing plans, and would recommend that the continued disclosure statement hearing take place on during the week of June 10 in order to permit the parties an opportunity to reach a consensual resolution (an alternative date might be June 18, when the parties are scheduled to be before Your Honor concerning Levona). This proposed schedule would also permit the Petitioning Creditors and Debtors to determine if the Petitioning Creditors plan to proceed with solicitation of their Original Creditor Plan, a competing Overbid Plan, or some combination of the two. Having further clarity on this point prior to solicitation of joint plans, or even a single plan, would benefit these estates and make the solicitation process more efficient.

We look forward to discussing these and other matters with the Court at this afternoon's status conference.

Respectfully,

*/s/ Louis M. Solomon*

Louis M. Solomon
cc: All Counsel of Record