UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ELETSON HOLDINGS INC., et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 23-10322 (JPM)<br><br>(Jointly Administered) |

**NOTICE OF FILING OF SECOND SUPPLEMENTAL COMMITMENT LETTER
FOR REVISED SECOND AMENDED JOINT PLAN OF REORGANIZATION
OF DEBTORS UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that on July 5, 2024, the above captioned debtors and debtors-in-possession (collectively the "Debtors") filed the solicitation version of the *First Amended Disclosure Statement in Support of Second Amended Joint Plan of Reorganization of Debtors Under Chapter 11 of the United States Bankruptcy Code* [Dkt. No. 839] (the "Disclosure Statement").

**PLEASE TAKE FURTHER NOTICE** that attached as Exhibit 10 to the Disclosure Statement is a commitment letter (the "Commitment Letter") executed by the Majority Shareholders of the Debtors evidencing the Majority Shareholders' commitment to fund the Debtors' plan of reorganization.

**PLEASE TAKE FURTHER NOTICE** that on September 8, 2024, the Debtors filed a *Notice of Filing of Revised Commitment Letter for the Second Amended Joint Plan of Reorganization of Debtors Under Chapter 11 of the United States Bankruptcy Code* [Dkt. No. 1092] (the "Revised Commitment Letter").

---

[1] The Debtors in these chapter 11 cases are: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC.

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a Second Supplemental Commitment Letter attached hereto as **Exhibit A** (the "Second Supplemental Commitment Letter") in conjunction with the revised *Second Amended Joint Plan of Reorganization of Debtors Under Chapter 11 of the United States Bankruptcy Code* filed on September 11, 2024 at [Dkt. No. 1111].

**PLEASE TAKE FURTHER NOTICE** that annexed hereto as **Exhibit B** is a cumulative redline comparing the Second Supplemental Commitment Letter and the Revised Commitment Letter.

**PLEASE TAKE FURTHER NOTICE** that copies of the Disclosure Statement, Commitment Letter, Revised Commitment Letter, Second Supplemental Commitment Letter and other pleadings filed in the above-captioned chapter 11 cases may be obtained from the Court's website, https://ecf.nysb.uscourts.gov, for a nominal fee.

DATED: New York, New York
September 20, 2024

**REED SMITH LLP**

<u>/s/ Derek J. Baker</u>
Derek J. Baker
Joshua Peles (*admitted pro hac vice*)
Derek Osei-Bonsu
Reed Smith LLP
Three Logan Square
1717 Arch Street
Philadelphia, PA 19103
Telephone: (215) 851-8100
Facsimile: (215) 851-1420
E-Mail: dbaker@reedsmith.com
       jpeles@reessmith.com
       dosei-bonsu@reedsmith.com

-and-

Andrew L. Buck
Louis M. Solomon
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 251-5400
Facsimile: (212) 521-5450
E-Mail: abuck@reedsmith.com
       lsolomon@reedsmith.com

*Counsel to the Debtors*

# EXHIBIT A

September 19, 2024

Eletson Holdings, Inc.

Re: **Commitment Letter for Shareholder New Value Contribution by Eletson Members**

Ladies and Gentlemen

Reference is made to the revised *Second Amended Joint Plan of Reorganization of Debtors Under Chapter 11 of the United States Bankruptcy Code* filed on September 11, 2024 at Docket Number 1111 (as amended or modified from time to time, the "Plan")[1] by the debtors, Eletson Holdings, Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC (collectively, the "Debtors") in their chapter 11 cases currently pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and jointly administered under Case No. 23-10322 (the "Chapter 11 Cases"). This letter (the "Commitment Letter") is hereby issued by Lassia Investment Company, Glafkos Trust Company, and Family Unity Trust Company (each, "Eletson Member" and collectively, the "Majority Eletson Members"). On June 27, 2024, the Majority Eletson Members provided a commitment letter by which they committed to contribute to the Debtors the Shareholder New Value Contribution consisting of (a) Cash and cash equivalents in an aggregate amount of $30 million (the "Cash Contribution") and (b) the Collections Contributions (as defined below) (the "Initial Commitment Letter"). On September 7, 2024, the Majority Eletson Members provided a supplemental commitment letter (the "Supplemental Commitment Letter"), which supplemented the Initial Commitment Letter by increasing the Cash Contribution to $37 million. This Commitment Letter hereby supplements the Supplemental Commitment Letter dated September 7, 2024 to further supplement the Collections Contribution as defined in the Plan.

We, the Majority Eletson Members, constituting the majority of the shareholders of Eletson Holdings, Inc., hereby commit:

   i. to provide the Debtors with Cash and cash equivalents in an aggregate amount of $37 million;

  ii. to cause each of the Gas Ownership Defendants to contribute and deliver to the Litigation Trust Trustee a cash payment equal to (i) 90% of the first $21 million of net cash recoveries under the Final Award; plus (ii) 50% of the next $20 million of net cash recoveries under the Final Award; plus (iii) 75% of the net cash recoveries in excess of $41 million under the Final Award (the "Collections Contribution");

 iii. to cause each of the Gas Ownership Defendants to issue a guaranty guaranteeing up to $40 million of the Collections Contribution (the "Guaranty");

---

[1] Capitalized terms used herein but undefined have the meaning provided in the Plan. The definition of the Collections Contribution in the Plan shall be deemed to include the Guaranty and the Guaranty Escrow (each as defined herein).

iv.     to establish and cause to be funded by the Gas Ownership Defendants an escrow account (the "Guaranty Escrow"), which shall be funded by 40 monthly payments of $1 million each, beginning on the Effective Date;

v.     that in the event less than $15 million of the Collections Contribution has been paid to the Litigation Trust Trustee on such date that is fifteen (15) months from the Effective Date, to cause the difference between the amount of the Collections Contribution previously provided to the Litigation Trust Trustee and $15 million to be paid to the Litigation Trust Trustee from the Guaranty (the "First Guaranty Payment");

vi.     that in the event less than $30 million, in the aggregate, of a) the Collections Contribution and b) the First Guaranty Payment has been paid to the Litigation Trust Trustee on such date that is thirty (30) months from the Effective Date, to cause the difference between the aggregate of a) the Collections Contribution and b) the First Guaranty Payment previously provided to the Litigation Trust Trustee and $30 million to be paid to the Litigation Trust Trustee from the Guaranty (the "Second Guaranty Payment"); and

vii.     that in the event less than $40 million, in the aggregate, of a) the Collections Contribution b) the First Guaranty Payment and c) the Second Guaranty Payment has been paid to the Litigation Trust Trustee on such date that is forty (40) months from the Effective Date, to cause the difference between the aggregate of a) the Collections Contribution, b) the First Guaranty Payment and (c) the Second Guaranty Payment previously provided to the Litigation Trust Trustee and $40 million to be paid to the Litigation Trust Trustee from the Guaranty

for the purposes of effecting the consummation of the Plan following confirmation thereof by the Bankruptcy Court ( the "Amended Shareholder New Value Contribution").  For the avoidance of doubt, once received, payment of the Collections Contribution received shall be provided contributed and delivered to the Litigation Trustee as soon as reasonably practicable.  The Shareholder New Value Contribution as defined in the Plan shall mean, collectively, the Cash Contribution and the Collections Contribution (a supplemented herein).  Pursuant to this Commitment Letter, we, the Majority Eletson Members, hereby agree to, and will, pay the Amended Shareholder New Value Contribution in cash to Eletson Holdings, Inc. upon the Effective Date of the Plan, solely for purposes of consummating the Plan.  Upon receipt by the Debtors and their estates of the Amended Shareholder New Value Contribution and the consummation of the Plan, the Majority Eletson Members shall receive the Interests in the Reorganized Debtor as provided for in the Plan.  In the event a Confirmation Order with respect to the Plan is not entered or does not become a Final Order, or in the event the Effective Date of the Plan does not occur for any reason other than due to failure of the Majority Eletson Members to make the Amended Shareholder New Value Contribution, the Majority Eletson Members obligations hereunder shall immediately terminate without further notice or action by any party. In addition, the Majority Eletson Members' obligations hereunder shall terminate on the earlier of (i) the date of confirmation of any other plan of reorganization (other than the Plan) by the Bankruptcy Court or (ii) November 30, 2024 (the "Outside Termination Date") without further notice or action by any party.

Each of the undersigned Eletson Members hereby represents and warrants that:
a. the proceeds of the Amended Shareholder New Value Contribution shall be made from funds procured by themselves and not from any funds of any Debtor;
b. such Eletson Member has uncalled capital commitments, committed financing lines, or otherwise has arranged to have available funds to fund its respective obligations under this Commitment Letter;
c. such Eletson Member is duly organized, validly existing and, where applicable, in good standing under the laws of its jurisdiction of organization or establishment;
d. such Eletson Member has the corporate power and authority to execute and deliver this Commitment Letter and to perform its obligations hereunder;
e. this Commitment Letter has been duly authorized by all necessary corporate action on the part of such Eletson Member; and
f. no restrictions in contract or law of any kind governing the undersigned Eletson Members prohibits, limits, or restricts in any way the execution of this Commitment Letter by each Eletson Member or the performance of such Eletson Members' obligations hereunder;

This Commitment Letter has been and is made solely for the benefit of the Debtors and their estates and solely for purposes of effecting the Amended Shareholder New Value Contribution under the Plan. Nothing in this Commitment Letter, expressed or implied, is intended to confer or does confer on any other person or entity any rights or remedies under or by reason of this Commitment Letter or the agreements contained herein.

This Commitment Letter and the Plan embodies the entire agreement and understanding among the Majority Eletson Members, and the Debtors with respect to the Amended Shareholder New Value Contribution, supersedes all prior agreements and understandings relating to the specific matters hereof and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements of the parties. The commitment and obligations of each undersigned Eletson Member are not assignable. This Commitment Letter is not assignable by the Debtors and all rights hereunder are intended to be solely for the benefit of the Debtors and their estates.

Each of the parties hereto agrees that the Bankruptcy Court shall have exclusive jurisdiction with respect to this Commitment Letter. For the avoidance of doubt, each of the Majority Eletson Members irrevocably submits to the jurisdiction of the Bankruptcy Court solely for purpose (i) of enforcement of the terms of this Commitment Letter or (i) to compel the payment of the Amended Shareholder New Value Contribution by any or all of the Majority Eletson Members.

This Commitment Letter shall be governed by, and construed in accordance with, the laws of the State of New York and, to the extent applicable, the Bankruptcy Code.

This Commitment Letter may be executed in counterparts which, taken together, shall constitute an original. Delivery of an executed counterpart of this Commitment Letter by telecopier, facsimile or other electronic transmission (including by .PDF file) shall be effective as delivery of a manually executed counterpart thereof.

[*Signature page to follow*]

**LASSIA INVESTMENT COMPANY**

By: _/s/ Laskarina Karastamati_
Name: Laskarina Karastamati
Title: Director-President

**GLAFKOS TRUST COMPANY**

By: _/s/ Vasilis Hadjieleftheriadis_
Name: Vasilis Hadjieleftheriadis
Title: Director/President

**FAMILY UNITY TRUST COMPANY**

By: _/s/ Vassilis Keitsikoff_
Name: Vassilis Keitsikoff
Title: Director / President

ACCEPTED AND AGREED TO
AS OF September _, 2024

ELETSON HOLDINGS INC.

By: /s/ L.J. Karastamati
Name: L.J. KARASTAMATI
Title: Director / President

ELETSON FINANCE (US), LLC.

By: /s/ L.J. Karastamati
Name: L.J. KARASTAMATI
Title:

AGATHONISSOS FINANCE LLC.

By: /s/ L.J. Karastamati
Name: L.J. KARASTAMATI
Title:

# EXHIBIT B

September ~~7~~19, 2024

Eletson Holdings, Inc.

Re: **Commitment Letter for ~~$37 Million~~ Shareholder New Value Contribution by Eletson Members**

Ladies and Gentlemen

Reference is made to the <u>revised</u> *Second Amended Joint Plan of Reorganization of Debtors Under Chapter 11 of the United States Bankruptcy Code* filed on ~~July 5~~September 11, 2024 at Docket Number ~~840~~1111 (as amended or modified from time to time, the "<u>Plan</u>")[1] by the debtors, Eletson Holdings, Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC (collectively, the "<u>Debtors</u>") in their chapter 11 cases currently pending in the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>") and jointly administered under Case No. 23-10322 (the "<u>Chapter 11 Cases</u>"). This letter (the "<u>Commitment Letter</u>") is hereby issued by Lassia Investment Company, Glafkos Trust Company, and Family Unity Trust Company (each, "<u>Eletson Member</u>" and collectively, the "<u>Majority Eletson Members</u>"). On June 27, 2024, the Majority Eletson Members provided a commitment letter by which they committed to contribute to the Debtors the Shareholder New Value Contribution consisting of (a) Cash and cash equivalents in an aggregate amount of $30 million (the "<u>Cash Contribution</u>") and (b) the Collections Contributions (as defined below) (the "<u>Initial Commitment Letter</u>"). On September 7, 2024, the Majority Eletson Members provided a supplemental commitment letter (the "Supplemental Commitment Letter"), which supplemented the Initial Commitment Letter by increasing the Cash Contribution to $37 million. This Commitment Letter hereby supplements the ~~Initial~~Supplemental Commitment Letter dated ~~June 27~~September 7, 2024 to further supplement the Collections Contribution as defined in the Plan.

We, the Majority Eletson Members, constituting the majority of the shareholders of Eletson Holdings, Inc., hereby commit:

i. to provide the Debtors with Cash and cash equivalents in an aggregate amount of $37 million ~~and~~;

ii. to cause each of the Gas Ownership Defendants~~'~~ to contribute and deliver to the Litigation Trust Trustee a ~~one-time cash~~cash payment equal to (i) 90% of the first $21 million of net cash recoveries under the Final Award; plus (ii) 50% of the next $20 million of net cash recoveries under the Final Award; plus (iii) 75% of the net cash recoveries in excess of $41 million under the Final Award~~.~~ (the "<u>Collections Contribution</u>");

---

[1] Capitalized terms used herein but undefined have the meaning provided in the Plan. The definition of the Collections Contribution in the Plan shall be deemed to include the Guaranty and the Guaranty Escrow (each as defined herein).

iii. to cause each of the Gas Ownership Defendants to issue a guaranty guaranteeing up to $40 million of the Collections Contribution (the "Guaranty");

iv. to establish and cause to be funded by the Gas Ownership Defendants an escrow account (the "Guaranty Escrow"), which shall be funded by 40 monthly payments of $1 million each, beginning on the Effective Date;

v. that in the event less than $15 million of the Collections Contribution has been paid to the Litigation Trust Trustee on such date that is fifteen (15) months from the Effective Date, to cause the difference between the amount of the Collections Contribution previously provided to the Litigation Trust Trustee and $15 million to be paid to the Litigation Trust Trustee from the Guaranty (the "First Guaranty Payment");

vi. that in the event less than $30 million, in the aggregate, of a) the Collections Contribution and b) the First Guaranty Payment has been paid to the Litigation Trust Trustee on such date that is thirty (30) months from the Effective Date, to cause the difference between the aggregate of a) the Collections Contribution and b) the First Guaranty Payment previously provided to the Litigation Trust Trustee and $30 million to be paid to the Litigation Trust Trustee from the Guaranty (the "Second Guaranty Payment"); and

vii. that in the event less than $40 million, in the aggregate, of a) the Collections Contribution b) the First Guaranty Payment and c) the Second Guaranty Payment has been paid to the Litigation Trust Trustee on such date that is forty (40) months from the Effective Date, to cause the difference between the aggregate of a) the Collections Contribution, b) the First Guaranty Payment and (c) the Second Guaranty Payment previously provided to the Litigation Trust Trustee and $40 million to be paid to the Litigation Trust Trustee from the Guaranty

for the purposes of effecting the consummation of the Plan following confirmation thereof by the Bankruptcy Court ( the "Amended Shareholder New Value Contribution").  For the avoidance of doubt, once received, payment of the Collections Contribution received shall be provided contributed and delivered to the Litigation Trustee as soon as reasonably practicable.  The Shareholder New Value Contribution as defined in the Plan shall mean, collectively, the Cash Contribution and the Collections Contribution (a supplemented herein).  Pursuant to this Commitment Letter, we, the Majority Eletson Members, hereby agree to, and will, pay the Amended Shareholder New Value Contribution in cash to Eletson Holdings, Inc. upon the Effective Date of the Plan, solely for purposes of consummating the Plan.  Upon receipt by the Debtors and their estates of the Amended Shareholder New Value Contribution and the consummation of the Plan, the Majority Eletson Members shall receive the Interests in the Reorganized Debtor as provided for in the Plan.  In the event a Confirmation Order with respect to the Plan is not entered or does not become a Final Order, or in the event the Effective Date of the Plan does not occur for any reason other than due to failure of the Majority Eletson Members to make the Amended Shareholder New Value Contribution, the Majority Eletson Members obligations hereunder shall immediately terminate without further notice or action by any party. In addition, the Majority Eletson Members' obligations hereunder shall terminate on ~~October 31~~the earlier of (i) the date of confirmation of any other plan of reorganization (other than the

4860-4107-1329v.4

Plan) by the Bankruptcy Court or (ii) November 30, 2024 (the "Outside Termination Date") without further notice or action by any party.

Each of the undersigned Eletson Members hereby represents and warrants that:
a. the proceeds of the Amended Shareholder New Value Contribution shall be made from funds procured by themselves and not from any funds of any Debtor;
b. such Eletson Member has uncalled capital commitments, committed financing lines, or otherwise has arranged to have available funds to fund its respective obligations under this Commitment Letter;
c. such Eletson Member is duly organized, validly existing and, where applicable, in good standing under the laws of its jurisdiction of organization or establishment;
d. such Eletson Member has the corporate power and authority to execute and deliver this Commitment Letter and to perform its obligations hereunder;
e. this Commitment Letter has been duly authorized by all necessary corporate action on the part of such Eletson Member; and
f. no restrictions in contract or law of any kind governing the undersigned Eletson Members prohibits, limits, or restricts in any way the execution of this Commitment Letter by each Eletson Member or the performance of such Eletson Members' obligations hereunder;

This Commitment Letter has been and is made solely for the benefit of the Debtors and their estates and solely for purposes of effecting the Amended Shareholder New Value Contribution under the Plan. Nothing in this Commitment Letter, expressed or implied, is intended to confer or does confer on any other person or entity any rights or remedies under or by reason of this Commitment Letter or the agreements contained herein.

This Commitment Letter and the Plan embodies the entire agreement and understanding among the Majority Eletson Members, and the Debtors with respect to the Amended Shareholder New Value Contribution, supersedes all prior agreements and understandings relating to the specific matters hereof and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements of the parties. The commitment and obligations of each undersigned Eletson Member are not assignable. This Commitment Letter is not assignable by the Debtors and all rights hereunder are intended to be solely for the benefit of the Debtors and their estates.

Each of the parties hereto agrees that the Bankruptcy Court shall have exclusive jurisdiction with respect to this Commitment Letter. For the avoidance of doubt, each of the Majority Eletson Members irrevocably submits to the jurisdiction of the Bankruptcy Court solely for purpose (i) of enforcement of the terms of this Commitment Letter or (i) to compel the payment of the Amended Shareholder New Value Contribution by any or all of the Majority Eletson Members.

This Commitment Letter shall be governed by, and construed in accordance with, the laws of the State of New York and, to the extent applicable, the Bankruptcy Code.

This Commitment Letter may be executed in counterparts which, taken together, shall constitute an original. Delivery of an executed counterpart of this Commitment Letter by telecopier,

facsimile or other electronic transmission (including by .PDF file) shall be effective as delivery of a manually executed counterpart thereof.

[*Signature page to follow*]

LASSIA INVESTMENT COMPANY

By:_____
Name:_____
Title:_____

GLAFKOS TRUST COMPANY

By:_____
Name:_____
Title:_____

FAMILY UNITY TRUST COMPANY

By:_____
Name:_____
Title:_____

ACCEPTED AND AGREED TO
AS OF September [_], 2024


ELETSON HOLDINGS INC.



By:_____
Name:_____
Title:_____



ELETSON FINANCE (US), LLC.



By:_____
Name:_____
Title:_____



AGATHONISSOS FINANCE LLC.



By:_____
Name:_____
Title:_____