TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Kyle J. Ortiz
Bryan M. Kotliar
Brian F. Shaughnessy
Amanda C. Glaubach

*Counsel for Reorganized Holdings*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
In re:                                              :    Chapter 11
:
ELETSON HOLDINGS INC., et al.,                      :    Case No. 23-10322 (JPM)
:
:    (Jointly Administered)
Debtors.[1]                     :
:
------------------------------------------------------------x

**OBJECTION AND RESERVATION OF RIGHTS OF REORGANIZED ELETSON HOLDINGS INC. TO REED SMITH LLP'S OCTOBER MONTHLY FEE STATEMENT**

Reorganized Eletson Holdings Inc. ("Reorganized Holdings"), by and through its undersigned counsel, hereby submit this objection and reservation of rights (the ("Reorganized Holdings' Objection") to the *Tenth Monthly Fee Statement of Reed Smith LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession, for the Period from October 1, 2024 Through October 31, 2024* [Docket No. 1239] (the "October Fee Statement") and respectfully states:[2]

---

[1]   The Debtors in these cases are: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC. The address of the Debtors' corporate headquarters is 118 Kolokotroni Street, GR 185 35 Piraeus, Greece. The Debtors' mailing address is c/o Eletson Maritime, Inc., 1 Landmark Square, Suite 424, Stamford, Connecticut 06901.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Preliminary Objection (as defined below).

`

**OBJECTION**

A.    <u>The First Interim Fee Period</u>

1.    On February 29, 2024, the Debtors filed the *First Interim Fee Application of Reed Smith LLP, Counsel to the Debtors and Debtors in Possession, for Compensation and Reimbursement of Expenses for the Period September 25, 2023 to December 31, 2023* [Docket No. 444] (the "<u>First Fee Application</u>"). By the First Fee Application, Reed Smith requested allowance and payment of fees in the amount of $2,522,514.75 and expenses in the amount of $4,657.03 for the period from the Conversion Date through December 31, 2023 (the "<u>First Interim Fee Period</u>").

2.    On March 14, 2024, the Petitioning Creditors filed the *Preliminary Objection of the Petitioning Creditors to the First Interim Fee Application of Reed Smith LLP, Counsel to the Debtors and Debtors in Possession, for Compensation and Reimbursement of Expenses for the Period September 25, 2023 to December 31, 2023* [Docket No. 484] (the "<u>Preliminary Objection</u>").

3.    Following a hearing held on May 8, 2024, on May 14, 2024, the Court entered a first interim order granting the First Fee Application, in part solely with respect to "bankruptcy-related" fees and reserving all rights with respect to the Preliminary Objection for the final fee hearing [Docket No. 676] (the "<u>First Interim Fee Order</u>"). Also, on May 8, 2024, the Court heard argument, and reserved decision, on the Preliminary Objection as it relates to the "arbitration" fees. On June 7, 2024, the Court issued an oral decision approving the "arbitration" fees, and on June 12, 2024, entered an order requiring that such fees be paid by non-Debtor Eletson Corp. *See* Docket No. 769.

2

B.   The Second Interim Fee Period

4.   On March 28 and April 1, 2024, respectively, the Debtors filed the: (a) *First Monthly Fee Statement of Reed Smith LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession, for the Period from January 1, 2024 Through January 31, 2024* [Docket No. 537] (the "January Fee Statement") and (b) *Second Monthly Fee Statement of Reed Smith LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession, for the Period from February 1, 2024 Through February 29, 2024* [Docket No. 541] (the "February Fee Statement"), which the Petitioning Creditors objected to on April 11, 2024 [Docket No. 578] (the "Subsequent Objection").

5.   On April 26, 2024, the Debtors filed the *Third Monthly Fee Statement of Reed Smith LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession, for the Period from March 1, 2024 Through March 31, 2024* [Docket No. 618] (the "March Fee Statement"), which the Petitioning Creditors objected to on May 10, 2024 [Docket No 659] (the "Third Objection").

6.   On May 17, 2024, the Debtors filed the *Fourth Monthly Fee Statement of Reed Smith LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession, for the Period from April 1, 2024 Through April 30, 2024* [Docket No. 702] (the "April Fee Statement"), which the Petitioning Creditors objected to on May 31, 2024 [Docket No. 729] (the "Fourth Objection").

7.   On June 13, 2024, the Debtors filed the *Second Interim Fee Application of Reed Smith LLP, Counsel to the Debtors and Debtors in Possession, for Compensation and*

3

*Reimbursement of Expenses for the Period January 1, 2024 to April 30, 2024* [Docket No. 776] (the "Second Interim Fee Application"), seeking allowance of payment of fees in the amount of $4,769,137.50 for legal services rendered, and reimbursement of expenses in the amount of $210,313.60 for the period from January 1, 2024 through April 30, 2024 (the "Second Interim Fee Period"). The Second Interim Fee Application, and the accompanying proposed order provide that "[w]hile Reed Smith has included the amounts incurred on behalf of [Eletson] Corp. for the Arbitration ($1,119,935.50), Reed [] Smith is not seeking payment from…[Eletson] Holdings for the amount of fees related to the Arbitration." *See* Second Interim Fee App.¶ 16, at n. 2.

8. On July 16, 2024, the Petitioning Creditors filed an objection to the Second Interim Fee Application [Docket No. 872] (the "Second Interim Fee Application Objection").

9. On July 23, 2024, the Court held a hearing on the Second Interim Fee Application, and heard argument, and reserved decision on allowance and payment of the fees thereunder. On August 19, 2024, the Court issued an oral decision allowing the Debtors to pay 80% of the fees and 100% of the expenses requested in the Second Interim Fee Application on an interim basis with all parties' rights reserved. *See* Aug. 19, 2024 Hr'g Tr. at 18:15-22. On September 3, 2024, the Court entered an order requiring that such fees be paid [Docket No. 1055] (the "Second Interim Fee Order").

C.   The Third Interim Fee Period

10. On June 24, 2024, the Debtors filed the *Fifth Monthly Fee Statement of Reed Smith LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession, for the Period from May 1, 2024 Through May 31, 2024* [Docket No. 810] (the "May Fee Statement"), which the

4

Petitioning Creditors objected to on July 8, 2024 [Docket No. 845] (the "Fifth Objection").

11. On July 15, 2024, the Debtors filed the *Sixth Monthly Fee Statement of Reed Smith LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession, for the Period from June 1, 2024 Through June 30, 2024* [Docket No. 869] (the "June Fee Statement"), which the Petitioning Creditors objected to on July 29, 2024 [Docket No. 900] (the "Sixth Objection").

12. On August 15, 2024, the Debtors filed the *Seventh Monthly Fee Statement of Reed Smith LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession, for the Period from July 1, 2024 Through July 31, 2024* [Docket No. 946] (the "July Fee Statement"), which the Petitioning Creditors objected to on August 29, 2024 [Docket No. 1041] (the "Seventh Objection").

13. On September 26, 2024, the Debtors filed the *Eighth Monthly Fee Statement of Reed Smith LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession, for the Period from August 1, 2024 Through August 31, 2024* [Docket No. 1159] (the "August Fee Statement"), which the Petitioning Creditors objected to on October 10, 2024 [Docket No. 1189] (the "Eighth Objection").

14. On October 15, 2024, the Debtors filed the *Third Interim Fee Application of Reed Smith LLP, Counsel to the Debtors and Debtors in Possession, for Compensation and Reimbursement of Expenses of the Period May 1, 2024 to August 31, 2024* [Docket No. 1193] (the "Third Interim Fee Application"), seeking interim allowance of payment of fees in the amount of $5,319,417.70 for legal services rendered, and reimbursement of expenses in the amount of $193,751.04 for the period from May 1, 2024 through August 31, 2024 (the "Third Interim Fee Period"). The Third Interim Fee Application provides that

5

"[w]hile Reed Smith has included the amounts incurred on behalf of [Eletson] Corp. for the Arbitration ($957,461.50), Reed Smith is not seeking payment from…[Eletson] Holdings for the amount of fees related to the Arbitration." *See* Third Interim Fee App.¶ 16, at n. 2. On November 14, 2024, the Petitioning Creditors filed an objection to the Third Interim Fee Application [Docket No. 1249] (the "Third Interim Fee Application Objection").

15.    On October 25, 2024, the Court issued a *Memorandum Opinion and Order Overruling in Part and Sustaining in Part Debtors' Claim Objections* [Docket No. 1211] and a *Memorandum Opinion and Order Confirming Petitioning Creditors' Amended Joint Chapter 11 Plan of Reorganization of Eletson Holdings Inc. and its Affiliated Debtors, Sustaining Objections to Competing Plan, and Denying Motion in Limine* [Docket No. 1212], confirming the *Petitioning Creditors' Amended Joint Chapter 11 Plan of Reorganization of Eletson Holdings Inc. and its Affiliated Debtors* [Docket No. 1132, Ex. 1].

16.    On November 19, 2024, the parties submitted an order in agreed form (the "Proposed Third Interim Fee Order") that allowed Reorganized Holdings to pay 80% of the fees and 100% of the expenses requested in the Third Interim Fee Application on an interim basis with all parties' rights reserved. As of the date hereof, the Proposed Third Interim Fee Order has not been entered.

D.    The Fourth Interim Fee Period

17.    On October 18, 2024, the Debtors filed the *Ninth Monthly Fee Statement of Reed Smith LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession, for the Period from September 1, 20242024 Through September 30, 2024* [Docket No. 1203] (the "September Fee Statement"), which the Petitioning Creditors objected to on November 1, 2024 [Docket No. 1219] (the "Ninth Objection" and, together with the Preliminary Objection, the

6

Subsequent Objection, the Third Objection, the Fourth Objection, the Second Interim Fee Application Objection, the Fifth Objection, the Sixth Objection, the Seventh Objection, and the Eighth Objection, the "Prior Objections").

18. On November 4, 2024, the Court issued the *Findings of Fact, Conclusions of Law, and Order Confirming Petitioning Creditors' Amended Joint Chapter 11 Plan of Eletson Holdings Inc. and its Affiliated Debtors* [Docket No. 1223] (the "Confirmation Order"), confirming the *Petitioning Creditors' Amended Joint Chapter 11 Plan of Reorganization of Eletson Holdings Inc. and its Affiliated Debtors* [Docket No. 1132, Ex. 1] (the "Plan").

19. On November 7, 2024, the Debtors appealed the Confirmation Decision. *See* Docket No. 1233.

20. The effective date of the Plan occurred on November 19, 2024 (the "Effective Date"). *See Notice of (I) The Occurrence of the Effective Date and (II) Final Deadlines for Filing Certain Claims* [Docket No. 1258].

E. The Prior Objections

21. The Prior Objections object to the allowance and payment of substantial fees and expenses that do not provide any actual and necessary benefit to the Debtors' estates, and accordingly, should not be paid for by the Debtors. *See* Preliminary Objection at II.B.2 and II.B.3; Subsequent Objection ¶ 5; Third Objection ¶ 8; Fourth Objection ¶ 9; Fifth Objection ¶ 9; Sixth Objection ¶ 13; Seventh Objection ¶ 20; Eighth Objection ¶ 24; Ninth Objection ¶ 29. For example, during the First Interim Fee Period, Reed Smith billed $75,942 to the "Plan and Disclosure Statement" matter, which benefits the Debtors' shareholders and insiders—not the Debtors' estates. *See* Preliminary Objection at II.B.2. During the Second Interim Fee Period, Reed Smith billed $404,879 in fees billed to the "Plan and Disclosure Statement" matter, and for the Third Interim

7

Period, Reed Smith billed $1,938,049 to the "Plan and Disclosure Statement" matter. *See* Second Interim Fee App. at 10; Third Interim Fee App. at 10.

22. The Prior Objections also raise various other issues including, among other things, (a) duplicative, excessive, and unnecessary time entries (Preliminary Objection ¶¶47-50), (b) vague time entries and inconsistent and unclear listings of time across various work categories (*id.* ¶ 55), and (c) inconsistencies between some of the rates charged in the First Fee Application, the January Fee Statement, the February Fee Statement, the March Fee Statement, the April Fee Statement, the May Fee Statement, the June Fee Statement, the July Fee Statement, the August Fee Statement, the September Fee Statement, and those disclosed in the Retention Application and related disclosures (*id.* ¶¶ 51-53; Subsequent Objection ¶ 6; Third Objection ¶ 13; Fourth Objection ¶ 13, Fifth Objection ¶ 11; Second Interim Fee Application Objection ¶ 16; Sixth Objection ¶ 15; Seventh Objection ¶ 22; Eighth Objection ¶ 26; Ninth Objection ¶ 32), all of which make it impossible for the Court, creditors, or other parties in interest to determine what amounts incurred by Reed Smith provide an actual and necessary benefit to the Debtors' estates.

F.     <u>Reed Smith Engagement Issues</u>

23. After months of objecting to discovery requests related to Reed Smith's representations of the Debtors, their insiders, and non-Debtor affiliates, the Debtors finally produced various engagement letters, including engagement letters that show that Reed Smith represents not only the Debtors but others within the Eletson corporate family, including certain insiders that was not previously disclosed to the Court or parties in interest.

24. On August 16, 2024, the Petitioning Creditors filed a letter with the Court [Docket No. 957] (the "<u>August 16 Letter</u>"), raising various disclosure issues.

8

25.   On August 19, 2024 the United States Trustee filed a letter with the Court [Docket No. 968] (the "August 19 Letter") stating its concerns regarding disclosure issues.

26.   At a hearing before this Court on August 21, 2024, the parties discussed the various disclosure issues and the Court directed the Debtors to submit a written response to the various letters. *See* Aug. 21, 2024 Hr'g Tr. at 115:7-9.

27.   On August 22, 2024, Reed Smith filed a letter [Docket No. 1013] (the "August 22 Letter"), which the Petitioning Creditors responded to on August 23, 2024 [Docket No. 1017] (the "August 23 Letter").

28.   On August 26, 2024 Reed Smith filed another letter with the Court [Docket No. 1019] (the "August 26 Letter" and collectively with the August 16 Letter, the August 19 Letter, the August 22 Letter, and the August 23 Letter, the "Letters") regarding Reed Smith's disclosure issues.

29.   On September 5, 2024, Levona Holdings Ltd., filed a letter with the Court [Docket No. 1064] (the "Levona Letter") concerning Reed Smith's disclosure issues, among other things. The Debtors have not responded to the Levona Letter.

30.   On September 27, 2024 the United States Trustee filed a motion asking the Court to disgorge fees and expenses due to Reed Smith's disclosure issues [Docket No. 1166] (the "Disgorgement Motion").

31.   As set forth in the Ninth Objection, on October 30, 2024, the Debtors filed a letter in the District Court Action, a copy of which is attached thereto as Exhibit A (the "District Court Letter") that mentions Eletson Gas and the Debtors' insiders and shareholders and further demonstrates that Reed Smith is acting for the benefit of the Debtors' insiders and shareholders. *See* Docket No. 1219, Ex. A. For example, in the context of describing the impact of the Confirmation Decision the District Court Letter

9

provides that non-Claimants "Eletson Gas and the Preferred Shareholders also have rights to protect in the Final Award," and could seek to intervene. *See* Docket No. 1219, Ex. A at 2. Raising the rights of these non-parties, who Reed Smith also represents, is a clear conflict of interest and further evidence of their representation of the Debtors' principals.[3]

32. On October 30, 2024, the Debtors filed the *Declaration of Louis M. Solomon Under Fed. R. Bankr. P. 2014 in Support of Debtors Application to Retain and Employ Reed Smith LLP, as Counsel to the Debtors and Debtors-in-Possession, Nunc Pro Tunc as of the Conversion Date* [Docket No. 1215] (the "Solomon Declaration") and the *Stipulation Between the Office of the United States Trustee and Reed Smith LLP* [Docket No. 1216] (the "Stipulation"), which purport to resolve the Disgorgement Motion. Both the Petitioning Creditors and the Committee filed reservations of rights to the Stipulation, which does not release the Petitioning Creditors' (or the Debtors' claims or arguments that Reed Smith should disgorge all of its fees for lack of disclosure. *See* Docket Nos. 1222 and 1224.

G.   Objections to the October Fee Statement

33. For substantially the same reasons set forth in the Prior Objections, which are incorporated herein by reference, Reorganized Holdings objects to the October Fee Statement. In addition, the October Fee Statement has a myriad of other issues similar to those raised and disputed in the Prior Objections, such as fees of approximately $37,958 billed to the "Plan and Disclosure Statement" matter, which should not be

---

[3] Additionally, Reed Smith's actions since entry of the Confirmation Order, and specifically since the Effective Date further highlight that Reed Smith is acting to benefit the Debtors' shareholders and insiders to the detriment of the Debtors' creditors and estates. *See e.g., Emergency Motion of Reorganized Eletson Holdings Inc. for an Order Imposing Sanctions on Eletson Holdings' (A) Existing Person of Record and (B) Former Shareholders, Officers, Directors, and Counsel, Including Reed Smith LLP* [Docket No. 1268].

10

compensable because the Debtors' unconfirmable, bad faith new value plan only benefits the Debtors' shareholders and insiders—not their estates.

34. The Debtors should not be charged for any amounts billed to the "Plan and Disclosure Statement" matters pursuant to the October Fee Statement for substantially the same reasons set forth in the Preliminary Objection. Additionally, as set forth in the Ninth Objection, the Confirmation Decision demonstrates that there were numerous issues with the Debtors' Plan—many of which were raised at the Disclosure Statement phase that the Debtors have known about for months, but the Debtors and Reed Smith prosecuted their unconfirmable plan anyway. *See* Docket No. 1212; Ninth Objection ¶ 30. Reed Smith should not be compensated for its fees and expenses assisting the Debtors (and their shareholders) in pursuing their plan that fell woefully short of confirmation.

35. Similar to the April Fee Statement, the May Fee Statement, the June Fee Statement, the July Fee Statement, the August Fee Statement, and the September Fee Statement, the October Fee Statement requests payment of $5,922 billed to the "Claims Administration and Objections" matter, which should not be compensable because as set forth in the Fourth Objection, the time entries billed to "Claims Administration and Objections" matter do not benefit the Debtors' estates. *See* Fourth Objection ¶11.

36. In addition, as with the First Fee Application, the January Fee Statement, the February Fee Statement, the March Fee Statement, the April Fee Statement, the Second Interim Fee Application, the May Fee Statement, the June Fee Statement, the July Fee Statement, and the August Fee Statement, the September Fee Statement, and the Third Interim Fee Application, the October Fee Statement also seeks payment of fees charged at rates that exceed the amounts permitted by the Retention Order and Reed Smith's subsequent disclosures. On January 30, 2024, Reed Smith disclosed the

increased hourly rates for partners, associates, and other personnel who may work on these Chapter 11 Cases. *See Fifth Supplemental Declaration of Derek J. Baker Under Fed. R. Bankr. P. 2014 in Support of Debtors Application to Retain and Employ Reed Smith LLP, as Counsel to the Debtor and Debtor-in-Possession, Nunc Pro Tunc as of the Conversion Date* [Docket No. 386] (the "Fifth Supplemental Declaration") ¶ 4. The Fifth Supplemental Declaration provides that the range for partners is "$820 - $1,470" per hour. *Id.* ¶ 4. Mr. Solomon, who billed $91,822.50 in connection with the October Fee Statement, is billed at two different rates $1,610 and $1,715—both of which exceed the highest possible partner rate set forth in the Fifth Supplemental Declaration.[4] The Debtors should not be charged any rates above the $1,470 disclosed in the Fifth Supplemental Declaration.

37. The October Fee Statement also seeks reimbursement of various expenses that should not be reimbursed. Pursuant to General Order M-447, dated January 29, 2023 (Morris, C.J.) (the "General Order"), individual meal expenses cannot exceed $20.00. The September Fee Statement includes multiple expenses that violate the General Order.

38. Additionally, given the issues with disclosures and undisclosed connections to Eletson insiders currently outstanding including in connection with the Letters, Reorganized Holdings believes that there are substantial grounds for the disallowance and/or disgorgement of fees and expenses sought by Reed Smith, including those requested in the October Fee Statement, and those previously paid by the Debtors and these estates. Given the disclosure issues with Reed Smith,

---

[4] The October Fee Statement does not explain why Reed Smith is billing Mr. Solomon at a higher rate in the Chapter 11 Cases than in the Arbitration.

12

Reorganized Holdings submits that the Court should withhold approval of all fees requested in the October Fee Statement until these issues are resolved.

39. Finally, now that that Effective Date has occurred Reorganized Holdings is under new ownership and management. The new directors of Reorganized Holdings need additional time to review the outstanding issues related to Reed Smith's fees and expenses, including the October Fee Statement, and determine they should pursue additional objections on behalf of Reorganized Holdings.

## **RESERVATION OF RIGHTS**

40. Reorganized Holdings reserves all rights, including in connection with this Tenth Objection, the October Fee Statement, Ninth Objection, the September Fee Statement, the Third Interim Fee Application Objection, the Third Interim Fee Application, the Eighth Objection, the August Fee Statement, the Seventh Objection, the July Fee Statement, the Sixth Objection, the June Fee Statement, the Second Interim Fee Application, the Second Interim Fee Application Objection, the Fifth Objection, the May Fee Statement, the April Fee Statement, the Fourth Objection, the Third Objection, the March Fee Statement, the Subsequent Objection, the January Fee Statement, the February Fee Statement, the Preliminary Objection, the Letters, the District Court Action Letter, the Solomon Declaration, the Stipulation, and these Chapter 11 Cases, including, without limitation, to supplement this Tenth Objection following discovery in advance of any evidentiary hearing(s) scheduled with respect to the October Fee Statement.

[*Concludes on Following Page*]

DATED:  November 25, 2024      TOGUT, SEGAL & SEGAL LLP
        New York, New York      By:

<u>/s/ *Bryan M. Kotliar*</u>
KYLE J. ORTIZ
BRYAN M. KOTLIAR
BRIAN F. SHAUGHNESSY
AMANDA C. GLAUBACH
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

*Counsel for Reorganized Holdings*

14