UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: ELETSON HOLDINGS INC., et al., Debtors.[1] | Chapter 11 Case No. 23-10322 (JPM) Jointly Administered |
|---|---|

**OPPOSITION OF NON-PARTY DANIOLOS LAW FIRM TO THE EMERGENCY MOTION OF REORGANIZED ELETSON HOLDINGS INC. FOR AN ORDER IMPOSING SANCTIONS ON ELETSON HOLDINGS' (A) EXISTING PERSON OF RECORD AND (B) FORMER SHAREHOLDERS, OFFICERS, DIRECTORS, AND COUNSEL, INCLUDING REED SMITH LLP**

[1] The Debtors in these cases are: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC. The address of the Debtors' corporate headquarters is 118 Kolokotroni Street, GR 185 35 Piraeus, Greece.

**TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS ........ i

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

RELEVANT PROCEDURAL AND FACTUAL BACKGROUND ........ 2

ARGUMENT ........ 4

I. The Bankruptcy Rules Applicable to the Sanctions Motion Require Service on Greek Entities/Individuals Including Daniolos in Accordance with the Hague Convention ........ 4

II. Purported Mail or Email Service on Daniolos Was Insufficient Under the Hague Convention ........ 6

III. This Court Does Not Have Constitutional Jurisdiction Over Daniolos ........ 7

A. Daniolos Does Not Have Minimum Contacts with the United States ........ 7

B. It Is Not Reasonable For the Court to Exercise Jurisdiction Over Daniolos for the Sanctions Motion ........ 11

CONCLUSION ........ 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Advance Watch Company, Ltd.*,
587 B.R. 598 (Bankr. S.D.N.Y. 2018) ....................5

*In re Amaranth Natural Gas Commodities Litig.*,
587 F. Supp. 2d 513 (S.D.N.Y. 2008), *aff'd*, 730 F.3d 170 (2d Cir. 2013) ....................7

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
305 F.3d 120 (2d Cir. 2002) ....................11

*In re Bozel, S.A.*,
434 B.R. 86 (Bankr. S.D.N.Y. 2010) ....................7

*In re Commodore Int'l, Ltd.*,
242 B.R. 243 (Bankr. S.D.N.Y. 1999), *aff'd,* No. 00CIV.1670(SAS), ,
2000 WL 977681 (S.D.N.Y. July 17, 2000) ....................10

*Daskin v. Knowles*,
193 A.3d 717 (Del. 2018) ....................5, 6

*In re Eastman Kodak Co.*,
2012 No. 12-10202 ALG ....................4

*Fox Shiver, LLC v. Individuals, Corps., Limited Liab. Cos., P'ships, and Unincorporated Ass'ns Identified on Schedule A to the Complaint*,
No. 23-CV-1898 (JPO), 2024 WL 230748 (S.D.N.Y. Jan. 22, 2024) ....................6

*Hau Yin To v. HSBC Holdings PLC*,
No. 15CV3590-LTS-SN, 2017 WL 816136 (S.D.N.Y. Mar. 1, 2017), ,
*aff'd*, 700 F. App'x 66 (2d Cir. 2017) ....................10

*In re Hawker Beechcraft, Inc.*,
486 B.R. 264 (Bankr. S.D.N.Y. 2013) ....................5

*Kadmon Corporation, LLC v. Limited Liability Company Oncon*,
No. 22-CV-5271 (LJL), 2023 WL 2346340 (S.D.N.Y. Mar. 3, 2023) ....................6

*In re Lehman Bros. Holdings Inc.*,
535 B.R. 608 (Bankr. S.D.N.Y. 2015) ....................7, 10

*Metropolitan Life Insurance Co. v. Robertson–Ceco Corp.*,
84 F.3d 560 (2d Cir. 1996)....................................................................................8

*In re Rama Group of Companies, Inc.*,
496 B.R. 307 (Bankr. W.D.N.Y. 2013) ....................................................................4

*In re Sledziejowski*,
No. 13-22050 (RDD), 2016 WL 6155929 (Bankr. S.D.N.Y. Oct. 21, 2016)..................8, 9, 10

*Smart Study Co. v. Acuteye-Us*,
620 F. Supp. 3d 1382 (S.D.N.Y. 2022)................................................................5, 6

*SPV Osus Ltd. v. UBS AG*,
882 F.3d 333 (2d. Cir. 2018)...........................................................................8, 9, 10

*In re Teligent Inc.*,
485 B.R. 62 (Bankr. S.D.N.Y. 2013) .....................................................................7

*VolkswagenwerkAktiengesellschaft v. Schlunk*,
486 U.S. 694, 108 S. Ct. 2104 (1988).....................................................................5

*Walden v. Fiore*,
571 U.S. 277, 134 S. Ct. 1115 (2014)................................................................9, 10

*Water Splash, Inc. v. Menon*,
581 U.S. 271, 137 S. Ct. 1504 (2017).....................................................................6

*In re Williams*,
264 B.R. 234 (Bankr. D. Conn. 2001) .....................................................................8

**Rules and Regulations**

Fed. R. Bankr. P. 7001 .............................................................................................4

Fed. R. Bankr. P. 7004 .......................................................................................4, 5, 7

Fed. R. Bankr. P. 9014 .............................................................................................4

Fed. R. Bankr. P. 9020 ..........................................................................................3, 4

Fed. R. Civ. P. 4(f)....................................................................................................5

Fed. R. Civ. P. 4(h) ...................................................................................................5

**Other Authorities**

Greece – Central Authority & Practical Information, Hague Conference on Private International Law, https://www.hcch.net/en/states/authorities/details3/?aid=258 (last visited December 5, 2024) ........................................................................................................ 5, 6

The World Organisation for Cross-border Co-operation in Civil and Commercial Matters, HCCH Members, https://www.hcch.net/en/states/hcch-members (last visited December 5, 2024) ........................................................................................ 5

1. Non-Party Daniolos Law Firm ("Daniolos"), by and through its undersigned counsel, respectfully appears specially in this proceeding and submits this jurisdictional Opposition to the Emergency Motion of Reorganized Eletson Holdings Inc. ("Reorganized Eletson") for an Order Imposing Sanctions on Eletson Holdings' (A) Existing Person of Record And (B) Former Shareholders, Officers, Directors, and Counsel, Including Reed Smith LLP (the "Sanctions Motion") solely to contest that this Court has jurisdiction over it. Daniolos respectfully denies that it has been properly served and that it is subject to the jurisdiction of this Court and the filing of this document should not be considered as a waiver of this defense (or any other defense). For the reasons set forth herein and in the accompanying Declaration of Ioannis (John) Markianos-Daniolos ("Daniolos Decl."), the Court should find that Daniolos has not been properly served and this Court has no jurisdiction over Daniolos.

**INTRODUCTION**

2. The Court should deny the Sanctions Motion with regard to Daniolos because Daniolos has not been properly served and is not subject to personal jurisdiction in this Court. Daniolos is a Greek Law firm located solely in Greece that does not do business in the United States and has no assets or property in the United States. It is not a part of these bankruptcy proceedings and has not appeared in any capacity in these proceedings at all. It has not been served through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention") to which Greece and the United States are both parties. Service through the Hague Convention is mandatory for the Sanctions Motion which should at least be considered a contested matter, and possibly should be converted to an adversary proceeding given that Reorganized Eletson seeks "compensatory" monetary sanctions. The

claim in the Affidavit of Service (ECF 1281) that the Sanctions Motion was served by email or first-class mail on Daniolos does not comply with the Hague Convention or Greek law.

3. Independently, the Sanctions Motion does not establish that Daniolos has minimum contacts with the United States and Daniolos does not have such minimum contacts.

4. It also would be unreasonable for this Court to assert jurisdiction over Daniolos, a Greek law firm for providing advice on Greek law to Greek citizens and residents. Thus, Daniolos has not been served, is not properly before this Court, and this Court has no jurisdiction over Daniolos. Accordingly, the Court should deny the Sanctions Motion with regard to Daniolos.

**RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

5. The docket shows that this proceeding began on March 7, 2023 when certain petitioning creditors filed an involuntary petition pursuant to section 303 of title 11, United States Code against the above-captioned debtors (the "Debtors"), including Eletson Holdings, Inc. ("Eletson Holdings") (ECF 1). On September 13, 2023, the Debtors filed a motion to convert their jointly administered cases to chapter 11 (ECF 201). On September 25, 2023, the Court issued an order converting the Debtors' cases to chapter 11 (ECF 215). On November 4, 2024, the Court issued an order confirming a chapter 11 plan (ECF 1223). On November 19, 2024, Notice was submitted that the effective date of the chapter 11 plan occurred (ECF 1258).

6. Daniolos is a Greek law firm (Daniolos Decl. ¶3). Daniolos conducts no business in the United States and has no office, assets, or property in the United States (*id.* ¶¶3-4).

7. Daniolos has not participated in this action or submitted any documents in this action (*id.* ¶6) . It has never represented any of the Debtors (*id.*).

8. In or around August, 2024 or early September, 2024, Daniolos was asked by

individuals (all Greek citizens and residents) who were then members of the Board of Directors for Eletson Holdings to provide legal advice pursuant to Greek law and to obtain certain advice about Liberian law from Liberian counsel (*id.* ¶7). Daniolos was also later asked to represent additional individuals who were appointed provisional directors of Eletson Holdings about their obligations under Greek law and Liberian law (*id.*). Daniolos provided this advice to these Greek citizens and residents (all of whom, like all Greek citizens and residents, would also need to be served via the Hague Convention). Some of that legal advice was transmitted at the request of those individuals to Reed Smith in the November 12 email (which has been submitted to the Court with the Sanctions Motion) and in a few subsequent communications (*id.*).

9. On November 25, the Sanctions Motion was filed. In the Sanctions Motion, the filing entity (the "Reorganized Eletson Holdings") sought entry of an order of civil contempt and sanctions pursuant to "sections 105, 1141, and 1142 of title 11 of the United States Code . . ., and Rule 9020 of the Federal Rules of Bankruptcy Procedure" (Sanctions Motion at 1).

10. In the Sanctions Motion, the Reorganized Eletson Holdings seeks *inter alia* "[c]oercive monetary sanctions", "[c]ompensatory monetary sanctions", and "[a]dditional coercive and compensatory monetary sanctions" (*id.* at 28).

11. The Sanctions Motion only specifies Daniolos by name one time with reference to any specific action when it states that Reed Smith wrote a letter to the Court attaching an email from Daniolos reporting on the resignation of four directors and actions taken by a Greek Court (Sanctions Motion ¶24 at pg. 9). That letter and email are also attached to the Sanctions Motion (Exhibit 3 to the Kotliar Declaration).

12. The Sanctions Motion mentions a few other actions taken by the "Violating Parties", but it is unclear if they are intending to include the Daniolos Law Firm as one of the

Violating Parties for those actions.

13. Daniolos was not served with the Sanctions Motion papers in accordance with the Hague Convention and/or Greek law (Daniolos Decl. ¶¶ 12-13).

## ARGUMENT

### I. The Bankruptcy Rules Applicable to the Sanctions Motion Require Service on Greek Entities/Individuals Including Daniolos in Accordance with the Hague Convention

14. The Sanctions Motion is explicitly brought pursuant to Rule 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") since, in part, it seeks a contempt order. Bankruptcy Rule 9020 provides that "Rule 9014 governs a motion for a contempt order made by the United States trustee or a party in interest." Bankruptcy Rule 9014 itself provides that "[i]n a contested matter not otherwise governed by these rules, relief shall be requested by motion...." Fed. R. Bankr. P. 9014. Thus, the Sanctions Motion is at least a contested matter. Rule 9014(b)(1) also provides that service of a motion must be in accordance with the Rule 7004 of the Federal Rules of Bankruptcy Procedure.

15. Moreover, the Sanctions Motion impermissibly seeks coercive and compensatory monetary sanctions by motion. A motion seeking "an award of compensatory sanctions or damages" necessitates the commencement of an adversary proceeding. *See In re Rama Group of Companies, Inc.,* 496 B.R. 307, 311 (Bankr. W.D.N.Y. 2013); Bankruptcy Rule 7001(a)("a proceeding to recover money" is an adversary proceeding).[2]

16. Regardless of whether the Sanctions Motion is litigated as a contested matter or

[2] The Sanctions Motion could be denied for failure to formally commence an adversary proceeding. *See In re Eastman Kodak Co*., 2012 No. 12-10202 ALG, WL 2255719 (Bankr. S.D.N.Y. June 15, 2012) (denying motion because relief sought was required by the commencement of an adversary proceeding pursuant to Bankruptcy Rule 7001).

should be an adversary proceeding, service on any Greek entity or individual is required to be in accordance with the Hague Convention as Bankruptcy Rule 7004 applies to both types of proceedings. "Bankruptcy Rule 7004(a) incorporates the provisions of rules 4(f) and 4(h) of the Federal Rules of Civil Procedure ("Federal Civil Rules"), which governs service in a foreign country." *In re Hawker Beechcraft, Inc.,* 486 B.R. 264, 283 (Bankr. S.D.N.Y. 2013). Federal Rules of Civil Procedure 4(f) requires service in accordance with the Hague Convention for parties to the Hague Convention. *Id.*; *see also In re Advance Watch Company, Ltd*., 587 B.R. 598, 603 (Bankr. S.D.N.Y. 2018) ("Service pursuant to the Hague Convention is mandatory when serving a foreign defendant in a signatory country" pursuant to Bankruptcy Rule 7004). "'Compliance with the Convention is mandatory in all cases to which it applies.'". *Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1389 (S.D.N.Y. 2022) (quoting *VolkswagenwerkAktiengesellschaft v. Schlunk*, 486 U.S. 694, 705, 108 S. Ct. 2104 (1988)).

17. Here, Daniolos is a Greek Law Firm (a Greek entity) and has an office only in Greece (Daniolos Decl. ¶3). Greece and the United States are signatories to the Hague Convention. *See, e.g.,* The World Organisation for Cross-border Co-operation in Civil and Commercial Matters, HCCH Members, https://www.hcch.net/en/states/hcch-members (last visited December 5, 2024) (listing both the United States and Greece as parties to the Convention); Greece – Central Authority & Practical Information, Hague Conference on Private International Law, https://www.hcch.net/en/states/authorities/details3/?aid=258, (last visited December 5, 2024); *see, e.g., Daskin v. Knowles*, 193 A.3d 717, 724 (Del. 2018) ("Both the United States and Greece have ratified or acceded to the [Hague] Convention" requiring service to be in accordance with that Convention). Thus, the Hague Convention applies to the service of the Sanctions Motion on Greek individuals and entities and service of the Sanctions Motion on

Daniolos must be in accordance with the Hague Convention.

## II. Purported Mail or Email Service on Daniolos Was Insufficient Under the Hague Convention

18. An affidavit of service was filed in this matter which purports to show that Daniolos was "served" by first class mail or email (ECF 1281). However, this type of service is not sufficient pursuant to the Hague Convention and Greek Law (Daniolos Decl. ¶¶11-13). Under Article 10 of the Hague Convention, "service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Water Splash, Inc. v. Menon*, 581 U.S. 271, 284, 137 S. Ct. 1504 (2017) (citation omitted). In this case, the purported service of the Sanctions Motion on Daniolos fails for both reasons.

19. First, "Greece is a State which objects to service of process via mail under Article 10." *Daskin,* 193 A.3d at 724; *see also* Greece – Central Authority & Practical Information, Hague Conference on Private International Law, https://www.hcch.net/en/states/authorities/details3/?aid=258, (last visited December 5, 2024). In that context, email service is also insufficient under the Hague Convention. *See, e.g., Smart Study Co.* 620 F. Supp. 3d at 1397 ("the Hague Convention prohibits service by email" when there is an objection to postal service (China)); *see also Fox Shiver, LLC v. Individuals, Corps., Limited Liab. Cos., P'ships, and Unincorporated Ass'ns Identified on Schedule A to the Complaint*, No. 23-CV-1898 (JPO), 2024 WL 230748, at *1 (S.D.N.Y. Jan. 22, 2024) (same for Turkey); *Kadmon Corporation, LLC v. Limited Liability Company Oncon,* No. 22-CV-5271 (LJL), 2023 WL 2346340, at *4 (S.D.N.Y. Mar. 3, 2023) (same for Russia). Second, Greek law does not recognize service by mail or email either (Daniolos Decl. ¶13).

20. Thus, Daniolos has not been properly served with the Sanctions Motion. As a result, the Court has no jurisdiction over Daniolos. *See, e.g. In re Teligent Inc.,* 485 B.R. 62, 69-70 (Bankr. S.D.N.Y. 2013) (without proper service "the Court never acquired personal jurisdiction").

**III. This Court Does Not Have Constitutional Jurisdiction Over Daniolos**

21. In addition to service, the Bankruptcy Court can only exercise personal jurisdiction if jurisdiction is "consistent with the Constitution and the laws of the United States". Bankruptcy Rule 7004(f). Courts have explained that the only inquiry other than if there has been proper service is "whether exercising personal jurisdiction . . . would be consistent with the Due Process Clause of the Fifth Amendment." *In re Bozel, S.A.,* 434 B.R. 86, 97 (Bankr. S.D.N.Y. 2010).

22. The analysis for specific personal jurisdiction requires "two related inquiries . . . whether the defendant has sufficient 'minimum contacts' with the forum state and whether the exercise of jurisdiction over that defendant would be reasonable." *In re Lehman Bros. Holdings Inc*., 535 B.R. 608, 619 (Bankr. S.D.N.Y. 2015) (citation omitted). The "forum state" in a bankruptcy proceeding "is the United States as a whole, and "a court should consider the defendant's contacts throughout the United States." *In re Amaranth Natural Gas Commodities Litig.,* 587 F. Supp. 2d 513, 527 (S.D.N.Y. 2008), *aff'd*, 730 F.3d 170 (2d Cir. 2013).

23. In this case, as explained more fully below, the Sanctions Motion does not and cannot establish that Daniolos has minimum contacts with the United States and that the exercise of such jurisdiction would be reasonable.

**A. Daniolos Does Not Have Minimum Contacts with the United States**

24. Courts hold that either "specific" or "general" personal jurisdiction can satisfy the

"minimum contacts" requirement of the Due Process Clause. *In re Sledziejowski*, No. 13-22050 (RDD), 2016 WL 6155929, at *4 (Bankr. S.D.N.Y. Oct. 21, 2016) (citations omitted).

25. Minimum contacts for general jurisdiction can be found based on the party's "general business contacts" with the United States and "permits a court to exercise its power in a case where the subject of the suit is unrelated to those contacts". *Metropolitan Life Insurance Co. v. Robertson–Ceco Corp.,* 84 F.3d 560, 567-68 (2d Cir. 1996). "Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's 'continuous and systematic general business contacts.'" *Id.* The inquiry "is not whether a foreign corporation's in-forum contacts can be said to be in some sense continuous and systematic, but whether that corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 343 (2d. Cir. 2018).

26. Here, the Sanctions Motion does not establish that Daniolos has such continuous and systematic business contacts that render it essentially at home in the United States. In fact, Daniolos is a Greek law firm with its only office in Greece (Daniolos Decl. ¶3). It does not do business in and has no business contacts in the United States (*id.* ¶4). Thus, there are clearly no minimum contacts for general jurisdiction over Daniolos. *See, e.g., SPV Osus Ltd.,* 882 F.3d at 344; *see also In re Williams,* 264 B.R. 234, 241 (Bankr. D. Conn. 2001) (no general jurisdiction).

27. In order to find minimum contacts for specific jurisdiction, the party claiming jurisdiction must establish that the party over whom it claims the Court has jurisdiction "purposefully direct[s] his activities at residents of the forum' and ... the underlying cause of action 'arise[s] out of or relate[s] to those activities." *In re Sledziejowski*, 2016 WL 6155929, at

*4 (quotation omitted). Minimum contacts for specific jurisdiction requires, among other things, that the party "purposefully availed" itself of the privilege of doing business in that location. *SPV Osus Ltd.,* 882 F.3d at 344 (citations omitted). "[T]he defendant's suit-related conduct must create a substantial connection with the forum . . . ." *Walden v. Fiore*, 571 U.S. 277, 284, 134 S. Ct. 1115 (2014). "This relationship must "arise out of contacts that the defendant *himself* creates with the forum State." *Id.* (citations omitted). Also, the minimum contacts analysis looks to the party's "contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* (citations omitted). "[A] defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id.* (citations omitted).

28. The Sanctions Motion does not come close to making claims like this about Daniolos. In fact, there is only one specific allegation in the Sanctions Motion that mentions Daniolos by name at all. On page 9, in paragraph 24 of the Sanctions Motion that Reed Smith filed a letter "attaching an email from Former D&Os Counsel [Daniolos] stating, without proof, that four of the eight board members of Former Holdings—Vassilis Kertsikoff, Laskarina Karastamati, Eleni Karastamati, and Panagiotis Konstantaras—had resigned, and advised the Court that (a) provisional board members had been appointed by a provisional order of a Greek court and (b) a hearing is set in Greece on February 4, 2025 to reconstitute the board, among other things." A copy of the Reed Smith Letter including an exhibit showing an email from Daniolos to Reed Smith was attached to the Sanctions Motion (Exhibit 3 to the Kotliar Declaration). There is no other specific claim about Daniolos by name at all in the Sanctions Motion, although there is one other reference to "Greek counsel to the Directors of Holdings" in a November 17 Reed Smith email (Exhibit 14 to the Kotliar Declaration).

29. These few references are clearly insufficient to show that Danilos purposefully

availed itself of the privilege of doing business in the United States and that there was a substantial connection to the United States. Thus, the Sanctions Motion should be denied against Daniolos. *See, e.g., SPV Osus Ltd.,* 882 F.3d at 345 (contacts alleged between entity, the form and the litigation "amount to a handful of communications and transfers of funds. These limited contacts are insufficient to allow the exercise of specific personal jurisdiction over the UBS Defendants"); *see also Walden,* 571 U.S. at 277-78 ("petitioner lacks the "minimal contacts" with Nevada that are a prerequisite to the exercise of jurisdiction over him. . . . petitioner formed no jurisdictionally relevant contacts with Nevada"); *Hau Yin To v. HSBC Holdings PLC*, No. 15CV3590-LTS-SN, 2017 WL 816136 (S.D.N.Y. Mar. 1, 2017), *aff'd*, 700 F. App'x 66 (2d Cir. 2017) ("communications with and payments to New York merely to ensure compliance with contract terms negotiated and executed outside of New York do not 'project' a defendant into the state sufficiently to confer" specific jurisdiction over foreign defendants) (citation omitted); *In re Sledziejowski*, 2016 WL 6155929, at *6 ("there are only one or two contacts alleged against most of the Movants that are relevant to specific jurisdiction. But the alleged contacts do not provide enough detail to establish personal jurisdiction against the individual Movants"); *In re Lehman Bros. Holdings Inc.*, 535 B.R. at 624 ("Having engaged in the required minimum contacts analysis, it is clear that Shield's contacts with the United States are too limited to support the assertion of in personam jurisdiction over Shield, and none of LBSF's arguments to the contrary convinces this Court otherwise"); *In re Commodore Int'l, Ltd.*, 242 B.R. 243, 255 (Bankr. S.D.N.Y. 1999), *aff'd,* No. 00CIV.1670(SAS), 2000 WL 977681 (S.D.N.Y. July 17, 2000) (no jurisdiction over Bahamian foreign defendant where "we have already determined that TPC does not do any business in New York. There is also no evidence that TPC has ever solicited business here or derives any revenue here, let alone substantial revenue" and no facts tending to support

actions giving rise to legal consequences in jurisdiction). The result is the same even if one infers (and there is no reason to have to so infer) that the limited additional actions taken by the "Violating Parties" included Daniolos.

**B. It Is Not Reasonable For the Court to Exercise Jurisdiction Over Daniolos for the Sanctions Motion**

30. Even if the Court were to find that Daniolos was properly served, and there are minimum contacts (either general or specific) to support jurisdiction (and the Court should not make either finding), maintaining the Sanctions Motion against Daniolos is not reasonable and would offend "traditional notions of fair play and substantial justice". *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 305 F.3d 120, 129 (2d Cir. 2002). Courts have identified the following five factors to consider in determining whether jurisdiction over a party will offend these traditional notions: "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." *Id.*

31. It is not clear if these are the factors that should also apply to a non-party like Daniolos. However, it makes sense that it is inherently more unreasonable to try to bring a sanctions motion against a foreign non-party than against a defendant. This is particularly true where the entity is a Greek law firm who was providing Greek citizens and residents with advice about Greek law and was transmitting information about Greek legal proceedings.

32. Since Daniolos is a Greek law firm with no business contacts in the United States and no knowledge of United States law, it would be burdensome for Daniolos to have to argue

the Sanctions Motion in the United States.

33. In addition, the one specific mention by name (and other possible references) of Daniolos in the Sanctions Motion relates to legal advice given to Greek citizens and residents and the subsequent transmission of some of that advice and other factual information to Reed Smith (as evidenced in the email(s) attached to the Sanctions Motion).

34. Greece has a clear interest in the adjudicating the propriety of its lawyers providing its citizens with advice about Greek law. This interest is and should be stronger than any interest the United States may have in whatever impact this Greek legal advice to Greek citizens may or may not have had in the United States.

35. The attempt in the Sanctions Motion to try to have a United States Bankruptcy Court impose sanctions, including monetary sanctions, on a non-party Greek law firm for providing legal advice concerning Greek law to Greek citizens clearly is not reasonable and would offend traditional notions of fair play and substantial justice.

## CONCLUSION

36. For the foregoing reasons, Daniolos respectfully requests that the Court deny the Sanctions Motion with regard to Daniolos.

Dated: December 10, 2024

Respectfully submitted,

RIMON P.C.

/s/ *Michael S. Lazaroff*
Michael S. Lazaroff
100 Park Avenue, 16th Floor
New York, NY 10017
Tel: (646) 738-4151
michael.lazaroff@rimonlaw.com
shelley.ivan@rimonlaw.com

Anthony C. Acampora
Brian Powers
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
anthony.acampora@rimonlaw.com
brian.powers@rimonlaw.com

*Attorneys for the Daniolos Law Firm*