UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| ELETSON HOLDINGS INC., et al., | Case No. 23-10322 (JPM) |
| Debtors.[1] | Jointly Administered |

**DECLARATION OF IOANNIS (JOHN) MARKIANOS-DANIOLOS IN SUPPORT OF THE OPPOSITION OF DANIOLOS LAW FIRM TO THE EMERGENCY MOTION OF REORGANIZED ELETSON HOLDINGS INC. FOR AN ORDER IMPOSING SANCTIONS ON ELETSON HOLDINGS' (A) EXISTING PERSON OF RECORD AND (B) FORMER SHAREHOLDERS, OFFICERS, DIRECTORS, AND COUNSEL, INCLUDING REED SMITH LLP**

Ioannis (John) Markianos-Daniolos, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1. I am a partner of the Daniolos Law Firm ("Daniolos") which maintains its only office at 13 Defteras Merarchias Street, Piraeus 185 35, Greece. I am an attorney duly licensed under the laws of the Republic of Greece. I make this declaration based on my personal knowledge, including my review of documents, and without intention or effect of waiving or compromising any privilege or immunity. I also make this declaration solely to contest respectfully that this Court has jurisdiction over Daniolos, which denies that it has been properly served and that it is subject to the jurisdiction of this Court. The filing of this document should not be considered as a waiver of this defense (or any other defense).

---

[1] The Debtors in these cases are: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC. The address of the Debtors' corporate headquarters is 118 Kolokotroni Street, GR 185 35 Piraeus, Greece.

2. I submit this declaration in support of the opposition of Daniolos Law Firm to the Emergency Motion of Reorganized Eletson Holdings Inc. for an Order Imposing Sanctions on Eletson Holdings' (a) Existing Person of Record and (b) Former Shareholders, Officers, Directors, and Counsel, including Reed Smith LLP (the "Sanctions Motion").

**Daniolos Has No Contacts with the United States**

3. Daniolos is a Greek law firm which maintains an office solely in Greece. None of its attorneys are licensed to practice law in the United States.

4. Daniolos does not do any business in, own any assets or property located in, or have any business contacts with the United States.

5. Daniolos represents one company, and certain of its subsidiaries, which is based in the United States. That representation solely relates to matters of Greek law and such company's operations in Greece and does not deal with any issues of its United States operations.

6. Daniolos has not appeared in these jointly administered cases or submitted any documents in this proceeding. It has never represented any of the Debtors in these cases, including Eletson Holdings, Inc. ("Eletson Holdings"). Daniolos has represented Eletson Corporation, a Greek subsidiary of Eletson Holdings.

**Daniolos Provided Greek and Liberian Legal Advice To Individuals Who Were Members of the Board of Eletson Holdings**

7. Beginning in late August or early September 2024, Daniolos was asked to provide certain advice to individuals (all residents and citizens of Greece) who were then members of the board of directors of Eletson Holdings relating to certain of their obligations under Greek law and Liberian law. Daniolos was also later asked to represent the additional individuals who were appointed provisional directors of Eletson Holdings about their obligations under Greek law and Liberian law. Daniolos provided them with the requested advice concerning their obligations

under Greek law and, based upon opinions of counsel in Liberia, regarding their obligations under Liberian law. Some of that advice was then transmitted to Reed Smith in an email dated November 12, 2024, and in a few subsequent communications, at the request of those individuals. Daniolos did not represent any of these individuals before any US court.

8. At no point did Daniolos provide these individuals with legal advice regarding their obligations under the laws of the United States, the requirements of the title 11 of the United States Code, or their obligations under the Plan.

9. Daniolos is not authorized to accept service in this proceeding for them or for any other person or entity.

**Daniolos Has Not Been Served with the Sanctions Motion**

10. I have reviewed an affidavit of service filed in this proceeding claiming to have served Daniolos by mail and by e-mail.

11. Greece is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention") and has specifically objected to service by mail via the Hague Convention. *See* Greece – Central Authority & Practical Information, Hague Conference on Private International Law, https://www.hcch.net/en/states/authorities/details3/?aid=258. My understanding is that, therefore, service via e-mail is also precluded by the Hague Convention.

12. Daniolos has not been served with the Sanctions Motion in accordance with the Hague Convention.

13. Additionally, Greek law does not recognize or permit service of process or documents by mail or e-mail. Thus, Daniolos has not been served with the Sanctions Motion in accordance with Greek law.

3

14. I also note that, in any event, as of the date hereof, Daniolos has not actually received a physical copy of the Sanctions Motion via mail.

15. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: Piraeus, Greece
December 10, 2024

Ioannis Markianos-Daniolos