# TOGUT, SEGAL & SEGAL LLP

ONE PENN PLAZA
NEW YORK, NEW YORK 10119

WWW.TOGUTLAWFIRM.COM

(212) 594-5000

KYLE J. ORTIZ
(212) 201-6582
KORTIZ@TEAMTOGUT.COM

December 11, 2024

**VIA EMAIL and ECF**

Honorable John P. Mastando III
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

      Re:    <u>In re Eletson Holdings Inc.</u>, Case No. 23-10322 (JPM)

Dear Judge Mastando:

    I write on behalf of Reorganized Holdings, in response to Reed Smith's letter[1] today requesting that the December 16, 2024 hearing on the pending sanctions motion be converted into a status conference.

    We object to Reed Smith's request. There are no facts in dispute. Reed Smith readily acknowledges that it has not done the things that we contend they are required to do under the Plan and Confirmation Order. Moreover, the Court already held a five-day evidentiary hearing in which Reed Smith failed to make the arguments that it now is making. The sanctions motion is about enforcing the Plan and Confirmation Order based on admitted facts, period.

    Both experts at issue are opining on the operation of Liberian law to uncontested facts. This is not an evidentiary matter, not to mention the fact that the so-called Liberian law dispute on which Reed Smith relies is a fabricated attempt to cause delay and confusion.

    As for Reed Smith's "fact" witnesses, we are happy to cross examine them without the aid of document discovery or depositions. Again, the facts on which Reorganized Holdings relies for the sanctions motion are uncontested and indisputable.

    It is remarkable that Reed Smith would argue that five days is insufficient to prepare a witness for cross examination — a witness who is opining on legal issues and

---

[1] Reed Smith should not be heard by the Court on any matters other than the sanctions motion as it relates to Reed Smith.

TOGUT, SEGAL & SEGAL LLP

Honorable John P. Mastando III
United States Bankruptcy Court
December 11, 2024
Page 2

not facts.  The hearing is by Zoom — the witnesses should be available or Reed Smith should have used different witnesses who are available.

As laid out in detail in the sanctions motion, Reed Smith and the Eletson family are doing everything they can to cause improper delay and ignore this Court's final decision on the parties' competing Plans.  Reed Smith's letter is just another example of that.  The exigency of this Court's hearing the sanctions motion, to ensure that its orders are respected by the parties who voluntarily submitted to its jurisdiction, is self evident.  Reed Smith and the Eletson family are mocking this Court's and the Bankruptcy Code's authority, and it must be stopped as soon as possible, and not delayed by Reed Smith's attempt to manufacture evidentiary issues that do not exist.  The Petitioning Creditors and Reorganized Holdings have fulfilled their obligations under the Plan, including, among other things, making distributions to administrative and priority claims (including payoff of the Debtors' DIP financing) and paying professional fees, including Reed Smith.

Accordingly, we respectfully urge the Court to not convert Monday's hearing into a status conference.

Respectfully submitted,

TOGUT, SEGAL & SEGAL LLP
By:

*/s/ Kyle J. Ortiz*

Kyle J. Ortiz
A Member of the Firm