UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re: : Chapter 11
: 
ELETSON HOLDINGS INC., et al., : Case No. 23-10322 (JPM)
: 
: (Jointly Administered)
Debtors.[1] :
: 
------------------------------------------------------------x

### ORDER RESOLVING PETITIONING CREDITORS' OBJECTIONS TO PROOF OF CLAIM NOS. 9, 10, 11, AND 12

Upon the objections [Dkt. Nos. 1180, 1181, 1182, and 1183, and re-filed for administrative purposes only at Dkt. Nos. 1185, 1186, 1187 and 1188] (the "Claim Objections")[2] filed by the Petitioning Creditors to Proof of Claim Nos. 9, 10, 11, and 12 (the "Azure Claims") filed respectively by the Azure Entities in the above-captioned chapter 11 cases (the "Chapter 11 Cases"); and the Court having jurisdiction to consider the Claim Objections and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Claim Objections and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Claim Objections being adequate and appropriate under the particular circumstances; and upon the resolution of the Claim Objections detailed by the Petitioning Creditors and the Azure Entities herein; and the Court having found and determined that the relief provided herein is in the best interests of the Debtors, the Debtors' Estates and creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

---

[1]  The Debtors in these cases are: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC. The address of the Debtors' corporate headquarters is 118 Kolokotroni Street, GR 185 35 Piraeus, Greece. The Debtors' mailing address is c/o Eletson Maritime, Inc., 1 Landmark Square, Suite 424, Stamford, Connecticut 06901.

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Claim Objections.

**IT IS HEREBY ORDERED THAT:**

1. This Order is immediately effective and enforceable on the date of entry of this Order (the "Effective Date")

2. On the Effective Date, the claims scheduled by the Debtors in favor, respectively, of the Azure Entities shall be disallowed with prejudice in their entirety and expunged.

3. On the Effective Date, the Azure Entities shall each have an allowed general unsecured claim against Eletson Holdings Inc. in the amount set forth immediately below (the "Allowed Azure Claims"), which shall be deemed finally allowed for all purposes of the Chapter 11 Cases and shall not be subject to further objection by any party in interest. All amounts in the Azure Claims in excess of the Allowed Azure Claims shall be and hereby are disallowed with prejudice and expunged.

| Claim No. | Debtor | Allowed Amount | Claim Class |
|---|---|---|---|
| 9 | Eletson Holdings Inc. | $3,750,000 | General Unsecured |
| 10 | Eletson Holdings Inc. | $3,750,000 | General Unsecured |
| 11 | Eletson Holdings Inc. | $3,750,000 | General Unsecured |
| 12 | Eletson Holdings Inc. | $3,750,000 | General Unsecured |

4. Other than the Allowed Azure Claims, any other claims asserted by or on behalf of the Azure Entities, either through the Azure Claims, through the filing of any proof of claim by any party, or as scheduled by the Debtors, shall be and hereby are disallowed with prejudice.

5. This Order shall be binding upon and inure to the benefit of Reorganized Holdings, the Debtors' estates, and the Azure Entities, as well as their respective heirs, representatives, predecessors, affiliates, successors and assigns, and any affected third parties,

including any official committee, trustee or examiner appointed in the Chapter 11 Cases, and on all other creditors and parties in interest in the Chapter 11 Cases or any successor cases, notwithstanding (i) any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, (ii) dismissal or conversion of any of the Chapter 11 Cases, or (iii) the entry of any order under which the Court abstains from hearing any of the Chapter 11 Cases.

6. Reorganized Holdings and the clerk of this Court are authorized to modify the official Claims Register and the electronic dockets for these Chapter 11 Cases in compliance with the terms of this Order and to take all steps necessary or appropriate to carry out the relief granted in this Order.

7. Except as expressly set forth herein, nothing in the Objections or this Order, nor any actions or payments made pursuant to this Order, shall be construed as: (a) an admission as to the amount of, basis for, or validity of any other claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any other claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver of any other claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

8. Moses & Singer LLP, as counsel to the Azure Entities, shall be authorized to change the payment instructions set forth in the Azure Claims by notifying counsel to Reorganized Holdings in writing, which may be transmitted by email.

9. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
      December 17, 2024

/S/ John P. Mastando III
**HON. John P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**