

December 30, 2024

<u>Via PACER</u>
Honorable John P. Mastando III
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

Re:   *In re Eletson Holdings Inc.*, Case No. 23-10322 (JPM)

Dear Judge Mastando:

We represent non-party, the Daniolos Law Firm ("Daniolos"), who appeared specially in this proceeding solely to contest that this Court has jurisdiction over it (ECF 1285, the "Daniolos Submission"). We are writing now to seek guidance about the Court's position on that Submission prior to the scheduled January 6 evidentiary hearing.

The special appearance in the Daniolos Submission was necessary because a motion seeking an order of contempt and monetary sanctions was filed against a number of named and unnamed individuals and entities (many of whom do not appear to have been part of these proceedings) (ECF 1268, the "Sanctions Motion") which named and included Daniolos as a potential entity to be found in contempt and/or sanctioned. In the Daniolos Submission, we explained to the Court that Daniolos is a Greek law firm located solely in Greece that does not do business in the United States and has no property or assets in the United States. It is not a part of these bankruptcy proceedings and has not appeared in any capacity in these proceedings. It has not been served properly (through the Hague Convention) and, independently, the Sanctions Motion does not establish minimum contacts with the United States and, in any event, the exercise of jurisdiction over a Greek law firm for providing Greek legal advice to Greek citizens and residents would not be reasonable.

There was no opposition to or arguments responding to our arguments in the Daniolos Submission. The petitioning party ("Reorganized Holdings") submitted an Omnibus Reply to the Objections to its Sanctions Motion and Foreign Representative Motion (ECF 1299)("Omnibus Reply"). In the Omnibus Reply, on the first page, Reorganized Holdings explains that it is submitting the reply to "(a) the objections to the Sanctions Motion [Docket No. 1268] filed by Reed Smith [Docket No. 1287] and the Majority Shareholders [Docket No. 1291] and (b) the objections to the Foreign Representative Motion [Docket No. 1269] filed by the Majority Shareholders [Docket No. 1292] as joined by the Provisional Board represented by Reed Smith [Docket No. 1293]." Reorganized Holdings did not include the Daniolos Submission (ECF 1285) as one of the documents to which it was responding. Nor did it address any of Daniolos's arguments in the Omnibus Reply. Similarly, at the December 16 Hearing, we briefly presented to the Court the same arguments as in the Daniolos Submission, namely, that Daniolos was not served and there was no jurisdiction over Daniolos (12/16 Tr. 86:23-89:6). No one opposed our arguments or responded to these arguments at that hearing either.



At the December 16 hearing, your Honor concluded the discussion about the Sanctions Motion by saying your Honor was taking the Motion under advisement (12/16 Tr. 111:1). We believed that since there was no opposition to our reasoned and precedented-based arguments of no service and jurisdiction, whatever else your Honor did with regard to the Sanctions Motion, your Honor would clarify that it did not have jurisdiction over Daniolos, and the Sanctions Motion would be denied with regard to Daniolos.

It has now come to our attention that on Friday December 20, the Court held another hearing. Based on the transcript from that hearing, it appears that it was focused on a submission made in the Liberian Court (having nothing to do with Daniolos) (*e.g.,* 12/20 Tr. 10:7-9). The transcript also shows that at that Hearing your Honor now decided that there is a "need to have an evidentiary hearing on it", i.e., the Sanctions Motion, which Your Honor scheduled for January 6 at 9:30 am (*id.* 18:3-6). However, the transcript does not show that your Honor provided any clarification as to our unopposed arguments about jurisdiction over Daniolos.

Thus, we are respectfully writing this letter to seek clarification as to whether the Court grants our unopposed request to deny the Sanctions Motion with regard to Daniolos (or dismiss Daniolos from the Sanctions Motion) for the reasons described in the Daniolos Submission.

                                              Respectfully,

                                              */s/ Michael S. Lazaroff*
                                              Michael S. Lazaroff

Cc: All counsel of record (via ECF)

      The Daniolos Law Firm does not need to attend or participate in the evidentiary hearing scheduled to commence on January 6, 2025.

      SO ORDERED.

Dated: New York, New York
      December 30, 2024                                  /s/ John P. Mastando III
                                                                 HONORABLE JOHN P. MASTANDO III
                                                                  UNITED STATES BANKRUPTCY JUDGE