UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ELETSON HOLDINGS INC., et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 23-10322 (JPM)<br><br>(Jointly Administered) |

**REED SMITH LLP'S LIMITED OPPOSITION TO REVISED PROPOSED ORDER IMPOSING SANCTIONS ON ELETSON HOLDINGS' (A) EXISTING PERSON OF RECORD AND (B) FORMER SHAREHOLDERS, OFFICERS, DIRECTORS, AND COUNSEL, INCLUDING REED SMITH LLP**

Reed Smith LLP ("Reed Smith") hereby submits this limited opposition to the *Notice of Revised Proposed Order Imposing Sanctions on Eletson Holdings' (A) Existing Person of Record and (B) Former Shareholders, Officers, Directors, and Counsel, Including Reed Smith LLP* [Dkt. No. 1330] (the "Revised Order") seeking approval of the *Emergency Motion of Reorganized Eletson Holdings Inc. for an Order Imposing Sanctions on Eletson Holdings' (A) Existing Person of Record and (B) Former Shareholders, Officers, Directors, and Counsel, Including Reed Smith LLP* [Dkt. No. 1268] (the "Motion").[2]

## LIMITED OPPOSITION

1. On November 25, 2024 Reorganized Holdings filed the Motion seeking extraordinary relief against Reed Smith, among other parties, for choosing to respect the rule of law of a sovereign nation rather than assisting Reorganized Holdings in a course of conduct that was in violation of foreign law and the terms of their own plan of reorganization.

---

[1] The Debtors in these chapter 11 cases are: Eletson Holdings, Inc., Eletson Finance (US) LLC, and Agathonissos Finance, LLC. The address of Debtors' corporate headquarters is 118 Kolokotroni Street, GR 185 35 Piraeus, Greece.

[2] Capitalized terms used herein but otherwise undefined have the meaning provided in the Motion.

-1-

2.  In response to the Motion, on December 10, 2024 Reed Smith filed *Reed Smith's Opposition to Emergency Motion of "Reorganized Eletson Holdings Inc. for an Order Imposing Sanctions"* [Dkt. No. 1287] (the "Opposition") responding to the salacious and baseless accusations included in the Motion and the relief requested in the Proposed Order.

3.  On December 16, 2024, the Court held a status conference (the "Status Conference") regarding the Motion, Proposed Order, Opposition and the other responses to the Motion filed by other parties in interest. At the Status Conference, Reed Smith responded to the accusations in the Motion, and the Court determined that an evidentiary hearing (the "Evidentiary Hearing") was required to resolve the Motion. The Evidentiary Hearing is currently scheduled to be held before this Court on January 6, 2024.

4.  After the Status Conference on December 27, 2024, Reorganized Holdings filed the Revised Order, which seeks relief beyond that called for in the Proposed Order. For instance paragraph 2 of the Revised Order modified the Proposed Order and seeks a declaration that Reed Smith, along with the other Violating Parties have violated the Confirmation Order by among other things: (a) failing to update LISCR with Reorganized Holdings' current Amended Certificate of and (b) otherwise opposing, in this Court and elsewhere, Reorganized Holdings' new board's efforts to ensure that the Plan be implemented as directed within the Confirmation Order, e.g., by filing an opposition in Liberian court to the Petitioning Creditors' petition seeking to have the Confirmation Order recognized in Liberia." Revised Order Dkt. No. 1330-A at ¶2.

5.  Further, Paragraph 4 of the Revised Order provides that Reed Smith, along with the other "Violating Parties" are "ORDERED to take all steps reasonably necessary as requested by Reorganized Holdings' new board to unconditionally support the implementation of the Plan as required by the Confirmation Order." Id. at ¶4.

6. Paragraph 6 of the Revised Order also significantly modifies the proposed sanctions to be imposed on the Violating Parties. Rather than $100,000 of joint and several liability, the Revised Order now seeks $20,000 from each Violating Party. Id. at ¶6. This change seemingly creates independent liabilities for each Violating Party.

7. Paragraphs 2, 4 and 6 of the Revised Order highlight the impropriety, and absurdity, of the Revised Order. As a threshold matter, several of the Violating Parties, including Reed Smith, are counsel or officers of the Court and are without the authority or ability to direct any form of corporate action. To provide that these parties are subject to monetary sanctions for actions they are incapable of taking is ludicrous. Further, Reorganized Holdings has materially changed the nature of the relief sought by the Motion after briefing had concluded. The relief sought is improper, and beyond the scope of the Bankruptcy Code. Nonetheless, in the eleventh hour and after the benefit of Reed Smith's articulation of its position at the status conference, Reorganized Holdings has modified the relief requested in the Proposed Order to be even more draconian than before. The Revised Order explicitly requests that this Court order Reed Smith to knowingly violate the laws of a sovereign nation without subsequent briefing on the ability of the Court to make such a direction, and notably does not include any proposed language for findings of fact regarding the applicability of Liberian and/or Greek law and compliance therewith.

8. Given the significant changes in the relief requested in the Revised Order in comparison to the Proposed Order, Reed Smith, along with the other "Violating Parties" will be severely prejudiced by an inability to respond to the relief requested in the Revised Order. For this reason Reed Smith respectfully request that the Court reject the Revised Order, and (i) hold that this Court shall only consider the relief requested in the Proposed Order or (ii) alternatively,

adjourn the Evidentiary Hearing to a time this Court deems reasonable to provide Reed Smith with additional time to respond to the merits of the relief requested in the Revised Order.

## CONCLUSION

The Court should deny Reorganized Holdings' Revised Order or adjourn the Evidentiary Hearing to permit additional briefing and grant such other relief as the Court deems proper.

DATED:   New York, New York
         December 31, 2024

**REED SMITH LLP**

*/s/ Louis M. Solomon*
Louis M. Solomon
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 251-5400
Facsimile: (212) 521-5450
E-Mail: lsolomon@reedsmith.com
*Reed Smith LLP*