TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Kyle J. Ortiz
Bryan M. Kotliar
Brian F. Shaughnessy
Amanda C. Glaubach

*Counsel for Reorganized Holdings*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                                                :
In re:                                          :    Chapter 11
                                                :
ELETSON HOLDINGS INC., et al.,                  :    Case No. 23-10322 (JPM)
                                                :
                                                :    (Jointly Administered)
                         Debtors.[1]            :
                                                :
-----------------------------------------------------------------x

**OBJECTION OF REORGANIZED ELETSON
HOLDINGS INC. TO THE FIRST INTERIM AND FINAL FEE APPLICATION
OF HAROLD FURCHTGOTT-ROTH FOR COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES AS ECONOMIC EXPERT TO THE
DEBTORS FOR THE PERIOD OF AUGUST 7, 2024 THROUGH NOVEMBER 19, 2024**

Reorganized Eletson Holdings Inc. ("Reorganized Holdings"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to the *First Interim and Final Fee Application of Harold Furchtgott-Roth for Compensation for Services Rendered and Reimbursement of Expenses as Economic Expert to the Debtors for the Period of August 7, 2024 Through November 19, 2024* [Docket No. 1323] (the "Fee Application") and respectfully states:[2]

---

[1] The Debtors in these cases are: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC. The address of the Debtors' corporate headquarters is 118 Kolokotroni Street, GR 185 35 Piraeus, Greece. The Debtors' mailing address is c/o Eletson Maritime, Inc., 1 Landmark Square, Suite 424, Stamford, Connecticut 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Objection (as defined below).

**BACKGROUND**

A.    <u>The First Objection</u>

1.    On October 3, 2024, the Debtors filed the *First Monthly Fee Statement of Harold Furchtgott-Roth for Compensation for Services Rendered and Reimbursement of Expenses as Economic Expert to Eletson Holdings, Inc. et al for the Period from August 7, 2024 Through August 31, 2024* [Docket No. 1172] (the "<u>August Fee Statement</u>"). On October 17, 2024, the Petitioning Creditors filed the *Petitioning Creditors' Objection to Harold Furchtgott-Roth's First Monthly Fee Statement (August 2024)* [Docket No. 1198] (the "<u>First Objection</u>"), which the Official Committee of Unsecured Creditors (the "<u>Committee</u>") filed a joinder to on October 17, 2024. *See* Docket No. 1199.

B.    <u>The Second Objection</u>

2.    On October 18, 2024, the Debtors filed the *Second Monthly Fee Statement of Harold Furchtgott-Roth for Compensation for Services Rendered and Reimbursement of Expenses as Economic Expert to Eletson Holdings, Inc. et al for the Period from September 1, 2024 Through September 30, 2024* [Docket No. 1201] (the "<u>September Fee Statement</u>" and together with the August Fee Statement, the "<u>Fee Statements</u>"). On November 1, 2024, the Petitioning Creditors filed the *Petitioning Creditors' Objection to Harold Furchtgott-Roth's Second Monthly Fee Statement (September 2024)* [Docket No. 1218] (the "<u>Second Objection</u>" and together with the First Objection, the "<u>Prior Objections</u>"), which the Committee filed a joinder to on November 1, 2024. *See* Docket No. 1221.

3.    On October 25, 2024, the Court issued two decisions: (i) a *Memorandum Opinion and Order Overruling in Part and Sustaining in Part Debtors' Claim Objections* [Docket No. 1211]; and (ii) a *Memorandum Opinion and Order Confirming Petitioning Creditors' Amended Joint Chapter 11 Plan of Reorganization of Eletson Holdings Inc. and its Affiliated Debtors, Sustaining Objections to Competing Plan, and Denying Motion in Limine*

2

[Docket No. 1212] (the "Confirmation Decision").  In the Confirmation Decision, the Court (a) confirmed the Petitioning Creditors chapter 11 plan [Docket No. 1132, Ex. 1] (the "Plan") and overruled the Debtors' objections thereto and (b) rejected the Debtors' Plan, and the PC Alternative Plan (each as defined in the Confirmation Decision).  On November 4, 2024, the Court entered an order confirming the Plan [Docket No. 1223] (the "Confirmation Order").

## OBJECTION

A. Objections Raised in the Prior Objections

4. The Prior Objections argue that because the Reports and testimony were not necessary, the Court should deny the fees requested in the Fee Statements for failure to benefit the Debtors' estates.  *See* First Obj. ¶ 15; Second Obj.¶ 9.

5. In addition, the Prior Objections object to the allowance and payment of the fees requested in the Fee Statements because they do not provide any actual and necessary benefit to the Debtors' estates, and instead benefit the Debtors' shareholders and insiders, and accordingly, should not be paid for by the Debtors.  *See* First Obj.¶¶15-16; Second Obj.¶ 10.  Specifically, the fees in the Fee Statements relate to Reports in support of the Debtors' Plan, which the Petitioning Creditors successfully argued was unconfirmable for many reasons, including because it is a "new value" plan that only benefits the Debtors' shareholders and insiders.

6. Finally, the Prior Objections argue that Fee Statements include vague and lumped time entries, which make it difficult to evaluate the work HFR did.  *See* First Obj.¶ 17; Second Obj.¶ 11.

B. Objections to the Fee Application

7. For substantially the same reasons set forth in the Prior Objections, which are incorporated herein by reference, Reorganized Holdings objects to the Fee

3

Application. As set forth in the Prior Objections, the Fee Application contains a myriad of issues.

8. *First*, the Fee Application requests fees that relate to HFR's testimony and Reports, which were irrelevant and/or useless to the Court's consideration of the Plan, the Debtors' Plan, and the PC Alternative Plan (collectively, the "Competing Plans"). As set forth in the Prior Objections, HFR's Reports purported to provide his views regarding "(1) what various evidence within the record means and how the Court should understand it "from an economic perspective"; and (2) what the law provides "from an economic perspective[,]" (3) whether certain entities control other entities "from an economic perspective[,]" (4) how various Claims should be treated under the law "from an economic perspective[,]" (5) whether the Competing Plans are compliant with the law "from an economic perspective[,]" and (6) how the Court can and should rule at the Trial regarding the Claim Objections and the Competing Plans "from an economic perspective[.]" *See* Motion in Limine ¶ 16 (citing (Report ¶¶ 17-98; Rebuttal Report ¶¶ 1-23)).

9. However, as set forth in detail in the Second Objection, the Court did not give weight to any of his purported views in reaching its decision. *See* Second Obj. ¶ 6. Further, as set forth in the Prior Objections (and the Motion in Limine and Post-Trial Brief), HFR drew conclusions about which plan creditors preferred in the Rebuttal Report yet later admitted at trial that he had no expertise in bankruptcy and was unfamiliar with the Bankruptcy Code's provisions for how creditor votes are counted, including section 1126(a). *See* Post-Trial Brief ¶ 33 (citing September 12, 2024 Hr'g Tr. (Furtchgott-Roth) at 20:2-21; 16: 105: 11-17.). The Reports read like legal memoranda and can hardly be considered "expert" reports. *See* Motion in Limine ¶ 28. It appears that HFR would agree considering his own testimony that he is (1) not an expert in the

4

law and (2) he is not an expert in determining what evidence means, which are decisions, like the legal questions at issue, that are "for the judge to make." *See* Motion in Limine ¶¶ 17-18; Post-Trial Brief ¶ 50 (citing September 12, 2024 Hr'g Tr. (Furchtgott-Roth) at 20:2-4; 20:22-25; 21:1-13; 22:18-20; 23:23-24:13, 28:3-24; 60:2-61:11; 91:21-92:14, 105:11-17).

10.  Thus, given the irrelevance of HFR's testimony and the Reports, the Debtors' estates should not be forced to pay fees that did not benefit the Court in rendering its decisions, let alone the Debtors' and their creditors.

11.  *Second*, as set forth in the Prior Objections, the Fee Application contains various other issues, including that nearly all of HFR's fees relate either to HFR's testimony, the Reports, or the Debtors' Plan, each of which only benefited the Debtors' insiders and affiliates, not the Debtors' estates, and therefore such fees are not compensable. *See* First Obj. ¶¶ 14-16; Second Obj. ¶ 10. The Debtors' estates should not be responsible for any of HFR's fees for the reasons set forth in the Prior Objections. *See* First Obj. ¶¶ 14-16; Second Obj. ¶ 10.

12.  *Finally*, as set forth in the Prior Objections, the Fee Application contains multiple vague and lumped time entries. *See* First Obj. ¶ 17; Second Obj. ¶ 11. For the same reasons set forth in the Prior Objections, the Debtors should not be required to compensate HFR for fees where it is impossible to discern what HFR did based on the time entries. *See* First Obj. ¶ 17; Second Obj. ¶ 11.

## RESERVATION OF RIGHTS

13.  Reorganized Holdings reserves all rights in connection with this Objection the Fee Application, and these Chapter 11 Cases, including, without limitation, to

5

supplement this Objection following discovery in advance of any evidentiary hearing(s) scheduled with respect to the Fee Application.

| | |
|---|---|
| DATED:  January 9, 2025<br>New York, New York | TOGUT, SEGAL & SEGAL LLP<br>By:<br><br>*/s/ Bryan M. Kotliar*<br>KYLE J. ORTIZ<br>BRYAN M. KOTLIAR<br>BRIAN F. SHAUGHNESSY<br>AMANDA C. GLAUBACH<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>(212) 594-5000<br><br>*Counsel for Reorganized Holdings* |