UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                               :

In re:                         :        Chapter 11
                               :

ELETSON HOLDINGS INC., et al.,[1]   :        Case No. 23-10322 (JPM)
                               :

                               :        (Jointly Administered)

                   Debtors.      :

                               :
------------------------------------------------------------x

## ORDER IN SUPPORT OF CONFIRMATION AND CONSUMMATION OF THE COURT-APPROVED PLAN OF REORGANIZATION

Upon the motion [Docket No. 1268] (the "Motion")[2] of Eletson Holdings Inc., as

reorganized ("Holdings"), pursuant to sections 105, 1141, and 1142 of title 11 of the United

States Code (the "Bankruptcy Code"), and Rule 9020 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") for entry of an order (this "Order") against Holdings'

(a) existing person of record at the address of record (the "AOR") currently on file with the

Liberian International Ship & Corporate Registry ("LISCR") and (b) former shareholders[3] (the

"Former Shareholders"), officers and directors (together, the "Former D&Os"), and counsel,

including Reed Smith LLP ("Reed Smith"), as well as counsel for the Former D&Os at Daniolos

Law Firm ("Former D&Os Counsel" and, together with the AOR, the Former Shareholders, the

---

[1]    The Debtors in these chapter 11 cases are:  Eletson Holdings Inc. ("Holdings"), Eletson Finance (US) LLC, and Agathonissos Finance LLC.  The address of the Debtors' corporate headquarters is 118 Kolokotroni Street, GR 185 35 Piraeus, Greece.  The Debtors' mailing address is c/o Eletson Maritime, Inc., 1 Landmark Square, Suite 424, Stamford, Connecticut 06901.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[3]    The Former Shareholders are comprised of the following five entities: (a) Family Unity Trust Company ("Family Unity"), (b) Glafkos Trust Company ("Glafkos"), (c) Lassia Investment Company ("Lassia" and, together with Family Unity and Glafkos, the "Former Majority Shareholders"), (d) Elafonissos Shipping Corporation, and (e) Keros Shipping Corporation.

Former D&Os, and Reed Smith, the "Ordered Parties"), holding the Ordered Parties in civil

contempt, imposing monetary sanctions upon the Ordered Parties, and granting related relief; and

the Court having jurisdiction to consider the Motion and relief requested therein pursuant to 28

U.S.C. §§ 157 and 1334, the Amended Standing Order, 11 U.S.C. §§ 105 and 1142, and the

Court's inherent jurisdiction to interpret and enforce its own orders (including the Confirmation

Order directing the implementation of the Plan); and consideration of the Motion and relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having

the authority to enter a final order consistent with Article III of the United States Constitution;

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

sufficient notice of the Motion having been provided; and it appearing that no other or further

notice need be provided; and it appearing that the relief requested in the Motion is in the best

interests of the Debtors, their estates, their creditors, all parties in interest, and Holdings; and the

Court having considered the Motion, the objections thereto filed by the Daniolos Law Firm

[Docket No. 1285], Reed Smith [Docket No. 1287] and Sidley Austin LLP, on behalf of the

Former Majority Shareholders [Docket No. 1291] (collectively, the "Objections"), the reply in

support of the Motion filed by Holdings [Docket No. 1299], and the Committee's statement in

support of the Motion [Docket No. 1301], all testimony and evidence admitted into the record of

the trial held on January 6, 2025, and all of the post-trial briefing submitted in connection

therewith; and, for the reasons set forth in the Court's oral ruling on the Motion at the status

conference held on January 24, 2025 (the "Oral Decision"), a copy of which is attached hereto as

**Exhibit A**; and this Court having determined that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and all Objections having been

overruled; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      Pursuant to section 1142 of the Bankruptcy Code, the Debtors and their Related Parties,[4] including without limitation, the Ordered Parties, are authorized, required, and directed to comply with the Confirmation Order and the Plan to assist in effectuating, implementing, and consummating the terms thereof.

2.      The Debtors and the Related Parties, including without limitation, the Ordered Parties, are authorized, required, and directed to take all steps reasonably necessary as requested by Holdings to unconditionally support the effectuation, implementation, and consummation of the Plan, including, but not limited to, by no later than seven (7) days from the date of service of this Order in accordance with applicable law (the "Compliance Deadline"), taking all steps reasonably necessary to update or amend (a) Holdings' AOR to reflect that Adam Spears is Holdings' AOR and (b) Holdings' corporate governance documents on file with LISCR as directed by Holdings.

---

[4]     As set forth in Section 1.124 of the Plan,

> "**Related Parties** means, subject to any exclusions expressly set forth in the Plan, (a) any Entity or Person; (b) such Entity's or Person's predecessors, predecessors in interest, successors and assigns, parents, owners, subsidiaries, affiliates, affiliated investment funds or investment vehicles, managed or advised accounts, funds, or other entities, and investment advisors, sub-advisors, or managers; (c) with respect to each of the foregoing in clauses (a) and (b), such Entity's or Person's respective current and former officers, directors, principals, equity holders (regardless of whether such interests are held directly or indirectly, and any fund managers, fiduciaries, or other agents with any involvement related to the Debtors), members, partners, employees, agents, sub-agents, trustees, advisory board members, financial advisors, attorneys, accountants, actuaries, managers, investment managers, investment bankers, consultants, representatives, management companies, fund advisors and other professionals; and (d) with respect to each of the foregoing in clauses (a)–(c), such Entity's or Person's respective heirs, executors, estates, servants, and nominees.

3.      Holdings shall serve a copy of this Order on all parties in interest consistent with applicable law.

4.      If the applicable parties do not cause the specific acts set forth in paragraph 2 to occur by the Compliance Deadline or fail to take such actions (or not take such actions) as directed by Holdings in accordance with paragraph 2, Holdings may request a hearing on shortened notice for a date and time to be scheduled by the Court to determine whether the applicable parties are in violation of this Order, the Oral Decision, the Plan, the Confirmation Order, and/or the Bankruptcy Code, as applicable, and consider such other and further relief, including, without limitation, the imposition of coercive and/or compensatory monetary sanctions.

5.      This Order is without prejudice to Holdings' rights to seek coercive and/or compensatory monetary sanctions.

6.      Those portions of the Motion that were not ruled upon by the Court in its Oral Decision are deemed withdrawn without prejudice or denied without prejudice.

7.      This Order is immediately effective and enforceable upon its entry.

8.      The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: New York, New York
       January 29, 2025                                /S/ John P. Mastando III
                                                      HONORABLE JOHN P. MASTANDO III
                                                      UNITED STATES BANKRUPTCY JUDGE

4

**<u>Exhibit A</u>**

**Oral Decision**