1

2    UNITED STATES BANKRUPTCY COURT

3    SOUTHERN DISTRICT OF NEW YORK

4    - - - - - - - - - - - - - - - - - - - -x

5

6    In the Matter of:

7    ELETSON HOLDINGS INC. AND REORGANIZED      Main Case No.

8    ELETSON HOLDINGS INC.,                     23-10322-jpm

9            Debtor.

10

11   - - - - - - - - - - - - - - - - - - - -x

12

13                   United States Bankruptcy Court

14                   One Bowling Green

15                   New York, New York

16

17                   January 24, 2025

18                   9:02 AM

19

20

21   B E F O R E:

22   HON. JOHN P. MASTANDO, III

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO:  MARIA



1

2      Case Status Conference

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20      Transcribed by:  Michael Drake

21      eScribers, LLC

22      7227 North 16th Street, Suite #207

23      Phoenix, AZ 85020

24      (800) 257-0885

25      operations@escribers.net


www.escribers.net | 800-257-0885

```
 1

 2     A P P E A R A N C E S (All present by video or telephone):

 3     TOGUT, SEGAL & SEGAL LLP

 4          Attorneys for Debtor

 5          One Penn Plaza

 6          Suite 3335

 7          New York, NY 10119

 8

 9     BY:    JARED C. BORRIELLO, ESQ.

10            LEILA EBRAHIMI, ESQ.

11            JOHN GALLEGO, ESQ.

12            AMANDA C. GLAUBACH, ESQ.

13            BRYAN KOTLIAR, ESQ.

14            JEFFREY LEFKOWITZ, ESQ.

15            MARTHA MARTIR, ESQ.

16            JOHN MCCLAIN, ESQ.

17            KYLE J. ORTIZ, ESQ.

18            DAWN PERSON, ESQ.

19            BRIAN F. SHAUGHNESSY, ESQ.

20

21

22

23

24

25
```



```
 1

 2    REED SMITH LLP

 3            Attorneys for Debtor

 4            599 Lexington Avenue

 5            New York, NY 10022

 6

 7    BY:    ANDREW BUCK, ESQ.

 8            CHRISTOPHER M. LAUKAMG, ESQ.

 9            LOUIS M. SOLOMON, ESQ.

10            RICHARD SOLOW, ESQ.

11

12

13    REED SMITH LLP

14            Attorneys for Debtor

15            1717 Arch Street

16            Three Logan Square

17            Suite 3100

18            Philadelphia, PA 19103

19

20    BY:    DEREK J. BAKER, ESQ.

21            DEREK MICHAEL OSEI-BONSU, ESQ.

22            JOSHUA M. PELES, ESQ.

23

24

25
```



1

2    REED SMITH LLP

3        Attorneys for Debtor

4        1201 Market Street

5        Wilmington, DE 19801

6

7    BY:    KEVIN W. COCKERHAM, ESQ.

8

9

10   REED SMITH LLP

11       Attorneys for Debtor

12       10 South Wacker Drive

13       40th Floor

14       Chicago, IL 60606

15

16   BY:    MICHAEL B. GALIBOIS, ESQ.

17

18

19   UNITED STATES DEPARTMENT OF JUSTICE

20       Office of the United States Trustee

21       1 Bowling Green

22       New York, NY 10707

23

24   BY:    DANIEL RUDEWICZ, ESQ.

25



```
 1

 2     DECHERT LLP

 3           Attorneys for Official Committee of Unsecured Creditors

 4           1095 Avenue of the Americas

 5           New York, NY 10036

 6

 7     BY:   OWEN HANEY, ESQ.

 8           DAVID A. HERMAN, ESQ.

 9           KARLI WADE, ESQ.

10           STEPHEN ZIDE, ESQ.

11

12

13     SIDLEY AUSTIN LLP

14           Attorneys for Shareholders

15           787 Seventh Avenue

16           New York, NY 10019

17

18     BY:   WILLIAM E. CURTIN, ESQ.

19           MICHAEL SABINO, ESQ.

20           ROBERT S. VELEVIS, ESQ.

21

22

23

24

25
```



```
 1

 2    PERKINS COIE LLP

 3          Attorneys for Wilmington Savings Fund Society, FSB

 4          1155 Avenue of the Americas

 5          22nd Floor

 6          New York, NY 10036

 7

 8    BY:   TINA N. MOSS, ESQ.

 9

10

11    QUINN EMANUEL URQUHART & SULLIVAN LLP

12          Attorneys for Levona Holdings Ltd.

13          295 5th Avenue

14          New York, NY 10016

15

16    BY:   ISAAC NESSER, ESQ.

17

18

19    ALSO PRESENT:

20          ELENA EVANGELATOU, Aegean Baltic Bank

21          MARK LICHTENSTEIN, Eletson Holdings

22          ADAM SPEARS, Eletson Holdings

23

24

25
```



ELETSON HOLDINGS INC.

1                      P R O C E E D I N G S

2          THE COURT:  Good morning everyone.  We're here on Case

3    Number 23-10322.  Can I have appearances for the record,

4    please?

5          MR. ORTIZ:  Good morning, Your Honor.  Kyle Ortiz of

6    Togut, Segal & Segal for Eletson Holdings.

7          THE COURT:  Good morning.

8          MR. HERMAN:  Good morning, Your Honor.  David Herman

9    from Dechert, on behalf of the Official Committee of Unsecured

10   Creditors.

11         THE COURT:  Good morning.

12         MR. HERMAN:  Good morning.

13         MR. RUDEWICZ:  Good morning, Your Honor.  Daniel

14   Rudewicz on behalf of the United States Trustee.

15         THE COURT:  Good morning.

16         MR. CURTIN:  Good morning, Your Honor.  William

17   Curtin, Sidley Austin, for Lassia Investment Co., Glafkos

18   Holding, Inc.  and Family Unity Trust.  Your Honor, I'm joined

19   this morning by my partner, Robert Velevis.

20             As Your Honor knows, this hearing was scheduled last

21   night.  Unfortunately, I have a nonmovable conflict at 9:30.

22   So with Your Honor's permission, I'll drop at 9:30, and Mr.

23   Velevis will remain on to the extent the conference is still

24   going.

25         THE COURT:  Of course.  Good morning.



ELETSON HOLDINGS INC.

1          MR. CURTIN:  Thank you, Your Honor.

2          MR. SOLOMON:  Good morning, Your Honor.  Lou Solomon

3    and Josh Pellis for Reed Smith.

4          THE COURT:  Good morning.

5          MR. NESTOR:  Good morning, Your Honor.  It's Isaac

6    Nesser at Quinn Emanuel for Levona.

7          THE COURT:  Good morning.

8          MS. MOSS:  Tina Moss of Perkins Coie on behalf of

9    Wilmington Savings Fund Society, FSB as indenture trustee.

10          THE COURT:  Good morning.

11          Anyone else wishing to appear?  Okay.

12          There are two matters I'd like to cover today.  First

13    is reorganized Eletson Holdings' motion for an order imposing

14    sanctions on Eletson Holdings existing person of record and

15    former shareholders, officers, directors, and counsel,

16    including Reed Smith LLP.  The motion is found at docket number

17    1268.

18          The motion is supported by the declaration of James

19    Pierre and the declaration of Bryan Kotliar.  The motion states

20    that the former debtor's parents, owners, subsidiaries, and

21    affiliates, and their personnel, including officers, directors,

22    and principals, attorneys, and other professionals, and all of

23    the foregoing nominees -- we'll refer to them as former debtors

24    and counsel -- have attempted to subvert the confirmation

25    order, which is found at docket number 1223 by inter alia,



ELETSON HOLDINGS INC.

1    arguing that Reorganized Holdings Inc. cannot act in Liberia or

2    Greece without undertaking formal recognition proceedings.

3    That's in the motion at paragraph 37.

4            Reorganized Eletson Holdings Inc. seeks an order, 1,

5    finding that Reorganized Holdings Inc.'s former shareholders,

6    officers, and directors, and Reed Smith have failed to with the

7    confirmation order; 2, compelling the former debtors and

8    counsel to comply with the confirmation order and effectuate

9    the Chapter 11 plan by updating the Liberian International Ship

10   and Corporate Registry, which we'll refer to as LISCR, to

11   reflect Reorganized Eletson Holdings Inc. as the new owner of

12   the reorganized debtor; and 3, finding that former debtors and

13   counsel are in contempt for failing to comply with the

14   confirmation order and should be sanctioned.  That's Id. at

15   pages 15 through 28.

16           The Pierre declaration states that for the reorganized

17   Eletson Holdings Inc.'s amended articles of incorporation to

18   have legal effect in Liberia.  The amended corporate governance

19   documents need to be filed with LISCR.  That's the Pierre

20   declaration at paragraph 7.

21           For reorganized Eletson Holdings Inc. to be recognized

22   in Liberia the address of record, an individual which we'll

23   refer to as the AOR, needs to be amended by "the existing AOR".

24   That's from the declaration on paragraphs 10 through 12.

25           To update the AOR, the corporation's existing AOR can



ELETSON HOLDINGS INC.

1    effectuate the change or a Liberian Court can order the LISCR

2    to make the change.  That's Id. at paragraphs 12 through 13.

3            Pierre asserts that the former is the most expeditious

4    option.  That's Id. at paragraph 12.

5            The Official Committee of Unsecured Creditors filed a

6    statement in support of the motion, which we refer to as the

7    committee statement in support.  That's found at docket number

8    1301.  The committee reiterates many of the same points as

9    reorganized Eletson Holdings Inc.

10           Reed Smith filed an opposition to emergency motion of

11   Reorganized Eletson Holdings for an order imposing sanctions.

12   That objection is found in docket 1287.  Reed Smith appears as

13   a respondent to the motion and has also appeared on behalf of

14   the provisional board appointed by a Greek Court, as we will

15   discuss further in a bit, to object to the motion to appoint

16   the foreign representative in that capacity.  That motion was

17   found at docket 1269.

18           The objection filed by Reed Smith is supported by the

19   declaration of Louis Solomon and the declaration of Betty Lamin

20   Blamo and the declaration of Vassilis Hadjieleftheriadis.

21           In the objection, Reed Smith asserts that, 1, they did

22   not violate the confirmation order or the Chapter 11 plan

23   terms, and regardless, compliance with Sections 1141 and 1142

24   of the Bankruptcy Code is not applicable in a foreign

25   jurisdiction; that, 2, complying with the confirmation order



www.escribers.net | 800-257-0885

ELETSON HOLDINGS INC.

1     entails complying with foreign law because the confirmation

2     order cannot preempt foreign law; that 3, there is no basis for

3     a contempt finding because Reed Smith and other parties were

4     asked to update LISCR and take other actions that directly

5     contradict Liberian law, which requires a recognition

6     proceeding to the confirmation order; that 4, sanctions are

7     inappropriate where Reorganized Holdings Inc. is asking that

8     foreign law be violated in order to implement the plan and

9     enforce the confirmation order; that 5, contempt is not

10    appropriate because Reed Smith complied with efforts to

11    implement the Chapter 11 plan and other document requests; that

12    6, Reed Smith and other parties did not fail to cooperate nor

13    obstruct enforcement of the confirmation order but were asked

14    to violate foreign law; and 7, Reed Smith acknowledges that the

15    representation of reorganized Eletson Holdings Inc. terminated

16    upon the occurrence of the effective date, that's in the

17    Chapter 11 plan at docket 1132, and that they only represent

18    the provisional board of Eletson Holdings Inc., Eletson Corp.,

19    and Eletson Gas, LLC.  That's from the objection, pages 16

20    through 30.

21          The Solomon declaration asserts that upon advice of

22    Liberian counsel, the confirmation order must be recognized in

23    both Greece and Liberia before Reorganized Eletson Holdings

24    Inc. can take any corporate actions, including amending

25    documents with LISCR.  That's from the Solomon declaration,



ELETSON HOLDINGS INC.

1   paragraph 40.

2        The Liberian Law Expert witness, Ms. Lamin Blamo,

3   states that Reorganized Eletson Holdings Inc. cannot have the

4   existing AOR amend the AOR with LISCR without first having the

5   confirmation order recognized by a Liberian court because the

6   new shareholders' rights were created in a foreign

7   jurisdiction.  And that's the Lamin Blamo declaration,

8   paragraphs 12 through 14.

9        Lamin Blamo proceeds to state that Reorganized Eletson

10  Holdings Inc. cannot rely on the confirmation order to amend

11  the articles of a Liberian company without recognition.  That's

12  Id. at paragraph 13.

13       Lamin Blamo also states that if this Court attempts to

14  compel the change of the AOR, then this will be a violation of

15  Liberian law and will be recognized by the Liberian court as an

16  attempt to circumvent the applicable laws of Liberia.  That's

17  Id. at paragraph 15.

18       Also in opposition to the motion is the opposition of

19  nonparty Daniolos Law Firm, alleging that as a Greek law firm,

20  they were not served appropriately and that this Court has no

21  jurisdiction over the firm.  That's at docket number 1285.

22  Daniolos Law Firm claims that it represents individuals on the

23  provisional board appointed by the Greek Court.  That's from

24  the Daniolos objection, paragraph 8.

25       Further, the majority shareholders filed an objection


www.escribers.net | 800-257-0885

ELETSON HOLDINGS INC.

1    to the motion for sanctions.  The shareholders' objection is at

2    docket 1291.  The majority shareholders argue that Section 1142

3    of the Bankruptcy Code cannot negate foreign law and is

4    therefore inapplicable to preempt foreign law.  That's from the

5    objection at paragraphs 12 through 13.

6          And they argue that the AOR cannot be amended by

7    Reorganized Eletson Holdings Inc. until the confirmation order

8    is recognized in Liberia.  That's from the shareholders'

9    objection at 16 through 18.

10         Shareholders concede that the Chapter 11 plan cancels

11   all equity interests in the debtors but asserts that it has no

12   effect under Liberian law.  That's Id. at paragraph 20.  The

13   shareholders cite to section 54 of the confirmation order,

14   alleging that this provision requires that foreign law be

15   complied with to enforce the Chapter 11 plan.  That's Id. at

16   paragraph 25.

17         Reorganized Eletson Holdings Inc. filed an omnibus

18   reply to the objections to its sanctions motion.  The reply is

19   found at docket 1299.  In support of the reply are the rebuttal

20   declaration of James Pierre, we will refer to that as the

21   Pierre rebuttal declaration, and the declaration of Jared

22   Borriello.

23         Pierre asserts that nothing in Liberian law would

24   preclude the current AOR from providing their contact

25   information and from filing amendments to Holdings corporate



ELETSON HOLDINGS INC.

1   governance documents.  That's the Pierre rebuttal at paragraph

2   3.

3          He also clarifies that Liberian law does not require

4   recognition of a confirmation order prior to amending the AOR.

5   That's Id. at paragraph 4.

6          Pierre further states that Lamin Blamo's assertion

7   that a non-Liberian Court does not have jurisdiction to enforce

8   orders related to corporate shares in a Liberian company is

9   false because the Business Corporation Act of Liberia, which

10  establishes when a matter is under exclusive jurisdiction of

11  Liberia, states that a court of competent jurisdiction can

12  determine the issuance of shares.  That's Id. at paragraph 5 --

13  paragraphs 5 through 6.

14         Moreover, Pierre explains that the Insolvency and

15  Restructuring Act of Liberia specifically states that it does

16  not apply to non-Liberian corporations, and thus, this Court

17  can enforce the implementation of the plan without recognition

18  in Liberia.

19         Also in connection with the motion, Reed Smith filed a

20  letter on December 17th, 2024 alleging that Reorganized

21  Elletson Holdings Inc. was attempting to subvert the

22  recognition proceeding by having Adam Spears prevent Holdings

23  from responding in the Liberian recognition proceeding.  The

24  December 17th letter is found at docket number 1313.

25         Reed Smith asserts that the issue to be decided in



ELETSON HOLDINGS INC.

1    Liberia is whether the foreign court will accord Reorganize

2    Elletson Holdings Inc. all the rights of Holdings.  Attached to

3    that letter is an email from the foreign representative, Mr.

4    Spears, to Ms. Lamin Blamo stating that Ms. Lamin Blamo cannot

5    represent Eletson Holdings Inc. in Liberian proceedings without

6    prior written authorization.

7            In response to the December 17th letter, Reorganized

8    Eletson Holdings Inc. questioned who Reed Smith was purporting

9    to represent and asserted that the firm is effectively

10   preventing the effectuation of the Chapter 11 plan in

11   contravention of the confirmation order.  That is at docket

12   number 1314.

13           Reorganized Eletson Holdings asserts that there is

14   only one Eletson Holdings Inc., which is the Reorganized

15   Eletson Holdings Inc.

16           Further, they assert that former management of

17   Reorganized Eletson Holdings Inc. has hired counsel to oppose

18   Reorganized Eletson Holdings Inc.'s actions in the recognition

19   proceedings.

20           The letter also alleges that Reed Smith is in

21   violation of the Rules of Professional Conduct for representing

22   Eletson Holdings in Liberia because it admits it no longer

23   represents its former client in the bankruptcy proceeding.

24           Reorganized Eletson Holdings filed a letter on

25   December 18th detailing developments in Liberia.  The December



ELETSON HOLDINGS INC.

1    18th letter is found at docket number 1316.  That includes

2    details about the recognition proceeding that was then pending

3    in Liberia.  Reorganized Eletson Holdings Inc. asserts that the

4    former debtors are opposing the recognition proceeding and that

5    these actions collaterally attack the confirmation order.

6        Reed Smith responded to the December 18th letter,

7    stating that they are appearing in a joint capacity as a

8    respondent to the sanctions motion and as counsel to the

9    provisional board of Eletson Holdings Inc. in foreign court.

10    That's at docket number 1317.

11        On October -- I'm sorry.  On December 27th, 2024,

12    Reorganized Holdings filed a revised proposed order found at

13    docket 1330, narrowing the relief sought to compel parties to

14    comply with the confirmation order and plan.  Further on

15    December 31st, 2024, Reed Smith filed a limited opposition to

16    the revised proposed order, stating that since they do not

17    represent Eletson Holdings Inc., they cannot direct corporate

18    action of the former debtors and personnel and therefore should

19    not be sanctioned.  That's at docket 1338, paragraph 7.

20        On January 2nd, 2025, Reorganized Eletson Holdings

21    Inc. filed a letter in response to Reed Smith's opposition to

22    the revised proposed order, which is found at docket 1339.

23    Reorganized Eletson Holdings, Inc. explains that it is seeking

24    sanctions only to the extent that the parties failed to comply

25    with the revised proposed order as opposed to seeking sanctions

ELETSON HOLDINGS INC.

1    for prior conduct.

2           On January 6th, 2025, the Court held an evidentiary

3    hearing.  Reorganized Eletson Holdings Inc. presented their

4    Liberian law expert, Mr. James Pierre.  And Reed Smith

5    presented their Liberian law expert, Ms. Lamin Blamo.  The

6    parties withdrew their fact witnesses in connection with the

7    motion.  See the hearing transcript at pages 7, 13 through 14,

8    and 17, lines 5 through 15.

9           At the evidentiary hearing, Reorganized Eletson

10   Holdings, again, explained it was narrowing the relief sought

11   in the motion, seeking to have this Court enter an order

12   directing compliance with the confirmation order.  That's from

13   the evidentiary hearing, page 9, line 21 through 10, line 6.

14          Based on this Court's direction, at the conclusion of

15   the evidentiary hearing, parties were directed to submit

16   findings of fact and conclusions of law and post-evidentiary

17   trial briefs.

18          On January 13th, 2025, Reed Smith filed its findings

19   of fact and conclusions of law found at docket number 1356.

20   And on the same date, Reorganized Eletson Holdings filed its

21   proposed findings of fact and conclusions of law, approving

22   pending motion for contempt and other relief.  And that

23   Reorganized findings of fact is found at docket 1355.

24          On January 17th, 2025, Reorganized Eletson Holdings

25   filed its post-trial brief concerning the sanctions motion.



ELETSON HOLDINGS INC.

1    Reorganized post-trial brief is found at docket 1371.  And also

2    on January 17th, Reed Smith filed its post-hearing brief in

3    opposition to emergency motion.  Reed Smith's post-trial brief

4    is found at docket 1372.

5            Based on the above and considering the evidence

6    submitted in support and opposition of the motion, the Court

7    finds as follows.

8            On October 25th, 2024, the Court issued its memorandum

9    opinion and order confirming petitioner's -- confirming

10   petitioning creditors' amended Joint Chapter 11 plan, the

11   reorganization of Eletson Holdings Inc. and its affiliated

12   debtors, sustaining objections to completing plan and denying

13   motion in limine.  That memorandum opinion and order is found

14   at docket 1212.

15           The Chapter 11 plan contains, among other provisions,

16   the following.  Section 5.2(c) states that, "On the effective

17   date, all property in each estate, including all retained

18   causes of action and any property acquired by any of the

19   debtors, including interests held by the debtors in their

20   respective non-debtor direct and indirect subsidiaries and

21   affiliates, shall vest in Reorganized Holdings, free and clear

22   of all liens, claims, charges or other encumbrances."

23           Section 5.4 states that, "On the effective date, all

24   notes, stock were permitted by applicable law.  Instruments,

25   certificates, agreements, side letters, fee letters, and other

20

ELETSON HOLDINGS INC.

1    documents evidencing or giving rise to claims against an

2    interest in the debtors shall be canceled and the obligations

3    of the debtors thereunder, or in any way related thereto, shall

4    be fully released, terminated, extinguished, and discharged."

5              Section 5.8 states that, "On the effective date,

6    Reorganized Holdings is authorized to issue or cause to be

7    issued the reorganized equity in accordance with the terms of

8    this plan."

9              And Section 5.10(c) states that, "The members of the

10   governing body of each debtor prior to the effective date, in

11   their capacities as such, shall have no continuing obligations

12   to Reorganize Holdings on or after the effective date, and each

13   such member will be deemed to have resigned or shall otherwise

14   cease to be a director or manager of the applicable debtor on

15   the effective date."

16             And Section 5.11 of the plan states that, "The

17   appropriate officers of the debtors for Reorganized Holdings as

18   applicable shall be authorized and, as applicable, directed to

19   issue, execute, and deliver the agreements, documents,

20   securities, and instruments contemplated by this plan or

21   necessary or desirable to effectuate any transaction hereunder

22   in the name of and on behalf of the debtors or Reorganized

23   Holdings as applicable, including the rights, offering

24   procedures, the shareholders agreement, the backstop agreement,

25   and any and all other agreements, documents, securities, and

ELETSON HOLDINGS INC.

1    instruments relating to the foregoing to the extent not

2    previously authorized by the Bankruptcy Court."

3           On November 4th, 2024, the Court entered the findings

4    of fact, conclusions of law, and order confirming petitioner's

5    amended joint Chapter 11 plan of Eletson Holdings and its

6    affiliated debtors.  That's the confirmation order, which is

7    found at docket 1223.

8           The confirmation order in relevant part states that,

9    "The debtors are hereby authorized and directed to take or not

10   take any and all actions as instructed by the petitioning

11   creditors and shall not take any actions inconsistent with the

12   plan or this confirmation order."  That's from the confirmation

13   order, paragraph 5(3).

14          Also, "On and after the effective date, except as

15   otherwise provided in the plan, Reorganized Holdings may

16   operate its business and may use, acquire, or dispose of

17   property and maintain, prosecute, abandon, comprise, or settle

18   any claims, interests, or causes of action."  That's Id. at

19   paragraph 7.

20          Confirmation order also enjoins former holders of

21   interest and their personnel from taking actions to interfere

22   with the implementation or consummation of the plan.  That's

23   Id. at paragraph 12.

24          No stay of the confirmation order was sought or

25   obtained, see e.g. judge -- the hearing before Judge Liman,



ELETSON HOLDINGS INC.

1    that transcript at paragraphs -- at page 25, lines 11 through

2    13.

3         On November 7th, 2024, Reed Smith, "On behalf of

4    Eletson Holdings Inc., Eletson Finance US, LLC, and

5    Agathonissos LLC, filed a notice of appeal with the U.S.

6    District Court for the Southern District of New York, appealing

7    the memorandum opinion and confirmation order."  That's at

8    docket number 1233.

9         During the Chapter 11 cases, the board of directors

10   consisted of the following:  Vassilis Hadjieleftheriadis,

11   Konstantinos Hadjieleftheriadis, Ioannis Zilakos, Emmanuel

12   Andreoulakis, Vassilis Kertsikoff, Eleni Giannakopoulou,

13   Panagiotis Konstantaras, and Laskarina Karastamati.  That is

14   the previous board.  See Trial Exhibit 31.

15        On November 12th, 2024, the First Instance Court of

16   Piraeus in Greece, which I'll refer to as the Greek Court,

17   appointed a provisional board to oversee Eletson Holdings Inc.

18   See Trial Exhibit 81.

19        The provisional board was appointed because after

20   certain members of the previous board resigned, those members

21   being Laskarina Karastamati, Vassilis Kertsikoff, Eleni

22   Karastamati, and Panagiotis Konstantaras, those members

23   resigned on November 8th, 2024.  And then Elafonissos Shipping

24   Corp and Keros Shipping Corp, the former minority shareholders,

25   they sought relief from the Greek Court to appoint a temporary


www.escribers.net | 800-257-0885

ELETSON HOLDINGS INC.

1    board to manage the company while the confirmation order is

2    being appealed.  That's at Trial Exhibit 31.

3              The provisional board includes certain of the previous

4    board members.  The provisional board is Vassilis

5    Hadjieleftheriadis, Ioannis Zilakos, Niki Zilakos, Adrianos

6    Psomadakis-Karastamatis, Eleni Giannakopoulou, Panos Paxinos,

7    and Emmanuel Andreulaks.  That's from Trial Exhibit 104.

8              No recognition of the Greek Court order has been

9    sought in the U.S. or Liberia based on the evidence presented

10   at trial.  See Reorganized findings of fact paragraph 116 and

11   Trial Exhibit 104.

12             Also, prior to the effective date, the shareholders

13   included the minority shareholders who were just identified and

14   Lassia Investment Company, Family Unity Trust Company, and

15   Glafkos Trust Company, which are the majority shareholders.

16   See Trial Exhibit 31.

17             On November 19th, 2024, the Chapter 11 plan became

18   effective.  See ECF docket number 1258.

19             Pursuant to the plan, the Reorganized Eletson Holdings

20   entity was created, and the former board was dissolved and

21   terminated.  That's the plan, Sections 5.10C and 10.6.

22             Reed Smith's representation of Eletson Holdings Inc.

23   was terminated.  That's the Chapter 11 plan 2.5A.  And the

24   shares became vested in the new corporation.  That's section

25   5.8.  See also Trial Exhibits 25, 26, and 101.



ELETSON HOLDINGS INC.

1          Additionally, pursuant to sections 3.1 and 3.2, "on

2    the effective date, each allowed existing equity interest shall

3    be discharged, canceled, released, and extinguished with any

4    distributions to holders."  See Reorganized findings of fact,

5    paragraph 34, and the Chapter 11 plan, sections 3.1 through 2.

6          Further, the articles of incorporation were amended,

7    reflecting the reorganized entity.  See Trial Exhibits 25, 26,

8    and 101.

9          Thus, upon the effective date, equity interest of the

10   former debtors were extinguished, and all equity interest in

11   Reorganized Holdings were issued to the new holders.  See the

12   plan sections 5.4 and 5.8 and Reorganized findings of fact,

13   paragraph 21.

14         The new members of the board of directors were Adam

15   Spears, Leonard Hoskinson, and Timothy Matthews.  That's in the

16   plan, Sections 5.10A, and Trial Exhibit 101.

17         On November 25th, 2024, Reorganized Holdings filed the

18   stipulation and agreement to dismiss appeal under Rule 8023 of

19   the Federal Rules of Bankruptcy Procedure to dismiss the

20   confirmation appeal.  That's Case Number 24-cv-08672, docket

21   number 9.

22         Reed Smith filed a letter on November 26th, 2024

23   opposing dismissal, stating that the dismissal "raises the same

24   issue of who actually has the capacity and authority to act for

25   Holdings, including by retaining counsel that we have raised in

ELETSON HOLDINGS INC.

1   the confirmation action."  That's Id. at docket number 10.

2        Reed Smith asked the Court to refrain from ruling

3   until the "capacity issue was resolved."

4        When asked by Judge Liman at the hearing on the

5   confirmation appeal on behalf of whom Reed Smith was appearing,

6   counsel responded, "We are representing Eletson Holdings.

7   Eletson Holdings continues to exist.  We call it provisional

8   just so that we don't get confused."  That's from the

9   transcript before Judge Liman, page 16, line 22 through 25;

10  page 17, line 1 through 3.

11       Reed Smith relied in part on sections 5.2B and 5.4 to

12  argue that the shares were not canceled by applicable law and

13  therefore there still exists Eletson Holdings Inc.

14       Considering the arguments made at the hearing on

15  December 23rd, 2024, Judge Liman dismissed the confirmation

16  appeal at that hearing based in part on section 5.2.  Judge

17  Liman stated in relevant part at the hearing, "Because, number

18  1, there is an order of the Court, the Bankruptcy Court, that

19  has become final that I am to honor.  And that order recognizes

20  the new board of Eletson, gives the new board of Eletson under

21  5.2 of the plan the ability to act on behalf of Eletson, that's

22  under 5.10 and 5.11 of the plan, and gives them under the Plan

23  of confirmation authority with respect to this appeal.  If the

24  former owners of Eletson, the former directors of Eletson want

25  relief from those provisions of the plan, go to what is or

ELETSON HOLDINGS INC.

1    would have been the Bankruptcy Court and not to me."  That's

2    Trial Exhibit 40, the Judge Liman hearing transcript, page 31,

3    lines 13 through 23, and some bracketed words were inserted in

4    that quote just for context.

5         The Court finds that as of the effective date, and

6    consistent with Judge Liman's ruling dismissing the

7    confirmation appeal, the board members of the former debtor,

8    certain of whom are now members of the provisional board, were

9    automatically "deemed to have resigned or otherwise ceased to

10   be a director or manager of Eletson Holdings Inc."  That's from

11   the plan at section 5.10C.

12        Thus, the current board members, again, consistent

13   with Judge Liman's ruling, are the new board of directors

14   appointed pursuant to the confirmation order and plan to also

15   reorganize findings of fact, paragraph 169.

16        Essentially, Reorganized Eletson Holdings --

17   "Reorganized Eletson Holdings Inc., the same corporate entity

18   as the former debtor, Eletson Holdings, but with the new

19   owners, board, and management approved by this court in the

20   confirmation order", is the only Eletson Holdings Inc.  That is

21   a quote from reorganized post-trial brief, paragraph 3.

22        Further, as stated above, Judge Liman found that this

23   Court's "order recognizes the new board of Eletson and gives

24   the new board of Eletson under section 5.2 of the plan the

25   ability to act on behalf of Eletson, which is under sections

ELETSON HOLDINGS INC.

1    5.10 and 5.11 of the plan and gives them under the plan

2    authority."  Again, that's Trial Exhibit 40, Judge Liman's

3    hearing transcript, page 31, lines 15 through 17, with certain

4    words inserted in brackets for context.  And see also the

5    Chapter 11 plan, Sections 5.2, 5.4, and 5.10.

6        Thus, pursuant to the plan, the equity interest in the

7    former debtors were extinguished, and the equity interest in

8    reorganized Eletson Holdings Inc. were issued to the new

9    holders.  See e.g. Reorganized findings of fact, paragraph 21,

10   the PA rebuttal declaration at paragraph 15, and the January

11   6th hearing transcript, page 155, lines 12 through 156, line 2,

12   and also page 86, page 87, line 6 through 25.

13       Further, the confirmation order and Chapter 11 plan

14   are binding on the former debtor's counsel as these parties

15   actively appeared and participated in the bankruptcy case.  See

16   docket number 515 and 930 for example.  These parties availed

17   themselves of the Bankruptcy Court and are subject to enforcing

18   the confirmation order and Chapter 11 plan.  Reed Smith's

19   objection does not challenge that the confirmation order is

20   binding on these parties.

21       Turning to the Bankruptcy Code, Section 1141 of the

22   Code provides that, A, except as provided in subsections (d)(2)

23   and (d)(3) of this section, the provisions of a confirmed plan

24   bind the debtor, any entity issuing securities under the plan,

25   any entity acquiring property under the plan, and any creditor,

ELETSON HOLDINGS INC.

1    equity security holder, or general partner in the debtor,

2    whether or not the claim or interest of such creditor, equity,

3    security holder, or general partner is impaired under the plan,

4    and whether or not such creditor, equity security holder, or

5    general partner has accepted the plan.

6         1141(c) provides, except as provided in subsections

7    (d)(2) and (d)(3) of the section, and except as otherwise

8    provided in the plan or in the order confirming the plan, after

9    confirmation of a plan, the property dealt with by the plan is

10   free and clear of all claims and interest of creditors, equity

11   security holders, and of general partners in the debtor, and

12   (d) provides, except as otherwise provided in the subsection in

13   the plan or in the order confirming the plan, the confirmation

14   of a plan terminates all rights and interests of equity

15   security holders and general partners provided for by the plan.

16        Section 1142 of the Bankruptcy Code provides that, A,

17   notwithstanding any otherwise applicable nonbankruptcy law,

18   rule, or regulation relating to financial condition, the debtor

19   and any entity organized for the purpose of carrying out the

20   plan shall carry out the plan and shall comply with any orders

21   of the Court.  And B, the Court may direct the debtor and any

22   other necessary party to execute or deliver or to join in the

23   execution or delivery of any instrument required to effect a

24   transfer of property dealt with by a confirmed plan and to

25   perform any other act that is necessary for the consummation of

ELETSON HOLDINGS INC.

1    the plan.  And there are ellipses within both of those

2    paragraphs A and B.  That's section 1142.

3         Section 1141 states that the confirmation plan binds

4    debtors and creditors to all the plan's provisions.  See Shore

5    Snap Corp v. State Street Bank and Trust, 948 F.2d 869, 873.

6    That's Second Circuit, 1991.

7         And Section 1142 generally concerns implementation of

8    the plan.  See In re Voyager Digital Holdings Inc., 649 B.R.

9    111, 134 (Bankr. S.D.N.Y. 2023).

10        The Court agrees with reorganized Eletson Holdings

11   Inc. and the unsecured creditors' committee that section

12   1142(b) empowers the Court to enforce implementation of the

13   plan terms that are not complied with.  See In re Worldcom,

14   2009 WL at 2959457 at *7 (Bankr. S.D.N.Y. May 2009).  "Section

15   1142(b) empowers the Bankruptcy Court to enforce the

16   unperformed terms of a confirmed plan."

17        For instance, in In re Ray Krypton, the Court

18   sanctioned the debtor for failing to comply with the terms of

19   the confirmation order, which included a settlement agreement

20   to transfer certain licenses.  See In re Krypton, 181 B.R. 657,

21   661 (Bankr. S.D. Fla. 1995).  The court there held that "plan

22   proponents may request provisions in a confirmation order

23   pursuant to 1142 of the Code, requiring these unwilling parties

24   to take those actions necessary to implement a confirmed plan."

25   That's Id. at 666.



ELETSON HOLDINGS INC.

1          Where a debtor refuses to comply with terms of a

2    confirmation order, the Court may direct the debtor to comply.

3    See In re Riverside Nursing Home, 137 B.R. 134, 138 (Bankr.

4    S.D.N.Y. 1992).  "Subsection B of 1142 expressly authorizes the

5    Court to direct a recalcitrant debtor or any other party to

6    perform acts necessary to consummate the plan."

7          While the purpose of section 1142(b) of the Code is to

8    "enforce the unperformed terms of a confirmed plan", 1142(b)

9    "does not confer any substantive rights on a party apart from

10   what is provided for in the plan."  See In re Lehman Brothers

11   Holdings, 591 B.R. 153, 159 (Bankr. S.D.N.Y. 2018).

12         The confirmation order in the Chapter 11 plan here

13   reflect what Section 1142 dictates by inter alia providing for

14   compliance with the terms of the Chapter 11 plan.  See the

15   Chapter 11 plan at paragraph 5.2B and see the confirmation

16   order at paragraph 5.

17         Indeed, as stated in the committee statement in

18   support of the motion, the confirmation order provides that

19   "the debtors and the petitioning creditors and each of their

20   respective related parties are hereby directed to cooperate in

21   good faith to implement and consummate the plan."  That's the

22   That's the committee's statement in support at page 4.  See

23   also the confirmation order, paragraph 5.1.

24         Related parties, that term is defined in the Chapter

25   11 plan as "the debtor's predecessors, successors and assigns,



www.escribers.net | 800-257-0885

ELETSON HOLDINGS INC.

1    the debtor's parents, owners, subsidiaries, and affiliates,

2    current and former officers, directors, principals, direct and

3    indirect equity holders, fiduciaries, employees, agents,

4    attorneys, managers, representatives, and other professionals,

5    and all of the foregoing's respective heirs, servants, and

6    nominees."  That's from the plan, paragraph 1.124.  The

7    confirmation order and Chapter 11 plan instruct these related

8    parties to comply.

9          Section 5.2B of the plan states that "the debtors with

10   the prior written consent of Reorganized Holdings may, in their

11   discretion, take such action as permitted by applicable law,

12   including those Reorganized Holdings determine are reasonable,

13   necessary, or appropriate to effectuate the plan."  That's from

14   5.2B and certain ellipses within the quote.

15         And as stated, paragraph 5.1 of the confirmation order

16   states that the debtors and related parties "shall be and are

17   hereby authorized and empowered to execute, deliver, file, or

18   record such instruments" -- I'm sorry -- "such contracts,

19   instruments, releases, and other agreements or documents, and

20   take such actions as are necessary or appropriate to consummate

21   the plan, including the issuance of any equity interests in

22   connection with the plan."  That's from the confirmation order,

23   paragraph 5.1.

24         And paragraph 12 of the confirmation order states "all

25   parties in interest, along with their respective present or



ELETSON HOLDINGS INC.

1    former employees, agents, officers, directors, principals, and

2    affiliates shall be enjoined from taking any actions to

3    interfere with interfere with the implementation or

4    consummation of the plan."  That's from the confirmation order,

5    paragraph 12.

6        From the case law perspective, reorganized Eletson

7    Holdings Inc. cites to In re Navigator Gas Transport PLC, a

8    case in which the court sanctioned the debtors for failing to

9    implement the plan.  See Navigator Gas, Case Number 03-10471,

10   docket number 319, which is the sanctions order.  And see also

11   In re Navigator Gas, 358 B.R. 80, 83 (Bankr. S.D.N.Y. 2006).

12       In that case, Navigator Gas Transport and Isle of Man

13   Corporation that owned and operated ships outside of the United

14   States filed for Chapter 11 in 2003.  That's 358 B.R. at 82 to

15   83.

16       The court confirmed the unsecured creditors' Chapter

17   11 plan, which ordered the transfer of the company's shares to

18   the debtor's creditors.  That's Navigator Gas at 358 B.R. at 83

19   to 84.

20       The largest shareholder, whose board was controlled by

21   the debtor's directors, filed a petition in a foreign court "to

22   obstruct consummation of the plan."  That's from Navigator Gas

23   at docket number 303.  See also 358 B.R. at 82 to 83.

24       Subsequently, the plan proponents filed a motion

25   pursuant to 11 U.S.C. Sections 105(a) and 1142(b), seeking to



ELETSON HOLDINGS INC.

1   have the parties comply with the confirmation order and to find

2   the parties in contempt.  That's from the Navigator docket at

3   303.

4        Reed Smith argues that this case is not informative

5   because the sanctions order there did not address section 1142,

6   and the cooperation clause was different from the current

7   confirmation order.  See the Reed Smith post-trial brief at

8   paragraphs 34 and 35.

9        However, the Court finds that this case is instructive

10   because it highlights that the Court is empowered by section

11   1142 to implement the terms of a confirmation order on Chapter

12   11 plan even where such plan contemplates a reorganization of

13   the corporate entity which may operate in a foreign

14   jurisdiction.  Both the sanctions order in Navigator and the

15   confirmation order in this case direct former debtors and their

16   personnel to cooperate to implement the terms of the Chapter 11

17   plan.

18        Reed Smith further argues that asking this Court to

19   exercise its "powers under Sections 1141 and 1142 of the

20   Bankruptcy Code to order Holdings to comply with the

21   implementation of the plan, regardless of foreign law", is

22   impermissible.  That's the Reed Smith findings of facts at

23   paragraph 148.

24        Reed Smith asserts that "no case has ever interpreted

25   1142 to preempt foreign law."  That's Reed Smith's post-trial



ELETSON HOLDINGS INC.

1    brief at paragraph 33.

2          While Reed Smith argues that Section 1142 of the

3    Bankruptcy Code applies to just state preemption, this argument

4    misses the point because the Court is not seeking to displace

5    foreign law here with this Court's order but to enforce the

6    confirmation order, which may involve implementing corporate

7    acts in a foreign jurisdiction.  The cases cited in support by

8    Reed Smith are distinguishable for this reason.  See, for

9    instance, PG&E v. Cal Department of Toxic Substances, 350 F.3d

10   942 (9th Cir. 2003).

11         In PG&E, the issue before the court was an issue of

12   state law preemption.  That's Id. at 934.

13         Specifically, the Ninth Circuit held that "under

14   section 1142(a), nonbankruptcy law is expressly preempted by a

15   reorganization plan only to the extent that such law 'relates

16   to financial condition.'"  That's Id. at 937.

17         However, Reed Smith's argument that foreign preemption

18   effect of Section 1142 is inapplicable is moot because, again,

19   the Court is addressing reliance on Section 1142 to enforce

20   compliance with the confirmation order and plan, which are both

21   before this Court.  Section 1142 "imposes an affirmative

22   statutory obligation on the debtor's other entities and their

23   personnel to do what the plan contemplates."  See In re Voyager

24   Digital, 649 B.R. at 134.

25         Reed Smith asserts that Section 1142 cannot "serve as



ELETSON HOLDINGS INC.

1    a basis to sidestep otherwise applicable foreign law."  That's

2    from the objection in paragraph 51.  But again, that is not the

3    case here.

4            Reed Smith cites to In re HBLS in their post-trial

5    brief to support the argument that this Court need not "inject

6    itself into proceedings" that can be handled in Liberia.

7    That's from the post-trial brief at paragraph 46.

8            However, In re HBLS, L.P., that case involved a debtor

9    who sought to reopen a bankruptcy case to relitigate issues

10   already determined in the Bankruptcy Court.  That's at 468 B.R.

11   at 639.

12           The court determined that the foreign court gave

13   effect to the bankruptcy mediator's determinations there.  So

14   reopening the case to relitigate the issues would be

15   "meaningless".  That's Id. at page 640.  Here the Court is not

16   addressing determinations by a Liberian court.  The Court is

17   ruling on the Chapter 11 plan and confirmation order in this

18   Court.

19           Reed Smith argues that Liberian law does not permit

20   cancellation of stock without recognition.  They assert that

21   since Holdings is a Liberian corporation, Holdings has not

22   undergone a change in ownership because the confirmation order

23   and Chapter 11 plan have not complied with applicable foreign

24   law through recognition in Liberia.  That's the post-trial

25   brief, paragraphs 18 through 19.



ELETSON HOLDINGS INC.

1        Reed Smith also argues that Reorganized Holdings must

2    not preempt foreign law by changing the AOR and amending the

3    corporate governance documents with LISCR.  That's Id. at

4    paragraph 27.

5        They assert that international comity dictates

6    rejecting reorganized efforts to change the AOR.  That's Id. at

7    paragraph 39.

8        The Court disagrees for the following reasons.  The

9    Court agrees with Reorganized Holdings Inc. that just because

10   the plan references compliance with applicable law, that does

11   not mean that there is applicable law that needs to be applied

12   here or that is not being followed for the purposes of this

13   motion.  The evidence at trial provided in support of and in

14   opposition to the motion focused on whether Liberian law

15   "prohibits a party from unilaterally updating the AOR or

16   updating it pursuant to an American court order."  That's from

17   Reorganized post-trial brief, paragraph 1.

18       First, Reorganize Eletson Holding Inc.'s witness,

19   James Pierre, explain that the "corporate governance documents

20   required to be filed with LISCR can only be filed from the

21   nonresident Liberian corporation's existing address of record."

22   That's the AOR as we previously identified.  See Trial exhibit

23   21.  See also the Pierre declaration in paragraph 10.

24       The AOR is the "authorized representative of the

25   corporation" who is appointed by the shareholders of the



ELETSON HOLDINGS INC.

1    company to communicate with LISCR.  That's the Lamin Blamo

2    testimony, page 130, lines 22 through 25.

3          The appointment of an AOR must be consistent with the

4    company's articles and bylaws, which informs "how decisions are

5    made by the board."  That's from Lamin Blamo testimony, page

6    131, line 7 through 13.

7          Since the AOR is not public information, the existing

8    AOR after a merger or restructuring "will make the necessary

9    filings with LISCR, which usually includes the existing AOR,

10   notifying LISCR of an or change."  That's the Pierre

11   declaration, paragraph 13.

12         The record indicates that changing the AOR is an

13   administrative task as "Liberian law is silent regarding an

14   address of record, and the AOR is a concept created by and

15   rooted in LISCR's own internal policies."  That's from

16   Reorganized post-trial brief, paragraph 12, citing the Pierre

17   hearing transcript testimony at 73, lines 5 through 16.

18         Even Reed Smith's Liberian expert witness stated that

19   in the ordinary course, the shareholders can inform the AOR to

20   instruct LISCR to accept amended articles of incorporation as

21   "the authority is derived from the shareholders as per the

22   PCA."  That's from Ms. Lamin Blamo's testimony, page 141, line

23   19 through page 150, line 1.

24         Thus, if the existing shareholders, whether

25   Reorganized Eletson Holdings Inc.'s shareholders or the prior



ELETSON HOLDINGS INC.

1    shareholders, instruct the current AOR to change the AOR, they

2    can do so without violating Liberian law.  See again the

3    hearing transcript testimony of Ms. Lamin Blamo, page 150,

4    lines 22 through 23.

5           Second, to the extent foreign law is applicable, it

6    informs parties of the procedural process to file the

7    corporation's amended corporate governance documents such as

8    the amended articles.  Contrary to what Ms. Lamin Blamo states,

9    this Court is not directing the "Liberian government to take

10   any action pursuant" to the confirmation order.  That's

11   Liberian -- I'm sorry, Ms. Lamin Blamo's testimony at page 127,

12   lines 2 through 7.

13          Ms. Lamin Blamo stated that LISCR would not accept the

14   amended articles of incorporation because "it's being done

15   pursuant to a foreign court order."  That's from the hearing

16   transcript, page 178, lines 18 to 25.  But this is incorrect.

17   Rather, the Court is directing compliance with the confirmation

18   order which states that the former debtors and counsel must

19   help effectuate the terms of the plan, which includes updating

20   the corporation's existing AOR on file with LISCR or directing

21   the AOR to file the amended corporate governance documents for

22   the corporation, which includes the articles with LISCR.

23   That's the Pierre declaration, paragraph 12, Reorganized post-

24   trial brief, paragraph 12, and Ms. Lamin Blamo's trial

25   testimony, page 153, line 20 through 154, line 4.


www.escribers.net | 800-257-0885

ELETSON HOLDINGS INC.

1         Therefore, Reorganized Eletson Holdings Inc. may

2    direct the current AOR to "change the AOR to a representative

3    within Reorganized Holdings' new owner's control" and submit

4    the amended corporate governance documents to LISCR pursuant to

5    current shareholder direction, regardless of who those current

6    shareholders are.  See the Reorganized post-trial brief,

7    paragraph 10.  This is consistent with the confirmation order,

8    which directs the former debtors and their counsel to execute

9    or file documents to implement the plan.

10         Amending the AOR and filing the amended articles of

11    incorporation is also consistent with Judge Liman's

12    determination in the confirmation appeal that the confirmation

13    order is final as the former debtors and counsel did not seek a

14    stay of the confirmation order and the order directs -- the

15    order recognizes a new board of Eletson Holdings Inc. pursuant

16    to Sections 5.2, 5.10, and 5.11, among others of the plan, and

17    the new board of directors can take whatever actions it deems

18    appropriate on behalf of Eletson.  See Trial Exhibit 40, the

19    Judge Liman hearing transcript, page 31, line 10 through 23.

20         As Judge Liman stated and I previously quoted, the

21    order "recognizes the new board of Eletson, gives the new board

22    under Section 5.2 the ability to act on behalf of Eletson.

23    That's under Sections 5.10 and 5.11 of the plan."

24         Despite the confirmation order and Judge Liman's

25    ruling, the former debtors and counsel have refused "to

ELETSON HOLDINGS INC.

1    exercise their corporate authority to effectuate the transfer

2    of ownership the plan requires."  That's from the committee's

3    statement in support at paragraph 8.

4        Reed Smith's arguments that international comity

5    applies is mistaken as "Reorganized Holdings has not asked the

6    former debtors nor related parties to do anything that requires

7    Liberian government or court enforcement.  Rather, Reorganized

8    Holdings is asking this Court to enforce the confirmation order

9    against the parties that are already bound by it."  That's

10   Reorganized post-trial brief, paragraph 14.

11       Cases Reed Smith cites in support miss the point

12   because they address regulating foreign law.  For instance, In

13   re Vitamin C Antitrust Litigation, they cite in support of

14   their argument that statutes such as the Bankruptcy Code should

15   not be interpreted to regulate foreign persons "if that

16   regulation would conflict with principles of international

17   comity."  That's from Reed Smith's post-trial brief, paragraph

18   39.  See also the In re Vitamin Antitrust Litigation case, 8

19   F.4th 136, 143, note 8 (2d Cir. 2021).

20       This case and others cited address international

21   comity where U.S. law contradicts foreign law.  In In re

22   Vitamin C Antitrust Litigation, the parties were disputing

23   whether "Chinese law required defendants to engage in

24   anticompetitive conduct that violated U.S. antitrust laws such

25   that a true conflict exists."  That's In re vitamin C


www.escribers.net | 800-257-0885

ELETSON HOLDINGS INC.

1    Antitrust, 8 F.4th at 143.

2            Here, the issue is whether this Court can compel

3    compliance with the confirmation order and plan so that

4    Reorganized Eletson Holdings Inc. may take the lawful actions

5    they deem necessary.  That's Reorganized Holdings brief --

6    post-trial brief, paragraph 14.

7            As stated by the Unsecured Creditors' Committee, "this

8    Court need not force foreign officials to implement the plan in

9    reliance on the confirmation order.  Rather, the plan and

10   confirmation order require the former debtors and their former

11   officers and directors who have the requisite corporate

12   authority and who are all subject to this Court's jurisdiction,

13   to undertake any corporate actions necessary to effectuate the

14   transfer of ownership."  That's the committee's statement in

15   support, paragraphs 4 and 8.

16           Third, while it may not be clear whether LISCR will

17   choose to accept the actions of the AOR, that's Ms. Lamin

18   Blamo's trial testimony at page 169, line 21 to 25, this Court

19   reiterates that the evidence in the record "demonstrates that

20   there are no legal roadblocks in Liberia to prevent the former

21   debtors and related parties from changing the AOR as they were

22   directed to help implement the plan."  Again, that's the

23   Reorganized post-trial brief, paragraph 16, certain language

24   inserted in brackets.

25           Even Ms. Lamin Blamo has affirmed that a corporation



ELETSON HOLDINGS INC.

1    is permitted to amend its articles pursuant to its own bylaws.

2    That was the hearing transcript testimony, page 131, line 7

3    through 13.

4           Finally, despite Ms. Lamin Blamo's statements that

5    recognition must be attained to amend the board pursuant to a

6    foreign court order, on January 3rd, 2025, Mr.

7    Hadjieleftheriadis filed a certificate of election and

8    incumbency of Eletson Holdings, the provisional board's

9    Liberian Certificate with LISCR, which states that in addition

10   to naming the other board members from the previous board that

11   would serve on the provisional board, Mr. Hadjieleftheriadis is

12   the "acting president, treasurer, director of Eletson Holdings,

13   Inc."  That's Trial Exhibit 104.

14          Ms. Lamin Blamo stated that, "if a foreign Court

15   appointed a board and that appointment has not been recognized,

16   it is my opinion that the actions of the board would not be

17   recognized by a competent Liberian authority."  That's from Ms.

18   Lamin Blamo's testimony, page 165, lines 19 through 24.

19          However, "there is no evidence that the Greek order

20   was recognized by the Liberian Court," Reorganized findings of

21   fact, paragraph 116, nor has it been sought to be recognized in

22   this Court.

23          In summary, Reed Smith did not present evidence

24   establishing that compelling the former directors and counsel

25   to comply with the confirmation order and Chapter 11 plan to

ELETSON HOLDINGS INC.

1   assist Reorganized Eletson Holdings in amending the current AOR

2   and filing the requisite corporate governance documents for the

3   corporation with LISCR would be a violation of foreign law.

4   See again, e.g. the Pierre declaration in paragraph 10 and

5   Pierre rebuttal, paragraph 4.  Reorganized Eletson Holdings

6   Inc.'s former shareholders, directors, counsel, nominees, and

7   other personnel must therefore comply with the terms of the

8   plan and the confirmation order.

9        Thus, it is ordered that one, since no stay of the

10   confirmation order was sought and consistent with Judge Liman's

11   ruling in dismissing the confirmation appeal, the confirmation

12   order and Chapter 11 plan are binding on Reorganized Eletson

13   Holdings Inc.'s former shareholders, officers, directors,

14   counsel, nominees and others defined in section 1.124 of the

15   plan pursuant to Section 1141 and 1142 of the Bankruptcy Code.

16        Pursuant to section 1142 of the Bankruptcy Code,

17   Reorganized Eletson Holdings Inc.'s former shareholders,

18   officers, directors, counsel, and others, as defined in section

19   1.124 of the plan, are directed to comply with the plan and the

20   confirmation order to assist in effectuating the Chapter 11

21   plan.  And they are ordered to take all steps reasonably

22   necessary as requested by the board of Reorganized Eletson

23   Holdings Inc. or its agent to assist in amending the AOR and

24   updating the corporate governance documents, including the

25   amended articles of incorporation with LISCR, within seven days



ELETSON HOLDINGS INC.

1    of the date of the order to be issued following this ruling.

2    That order shall be served upon relevant parties in accordance

3    with applicable law.

4         If the parties do not comply with the order, the Court

5    will set a hearing on short notice to determine whether any

6    actions were taken to interfere with implementation and

7    consummation of the order to come out of this, the confirmation

8    order, and the Chapter 11 plan.

9         Any other relief sought in this motion and not

10   addressed herein is deemed either withdrawn without prejudice

11   or denied without prejudice and counsel shall submit an order

12   consistent with this ruling.

13        Okay.  That's on the sanctions motion, which is at

14   docket 1268.

15        The second issue before the Court are the letters that

16   the Court has received from counsel regarding Levona's motion

17   to authorize and enforce the stipulated stay relief order.

18   That motion is found at docket number 1367.

19        The Court has considered the letters from counsel Reed

20   Smith on January 22nd, 2025.  Quinn Emanuel sent a letter on

21   January 22nd.  And then Reed Smith sent a letter on January

22   23rd.

23        And what the Court is going to do is the Court is

24   going to adjourn the hearing on that motion to February 25th at

25   9:30 a.m.  And any responses to the motion shall be due on



ELETSON HOLDINGS INC.

1   February 11th by 4 p.m.  And any replies shall be due by

2   February 18th at 4 p.m. in connection with docket number 1367,

3   the Levona motion.

4       Okay.  Those are the two items that the Court had on

5   the agenda.

6       UNIDENTIFIED SPEAKER:  Thank you,  Your Honor.

7       MR. ORTIZ:  Your Honor, if I may.  Just a quick

8   question on implementation.  It's Kyle Ortiz of Togut, Segal

9   for Eletson Holdings.

10      THE COURT:  Okay.

11      MR. ORTIZ:  So we'll prepare an order consistent with

12  your ruling.  And then it's seven days from the entry of that

13  order, correct?

14      THE COURT:  Correct.

15      MR. ORTIZ:  Thank you, Your Honor.  We will prepare

16  that and submit it shortly.

17      THE COURT:  Okay.  Anything else for today?  Okay.

18  Thank you, everyone.  We're adjourned.  Have a great day.

19  Thank you.

20      (Whereupon these proceedings were concluded at 10:00 AM)

21

22

23

24

25



1

2                    C E R T I F I C A T I O N

3

4    I, Michael Drake, certify that the foregoing transcript is a

5    true and accurate record of the proceedings.

6

7

8

9    _____

10   Michael Drake (CER-513, CET-513)

11   AAERT Certified Electronic Transcriber

12

13   eScribers

14   7227 North 16th Street, Suite #207

15   Phoenix, AZ 85020

16

17   Date:  January 24, 2025

18

19

20

21

22

23

24

25



**\***

**\*7 (1)**
29:14

**A**

**abandon (1)**
21:17
**ability (3)**
25:21;26:25;39:22
**above (2)**
19:5;26:22
**accept (3)**
37:20;38:13;41:17
**accepted (1)**
28:5
**accord (1)**
16:1
**accordance (2)**
20:7;44:2
**Ace148 (1)**
7:22
**acknowledges (1)**
12:14
**acquire (1)**
21:16
**acquired (1)**
19:18
**acquiring (1)**
27:25
**act (8)**
10:1;15:9,15;24:24;
25:21;26:25;28:25;
39:22
**acting (1)**
42:12
**action (6)**
17:18;19:18;21:18;
25:1;31:11;38:10
**actions (16)**
12:4,24;16:18;17:5;
21:10,11,21;29:24;
31:20;32:2;39:17;
41:4,13,17;42:16;
44:6
**actively (1)**
27:15
**acts (2)**
30:6;34:7
**actually (1)**
24:24
**ADAM (3)**
7:22;15:22;24:14
**addition (1)**
42:9
**Additionally (1)**
24:1
**address (6)**
10:22;33:5;36:21;
37:14;40:12,20
**addressed (1)**

44:10
**addressing (2)**
34:19;35:16
**adjourn (1)**
44:24
**adjourned (1)**
45:18
**administrative (1)**
37:13
**admits (1)**
16:22
**Adrianos (1)**
23:5
**advice (1)**
12:21
**Aegean (1)**
7:20
**affiliated (2)**
19:11;21:6
**affiliates (4)**
9:21;19:21;31:1;
32:2
**affirmative (1)**
34:21
**affirmed (1)**
41:25
**again (8)**
18:10;26:12;27:2;
34:18;35:2;38:2;
41:22;43:4
**against (1)**
20:1;40:9
**Agathonissos (1)**
22:5
**agenda (1)**
45:5
**agent (1)**
43:23
**agents (2)**
31:3;32:1
**agreement (4)**
20:24,24;24:18;
29:19
**agreements (4)**
19:25;20:19,25;
31:19
**agrees (2)**
29:10;36:9
**alia (2)**
9:25;30:13
**alleges (1)**
16:20
**alleging (3)**
13:19;14:14;15:20
**allowed (1)**
24:2
**along (1)**
31:25
**amend (4)**
13:4,10;42:1,5
**amended (15)**
10:17,18,23;14:6;
19:10;21:5;24:6;

37:20;38:7,8,14,21;
39:4,10;43:25
**amending (6)**
12:24;15:4;36:2;
39:10;43:1,23
**amendments (1)**
14:25
**American (1)**
36:16
**Americas (2)**
6:4;7:4
**among (2)**
19:15;39:16
**Andreoulakis (1)**
22:12
**Andreulaks (1)**
23:7
**ANDREW (1)**
4:7
**anticompetitive (1)**
40:24
**Antitrust (5)**
40:13,18,22,24;
41:1
**AOR (33)**
10:23,23,25,25;
13:4,4,14;14:6,24;
15:4;36:2,6,15,22,24;
37:3,7,8,9,12,14,19;
38:1,1,20,21;39:2,2,
10;41:17,21;43:1,23
**apart (1)**
30:9
**appeal (9)**
22:5;24:18,20;25:5,
16,23;26:7;39:12;
43:11
**appealed (1)**
23:2
**appealing (1)**
22:6
**appear (1)**
9:11
**appearances (1)**
8:3
**appeared (2)**
11:13;27:15
**appearing (2)**
17:7;25:5
**appears (1)**
11:12
**applicable (16)**
11:24;13:16;19:24;
20:14,18,18,23;25:12;
28:17;31:11;35:1,23;
36:10,11;38:5;44:3
**applied (1)**
36:11
**applies (2)**
34:3;40:5
**apply (1)**
15:16
**appoint (2)**

11:15;22:25
**appointed (7)**
11:14;13:23;22:17,
19;26:14;36:25;42:15
**appointment (2)**
37:3;42:15
**appropriate (5)**
12:10;20:17;31:13,
20;39:18
**appropriately (1)**
13:20
**approved (1)**
26:19
**approving (1)**
18:21
**Arch (1)**
4:15
**argue (3)**
14:2,6;25:12
**argues (5)**
33:4,18;34:2;35:19;
36:1
**arguing (1)**
10:1
**argument (4)**
34:3,17;35:5;40:14
**arguments (2)**
25:14;40:4
**articles (11)**
10:17;13:11;24:6;
37:4,20;38:8,14,22;
39:10;42:1;43:25
**assert (3)**
16:16;35:20;36:5
**asserted (1)**
16:9
**assertion (1)**
15:6
**asserts (10)**
11:3,21;12:21;
14:11,23;15:25;
16:13;17:3;33:24;
34:25
**assigns (1)**
30:25
**assist (3)**
43:1,20,23
**Attached (1)**
16:2
**attack (1)**
17:5
**attained (1)**
42:5
**attempt (1)**
13:16
**attempted (1)**
9:24
**attempting (1)**
15:21
**attempts (1)**
13:13
**Attorneys (10)**
4:3,14;5:3,11;6:3,

14;7:3,12;9:22;31:4
**AUSTIN (2)**
6:13;8:17
**authority (7)**
24:24;25:23;27:2;
37:21;40:1;41:12;
42:17
**authorization (1)**
16:6
**authorize (1)**
44:17
**authorized (6)**
20:6,18;21:2,9;
31:17;36:24
**authorizes (1)**
30:4
**automatically (1)**
26:9
**availed (1)**
27:16
**Avenue (5)**
4:4;6:4,15;7:4,13

**B**

**backstop (1)**
20:24
**BAKER (1)**
4:20
**Baltic (1)**
7:20
**Bank (2)**
7:20;29:5
**Bankr (6)**
29:9,14,21;30:3,11;
32:11
**Bankruptcy (20)**
11:24;14:3;16:23;
21:2;24:19;25:8,18;
26:1;27:15,17,21;
28:16;29:15;33:20;
34:3;35:9,10,13;
40:14;43:15,16
**Based (4)**
18:14;19:5;23:9;
25:16
**basis (2)**
12:2;35:1
**became (2)**
23:17,24
**become (1)**
25:19
**behalf (11)**
8:9,14;9:8;11:13;
20:22;22:3;25:5,21;
26:25;39:18,22
**Betty (1)**
11:19
**bind (1)**
27:24
**binding (3)**
27:14,20;43:12
**binds (1)**

29:3
**bit (1)**
11:15
**Blamo (15)**
11:20;13:2,7,9,13;
16:4,4;18:5;37:1,5;
38:3,8,13;41:25;
42:14
**Blamo's (7)**
15:6;37:22;38:11,
24;41:18;42:4,18
**board (37)**
11:14;12:18;13:23;
17:9;22:9,14,17,19,
20;23:1,3,4,4,20;
24:14;25:20,20;26:7,
8,12,13,19,23,24;
32:20;37:5;39:15,17,
21,21;42:5,10,10,11,
15,16;43:22
**board's (1)**
42:8
**body (1)**
20:10
**Borriello (1)**
14:22
**both (4)**
12:23;29:1;33:14;
34:20
**bound (1)**
40:9
**Bowling (1)**
5:21
**BR (10)**
29:8,20;30:3,11;
32:11,14,18,23;34:24;
35:10
**bracketed (1)**
26:3
**brackets (2)**
27:4;41:24
**brief (19)**
18:25;19:1,2,3;
26:21;33:7;34:1;35:5,
7,25;36:17;37:16;
38:24;39:6;40:10,17;
41:5,6,23
**briefs (1)**
18:17
**Brothers (1)**
30:10
**Bryan (1)**
9:19
**BUCK (1)**
4:7
**Business (2)**
15:9;21:16
**bylaws (2)**
37:4;42:1

**C**

**Cal (1)**

34:9
**call (1)**
25:7
**Can (12)**
8:3;10:25;11:1;
12:24;15:11,17;35:6;
36:20;37:19;38:2;
39:17;41:2
**canceled (1)**
20:2;24:3;25:12
**cancellation (1)**
35:20
**cancels (1)**
14:10
**capacities (1)**
20:11
**capacity (4)**
11:16;17:7;24:24;
25:3
**carry (1)**
28:20
**carrying (1)**
28:19
**Case (17)**
8:2;24:20;27:15;
32:6,8,9,12;33:4,9,15,
24;35:3,8,9,14;40:18,
20
**cases (3)**
22:9;34:7;40:11
**cause (1)**
20:6
**causes (2)**
19:18;21:18
**cease (1)**
20:14
**ceased (1)**
26:9
**certain (7)**
22:20;23:3;26:8;
27:3;29:20;31:14;
41:23
**certificate (2)**
42:7,9
**certificates (1)**
19:25
**challenge (1)**
27:19
**change (8)**
11:1,2;13:14;35:22;
36:6;37:10;38:1;39:2
**changing (3)**
36:2;37:12;41:21
**Chapter (32)**
10:9;11:22;12:11,
17;14:10,15;16:10;
19:10,15;21:5;22:9;
23:17,23;24:5;27:5,
13,18;30:12,14,15,24;
31:7;32:14,16;33:11,
16;35:17,23;42:25;
43:12,20;44:8
**charges (1)**

19:22
**Chicago (1)**
5:14
**Chinese (1)**
40:23
**choose (1)**
41:17
**CHRISTOPHER (1)**
4:8
**Cir (2)**
34:10;40:19
**Circuit (2)**
29:6;34:13
**circumvent (1)**
13:16
**cite (2)**
14:13;40:13
**cited (2)**
34:7;40:20
**cites (3)**
32:7;35:4;40:11
**citing (1)**
37:16
**claim (1)**
28:2
**claims (5)**
13:22;19:22;20:1;
21:18;28:10
**clarifies (1)**
15:3
**clause (1)**
33:6
**clear (3)**
19:21;28:10;41:16
**client (1)**
16:23
**Co (1)**
8:17
**COCKERHAM (1)**
5:7
**Code (12)**
11:24;14:3;27:21,
22;28:16;29:23;30:7;
33:20;34:3;40:14;
43:15,16
**COIE (2)**
7:2;9:8
**collaterally (1)**
17:5
**comity (4)**
36:5;40:4,17,21
**Committee (8)**
6:3;8:9;11:5,7,8;
29:11;30:17;41:7
**committee's (3)**
30:22;40:2;41:14
**communicate (1)**
37:1
**company (7)**
13:11;15:8;23:1,14,
14,15;37:1
**company's (2)**
32:17;37:4

**compel (3)**
13:14;17:13;41:2
**compelling (2)**
10:7;42:24
**competent (2)**
15:11;42:17
**completing (1)**
19:12
**compliance (7)**
11:23;18:12;30:14;
34:20;36:10;38:17;
41:3
**complied (4)**
12:10;14:15;29:13;
35:23
**comply (15)**
10:8,13;17:14,24;
28:20;29:18;30:1,2;
31:8;33:1,20;42:25;
43:7,19;44:4
**complying (2)**
11:25;12:1
**comprise (1)**
21:17
**concede (1)**
14:10
**concept (1)**
37:14
**concerning (1)**
18:25
**concerns (1)**
29:7
**concluded (1)**
45:20
**conclusion (1)**
18:14
**conclusions (4)**
18:16,19,21;21:4
**condition (1)**
28:18
**condition' (1)**
34:16
**Conduct (3)**
16:21;18:1;40:24
**confer (1)**
30:9
**conference (1)**
8:23
**confirmation (80)**
9:24;10:7,8,14;
11:22,25;12:1,6,9,13,
22;13:5,10;14:7,13;
15:4;16:11;17:5,14;
18:12;21:6,8,12,12,
20,24;22:7;23:1;
24:20;25:1,5,15,23;
26:7,14,20;27:13,18,
19;28:9,13;29:3,19,
22;30:2,12,15,18,23;
31:7,15,22,24;32:4;
33:1,7,11,15;34:6,20;
35:17,22;38:10,17;
39:7,12,12,14,24;

40:8;41:3,9,10;42:25;
43:8,10,11,11,20;44:7
**confirmed (6)**
27:23;28:24;29:16,
24;30:8;32:16
**confirming (5)**
19:9;9;21:4;28:8,13
**conflict (2)**
8:21;40:16,25
**confused (1)**
25:8
**connection (4)**
15:19;18:6;31:22;
45:2
**consent (1)**
31:10
**considered (1)**
44:19
**considering (2)**
19:5;25:14
**consisted (1)**
22:10
**consistent (8)**
26:6,12;37:3;39:7,
11;43:10;44:12;45:11
**consummate (3)**
30:6,21;31:20
**consummation (5)**
21:22;28:25;32:4,
22;44:7
**contact (1)**
14:24
**contains (1)**
19:15
**contemplated (1)**
20:20
**contemplates (2)**
33:12;34:23
**contempt (5)**
10:13;12:3,9;18:22;
33:2
**context (2)**
26:4;27:4
**continues (1)**
25:7
**continuing (1)**
20:11
**contracts (1)**
31:18
**contradict (1)**
12:5
**contradicts (1)**
40:21
**Contrary (1)**
38:8
**contravention (1)**
16:11
**control (1)**
39:3
**controlled (1)**
32:20
**cooperate (3)**
12:12;30:20;33:16

cooperation (1)
33:6
Corp (4)
12:18;22:24,24;
29:5
Corporate (19)
10:10,18;12:24;
14:25;15:8;17:17;
26:17;33:13;34:6;
36:3,19;38:7,21;39:4;
40:1;41:11,13;43:2,
24
Corporation (8)
15:9;23:24;32:13;
35:21;36:25;38:22;
41:25;43:3
corporations (1)
15:16
corporation's (4)
10:25;36:21;38:7,
20
counsel (21)
9:15,24;10:8,13;
12:22;16:17;17:8;
24:25;25:6;27:14;
38:18;39:8,13,25;
42:24;43:6,14,18;
44:11,16,19
course (2)
8:25;37:19
COURT (90)
8:2,7,11,15,25;9:4,
7,10;11:1,14;13:5,13,
15,20,23;15:7,11,16;
16:1;17:9;18:2,11;
19:6,8;21:2,3;22:6,15,
16,25;23:8;25:2,18,
18;26:1,5,19;27:17;
28:21,21;29:10,12,15,
17,21;30:2,5;32:8,16,
21;33:9,10,18;34:4,
11,19,21;35:5,10,12,
12,15,16,16,18;36:8,
9,16;38:9,15,17;40:7,
8;41:2,8,18;42:6,14,
20,22;44:4,15,16,19,
23,23;45:4,10,14,17
Court's (4)
18:14;26:23;34:5;
41:12
cover (1)
9:12
created (3)
13:6;23:20;37:14
creditor (3)
27:25;28:2,4
Creditors (8)
6:3;8:10;11:5;
21:11;28:10;29:4;
30:19;32:18
creditors' (4)
19:10;29:11;32:16;
41:7

current (9)
14:24;26:12;31:2;
33:6;38:1;39:2,5,5;
43:1
CURTIN (4)
6:18;8:16,17;9:1

# D

d2 (2)
27:22;28:7
d3 (2)
27:23;28:7
DANIEL (2)
5:24;8:13
Daniolos (3)
13:19,22,24
date (14)
12:16;18:20;19:17,
23;20:5,10,12,15;
21:14;23:12;24:2,9;
26:5;44:1
DAVID (2)
6:8;8:8
day (1)
45:18
days (2)
43:25;45:12
DE (1)
5:5
dealt (2)
28:9,24
Debtor (19)
4:3,14;5:3,11;
10:12;20:10,14;26:7,
18;27:24;28:1,11,18,
21;29:18;30:1,2,5;
35:8
debtors (30)
9:23;10:7,12;14:11;
17:4,18;19:12,19,19;
20:2,3,17,22;21:6,9;
24:10;27:7;29:4;
30:19;31:9,16;32:8;
33:15;38:18;39:8,13,
25;40:6;41:10,21
debtor's (7)
9:20;27:14;30:25;
31:1;32:18,21;34:22
December (9)
15:20,24;16:7,25,
25;17:6,11,15;25:15
DECHERT (2)
6:2;8:9
decided (1)
15:25
decisions (1)
37:4
declaration (19)
9:18,19;10:16,20,
24;11:19,19;20:12,21,
25;13:7;14:20,21,21;
27:10;36:23;37:11;

38:23;43:4
deem (1)
41:5
deemed (3)
20:13;26:9;44:10
deems (1)
39:17
defendants (1)
40:23
defined (3)
30:24;43:14,18
deliver (3)
20:19;28:22;31:17
delivery (1)
28:23
demonstrates (1)
41:19
denied (1)
44:11
denying (1)
19:12
DEPARTMENT (2)
5:19;34:9
DEREK (2)
4:20,21
derived (1)
37:21
desirable (1)
20:21
Despite (2)
39:24;42:4
detailing (1)
16:25
details (1)
17:2
determination (1)
39:12
determinations (2)
35:13,16
determine (3)
15:12;31:12;44:5
determined (2)
35:10,12
developments (1)
16:25
dictates (2)
30:13;36:5
different (1)
33:6
Digital (2)
29:8;34:24
direct (8)
17:17;19:20;28:21;
30:2,5;31:2;33:15;
39:2
directed (6)
18:15;20:18;21:9;
30:20;41:22;43:19
directing (4)
18:12;38:9,17,20
direction (2)
18:14;39:5
directly (1)

12:4
director (3)
20:14;26:10;42:12
directors (16)
9:15,21;10:6;22:9;
24:14;25:24;26:13;
31:2;32:1,21;39:17;
41:11;42:24;43:6,13,
18
directs (2)
39:8,14
disagrees (1)
36:8
discharged (2)
20:4;24:3
discretion (1)
31:11
discuss (1)
11:15
dismiss (2)
24:18,19
dismissal (2)
24:23,23
dismissed (1)
25:15
dismissing (2)
26:6;43:11
displace (1)
34:4
dispose (1)
21:16
disputing (1)
40:22
dissolved (1)
23:20
distinguishable (1)
34:8
distributions (1)
24:4
District (2)
22:6,6
docket (33)
9:16,25;11:7,12,17;
12:17;13:21;14:2,19;
15:24;16:11;17:1,10,
13,19,22;18:19,23;
19:1,4,14;21:7;22:8;
23:18;24:20;25:1;
27:16;32:10,23;33:2;
44:14,18;45:2
document (1)
12:11
documents (15)
10:19;12:25;15:1;
20:1,19,25;31:19;
36:3,19;38:7,21;39:4,
9;43:2,24
done (1)
38:14
Drive (1)
5:12
drop (1)
8:22

due (2)
44:25;45:1
During (1)
22:9

# E

ECF (1)
23:18
effect (5)
10:18;14:12;28:23;
34:18;35:13
effective (13)
12:16;19:16,23;
20:5,10,12,15;21:14;
23:12,18;24:2,9;26:5
effectively (1)
16:9
effectuate (7)
10:8;11:1;20:21;
31:13;38:19;40:1;
41:13
effectuating (1)
43:20
effectuation (1)
16:10
efforts (2)
12:10;36:6
eg (3)
21:25;27:9;43:4
either (1)
44:10
Elafonissos (1)
22:23
election (1)
42:7
ELENA (1)
7:20
Eleni (3)
22:12,21;23:6
Eletson (78)
8:6;9:13,14;10:4,
11,17,21;11:9,11;
12:15,18,18,19,23;
13:3,9;14:7,17;16:5,8,
13,14,15,17,18,22,24;
17:3,9,17,20,23;18:3,
9,20,24;19:11;21:5;
22:4,4,17;23:19,22;
25:6,7,13,20,20,21,24,
24;26:10,16,17,18,20,
23,24,25;27:8;29:10;
32:6;36:18;37:25;
39:1,15,18,21,22;
41:4;42:8,12;43:1,5,
22;44:12,17;45:9
Eletson (2)
15:21;16:2
ellipses (2)
29:1;31:14
else (2)
9:11;45:17
email (1)

16:3
**EMANUEL (3)**
7:11;9:6;44:20
**emergency (2)**
11:10;19:3
**Emmanuel (2)**
22:11;23:7
**employees (2)**
31:3;32:1
**empowered (2)**
31:17;33:10
**empowers (2)**
29:12,15
**encumbrances (1)**
19:22
**enforce (11)**
12:9;14:15;15:7,17;
29:12,15;30:8;34:5,
19;40:8;44:17
**enforcement (2)**
12:13;40:7
**enforcing (1)**
27:17
**engage (1)**
40:23
**enjoined (1)**
32:2
**enjoins (1)**
21:20
**entails (1)**
12:1
**enter (1)**
18:11
**entered (1)**
21:3
**entities (1)**
34:22
**entity (7)**
23:20;24:7;26:17;
27:24,25;28:19;33:13
**entry (1)**
45:12
**equity (14)**
14:11;20:7;24:2,9,
10;27:6,7;28:1,2,4,10,
14;31:3,21
**ESQ (19)**
4:7,8,9,10,20,21,22;
5:7,16,24;6:7,8,9,10,
18,19,20;7:8,16
**Essentially (1)**
26:16
**establishes (1)**
15:10
**establishing (1)**
42:24
**estate (1)**
19:17
**EVANGELATOU (1)**
7:20
**even (3)**
33:12;37:18;41:25
**everyone (2)**

8:2;45:18
**evidence (6)**
19:5;23:9;36:13;
41:19;42:19,23
**evidencing (1)**
20:1
**evidentiary (4)**
18:2,9,13,15
**example (1)**
27:16
**except (5)**
21:14;27:22;28:6,7,
12
**exclusive (1)**
15:10
**execute (4)**
20:19;28:22;31:17;
39:8
**execution (1)**
28:23
**exercise (2)**
33:19;40:1
**Exhibit (12)**
22:14,18;23:2,7,11,
16;24:16;26:2;27:2;
36:22;39:18;42:13
**Exhibits (2)**
23:25;24:7
**exist (1)**
25:7
**existing (10)**
9:14;10:23,25;13:4;
24:2;36:21;37:7,9,24;
38:20
**exists (2)**
25:13;40:25
**expeditious (1)**
11:3
**Expert (4)**
13:2;18:4,5;37:18
**explain (1)**
36:19
**explained (1)**
18:10
**explains (2)**
15:14;17:23
**expressly (1)**
30:4;34:14
**extent (5)**
8:23;17:24;21:1;
34:15;38:5
**extinguished (4)**
20:4;24:3,10;27:7

**F**

**F2d (1)**
29:5
**F3d (1)**
34:9
**F4th (2)**
40:19;41:1
**fact (12)**

18:6,16,19,21,23;
21:4;23:10;24:4,12;
26:15;27:9;42:21
**facts (1)**
33:22
**fail (1)**
12:12
**failed (2)**
10:6;17:24
**failing (3)**
10:13;29:18;32:8
**faith (1)**
30:21
**false (1)**
15:9
**Family (2)**
8:18;23:14
**February (3)**
44:24;45:1,2
**Federal (1)**
24:19
**fee (1)**
19:25
**fiduciaries (1)**
31:3
**file (5)**
31:17;38:6,20,21;
39:9
**filed (24)**
10:19;11:5,10,18;
13:25;14:17;15:19;
16:24;17:12,15,21;
18:18,20,25;19:2;
22:5;24:17,22;32:14,
21,24;36:20,20;42:7
**filing (3)**
14:25;39:10;43:2
**filings (1)**
37:9
**final (2)**
25:19;39:13
**Finally (1)**
42:4
**Finance (1)**
22:4
**financial (2)**
28:18;34:16
**find (1)**
33:1
**finding (3)**
10:5,12;12:3
**findings (12)**
18:16,18,21,23;
21:3;23:10;24:4,12;
26:15;27:9;33:22;
42:20
**finds (3)**
19:7;26:5;33:9
**firm (5)**
13:19,19,21,22;
16:9
**First (4)**
9:12;13:4;22:15;

36:18
**Fla (1)**
29:21
**Floor (2)**
5:13;7:5
**focused (1)**
36:14
**followed (1)**
36:12
**following (4)**
19:16;22:10;36:8;
44:1
**follows (1)**
19:7
**force (1)**
41:8
**foregoing (2)**
9:23;21:1
**foregoing's (1)**
31:5
**foreign (33)**
11:16,24;12:1,2,8,
14;13:6;14:3,4,14;
16:1,3;17:9;32:21;
33:13,21,25;34:5,7,
17;35:1,12,23;36:2;
38:5,15;40:12,15,21;
41:8;42:6,14;43:3
**formal (1)**
10:2
**former (36)**
9:15,20,23;10:5,7,
12;11:3;16:16,23;
17:4,18;21:20;22:24;
23:20;24:10;25:24,
24;26:7,18;27:7,14;
31:2;32:1;33:15;
38:18;39:8,13,25;
40:6;41:10,10,20;
42:24;43:6,13,17
**found (18)**
9:16,25;11:7,12,17;
14:19;15:24;17:1,12,
22;18:19,23;19:1,4,
13;21:7;26:22;44:18
**free (2)**
19:21;28:10
**FSB (2)**
7:3;9:9
**fully (1)**
20:4
**Fund (2)**
7:3;9:9
**further (9)**
11:15;13:25;15:6;
16:16;17:14;24:6;
26:22;27:13;33:18

**G**

**GALIBOIS (1)**
5:16
**Gas (7)**

12:19;32:7,9,11,12,
18,22
**gave (1)**
35:12
**general (5)**
28:1,3,5,11,15
**generally (1)**
29:7
**Giannakopoulou (2)**
22:12;23:6
**gives (5)**
25:20,22;26:23;
27:1;39:21
**giving (1)**
20:1
**Glafkos (2)**
8:17;23:15
**Good (16)**
8:2,5,7,8,11,12,13,
15,16,25;9:2,4,5,7,10;
30:21
**governance (9)**
10:18;15:1;36:3,19;
38:7,21;39:4;43:2,24
**governing (1)**
20:10
**government (2)**
38:9;40:7
**great (1)**
45:18
**Greece (3)**
10:2;12:23;22:16
**Greek (7)**
11:14;13:19,23;
22:16,25;23:8;42:19
**Green (1)**
5:21

**H**

**Hadjieleftheriadis (6)**
11:20;22:10,11;
23:5;42:7,11
**handled (1)**
35:6
**HANEY (1)**
6:7
**HBLS (2)**
35:4,8
**hearing (21)**
8:20;18:3,7,9,13,
15;21:25;25:4,14,16,
17;26:2;27:3,11;
37:17;38:13,15;39:19;
42:2;44:5,24
**heirs (1)**
31:5
**held (4)**
18:2;19:19;29:21;
34:13
**help (2)**
38:19;41:22
**hereby (3)**

21:9;30:20;31:17
**herein (1)**
44:10
**hereunder (1)**
20:21
**HERMAN (4)**
6:8;8:8,8,12
**highlights (1)**
33:10
**hired (1)**
16:17
**holder (3)**
28:1,3,4
**holders (7)**
21:20;24:4,11;27:9;
28:11,15;31:3
**Holding (2)**
8:18;36:18
**Holdings (93)**
7:12;8:6;9:14;10:1,
4,5,11,17,21;11:9,11;
12:7,15,18,23;13:3,
10;14:7,17,25;15:21,
22;16:2,2,5,8,13,14,
15,17,18,22,24;17:3,
9,12,17,20,23;18:3,
10,20,24;19:11,21;
20:6,12,17,23;21:5,
15;22:4,17;23:19,22;
24:11,17,25;25:6,7,
13;26:10,16,17,18,20;
27:8;29:8,10;30:11;
31:10,12;32:7;33:20;
35:21,21;36:1,9;
37:25;39:1,15;40:5,8;
41:4,5;42:8,12;43:1,5,
13,17,23;45:9
**Holdings' (2)**
9:13;39:3
**Home (1)**
30:3
**Honor (13)**
8:5,8,13,16,18,20;
9:1,2,5;25:19;45:6,7,
15
**Honor's (1)**
8:22
**Hoskinson (1)**
24:15

### I

**Id (18)**
10:14;11:2,4;13:12,
17;14:12,15;15:5,12;
21:18,23,25;1:29:25;
34:12,16;35:15;36:3,
6
**identified (2)**
23:13;36:22
**IL (1)**
5:14
**impaired (1)**

28:3
**impermissible (1)**
33:22
**implement (10)**
12:8,11;29:24;
30:21;32:9;33:11,16;
39:9;41:8,22
**implementation (8)**
15:17;21:22;29:7,
12;32:3;33:21;44:6;
45:8
**implementing (1)**
34:6
**imposes (1)**
34:21
**imposing (2)**
9:13;11:11
**inapplicable (2)**
14:4;34:18
**inappropriate (1)**
12:7
**Inc (45)**
8:18;10:1,4,11,21;
11:9;12:7,15,18,24;
13:3,10;14:7,17;
15:21;16:2,5,8,14,15,
17;17:3,9,17,21,23;
18:3;19:11;22:4,17;
23:22;25:13;26:10,
17,20;27:8;29:8,11;
32:7;36:9;39:1,15;
41:4;42:13;43:23
**included (2)**
23:13;29:19
**includes (5)**
17:1;23:3;37:9;
38:19,22
**including (10)**
9:16,21;12:24;
19:17,19;20:23;
24:25;31:12,21;43:24
**inconsistent (1)**
21:11
**incorporation (6)**
10:17;24:6;37:20;
38:14;39:11;43:25
**incorrect (1)**
38:16
**Inc's (8)**
10:5,17;16:18;
36:18;37:25;43:6,13,
17
**incumbency (1)**
42:8
**Indeed (1)**
30:17
**indenture (1)**
9:9
**indicates (1)**
37:12
**indirect (2)**
19:20;31:3
**individual (1)**

10:22
**individuals (1)**
13:22
**inform (1)**
37:19
**information (2)**
14:25;37:7
**informative (1)**
33:4
**informs (2)**
37:4;38:6
**inject (1)**
35:5
**inserted (3)**
26:3;27:4;41:24
**Insolvency (1)**
15:14
**Instance (4)**
22:15;29:17;34:9;
40:12
**instruct (3)**
31:7;37:20;38:1
**instructed (1)**
21:10
**instructive (1)**
33:9
**instrument (1)**
28:23
**Instruments (5)**
19:24;20:20;21:1;
31:18,19
**inter (2)**
9:25;30:13
**interest (10)**
20:2;21:21;24:2,9,
10;27:6,7;28:2,10;
31:25
**interests (5)**
14:11;19:19;21:18;
28:14;31:21
**interfere (4)**
21:21;32:3,3;44:6
**internal (1)**
37:15
**International (5)**
10:9;36:5;40:4,16,
20
**interpreted (2)**
33:24;40:15
**into (1)**
35:6
**Investment (2)**
8:17;23:14
**involve (1)**
34:6
**involved (1)**
35:8
**Ioannis (2)**
22:11;23:5
**ISAAC (2)**
7:16;9:5
**Isle (1)**
32:12

**issuance (2)**
15:12;31:21
**issue (9)**
15:25;20:6,19;
24:24;25:3;34:11,11;
41:2;44:15
**issued (5)**
19:8;20:7;24:11;
27:8;44:1
**issues (2)**
35:9,14
**issuing (1)**
27:24
**items (1)**
45:4

### J

**James (4)**
9:18;14:20;18:4;
36:19
**January (10)**
17:20;18:2,18,24;
19:2;27:10;42:6;
44:20,21,21
**Jared (1)**
14:21
**join (1)**
28:22
**joined (1)**
8:18
**joint (3)**
17:7;19:10;21:5
**Josh (1)**
9:3
**JOSHUA (1)**
4:22
**Judge (16)**
21:25,25;25:4,9,15,
16;26:2,6,13,22;27:2;
39:11,19,20,24;43:10
**jurisdiction (9)**
11:25;13:7,21;15:7,
10,11;33:14;34:7;
41:12
**JUSTICE (1)**
5:19

### K

**Karastamati (3)**
22:13,21,22
**KARLI (1)**
6:9
**Keros (1)**
22:24
**Kertsikoff (2)**
22:12,21
**KEVIN (1)**
5:7
**knows (1)**
8:20
**Konstantaras (2)**

22:13,22
**Konstantinos (1)**
22:11
**Kotliar (1)**
9:19
**Krypton (2)**
29:17,20
**Kyle (2)**
8:5;45:8

### L

**Lamin (22)**
11:19;13:2,7,9,13;
15:6;16:4,4;18:5;
37:1,5,22;38:3,8,11,
13,24;41:17,25;42:4,
14,18
**language (1)**
41:23
**largest (1)**
32:20
**Laskarina (2)**
22:13,21
**Lassia (2)**
8:17;23:14
**last (1)**
8:20
**LAUKAMG (1)**
4:8
**law (49)**
12:1,2,5,8,14;13:2,
15,19,19,22;14:3,4,
12,14,23;15:3;18:4,5,
16,19,21;19:24;21:4;
25:12;28:17;31:11;
32:6;33:21,25;34:5,
12,14,15;35:1,19,24;
36:2,10,11,14;37:13;
38:2,5;40:12,21,21,
23;43:3;44:3
**lawful (1)**
41:4
**laws (2)**
13:16;40:24
**legal (2)**
10:18;41:20
**Lehman (1)**
30:10
**Leonard (1)**
24:15
**letter (12)**
15:20,24;16:3,7,20,
24;17:1,6,21;24:22;
44:20,21
**letters (4)**
19:25,25;44:15,19
**Levona (3)**
7:12;9:6;45:3
**Levona's (1)**
44:16
**Lexington (1)**
4:4

**Liberia (18)**
10:1,18,22;12:23;
13:16;14:8;15:9,11,
15,18;16:1,22,25;
17:3;23:9;35:6,24;
41:20
**Liberian (31)**
10:9;11:1;12:5,22;
13:2,5,11,15,15;
14:12,23;15:3,8,23;
16:5;18:4,5;35:16,19,
21;36:14,21;37:13,
18;38:2,9,11;40:7;
42:9,17,20
**licenses (1)**
29:20
**LICHTENSTEIN (1)**
7:21
**liens (1)**
19:22
**Liman (9)**
21:25;25:4,9,15,17;
26:2,22;39:19,20
**Liman's (6)**
26:6,13;27:2;39:11,
24;43:10
**limine (1)**
19:13
**limited (1)**
17:15
**line (14)**
18:13,13;25:9,10;
27:11,12;37:6,22,23;
38:25,25;39:19;
41:18;42:2
**lines (11)**
18:8;22:1;26:3;
27:3,11;37:2,17;38:4,
12,16;42:18
**LISCR (20)**
10:10,19;11:1;12:4,
25;13:4;36:3,20;37:1,
9,10,20;38:13,20,22;
39:4;41:16;42:9;43:3,
25
**LISCR's (1)**
37:15
**Litigation (3)**
40:13,18,22
**LLC (2)**
12:19;22:4,5
**LLP (9)**
4:2,13;5:2,10;6:2,
13;7:2,11;9:16
**Logan (1)**
4:16
**longer (1)**
16:22
**Lou (1)**
9:2
**LOUIS (2)**
4:9;11:19
**LP (1)**

35:8
**Ltd (2)**
7:12,21

## M

**maintain (1)**
21:17
**majority (3)**
13:25;14:2;23:15
**Man (1)**
32:12
**manage (1)**
23:1
**management (2)**
16:16;26:19
**manager (2)**
20:14;26:10
**managers (1)**
31:4
**many (1)**
11:8
**MARK (1)**
7:21
**Market (1)**
5:4
**matter (1)**
15:10
**matters (1)**
9:12
**Matthews (1)**
24:15
**may (13)**
21:15,16;28:21;
29:14,22;30:2;31:10;
33:13;34:6;39:1;41:4,
16;45:7
**mean (1)**
36:11
**meaningless (1)**
35:15
**mediator's (1)**
35:13
**member (1)**
20:13
**members (10)**
20:9;22:20,20,22;
23:4;24:14;26:7,8,12;
42:10
**memorandum (3)**
19:8,13;22:7
**merger (1)**
37:8
**MICHAEL (3)**
4:21;5:16;6:19
**minority (2)**
22:24;23:13
**miss (1)**
40:11
**misses (1)**
34:4
**mistaken (1)**
40:5

**moot (1)**
34:18
**Moreover (1)**
15:14
**morning (16)**
8:2,5,7,8,11,12,13,
15,16,19,25;9:2,4,5,7,
10
**MOSS (3)**
7:8;9:8,8
**most (1)**
11:3
**motion (33)**
9:13,16,18,19;10:3;
11:6,10,13,15,16;
13:18;14:1,18;15:19;
17:8;18:7,11,22,25;
19:3,6,13;30:18;
32:24;36:13,14;44:9,
13,16,18,24,25;45:3
**Murchinson (1)**
7:21
**must (6)**
12:22;36:1;37:3;
38:18;42:5;43:7

## N

**name (1)**
20:22
**naming (1)**
42:10
**narrowing (2)**
17:13;18:10
**Navigator (8)**
32:7,9,11,12,18,22;
33:2,14
**necessary (11)**
20:21;28:22,25;
29:24;30:6;31:13,20;
37:8;41:5,13;43:22
**need (3)**
10:19;35:5;41:8
**needs (2)**
10:23;36:11
**negate (1)**
14:3
**NESSER (2)**
7:16;9:6
**NESTOR (1)**
9:5
**New (24)**
4:5;5:22;6:5,16;7:6,
14;10:11;13:6;22:6;
23:24;24:11,14;
25:20,20;26:13,18,23,
24;27:8;39:3,15,17,
21,21
**night (1)**
8:21
**Niki (1)**
23:5
**Ninth (1)**

34:13
**nominees (4)**
9:23;31:6;43:6,14
**nonbankruptcy (2)**
28:17;34:14
**non-debtor (1)**
19:20
**non-Liberian (2)**
15:7,16
**nonmovable (1)**
8:21
**nonparty (1)**
13:19
**nonresident (1)**
36:21
**nor (3)**
12:12;40:6;42:21
**note (1)**
40:19
**notes (1)**
19:24
**notice (2)**
22:5;44:5
**notifying (1)**
37:10
**notwithstanding (1)**
28:17
**November (7)**
21:3;22:3,15,23;
23:17;24:17,22
**Number (22)**
8:3;9:16,25;11:7;
13:21;15:24;16:12;
17:1,10;18:19;22:8;
23:18;24:20,21;25:1,
17;27:16;32:9,10,23;
44:18;45:2
**Nursing (1)**
30:3
**NY (6)**
4:5;5:22;6:5,16;7:6,
14

## O

**object (1)**
11:15
**objection (11)**
11:12,18,21;12:19;
13:24,25;14:1,5,9;
27:19;35:2
**objections (2)**
14:18;19:12
**obligation (1)**
34:22
**obligations (2)**
20:2,11
**obstruct (2)**
12:13;32:22
**obtained (1)**
21:25
**occurrence (1)**
12:16

**October (2)**
17:11;19:8
**offering (1)**
20:23
**Office (1)**
5:20
**officers (9)**
9:15,21;10:6;20:17;
31:2;32:1;41:11;
43:13,18
**Official (3)**
6:3;8:9;11:5
**officials (1)**
41:8
**omnibus (1)**
14:17
**one (2)**
16:14;43:9
**only (6)**
12:17;16:14;17:24;
26:20;34:15;36:20
**operate (2)**
21:16;33:13
**operated (1)**
32:13
**opinion (4)**
19:9,13;22:7;42:16
**oppose (1)**
16:17
**opposed (1)**
17:25
**opposing (2)**
17:4;24:23
**opposition (8)**
11:10;13:18,18;
17:15,21;19:3,6;
36:14
**option (1)**
11:4
**order (108)**
9:13,25;10:4,7,8,
14;11:1,11,22,25;
12:2,6,8,9,13,22;13:5,
10;14:7,13;15:4;
16:11;17:5,12,14,16,
22,25;18:11,12;19:9,
13;21:4,6,8,12,13,20,
24;22:7;23:1,8;25:18,
19;26:14,20,23;27:13,
18,19;28:8,13;29:19,
22;30:2,12,16,18,23;
31:7,15,22,24;32:4,
10;33:1,5,7,11,14,15,
20;34:5,6,20;35:17,
22;36:16;38:10,15,
18;39:7,13,14,14,15,
21,24;40:8;41:3,9,10;
42:6,19,25;43:8,10,
12,20;44:1,2,4,7,8,11,
17;45:1,11,13
**ordered (3)**
32:17;43:9,21
**orders (2)**

15:8;28:20
**ordinary (1)**
37:19
**organized (1)**
28:19
**Ortiz (5)**
8:5,5;45:7,8,11
**OSEI-BONSU (1)**
4:21
**others (4)**
39:16;40:20;43:14,
18
**otherwise (7)**
20:13;21:15;26:9;
28:7,12,17;35:1
**out (3)**
28:19,20;44:7
**outside (1)**
32:13
**over (1)**
13:21
**oversee (1)**
22:17
**OWEN (1)**
6:7
**own (2)**
37:15;42:1
**owned (1)**
32:13
**owner (1)**
10:11
**owners (4)**
9:20;25:24;26:19;
31:1
**owner's (1)**
39:3
**ownership (3)**
35:22;40:2;41:14

**P**

**PA (2)**
4:18;27:10
**page (23)**
18:13;22:1;25:9,10;
26:2;27:3,11,12,12;
30:22;35:15;37:2,5,
22,23;38:3,11,16,25;
39:19;41:18;42:2,18
**pages (3)**
10:15;12:19;18:7
**Panagiotis (2)**
22:13,22
**Panos (1)**
23:6
**paragraph (52)**
10:3,20;11:4;13:1,
12,17,24;14:12,16;
15:1,5,12;17:19;
21:13,19,23;23:10;
24:5,13;26:15,21;
27:9,10;30:15,16,23;
31:6,15,23,24;32:5;

33:23;34:1;35:2,7;
36:4,7,17,23;37:11,
16;38:23,24;39:7;
40:3,10,17;41:6,23;
42:21;43:4,5
**paragraphs (10)**
10:24;11:2;13:8;
14:5;15:13;22:1;29:2;
33:8;35:25;41:15
**parents (2)**
9:20;31:1
**part (4)**
21:8;25:11,16,17
**participated (1)**
27:15
**parties (24)**
12:3,12;17:13,24;
18:6,15;27:14,16,20;
29:23;30:20,24;31:8,
16,25;33:1,2;38:6;
40:6,9,22;41:21;44:2,
4
**partner (4)**
8:19;28:1,3,5
**partners (2)**
28:11,15
**party (4)**
28:22;30:5,9;36:15
**Paxinos (1)**
23:6
**PCA (1)**
37:22
**PELES (1)**
4:22
**Pellis (1)**
9:3
**pending (2)**
17:2;18:22
**per (1)**
37:21
**perform (2)**
28:25;30:6
**PERKINS (2)**
7:2;9:8
**permission (1)**
8:22
**permit (1)**
35:19
**permitted (3)**
19:24;31:11;42:1
**person (1)**
9:14
**personnel (6)**
9:21;17:18;21:21;
33:16;34:23;43:7
**persons (1)**
40:15
**perspective (1)**
32:6
**petition (1)**
32:21
**petitioner's (2)**
19:9;21:4

**petitioning (3)**
19:10;21:10;30:19
**PG&E (2)**
34:9,11
**Philadelphia (1)**
4:18
**Pierre (18)**
9:19;10:16,19;11:3;
14:20,21,23;15:1,6,
14;18:4;36:19,23;
37:10,16;38:23;43:4,
5
**Piraeus (1)**
22:16
**plan (109)**
10:9;11:22;12:8,11,
17;14:10,15;15:17;
16:10;17:14;19:10,
12,15;20:8,16,20;
21:5,12,15,22;23:17,
19,21,23;24:5,12,16;
25:21,22,22,25;26:11,
14,24;27:1,1,5,6,13,
18,23,24,25;28:3,5,8,
8,9,9,13,13,14,15,20,
20,24;29:1,3,8,13,16,
21,24;30:6,8,10,12,
14,15,21,25;31:6,7,9,
13,21,22;32:4,9,17,
22,24;33:12,12,17,21;
34:15,20,23;35:17,23;
36:10;38:19;39:9,16,
23;40:2;41:3,8,9,22;
42:25;43:8,12,15,19,
19,21;44:8
**plan's (1)**
29:4
**PLC (1)**
32:7
**please (1)**
8:4
**pm (2)**
45:1,2
**point (2)**
34:4;40:11
**points (1)**
11:8
**policies (1)**
37:15
**post- (1)**
38:23
**post-evidentiary (1)**
18:16
**post-hearing (1)**
19:2
**post-trial (16)**
18:25;19:1,3;26:21;
33:7,25;35:4,7,24;
36:17;37:16;39:6;
40:10,17;41:6,23
**powers (1)**
33:19
**preclude (1)**

14:24
**predecessors (1)**
30:25
**preempt (4)**
12:2;14:4;33:25;
36:2
**preempted (1)**
34:14
**preemption (3)**
34:3,12,17
**prejudice (2)**
44:10,11
**prepare (2)**
45:11,15
**PRESENT (3)**
7:19;31:25;42:23
**presented (3)**
18:3,5;23:9
**president (1)**
42:12
**prevent (2)**
15:22;41:20
**preventing (1)**
16:10
**previous (4)**
22:14,20;23:3;
42:10
**previously (3)**
21:2;36:22;39:20
**principals (3)**
9:22;31:2;32:1
**principles (1)**
40:16
**prior (7)**
15:4;16:6;18:1;
20:10;23:12;31:10;
37:25
**procedural (1)**
38:6
**Procedure (1)**
24:19
**procedures (1)**
20:24
**proceeding (6)**
12:6;15:22,23;
16:23;17:2,4
**proceedings (5)**
10:2;16:5,19;35:6;
45:20
**proceeds (1)**
13:9
**process (1)**
38:6
**Professional (1)**
16:21
**professionals (2)**
9:22;31:4
**prohibits (1)**
36:15
**property (6)**
19:17,18;21:17;
27:25;28:9,24
**proponents (2)**

29:22;32:24
**proposed (5)**
17:12,16,22,25;
18:21
**prosecute (1)**
21:17
**provided (8)**
21:15;27:22;28:6,8,
12,15;30:10;36:13
**provides (5)**
27:22;28:6,12,16;
30:18
**providing (2)**
14:24;30:13
**provision (1)**
14:14
**provisional (12)**
11:14;12:18;13:23;
17:9;22:17,19;23:3,4;
25:7;26:8;42:8,11
**provisions (5)**
19:15;25:25;27:23;
29:4,22
**Psomadakis-Karastamatis (1)**
23:6
**public (1)**
37:7
**purporting (1)**
16:8
**purpose (2)**
28:19;30:7
**purposes (1)**
36:12
**Pursuant (15)**
23:19;24:1;26:14;
27:6;29:23;32:25;
36:16;38:10,15;39:4,
15;42:1,5;43:15,16

**Q**

**quick (1)**
45:7
**QUINN (3)**
7:11;9:6;44:20
**quote (3)**
26:4,21;31:14
**quoted (1)**
39:20

**R**

**raised (1)**
24:25
**raises (1)**
24:23
**Rather (3)**
38:17;40:7;41:9
**Ray (1)**
29:17
**re (3)**
29:8,13,17,20;30:3,
10;32:7,11;34:23;

35:4,8;40:13,18,21,25

**reason (1)**
34:8

**reasonable (1)**
31:12

**reasonably (1)**
43:21

**reasons (1)**
36:8

**rebuttal (5)**
14:19,21;15:1;
27:10;43:5

**recalcitrant (1)**
30:5

**received (1)**
44:16

**recognition (14)**
10:2;12:5;13:11;
15:4,17,22,23;16:18;
17:2,4;23:8;35:20,24;
42:5

**recognized (9)**
10:21;12:22;13:5,
15;14:8;42:15,17,20,
21

**recognizes (4)**
25:19;26:23;39:15,
21

**record (8)**
8:3;9:14;10:22;
31:18;36:21;37:12,
14;41:19

**REED (53)**
4:2,13;5:2,10;9:3,
16;10:6;11:10,12,18,
21;12:3,10,12,14;
15:19,25;16:8,20;
17:6,15,21;18:4,18;
19:2,3;22:3;23:22;
24:22;25:2,5,11;
27:18;33:4,7,18,22,
24,25;34:2,8,17,25;
35:4,19;36:1;37:18;
40:4,11,17;42:23;
44:19,21

**refer (6)**
9:23;10:10,23;11:6;
14:20;22:16

**references (1)**
36:10

**reflect (2)**
10:11;30:13

**reflecting (1)**
24:7

**refrain (1)**
25:2

**refused (1)**
39:25

**refuses (1)**
30:1

**regarding (2)**
37:13;44:16

**regardless (3)**

11:23;33:21;39:5

**Registry (1)**
10:10

**regulate (1)**
40:15

**regulating (1)**
40:12

**regulation (2)**
28:18;40:16

**reiterates (2)**
11:8;41:19

**rejecting (1)**
36:6

**related (8)**
15:8;20:3;30:20,24;
31:7,16;40:6;41:21

**relates (1)**
34:15

**relating (2)**
21:1;28:18

**released (2)**
20:4;24:3

**releases (1)**
31:19

**relevant (3)**
21:8;25:17;44:2

**reliance (2)**
34:19;41:9

**relied (1)**
25:11

**relief (7)**
17:13;18:10,22;
22:25;25:25;44:9,17

**relitigate (2)**
35:9,14

**rely (1)**
13:10

**remain (1)**
8:23

**reopen (1)**
35:9

**reopening (1)**
35:14

**reorganization (3)**
19:11;33:12;34:15

**Reorganize (4)**
16:1;20:12;26:15;
36:18

**reorganized (78)**
9:13;10:1,4,5,11,12,
16,21;11:9,11;12:7,
15,23;13:3,9;14:7,17;
15:20;16:7,13,14,17,
18,24;17:3,12,20,23;
18:3,9,20,23,24;19:1,
21;20:6,7,17,22;
21:15;23:10,19;24:4,
7,11,12,17;26:16,17,
21;27:8,9;29:10;
31:10,12;32:6;36:1,6,
9,17;37:16,25;38:23;
39:1,3,6;40:5,7,10;
41:4,5,23;42:20;43:1,

5,12,17,22

**replies (1)**
45:1

**reply (3)**
14:18,18,19

**represent (4)**
12:17;16:5,9;17:17

**representation (2)**
12:15;23:22

**representative (4)**
11:16;16:3;36:24;
39:2

**representatives (1)**
31:4

**representing (2)**
16:21;25:6

**represents (2)**
13:22;16:23

**request (1)**
29:22

**requested (1)**
43:22

**requests (1)**
12:11

**require (2)**
15:3;41:10

**required (3)**
28:23;36:20;40:23

**requires (4)**
12:5;14:14;40:2,6

**requiring (1)**
29:23

**requisite (2)**
41:11;43:2

**resigned (4)**
20:13;22:20,23;
26:9

**resolved (1)**
25:3

**respect (1)**
25:23

**respective (4)**
19:20;30:20;31:5,
25

**responded (2)**
17:6;25:6

**respondent (2)**
11:13;17:8

**responding (1)**
15:23

**response (2)**
16:7;17:21

**responses (1)**
44:25

**Restructuring (2)**
15:15;37:8

**retained (1)**
19:17

**retaining (1)**
24:25

**revised (4)**
17:12,16,22,25

**RICHARD (1)**

4:10

**rights (5)**
13:6;16:2;20:23;
28:14;30:9

**rise (1)**
20:1

**Riverside (1)**
30:3

**roadblocks (1)**
41:20

**ROBERT (2)**
6:20;8:19

**rooted (1)**
37:15

**RUDEWICZ (4)**
5:24;8:13,14;45:15

**Rule (2)**
24:18;28:18

**Rules (2)**
16:21;24:19

**ruling (9)**
25:2;26:6,13;35:17;
39:25;43:11;44:1,12;
45:12

# S

**SABINO (1)**
6:19

**same (4)**
11:8;18:20;24:23;
26:17

**sanctioned (4)**
10:14;17:19;29:18;
32:8

**sanctions (13)**
9:14;11:11;12:6;
14:1,18;17:8,24,25;
18:25;32:10;33:5,14;
44:13

**Savings (2)**
7:3;9:9

**scheduled (1)**
8:20

**SD (1)**
29:21

**SDNY (5)**
29:9,14;30:4,11;
32:11

**Second (3)**
29:6;38:5;44:15

**Section (36)**
14:2,13;19:16,23;
20:5,9,16;23:24;
25:16;26:11,24;
27:21,23;28:7,16;
29:2,3,7,11,14;30:7,
13;31:9;33:5,10;34:2,
14,18,19,21,25;39:22;
43:14,15,16,18

**Sections (13)**
11:23;23:21;24:1,5,
12,16;25:11;26:25;

27:5;32:25;33:19;
39:16,23

**securities (3)**
20:20,25;27:24

**security (5)**
28:1,3,4,11,15

**seek (1)**
39:13

**seeking (5)**
17:23,25;18:11;
32:25;34:4

**seeks (1)**
10:4

**Segal (3)**
8:6,6,6;45:8

**sent (2)**
44:20,21

**servants (1)**
31:5

**serve (2)**
34:25;42:11

**served (2)**
13:20;44:2

**set (1)**
44:5

**settle (1)**
21:17

**settlement (1)**
29:19

**seven (2)**
43:25;45:12

**Seventh (1)**
6:15

**shall (16)**
19:21;20:2,3,11,13,
18;21:11;24:2;28:20,
20;31:16;32:2;44:2,
11,25;45:1

**shareholder (2)**
32:20;39:5

**Shareholders (22)**
6:14;9:15;10:5;
13:25;14:2,10,13;
20:24;22:24;23:12,
13,15;36:25;37:19,21,
24,25;38:1;39:6;43:6,
13,17

**shareholders' (3)**
13:6;14:1,8

**shares (5)**
15:8,12;23:24;
25:12;32:17

**Ship (1)**
10:9

**Shipping (2)**
22:23,24

**ships (1)**
32:13

**Shore (1)**
29:4

**short (1)**
44:5

**shortly (1)**

45:16
**side (1)**
19:25
**sidestep (1)**
35:1
**SIDLEY (2)**
6:13;8:17
**silent (1)**
37:13
**SMITH (44)**
4:2,13;5:2,10;9:3,
16;10:6;11:10,12,18,
21;12:3,10,12,14;
15:19,25;16:8,20;
17:6,15;18:4,18;19:2;
22:3;24:22;25:2,5,11;
33:4,7,18,22,24;34:2,
8,25;35:4,19;36:1;
40:11;42:23;44:20,21
**Smith's (9)**
17:21;19:3;23:22;
27:18;33:25;34:17;
37:18;40:4,17
**Snap (1)**
29:5
**Society (2)**
7:3;9:9
**SOLOMON (6)**
4:9;9:2,2;11:19;
12:21,25
**SOLOW (1)**
4:10
**sorry (3)**
17:11;31:18;38:11
**sought (9)**
17:13;18:10;21:24;
22:25;23:9;35:9;
42:21;43:10;44:9
**South (1)**
5:12
**Southern (1)**
22:6
**SPEAKER (1)**
45:6
**SPEARS (4)**
7:22;15:22;16:4;
24:15
**specifically (2)**
15:15;34:13
**Square (1)**
4:16
**state (4)**
13:9;29:5;34:3,12
**stated (9)**
25:17;26:22;30:17;
31:15;37:18;38:13;
39:20;41:7;42:14
**statement (6)**
11:6,7;30:17,22;
40:3;41:14
**statements (1)**
42:4
**STATES (24)**

5:19,20;8:14;9:19;
10:16;13:3,13;15:6,
11,15;19:16,23;20:5,
9,16;21:8;29:3;31:9,
16,24;32:14;38:8,18;
42:9
**stating (4)**
16:4;17:7,16;24:23
**statutes (1)**
40:14
**statutory (1)**
34:22
**stay (4)**
21:24;39:14;43:9;
44:17
**STEPHEN (1)**
6:10
**steps (1)**
43:21
**still (2)**
8:23;25:13
**stipulated (1)**
44:17
**stipulation (1)**
24:18
**stock (2)**
19:24;35:20
**Street (3)**
4:15;5:4;29:5
**subject (2)**
27:17;41:12
**submit (4)**
18:15;39:3;44:11;
45:16
**submitted (1)**
19:6
**subsection (2)**
28:12;30:4
**subsections (2)**
27:22;28:6
**Subsequently (1)**
32:24
**subsidiaries (3)**
9:20;19:20;31:1
**Substances (1)**
34:9
**substantive (1)**
30:9
**subvert (2)**
9:24;15:21
**successors (1)**
30:25
**Suite (1)**
4:17
**SULLIVAN (1)**
7:11
**summary (1)**
42:23
**support (13)**
11:6,7;14:19;19:6;
30:18,22;34:7;35:5;
36:13;40:3,11,13;
41:15

**supported (2)**
9:18;11:18
**sustaining (1)**
19:12

**T**

**task (1)**
37:13
**temporary (1)**
22:25
**term (1)**
30:24
**terminated (4)**
12:15;20:4;23:21,
23
**terminates (1)**
28:14
**terms (12)**
11:23;20:7;29:13,
16,18;30:1,8,14;
33:11,16;38:19;43:7
**testimony (10)**
37:2,5,17,22;38:3,
11,25;41:18;42:2,18
**therefore (5)**
14:4;17:18;25:13;
39:1;43:7
**thereto (1)**
20:3
**thereunder (1)**
20:3
**Third (1)**
41:16
**Three (1)**
4:16
**thus (6)**
15:16;24:9;26:12;
27:6;37:24;43:9
**Timothy (1)**
24:15
**TINA (2)**
7:8;9:8
**today (2)**
9:12;45:17
**Togut (2)**
8:6;45:8
**Toxic (1)**
34:9
**transaction (1)**
20:21
**transcript (11)**
18:7;22:1;25:9;
26:2;27:3,11;37:17;
38:3,16;39:19;42:2
**transfer (5)**
28:24;29:20;32:17;
40:1;41:14
**Transport (2)**
32:7,12
**treasurer (1)**
42:12
**trial (20)**

18:17;22:14,18;
23:2,7,10,11,16,25;
24:7,16;26:2;27:2;
36:13,22;38:24,24;
39:18;41:18;42:13
**true (1)**
40:25
**Trust (4)**
8:18;23:14,15;29:5
**Trustee (3)**
5:20;8:14;9:9
**Turning (1)**
27:21
**two (2)**
9:12;45:4

**U**

**under (16)**
14:12;15:10;24:18;
25:20,22,22;26:24,25;
27:1,24,25;28:3;
33:19;34:13;39:22,23
**undergone (1)**
35:22
**undertake (1)**
41:13
**undertaking (1)**
10:2
**Unfortunately (1)**
8:21
**UNIDENTIFIED (1)**
45:6
**unilaterally (1)**
36:15
**UNITED (4)**
5:19,20;8:14;32:13
**Unity (2)**
8:18;23:14
**unperformed (2)**
29:16;30:8
**Unsecured (6)**
6:3;8:9;11:5;29:11;
32:16;41:7
**unwilling (1)**
29:23
**update (2)**
10:25;12:4
**updating (5)**
10:9;36:15,16;
38:19;43:24
**upon (4)**
12:16,21;24:9;44:2
**URQUHART (1)**
7:11
**USC (1)**
32:25
**use (1)**
21:16
**usually (1)**
37:9

**V**

**Vassilis (5)**
11:20;22:10,12,21;
23:4
**VELEVIS (3)**
6:20;8:19,23
**vest (1)**
19:21
**vested (1)**
23:24
**violate (2)**
11:22;12:14
**violated (2)**
12:8;40:24
**violating (1)**
38:2
**violation (3)**
13:14;16:21;43:3
**Vitamin (4)**
40:13,18,22,25
**Voyager (2)**
29:8;34:23

**W**

**Wacker (1)**
5:12
**WADE (1)**
6:9
**way (1)**
20:3
**Whereupon (1)**
45:20
**whose (1)**
32:20
**WILLIAM (2)**
6:18;8:16
**Wilmington (1)**
5:5;7:3;9:9
**wishing (1)**
9:11
**withdrawn (1)**
44:10
**withdrew (1)**
18:6
**within (4)**
29:1;31:14;39:3;
43:25
**without (9)**
10:2;13:4,11;15:17;
16:5;35:20;38:2;
44:10,11
**witness (3)**
13:2;36:18;37:18
**witnesses (1)**
18:6
**WL (1)**
29:14
**words (2)**
26:3;27:4
**Worldcom (1)**

29:13
**written (2)**
16:6;31:10

## Y

**York (7)**
4:5;5:22;6:5,16;7:6,
14;22:6

## Z

**ZIDE (1)**
6:10
**Zilakos (3)**
22:11;23:5,5

## 0

**03-10471 (1)**
32:9

## 1

**1 (7)**
5:21;10:4;11:21;
25:10,18;36:17;37:23
**1.124 (3)**
31:6;43:14,19
**10 (8)**
5:12;10:24;18:13;
25:1;36:23;39:7,19;
43:4
**10.6 (1)**
23:21
**10:00 (1)**
45:20
**10016 (1)**
7:14
**10019 (1)**
6:16
**10022 (1)**
4:5
**10036 (2)**
6:5;7:6
**101 (3)**
23:25;24:8,16
**104 (3)**
23:7,11;42:13
**105a (1)**
32:25
**10707 (1)**
5:22
**1095 (1)**
6:4
**11 (34)**
10:9;11:22;12:11,
17;14:10,15;16:10;
19:10,15;21:5;22:1,9;
23:17,23;24:5;27:5,
13,18;30:12,14,15,25;
31:7;32:14,17,25;
33:12,16;35:17,23;

42:25;43:12,20;44:8
**111 (1)**
29:9
**1132 (1)**
12:17
**1141 (5)**
11:23;27:21;29:3;
33:19;43:15
**1142 (19)**
11:23;14:2;28:16;
29:2,7,23;30:4,13;
33:5,11,19,25;34:2,
18,19,21,25;43:15,16
**1142a (1)**
34:14
**1142b (5)**
29:12,15;30:7,8;
32:25
**1149c (1)**
28:6
**1155 (1)**
7:4
**116 (2)**
23:10;42:21
**11th (1)**
45:1
**12 (12)**
10:24;11:2,4;13:8;
14:5;21:23;27:11;
31:24;32:5;37:16;
38:23,24
**1201 (1)**
5:4
**1212 (1)**
19:14
**1223 (2)**
9:25;21:7
**1233 (1)**
22:8
**1258 (1)**
23:18
**1268 (2)**
9:17;44:14
**1269 (1)**
11:17
**127 (1)**
38:11
**1285 (1)**
13:21
**1287 (1)**
11:12
**1291 (1)**
14:2
**1299 (1)**
14:19
**12th (1)**
22:15
**13 (9)**
11:2;13:12;14:5;
18:7;22:2;26:3;37:6,
11;42:3
**130 (1)**
37:2

**1301 (1)**
11:8
**131 (2)**
37:6;42:2
**1313 (1)**
15:24
**1314 (1)**
16:12
**1316 (1)**
17:1
**1317 (1)**
17:10
**1330 (1)**
17:13
**1338 (1)**
17:19
**1339 (1)**
17:22
**134 (3)**
29:9;30:3;34:24
**1355 (1)**
18:23
**1356 (1)**
18:19
**136 (1)**
40:19
**1367 (2)**
44:18;45:2
**137 (1)**
30:3
**1371 (1)**
19:1
**1372 (1)**
19:4
**138 (1)**
30:3
**13th (1)**
18:18
**14 (4)**
13:8;18:7;40:10;
41:6
**141 (1)**
37:22
**143 (2)**
40:19;41:1
**148 (1)**
33:23
**15 (5)**
10:15;13:17;18:8;
27:3,10
**150 (2)**
37:23;38:3
**153 (2)**
30:11;38:25
**154 (1)**
38:25
**155 (1)**
27:11
**156 (1)**
27:11
**159 (1)**
30:11
**16 (5)**

12:19;14:9;25:9;
37:17;41:23
**165 (1)**
42:18
**169 (2)**
26:15;41:18
**17 (3)**
18:8;25:10;27:3
**1717 (1)**
4:15
**178 (1)**
38:16
**17th (5)**
15:20,24;16:7;
18:24;19:2
**18 (3)**
14:9;35:25;38:16
**181 (1)**
29:20
**18th (4)**
16:25;17:1,6;45:2
**19 (3)**
35:25;37:23;42:18
**19103 (1)**
4:18
**19801 (1)**
5:5
**1991 (1)**
29:6
**1992 (1)**
30:4
**1995 (1)**
29:21
**19th (1)**
23:17

## 2

**2 (5)**
10:7;11:25;24:5;
27:11;38:12
**2.5A (1)**
23:23
**20 (2)**
14:12;38:25
**2003 (2)**
32:14;34:10
**2006 (1)**
32:11
**2009 (2)**
29:14,14
**2018 (1)**
30:11
**2021 (1)**
40:19
**2023 (1)**
29:9
**2024 (12)**
15:20;17:11,15;
19:8;21:3;22:3,15,23;
23:17;24:17,22;25:15
**2025 (6)**
17:20;18:2,18,24;

42:6;44:20
**21 (5)**
18:13;24:13;27:9;
36:23;41:18
**22 (3)**
25:9;37:2;38:4
**22nd (3)**
7:5;44:20,21
**23 (3)**
26:3;38:4;39:19
**23-10322 (1)**
8:3
**23rd (2)**
25:15;44:22
**24 (1)**
42:18
**24-cv-08672 (1)**
24:20
**25 (9)**
14:16;22:1;23:25;
24:7;25:9;27:12;37:2;
38:16;41:18
**25th (3)**
19:8;24:17;44:24
**26 (2)**
23:25;24:7
**26th (1)**
24:22
**27 (1)**
36:4
**27th (1)**
17:11
**28 (1)**
10:15
**295 (1)**
7:13
**2959457 (1)**
29:14
**2d (1)**
40:19
**2nd (1)**
17:20

## 3

**3 (5)**
10:12;12:2;15:2;
25:10;26:21
**3.1 (2)**
24:1,5
**3.2 (1)**
24:1
**30 (1)**
12:20
**303 (2)**
32:23;33:3
**31 (6)**
22:14;23:2,16;26:2;
27:3;39:19
**3100 (1)**
4:17
**319 (1)**
32:10

**31st (1)**
  17:15
**33 (1)**
  34:1
**34 (2)**
  24:5;33:8
**35 (1)**
  33:8
**350 (1)**
  34:9
**358 (4)**
  32:11,14,18,23
**37 (1)**
  10:3
**39 (2)**
  36:7;40:18
**3rd (1)**
  42:6

19:23;24:12;25:11;
  27:5
**5.8 (3)**
  20:5;23:25;24:12
**51 (1)**
  35:2
**515 (1)**
  27:16
**53 (1)**
  21:13
**54 (1)**
  14:13
**591 (1)**
  30:11
**599 (1)**
  4:4
**5th (1)**
  7:13

**81 (1)**
  22:18
**82 (2)**
  32:14,23
**83 (4)**
  32:11,15,18,23
**84 (1)**
  32:19
**86 (1)**
  27:12
**869 (1)**
  29:5
**87 (1)**
  27:12
**873 (1)**
  29:5
**8th (1)**
  22:23

## 4

**4 (8)**
  12:6;15:5;30:22;
  38:25;41:15;43:5;
  45:1,2
**40 (4)**
  13:1;26:2;27:2;
  39:18
**40th (1)**
  5:13
**46 (1)**
  35:7
**468 (1)**
  35:10
**4th (1)**
  21:3

## 5

**5 (6)**
  12:9;15:12,13;18:8;
  30:16;37:17
**5.1 (3)**
  30:23;31:15,23
**5.10 (5)**
  25:22;27:1,5;39:16,
  23
**5.10A (1)**
  24:16
**5.10c (3)**
  20:9;23:21;26:11
**5.11 (5)**
  20:16;25:22;27:1;
  39:16,23
**5.2 (6)**
  25:16,21;26:24;
  27:5;39:16,22
**5.2B (4)**
  25:11;30:15;31:9,
  14
**5.2c (1)**
  19:16
**5.4 (4)**

## 6

**6 (4)**
  12:12;15:13;18:13;
  27:12
**60606 (1)**
  5:14
**639 (1)**
  35:11
**640 (1)**
  35:15
**649 (2)**
  29:8;34:24
**657 (1)**
  29:20
**661 (1)**
  29:21
**666 (1)**
  29:25
**6th (2)**
  18:2;27:11

## 7

**7 (8)**
  10:20;12:14;17:19;
  18:7;21:19;37:6;
  38:12;42:2
**73 (1)**
  37:17
**787 (1)**
  6:15
**7th (1)**
  22:3

## 8

**8 (6)**
  13:24;40:3,18,19;
  41:1,15
**80 (1)**
  32:11
**8023 (1)**
  24:18

## 9

**9 (2)**
  18:13;24:21
**9:30 (3)**
  8:21,22;44:25
**930 (1)**
  27:16
**934 (1)**
  34:12
**937 (1)**
  34:16
**942 (1)**
  34:10
**948 (1)**
  29:5
**9th (1)**
  34:10