

**Driving progress**
**through partnership**
**Louis M. Solomon**
Direct Phone: +1 212 549 0400
Email: lsolomon@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

February 5, 2025

**Via ECF**

Honorable John P. Mastando
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

**Re: *In re Eletson Holdings, Inc., et al.*, Bankr. S.D.N.Y. 1:23-bk-10322 (JPM)**

Dear Judge Mastando:

We write on behalf of Provisional Holdings and Reed Smith solely to update our letter of yesterday (ECF 1407 (the "Letter")) concerning a relevant ruling made by the Greek court.

As disclosed in the Letter, Greek counsel recently learned that on February 3, 2025, "Reorganized Holdings" submitted an action in Athens to recognize the Confirmation Order and asked that court "until a judgment is issued to such application, to immediately issue a provisional order appointing Adam Spears as the manager of 'Reorganized Holdings'" (*Id.*, Ex. B at ¶14). A declaration by Greek counsel further explaining this proceeding is attached hereto as **Exhibit A**.

As the accompanying affidavit explains, the presentation by Reorganized Holdings, both written and oral, included discussions of Your Honor's Confirmation Order, the Order (ECF 1402), and the January 24 and 29 hearings before the Court. This morning, the Greek court (comprised of a three-judge panel including the president of the court (Ex. A at ¶10)) denied Reorganized Holdings' request to appoint Adam Spears as manager. As such, it is evident that Greece has an interest in and would like to review the Confirmation Order before giving it effect, and further demonstrates the need for a comity analysis to be fully considered. The application for recognition of the Confirmation Order (and the joinder/opposition) are set to be heard by the Athens Court on ***March 19, 2025***.

Respectfully submitted,

Louis M. Solomon

cc. Counsel of Record

ABU DHABI ♦ ASTANA ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG
HOUSTON ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ ORANGE COUNTY ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH
PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Eletson Holdings Inc., *et al.*, [1] | Case No. 23-10322 (JPM) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF JOHN MARKIANOS-DANIOLOS REGARDING THE MOTION
FOR STAY OF ENFORCEMENT OF JANUARY 29, 2025
ORDER PENDING APPEAL**

Ioannis (John) Markianos-Daniolos, pursuant to 28 U.S.C. § 1746, declares under penalty

of perjury:

1.       I am a partner of the Daniolos Law Firm, which maintains its office at 13 Defteras

Merarchias Street, Piraeus 185 35, Greece.  I am an attorney duly licensed under the laws of the

Republic of Greece.  I received a Bachelor of Law degree from the University of Athens in 1988

and a Master of Law degree from the University College of London in 1989.  I have been

practicing law in Greece for over 30 years.  I am a member of the Athens Bar Association, a

member and president of the Greek Maritime Law Association, and a founding member of the

Hellenistic Society of Maritime Lawyers.  I have been ranked in Chambers Europe Guide for

many years, and I am currently ranked in Band 2 for Shipping. I have also served two

consecutive terms as member of the Executive Council of the CMI (Committee Maritime

International) from 2018 to 2024.

2.       I am submitting this declaration solely to provide the Court with information

about legal proceedings in Greece and for no other purpose.

---

[1] The Debtors in these chapter 11 cases are: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos
Finance LLC.

3.      I have not represented any of the Debtors in these cases, including Eletson

Holdings Inc. ("Eletson Holdings") until I appeared on behalf of Provisional Eletson Holdings in

front of the Court of First Instance of Athens ("Athens Court") on February 4, 2025, as described

below.

4.      On February 3, 2025, the entity that is referred to in this Court as "Reorganized

Holdings" submitted an application to the Court of First Instance of Athens ("Athens Court")

asking the Athens Court to recognize the Confirmation Order (from this Court), and, until a

judgment is issued to such application, to immediately issue a provisional order appointing

Adam Spears as the manager of "Reorganized Holdings" (a copy of the application including the

order from the Athens Court described in paragraph 11 below is attached hereto as Exhibit A,

this copy includes added highlighting of the language of the order on the first page).

5.      This application was submitted by "Reorganized Holdings" itself even though

under Greek law it was supposed to be submitted by the liquidator/representative of

"Reorganized Holdings". "Reorganized Holdings" attempted to justify doing so by arguing to

the Athens Court that there is no "liquidator" (representative) appointed by the United States

Bankruptcy Court for the Southern District of New York in proceedings under chapter 11, and

that the debtor itself may act in the capacity of "liquidator" (representative) as "*debtor in

possession*". "Reorganized Holdings" also attempted to justify filing this application in the

Athens Court, rather than in Piraeus Court, by arguing that Eletson Holdings Inc has its center of

main interests in New York (at One Pennsylvania Plaza Suite 3335, New York NY 10119) and

not Piraeus Greece, both now and prior to its reorganization.

6.      As part of this application, Reorganized Holdings stated (which I translate here

for the Court's convenience):

"This behavior of my so-called management which alleges that represents me [the company] and refers to me [the company] as "provisional Eletson Holdings Inc", such a legal body exists only in the imagination of my ex-shareholders and ex-managers, obliged me [i.e. the company], through the actions of my lawful management, to apply to the bankruptcy court of the Southern District of New York and to request protection. This application was heard on January 24, 2025 and  was accepted on the same day. By its order dated 01.29.2025, which is immediately enforceable, the above bankruptcy court ordered my ex-shareholders and the above ex members of my BoD to perform, within 7 days from service to them of the order, whatever is necessary for the implementation of the reorganization plan, reserving the right to impose on them sanctions, following a new application on my behalf, in case of no compliance"

Exhibit A, pg. 25. I confirm that this is a true and correct translation of the relevant excerpt.

7.      On February 4, 2025, *"Provisional Eletson Holdings"*, together with the two minority shareholders Elafonissos Shipping Corporation and Keros Shipping Corporation, filed in Athens a joinder of proceedings opposing this  recognition application, including the request to provisionally appoint Adam Spears.

8.      The  application for recognition of the Confirmation Order (and the joinder/opposition by Provisional Holdings) are set to be heard by the Athens Court on March 19, 2025.  The Athens Court scheduled a hearing to consider the request by Reorganized Holdings for a provisional order appointing Adam Spears as manager of the company for February 4, 2025.

9.      On February 4, 2025, Reorganized Holdings submitted to the Athens Court a document titled "Pleadings  of Reorganized Holdings in Support of Their Recognition Application" for consideration in the hearing to be held that day (a copy of that document is attached hereto as Exhibit B).  Among other things, that document shows that Reorganized Holdings presented to the Athens Court, the January 29, 2025, order from this Court ordering compliance with the Plan ("Order in Support of Confirmation and Consummation of the Court-Approved Plan of Confirmation") (Exhibit B, pg. 2, paragraph 3).

10.     On February 4, 2025, the Athens Court held a hearing to consider the request by
Reorganized Holdings for a provisional order appointing Adam Spears as manager of the
company. The hearing was held in front of a three-judge panel including the president of the
Court. "Provisional Eletson Holdings" and the two minority shareholders argued at the hearing,
among other things, that (a) the allegation that Eletson Holdings had and has its center of main
interest in New York is wrong; (b) any provisional order appointing Adam Spears would be
unfounded and would also conflict with the Piraeus Court Order (dated November 12, 2024 and
which appointed eight Greek residents as provisional members of the Board of Directors) ; and
(c) the Confirmation Order and Plan have not yet been recognized so they are not effective in
Greece. As noted above, while I (and the Daniolos Law Firm) have not previously represented
Eletson Holdings (including Provisional Eletson Holdings), I did appear on behalf of
"Provisional Eletson Holdings" in the Athens Court in the proceeding before the Athens Court,
including the hearing.

11.     On February 5, 2025, the Athens Court issued a decision dismissing and denying
the request for a provisional order appointing Adam Spears as manager of the Company. This
decision was handwritten on the front page of the application by the President of the Court and
states "Dismisses provisional order, Athens 4-2-25" (Exhibit A, pg. 1, the highlighted language).
I have translated these words for the Court's convenience and confirm that this is a true and
correct translation of the words of the order.

12.     I declare under penalty of perjury under the laws of the United States of America
that the foregoing is true and correct.

Dated: Piraeus, Greece
        February 5, 2025

                                        Ioannis Markianos-Daniolos

- 4 -

# EXHIBIT A

Ενώπιον του Πολυμελούς Πρωτοδικείου Αθηνών

[Διαδικασία Εκουσίας Δικαιοδοσίας]

## ΑΙΤΗΣΗ

Της αναδιοργανωμένης αλλοδαπής εταιρίας, υπό την επωνυμία: «**ELETSON**
**HOLDINGS INC.**», η οποία, κατά το καταστατικό της, εδρεύει στην Λιβερία, πλην
όμως, η πραγματική έδρα της και, πέραν τούτης, το Κέντρο των Κυρίων
Συμφερόντων της ευρίσκεται στην πολιτεία της Νέας Υόρκης (One Pennsylvania
Plaza Suite 3335, New York, NY 10119, United States, Η.Π.Α.), νομίμως
εκπροσωπούμενη, από τον κ. *Άνταμ Σπίαρς* (Adam Spears), δυνάμει της από
20.12.2024 διάταξης (order) του Πτωχευτικού Δικαστηρίου Νότιας Περιφέρειας
της Πολιτείας της Νέας Υόρκης.

### ΓΙΑ ΤΗΝ ΑΝΑΓΝΩΡΙΣΗ ΣΤΗΝ ΕΛΛΑΔΑ
### ΩΣ ΚΥΡΙΑΣ ΔΙΑΔΙΚΑΣΙΑΣ ΑΦΕΡΕΓΓΥΟΤΗΤΑΣ

1. Της υπ' αριθμ. Doc. 1212/25.10.2024 Διάταξης του Πτωχευτικού Δικαστηρίου
   της Νότιας Περιφέρειας της Νέας Υόρκης στην υπόθεση, Case No. 23-10322
   (JPM), υπό τον τίτλο: «MEMORANDUM OPINION AND ORDER
   CONFIRMING PETITIONING CREDITORS' AMENDED JOINT CHAPTER
   11 PLAN OF REORGANIZATION OF ELETSON HOLDINGS INC. AND ITS
   AFILLIATED DEBTORS, SUSTAINING OBJECTIONS TO COMPETING
   PLANS, AND DENYING MOTION IN LIMINE»,

2. Της από 4ης Νοεμβρίου 2024 Διάταξης του Πτωχευτικού Δικαστηρίου των
   Η.Π.Α. – Νότιας Περιφέρειας της Νέας Υόρκης (Case No: 23-10322 (JPM)), υπό
   τον τίτλο: «FINDINGS OF FACTS, CONCLUSION OF LAWS, AND ORDER
   CONFIRMING PETIONING CREDITORS' AMENDED JOINT CHAPTER 11
   PLAN OF ELETSON HOLDINGS INC. AND ITS AFFILIATED DEBTORS».

### Α. Εισαγωγικά – Αντικείμενο της διαδικασίας

1. Η εταιρία μας, «ELETSON HOLDINGS INC.», τόσον πριν από την
   αναδιοργάνωσή της, όσον και μετά από αυτήν, εδρεύει κατά το καταστατικό

της στην Λιβερία. Πλην όμως, η πραγματική έδρα της και το Κέντρο των Κυρίων Συμφερόντων της ευρίσκονται στην Νέα Υόρκη των Η.Π.Α. Στην Ελλάδα και συγκεκριμένα στον Πειραιά (οδός Κολοκοτρώνη, αριθμ. 117) η εταιρία μας δεν διαθέτει έδρα, δεν συνεδριάζει εκεί το διοικητικό συμβούλιό της, δεν λαμβάνονται εκεί οι αποφάσεις, σχετικά με την επιδίωξη του σκοπού της, δεν διαθέτει προσωπικό, υποδομή, περιουσία, δεν τηρεί τραπεζικούς λογαριασμούς. Ουδείς δε πιστωτής της ευρίσκεται στην Ελλάδα.

2. Την ανάγκη αναγνώρισης στην Ελλάδα ως κύριας διαδικασίας αφερεγγυότητας: **(α.)** Της υπ' αριθμ. Doc. 1212/25.10.2024 Διάταξης του Πτωχευτικού Δικαστηρίου της Νότιας Περιφέρειας της Νέας Υόρκης στην υπόθεση, Case No. 23-10322 (JPM), υπό τον τίτλο: «MEMORANDUM OPINION AND ORDER CONFIRMING PETITIONING CREDITORS' AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF ELETSON HOLDINGS INC. AND ITS AFILLIATED DEBTORS, SUSTAINING OBJECTIONS TO COMPETING PLANS, AND DENYING MOTION IN LIMINE» και **(β.)** της από 4ης Νοεμβρίου 2024 Διάταξης του Πτωχευτικού Δικαστηρίου των Η.Π.Α. – Νότιας Περιφέρειας της Νέας Υόρκης (Case No: 23-10322 (JPM)), υπό τον τίτλο: «**FINDINGS OF FACTS, CONCLUSION OF LAWS, AND ORDER CONFIRMING PETIONING CREDITORS' AMENDED JOINT CHAPTER 11 PLAN OF ELETSON HOLDINGS INC. AND ITS AFFILIATED DEBTORS**» εφ' εξής «Διάταξη», δημιούργησε η εκ μέρους πρώην, σήμερα, μετόχων της εταιρίας μας, «**ELETSON HOLDINGS INC.**», υποβολή ενώπιον του Μονομελούς Πρωτοδικείου Πειραιώς της από 11.11.2024 και με αριθμ. κατάθεσης 16655/7823/ 2024 αίτησης περί διορισμού προσωρινής διοικήσεώς της εταιρίας μας, «**ELETSON HOLDINGS INC.**», η οποία συζητείται την 04.02.2025, χορηγηθείσας, συναφώς, προσωρινής διαταγής με την οποία διορίσθηκε προσωρινή διοίκηση αυτής, μέχρι τη συζήτηση της αιτήσεως και υπό τον όρο συζήτησής της.

3. Με την μεθόδευση αυτή των πρώην μετόχων, επιχειρούν αυτοί, με την προσφυγή στην δικαιοδοσία των ελληνικών δικαστηρίων, να εμποδίσουν την ολοκλήρωση της αναδιοργάνωσης της εταιρείας μας, «**ELETSON HOLDINGS INC.**». Τα ανωτέρω αναλύονται στην συνέχεια της αίτησης.

4. Αντικείμενο, έτσι, της παρούσας αιτήσεως και διαδικασίας· είναι να αναγνωρισθεί στην Ελλάδα η αλλοδαπή διαδικασία αφερεγγυότητας, ως **κύρια διαδικασία**, ήτοι η εκτεθείσα Διάταξη. Κύρια δε νομική βάση, με την οποία διώκεται η αναγνώριση είναι ο ν. 3858/2010, περί προσαρμογής του Ελληνικού Δικαίου στο πρότυπο νόμου του έτους 1997 για τη «Διασυνοριακή Πτώχευση» της Επιτροπής των Ηνωμένων Εθνών για το Διεθνές Εμπορικό Δίκαιο (UNCITRAL).

**Β. Ιστορικό**

I.      *Η χρηματοδότηση της «ELETSON HOLDINGS INC.» μέσω ομολογιακού δανείου που καταρτίσθηκε στις Η.Π.Α.*

5. Μόνη δραστηριότητα της «ELETSON HOLDINGS INC.», η οποία ήταν και παραμένει εταιρία συμμετοχών, ήταν η αναζήτηση χρηματοδότησης, την οποία διοχέτευε στις θυγατρικές επιχειρήσεις της. **Η χρηματοδότηση αναζητείτο πάντοτε στις Η.Π.Α.** Έτσι, το 2003 έλαβε στις Η.Π.Α. χρηματοδότηση ύψους 103 εκ. δολαρίων. Είναι η αδυναμία της «ELETSON HOLDINGS INC.» να εξυπηρετήσει έτερη χρηματοδότησή της, ύψους 300 εκ, δολαρίων που την οδήγησε σε διαδικασία αφερεγγυότητας.

6. Επί της τελευταίας αυτής χρηματοδότησης, η οποία ανατρέχει στο έτος 2013, σημειώνονται τα ακόλουθα: Στην οικεία, από 19.12.2013, ανακοίνωσή της, η «ELETSON HOLDINGS INC.», αφού δηλώνει ότι είναι μία διεθνής επιχείρηση, *η οποία διατηρεί γραφεία στο Κονέκτικατ (Connecticut) των Η.Π.Α.*, ζήτησε χρηματοδότηση κεφαλαίου 300 εκ, δολλαρίων με την έκδοση ομολογιών (ομολογιακό δάνειο), εξασφαλισμένων με υποθήκη πρώτης τάξης επί πλοίων (οι παλαιές ομολογίες). Μετά από την έκδοση των ομολογιών, η Deutsche Bank των Η.Π.Α. διορίσθηκε ως θεματοφύλακάς τους (trustee). Σημειώνεται ότι στην οικεία από 19.12.2013 σύμβαση (Indenture) μεταξύ «ELETSON HOLDINGS INC.» και Deutsche Bank, ορίζεται ως εφαρμοστέο δίκαιο αυτό της πολιτείας της Νέας Υόρκης.

7. Η σύμβαση αυτή χρηματοδότησης γνώρισε τρεις προσθήκες (supplements), η πρώτη καταρτίσθηκε την 31.01.2014, η δεύτερη, την 20.03.2014 και η τρίτη την

01.04.2014. Το δίκαιο της Νέας Υόρκης διατηρήθηκε εφαρμοστέο, με ρητούς όρους των εν λόγω συμβάσεων.

8. Λόγω οικονομικής αδυναμίας της «ELETSON HOLDINGS INC.» να τηρήσει τους όρους χρηματοδότησης, ήτοι αδυναμία της να καταβάλλει τους τόκους, τον Μάιο του 2018 πρότεινε αυτή να ανταλλαχθούν οι παλαιές ομολογίες με νέες, επίσης εκδόσεώς της, ομοίως εξασφαλισμένες με υποθήκη πρώτης τάξεως επί πλοίων. Όπως αποδεικνύεται από την υπ' αριθμ. Doc. 1212/25.10.2024 Διάταξη του Αμερικανικού Πτωχευτικού Δικαστηρίου, ποσοστό 98%, κατά προσέγγιση, των ομολογιούχων δανειστών των παλαιών ομολογιών, συμμετείχαν στην ανταλλαγή των ομολογιών. Την ανταλλαγή αυτή ολοκλήρωσε η «ELETSON HOLDINGS INC.» τον Ιούλιο του 2018. Οι νέες ομολογίες ήταν κατά κεφάλαιο 314.068.360 εκ. δολλάρια, με λήξη το έτος 2022.

9. Την 2α Ιουλίου 2018, με σύμβαση που καταρτίσθηκε στην Νέα Υόρκη μεταξύ της «ELETSON HOLDINGS INC.» και του θεματοφύλακα των παλαιών ομολογιών, Deutsche Bank των Η.Π.Α., η τελευταία έπαυσε να είναι θεματοφύλακας.

10. Την ίδια ημέρα, καταρτίσθηκε σύμβαση (Indenture), ομοίως διεπόμενη από το δίκαιο της Πολιτείας της Νέας Υόρκης, μεταξύ «ELETSON HOLDINGS INC.» και της εταιρίας **Wilmington Savings Fund FSB**, με την οποία η δεύτερη ορίσθηκε θεματοφύλακας και διαχειρίστρια των νέων ομολογιών. Με τη σύμβαση αυτή, η Wilmington εξουσιοδοτήθηκε να δρα για λογαριασμό των ομολογιούχων δανειστών και να ασκεί τα δικαιώματά τους, σε περίπτωση που η «ELETSON HOLDINGS INC.» περιέλθει σε υπερημερία ως προς την τήρηση των όρων του ομολογιακού δανείου.

11. Προς εξασφάλιση των αξιώσεων των ομολογιούχων δανειστών, η «ELETSON HOLDINGS INC.» συμβάλλεται με την Wilmington την 02.07.2018, υπό την ιδιότητα της τελευταίας ως αντιπροσώπου των ομολογιούχων δανειστών, και ενεχυριάζει τις συμμετοχές της σε άλλες εταιρίες. Η οικεία σύμβαση ενεχύρου καταρτίζεται στην Νέα Υόρκη και διέπεται από το δίκαιο της Πολιτείας αυτής (υπ' αριθμ. 13 όρος αυτής).

4

II.    *Η υπερημερία (default) της «ELETSON HOLDINGS INC.» και οι δύο*
       *συμφωνίες αναδιάρθρωσης του ομολογιακού δανείου*

12. Παρά την ανταλλαγή των ομολογιών, την 15η Ιανουαρίου 2019, η *«ELETSON HOLDINGS INC.»* περιήλθε σε υπερημερία, διότι απέτυχε να προβεί εμπροθέσμως σε προβλεπόμενη χρηματική καταβολή προς τους ομολογιούχους δανειστές.

13. Την 24η Ιουνίου 2019, η *«ELETSON HOLDINGS INC.»* και ορισμένοι από τους μετόχους της από το ένα μέρος και μία συγκεκριμένη ομάδα ομολογιούχων δανειστών από το άλλο, συνήψαν στην Νέα Υόρκη συμφωνία υποστήριξης για την αναδιάρθρωση (Restructuring Support Agreement - RSA) του χρέους της *«ELETSON HOLDINGS INC.»*, δηλαδή του χρέους εκ του ομολογιακού δανείου, βάσει της γενόμενης ανταλλαγής των παλαιών ομολογιών με νέες. Και η σύμβαση αυτή διέπεται από το δίκαιο της πολιτείας της Νέας Υόρκης. Τα συμβαλλόμενα μέρη ρητώς και ανεπιφυλάκτως υποβάλλουν εαυτούς στην αποκλειστική δικαιοδοσία των δικαστηρίων της Νέας Υόρκης. Μάλιστα, με τον υπ' αριθμ. 23 όρο της σύμβασης αυτής, ρητώς προβλέπεται ότι, σε περίπτωση που οι οφειλέτες, ήτοι, εν προκειμένω, η *«ELETSON HOLDINGS INC.»*, κινήσει διαδικασία του κεφαλαίου 11 (Chapter 11), αυτή θα λάβει χώρα στο πτωχευτικό δικαστήριο της πολιτείας της Νέας Υόρκης.

14. Την 29η Οκτωβρίου 2019, η *«ELETSON HOLDINGS INC.»* και ορισμένοι από τους μετόχους της από το ένα μέρος, και ομολογιούχοι δανειστές, εκπροσωπούντες ποσοστό άνω του 80% των νέων ομολογιών από το άλλο, συνήψαν στην Νέα Υόρκη δεύτερη συμφωνία υποστήριξης για την αναδιάρθρωση του χρέους. Και η σύμβαση αυτή διέπεται από το δίκαιο της Πολιτείας της Νέας Υόρκης. Τα συμβαλλόμενα μέρη ρητώς και ανεπιφυλάκτως υποβάλλουν εαυτούς στην αποκλειστική δικαιοδοσία των δικαστηρίων της Νέας Υόρκης. Μάλιστα, με τον υπ' αριθμ. 23 όρο της σύμβασης αυτής, ρητώς προβλέπεται ότι σε περίπτωση που οι οφειλέτες, ήτοι, εν προκειμένω, η *«ELETSON HOLDINGS INC.»*, κινήσει διαδικασία του κεφαλαίου 11 (Chapter 11), αυτή θα λάβει χώρα στο πτωχευτικό δικαστήριο της πολιτείας της Νέας Υόρκης.

5

15. Παρά ταύτα, η «ELETSON HOLDINGS INC.» περιήλθε σε υπερημερία ως προς την εκπλήρωση του δευτέρου RSA.

### III. Η διαδικασία αφερεγγυότητας ενώπιον του Πτωχευτικού Δικαστηρίου της Νέας Υόρκης (Νότια περιφέρεια)

16. Οι εταιρίες Pach Shemen LLC, VR Global Partners και Alpine Partners, οι οποίες, εν τω μεταξύ, είχαν αποκτήσει νομίμως, όπως κρίθηκε από το Πτωχευτικό Δικαστήριο, τις νέες ομολογίες, άσκησαν σε βάρος της «ELETSON HOLDINGS INC.», ενώπιον δε του Πτωχευτικού Δικαστηρίου της Νότιας Περιφέρειας της Νέας Υόρκης, αίτηση ακούσιας πτώχευσής της, σύμφωνα με Κεφάλαιο 7 (Chapter 7) του αμερικανικού πτωχευτικού δικαίου.

17. Την 6η Σεπτεμβρίου 2023, <u>κατόπιν αιτήματος/προτάσεως (motion) της</u> <u>**«ELETSON HOLDINGS INC.»**</u>, μετατράπηκε η ακούσια διαδικασία αφερεγγυότητας του κεφαλαίου 7, σε **εκούσια διαδικασία αφερεγγυότητας του κεφαλαίου 11.** Πρόκειται για διαδικασία ενδοπτωχευτικής αναδιοργάνωσης, η οποία, μετά από την κατάργηση του σχεδίου αναδιοργάνωσης, που προβλεπόταν στα άρθρα 107 επ. ν. 3588/2007 (ΠτΚ), πριν αυτός να τροποποιηθεί με το ν. 4446/2016 και πριν να καταργηθεί με το ν. 4738/2020, προσιδιάζει πλέον προς την διαδικασία εξυγίανσης των άρθρων 31 επ. ν. 4738/2020, η οποία είναι η μόνη διαδικασία εξυγίανσης που προβλέπεται στο νέο δίκαιο αφερεγγυότητας που θεσπίσθηκε με το ν. 4738/2020, καταργώντας τον ΠτΚ.

18. Το πλεονέκτημα της διαδικασίας αυτής (του κεφαλαίου 11) είναι ότι ο οφειλέτης παραμένει στην διοίκηση της περιουσίας του. Δεν επέρχεται πτωχευτική απαλλοτρίωση, άρα δεν διορίζεται και σύνδικος. Ο οφειλέτης αυτός καλείται Debtor in Possession (Οφειλέτης εν Κατοχή). Συνεπώς, τη θέση λειτουργικά του συνδίκου έχει ο ίδιος ο οφειλέτης. Στο πλαίσιο αυτό, η Pach Shemen, κατόπιν αδείας του άνω πτωχευτικού δικαστηρίου, χορήγησε προς τον Οφειλέτη εν Κατοχή, «ELETSON HOLDINGS INC.», χρηματοδότηση ύψους 10 εκ. δολλαρίων με ετήσιο επιτόκιο 0.5%.

19. Ενώπιόν του Πτωχευτικού Δικαστηρίου της Νότιας Περιφερείας της Νέας Υόρκης υποβλήθηκαν τρία (3) σχέδια αναδιοργάνωσης. Το πρώτο από την

«*ELETSON HOLDINGS INC.*», το δεύτερο από τους Πιστωτές, το οποίο βασίσθηκε πάνω στο σχέδιο της «*ELETSON HOLDINGS INC.*», και το τρίτο, το αυτοτελές σχέδιο των αιτούντων Πιστωτών, το οποίο και τελικώς εγκρίθηκε από το Πτωχευτικό Δικαστήριο.

20. Σύμφωνα με το εγκριθέν σχέδιο αναδιοργάνωσης:

   i.    οι μέτοχοι της «*ELETSON HOLDINGS INC.*» κατατάσσονται στην 9η τάξη (Class 9) των πιστωτών. <u>Σύμφωνα με την παράγραφο 3.3. περίπτωση (i) [= γράμμα i], (ii) που αφορά στην αντιμετώπιση (treatment) των μετόχων προβλέπεται ρητώς ότι από και με τη θέση σε ισχύ του σχεδίου αναδιοργάνωσης οι υπάρχουσες μετοχές ακυρώνονται, δίχως διανομή χρημάτων στους μετόχους.</u>

   ii.   Περαιτέρω, <u>σύμφωνα με την παράγραφο 5.8 του σχεδίου αναδιοργάνωσης, από και με τη θέση του σε ισχύ, η αναδιοργανωθείσα «*ELETSON HOLDINGS INC.*»</u> εκδίδει νέες μετοχές.

   iii.  Επίσης, <u>σύμφωνα με την παράγραφο 5.10(c) του σχεδίου αναδιοργάνωσης, από και με τη θέση του σε ισχύ, τα μέλη του διοικητικού συμβουλίου της «*ELETSON HOLDINGS INC.*» λογίζεται ότι έχουν παραιτηθεί και, εν πάση περιπτώσει δύνανται να ανακληθούν.</u>

   iv.   Τέλος, σύμφωνα με την παράγραφο 10.6. του σχεδίου αναδιοργάνωσης, <u>από και με τη θέση του σε ισχύ, κάθε επαγγελματίας που απασχολείται στον οφειλέτη δεν θεωρείται ότι απασχολείται στην αναδιοργανωθείσα εταιρία συμμετοχών, εκτός αν καταρτισθεί σύμβαση μετά από την ημερομηνία θέσεως σε ισχύ.</u>

21. Ως εξετέθη, την 4η Νοεμβρίου 2024 εξεδόθη η Διάταξη του Πτωχευτικού Δικαστηρίου των Η.Π.Α. – Νότιας Περιφέρειας της Νέας Υόρκης [FINDINGS OF FACTS, CONCLUSION OF LAWS, AND ORDER CONFIRMING PETION-ING CREDITORS' AMENDED JOINT CHAPTER 11 PLAN OF ELETSON HOLDINGS INC. AND ITS AFFILIATED DEBTORS]. Με αυτήν επικυρώνεται η από 25.10.2024 Απόφαση περί υπαγωγής της «*ELETSON HOLDINGS INC.*» στο Κεφάλαιο 11 του αμερικανικού πτωχευτικού κώδικα και το τροποποιημένο σχέδιο αναδιοργάνωσης των πιστωτών [MEMORANDUM OPINION AND

ORDER CONFIRMING PETITIONING CREDITORS' AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF ELETSON HOLDINGS INC. AND ITS AFILLIATED DEBTORS, SUSTAINING OBJECTIONS TO COMPET-ING PLANS, AND DENYING MOTION IN LIMINE].

22. Κρίσιμα, εν προκειμένω, στοιχεία της Διάταξης αυτής είναι τα ακόλουθα:

    i.    Σύμφωνα με το στοιχείο B., η επικύρωση του σχεδίου αναδιοργάνωσης αποτελεί **κύρια** (core) διαδικασία αφερεγγυότητας.

    ii.    Σύμφωνα με το στοιχείο L., η **«ELETSON HOLDINGS INC.»** είναι **οφειλέτης εν κατοχή (Debtor in Possession).**

    iii.    Σύμφωνα με το στοιχείο T., οι αιτούντες πιστωτές έχουν αποκαλύψει τα πρόσωπα των διοικητών και εκπροσώπων, τα οποία συνάδουν προς τα συμφέροντάς τους και τη δημόσια πολιτική.

    iv.    Σύμφωνα με το στοιχείο Y., διαπιστώνεται ότι είναι σύννομη η τροποποίηση των δικαιωμάτων της ένατης τάξης των πιστωτών (παλαιοί μέτοχοι).

    v.    Σύμφωνα με το στοιχείο DD., διαπιστώνεται ότι οι αιτούντες πιστωτές έδρασαν με καλή πίστη (in Good Faith) και σκοπό την αναδιοργάνωση και αύξηση της αξίας της περιουσίας της **«ELETSON HOLDINGS INC.».**

23. Περαιτέρω, κρίσιμα, κατά το διατακτικό της Διάταξης (Order), είναι τα εξής:

    i.    Με το υπ' αριθμ. **1.** σημείο του διατακτικού της, επικυρώνεται το σχέδιο αναδιοργάνωσης.

    ii.    Με το υπ' αριθμ. **5.i.** σημείο του διατακτικού της, εξουσιοδοτούνται οι οφειλέτες, η αναδιοργανωθείσα **«ELETSON HOLDINGS INC.»** και οι αιτούντες πιστωτές να πράξουν ό,τι είναι αναγκαίο για την υλοποίηση του σχεδίου αναδιοργάνωσης.

    iii.    Με το υπ' αριθμ. **14.** σημείο του διατακτικού της, το Πτωχευτικό δικαστήριο διατηρεί την διεθνή δικαιοδοσία του για κάθε θέμα που αφορά στο Κεφάλαιο 11, δηλαδή τη διαδικασία αναδιοργάνωσης.

    iv.    Με το υπ' αριθμ. **19**σημείο του διατακτικού της , υπό την επιφύλαξη δε της επέλευσης της ημερομηνίας θέσης σε ισχύ του σχεδίου αναδιοργάνωσης (effective date), το σχέδιο αναδιοργάνωσης και η

Διάταξη καθίστανται αμέσως ισχυρά και εκτελεστά. Και δεσμεύουν τους αιτούντες πιστωτές, τους οφειλέτες και όλους τους δανειστές απαιτήσεων και τους κατόχους συμφερόντων και μάλιστα ανεξαρτήτως αν οι απαιτήσεις ή τα συμφέροντα εθίγησαν ή όχι από το σχέδιο αναδιοργάνωσης.

v.    Με το υπ' αριθμ. 25. σημείο του διατακτικού της, ορίζεται ότι η Διάταξη είναι οριστική και η προθεσμία ασκήσεως εφέσεως κινείται από τη δημοσίευση της Διάταξης αυτής.

**IV. Το παράνομο *forum shopping*, κατά το χρονικό διάστημα από την έκδοση της Διάταξης (04.11.2024) έως και τη θέση σε ισχύ (*effective date*) του σχεδίου αναδιοργάνωσης (19.11.2024)**

24. Μέχρι και την 18η Νοεμβρίου 2024, ήτοι την προηγουμένη της θέσεως σε ισχύ του σχεδίου αναδιοργάνωσης, μέτοχοι της «ELETSON HOLDINGS INC.» ήταν οι εξής:

i.    Η εταιρία «Lassia Investment Company» (της οικογενείας Λασκαρίνας Καρασταμάτη), κυρία 3.072 μετοχών, αντιπροσωπεύουσες ποσοστό 30,72% του μετοχικού κεφαλαίου της.

ii.    Η εταιρία «Family Unity Trust Company» (της οικογενείας Βασιλείου Κέρτσικωφ), κυρία 3.072 μετοχών, αντιπροσωπεύουσες ποσοστό 30,72% του μετοχικού κεφαλαίου της.

iii.    Η εταιρία «Glafkos Trust Company» (της οικογενείας Βασιλείου Χατζηελευθεριάδη), κυρία 3.072 μετοχών, αντιπροσωπεύουσες ποσοστό 30,72% του μετοχικού κεφαλαίου της.

iv.    Η εταιρία «Elafonissos Shipping Corporation» (της οικογενείας Νίκης Ζηλάκου), κυρία 392 μετοχών, αντιπροσωπεύουσες ποσοστό 3,92% του μετοχικού κεφαλαίου της. Και

v.    Η εταιρία «Keros Shipping Corporation» (της οικογενείας Βασιλικής Ανδρεουλάκη), κυρία 392 μετοχών, αντιπροσωπεύουσες ποσοστό 3,92% του μετοχικού κεφαλαίου της.

25. Το διοικητικό συμβούλιο της «ELETSON HOLDINGS INC.» αποτελείτο, προ της αναδιοργάνωσής της, από τους εξής:

i.    Λασκαρίνα Καρασταμάτη, ως Πρόεδρο του Δ.Σ.

ii.    Βασίλειο Χατζηελευθεριάδη, ως Αντιπρόεδρο και Ταμία του Δ.Σ.

iii.    Βασίλειο Κέρτσικωφ, ως Αντιπρόεδρο του Δ.Σ.

iv.    Κωνσταντίνο Χατζηελευθεριάδη, ως μέλος του Δ.Σ.

v.    Ιωάννη Ζηλάκο, ως μέλος του Δ.Σ.

vi.    Ελένη Καρασταμάτη, ως μέλος του Δ.Σ.

vii.    Παναγιώτη Κωνσταντάρα, ως μέλος του Δ.Σ.

viii.    Εμμανουήλ Ανδρεουλάκη, ως μέλος του Δ.Σ.

26. Η «*ELETSON HOLDINGS INC.*», εκπροσωπούμενη από την ως άνω, τελούσα υπό προθεσμία, εκπνέουσα μετ' ολίγων ημερών, διοίκηση υπέβαλε την 7η Νοεμβρίου 2024 έφεση κατά της άνω Διάταξης. Γνωρίζοντας, όμως, ότι μέχρι τη συζήτηση της Εφέσεως αυτής θα είχε τεθεί σε ισχύ το σχέδιο αναδιοργάνωσης, με συνέπεια την αυτοδίκαιη παύση του διοικητικού συμβουλίου της, κατά τα εκτεθέντα, αλλά και την αυτοδίκαιη απώλεια της μετοχικής ιδιότητας των μετόχων της, προέβη στην μεθόδευση, που εκτίθεται κατωτέρω.

27. Την αμέσως επόμενη ημέρα, 8η Νοεμβρίου 2024, τέσσερα από τα οκτώ μέλη του Διοικητικού Συμβουλίου, συγκεκριμένα οι Λασκαρίνα Καρασταμάτη, Βασίλειος Κέρτσικωφ, Ελένη Καρασταμάτη και Παναγιώτης Κωνσταντάρας, παραιτήθηκαν (γιατί άραγε;), επιχειρώντας αλυσιτελώς να προκαλέσουν, έτσι, τεχνητή έλλειψη διοικήσεως.

28. Αντί, ως είχαν υποχρέωση, σύμφωνα με το υπ' αριθμ. 5.i. στοιχείο του διατακτικού της Διάταξης, να πράξουν ό,τι είναι αναγκαίο για την υλοποίηση της αναδιοργάνωσης, τα άνω τέσσερα μέλη του Δ.Σ. έπραξαν τα αντίθετα. Παραιτήθηκαν για να την δυσχεράνουν (!!!).

29. Εν συνεχεία, δύο μέτοχοι, των οποίων η μετοχική ιδιότητα στην «*ELETSON HOLDINGS INC.*», τελούσε, όπως και αυτή του Διοικητικού Συμβουλίου της, υπό προθεσμία, εκπνέουσα μετ' ολίγων ημερών, δηλαδή οι εταιρίες «Elafonissos Shipping Corporation» και «Keros Shipping Corporation» υπέβαλαν ενώπιον του Μονομελούς Πρωτοδικείου Πειραιώς την από 11.11.2024 και με αριθμ. κατάθεσης 16655/7823/2024 αίτηση, διαδικασίας εκουσίας δικαιοδοσίας. Με αυτήν, ισχυριζόμενοι ότι, λόγω των άνω παραιτήσεων, επήλθε περίπτωση έλλειψης διοικήσεως, αιτούνται τον διορισμό

10

προσωρινής διοικήσεως της «ELETSON HOLDINGS INC.». Όπως εξετέθη, η αίτηση συζητείται την 04.02.2025. Την **12η Νοεμβρίου 2024** χορηγήθηκε και προσωρινή διαταγή του κ. Δικαστή του Μονομελούς Πρωτοδικείου Πειραιώς. Με αυτήν διορίσθηκαν ως μέλη της προσωρινής διοίκησης οι: α) Βασίλειος Χατζηελευθεριάδης, (β) Κωνσταντίνος Χατζηελευθεριάδης, γ) Ιωάννης Ζηλάκος, δ) Εμμανουήλ Ανδρεουλάκης, ε) Ανδριανός Ψωμαδάκης – Καρασταμάτης, στ) Πάνος Παξινός, ζ) Ελένη Γιαννακοπούλου και η) Νίκη συζ. Νικολάου Ζηλάκου.

30. Μεταξύ δε των εξουσιών που χορηγήθηκαν στην ως άνω προσωρινή διοίκηση είναι να εκπροσωπήσει την «ELETSON HOLDINGS INC.», κατά τη συζήτηση της άνω Εφέσεώς της, κατά της Διάταξης του Πτωχευτικού Δικαστηρίου της Νότιας Περιφέρειας της Νέας Υόρκης, όπως, επίσης, να αντιλέξει στην αναγνώριση της άνω Διάταξης στην Ελλάδα, αλλά και την Λιβερία.

31. Προκειμένου να επιτευχθεί ο άνω σκοπός, οι αιτούντες, πρώην, σήμερα, μέτοχοι, ισχυρίσθηκαν, κατ᾽ αποτέλεσμα, τα εξής: Ότι το Κέντρο των Κύριων Συμφερόντων της «ELETSON HOLDINGS INC.» δεν ήταν η Λιβερία, όπου και η καταστατική έδρα της, πράγμα που, βεβαίως, είναι αληθές, αλλά η Ελλάδα, και συγκεκριμένα ο Πειραιάς, όπου και δήθεν ευρίσκεται η πραγματική έδρα της (Κολοκοτρώνη, αριθμ. 117). Τούτο είναι απολύτως αναληθές, όπως κατωτέρω εκτίθεται.

32. Από την παρούσα θέση εκτίθεται μόνον το εξής: Κατά τη διάρκεια της διαδικασίας αφερεγγυότητας του Κεφαλαίου 11 ενώπιον του Πτωχευτικού Δικαστηρίου της Νότιας Περιφέρειας της Πολιτείας της Νέας Υόρκης, <u>τόσον η «ELETSON HOLDINGS INC.», υπό την τότε διοίκησή της, αλλά και οι τότε μέτοχοι της ουδέποτε ήγειραν ζήτημα περί του ότι το Κέντρο Κύριων Συμφερόντων της «ELETSON HOLDINGS INC.» δεν ήταν οι Η.Π.Α., αλλά αντιθέτως, η Ελλάδα.</u> Και όχι μόνον αυτό. Όπως αποδεικνύεται εξ εγγράφου, φέρον τα στοιχεία Doc. 941 της υπόθεσης του Κεφαλαίου 11, υπό τα στοιχεία Case No. 23-10322 (JPM), <u>άπαντες οι μέτοχοι της «ELETSON HOLDINGS INC.» εψήφισαν για την επιλογή του σχεδίου αναδιοργάνωσης. Και επέλεξαν το σχέδιο αναδιοργάνωσης της «ELETSON HOLDINGS INC.»</u>, το οποίο, ωστόσο, απορρίφθηκε από το Πτωχευτικό Δικαστήριο.

33. Το πράγμα, επομένως, είναι σαφές. Το **Κέντρο Κυρίων Συμφερόντων** της «ELETSON HOLDINGS INC.» ήταν, κατά τον χρόνο έναρξης της διαδικασίας αφερεγγυότητας, και παραμένουν μέχρι και σήμερα οι Η.Π.Α. Ο δήθεν εντοπισμός του στην Ελλάδα, κατά την όψιμη άποψη των άνω αιτούντων μετόχων, αλλά και του διορισθέντος με προσωρινή διαταγή προσωρινού διοικητικού Συμβουλίου, αποτελεί όψιμο μύθευμά τους, το οποίο στερείται ερείσματος στην πραγματικότητα. Ο μόνος λόγος που ισχυρίζονται τα ανωτέρω είναι ο εξής: *Διότι το Πτωχευτικό Δικαστήριο δεν επικύρωσε το σχέδιο αναδιοργάνωσης της επιθυμίας τους.*

V. *Η θέση σε ισχύ του σχεδίου αναδιοργάνωσης (Effective Date) και οι εξ αυτής επελθούσες έννομες συνέπειες*

34. Σε εκτέλεση του υπ' αριθμ. 19. στοιχείου του διατακτικού της Διάταξης, την 19η Νοεμβρίου 2024, οι αιτούντες πιστωτές, με έγγραφό τους φέρον τα στοιχεία Doc. 1258/11.19.24 της υπόθεσης του Κεφαλαίου 11, υπό τα στοιχεία Case No. 23-10322 (JPM), το οποίο υποβλήθηκε στο Πτωχευτικό Δικαστήριο την 19.11.2024, ανακοίνωσαν την έλευση της ημερομηνίας θέσης σε ισχύ (Notice of (I) the occurrence of the effective date) του σχεδίου αναδιοργάνωσης. Η ημερομηνία αυτή είναι η **19.11.2024**.

35. Κατά τα εκτεθέντα, από και με την θέση σε ισχύ του σχεδίου αναδιοργάνωσης, οι παλαιοί μέτοχοι παύουν αυτοδικαίως να είναι μέτοχοι της (αναδιοργανωμένης) «ELETSON HOLDINGS INC.» και αυτοδικαίως αποβάλλουν την ιδιότητα του μέλους του Δ.Σ. της (αναδιοργανωμένης) «ELETSON HOLDINGS INC.» τα μέλη αυτού.

36. Την ίδια ημερομηνία, **19.11.2024**, οι νέοι μέτοχοι της αναδιοργανωμένης «ELETSON HOLDINGS INC.» με **πρακτικό τους**, αφού εκθέτουν ότι επήλθε η ημερομηνία θέσεως σε ισχύ του σχεδίου αναδιοργάνωσης, ήτοι η 19.11.2024, ότι, σύμφωνα με την παράγραφο 3.3 (i) [= γράμμα i] του σχεδίου αναδιοργάνωσης, οι μετοχές των μετόχων (9η τάξη πιστωτών) ακυρώνονται και καταργούνται, ότι, σύμφωνα με την παράγραφο 5.8 του σχεδίου αναδιοργάνωσης, η εταιρία εξέδωσε νέες μετοχές και ότι, σύμφωνα με την παράγραφο 5.10(c) του σχεδίου αναδιοργάνωσης, τα προ της ημερομηνίας

θέσεως σε ισχύ του σχεδίου αναδιοργάνωσης (19.11.2024) μέλη του Δ.Σ. παύουν αυτοδικαίως να έχουν την ιδιότητα αυτή, αποφάσισαν

    i.   να ανακαλέσουν όλα τα προηγούμενα μέλη του Δ.Σ. της εταιρίας, συμπεριλαμβανομένων των προσώπων που ειδικότερα μνημονεύονται στην απόφασή τους αυτή και τα οποία συγκροτούν *το προσωρινό διοικητικό συμβούλιο που διορίσθηκε με την εκτεθείσα προσωρινή διαταγή του κ. Πρόεδρου του Μονομελούς Πρωτοδικείου Πειραιώς* και

    ii.   να εκλέξουν νέο Διοικητικό Συμβούλιο, αποτελούμενο από τους: (α.) Άνταμ Σπίαρς (Adam Spears), (β.) Λέοναρντ Τζέι Χόσκινσον (Leonard J. Hoskinson) και (γ.) Τίμοθυ Μπ. Μάθιους (Timothy B. Matthews).

37. Όπως, περαιτέρω, αποδεικνύεται εκ της από 31.01.2025 Βεβαίωσης των Διευθυντών και Μετόχων της αναδιοργανωμένης «ELETSON HOLDINGS INC.», το μετοχικό κεφάλαιό της ανέρχεται σε 10.000 ονομαστικές μετοχές κατηγορίας Α, χωρίς ονομαστική αξία.

Μέτοχοι δε της αναδιοργανωμένης «ELETSON HOLDINGS INC.» είναι οι:

(α.) Η αλλοδαπή εταιρία «Pach Shemen LLC», κυρία 935 μετοχών, αντιπροσωπεύουσες ποσοστό 9,35% του μετοχικού κεφαλαίου της.

(β.) Η αλλοδαπή εταιρία «Mulberry Street Ltd», κυρία 8.983 μετοχών, αντιπροσωπεύουσες ποσοστό 89,83% του μετοχικού κεφαλαίου της.

(γ) Η αλλοδαπή εταιρία «Waxcap Inc.», κυρία 82 μετοχών, αντιπροσωπεύουσες ποσοστό 0,82% του μετοχικού κεφαλαίου της.

Το δε διοικητικό συμβούλιο της αποτελείται από τους: (α.) Άνταμ Σπίαρς (Adam Spears), (β.) Λέοναρντ Τζέι Χόσκινσον (Leonard J. Hoskinson) και (γ.) Τίμοθυ Μπ. Μάθιους (Timothy B. Matthews).

38. **Συμπέρασμα:** Από τη θέση σε ισχύ του σχεδίου αναδιοργάνωσης, οι παλαιοί μέτοχοι έπαυσαν να έχουν οποιαδήποτε μετοχική σχέση με την αναδιοργανωμένη «ELETSON HOLDINGS INC.». Όμοια ισχύουν και για τα μέλη του Διοικητικού Συμβουλίου της. Η αναδιοργανωμένη «ELETSON HOLDINGS INC.» είναι νομικό πρόσωπο απολύτως ξένο προς αυτούς (μετόχους και μέλη του διοικητικού συμβουλίου).

*VI. Η τύχη της από 07.11.2024 Εφέσεως κατά της Διάταξης*

39. Όπως αποδεικνύεται εκ της από 30ης Δεκεμβρίου 2024 απόφασης του Περιφερειακού Δικαστηρίου της Νότιας Περιφέρειας της Νέας Υόρκης, στην υπόθεση Case 1:24-cv-08672-LJL, η ασκηθείσα έφεση κατά της Διάταξης αποσύρθηκε, **εκουσίως**, από την εκκαλούσα.

40. Επομένως, η Διάταξη δεν υπόκειται ως προς την ουσία της σε ένδικο μέσο.

Γ.      Αναγνώριση στην Ελλάδα, ως κύριας διαδικασίας της αλλοδαπής διαδικασίας αφερεγγυότητας **Chapter 11, (α.)** της υπ' αριθμ. Doc. 1212/25.10.2024 Διάταξης του Πτωχευτικού Δικαστηρίου της Νότιας Περιφέρειας της Νέας Υόρκης στην υπόθεση, Case No. 23-10322 (JPM), υπό τον τίτλο: **«MEMORANDUM OPINION AND ORDER CONFIRMING PE-TITIONING CREDITORS' AMENDED JOINT CHAPTER 11 PLAN OF RE-ORGANIZATION OF ELETSON HOLDINGS INC. AND ITS AFILLI-ATED DEBTORS, SUSTAINING OBJECTIONS TO COMPETING PLANS, AND DENYING MOTION IN LIMINE»** και **(β.)** της από 4ης Νοεμβρίου 2024 Διάταξης του Πτωχευτικού Δικαστηρίου των Η.Π.Α. – Νότιας Περιφέρειας της Νέας Υόρκης (Case No: 23-10322 (JPM)), υπό τον τίτλο: **«FINDINGS OF FACTS, CONCLUSION OF LAWS, AND ORDER CONFIRMING PETION-ING CREDITORS' AMENDED JOINT CHAPTER 11 PLAN OF ELETSON HOLDINGS INC. AND ITS AFFILIATED DEBTORS»**

41. Η αναγνώριση στην Ελλάδα αλλοδαπής διαδικασίας αφερεγγυότητας υπακούει σε διαφορετικούς κανόνες δικαίου, αναλόγως εάν έχει κηρυχθεί σε κράτος – μέλος της Ε.Ε. ή σε τρίτο κράτος. Αν η διαδικασία έχει κινηθεί σε κράτος – μέλος της Ε.Ε, εφαρμόζεται ο Κανονισμός 2015/848. Αν έχει κινηθεί σε τρίτο κράτος εκτός Ε.Ε., καταλαμβάνεται ratione materiae από τον Πρότυπο Νόμο (ΠΝ) για τη διασυνοριακή πτώχευση που εκπονήθηκε το έτος 1997 από την Επιτροπή των Ηνωμένων Εθνών για το Διεθνές Εμπορικό Δίκαιο (Uncitral). Ο ΠΝ τυγχάνει εφαρμογής, υπό την προϋπόθεση ότι το κράτος, στο οποίο επιδιώκεται η αναγνώριση, έχει ενσωματώσει στην εθνική έννομη τάξη του τον Π.Ν. **Τούτο έπραξε η Ελλάδα με τον ν. 3858/2010.**

42. Ο ν. 3858/2010 αποτελεί αναπόσπαστο τμήμα του ισχύοντας στην Ελλάδα δικαίου της πτώχευσης. Σύμφωνα με το άρθρ. 2 στοιχ. α΄ ν. 3858/2010, ως αλλοδαπή πτωχευτική διαδικασία ορίζεται *«η συλλογική δικαστική ή διοικητική διαδικασία σε άλλο κράτος, συμπεριλαμβανομένης και της σχετικής με την πτώχευση προσωρινής διαδικασίας, η οποία προϋποθέτει την αφερεγγυότητα του οφειλέτη και συνεπάγεται τη μερική ή ολική στέρηση της διοίκησης της περιουσίας του (πτωχευτική απαλλοτρίωση) προς τον σκοπό εκκαθάρισης ή αναδιοργάνωσης»*. Επομένως, ο ν. 3858/2010 εφαρμόζεται σε αλλοδαπές διαδικασίες που πληρούν τις κατωτέρω τέσσερις προϋποθέσεις: (α) συλλογικός χαρακτήρας της διαδικασίας, (β) κήρυξή της από δικαστική ή διοικητική αρχή, (γ) αφερεγγυότητα του οφειλέτη ως εναρκτήριο γεγονός της και (δ) πτωχευτική απαλλοτρίωση ως έννομη συνέπεια της κήρυξης της διαδικασίας, ήτοι στέρηση των εξουσιών διοίκησης και διάθεσης της περιουσίας, με συνέπεια τον διορισμό κάποιου άλλου προσώπου, το οποίο εξοπλίζεται με την άσκηση των εν λόγω εξουσιών και (ε) με σκοπό εκκαθάρισης και αναδιοργάνωσης.

43. Κατ΄ απόκλιση από τον ΠΝ, ο ν. 3858/2010 αναφέρεται σε σύνδικο. Ωστόσο, οι διαδικασίες Οφειλέτη εν Κατοχή (Debtor in Possession) δεν αποκλείονται. Τούτο δε, διότι, κατά την εκτίμηση της ad hoc υπαγωγής, πρέπει να λαμβάνονται υπ΄ όψιν η ευρύτερη διατύπωση του ΠΝ και η νομοθετική επιταγή περί ομοιόμορφης ερμηνείας του. Τούτα αποτυπώνονται ρητώς στο άρθρ. 8 ν. 3858/2010, σύμφωνα με το οποίο, κατά την ερμηνεία του, πρέπει να λαμβάνονται υπ΄ όψιν *η διεθνής προέλευσή του, η επιδίωξη ομοιογενούς εφαρμογής του και η τήρηση της καλής πίστης*, όπως, άλλωστε, γίνεται νομολογιακώς δεκτό.

44. Η διαδικασία του 11ου Κεφαλαίου του Αμερικανικού Πτωχευτικού Κώδικα (εφ΄ εξής Chapter 11) φέρει τα αναφερόμενα στο άρθρ. 2 στοιχ. α΄ ν. 3858/2010 χαρακτηριστικά: Πρόκειται για συλλογική διαδικασία που κινείται, είτε με αίτηση του οφειλέτη, είτε των πιστωτών του. Κατά την διάρκειά της, ο οφειλέτης διατηρεί την διοίκηση της περιουσίας του, οφειλέτης εν κατοχή, debtor in possession, υπό την εποπτεία του δικαστηρίου. Με άδεια του δικαστηρίου μπορεί να εξασφαλίσει και χρηματοδότηση μετά από την αίτηση (post-petition finance). Κατ΄ ακολουθίαν, ο ν. 3858/2010 καταλαμβάνει άνευ

ετέρου και τη διαδικασία του Chapter 11. **Κατ' ουσία, ο Οφειλέτης εν Κατοχή (Debtor in Possession) εξομοιώνεται από άποψη δικαιωμάτων και υποχρεώσεων με τον σύνδικο**. Τούτο, άλλωστε, επιβεβαιώνεται ρητώς από τον Νομοθετικό Οδηγό της Uncitral επί του δικαίου της Αφερεγγυότητας. Πράγματι, υπό τον τίτλο: «expedited proceedings» αναφέρονται (αριθμ. 75) τα εξής: «*Ένα παράδειγμα τέτοιας διαδικασίας μπορεί να προέλθει από περιπτώσεις όπου το σχέδιο αναδιοργάνωσης έχει εγκριθεί και μολονότι το δικαστήριο δεν έχει καμμία διαρκή αρμοδιότητα σε σχέση με την εφαρμογή του, η διαδικασία παραμένει ωστόσο ανοιχτή ή εκκρεμής και το δικαστήριο διατηρεί διεθνή δικαιοδοσία έως ότου ολοκληρωθεί η εφαρμογή του*».

45. Εν προκειμένω, η καταγόμενη προς αναγνώριση αλλοδαπή και δη **κύρια** διαδικασία αφερεγγυότητας είναι, όπως εξετέθη, τέτοια του Chapter 11. Η δε οφειλέτιδα, «ELETSON HOLDINGS INC.» είναι Οφειλέτης εν Κατοχή (Debtor in Possession), ως εξετέθη δε έλαβε και χρηματοδότηση. Συνεπώς, εμπίπτει στο πεδίο εφαρμογής του άρθρ. 2 στοιχ. α' ν. 3858/2010 και νομίμως ζητείται η αναγνώρισή της στην Ελλάδα. Σημειώνεται ότι, με την από 30.12.2024 Διάταξή του, το Πτωχευτικό Δικαστήριο της Νότιας Περιφέρειας της Νέας Υόρκης, Doc. 1326 της υπόθεσης Chapter 11 Case No. 23-10322 (JPM), διαπιστώνει ότι η διαδικασία του Chapter 11 εμπίπτει στην έννοια «foreign proceedings» (αλλοδαπές διαδικασίες) του άρθρ. 2 στοιχ. α' του ΠΝ.

46. Η αναγνώριση της ένδικης εδώ Διάταξης προϋποθέτει: (α) να υποβληθεί προηγουμένως αίτηση αναγνώρισης εκ μέρους του αλλοδαπού συνδίκου (άρθρ. 15 παρ. 1 ν. 3858/2010), (β) έκδοση αποφάσεως του δικαστηρίου (άρθρ. 17 παρ. 1 ν. 3858/2010) και (γ) ως αρνητική προϋπόθεση της αναγνώρισης, να μην αντίκειται στην δημόσια τάξη (άρθρ. 6 ν. 3858/2010).

47. Εν προκειμένω, την αίτηση αναγνώρισης υποβάλλω εγώ, η αναδιοργανωμένη «ELETSON HOLDINGS INC.». Στο πλαίσιο της διαδικασίας Chapter 11, όπως προαναφέρθηκε, τα καθήκοντα του συνδίκου ασκεί ο οφειλέτης, εν προκειμένω, εγώ, η αιτούσα εταιρία που είμαι οφειλέτης εν κατοχή (debtor in possession, βλ. και   ΠΠρΠειρ 1798/2020, ΕφΠειρ 429/2022, αμφότερες σε ΤΝΠ ΝΟΜΟΣ). Συνεπώς, δικαιούμαι, κατ' άρθρ. 15 παρ. 1 ν. 3858/2010, να υποβάλλω την αίτηση αναγνώρισης. Νομίμως δε

εκπροσωπούμαι για την υποβολή της ένδικης αιτήσεως και την αναγνώριση της αλλοδαπής διαδικασίας από τον κ. Adam Spears. Διότι με την από 20.12.2024, Doc 1326 (έτερη) Διάταξη του Πτωχευτικού Δικαστηρίου των Η.Π.Α της Νότιας Περιφερείας της Νέας Υόρκης στην υπόθεση Chapter 11, Case No. 23-10322 (JPM), υπό τον τίτλο: «ORDER (I) AUTHORIZING ADAM SPEARS TO ACT AS FOREIGN REPRESENTATIVE OF REORGANIZED HOLDINGS AND (II) GRANTING RELARED RELIEF» διορίσθηκε ο κ. Adam Spears αποκλειστικός μου «εκπρόσωπος στην αλλοδαπή», και δη στην Ελλάδα και στην Λιβερία και αποκλειστικώς προς τον σκοπό να ζητήσει την αναγνώριση ή να υποστηρίξει αιτήσεις αναγνώρισης της διαδικασίας του Chapter 11 στην Ελλάδα και την Λιβερία.

48. Για να αναγνωρισθεί η αλλοδαπή διαδικασία, η αίτηση πρέπει να υποβληθεί στο καθ' ύλη και κατά τόπο αρμόδιο πτωχευτικό δικαστήριο (άρθρ. 17 παρ. 1 στοιχ. δ' σε συνδ. με άρθρ. 4 ν. 3858/2010). Κατά τη διάταξη του άρθρ. 4 ν. 3858/2010, αποκλειστικά αρμόδιο είναι το Πολυμελές Πρωτοδικείο στην περιφέρεια του οποίου έχει ο οφειλέτης το **Κέντρο των Κυρίων Συμφερόντων του** (εφ' εξής ΚΚΣ). Ωστόσο, ο ν. 3858/2010 δεν περιέχει διάταξη με την οποία να καθορίζεται η κατά τόπον αρμοδιότητα, όταν το ΚΚΣ του οφειλέτη, κατ' άρθρ. 78 παρ. 1 & 3 ΚΑφ. (ν. 4738/2020), δεν εντοπίζεται στην ημεδαπή (Ελλάδα). Υφίσταται, έτσι, αθέλητο κενό δικαίου, που πρέπει να πληρωθεί. Εν όψει του γεγονότος ότι η αιτούσα, αναδιοργανωμένη «ELETSON HOLD-INGS INC.», δεν διαθέτει την παραμικρή εγκατάσταση στην Ελλάδα, - πράγματι, στερείται σε αυτή τόπο εργασιών, δεν ασκεί την παραμικρή οικονομική δραστηριότητα, στην οποία να αξιοποιεί ανθρώπινο δυναμικό ή/και να διαθέτει περιουσιακά στοιχεία και δεδομένου ότι, όπως κατωτέρω εκτίθεται, υφίσταται διάσταση μεταξύ πραγματικής έδρας (νοούμενης ως ΚΚΣ) και καταστατικής έδρας-, αρμόδιο κατά τόπον, με ανάλογη, λόγω του εκτεθέντος κενού δικαίου, εφαρμογή του άρθρ. 905 παρ. 1 ΚΠολΔ, είναι το πολυμελές πρωτοδικείο της πρωτεύουσας, ήτοι το Δικαστήριό Σας. Συνεπώς, η αίτηση αναγνώρισης ασκείται στο καθ' ύλη και κατά τόπον αρμόδιο δικαστήριο και εισάγεται κατά την διαδικασία της εκουσίας δικαιοδοσίας (άρθρ. 78 παρ. 4 και 130 παρ. 1 ν. 4738/2020).

49. Όπως προκύπτει εκ του άρθρ. 17 ν. 3858/2010 το ημεδαπό δικαστήριο, επιλαμβανόμενο αίτησης αναγνώρισης αλλοδαπής διαδικασίας, **υποχρεούται** να την αναγνωρίσει άμεσα, εφ' όσον πληρούνται οι εκτεθείσες, περιοριστικά αναφερόμενες στον νόμο, προϋποθέσεις. Ο κανόνας είναι ότι το ημεδαπό δικαστήριο δεν ελέγχει ως προς την ουσιαστική κρίση του τον αλλοδαπό δικαστή. Πρόκειται για την αρχή της απαγόρευσης αναδίκασης της υπόθεσης, η οποία έγκειται στην απαγόρευση ελέγχου της νομικής και ουσιαστικής ορθότητας της αλλοδαπής απόφασης. Όριο στην ανωτέρω αρχή εισάγει η επιφύλαξη της δημόσιας τάξης (άρθρ. 6 ν. 3858/2010). Εν προκειμένω, η διεθνής δημόσια τάξη νοείται με τη στενότερη έννοια της ΑΚ 33. Υπό την έποψη αυτή, δημόσια τάξη είναι το σύνολο των αρχών και αντιλήψεων που είναι πρωταρχικής, βασικής και θεμελιώδους σημασίας που διέπουν τη ζωή σε ορισμένο τόπο και χρόνο. Στο πλαίσιο της διεθνούς πτώχευσης, τέτοιες θεμελιώδεις αρχές/δικαιώματα θα ήταν το δικαίωμα αναγγελίας της απαίτησης και οι δικονομικές εγγυήσεις (δικαίωμα ακρόασης/υπεράσπισης). Τέτοια περίπτωση προσβολής των άνω θεμελιωδών αρχών, ουδόλως συντρέχει εν προκειμένω, όπως αποδεικνύεται εκ του συνόλου των εγγράφων της διαδικασίας που συνοδεύουν την παρούσα αίτηση, αλλά και εξ όσων εμπροθέσμως θα προσκομίσουμε μετ' επικλήσεως στο Δικαστήριό Σας.

50. Η αλλοδαπή διαδικασία αναγνωρίζεται ως κύρια, αυτό είναι το αίτημα της υπό κρίση, αν διεξάγεται στο κράτος όπου ο οφειλέτης έχει, κατά τον χρόνο έναρξης της αλλοδαπής διαδικασίας, το ΚΚΣ του. Ορισμός του ΚΚΣ δεν απαντάται στον ν. 3858/2010. Η ερμηνεία χωρεί βάσει των κριτηρίων της έννομης τάξης στην οποία ζητείται η αναγνώριση. Πρέπει, όμως, να ληφθεί υπ' όψιν η επιταγή περί ομοιόμορφης και διεθνώς προσανατολισμένης ερμηνείας, η οποία, άλλωστε, επιτάσσεται από το άρθρ. 8 ν. 3858/2010. Συναφώς παρατηρείται ότι το ΚΚΣ είναι έννοια ενωσιακής πατρότητας και προέλευσης [Κανονισμός 848/2015, άρθρ. 3 παρ. 1 (β)] και μετεμφυτεύθηκε στο καθεστώς της Uncitral. Τούτο έχει ως συνέπεια οι ερμηνευτικές κατευθυντήριες γραμμές της ενωσιακής νομολογίας να είναι κρίσιμες για τον εθνικό δικαστή που επιλαμβάνεται αίτηση αναγνώρισης.

51. Η αόριστη νομική έννοια του ΚΚΣ αναλύεται σε τρία (3) επιμέρους συνθετικά στοιχεία: (α) τον τόπο των κύριων συμφερόντων, ώστε να είναι δυνατόν να υπάρχουν πολλοί τόποι συμφερόντων, αλλά κύριος είναι μόνον ένας, (β) όπου ασκείται η διοίκηση αυτών (κύριων συμφερόντων) και (γ) κατά τρόπο επαληθεύσιμο, όχι επαληθευμένο, από τους τρίτους. Η «διοίκηση» ταυτίζεται με την κεντρική διοίκηση και τον έλεγχο της επιχειρηματικής δραστηριότητας (head function). Συνεπώς, αντιδιαστέλλεται τόσον προς την τρέχουσα διοίκηση και καθημερινή λειτουργία (operational connection), όσο και από τον τόπο που ευρίσκονται τα περιουσιακά στοιχεία της επιχείρησης (asset connection). Τούτο επιβεβαιώθηκε από την απόφαση του ΔικΕΕ στην υπόθεση Interedil (C-396/09, σκ. 53), όσον και από την υπ' αριθμ. 30 αιτιολογική σκέψη του προοιμίου του Κανονισμού 2015/848. Για να εντοπισθεί έτσι το ΚΚΣ, δηλαδή ο κεντρικός διοικητικός πυρήνας, πρέπει να ληφθούν υπ' όψιν ενέργειες που ως εκ της φύσεώς τους είναι ανεπίδεκτες πολλαπλής διαχείρισης. Τέτοιες είναι η λήψη στρατηγικών αποφάσεων, χρηματοδότηση, εποπτεία, έγκριση σημαντικών συμβάσεων, χάραξη οικονομικής πολιτικής κ.ο.κ. Ο άνω οριοθετούμενος τόπος συνήθους διοίκησης πρέπει να είναι επαληθεύσιμος ως τέτοιος από τους τρίτους. Ως τρίτοι νοούνται οι δυνητικοί ή πραγματικοί πιστωτές του οφειλέτη. Τούτο δε, προκειμένου να δημιουργείται ασφάλεια δικαίου ως προς το πτωχευτικό καθεστώς. Η δε αξιολόγηση πρέπει να χωρεί από τη μεριά των μεγάλων και ενημερωμένων πιστωτών.

52. Το ΚΚΣ της αιτούσας ευρίσκετο, κατά τον χρόνο έναρξης της αλλοδαπής διαδικασίας στις Η.Π.Α. Βεβαίως, κατ' άρθρ. 16 παρ. 3 ν. 3858/2010, «… μέχρις αποδείξεως του αντιθέτου, ο τόπος της καταστατικής έδρας του οφειλέτη … τεκμαίρεται ότι είναι το κέντρο των κύριων συμφερόντων του οφειλέτη». Το τεκμήριο είναι βεβαίως, μαχητό. Ισχύει, εφ' όσον η καταστατική έδρα του νομικού προσώπου συμπίπτει με την πραγματική έδρα του. Σε περίπτωση διάσπασης, υπερισχύει, κατά νομοθετική επιλογή, ο τόπος της πραγματικής έδρας του. Λόγω της ύπαρξης του τεκμηρίου, εφ' όσον η αλλοδαπή διαδικασία διεξάγεται σε τόπο διάφορο της καταστατικής έδρας του νομικού προσώπου, ο αιτούμενος την αναγνώριση φέρει το βάρος επίκλησης και απόδειξης των πραγματικών περιστατικών που ανατρέπουν το τεκμήριο.

**53.** Εν προκειμένω, ισχύουν τα εξής: Η «ELETSON HOLDINGS INC.» έχει την καταστατική έδρα της στην Λιβερία. Ωστόσο, εκεί δεν ασκείται η συνήθης διοίκηση των συμφερόντων της. Πρόκειται, μόνον, περί μίας «ταχυδρομικής θυρίδας», η οποία δεν συνιστά ΚΚΣ. Τούτο, άλλωστε, ισχυρίζονται και οι πρώην μέτοχοί της στην ασκηθείσα αίτησή τους, περί διορισμού προσωρινής διοίκησης. Κατ' αυτούς, η πραγματική έδρα, άρα και το ΚΚΣ, είναι η Ελλάδα και δη ο Πειραιάς. Τούτο είναι απολύτως ανακριβές. Το πρώην μέλος της διοίκησής της, κ. Βασίλειος Κέρτσικωφ, εξεταζόμενο την 12η Δεκεμβρίου 2023, καταθέτει στο πλαίσιο της διαδικασίας αφερεγγυότητας ότι η «ELETSON HOLDINGS INC.», ως εταιρία συμμετοχών δεν έχει καθημερινή λειτουργία (Operations), δεν έχει προσωπικό, δεν έχει τραπεζιτικούς λογαριασμούς. Επομένως, ούτε στην Λιβερία, ούτε στην Ελλάδα ασκείται η κεντρική διοίκησή της. Το ΚΚΣ της «ELETSON HOLDINGS INC.» ευρίσκεται, αν ληφθεί υπ' όψιν ποια είναι η δραστηριότητά της. Αυτή ήταν η συγκέντρωση κεφαλαίων προς χρηματοδότηση των θυγατρικών της. Σημειώνεται ότι είναι η ίδια η «ELETSON HOLDINGS INC.» που δηλώνει στην έκδοση ομολογιακού δανείου, ύψους 300 εκ. δολλαρίων ότι έχει γραφεία στο Κονέκτικατ (Connecticut), στην πόλη Στάμφορντ (Stamford) του Κονέκτικατ (Η.Π.Α.), που, λόγω του ότι ευρίσκεται στο νοτιοδυτικό Κονέκτικατ, υπάγεται στην Μητροπολιτική Περιφέρεια της Πολιτείας της Νέας Υόρκη. Σημειώνεται, επίσης, ότι στο παρελθόν είχε εκδώσει και άλλο ομολογιακό δάνειο ύψους 103 εκ. δολλαρίων. Επομένως, η μοναδική δραστηριότητα της «ELETSON HOLD-INGS INC.» ήταν να αναζητεί και να λαμβάνει χρηματοδότηση στις Η.Π.Α. από κεφάλαια αμερικανικής προέλευσης. Είναι, μάλιστα, η αδυναμία της να εξυπηρετήσει το ομολογιακό αυτό δάνειο που οδήγησε στο Chapter 11. Εν σχέσει με το ομολογιακό αυτό δάνειο, σημειώνεται ότι το σύνολο των συμβάσεων που το αφορούν, σύναψη, ορισμός διαχειριστή, ανταλλαγή παλαιών ομολογιών με νέες, δύο συμφωνίες υποβοηθούμενης αναδιοργάνωσης, καταρτίσθηκαν, όπως αναλυτικώς εξετάθη, στην **Νέα Υόρκη**. Αυτές ήταν οι μόνες και εξέχουσας σημασίας συμβάσεις. Στην **Νέα Υόρκη** λήφθηκαν οι σημαντικότατες αυτές αποφάσεις για τη χρηματοδότηση που ήταν και η δραστηριότητά της. Η Νέα Υόρκη είναι, συνεπώς, η πραγματική -

20

έδρα της «ELETSON HOLDINGS INC.» και, οπωσδήποτε, το ΚΚΣ της, κατά τον χρόνο έναρξης της πτωχευτικής διαδικασίας. Αυτός είναι ο λόγος που σε όλες τις συμβάσεις συμφωνείται εφαρμοστέο το δίκαιο της Νέας Υόρκης και αρμόδια τα δικαστήριά της. Αυτός είναι ο λόγος που στον υπ' αριθμ. 23 όρο των δύο RSA η «ELETSON HOLDINGS INC.» συμφώνησε, αν τεθεί ζήτημα Chapter 11, κατόπιν αιτήματός της, όπως και έγινε, αυτό να λάβει χώρα στο Πτωχευτικό Δικαστήριο της Νέας Υόρκης. **Το ΚΚΣ της Νέας Υόρκης είναι αναγνωρίσιμο ως τέτοιο από τους πιστωτές της**. Πράγματι, το σύνολο των πιστωτών της, όπως αποδεικνύεται εκ των οικείων εγγράφων, με **πιστώσεις άνω των 290 εκ. δολλαρίων**, είναι όλοι νομικά πρόσωπα με έδρα τις Η.Π.Α. Εις επίρρωση, σημειώνεται ότι **ουδέποτε η «ELETSON HOLDINGS INC.»**, οι τότε μέτοχοί της, αλλά και το τότε διοικητικό συμβούλιό της **αμφισβήτησαν** την δικαιοδοσία του Αμερικανικού Πτωχευτικού Δικαστηρίου, με το επιχείρημα ότι δεν είναι εκεί το ΚΚΣ της. Ήταν αυτή η «ELETSON HOLD-INGS INC.», που με **αίτησή της**, ζήτησε να μετατραπεί η ακούσια πτώχευσή της, σε διαδικασία Chapter 11. Επομένως, βάσει των ανωτέρω κατερρίφθηκε το τεκμήριο, αποδεικνύεται η διάσταση μεταξύ καταστατικής έδρας (Λιβερία) και πραγματικής έδρας (Νέα Υόρκη – Η.Π.Α.), στην οποία και εντοπίζεται το ΚΚΣ της «ELETSON HOLDINGS INC.». Εντεύθεν, η αλλοδαπή διαδικασία Chapter 11 εκκίνησε και διεξάγεται στον τόπο που εντοπίζετο και εντοπίζεται το ΚΚΣ της «ELETSON HOLDINGS INC.», ήτοι στην Νέα Υόρκη.

54. Συντρεχουσών, έτσι, όλων των κατά νόμον προϋποθέσεων, πρέπει να αναγνωρισθεί από το Δικαστήριό Σας ως κύρια διαδικασία αφερεγγυότητας η αλλοδαπή διαδικασία αφερεγγυότητα του Chapter 11, ήτοι η από 4ης Νοεμβρίου 2024 Διάταξη του Πτωχευτικού Δικαστηρίου των Η.Π.Α. – Νότιας Περιφέρειας της Νέας Υόρκης (Case No: 23-10322 (JPM)), υπό τον τίτλο: «FINDINGS OF FACTS, CONCLUSION OF LAWS, AND ORDER CONFIRM-ING PETIONING CREDITORS' AMENDED JOINT CHAPTER 11 PLAN OF ELETSON HOLDINGS INC. AND ITS AFFILIATED DEBTORS».

Δ. Συνυποβαλλόμενα με την αίτηση έγγραφα

55. Κατ' εφαρμογή του άρθρ. 15 παρ. 1 στοιχ. α' ν. 3858/2010, συνυποβάλλω, ως συνημμένα στην παρούσα, τα εξής έγγραφα, τα οποία είναι όλα νομίμως

επικυρωμένα αντίγραφα, εκ των επικυρωμένων στις Η.Π.Α. αντιγράφων, που όλα φέρουν την επισημείωση της Χάγης και συνοδεύονται τα νομίμως επικυρωμένα αντίγραφα από επίσημη μετάφρασή τους στην Ελληνική γλώσσα:

i.  Την από 03.07.2023 αίτηση ακούσιας πτώχευσης (Κεφάλαιο 7 – Chapter 7) κατά του οφειλέτη: «ELETSON HOLDINGS INC.», απευθυνόμενη στο πτωχευτικό δικαστήριο της νότιας περιφέρειας της Νέας Υόρκης, με την οποία ανοίχθηκε η υπόθεση υπό στοιχεία: 23-10322-jpm [Συνημμένο 1].

ii.  Την υπ' αριθμ. Doc 215/25.09.2023 (άλλη) Διάταξη του Πτωχευτικού Δικαστηρίου της Νότιας Περιφέρειας της Νέας Υόρκης στην υπόθεση, Case No. 23-10322 (JPM), υπό τον τίτλο: «ORDER CONVERTING THESE CASES TO CASES UNDER CHAPTER 11», με την οποία, κατόπιν αιτήματος της «ELETSON HOLDINGS INC.» μετατράπηκε η διαδικασία ακούσιας πτώχευσης (Chapter 7, Κεφάλαιο 7) σε τέτοια εκούσιας πτώχευσης (Chapter 11, Κεφάλαιο 11) [Συνημμένο 2].

iii.  Την υπ' αριθμ. Doc. 1212/25.10.2024 (άλλη) Διάταξη του Πτωχευτικού Δικαστηρίου της Νότιας Περιφέρειας της Νέας Υόρκης στην υπόθεση, Case No. 23-10322 (JPM), υπό τον τίτλο: «MEMORANDUM OPINION AND ORDER CONFIRMING PETITIONING CREDITORS' AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF ELETSON HOLDINGS INC. AND ITS AFILLIATED DEBTORS, SUSTAINING OBJECTIONS TO COMPETING PLANS, AND DENYING MOTION IN LIMINE», με την οποία το άνω δικαστήριο ενέκρινε το σχέδιο αναδιοργάνωσης [Συνημμένο 3].

iv.  Την από 4ης Νοεμβρίου 2024 Διάταξη του Πτωχευτικού Δικαστηρίου των Η.Π.Α. – Νότιας Περιφέρειας της Νέας Υόρκης (Case No: 23-10322 (JPM)), υπό τον τίτλο: «FINDINGS OF FACTS, CONCLUSION OF LAWS, AND ORDER CONFIRMING PETIONING CREDITORS' AMENDED JOINT CHAPTER 11 PLAN OF ELETSON HOLDINGS INC. AND ITS AFFILIATED DEBTORS», με την οποία επικυρώνεται το σχέδιο αναδιοργάνωσης [Συνημμένο 4].

v.   Το υπ' αριθμ. Doc. 1258/19.11.2024 έγγραφο της υπόθεσης Chapter 11, Case No. 23-10322 (JPM), υπό τον τίτλο: «NOTICE OF (I) THE OCCUR-RENCE OF THE EFFECTIVE DATE AND (II) FINAL DEADLINES FOR FILING CERTAIN», με το οποίο τίθεται σε ισχύ την **19.11.2024** το σχέδιο αναδιοργάνωσης [**Συνημμένο 5**].

vi.   Την υπ' αριθμ. Doc 1326 (άλλη) Διάταξη του Πτωχευτικού Δικαστηρίου των Η.Π.Α της Νότιας Περιφερείας της Νέας Υόρκης στην υπόθεση Chapter 11, Case No. 23-10322 (JPM), υπό τον τίτλο: «ORDER (I) AU-THORIZING ADAM SPEARS TO ACT AS FOREIGN REPRESENTA-TIVE OF REORGANIZED HOLDINGS AND (II) GRANTING RELARED RELIEF», με την οποία διορίσθηκε ο κ. Adam Spears αποκλειστικός «εκπρόσωπος στην αλλοδαπή» αποκλειστικώς για λογαριασμό της αναδιοργανωμένης «**ELETSON HOLDINGS INC.**» στην Ελλάδα και την Λιβερία και αποκλειστικώς προς τον σκοπό να ζητήσει την αναγνώριση ή να υποστηρίξει αιτήσεις αναγνώρισης της διαδικασίας του Chapter 11 στην Ελλάδα και την Λιβερία [**Συνημμένο 6**].

vii.   Το υπ' αριθμ. Document 20/30.12.2024 του Περιφερειακού Δικαστηρίου της Νότιας Περιφερείας της Νέας Υόρκης στην υπόθεση Case 1:24-cv-08672-LJL του, υπό τον τίτλο: «STIPULATION AND AGREEMENT TO DISMISS APPEAL UNDER RULE 8023 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE», εκ του οποίου αποδεικνύεται ότι η από 07.11.2024 Έφεση της «**ELETSON HOLD-INGS INC.**» κατά της υπό iv. Διάταξης αποσύρθηκε οικειοθελώς [**Συνημμένο 7**].

viii.   Την από 28ης Ιανουαρίου 2025 Ένορκη Βεβαίωση (Affidavit) του ειδικού νομίμου εκπροσώπου μου, με την οποία βεβαιώνει ότι δεν υφίσταται άλλη γνωστή σε αυτόν αλλοδαπή διαδικασία αφερεγγυότητας σχετική με εμένα [**Συνημμένο 8**].

————————————————

*Επειδή* η αίτησή μου αυτή είναι νόμιμη, βάσιμη και ορισμένη.

*Επειδή* ασκείται στο καθ' ύλη και κατά τόπο αρμόδιο δικαστήριο.

*Επειδή* συντρέχει πρόδηλο έννομο συμφέρον μου να αναγνωρισθεί στην Ελλάδα ως κύρια διαδικασία αφερεγγυότητας η αλλοδαπή διαδικασία αφερεγγυότητας του Κεφαλαίου 11 του Αμερικανικού Πτωχευτικού Κώδικα, ήτοι: **(α.)** η υπ' αριθμ. Doc. 1212/25.10.2024 Διάταξη του Πτωχευτικού Δικαστηρίου της Νότιας Περιφέρειας της Νέας Υόρκης στην υπόθεση, Case No. 23-10322 (JPM), υπό τον τίτλο: **«MEMORANDUM OPINION AND ORDER CONFIRMING PETITIONING CREDITORS' AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF ELETSON HOLDINGS INC. AND ITS AFILLIATED DEBTORS, SUSTAINING OBJECTIONS TO COMPETING PLANS, AND DENYING MOTION IN LIMINE»** και **(β.)** η από 4ης Νοεμβρίου 2024 Διάταξη του Πτωχευτικού Δικαστηρίου των Η.Π.Α. – Νότιας Περιφέρειας της Νέας Υόρκης (Case No: 23-10322 (JPM)), υπό τον τίτλο: **«FINDINGS OF FACTS, CONCLUSION OF LAWS, AND ORDER CONFIRMING PETIONING CREDITORS' AMENDED JOINT CHAPTER 11 PLAN OF ELETSON HOLDINGS INC. AND ITS AFFILIATED DEBTORS»**

Διότι, πρώην μέτοχοι μου, ήτοι οι εταιρίες «Elafonissos Shipping Corporation» και «Keros Shipping Corporation» υπέβαλαν, ως εξετέθη, ενώπιον του Μονομελούς Πρωτοδικείου Πειραιώς την από 11.11.2024 και με αριθμ. κατάθεσης 16655/7823/ 2024 αίτηση, διαδικασίας εκουσίας δικαιοδοσίας. Με αυτήν, ισχυριζόμενοι ότι, λόγω των άνω παραιτήσεων, επήλθε περίπτωση έλλειψης διοικήσεως, αιτούνται δε τον διορισμό προσωρινής διοικήσεως της **«ELETSON HOLDINGS INC.».** Όπως εξετέθη, η αίτηση συζητείται την 04.02.2025.

Την **12η Νοεμβρίου 2024** τους χορηγήθηκε και προσωρινή διαταγή του κ. Δικαστή του Μονομελούς Πρωτοδικείου Πειραιώς. Με αυτήν διορίσθηκαν ως μέλη της προσωρινής διοίκησης οι: α) Βασίλειος Χατζηελευθεριάδης, (β) Κωνσταντίνος Χατζηελευθεριάδης, γ) Ιωάννης Ζηλάκος, δ) Εμμανουήλ Ανδρεουλάκης, ε) Ανδριανός Ψωμαδάκης – Καρασταμάτης, στ) Πάνος Παξινός, ζ) Ελένη Γιαννακοπούλου και η) Νίκη συζ. Νικολάου Ζηλάκου. Επομένως, αυτήν την στιγμή στην Ελλάδα φέρεται να υπάρχει διοίκησή μου, η οποία, βεβαίως, ως εξετέθη [ανωτέρω, αριθμ. 36.i.] ανακλήθηκε.

24

Παρά ταύτα, δεν έπαυσε να δρα, κατά προφανή νόσφιση εξουσίας, επιχειρούσα να εμποδίσει την αναδιοργάνωσή μου. Αυτή η συμπεριφορά της δήθεν διοίκησης μου, η οποία ισχυρίζεται ότι με εκπροσωπεί και με αναφέρει ως «προσωρινή» (provisionary) Eletson Holdings Inc.», τέτοιο νομικό πρόσωπο υφίσταται μόνον στην φαντασία των πρώην μετόχων και διοικητών μου, με υποχρέωσε, μέσω της νόμιμης διοίκησής μου, να προσφύγω στο Πτωχευτικό Δικαστήριο της Νότιας Περιφέρειας της Πολιτείας της Νέας Υόρκης των Η.Π.Α. και να ζητήσω με αίτησή μου προστασία.

Η αίτησή μου συζητήθηκε την 24η Ιανουαρίου 2025 και έγινε αυθημερόν δεκτή. Με τη δε από 29.01.2025 Διαταγή του, η οποία είναι άμεσα εκτελεστή, το άνω Πτωχευτικό Δικαστήριο διέταξε τους πρώην μετόχους μου και τα ανωτέρω πρώην μέλη του Διοικητικού Συμβουλίου να πράξουν, και μάλιστα εντός επτά ημερών από την επίδοση σε αυτούς της άνω Διαταγής, ό,τι είναι αναγκαίο για την υλοποίηση του σχεδίου αναδιοργάνωσης, επιφυλασσόμενο να τους επιβάλλει, κατόπιν νέου αιτήματός μου, κυρώσεις, σε περίπτωση μη συμμόρφωσης.

*Επειδή* η διάταξη του άρθρ. 19 παρ. 1 ν. 3858/2010 προβλέπει ότι από την κατάθεση της αίτησης προς αναγνώριση και μέχρι την έκδοση της απόφασης, το δικαστήριο μπορεί, μετά από αίτημα του αλλοδαπού συνδίκου, εν προκειμένω εμού, ως οφειλέτη εν κατοχή (debtor in possession), να παρέχει προσωρινή προστασία, μεταξύ άλλων για την προστασία του οφειλέτη ή των συμφερόντων των πιστωτών. Μέτρα δε προστασίας είναι μεταξύ άλλων, αυτό που προβλέπεται στην περ. ζ΄ της παρ. 1 του άρθρ. 21 ν. 3858/2010, ήτοι «… *η παροχή στον αλλοδαπό σύνδικο οποιασδήποτε εξουσίας που απονέμει το ελληνικό δίκαιο στον σύνδικο*». Και το ελληνικό δίκαιο απονέμει στον σύνδικο την αποκλειστική εξουσία να διαχειρίζεται μόνος την πτωχευτική περιουσία και να εκπροσωπεί τον οφειλέτη συναφώς. Επομένως, εγώ η αιτούσα, ως οφειλέτης εν κατοχή, εξομοιώνομαι, κατά τα εκτεθέντα, πλήρως με τον σύνδικο και τα δικαιώματα, ομοίως και τις υποχρεώσεις του.

*Επειδή* συντρέχει επείγουσα περίπτωση και επικείμενος κίνδυνος να μου παρασχεθεί προσωρινή προστασία, υπό την μορφή προσωρινής διαταγής, κατ΄ άρθρ. 781 ΚΠολΔ, σε συνδυασμό με τα άρθρα 19 και 21· του ν. 3858/2010,

δεδομένου ότι η εκ μέρους των άνω πρώην μετόχων αίτηση και ο διορισμός προσωρινού διοικητικού συμβουλίου συνιστά νόσφιση της εκπροσωπευτικής εξουσίας μου, εκπροσώπηση η οποία στην Ελλάδα μπορεί να ασκείται μόνο από τον κ. Adam Spears, κατά τα εκτεθέντα. Η νόσφιση αυτή, η οποία διαπιστώνεται από την άνω από 24.01.2025 απόφαση του Πτωχευτικού Δικαστηρίου της Νότιας Περιφέρειας της Πολιτείας της Νέας Υόρκης των Η.Π.Α. και την από 29.01.2025 Διαταγή του, διακινδυνεύει, αυτονοήτως, τα συμφέροντά μου, αλλά και αυτά των πιστωτών μου, αφού με αυτή διώκεται, παρανόμως, αν όχι η ανατροπή, τουλάχιστον η ανάσχεση της προόδου της εκκρεμούσας αναδιοργάνωσής μου, όπως, άλλωστε, κρίνει και το άνω Πτωχευτικό Δικαστήριο των ΗΠΑ.

Σημειώνεται ότι δεν υφίσταται άλλη μέθοδος ανάσχεσης της ανωτέρω πρακτικής του «προσωρινού διοικητικού συμβουλίου». Πράγματι, λόγω της αποκλειστικής αρμοδιότητας του Δικαστηρίου Σας, το αίτημα της αναγνώρισης της αλλοδαπής διαδικασίας δεν μπορεί να προβληθεί, ως πρόκριμα/παρεμπίπτων ζήτημα, ενώπιον του Μονομελούς Πρωτοδικείου Πειραιώς, κατά τη δικάσιμο της 04.02.2025, όταν και συζητείται η αίτηση των άνω δύο πρώην μετόχων μου. Διότι το δικαστήριο αυτό στερείται πλήρως λειτουργικής αρμοδιότητας. Επομένως, πρέπει να εκδοθεί προσωρινή διαταγή, με την οποία να ανατίθεται στον ειδικό νόμιμο εκπρόσωπό μου κ. Adam Spears η διοίκησή μου στην Ελλάδα, μέχρι την αναγνώριση της άνω αλλοδαπής διαδικασίας στην Ελλάδα.

**Επειδή** κατέβαλα τα υπ᾽ αριθ.1.5550.0.8.9 ., 0.5550.9.18 ................. γραμμάτια προείσπραξης δικηγορικής αμοιβής των πληρεξούσιων δικηγόρων μου.

---

ΓΙΑ ΤΟΥΣ ΛΟΓΟΥΣ ΑΥΤΟΥΣ

Και όσα κατά τη συζήτηση προστεθούν, με την ρητή δε επιφύλαξη κάθε δικαιώματός μου εν γένει,

## ΑΙΤΟΥΜΑΙ

1. Να γίνει δεκτή η παρούσα αίτησή μου.

2. Να αναγνωρισθεί, κατ' εφαρμογή του ν. 3858/2010, στην Ελλάδα ως κύρια διαδικασία αφερεγγυότητας η αλλοδαπή διαδικασία του Κεφαλαίου 11 του Αμερικανικού Πτωχευτικού Κώδικα του οφειλέτη «ELETSON HOLDINGS INC.» ήτοι: **(α.)** η υπ' αριθμ. Doc. 1212/25.10.2024 Διάταξη του Πτωχευτικού Δικαστηρίου της Νότιας Περιφέρειας της Νέας Υόρκης στην υπόθεση, Case No. 23-10322 (JPM), υπό τον τίτλο: **«MEMORANDUM OPINION AND ORDER CONFIRMING PETITIONING CREDITORS' AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF ELETSON HOLDINGS INC. AND ITS AFILLIATED DEBTORS, SUSTAINING OBJECTIONS TO COMPETING PLANS, AND DENYING MOTION IN LIMINE»** και **(β.)** η από 4ης Νοεμβρίου 2024 Διάταξη του Πτωχευτικού Δικαστηρίου των Η.Π.Α. – Νότιας Περιφέρειας της Νέας Υόρκης (Case No: 23-10322 (JPM)), υπό τον τίτλο: **«FINDINGS OF FACTS, CONCLUSION OF LAWS, AND ORDER CONFIRMING PETIONING CREDITORS' AMENDED JOINT CHAPTER 11 PLAN OF ELETSON HOLDINGS INC. AND ITS AFFILIATED DEBTORS».**

3. Να μου χορηγηθεί προσωρινή διαταγή με την οποία, έως και την έκδοση αποφάσεως του Δικαστηρίου σας, να ανατίθεται στον ειδικό νόμιμο εκπρόσωπό μου, κ. Adam Spears, η διοίκησή μου στην Ελλάδα, κατ' αποκλεισμό οποιοδήποτε άλλου προσώπου.

4. Να διαταχθεί κάθε άλλο νόμιμο.

*Αθήνα, 3 Φεβρουαρίου 2025*
*Οι πληρεξούσιοι δικηγόροι*

ΓΕΩΡΓΙΟΣ Ι. ΜΠΑΜΠΕΤΑΣ
Δ.Ν. ΔΙΚΗΓΟΡΟΣ
ΕΠ. ΚΑΘΗΓΗΤΗΣ ΝΟΜΙΚΗΣ ΣΧΟΛΗΣ Δ.Π.Θ.
ΚΑΛΛΙΦΡΟΝΑ 60-62, 11364, ΑΘΗΝΑ
ΑΦΜ: 043945799    ΔΟΥ Γ' ΑΘΗΝΩΝ
ΤΗΛ.: 215 5016555  ΚΙΝ.: 6944 514056
email: v...ba...@otenet.gr

27





ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ

ΠΡΩΤΟΔΙΚΕΙΟ ΑΘΗΝΩΝ

### ΕΚΘΕΣΗ ΚΑΤΑΘΕΣΗΣ ΔΙΚΟΓΡΑΦΟΥ

Είδος Δικογράφου: ΑΙΤΗΣΗ

Γενικός Αριθμός Κατάθεσης: 25046/2025

Ειδικός Αριθμός Κατάθεσης: 43/2025

Στο ΠΡΩΤΟΔΙΚΕΙΟ ΑΘΗΝΩΝ σήμερα την 03-02-2025 ημέρα Δευτέρα και ώρα 11:12 εμφανίσθηκε στη Γραμματεία ο/η/οι δικηγόρος/οι ΟΡΦΑΝΙΔΟΥ ΜΑΡΙΑ με ΑΜ: 025791 του Δ.Σ. ΑΘΗΝΩΝ με Α.Φ.Μ. 123490950 και κατέθεσε/αν το παραπάνω δικόγραφο.

Για την πράξη αυτή συντάχθηκε η έκθεση αυτή που υπογράφεται νόμιμα.

Ο/Η Καταθέσας                                    Ο/Η Γραμματέας

ΟΡΦΑΝΙΔΟΥ ΜΑΡΙΑ                          ΙΑΚΩΒΟΥ ΓΕΩΡΓΙΟΣ

### ΠΡΑΞΗ ΟΡΙΣΜΟΥ ΣΥΖΗΤΗΣΗΣ

Διαδικασία: ΕΚ.ΠΟΛΥΜΕΛΟΥΣ-ΠΤΩΧΕΥΣΗ

Πινάκιο: P1

με Αριθμό Πινακίου: 3

Ορίζουμε ως χρόνο συζήτησης την 19-03-2025, ημέρα Τετάρτη και ώρα 09:00 στο ακροατήριο του ΠΡΩΤΟΔΙΚΕΙΟΥ ΑΘΗΝΩΝ στο Κτίριο 6 Αίθουσα 12.

ΑΘΗΝΑ, 03-02-2025

Δικαστής Προσδιορισμού

ΡΕΒΥΘΗ ΝΙΚΗ





**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ**

ΠΡΩΤΟΔΙΚΕΙΟ ΑΘΗΝΩΝ

### ΕΚΘΕΣΗ ΚΑΤΑΘΕΣΗΣ ΔΙΚΟΓΡΑΦΟΥ

Είδος Δικογράφου: ΑΙΤΗΣΗ ΠΡΟΣΩΡΙΝΗΣ ΔΙΑΤΑΓΗΣ

Γενικός Αριθμός Κατάθεσης: 25252/2025

Ειδικός Αριθμός Κατάθεσης: 20/2025

Στο ΠΡΩΤΟΔΙΚΕΙΟ ΑΘΗΝΩΝ σήμερα την 03-02-2025 ημέρα Δευτέρα και ώρα 11:53 εμφανίσθηκε στη Γραμματεία ο/η δικηγόρος ΟΡΦΑΝΙΔΟΥ ΜΑΡΙΑ με ΑΜ: 025791 του Δ.Σ. ΑΘΗΝΩΝ με Α.Φ.Μ. 123490950 και κατέθεσε τα παραπάνω δικόγραφα.

Για την πράξη αυτή συντάχθηκε η έκθεση αυτή που υπογράφεται νόμιμα.

Ο/Η Καταθέσας                                  Ο/Η Γραμματέας

ΟΡΦΑΝΙΔΟΥ ΜΑΡΙΑ                                 ΚΑΠΕΝΗ ΜΑΡΙΑΝΝΑ

### ΠΡΑΞΗ ΟΡΙΣΜΟΥ ΣΥΖΗΤΗΣΗΣ

Διαδικασία: ΑΣΦΑΛΙΣΤΙΚΑ ΜΕΤΡΑ ΠΟΛΥΜΕΛΕΣ

Ο/Η Πρόεδρος Υπηρεσίας ορίζει ως χρόνο συζήτησης της Προσωρινής Διαταγής την 04-02-2025, ημέρα Τρίτη και ώρα 13:00 στο γραφείο του Προέδρου Υπηρεσίας του ΠΡΩΤΟΔΙΚΕΙΟΥ ΑΘΗΝΩΝ στο με τον όρο να επιδοθεί αντίγραφο της αίτησης και της πράξης αυτής ΕΝΤΟΣ ΤΗΣ ΣΗΜΕΡΟΝ πριν από τη συζήτηση στην ELAFONISSOS SHIPPING και στην KEROS SHIPPING CORPORATION, με επιμέλεια του αιτούντος ή τηλεφωνικά με επιμέλεια της Γραμματείας του Δικαστηρίου τούτου.

ΑΘΗΝΑ, 03-02-2025

Ο/Η Πρόεδρος

ΤΣΑΓΚΙΑ ΜΑΡΙΑ

ΑΚΡΙΒΕΣ ΑΝΤΙΓΡΑΦΟ ΑΙΤΗΣΗΣ προσωρ... το οποίο θεωρήθηκε για τη νόμιμη σήμανση και έκδοση του κατά τη σειρά της  5-7-25 Αθήνα,.....
... Γραμματέας
ΓΕΩΡΓΙΟΣ ΙΑΚΩΒΟΥ

# EXHIBIT B

1

Ενώπιον του Πολυμελούς Πρωτοδικείου Αθηνών

*[Διαδικασία Εκουσίας Δικαιοδοσίας]*

ΣΗΜΕΙΩΜΑ

Της αναδιοργανωμένης αλλοδαπής εταιρίας, υπό την επωνυμία: «ELETSON HOLDINGS INC.», η οποία, κατά το καταστατικό της, εδρεύει στην Λιβερία, πλην όμως, η πραγματική έδρα της και, πέραν τούτης, το Κέντρο των Κυρίων Συμφερόντων της ευρίσκεται στην πολιτεία της Νέας Υόρκης  (One Pennsylvania Plaza Suite 3335, New York, NY 10119, United States, Η.Π.Α.), νομίμως εκπροσωπούμενη, από τον κ. *Άνταμ Σπίαρς* (Adam Spears), δυνάμει της από 20.12.2024 διάταξης (order) του Πτωχευτικού Δικαστηρίου Νότιας Περιφερείας της Πολιτείας της Νέας Υόρκης.

ΕΠΙ ΤΟΥ ΑΙΤΗΜΑΤΟΣ ΧΟΡΗΓΗΣΗΣ ΠΡΟΣΩΡΙΝΗΣ ΔΙΑΤΑΓΗΣ

ΚΑΤ᾽ΑΡΘΡΟ 781 ΚΠολΔ & ΑΡΘΡΑ 19 &  21 Ν. 3858/2010

Στο πλαίσιο της από 3.2.2025 αίτησής μου με ΓΑΚ/ΕΑΚ 25046/43/2025, συζητείται σήμερα ενώπιόν Σας το αίτημά μου με ΓΑΚ/ΕΑΚ 25252/20/2025 για την χορήγηση προσωρινής διαταγής κατ᾽ άρθρο 781 ΚΠολΔ σε συνδυασμό με τα άρθρα 19 και 21 ν. 3858/2010, επικυρωμένο αντίγραφο της οποίας επέδωσα νομίμως και εμπροθέσμως στις εταιρίες «ELAFONISSOS SHIPPING CORPORATION» και «KEROS  SHIPPING CORPORATION», σύμφωνα με την οικεία εντολή της κας Προέδρου Υπηρεσίας, όπως αποδεικνύεται από τις προσκομιζόμενες μετ᾽ επικλήσεως υπ᾽ αριθμ. 5023Ι και 5024Ι/3.2.2025 εκθέσεων επιδόσεως του Δικαστικού Επιμελητή στο Εφετείο Αθηνών Ι. Μαδεμτζή (Σχετ. Α, Β).

Προς απόδειξη των όσων αναλυτικά διαλαμβάνω στην αίτησή μου, πέραν των εγγράφων που έχουν συνυποβληθεί με την ως άνω  αίτησή μου, στα οποία αναφέρομαι και παραπέμπω προς αποφυγή αναπαραγωγής πολυσέλιδων αντιγράφων, επικαλούμαι και προσκομίζω επιπλέον και τα ακόλουθα έγγραφα, νομίμως επικυρωμένα και σε ελληνική μετάφραση, όσα εξ'αυτών είναι στην αγγλική γλώσσα:

1. Την από 11.11.2024 αίτηση των εταιριών «ELAFONISSOS SHIPPING CORPORATION» και «KEROS  SHIPPING CORPORATION», πρώην μετόχων της «ELETSON HOLDINGS INC.», με την οποία ζητούν, κατ' άρθρο 69 ΑΚ, τον διορισμό προσωρινής διοίκησης στην αναδιοργανωμένη «ELETSON HOLDINGS INC.», κατά παράβαση των οριζόμενων στο σχέδιο αναδιοργάνωσής της που επικυρώθηκε με την από 4-11-2024 Διαταγή επικύρωσης  (βλ. συν.  έγγραφο στην αίτηση), δυνάμει του οποίου από τις 19.11.2024 υφίσταται ΔΣ στην αναδιοργανωμένη «ELETSON HOLDINGS INC.» αποτελούμενο από τους (α.) Άνταμ Σπίαρς (Adam Spears), (β.) Λέοναρντ Τζέϊ Χόσκινσον (Leonard J. Hoskinson) και (γ.) Τίμοθυ Μπ. Μάθιους (Timothy B. Matthews), κατά τα αναλυτικά αναφερόμενα στην αίτησή μου (Σχετ. 1α).

2. Την από 03.02.2025 κύρια παρέμβαση της «ELETSON HOLDINGS INC.» κατά της από 11.11.2024 αίτησης των εταιριών «ELAFONISSOS SHIPPING CORPORATION» και «KEROS  SHIPPING CORPORATION» ενώπιον του Μονομελούς Πρωτοδικείου Πειραιά (Σχετ. 1β).

3. Την από 29.01.2025 Διαταγή του Πτωχευτικού Δικαστηρίου των Η.Π.Α.  υπό τον τίτλο "ORDER IN SUPPORT OF CONFIRMATION AND CONSUMMATION OF THE COURT-APPROVED PLAN OF REORGANIZATION" η οποία είναι άμεσα εκτελεστή, και με την οποία το άνω Πτωχευτικό Δικαστήριο διέταξε τους πρώην μετόχους μου και όλα τα πρώην μέλη του Διοικητικού Συμβουλίου να πράξουν, και μάλιστα εντός επτά ημερών

από την επίδοση σε αυτούς της άνω Διαταγής, ό,τι είναι αναγκαίο για την υλοποίηση του σχεδίου αναδιοργάνωσης, επιφυλασσόμενο να τους επιβάλλει, κατόπιν νέου αιτήματός μου, κυρώσεις, σε περίπτωση μη συμμόρφωσης (Σχετ. 2).

4. Τα πρακτικά της από 24.1.2025 συζήτησης στο πλαίσιο της οποίας εξεδόθη η ανωτέρω Διαταγή, όπου και οι πρώην μέτοχοι ουσιαστικά συνομολογούν ότι δεσμεύονται από το σχέδιο, καθώς προς αποφυγή της επιβολής κυρώσεων από το Πτωχευτικό Δικαστήριο επικαλούνται την μη αναγνώρισή του στην Ελλάδα και στη Λιβερία (Σχετ. 3).

5. Το σχέδιο αναδιοργάνωσης (Plan) της «ELETSON HOLDINGS INC.» που εγκρίθηκε με την από 25.10.2024 απόφαση του Πτωχευτικού Δικαστηρίου και επικυρώθηκε με την από 4.11.2024 Διαταγή του ιδίου Δικαστηρίου, η αναγνώριση των οποίων ζητείται με την από 3.2.2025 αίτησή μου (Σχετ. 4).

6. Τα από 23.12.2024 πρακτικά της συζήτησης της από 7.11.2024 έφεσης κατά του επικυρωθέντος σχεδίου αναδιοργάνωσης (Σχετ. 5). Η απόφαση απόσυρσης της έφεσης επισυνάπτεται στην αίτηση (υπό τον τίτλο STIPULATION AND AGREEMENT TO DISMISS APPEAL UNDER RULE 8023 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE). Για το ότι η απόφαση έχει καταστεί τελεσίδικη επικαλούμεθα και σχετική γνωμοδότηση δικηγόρου των ΗΠΑ, σύμφωνα με την οποία καμία διαδικασία έφεσης δεν βρίσκεται σε εκκρεμότητα και κάθε σχετική προθεσμία προς τούτο έχει παρέλθει (Σχετ. 5ᵃ).

7. Την από 19.11.2024 απόφαση των μετόχων για την ανάκληση όλων των μελών των προηγούμενων Διοικητικών Συμβουλίων, τον διορισμό του νέου ΔΣ στις 19.11.2024, αποτελούμενο από τους (α.) Άνταμ Σπίαρς (Adam Spears), (β.) Λέοναρντ Τζέι Χόσκινσον (Leonard J. Hoskinson) και (γ.) Τίμοθυ Μπ. Μάθιους (Timothy B. Matthews) και την τροποποίηση των καταστατικών εγγράφων της εταιρίας (Σχετ. 6), σύμφωνα με τα οριζόμενα στο επικυρωθέν σχέδιο αναδιοργάνωσης.

4

8. Την από 31.1.2025 Βεβαίωση των Διευθυντών και των μετόχων της αναδιοργανωμένης Eletson Holdings Inc. σύμφωνα με την οποία προκύπτει η από τις 19.11.2024 μετοχική σύνθεση και διοίκηση της εταιρίας (Σχετ. 7).

9. Οι τροποποιήσεις του καταστατικού και των εσωτερικών κανονισμών λειτουργίας της (Bylaws) σε συμμόρφωση με τα οριζόμενα στην απόφαση επικύρωσης του σχεδίου αναδιοργάνωσης (Σχετ. 8, 8α).

10. Επί των όσων αναφέρω στο Ιστορικό σχετικά με τα ομολογιακά δάνεια της Eletson Holdings Inc, την υπερημερία της και τα δύο σχέδια αναδιάρθρωσης (RSA) που δεν κατάφερε να τηρήσει, με αποτέλεσμα να περιέλθει σε καθεστώς αφερεγγυότητας, το γεγονός ότι το σύνολο των πρώην μετόχων της συμμετείχαν στη διαδικασία του Chapter 11 και ψήφισαν στο σύνολό τους υπέρ του προταθέντος από την Eletson Holdings Inc (υπό την τότε διοίκησή της) σχεδίου, επικαλούμαι την υπ' αριθμ. Doc. 1212/25.10.2024 Διάταξη του Πτωχευτικού Δικαστηρίου της Νότιας Περιφέρειας της Νέας Υόρκης στην υπόθεση, Case No. 23-10322 (JPM), υπό τον τίτλο: «MEMORANDUM OPINION AND ORDER CONFIRMING PETITIONING CREDITORS' AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF ELETSON HOLDINGS INC. AND ITS AFILLIATED DEBTORS, SUSTAINING OBJECTIONS TO COMPETING PLANS, AND DENYING MOTION IN LIMINE», στην οποία αναφέρονται αναλυτικά όλα τα ανωτέρω και η οποία είναι συνημμένη στην αίτηση αναγνώρισης.

11. Το από 12.12.2023 Πρακτικό εξέτασης του Βασιλείου Κέρτσικωφ ενώπιον του Office United State Trustee (Επίτροπος Αφερεγγυότητας), στο πλαίσιο της διαδικασίας του chapter 11, στη σελ. 34 (στιχ. 15-24) της οποίας ερωτάται ο κ. Κέρτσικωφ: *Κε Κέρτσικωφ γνωρίζετε ποιος ήταν υπεύθυνος κάτω από την ομπρέλα της Eletson να αποφασίζει πότε και που να κάνει ενδοεταιρικές μεταφορές; Απ: «Καταρχήν, να διευκρινίσω, να κάνω μια εισαγωγική παρατήρηση εδώ. Αυτό δεν είναι μια start-up, ούτε είναι -- ξέρετε, τίποτα (αδιάκριτο) στην*

*Αφρική, ούτε ότι θέλω να κάνω πολιτική -- οποιαδήποτε -- δεν θέλω να προσβάλλω*
*κανέναν ή κάτι παρόμοιο, αλλά δεν είμαστε στο δάσος εδώ, έξω στο δάσος. Και η*
*εταιρεία, ξέρετε, λειτουργεί σύμφωνα με τους κανόνες GAAP[1] των ΗΠΑ για*
*περισσότερα από 35, σχεδόν 40 χρόνια.» («First of all, let me clarify, let me give an*
*introductory remark here. This is not a start-up, nor is it a -- you know, nothing*
*(indiscernible) in Africa, not that I want to make any politic -- any -- I don't want*
*to be insulting anybody or anything like that, but we're not in the woods here, out*
*in the woods. And the company has been, you know, has been operating within the*
*US GAAP rules for over 35, almost 40 years.).* Και στη συνέχεια στη σελ. 37
(στιχ. 2-4) καταθέτει τα εξής: *"Holdings -- ξέρετε, η Holdings δεν έχει*
*δραστηριότητες, η Holdings δεν έχει υπαλλήλους, η Holdings δεν έχει -- δεν έχει*
*τραπεζικούς λογαριασμούς"* (*Holdings -- you know, Holdings does not have*
*operations, Holdings doesn't have employees, Holdings has no -- has no bank accounts*)
(Σχετ. 9).

12. Την χορήγηση χρηματοδότησης ύψους 10 εκ. δολ. από την Pach Shemen προς
την Eletson Holdings (Σχετ. 10) για τους σκοπούς της αναδιοργάνωσής της.

*Επειδή* κατά τα λοιπά αναφέρομαι στα αναλυτικά διαλαμβανόμενα στην αίτησή
μου.

*Επειδή* εκ των προσαγόμενων εγγράφων αποδεικνύεται ότι συντρέχει επείγουσα
περίπτωση και επικείμενος κίνδυνος να μου παρασχεθεί προσωρινή προστασία,
υπό την μορφή προσωρινής διαταγής, κατ' άρθρ. 781 ΚΠολΔ, σε συνδυασμό με τα
άρθρα 19 και 21 του ν. 3858/2010, δεδομένου ότι η εκ μέρους των άνω πρώην
μετόχων αίτηση και ο διορισμός προσωρινού διοικητικού συμβουλίου συνιστά
νόσφιση της εκπροσωπευτικής εξουσίας μου, εκπροσώπηση η οποία στην Ελλάδα
μπορεί να ασκείται μόνον από τον κ. **Adam Spears**, κατά τα εκτεθέντα. Η νόσφιση

---

[1] Πρόκειται για τα Λογιστικά Πρότυπα των ΗΠΑ.

6

αυτή, η οποία διαπιστώνεται από την άνω από 24.01.2025 απόφαση του Πτωχευτικού Δικαστηρίου της Νότιας Περιφέρειας της Πολιτείας της Νέας Υόρκης των Η.Π.Α. (Σχετ. 3) και την από 29.01.2025 Διαταγή του (Σχετ. 2), διακινδυνεύει, αυτονοήτως, τα συμφέροντά μου, αλλά και αυτά των πιστωτών μου, αφού με αυτήν διώκεται, παρανόμως, αν όχι η ανατροπή, τουλάχιστον η ανάσχεση της προόδου της εκκρεμούσας αναδιοργάνωσής μου, όπως, άλλωστε, κρίνει και το άνω Πτωχευτικό Δικαστήριο των ΗΠΑ.

Ο ανωτέρω κίνδυνος επιτείνεται, από το γεγονός ότι οι εταιρίες, πρώην μέτοχοι Elafonissos Shipping Corp και Keros Shipping Corp από κοινού και σε άρτιο συντονισμό με την προσωρινή διοίκηση που ορίσθηκε με την από 12.11.2024 προσωρινή διαταγή του Μονομελούς Πρωτοδικείου Πειραιά, άσκησαν κύρια παρέμβαση κατά της ανωτέρω αίτησης αναγνώρισης, προβάλλοντας ότι το ΚΣΣ της Eletson είναι στην Ελλάδα (Σχετ. 11), ΜΟΛΟΝΟΤΙ ΑΠΑΝΤΕΣ ΟΙ ΠΡΩΗΝ ΜΕΤΟΧΟΙ ΨΗΦΙΣΑΝ ΤΟ ΣΧΕΔΙΟ ΑΝΑΔΙΟΡΓΑΝΩΣΗΣ ΠΟΥ ΕΙΧΕ ΥΠΟΒΛΗΘΕΙ ΑΠΟ ΤΗΝ ELETSON HOLDINGS INC, υπό την τότε διοίκησή της.

Σημειώνεται ότι δεν υφίσταται άλλη μέθοδος ανάσχεσης της ανωτέρω πρακτικής του «προσωρινού διοικητικού συμβουλίου». Πράγματι, λόγω της αποκλειστικής αρμοδιότητας του Δικαστηρίου Σας, το αίτημα της αναγνώρισης της αλλοδαπής διαδικασίας δεν μπορεί να προβληθεί, ως πρόκριμα/παρεμπίπτων ζήτημα, ενώπιον του Μονομελούς Πρωτοδικείου Πειραιώς, κατά τη δικάσιμο της 04.02.2025, όταν και συζητείται η αίτηση των άνω δύο πρώην μετόχων μου. Διότι το δικαστήριο αυτό στερείται πλήρως λειτουργικής αρμοδιότητας. Επομένως, πρέπει να εκδοθεί προσωρινή διαταγή, με την οποία να ανατίθεται στον ειδικό νόμιμο εκπρόσωπό μου κ. Adam Spears η διοίκησή μου στην Ελλάδα, μέχρι την αναγνώριση της άνω αλλοδαπής διαδικασίας στην Ελλάδα.

ΓΙΑ ΤΟΥΣ ΛΟΓΟΥΣ ΑΥΤΟΥΣ

ΑΙΤΟΥΜΑΙ

Να μου χορηγηθεί προσωρινή διαταγή με την οποία, έως και την έκδοση αποφάσεως του Δικαστηρίου σας, να ανατίθεται στον ειδικό νόμιμο εκπρόσωπό μου, κ. Adam Spears, η διοίκησή μου στην Ελλάδα, κατ' αποκλεισμό οποιουδήποτε άλλου προσώπου.

Να διαταχθεί κάθε άλλο νόμιμο μέτρο για την διασφάλιση των συμφερόντων της αναδιοργανωμένης Eletson Holdings Inc.

**Αθήνα, 4 Φεβρουαρίου 2025**

Οι πληρεξούσιοι δικηγόροι
