**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| ELETSON HOLDINGS INC., et al., | Case No.: 23-10322 (JPM) |
| Debtors.[1] | Jointly Administered |

**OPPOSITION OF NON-PARTY DANIOLOS LAW FIRM TO THE EMERGENCY MOTION OF ELETSON HOLDINGS INC. FOR ENTRY OF A FURTHER ORDER IN SUPPORT OF CONFIRMATION AND CONSUMMATION OF <u>THE COURT-APPROVED PLAN OF REORGANIZATION</u>**

---

[1] The Debtors in these chapter 11 cases are: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC.

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT ....................................................................................................1

INTRODUCTION ...........................................................................................................................1

RELEVANT FACTS .......................................................................................................................2

ARGUMENT ...................................................................................................................................5

    1.    The Bankruptcy Rules Applicable To The New Sanctions Motion Require Service On Greek Entities/Individuals Including Daniolos In Accordance With The Hague Convention ........................................................................................................................... 5

    2.    The Court Does Not Have Jurisdiction Because Daniolos Was Not Served Under The Hague Convention ..................................................................................................... 7

    3.    The Court Does Not Have Jurisdiction Because The Exercise Of Jurisdiction Over Daniolos Is Inconsistent With Due Process ....................................................................... 9

CONCLUSION ..............................................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
 305 F.3d 120 (2d Cir. 2002) .................................................................................................. 12

*Daskin v. Knowles*,
 193 A.3d 717 (Del. 2018) ................................................................................................... 7, 8

*Hau Yin To v. HSBC Holdings PLC*, No. 15CV3590-LTS-SN,
 2017 WL 816136 (S.D.N.Y. Mar. 1, 2017) ........................................................................... 11

*In re Advance Watch Co., Ltd.*,
 587 B.R. 598 (Bankr. S.D.N.Y. 2018) ................................................................................. 6, 8

*In re Bozel, S.A.*,
 434 B.R. 86 (Bankr. S.D.N.Y. 2010) ....................................................................................... 9

*In re Hawker Beechcraft, Inc.*,
 486 B.R. 264 (Bankr. S.D.N.Y. 2013) ..................................................................................... 6

*In re Lehman Bros. Holdings Inc.*,
 535 B.R. 608 (Bankr. S.D.N.Y. 2015) ..................................................................................... 9

*In re Rama Group of Companies, Inc.*,
 496 B.R. 307 (Bankr. W.D.N.Y. 2013) ................................................................................... 6

*In re Sledziejowski*,
 2016 WL 6155929 (Bankr. S.D.N.Y. Oct. 21, 2016) ................................................... 9, 10, 11

*In re Teligent Inc.*,
 485 B.R. 62 (Bankr. S.D.N.Y. 2013) ....................................................................................... 9

*Metro. Life Ins. Co. v. Robertson–Ceco Corp.*,
 84 F.3d 560 (2d Cir. 1996) .................................................................................................... 10

*Smart Study Co. v. Acuteye-Us*,
 620 F. Supp. 3d 1382 (S.D.N.Y. 2022) ................................................................................ 7, 8

*SPV Osus Ltd. v. UBS AG*,
 882 F.3d 333 (2d. Cir. 2018) ............................................................................................ 10, 11

*Walden v. Fiore*,
 571 U.S. 277 (2014) .............................................................................................................. 10

*Water Splash, Inc. v. Menon*,

581 U.S. 271(2017) .................................................................................................. 8

**Rules**

Fed. R. Bankr. P. 7001(a) ....................................................................................... 6

Fed. R. Bankr. P. 7004, 7004(a) and 7004(f) .................................................. 6, 8, 9

Fed. R. Bankr. P. 9014 ............................................................................................ 6

Fed. R. Bankr. P. 9020 ........................................................................................ 3, 6

Federal Rules of Civil Procedure 4(f) and 4(h) ...................................................... 6

**PRELIMINARY STATEMENT**

1.      Non-Party Daniolos Law Firm ("Daniolos"), by and through its undersigned counsel, respectfully appears here solely for the limited purpose of raising with this Court again Daniolos's objection to the Court's jurisdiction over it in the context of and in Opposition to the Emergency Motion of Eletson Holdings Inc. ("Reorganized Eletson") for an Entry of a Further Order in Support of Confirmation and Consummation of the Court-Approved Plan of Reorganization, dated February 6, 2025 (ECF 1416) (the "New Sanctions Motion").  Daniolos respectfully denies that it has been properly served and that it is subject to the jurisdiction of this Court.  Thus, the filing of this document should not be considered as a waiver of this defense (or any other defense).

2.      For the reasons set forth herein, as well as in the uncontested December 10, 2024 "Opposition of Non-Party Daniolos Law Firm to the Emergency Motion of Reorganized Eletson Holdings Inc. for an Order Imposing Sanctions on Eletson Holdings' (A) Existing Person of Record and (B) Former Shareholders, Officers, Directors, and Counsel, including Reed Smith LLP (the "First Jurisdictional Submission", ECF 1285) and the accompanying December 10, 2024 declaration of Ioannis (John) Markianos-Daniolos ("Daniolos December Declaration", ECF 1285-1), the Court should confirm and find that:  (a) Daniolos has not been properly served under the Hague Convention; (b) this Court has no jurisdiction for lack of proper service and for the other reasons described herein; (c)  the New Sanctions Motion should be dismissed with regard to Daniolos; and (d) the same is true for the November 25 Sanctions Motion.

**INTRODUCTION**

3.      On December 10, 2024, in the First Jurisdictional Submission, Daniolos appeared specially to explain to the Court that Daniolos is not located in the United States, does no business in the United States, is not a part of these bankruptcy cases, was not served properly

1

through the Hague Convention with the November 25 "Emergency Motion of Reorganized Holdings" seeking Sanctions against various individuals and entities (ECF 1268) (the "November 25 Sanctions Motion"). Daniolos also demonstrated that the November 25 Sanctions Motion does not establish minimum contacts with the United States, and that the exercise of jurisdiction over a Greek law firm for providing Greek legal advice to Greek citizens would not be reasonable. The First Jurisdictional Submission was unopposed with no party disagreeing with or arguing against it. On December 30, 2024, in response to a letter from Daniolos seeking guidance with regard to a hearing scheduled for the Sanctions Motion, this Court directed that the "Daniolos Law Firm does not need to attend or participate in the evidentiary hearing scheduled to commence on January 6, 2025." (ECF 1333).

4. Yet, in the New Sanctions Motion, Reorganized Holdings again includes Daniolos as a party to be held in contempt and sanctioned. And, again, it only purports to have served Daniolos with the New Sanctions Motion via email and not via the Hague Convention. Further, the New Sanctions Motion also does not establish minimum contacts with the United States. In fact, other than including Daniolos as an "Ordered Party", the New Sanctions Motion does not mention Daniolos at all.

5. Thus, this Court should find and confirm that Daniolos has not been properly served, it has no jurisdiction over Daniolos, and Daniolos should be dismissed from the New Sanctions Motion. Similarly, the Court should confirm the same with respect to the November 25 Sanctions Motion for the reasons stated in the First Jurisdictional Submission.

## RELEVANT FACTS

6. Daniolos hereby incorporates the facts and arguments found in the First Jurisdictional Submission (ECF 1285) and Daniolos December Declaration (1285-1) into this

2

submission as if stated herein.  For the convenience of the Court, Daniolos nonetheless repeats here many of salient facts and arguments.

7. Daniolos is a Greek law firm located in Greece.  (ECF 1285-1, ¶ 3).  Daniolos conducts no business, and has no office, assets, or any property in the United States.  (*Id*. ¶¶ 3-4).  Daniolos has not participated in these bankruptcy cases and never submitted any documents in these cases, other than to object to jurisdiction.  (*Id*. ¶ 6).

8. As explained in the Daniolos December Declaration, in or around August 2024, Daniolos was asked by individual Greek citizens and residents (who were then members of the Board of Directors for Eletson Holdings) to provide legal advice to them as individuals pursuant to Greek law and to obtain certain advice about Liberian law from Liberian counsel.  (*Id*. ¶ 7).  Daniolos was later asked to represent additional individuals who were appointed provisional directors of Eletson Holdings about their obligations under Greek law and Liberian law (*id*.).

9. On November 25, 2024, Reorganized Holdings filed the November 25 Sanctions Motion (ECF 1268) against various parties seeking entry of an order of civil contempt and sanctions pursuant to "Sections 105, 1141, and 1142 of Title 11 of the United States Codes . . . , and Rule 9020 of the Federal rules of Bankruptcy Procedure" (ECF 1268 at 11).  The November 25 Sanctions Motion also sought, *inter alia,* "[c]oercive monetary sanctions", [c]ompensatory monetary sanctions", and "[a]dditional coercive and compensatory monetary sanctions" (*id.* at 28).  The November 25 Sanctions Motion only specifies Daniolos by name one time (*id.* at 9).

10. On December 10, 2024, Daniolos filed the First Jurisdictional Submission solely for the purpose of objecting to the jurisdiction of this Court over Daniolos (ECF 1285).  On December 13, 2024, Reorganized Eletson submitted an Omnibus Reply to the Objections to its Sanctions Motion and Foreign Representative Motion (ECF 1299) ("Omnibus Reply").  Notably,

3

in the Omnibus Reply, Reorganized Eletson did not include the First Jurisdictional Submission as one of the documents to which it was responding and did not address any of Daniolos's arguments therein (ECF 1299).

11. On December 16, 2024, the Court held a hearing regarding the November 25 Sanctions Motion. At that hearing, Daniolos's counsel briefly presented to the Court the same arguments as in the First Jurisdictional Submission (Dec. 16, 2024 Hr'g Tr. 86:23-89:6). No one opposed counsel's arguments regarding Daniolos or responded to them in any way. *Id*.

12. On December 20, 2024, the Court held another hearing related to proceedings in Liberia (*e.g.,* Dec. 20, 2024 Hr'g Tr. 10:7-9). At the same hearing, the Court decided that there was a "need to have an evidentiary hearing on [the November 25 Sanctions Motion]," which the Court scheduled for January 6, 2025, at 9:30 a.m. (*id*. 18:3-6).

13. On December 30, 2024, Daniolos's counsel submitted a letter seeking further clarification as to whether the Court granted Daniolos's unopposed request to deny the November 25 Sanctions Motion with regard to Daniolos (ECF 1332). The same day, the Court so-ordered Daniolos's December 30, 2024 letter, and explicitly directed that the "Daniolos Law Firm does not need to attend or participate in the evidentiary hearing scheduled to commence on January 6, 2025." (ECF 1333). In accordance with the Court's order, Daniolos did not appear at the January 6, 2025 hearing or obviously submit any post-hearing briefing.

14. In fact, during the January 6, 2025 hearing, the Court reiterated that it had told Daniolos not to appear. *See* Jan. 6, Hr'g Tr. 100:24-101:10) (MR. MCCLAIN: Your Honor, we – I'd note for the record that the Daniolos Law Firm and their clients were parties to our motion. [] They've chosen not to show up []. THE COURT: Well, I said that they didn't have to appear today. But putting that aside, I'm not sure what you mean…. MR. MCCLAIN: Sorry. Yes, sir.")

15. On January 29, 2025, the Court issued an Order in Support of Confirmation and Consummation of the Court-Approved Plan of Reorganization ("Order") (ECF 1402), which states that it is based in part on that evidentiary hearing and the "oral ruling" on the November 25 Sanctions Motion issued at a conference held on January 24, 2025 (*id.*). Despite all of the above, Daniolos somehow was still included in the definition of "Ordered Parties." However, given the facts listed above, and particularly given that the Court directed Daniolos not to appear at the evidentiary hearing, we respectfully assume that it was an oversight or scrivener's error that Daniolos was included in the list of "Ordered Parties".

16. On February 6, 2025, Reorganized Eletson filed the New Sanctions Motion. Although, the New Sanctions Motion does not itself substantively discuss Daniolos, it nevertheless appears to improperly include Daniolos as one of the "Ordered Parties." (ECF 1416, paragraph 11 and Exhibit C, at p. 143). However, as with the November 25 Sanctions Motion, Reorganized Holdings purports to have served Daniolos with the New Sanctions Motion via email and/or first-class mail (ECF 1428, 1429). But, this type of service is not sufficient pursuant to the Hague Convention (Daniolos December Declaration, 1285-1, ¶¶11-13).

17. Daniolos thus respectfully submits this opposition to further object to the Court's jurisdiction over Daniolos and ask the Court to clarify that Daniolos is not under the Court's jurisdiction and deny both the New Sanctions Motion and November 25 Sanctions Motion with regard to Daniolos.

## ARGUMENT

1. **The Bankruptcy Rules Applicable To The New Sanctions Motion Require Service On Greek Entities/Individuals Including Daniolos In Accordance With The Hague Convention**

18. The November 25 Sanctions Motion and the New Sanctions Motion are both explicitly brought pursuant to Rule 9020 of the Federal Rules of Bankruptcy Procedure (the

5

"Bankruptcy Rules") since, in part, they both seek a contempt order. Bankruptcy Rule 9020 provides that "Rule 9014 governs a motion for a contempt order made by the United States trustee or a party in interest." Bankruptcy Rule 9014 itself provides that "[i]n a contested matter not otherwise governed by these rules, relief must be requested by motion...." Fed. R. Bankr. P. 9014. Thus, the New Sanctions Motion is at least a contested matter. Rule 9014(b)(1) also provides that service of a motion must be in accordance with the Rule 7004 of the Federal Rules of Bankruptcy Procedure.

19. Moreover, the New Sanctions Motion impermissibly seeks coercive and compensatory monetary sanctions by motion. A motion seeking "an award of compensatory sanctions or damages" necessitates the commencement of an adversary proceeding. *See In re Rama Group of Companies, Inc.,* 496 B.R. 307, 311 (Bankr. W.D.N.Y. 2013); Fed. R. Bankr. P. 7001(a) ("a proceeding to recover money" is an adversary proceeding).

20. Bankruptcy Rule 7004 applies to both contested matters and adversary proceedings. "Bankruptcy Rule 7004(a) incorporates the provisions of rules 4(f) and 4(h) of the Federal Rules of Civil Procedure ("Federal Civil Rules"), which govern service in a foreign country." *In re Hawker Beechcraft, Inc.,* 486 B.R. 264, 283 (Bankr. S.D.N.Y. 2013). Federal Rules of Civil Procedure 4(f) requires service in accordance with the Hague Convention for parties to the Hague Convention. *Id.*; *see also In re Advance Watch Co., Ltd.,* 587 B.R. 598, 603 (Bankr. S.D.N.Y. 2018) ("Service pursuant to the Hague Convention is mandatory when serving a foreign defendant in a signatory country" pursuant to Bankruptcy Rule 7004). "'Compliance with the Convention is mandatory in all cases to which it applies.'". *Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1389 (S.D.N.Y. 2022) (quotation omitted).

21.     Here, Daniolos is a Greek Law Firm (a Greek entity) and has an office only in Greece (Daniolos December Declaration ¶3).  Greece and the United States are signatories to the Hague Convention. *See, e.g.,* The World Organisation for Cross-border Co-operation in Civil and Commercial Matters, HCCH Members, https://www.hcch.net/en/states/hcch-members (last visited December 5, 2024) (listing both the United States and Greece as parties to the Convention); Greece – Central Authority & Practical Information, Hague Conference on Private International Law, https://www.hcch.net/en/states/authorities/details3/?aid=258, (last visited December 5, 2024); *see, e.g., Daskin v. Knowles*, 193 A.3d 717, 724 (Del. 2018) ("Both the United States and Greece have ratified or acceded to the [Hague] Convention" requiring service to be in accordance with that Convention).  Thus, the Hague Convention applies to the service of the November 25 Sanctions Motion and the New Sanctions Motion on Greek individuals and entities, and service of the Sanctions Motion and Daniolos must be in accordance with the Hague Convention.

**2. The Court Does Not Have Jurisdiction Because Daniolos Was Not Served Under The Hague Convention**

22.     In its First Jurisdictional Submission, Daniolos established that this Court does not have jurisdiction over Daniolos as to the November 25 Sanctions Motion (ECF 1268) because (among other reasons) Daniolos was not served with that motion under the Hague Convention (ECF 1285, at 4-6).  This is sufficient to establish that the New Sanctions Motion also fails because it is based on the November 25 Sanctions Motion.  However, additionally, Reorganized Holdings purports to have served Daniolos with the New Sanctions Motion (ECF 1428, 1429) via mail and/or email which are not sufficient under the Hague Convention.  Greece is a party to the Hague Convention and thus Daniolos must be served pursuant to the Hague Convention.  *See In re Advance Watch Company, Ltd*., 587 B.R. at 603  ("Service pursuant to the

Hague Convention is mandatory when serving a foreign defendant in a signatory country" pursuant to Bankruptcy Rule 7004); *see also* The World Organization for Cross-border Co-operation in Civil and Commercial Matters, HCCH Members, https://www.hcch.net/en/states/hcch-members (listing both the United States and Greece as parties to the Convention); *see also Daskin*, 193 A.3d at 724 ("Both the United States and Greece have ratified or acceded to the [Hague] Convention" requiring service to be in accordance with that Convention).

23. Service by mail or email is insufficient to serve Daniolos under the Hague Convention for the reasons stated in the First Jurisdictional Submission (ECF 1285 at 6-7). Specifically, Article 10 of the Hague Convention provides that "service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Water Splash, Inc. v. Menon*, 581 U.S. 271, 284 (2017) (citation omitted). But here, "Greece is a State which objects to service of process via mail under Article," email services is prohibited under the Hague Convention, and there is no showing that any such service has been authorized here. *See Daskin*, 193 A.3d at 724; *see also* Greece – Central Authority & Practical Information, Hague Conference on Private International Law, https://www.hcch.net/en/states/authorities/details3/?aid=258; *Smart Study Co.*, 620 F. Supp. 3d at 1397 ("the Hague Convention prohibits service by email" when there is an objection to postal service (China)). Thus, Daniolos has not been properly served with either the November 25 Sanctions Motion or the New Sanctions Motion. Accordingly, the Court has no jurisdiction over Daniolos. *See In re Teligent Inc.*, 485 B.R. 62, 69-70 (Bankr. S.D.N.Y. 2013) (without proper service "the Court never acquired personal jurisdiction").

### 3. The Court Does Not Have Jurisdiction Because The Exercise Of Jurisdiction Over Daniolos Is Inconsistent With Due Process

24. Further, as demonstrated in the First Jurisdictional Submission, the Court's exercise of jurisdiction over Daniolos is inconsistent with the constitutional Due Process requirement, because Daniolos has no contacts with the United States and minimum contacts necessary to confer jurisdiction upon this Court have not been established (ECF 1285, at 7-12).

25. The Bankruptcy Court can only exercise personal jurisdiction if jurisdiction is "consistent with the United States Constitution and laws". Fed. R. Bankr. P. 7004(f). Courts have explained that the only inquiry other than if there has been proper service is "whether exercising personal jurisdiction . . . would be consistent with the Due Process Clause of the Fifth Amendment." *In re Bozel, S.A.*, 434 B.R. 86, 97 (Bankr. S.D.N.Y. 2010). The analysis for specific personal jurisdiction requires "two related inquiries . . . whether the defendant has sufficient 'minimum contacts' with the forum state and whether the exercise of jurisdiction over that defendant would be reasonable." *In re Lehman Bros. Holdings Inc.*, 535 B.R. 608, 619 (Bankr. S.D.N.Y. 2015) (citation omitted). Here, the New Sanctions Motion does not and cannot establish that Daniolos has minimum contacts with the United States and that the exercise of such jurisdiction would be reasonable.

26. Courts have held that either "specific" or "general" personal jurisdiction can satisfy the "minimum contacts" requirement of the Due Process Clause. *In re Sledziejowski*, No. 13-22050 (RDD), 2016 WL 6155929, at *4 (Bankr. S.D.N.Y. Oct. 21, 2016) (citations omitted). Minimum contacts for general jurisdiction can be found based on the party's "general business contacts" with the United States and "permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts". *Metro. Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 567-68 (2d Cir. 1996). "Because general jurisdiction is not related to the

events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's 'continuous and systematic general business contacts.'" *Id*. Here, neither the November 25 Sanctions Motion nor the New Sanctions Motion establish that Daniolos (a Greek law firm with its only office in Greece) has such continuous and systematic business contacts that render it essentially at home in the United States. Thus, there are clearly no minimum contacts for general jurisdiction over Daniolos.

19. In order to find minimum contacts for specific jurisdiction, the party claiming jurisdiction must establish that the party over whom it claims the Court has jurisdiction "purposefully direct[s] his activities at residents of the forum' and ... the underlying cause of action 'arise[s] out of or relate[s] to those activities." *In re Sledziejowski*, 2016 WL 6155929, at *4. Minimum contacts for specific jurisdiction require that the party "purposefully availed" itself of the privilege of doing business in that location. *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 344 (2d. Cir. 2018) (citations omitted). "[T]he defendant's suit-related conduct must create a substantial connection with the forum []." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Here, neither the November 25 Sanctions Motion nor the New Sanctions Motion come close to making claims like this about Daniolos.

20. In fact, neither the November 25 Sanctions Motion (ECF 1268) nor the New Sanctions Motion (ECF 1416) contain any allegations or substantive arguments against Daniolos. And the November 25 Sanctions Motion (ECF 1268) contains only one substantive reference to Daniolos, providing that Reed Smith filed a letter "attaching an email from Former D&Os Counsel [Daniolos]" and stating, without proof, that four of the eight board members of Former Holdings had resigned, and advised the Court that (a) provisional board members had been appointed by a provisional order of a Greek court and (b) a hearing is set in Greece on February 4, 2025 to

reconstitute the board, among other things". (ECF 1268, p. 9, ¶ 24). This single reference, without any substantive allegations or arguments against Daniolos, is plainly insufficient to show that Daniolos purposefully availed itself of the privilege of doing business in the United States or that it has a substantial connection to the United States. The New Sanctions Motion has no specific allegation about Daniolos at all. Further, this Court previously held that Daniolos did not need to participate in the relevant evidentiary hearing. *See* ECF 1333 ("Daniolos Law Firm does not need to attend or participate in the evidentiary hearing scheduled to commence on January 6, 2025."). Thus, the New Sanctions Motion should be denied against Daniolos, and the Court should clarify that the same is true for November 25 Sanctions Motion. *See, e.g., SPV Osus Ltd.*, 882 F.3d at 345 ("These limited contacts are insufficient to allow the exercise of specific personal jurisdiction over the UBS Defendants"); *Hau Yin To v. HSBC Holdings PLC*, No. 15CV3590-LTS-SN, 2017 WL 816136 (S.D.N.Y. Mar. 1, 2017), *aff'd*, 700 F. App'x 66 (2d Cir. 2017) ("Communications with and payments to New York merely to ensure compliance with contract terms negotiated and executed outside of New York do not 'project' a defendant into the state sufficiently to confer" specific jurisdiction over foreign defendants) (citation omitted); *In re Sledziejowski*, 2016 WL 6155929, at *6 ("there are only one or two contacts alleged against most of the Movants that are relevant to specific jurisdiction. But the alleged contacts do not provide enough detail to establish personal jurisdiction against the individual Movants").

21. Given that Daniolos has no contacts with the United States and that neither the November 25 Sanctions Motion nor the New Sanctions Motion contain any substantive allegations or arguments against Daniolos, it is not reasonable for the Court to exercise jurisdiction over Daniolos. Even if the Court were to find that Daniolos was properly served (which is not the case here), and that there are general or specific contacts to support jurisdiction (which is not the case

here), maintaining the Sanctions Motion against Daniolos is not reasonable and would offend "traditional notions of fair play and substantial justice". *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 129 (2d Cir. 2002).

22. Courts have identified the following five factors to consider when deciding whether jurisdiction will offend these traditional notions: "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." *Id*. Here, it is not clear if these are the factors that should also apply to a non-party like Daniolos. However, it makes sense that it is inherently more unreasonable to try to bring a sanctions motion against a foreign non-party than against a defendant. This is particularly true where, like here, there is no specific allegation about any wrongdoing by Daniolos at all in the New Sanctions Motion.

23. Since Daniolos is a Greek law firm with no business contacts in the United States and no knowledge of United States law, it would be burdensome for Daniolos to have to argue the New Sanctions Motion in the United States. The attempt in the New Sanctions Motion (as is also the case for the November 25 Sanctions Motion) to try to have a United States Bankruptcy Court impose sanctions on a non-party Greek law firm is thus patently unreasonable and would offend traditional notions of fair play and substantial justice.

## **CONCLUSION**

For the foregoing reasons, Daniolos respectfully requests that the Court deny the New Sanctions Motions with regard to Daniolos (and clarify that the same is true for the November 25 Sanctions Motion).

DATED: February 17, 2025
         New York, New York

**RIMÔN, P.C.**

*/s/ Michael S. Lazaroff*
Michael S. Lazaroff
400 Madison Ave, Suite 11D
New York NY 10017
(646) 738-4151
michael.lazaroff@rimonlaw.com

Anthony C. Acampora
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
anthony.acampora@rimonlaw.com

*Attorneys for the Daniolos Law Firm*