UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ELETSON HOLDINGS INC., et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 23-10322 (JPM)<br><br>(Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF JOHN MARKIANOS-DANIOLOS IN SUPPORT OF MOTION FOR STAY OF ENFORCEMENT OF JANUARY 29, 2025 ORDER PENDING APPEAL**

Ioannis (John) Markianos-Daniolos, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1. I previously submitted a declaration in proceedings in the United States District Court for the Southern District of New York, captioned *In re: Eletson Holdings, Inc., et al.*, Case No.: 24-cv-08672-LJL. I understand that declaration was attached to a letter filed with this Court on February 4, 2025, at Docket No. 1407 (the "February 4 Declaration"). On February 5, 2025, I also submitted in this Court the *Declaration of John Markianos-Daniolos Regarding the Motion for Stay of Enforcement of January 29, 2025 Order Pending Appeal*, at Docket No. 1410 (the "February 5 Declaration").

2. As this Court is aware, I am counsel to the Provisional Directors of Holdings, and recently, I appeared on behalf of Provisional Eletson Holdings, Inc. ("Provisional Holdings"), i.e., the entity currently recognized by Greece, in the Athens Court, as discussed in my February 5 Declaration.

---

[1] The Debtors in these chapter 11 cases are: Eletson Holdings, Inc., Eletson Finance (US) LLC, and Agathonissos Finance, LLC. The address of Debtors' corporate headquarters is 118 Kolokotroni Street, GR 185 35 Piraeus, Greece.

1

3. I am now submitting this declaration to affirm the February 4 Declaration and February 5 Declaration and supplement them with new relevant factual developments in Greece and Liberia.

4. *First*, in both the February 4 Declaration and February 5 Declaration, I attempted to explain the several respects in which compliance with the January 29, 2025 Enforcement Order is prohibited by and will result in violations of Greek law.

5. *Second*, as I explained in my February 4 Declaration, in order for the Confirmation Order and Plan to have any effect in Greece, a Greek Court must recognize and confirm the Confirmation Order and Plan (articles 4, 5 and 15 of law 3858/2010, Uni Membered First Instance Court of Rethmnon 116/2012, Multi Membered First Instance Court of Athens 437/2013). Reorganized Holdings submitted such an application to the Court of First Instance of Athens ("Athens Court") asking the Athens Court to recognize the Confirmation Order and requesting a provisional order appointing Adam Spears as manager of Holdings. As discussed in my February 5 Declaration, a three-judge panel including the President of the Court, after briefing and argument in an adversarial proceeding, denied Reorganized Holdings' request to appoint Adam Spears as manager of Holdings.

6. The three-judge panel's decision is yet another example of the prohibitions imposed on the Provisional Directors appointed by the Greek Court, who are all Greek citizens and subject to Greek law, from complying with the Enforcement Order. The Athens Court has made clear by its ruling that, at present, it does not recognize Adam Spears as the manager of Holdings. Thus, if any of the Provisional Directors attempt to appoint Adam Spears as Holdings' Address of Record or to take any other direction from him, the Provisional Directors would be acting in clear contravention of the Athens Court's ruling, subjecting themselves to

liability in Greece. *See* February 4 Declaration ¶¶ 22-26. Such actions would also be in clear contravention to the Piraeus Court's provisional order issued on November 12, 2024 that appointed the Provisional Directors with the mandate to take care of urgent matters and to defend the company's position in the New York litigation. To be clear, the Provisional Holdings fully respects this Court's Confirmation Order are trying its best to comply with it; however, the Provisional Holdings, too, must comply with the orders of the Piraeus Court and Athens Court. That order was entered in a proceeding initiated by minority shareholders, not Holdings. And in the joinder of proceedings submitted with regard to the recognition proceedings initiated by Reorganized Holdings, Provisional Holdings is not the only party, and the arguments being made there would be made irrespective of whether Provisional Holdings was a party. Importantly, Provisional Holdings role can be likened to a nominal party that is duty bound to assert the defenses that exist under Greek law lest it be subject to claims by the minority shareholders and other constituents such as employees. No collateral attack of any order of this Court is going on.

7. *Third*, it is because of the impossibility of complying both with U.S. Bankruptcy Court's orders and with Liberian law that earlier today Provisional Holdings actively initiated a proceeding in Liberia. In an effort to comply with the Enforcement Order and to avoid liability under Greek and Liberian law, Provisional Holdings has filed a petition in Liberia asking the Liberian court to clarify the obligations imposed on Holdings' Address of Record. A copy of that petition is attached hereto as **Exhibit A**. Provisional Holdings intends to advance those proceedings as expeditiously as possible, and I will send Reed Smith a set of the papers in this proceeding when I receive them.

8. Finally, I have reviewed the Declaration of Adam Spears in Support of Eletson Holdings Inc.'s Opposition to Motion to Stay of Enforcement of January 29, 2025 Order Pending

3

Appeal, at Docket No. 1446 (the "Spears Declaration"). In the Spears Declaration, Mr. Spears purports to suggest that "Holdings would suffer substantial harm if a stay pending appeal were issued" based, in part, on "[t]he continued loss of revenue and profits from Holdings' operating subsidiaries, e.g., the SMEs." Spears Decl. ¶ 13. Mr. Spears' assertion is unsupported and woefully misplaced. The SMEs to which Mr. Spears refers are independent, non-debtor Greek entities. While the SMEs are wholly owned subsidiaries of Holdings, Holdings is only entitled to the equity in these entities. To be clear, Holdings does not receive and has no entitlement to, as Mr. Spears wrongly suggests, the revenues or profits from the SMEs.

9. Further, because the SMEs are non-debtors Greek entities, any changes to the composition to the boards of directors of and/or control of the SMEs based on a the Confirmation Order must first be recognized in Greece.

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: Piraeus, Greece
February 19, 2025

_____
Ioannis Markianos-Daniolos



I/C

| | |
|---|---|
| REPUBLIC OF LIBERIA )<br>MONTSERADDO COUNTY) | IN THE CIVIL LAW COURT, SIXTH JUDICIAL CIRCUIT, MONTSERADDO COUNTY, SITTING IN ITS DECEMBER TERM, A.D. 2024 |

### BEFORE HIS HONOUR: J. KENNEDY PEABODY.... RESIDENT CIRCUIT JUDGE

Eletson Holdings Inc., 80 Broad Street, by and thru its )
Board of Directors and President, and Keros Shipping Corporation, )
80 Broad Street by and thru its President, Stylianos Andreoulakis, )
Elafonissos Shipping Corporation, 80 Broad Street by and thru )
its President, Ioannis Zilakos, Lassia Investment Corporation 80 )
Broad Street by and thru its President, AdrianosPsomadakis- )
Karastamatis, Glafkos Trust Corporation, 80 Broad Street by and )
thru its President, Vasileios Chatzieleftheriadis, Family Unity Trust, )
Corporation 80 Broad Street, by and thru its President, ) **BILL OF**
Stavriani Kertsikof, In their capacity as shareholders ) **INFORMATION**
of Eletson Holdings Inc) respectively............................ INFORMANTS )

VERSUS

Pach Shemen, LLC by and thru its Manager, Mark Lichtenstein
.................................................................. 1ST RESPONDENT

AND

Eletson Holdings Inc., represented by Adam Spears its Foreign
Representative in Liberia, by and Thru his Attorney-In Fact Counsellor
Kunkunyon W. Teh, of the City of Monrovia........ 2nd RESPONDENT

**GROWING OUT OF THE CASE:**

Pach Shemen, LLC by and thru its Manager, Mark Lichtenstein
.................................................................. PETITIONER

VERSUS ) **PETITION FOR**
) **ENFORCEMNT**
Eletson Holdings Inc., represented by Adam Spears its Foreign ) **OF JUDGMENT**
Representative in Liberia, by and thru his Attorney-In Fact Counsellor )
Kunkunyon W. Teh, of the City of Monrovia................ RESPONDENT )

### INFORMANTS' INFORMATION

1. That Informants are the Intervenors in a proceedings for the Recognition and Enforcement of a bankruptcy order dated November 4, 2024 issued by the Southern District New York court, a foreign judgment, filed by the 1st Respondent with this court on January 7, 2025, and in its petition the 1st Respondent prayed the court in relevant part to do the following, viz:

"(a) Confirm that Adam Spears has been duly appointed the Respondent's Foreign Representative in Liberia with the authority to seek recognition, and ha

(b) Order that the Opinion and Bankruptcy Order and Plan be enforced in Liberia

(c) Order Instructing LISCR LLC to change Respondent's Address of Record to a person or entity designated by the Petitioner

(d) Instruct LISCR LLC to henceforth accept instructions and filings pertaining to the Respondent only from the Address of Record designated by the Petitioner

(e) Order LISCR to accept from the Petitioner's designated Address of Record the amendments to the Respondent's governing documents as required by the Plan, namely the Amended Articles of Incorporation, the Amended By-laws and any other applicable material governance and/or organizational documents of Respondent that need to be filed in order to fully implement the plan.

(f) Order LISCR LLC to prohibit complying with any instructions from the Respondent's currently registered address of record."

2. That notwithstanding the Petitioner's and the 1st Respondent's acknowledgment that the above foreign judgment cannot be given effect in Liberia unless a Liberian court grants a petition for the recognition and enforcement of the judgment and issues the requisite orders for its execution in Liberia, and also notwithstanding the Petitioner's specific prayer to the court stated above, the Petitioner (1st Respondent) and the 2nd Respondent have embarked on a process of exerting pressure on the Informants to change their Address of Record (i.e. the AOR of Eletson Holdings Inc.), by filing with the New York Court a motion to have the Informants held in contempt and/or sanctioned if they do not comply with the foreign judgment which has not yet been recognized and ordered enforced by this court. Although the 1st Respondent specifically requested this court to issue an order recognizing the above bankruptcy order issued in New York and instructing LISCR LLC to change the Address of Record of Eletson Holdings Inc., to a person or entity designated by the 1st Respondent, neither the 1st Respondent nor the 2nd Respondent intend to abide by this court's determination of whether the New York Court's bankruptcy judgment/order in respect of the Change of the Address of Record should be recognized and enforced. Both the 1st and 2nd Respondents do not want for this court to hear and make that determination. Instead, the 2nd Respondent has reverted to the New York Court and caused the New York court to issue an order compelling the Informants to change the Address of Record of Eletson Holdings Inc., or else there will be sanctions imposed on the Informants, their directors and their shareholders in the form of monetary penalties which could be $25,000 or more for each day of noncompliance, notwithstanding the pendency of the recognition/enforcement proceedings in Liberia. Attached hereto and marked as Informant's **Exhibit I/1** is a copy of the New York Court's order dated 29 January 2025 on the sanction motion.

3. Informants say that the mere fact that the 1st Respondent filed the Petition for the Recognition/Enforcement of Judgment, and requested this court to issue the following order, viz:

"(a) Confirm that Adam Spears has been duly appointed the Respondent's Foreign Representative in Liberia with the authority to seek recognition

(b) Order that the Opinion and Bankruptcy Order and Plan be enforced in Liberia

(c) Order Instructing LISCR LLC to change Respondent's Address of Record to a person or entity designated by the Petitioner

(d) Instruct LISCR LLC to henceforth accept instructions and filings pertaining to the Respondent only from the Address of Record designated by the Petitioner

(e) Order LISCR to accept from the Petitioner's designated Address of Record the amendments to the Respondent's governing documents as required by the Plan, namely the Amended Articles of Incorporation, the Amended By-laws and any other applicable material governance and/or organizational documents of Respondent that need to be filed in order to fully implement the plan", is an acknowledgement by both the 1st Respondent and 2nd Respondent that a competent court in Liberia has to make a determination as to the effect to be given a foreign judgment in order for any aspect of the judgment to be enforced.

4. Informants say that the New York Court's Opinion and Bankruptcy Order and Plan is a foreign judgment, and, every aspect of it, or order which grows out of it including the Change of the Address of Record, Amendment to the Articles of Incorporation of Eletson Holdings Inc., and issuance of new share certificates, or the change of any material organizational document cannot be enforced until the Petition for Enforcement of the Judgment is heard and determined by a competent Liberian court.

WHEREFORE, and in view of the foregoing, Informants pray Your Honour and this Honourable court to declare whether changing the AOR prior to judicial recognition of the New York bankruptcy judgment is illegal under Liberian law and declare that LISCR LLC, cannot change the address of record, shareholding and any other organizational document of Eletson Holdings Inc. pending the final determination of the Petition for the Enforcement of Judgment; and grant unto Informants any and all such further relief deemed by Your Honour to be just, legal, and equitable as in keeping with laws of Liberia.

Respectfully Submitted:
Informants
Eletson Holdings Inc., Keros Shipping Corporation,
Elafonissos Shipping Corporation, Lassia Investment Corporation, Glafkos Trust Corporation,
Family Unity Trust
By and thru their Legal Counsels

Justice Advocates and Partners

*[signature]*

Cllr. Moses G. Paegar
Counsellor-At-Law

J. Johnny Momoh & Associates

*[signature]*

Cllr. J. Johnny Momoh
Counsellor-At-Law

Dated this 19th day February A. D., 2025

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re:                                                      :    Chapter 11
                                                            :
ELETSON HOLDINGS INC., et al.,[1]                           :    Case No. 23-10322 (JPM)
                                                            :
                                                            :    (Jointly Administered)
                                                            :
                        Debtors.                            :
                                                            :
------------------------------------------------------------x

## ORDER IN SUPPORT OF CONFIRMATION AND CONSUMMATION OF THE COURT-APPROVED PLAN OF REORGANIZATION

Upon the motion [Docket No. 1268] (the "Motion")[2] of Eletson Holdings Inc., as reorganized ("Holdings"), pursuant to sections 105, 1141, and 1142 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order (this "Order") against Holdings' (a) existing person of record at the address of record (the "AOR") currently on file with the Liberian International Ship & Corporate Registry ("LISCR") and (b) former shareholders[3] (the "Former Shareholders"), officers and directors (together, the "Former D&Os"), and counsel, including Reed Smith LLP ("Reed Smith"), as well as counsel for the Former D&Os at Daniolos Law Firm ("Former D&Os Counsel" and, together with the AOR, the Former Shareholders, the

---

[1] The Debtors in these chapter 11 cases are: Eletson Holdings Inc. ("Holdings"), Eletson Finance (US) LLC, and Agathonissos Finance LLC. The address of the Debtors' corporate headquarters is 118 Kolokotroni Street, GR 185 35 Piraeus, Greece. The Debtors' mailing address is c/o Eletson Maritime, Inc., 1 Landmark Square, Suite 424, Stamford, Connecticut 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[3] The Former Shareholders are comprised of the following five entities: (a) Family Unity Trust Company ("Family Unity"), (b) Glafkos Trust Company ("Glafkos"), (c) Lassia Investment Company ("Lassia" and, together with Family Unity and Glafkos, the "Former Majority Shareholders"), (d) Elafonissos Shipping Corporation, and (e) Keros Shipping Corporation.

Former D&Os, and Reed Smith, the "Ordered Parties"), holding the Ordered Parties in civil contempt, imposing monetary sanctions upon the Ordered Parties, and granting related relief; and the Court having jurisdiction to consider the Motion and relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the Amended Standing Order, 11 U.S.C. §§ 105 and 1142, and the Court's inherent jurisdiction to interpret and enforce its own orders (including the Confirmation Order directing the implementation of the Plan); and consideration of the Motion and relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having the authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, all parties in interest, and Holdings; and the Court having considered the Motion, the objections thereto filed by the Daniolos Law Firm [Docket No. 1285], Reed Smith [Docket No. 1287] and Sidley Austin LLP, on behalf of the Former Majority Shareholders [Docket No. 1291] (collectively, the "Objections"), the reply in support of the Motion filed by Holdings [Docket No. 1299], and the Committee's statement in support of the Motion [Docket No. 1301], all testimony and evidence admitted into the record of the trial held on January 6, 2025, and all of the post-trial briefing submitted in connection therewith; and, for the reasons set forth in the Court's oral ruling on the Motion at the status conference held on January 24, 2025 (the "Oral Decision"), a copy of which is attached hereto as **Exhibit A**; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and all Objections having been

2

overruled; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Pursuant to section 1142 of the Bankruptcy Code, the Debtors and their Related Parties,[4] including without limitation, the Ordered Parties, are authorized, required, and directed to comply with the Confirmation Order and the Plan to assist in effectuating, implementing, and consummating the terms thereof.

2. The Debtors and the Related Parties, including without limitation, the Ordered Parties, are authorized, required, and directed to take all steps reasonably necessary as requested by Holdings to unconditionally support the effectuation, implementation, and consummation of the Plan, including, but not limited to, by no later than seven (7) days from the date of service of this Order in accordance with applicable law (the "<u>Compliance Deadline</u>"), taking all steps reasonably necessary to update or amend (a) Holdings' AOR to reflect that Adam Spears is Holdings' AOR and (b) Holdings' corporate governance documents on file with LISCR as directed by Holdings.

---

[4] As set forth in Section 1.124 of the Plan,

> "***Related Parties*** means, subject to any exclusions expressly set forth in the Plan, (a) any Entity or Person; (b) such Entity's or Person's predecessors, predecessors in interest, successors and assigns, parents, owners, subsidiaries, affiliates, affiliated investment funds or investment vehicles, managed or advised accounts, funds, or other entities, and investment advisors, sub-advisors, or managers; (c) with respect to each of the foregoing in clauses (a) and (b), such Entity's or Person's respective current and former officers, directors, principals, equity holders (regardless of whether such interests are held directly or indirectly, and any fund managers, fiduciaries, or other agents with any involvement related to the Debtors), members, partners, employees, agents, sub-agents, trustees, advisory board members, financial advisors, attorneys, accountants, actuaries, managers, investment managers, investment bankers, consultants, representatives, management companies, fund advisors and other professionals; and (d) with respect to each of the foregoing in clauses (a)–(c), such Entity's or Person's respective heirs, executors, estates, servants, and nominees.

3

      3.      Holdings shall serve a copy of this Order on all parties in interest consistent with applicable law.

      4.      If the applicable parties do not cause the specific acts set forth in paragraph 2 to occur by the Compliance Deadline or fail to take such actions (or not take such actions) as directed by Holdings in accordance with paragraph 2, Holdings may request a hearing on shortened notice for a date and time to be scheduled by the Court to determine whether the applicable parties are in violation of this Order, the Oral Decision, the Plan, the Confirmation Order, and/or the Bankruptcy Code, as applicable, and consider such other and further relief, including, without limitation, the imposition of coercive and/or compensatory monetary sanctions.

      5.      This Order is without prejudice to Holdings' rights to seek coercive and/or compensatory monetary sanctions.

      6.      Those portions of the Motion that were not ruled upon by the Court in its Oral Decision are deemed withdrawn without prejudice or denied without prejudice.

      7.      This Order is immediately effective and enforceable upon its entry.

      8.      The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: New York, New York
       January 29, 2025

/S/ John P. Mastando III
HONORABLE JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE

| | |
|---|---|
| REPUBLIC OF LIBERIA ) <br> MONTSERRADO COUNTY) | IN THE OFFICE OF THE JUSTICE OF THE PEACE FOR AND IN MONTSERRADO COUNTY |

Eletson Holdings Inc., 80 Broad Street, by and thru its )
Board of Directors and President, and Keros Shipping Corporation, )
80 Broad Street by and thru its President, Stylianos Andreoulakis, )
Elafonissos Shipping Corporation, 80 Broad Street by and thru )
its President, Ioannis Zilakos, Lassia Investment Corporation 80 )
Broad Street by and thru its President, AdrianosPsomadakis- )
Karastamatis, Glafkos Trust Corporation, 80 Broad Street by and )
thru its President, Vasileios Chatzieleftheriadis, Family Unity Trust, )
Corporation 80 Broad Street, by and thru its President, )
Stavriani Kertsikof, In their capacity as shareholders of Eletson Holdings )
Inc) respectively.................................................................... Informants )
) BILL OF
) INFORMATION
**VERSUS** )
)
Pach Shemen, LLC by and thru its Manager, Mark Lichtenstein )
........................... ............................................... 1st Respondent )
)
AND )
)
Eletson Holdings Inc., represented by Adam Spears its Foreign )
Representative in Liberia, by and Thru his Attorney-In Fact Counsellor )
Kunkunyon W. Teh, of the City of Monrovia................. 2nd Respondent )

**GROWING OUT OF THE CASE:**

Pach Shemen, LLC by and thru its Manager, Mark Lichtenstein )
........................... ................ ............................. PETITIONER )
)
VERSUS ) PETITION FOR
) ENFORCEMNT
) OF JUDGMENT
Eletson Holdings Inc., represented by Adam Spears its Foreign )
Representative in Liberia, by and thru his Attorney-In Fact Counsellor )
Kunkunyon W. Teh, of the City of Monrovia................ RESPONDENT )

**AFFIDAVIT**

PERSONALLY APPEARED BEFORE ME, a duly qualified Justice of the Peace for and in Montserrado County, Republic of Liberia at my office in the City of Monrovia, Informants by and thru their counsel, Cllr. J. Johnny Momoh and made oath according to law that all and singular the allegation as set forth and contained in the foregoing Informant's Information are true and correct to the best of his knowledge and belief, and as to those matters of information received, he verily believes them to be true and correct.

SWORN AND SUBSCRIBED TO BEFORE ME,
this 19th day of February A.D. 2025.

_____
JUSTICE OF THE PEACE, MONT. CO. R. L.

_____
J. Johnny Momoh
Counsellor-At-Law/Affiant

`$5.00 Revenue Stamp affixed to the Original.