William E. Curtin
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839 5300
Facsimile: (212) 839 5599
Email: wcurtin@sidley.com

Robert S. Velevis (admitted *pro hac vice*)
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Ste 2000
Dallas, TX 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
Email: rvelevis@sidley.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| ELETSON HOLDINGS INC., *et al.,* | Case No. 23-10322 (JPM) |
| Debtors.[1] | (Jointly Administered) |

**RESPONSE ON BEHALF OF SIDLEY AUSTIN LLP TO ELETSON HOLDINGS INC.'S OMNIBUS REPLY**

Sidley Austin LLP ("Sidley") hereby files this response to *Eletson Holdings Inc.'s Omnibus Reply to Objections to Emergency Motion of Eletson Holdings Inc. for Entry of a Further Order in Support of Confirmation and Consummation of the Court-Approved Plan of Reorganization* [ECF No. 1455] (the "Reply"), filed by on behalf of Reorganized Eletson Holdings Inc. ("Movant").

---

[1] The Debtors in these chapter 11 cases are: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC. The address of the Debtors' corporate headquarters is 118 Kolokotroni Street, GR 185 35 Piraeus, Greece. The Debtors' mailing address is c/o Eletson Maritime, Inc., 1 Landmark Square, Suite 424, Stamford, Connecticut 06901.

1. At a time when Sidley should be preparing to advocate on behalf of its clients at the upcoming hearing, it is forced to deal with inappropriate arguments—raised for the first time in a reply brief—apparently now seeking also to hold it in contempt. This request is both procedurally and substantively reckless and should be summarily rejected. Sidley respectfully submits this response to address four issues raised against Sidley in the Reply as to which Sidley had no prior opportunity to respond.

2. *First*, the Motion improperly seeks to obtain an order of contempt against Sidley for the first time in its Reply. The Court should deny the Motion on this basis alone because nothing in the Motion or Movant's opening brief put Sidley on notice that Movants were seeking to hold it in contempt. The Motion does not even reference Sidley as a party for which relief is sought or allege that Sidley has done anything to violate an order of this Court. Rather, the arguments directed at Sidley are scattered throughout the Reply itself—a Reply that is primarily directed at other parties. Movant's contention that Sidley was served with the Motion utterly fails to comply with due process (*cf.* Reply at ¶¶ 9–10). None of the cases cited by Movant (*id.* ¶ 9) involved a party being notified of *any* substantive allegation that the Movant was seeking an order of contempt specifically against it *only* in a reply brief. In any event, issues raised for the first time on a reply brief are generally deemed waived. *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999) ("New arguments may not be made in a reply brief"). Movant's attempt to ambush Sidley with such a serious accusation in this manner merely underscores the complete lack of merit to the Motion.

3. *Second,* Sidley is not even included as a party subject to the underlying order—the Court's January 29, 2025 Order's [ECF No. 1402] (the "<u>Order</u>")—for which Movant seeks to hold it in contempt. Sidley is not an Ordered Party and does not fit into any of the categories listed in

the Order. A plain reading of the Order shows that Ordered Parties include "*[Reorganized] Holdings'* . . . former shareholders . . ., officers and directors . . ., and counsel . . . ." ECF No. 1402 (emphasis added and footnote omitted). In other words, Ordered Parties includes Reorganized Holdings' (1) former shareholders; (2) former officers and directors; and (3) former counsel. It is undisputed that Sidley was never Reorganized Holdings' counsel. And if the reference to "and counsel" was meant to pick up counsel for former shareholders and former directors and officers, then the definition would not separately call out "counsel for the Former D&Os at Daniolos Law Firm." *Id.*

4. *Third*, Movant improperly seeks to hold Sidley responsible for the alleged actions or inactions of its clients on vague notions of Sidley's alleged non-cooperation. *See* ECF No. 1455 ¶¶ 14 ("their non-performance"), 16 ("Sidley Austin [is] unquestionably bound by the Court's orders and [has] an obligation to oversee their client's compliance with court orders and can be held in contempt for their failure to do so."), 17 ("[I]t is clear that . . . Sidley Austin can do more than they have done to cooperate in good faith and facilitate compliance with the Court's orders, as opposed to obstruct them, as they continue to do."). Such obscure allegations are not sufficient bases for holding counsel responsible for alleged actions or inactions of clients. *See In re World Parts, LLC*, 291 B.R. 248, 254-55 (Bankr. W.D.N.Y. 2003).

5. In *In re World Parts*, the court explained the test for holding nonparties (*i.e.*, parties other than those on which it imposed the obligations) in contempt: a relationship of privity with the party, knowledge of the order, and "that they act affirmatively to cause or facilitate a violation of that order." *Id.* at 254. The court then applied that standard to counsel, declining to enter an order of contempt, noting that the counsel "[had] no management authority, [and] lacked the necessary privity with respect to decisions of [debtor]. Even if the debtor based its conduct upon

3

the advi[c]e of counsel, [counsel] did not control the debtor's actions, and accordingly did not cause or facilitate the debtor's contempt." Id. at 255. Likewise, here, the Movants proffer no evidence or argument as to why or how Sidley affirmatively caused or facilitated any violation of the Court's prior order.

6. *Fourth*, Movant incorrectly asserts that Sidley "argues that the Court lacks jurisdiction over the Former Majority Shareholders" and that such "frivolous arguments reinforce the need for sanctions." ECF No. 1455 ¶ 12. This appears to be an improper request for Rule 11 sanctions (and not contempt) for arguments made in a brief. A request for Rule 11 sanctions (applicable here through Rule 9011) cannot be raised in this manner. Rather, under Rule 9011(c)(1), such a request must be raised in a motion "separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b)." Further, "[t]he motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected …." The Motion violates both of these requirements and should be rejected.

7. Moreover and critically, to be clear there is no basis for a Rule 11 sanction here. As an initial matter, even if Sidley were incorrect in its argument, a disagreement on a matter of law does not make an argument frivolous. But Sidley did not even raise the argument of which Movant complains. Sidley did not argue that the Court has no jurisdiction over its clients; Movant set up that strawman to avoid the actual procedural deficiency raised by Sidley on behalf of its clients. Rather, the opposition brief filed by Sidley explained that service was procedurally improper because a motion seeking monetary relief must be filed as an adversary proceeding and served under the Hague Convention. *See* ECF No. 1444 ¶¶ 15-17. Therefore "coercive and

compensatory sanctions should not be imposed on an improperly served motion as a matter of due process." ECF No. 1444 ¶ 17; *see also id.* ¶¶ 15–17.

## **CONCLUSION**

The allegations in the Reply were not only improper but also completely irresponsible. For the foregoing reasons, the Court should reject the Movants' arguments raised against Sidley in the Reply. Sidley otherwise reserves all rights, remedies, and recourse.


Dated: February 19, 2025                                        Respectfully submitted,

                                                               */s/ William E. Curtin*
                                                               Robert S. Velevis (admitted *pro hac vice*)
                                                               SIDLEY AUSTIN LLP
                                                               2021 McKinney Avenue, Ste 2000
                                                               Dallas, TX 75201
                                                               Telephone: (214) 981-3300
                                                               Facsimile: (214) 981-3400
                                                               Email: rvelevis@sidley.com

                                                               William E. Curtin
                                                               SIDLEY AUSTIN LLP
                                                               787 Seventh Avenue
                                                               New York, NY 10019
                                                               Telephone: (212) 839 5300
                                                               Facsimile: (212) 839 5599
                                                               Email: wcurtin@sidley.com