UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re: : Chapter 11
:
ELETSON HOLDINGS INC., et. al., : Case No. 23-10322 (JPM)
:
: (Jointly Administered)
Debtors.[1] :
:
------------------------------------------------------------x

# ORDER IN SUPPORT OF CONFIRMATION AND CONSUMMATION OF THE COURT-APPROVED PLAN OF REORGANIZATION AND IMPOSING SANCTIONS ON CERTAIN PARTIES

Upon the *Emergency Motion of Reorganized Eletson Holdings Inc. for an Order Imposing Sanctions on Eletson Holdings' (A) Existing Person of Record and (B) Former Shareholders, Officers, Directors, and Counsel, Including Reed Smith LLP* [ECF Docket No. 1268] (the "**Emergency Motion**") for entry of an Order pursuant to sections 105, 1141, and 1142 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") compelling certain Ordered Parties to update the address of record (the "**AOR**") of Reorganized Eletson Holdings Inc. ("**Reorganized Eletson Holdings Inc.**" or "**Holdings**") and imposing sanctions until the Ordered Parties do so and the *Emergency Motion of Eletson Holdings Inc. For Entry of a Further Order in Support of Confirmation and Consummation of the Court-Approved Plan of Reorganization* [ECF Docket No. 1416] (the "**Support Motion**") (together with the Emergency Motion, the "**Motions**")[2]; and

---

[1] The Debtors in these chapter 11 cases are: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC. The address of the Debtors' corporate headquarters is 118 Kolokotroni Street, GR 185 35 Piraeus, Greece. The Debtors' mailing address is c/o Eletson Maritime, Inc., 1 Landmark Square, Suite 424, Stamford, Connecticut 06901.

[2] Capitalized terms used but not defined herein shall have the meaning defined in the Motions.

the Court having jurisdiction to consider the Motions and relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order, 11 U.S.C. §§ 105 and 1142, and the Court's inherent jurisdiction to interpret and enforce its own orders (including the Confirmation Order ordering that the Plan be implemented and the Order in Support (defined below)); and consideration of the Motions and relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court having the authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motions having been provided; and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Motions is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and this Court having issued its oral decision on January 24, 2025 (the "**Jan. 24 Decision**")[3] and entered the *Order in Support of Confirmation and Consummation of the Court-Approved Plan of Reorganization* on January 29, 2025 [Docket No. 1402], a copy of which is attached hereto as **Exhibit 1** (the "**Jan. 29 Order**"); and this Court having reviewed the Support Motion (and the Kotliar Declaration annexed thereto), the objections thereto filed by Reed Smith [ECF Docket No. 1440], the Daniolos Law Firm [ECF Docket No. 1441], Sidley Austin [ECF Docket Nos. 1444 and 1464], and Rimon P.C. [ECF Docket No. 1445] (collectively, the "**Objections**") and the omnibus reply thereto filed by Reorganized Eletson Holdings Inc. [ECF Docket No. 1455] (the "**Reply**"); and the Court having issued its oral decision with respect to the Support Motion on February 20, 2025, which is attached hereto as **Exhibit 2** (the "**Feb. 20 Decision**"); and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore,

---

[3] A copy of the Jan. 24 Decision is attached as Exhibit A to the Jan. 29 Order.

**IT IS HEREBY FOUND AND DETERMINED THAT:**[4]

    A.  In the Feb. 20 Decision, the Court stated that "[a]lthough the Court finds that the [Jan. 24 Decision] and the [Jan. 29 Order] are clear and unambiguous, the Court will provide the parties one final opportunity for compliance." (ECF Docket No. 1468, Feb. 20 Decision Hr'g Tr. 105:5-8). The Court thus ordered, *inter alia*, the filing of certain certifications as set forth in the Feb. 20 Decision. (*See id.*, 105:10-107:12).

    B.  On February 24, 2025, the *Certification of Reed Smith LLP* (the "**Reed Smith Certification**") [ECF Docket No. 1475] was filed and states that: ". . . Reed Smith has informed the individuals currently serving as members of the [purported] board of Eletson Holdings Inc. . . . pursuant to a provisional order of the First Instance Court of Piraeus Greece dated November 12[,] 2024 (the 'Provisional Board Members') and the former members of the board of directors of Holdings (the 'Former Directors') that, pursuant to the Order they must instruct the current [AOR] to . . ."[5] take actions set forth in the Court's Jan. 29 Order and Feb. 20 Decision. (ECF Docket No. 1475). The Reed Smith Certification also certifies that Reed Smith "is not aware of the identity of the AOR. Reed Smith asked its client to disclose to Reed Smith the identity of the AOR, and its client has declined to do so."[6] (*Id.*).

---

[4]  The findings and conclusions set forth herein and in the record of the Feb. 20 Decision constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014, and are incorporated by reference as though fully set forth herein. To the extent that any finding of fact shall be determined to be a conclusion of law, it shall be deemed so, and vice versa.

[5]  In the Jan. 24 Decision, the Court stated that the purported Provisional Board of Holdings, the debtor in this case, "includes certain of the previous board members. The provisional board is Vassilis Chatzieleftheriadis, Konstantinos Chatzieleftheriadis, Ioannis Zilakos, Niki Zilakos, Adrianos Psomadakis-Karastamatis, Eleni Giannakopoulou, Panos Paxinos, and Emmanuel Andreulaks." (Jan. 24 Decision, Hr'g Tr. 23:3-7, citing TX-104 submitted in connection with the January 6, 2025 Evidentiary Hearing).

[6]  The Court notes that Reed Smith filed the *Motion for Stay of Enforcement of January 29, 2025 Order Pending Appeal* (the "**Stay Motion**") on behalf of purported "Provisional Eletson Holdings Inc." and "Reed Smith LLP." (ECF Docket No. 1412).

C. On February 24, 2025, the *Sidley Austin LLP Certification to the Court* (the "**Sidley Certification**") [ECF Docket No. 1471] was filed and states that: "Sidley previously informed the authorized representatives for each of Lassia Investment Company, Family United Trust Company and Glafkos Trust Company (the 'Majority Shareholders') that pursuant to the Court's rulings the Majority Shareholders must instruct the current address of record (the 'AOR') to: (a) communicate with and take direction from Reorganized Eletson Holdings Inc. ('Reorganized Holdings'); (b) update or amend the AOR as directed by Reorganized Holdings; and (c) update or amend Reorganized Holdings' corporate governance documents on file with LISCR as directed by Reorganized Holdings." (ECF Docket No. 1471, at ¶ 1). Also, the Sidley Certification states that Sidley "instructed the Majority Shareholders that the Court ordered them to submit under seal the identity of the AOR by 2:00 p.m. ET on Monday, February 24, 2025." (*Id.*, ¶ 3). Sidley further certifies that it "instructed the Majority Shareholders to fully comply with the Court's orders." (*Id.*, ¶ 4). The Sidley Certification does not state whether Sidley asked the Majority Shareholders to disclose to Sidley the identity of the AOR.

D. On February 24, 2025, the *Lassia Investment Company Certification to the Court* signed by Laskarina Karastamati [ECF Docket No. 1472] (the "**Lassia Certification**"); the *Family Unity Trust Company Certification to the Court* signed by Stravriani Kertsikoff [ECF Docket No. 1473] (the "**Family Unity Certification**"); and the *Glafkos Trust Corporation Certification to the Court* signed by Mr. Hadjieleftheriadis [ECF Docket No. 1474] (the "**Glafkos Certification**") were filed with the Court. The Lassia Certification states that Lassia "has no knowledge of the identity of the current AOR of Eletson Holdings Inc. ('EHI') and thus has been unable to communicate with the AOR." (ECF Docket No. 1472). The Lassia Certification also indicates that "although Lassia does not have the power to direct the AOR, it

has requested from Mr. Vasilis Hadjieleftheriadis in his capacity as President of the [purported] provisional Board of Directors of EHI . . . to instruct the current AOR to . . ." take the actions set forth in the Court's Jan. 29 Order and Feb. 20 Decision.[7] (*Id.*, ¶ 2). The Family Unity Certification states that Family Unity "has no knowledge of the identity of the current AOR of Eletson Holdings Inc. ('EHI') and thus has been unable to communicate with the AOR." (ECF Docket No. 1473). Family Unity also indicates that "[a]lthough Family Unity does not have the power to direct the AOR, it has requested from Mr. Vasilis Hadjieleftheriadis in his capacity as President of the [purported] provisional Board of Directors of EHI . . . to instruct the AOR to . . ."[8] take the actions set forth in the Court's Jan. 29 Order and Feb. 20 Decision. (*Id.*, ¶ 2). The Glafkos Certification states that "[t]he director and President of Glafkos [is] Mr. Hadjieleftheriadis. Glafkos refers to the certification of Mr. Hadjieleftheriadis to the Court." (ECF Docket No. 1474).

   E.  On February 24, 2025, Daniolos Law Firm[9] submitted to the Court a Declaration from Vasilis Hadjieleftheriadis (the "**Hadjieleftheriadis Declaration**"). (ECF

---

[7]  The Lassia Certification also states that ". . . following the execution of this certification[,] [Lassia] will no longer be owned nor managed by Ms. Laskarina Karastamai (or any of her immediate family members), since it has been agreed for the shares of Lassia to be transferred to Mr. Vasilis Hadjieleftheriadis." (ECF Docket No. 1472, ¶ 4).

[8]  In the Feb. 20 Decision, the Court found that while the "former majority shareholders also argue that they do not have the power to update the AOR . . . they state that 'the most that shareholders can do is instruct the current AOR to change the AOR.'" (Feb. 20 Decision, Hr'g Tr. 90:4-9); (*quoting Objection of the Majority Sharehlders of Eletson Holdings Inc.*, ECF Docket No. 1444, ¶ 13) ("The most that shareholders can do is instruct the current AOR to change the AOR, an action which the Court notably found is within Reorganized Holdings' purview").

[9]  Daniolos Law Firm has also previously submitted to the Court the *Supplemental Declaration of John Markianos-Daniolos in Support of Motion for Stay of Enforcement of January 29, 2025 Order Pending Appeal* [ECF Docket No. 1453], which was filed as a supplement to the *Declaration of John Markianos-Daniolos* attached to the *Letter to the Honorable John P. Mastando Regarding Compliance with Order* [ECF Docket No. 1407] and the *Declaration of John-Markianos-Daniolos Regarding the Motion for Stay of Enforcement of January 29, 2025* attached to the *Letter to the Honorable John P. Mastando Regarding Update on Greek Proceeding* [ECF Docket No. 1410].

Docket No. 1482). The Hadjieleftheriadis Declaration further states that "I was informed that for a number of years the AOR of Eletson Holdings Inc ('EHI') was a lawyer from a law firm in Athens . . . ." (*Id.*). The Hadjieleftheriadis Declaration also states that "[t]he Athens-based lawyer referenced above retired and withdrew from practice long ago. Later, EHI appointed another lawyer as the AOR." (*Id.*). The Hadjieleftheriadis Declaration further states that Mr. Hadjieleftheriadis ". . . feel[s] very hesitant to instruct the lawyer who was tasked to be EHI's AOR to act, given that such lawyer feels unable to assume this responsibility without protection and a relevant order from a Greek Court which has jurisdiction."[10] The Hadjieleftheriadis Declaration also states that Mr. Hadjieleftheriadis has "advised the current AOR of the order of the New York Bankruptcy Court as contained in the transcript of the hearing of February 20, 2025 regarding Eletson Holdings Inc."[11] (*Id.*). The Hadjieleftheriadis Declaration does not state that the AOR was "instructed . . . one, to communicate with and take direction from Reorganized Eletson Holdings, two, to update or amend the AOR as directed by Reorganized Holdings, and three, to update or amend Holdings' corporate governance documents on file with LISCR as

---

[10] The Court in the Jan. 24 Decision found that on January 3, 2025, the AOR filed "a certificate of election and incumbency of Eletson Holdings, the provisional board's Liberian Certificate with LISCR, which states that in addition to naming the other board members from the previous board that would serve on the provisional board, Mr. Hadjieleftheriadis is the 'acting president, treasurer, director of Eletson Holdings, Inc.'" (*See* Jan. 24 Decision, Hr'g Tr. 42:4-13) (citing TX-140 submitted in the January 6, 2025 Evidentiary Hearing). Further, this Court reiterated this finding in the Feb. 20 Decision and further stated that the "Certificate of Election and Incumbency of [Holdings]" was apparently filed "pursuant to a Greek court order that apparently had not been recognized in Liberia . . . ." (TX-140 submitted in connection with the Evidentiary Hearing); (Feb. 20 Decision, Hr'g Tr. 100:6-7); (*see also* Jan. 24 Decision, Hr'g Tr. 42:19-22 (". . . 'there is no evidence that the Greek order was recognized by the Liberian Court,' . . . nor has it been sought to be recognized in this Court.")). Judge Liman at the February 14, 2025 hearing in *Eletson Holdings Inc., et. al., v. Levona Holdings Ltd.*, Case No. 23-cv-7331 (LJL) [ECF Docket No. 270] also found that "[t]he Greek court order has never been recognized in the United States." Judge Liman Feb. 14 Hr'g Tr. 100:15-17.

[11] To date, the AOR has not made any filing on the Docket or under seal.

6

directed by Holdings." (Feb 20 Decision Hr'g Tr. 105:22-5, 106:1-4). The Hadjieleftheriadis Declaration also fails to identify the name of the AOR. (ECF Docket No. 1482).[12]

   F. Also, on February 24, 2025, Daniolos Law Firm submitted to the Court the *Certification of Vassilis Kertsikoff* and the *Certification of Laskarina Karastamati*, which state that each of these individuals has resigned from the board of Eletson Holdings Inc. and "has no knowledge of the identity of the AOR of the company . . . ." (ECF Docket No. 1482).[13]

   G. The AOR has not submitted to the Court the certification required by the Feb. 20 Decision.

---

[12] The Hadjieleftheriadis Declaration also states that Mr. Hadjieleftheriadis "reserve[s] all rights and defenses including but not limited to defenses with respect to personal jurisdiction over me." (ECF Docket No. 1482). However, in connection with the Emergency Motion, Mr. Hadjieleftheriadis submitted the *Declaration of Vasilis Hadjieleftheriadis in Support of Reed Smith's Opposition to Emergency Motion of Reorganized Eletson Holdings Inc. for an Order Imposing Sanctions*. (ECF Docket No. 1290). In addition, Mr. Hadjieleftheriadis has also submitted, *inter alia*, the *Declaration of Vasilis Hadjieleftheriadis in Support of the Second Amended Joint Plan of Reorganization of Debtors Under Chapter 11 of the United States Bankruptcy Code* [ECF Docket No. 1021] and the *Declaration of Vasilis Hadjieleftheriadis in Support of Debtors' Objection to Claims of Pach Shemen LLC, VR Global Partners, L.P., and Alpine Partners (BVI) L.P.* [ECF Docket No. 985], and testified in this Court in connection with confirmation [ECF Docket No. 1130, September 11, 2024 Hr'g Tr. 125:5-23]. Further, Mr. Hadjieleftheriadis purports to be the President of the purported Provisional Board of Directions of Eletson Holdings, Inc., the debtor in this case. (*See* TX-140, Certificate of Election and Incumbency of Eletson Holdings Inc., "a corporation organized under the Laws of the Republic of Liberia on the 4th day of December, 1985, with registration number C-40191" and with a corporate address of "118, Kolokotroni Street, 18535 Piraeus, Greece").

[13] Reed Smith (stating that they do not represent any of the individuals) also forwarded further certifications from the Daniolos Law Firm ("Greek counsel for [purported] Provisional Holdings . . .") from former board members of the debtor, Panagiotis Konstantares and Eleni Karastamati, and from purported Provisional Holdings' board members, Eleni Yannakopoulu, Panos Paxinos, and Adrianos Psomadakis-Karastamatis. (ECF Docket Nos. 1483, 1485, 1486, 1492). Ms. Karastamati states in her certification that ". . . I have resigned from [being a] member of the board of [Holdings] last November . . . and I do not know (or never knew) who is the AOR of the company." (ECF Docket No. 1483). Mr. Konstrantares states in his certification that he "was not involved at all in the management of [Holdings] and [does] not know who is the AOR, a term I barely understand." (ECF Docket No. 1485). The Yannakopoulu Certification states that "I was appointed by the [purported] provisional order of the court of . . . [Greece] as board member of [Holdings] . . . [and] [i]t was explained to me that I am being requested to provide a name of an AOR. I do not even understand that term and cannot assist." (ECF Docket No. 1486). The Paxinos Certification states that "I was appointed by the [purported] provisional order of the court of [Greece] . . . as board member of [Holdings] with the limited mandate contained in that order . . . and have no knowledge of the identity of the AOR whose duties are also not known to me." (*Id.*). The Psomadakis-Karastamatis Certification states that "I was appointed by the provisional order of the court of Piraeus . . . as board member of Eletson Holdings Inc. . . . I am not involved with the daily running of the company and have no knowledge of the identity of the AOR whose duties are also not known to me." (ECF Docket No. 1492).

7

H.     Although certain parties have complied with aspects of the Court's Feb. 20 Decision, it is undisputed that: i) the AOR has not been instructed to communicate with and take direction from Reorganized Eletson Holdings Inc.; ii) the AOR has neither been updated nor amended; iii) the corporate governance documents have neither been updated nor amended; and iv) the AOR has neither been identified nor disclosed to Reorganized Eletson Holdings Inc.or submitted to this Court (including under seal).  Thus, as set forth in this Court's Feb. 20 Decision, contempt sanctions are warranted.

I.     In addition, this Court finds that there is no support for the proposition that a debtor that voluntarily submits to the jurisdiction of this Court in a Chapter 11 case can withhold from this Court the identity of the debtor's or reorganized debtor's AOR.  (Feb. 20 Decision Hr'g Tr. 90:22-25, 91:1-3).  Moreover, as Judge Liman has found on February 14, 2025 (the "**Feb. 14 Hearing**"): "[a]s Judge Mastando ruled, and I [Judge Liman] agree, the plan does not require Eletson Holdings to take any action that would violate the law of Liberia." *Eletson Holdings Inc., et. al., v. Levona Holdings Ltd.*, Case No. 23-cv-7331 (LJL), ECF Docket No. 270, Feb. 14 Hearing Judge Liman Hr'g Tr. 104:8-10; (*see also* ECF Docket No. 1402, Jan. 24 Decision Hr'g Tr. 38:8-10, 17-22).

J.     As set forth in the Jan. 24 Decision, Jan. 29 Order, and the Feb. 20 Decision, the following parties are in contempt of the Court as a result of their violations of the Chapter 11 Plan, Confirmation Order, Jan. 24 Decision, Jan. 29 Order, and Feb. 20 Decision for failing to: i) instruct the AOR to communicate with and take direction from Reorganized Holdings Eletson Inc.; ii) update or amend the AOR as directed by Reorganized Eletson Holdings Inc.; and iii) update or amend Reorganized Eletson Holdings Inc.'s corporate

governance documents on file with LISCR as directed by Reorganized Eletson Holdings Inc.: the purported Provisional Board,[14] Vasilis Hadjieleftheriadis, and the Former Majority Shareholders.

  K. As set forth in the Feb. 20 Decision, the Court finds the following parties in contempt of the Court as a result of their violations of the Feb. 20 Decision for failing to submit under seal to this Court the identity of the AOR by Monday, February 24, 2025 at 2:00 p.m. (EST): the purported Provisional Board, Vasilis Hadjieleftheriadis, and the Former Majority Shareholders. (*See* Feb. 20 Decision 103:19-105:9).

  L. As set forth in the Feb. 20 Decision, the Court finds the AOR in contempt of the Court for failing to file a certification by Monday, February 24, 2025 at 2:00 p.m. (EST) stating that it will i) communicate with and take direction from Reorganized Eletson Holdings Inc.; ii) indicate that it has or will update or amend the current AOR as directed by Reorganized Eletson Holdings Inc.; and iii) indicate that it has or will update or amend Reorganized Eletson Holdings Inc.'s corporate governance documents on file with LISCR as directed by Holdings.

  M. The purported Provisional Board, Vasilis Hadjieleftheriadis, the Former Majority Shareholders, and the AOR are therefore subject to sanctions as set forth in the Feb. 20 Decision.

---

[14] As Judge Liman found in his February 14 Ruling:

> As of the effective date and by order of the bankruptcy court, Eletson Holdings is now the reorganized Eletson Holdings. Thus, as Judge Mastando recently ruled, there are not two separate Eletson Holdings. [Judge Mastando] stated: 'Essentially, reorganized Eletson Holdings is the only Eletson Holdings Inc.' . . . [Judge Mastando] ruled: 'Upon the effective date, equity interest of the former debtors were extinguished, and all equity interest in reorganized holdings were issued to the new holdings . . . The board members of the former debtor, certain of whom are now members of the provisional board, were automatically deemed to have resigned or otherwise ceased to be a director or manager of Eletson Holdings Inc.' The Court has independently reviewed the plan of confirmation of the petitioning creditors that was confirmed by the bankruptcy court and it agrees . . . As of the effective date, the authority of the prior managers of Eletson Holdings ended . . . The authority to manage Eletson Holdings is vested in the new board.

Feb. 14 Hearing Judge Liman Hr'g Tr. 96:17-25, 97:1-13.

9

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Court hereby imposes the following sanctions on the purported Provisional Board, Vasilis Hadjieleftheriadis, and the Former Majority Shareholders until i) the identity of the AOR is submitted under seal to this Court and to Reorganized Eletson Holdings Inc.; ii) the AOR is instructed to communicate with and take direction from Reorganized Eletson Holdings Inc.; iii) the AOR is updated or amended as directed by Reorganized Eletson Holdings Inc.and this Court; and iv) Reorganized Eletson Holdings Inc.'s corporate governance documents on file with LISCR are updated or amended as directed by Reorganized Eletson Holdings Inc.: coercive monetary sanctions of $1,000 per party per day, provided that Reorganized Eletson Holdings Inc.' rights are expressly reserved to request an increase in the foregoing amount if the purported Provisional Board, Vasilis Hadjieleftheriadis, and the Former Majority Shareholders do not comply with this Order within fourteen (14) days from the date hereof.

2. The Court hereby imposes the following sanctions on the AOR until the AOR submits to this Court a certification that: i) it has communicated with and is taking direction from Reorganized Eletson Holdings Inc.; ii) it has or will update or amend the current AOR as directed by Reorganized Holdings Inc.; and iii) it has or will update or amend Reorganized Eletson Holdings Inc.'s corporate governance documents on file with LISCR as directed by Reorganized Holdings Inc.: coercive monetary sanctions of $1,000 per party per day, provided that Reorganized Eletson Holdings Inc.'s rights are expressly reserved to request an increase in the foregoing amount if the AOR does not comply with this Order within fourteen (14) days from the date hereof.

3. Reorganized Holdings Inc.'s rights are expressly reserved to seek additional coercive and compensatory monetary sanctions in to-be-determined amounts,

including, without limitation, to pay for Reorganized Eletson Holdings Inc.'s fees and expenses in connection with the Motion, the Sanctions Motion, the Liberian proceedings, the Greek proceedings, and all further actions related hereto.

4. This Order is not to be construed as addressing any other actions that any party has taken or failed to take that may be alleged to be a violation of the Chapter 11 Plan, the Confirmation Order, the Jan. 24 Decision, the Jan. 29 Order, or the Feb. 20 Decision.

5. This Order is immediately effective and enforceable upon its entry, provided enforcement of the Order is stayed pending the Court's determination of the *Motion for Stay of Enforcement of January 29, 2025 Order Pending Appeal* (the "**Stay Motion**") [ECF Docket No. 1412] filed by Reed Smith and the *Joinder of the Majority Shareholders of Eletson Holdings Inc. to Motion for Stay of Enforcement of January 29, 2025 Order Pending Appeal*. [ECF Docket No. 1414] filed by Sidley Austin.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or reinforcement of this Order.

Dated: New York, New York
      February 27, 2025         /S/ John P. Mastando III
                                          HONORABLE JOHN P. MASTANDO III
                                          UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

# Jan. 29 Order

# Exhibit 2

**Feb. 20 Decision**