# TOGUT, SEGAL & SEGAL LLP

**ONE PENN PLAZA**
**NEW YORK, NEW YORK 10119**

———

**WWW.TOGUTLAWFIRM.COM**

———

**(212) 594-5000**

KYLE J. ORTIZ
(212) 201-6582
KORTIZ@TEAMTOGUT.COM

February 28, 2025

<u>**VIA ECF and EMAIL**</u>

Honorable John P. Mastando III
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

Re:     <u>*In re Eletson Holdings Inc.*</u>, Case No. 23-10322 (JPM)

Dear Judge Mastando:

We write on behalf of Eletson Holdings Inc. ("<u>Holdings</u>") in connection with the pending *Emergency Motion of Eletson Holdings Inc. for Entry of A Further Order In Support of Confirmation and Consummation of the Court-Approved Plan of Reorganization* [Docket No. 1459] (the "<u>Sanctions Motion</u>"),[1] which is scheduled for a hearing on March 12, 2025. The purpose of this letter is to inform the Court of the latest, and perhaps most brazen, violations of the Plan, the Confirmation Order, and the Consummation Order by the former officers, directors, and shareholders of Holdings, and to respectfully request that the Court amend the scheduling order with respect to the Sanctions Motion [Docket No. 1470] and set an earlier hearing date.

Yesterday afternoon, the Togut Firm received an email from the Sofos & Partners Law Firm purporting to serve a copy of an unauthorized motion for injunctive relief (the "<u>Improper Motion</u>") filed in the Single-Member First Instance Court of Piraeus. The Improper Motion names certain of Holdings' new officers and directors (Adam Spears and Leonard Hoskinson), one of its new shareholders (Pach Shemen LLC), and other respondents. It was filed by the Kalavros Law Firm, which improperly claims to act on behalf of plaintiff-applicants Holdings, certain of Holdings' subsidiaries (Eletson Corp., Eletson Gas, and the four SMEs), and Holdings' former minority shareholder Elafonissos Shipping Corporation. A copy of that email, which includes the Improper Motion, is attached as <u>**Exhibit 1**</u>.

The Improper Motion challenges this Court's jurisdiction and seeks sweeping and plainly unlawful relief in direct contravention of this Court's and the District Court's findings and orders, and is a patent continuation of Holdings' former management's and former shareholders' relentless campaign to obstruct the Plan and

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Sanctions Motion.

Confirmation Order.[2]  Such relief includes, among other things, (a) an injunction preventing Holdings' new (Court approved) officers, directors, and shareholders from exercising even the most fundamental management and ownership rights vested in them by the Plan and Confirmation Order, including, (i) claiming to represent Holdings or its subsidiaries, (ii) performing any acts of administration or management of Holdings or its subsidiaries, (iii) claiming the boards of directors of Holdings and its subsidiaries have been changed, and (iv) attempting *to register any changes with any authority, including LISCR*; and (b) *the imposition of a monetary fine of €5,000, at least three months incarceration, and fees and other costs*.  *See* Ex. 1 at 54-55.  The Improper Motion, which was apparently filed on February 19, 2025 is scheduled for a hearing in Greece on March 13, 2025—the day after this Court will hear the Sanctions Motion.

Further, the Improper Motion cross-references yet another proceeding, apparently filed on January 17, 2025, in the Piraeus Multi-Member Court of First Instance (Ordinary Procedures – Maritime Litigation Section) against the defendant-respondents to the Improper Motion, certain of the other petitioning creditors (VR Global Partners, L.P. and Alpine Partners (BVI), L.P.),[3] and certain new shareholders of Holdings (DuPont Capital Management and Mulberry Street Ltd.) seeking to frustrate implementation of the Plan and to challenge this Court's jurisdiction and binding orders.  *See* Ex. 1 at 48-49.  That action seeks, among other things, (a) a declaration from the Greek Court that the Confirmation Decision and Confirmation Order "do not have any effect" and "are not binding" on Holdings and that Holdings "has not been declared bankrupt and/or placed in any form of reorganization by virtue of" the Confirmation Decision or Confirmation Order, (b) to invalidate the actions of Holdings' new board appointed pursuant the Plan and Confirmation Order, and (c) a declaration that the new board appointed pursuant to the Plan and Confirmation Order has no authority to represent Holdings or any of its subsidiaries.  *Id.* at 49.  As such, in addition to the improper filings in direct opposition to the recognition proceedings in Liberia and Greece by Holdings' former directors, officers, and shareholders, Holdings is now aware of 5 additional actions initiated by these parties in foreign courts in a coordinated campaign to undermine and nullify the authority of this Court.  A summary of the 5 additional improper actions commenced since the entry of the Confirmation Order is attached as **Exhibit 2**.

The Improper Motion and these multiple collateral attacks in foreign jurisdictions are causing irreparable harm to Holdings.  To date, Holdings has not

---

[2]  Because the Improper Motion violates the District Court's recent ruling that affirmed Holdings and its new owners, directors, and representatives (including counsel) authority to act for Holdings (*see* Docket No. 1495 (Feb. 27 Sanctions Order) at 9 n.14 (quoting Feb. 14 District Court ruling)), Holdings reserves the right to seek appropriate relief from the District Court.

[3]  By including VR Global Partners, L.P. and Alpine Partners (BVI), L.P. the former officers, directors, and shareholders of Holdings are not only violating the Plan injunction on interfering with distributions to creditors, but the Court's Claims Objection Ruling [Docket No. 1211] and related Order [Docket No. 1381] (which were not appealed and the appeals period has expired), which found that those parties did not act in bad faith.

realized a single penny of value from its reorganization while it continues to incur escalating costs pursuing unnecessary recognition in Greece and Liberia and defending against frivolous attempts to obstruct the Plan, such as the Improper Motion. Furthermore, these actions have created confusion among Holdings' and its subsidiaries' counterparties, such as banks and charterers, who are continuing to take instruction from Holdings' former directors, officers, shareholders in violation of these parties' obligations under the Plan, Confirmation Order, and Consummation Order to work in good faith to implement the Plan (Confirmation Order ¶ 5(iii)), not take any actions that would interfere with implementation of the Plan (*id.* ¶ 12), and to take all steps reasonably necessary to unconditionally support the effectuation, implementation, and consummation of the Plan (Consummation Order ¶ 2).

These actions make crystal clear that Holdings' former directors, officers, and shareholders have absolutely no intention of complying with this Court's orders—orders by which they are indisputably bound—and are instead engaged in a systematic and coordinated strategy of obstruction in foreign courts. This is precisely why the Court should promptly grant the Sanctions Motion on March 12, 2025, if not before. Accordingly, Holdings respectfully requests that the Court permit Holdings to be heard at the March 3, 2025 hearing to explain why the Court should amend the scheduling order with respect to the Sanctions Motion [Docket No. 1470] and set an earlier hearing date and briefing schedule.

Finally, although the Sanctions Motion already requested relief that would require withdrawal of the Improper Motion and any other improper foreign proceedings,[4] Holdings intends to file an amended proposed order to make explicit that the Sanctions Motion applies to the Improper Motion, each of foreign proceedings identified in Exhibit 2,[5] as well as the persons and entities that filed them.

Respectfully submitted,

TOGUT, SEGAL & SEGAL LLP
By:

*/s/ Kyle J. Ortiz*

Kyle J. Ortiz
A Member of the Firm

---

[4]  *See* Sanctions Motion, Ex. A (Proposed Order) ¶ 2 ("The Ordered Parties are authorized, required, and directed to withdraw any and all filings that oppose or undermine in any way the judicial recognition of the Confirmation Order, including, without limitation filings in the . . . Greek Proceedings, by no later than seven (7) days from the date of service of this Order in accordance with applicable law . . . .").

[5]  Should Holdings become aware of any other improper foreign proceedings in advance of the Sanctions Motion hearing, it will promptly advise the Court and reserves the right to seek further relief.

<u>**Exhibit 1**</u>

**February 27, 2025 Email and Improper Motion**

**From:** **Themis Sofos** themis@sofos.com.gr
**Subject:** ELETSON CORPORATION etc. v. Pach Shemen LLC etc. | Case No. 4213/244/2025 | Plaintiff's Notice of APPLICATION FOR INTERIM MEASURES; Proof of Service
**Date:** February 27, 2025 at 2:59 PM
**To:** kortiz@teamtogut.com, jboriello@teamtogut.com, bkotliar@teamtogut.com, bshaughnessy@teamtogut.com

Dear Counsel,

Acting for the Plaintiffs, please note the attached application for interim measures filed with the Greek Single-Member Court of First Instance of Piraeus, officially translated in english from the Greek original (*also attached*).

Please find the following documents filed with the court:

## ELETSON CORPORATION etc. v. Pach Shemen LLC etc. | Case No. 4213/244/2025 | Plaintiff's Notice of APPLICATION FOR INTERIM MEASURES; Proof of Service

You are hereby summoned to appear, represented by a lawyer, at the hearing set on March 14, 2025, at the Single-Member Court of First Instance of Piraeus, Greece.

Please note this document is only being served electronically pursuant to the Judge's Order and the Greek Code of Civil Procedure.

*Kind regards,*
*Themistoklis Sofos, PhD*
*Attorney-at-law*






Asklepiou Str. 6-8  GR 10680  Athens / Greece

T+302103633322 F+302103636327 M+306944838029

www.sofos.com.gr  -  LinkedIn  -  Blog  -  Twitter

*The content of this message is confidential. If you have received it by mistake, please inform us by an email reply and then delete the message. It is forbidden to copy, forward, or in any way reveal the contents of this message to anyone. The integrity and security of this email cannot be guaranteed over the Internet. Therefore, the sender will not be held liable for any damage caused by the message. Is it necessary to print this email? If you care about the environment like we do, please refrain from printing emails. It helps to keep the environment forested and litter-free.*

--
**Important Notice:**

[EXHIBIT 1  - Page 1 of 99]

The content and any attachments of this e-mail are confidential and intended solely for the addressee used by Sofos & Partners Law Firm.
In case you are not the intended recipient, notify immediately the sender via phone or email and delete the message and its attachments.
Be aware that any disclosure, copying, distribution or use of this email or any attachment is prohibited.

**ELETSON CORP etc - Pach Shemen LLC etc _ Motion...** 
883 KB

**ΑΙΤΗΣΗ ΑΣΦΑΛΙΣΤΙΚΩΝ ΜΕΤΡΩΝ ΕΛΑΦΟΝΙΣΣΟΣ...** 
1.2 MB

[EXHIBIT 1  - Page 2 of 99]

Digitally signed by
THEODOSIA THEODOSIA
KAPELONI Date: 2025.02.17
19:45:58+02'00'



K.F. KALAVROS LAW FIRM CH.P. FILIOS - TH.TH. KLOUKINAS BEFORE THE

SINGLE-MEMBER FIRST INSTANCE COURT OF PIRAEUS

[Interim Measures Proceedings]

APPLICATION FOR INTERIM MEASURES

1)      Of the foreign shipping company "ELAFONISSOS SHIPPING
CORPORATION", which is based at its registered office in Liberia, but de facto in
Greece, at 118 Kolokotroni Street, Piraeus, legally represented, lack a Tax Identification
Number

2)   Of the foreign shipping company "ELETSON CORPORATION", which is
based at its registered office in Liberia, but de facto in Greece, at 118 Kolokotronis
Street, Piraeus, with the Tax Identification Number 098035979/ Piraeus Shipping
Authority, legally represented.

3)   Of the foreign shipping company "ELETSON GAS LLC", which is based at its
registered office in the Marshall Islands, and de facto in Greece, at 118 Kolokotroni
Street, Piraeus, legally represented, lack a Tax Identification Number.

4)   Of the shipping company "KASTOS SPECIAL MARITIME ENTERPRISE",
which is based at its registered office in Piraeus (62, Iroon Polytechniou Avenue), with
Tax Identification Number 997904595, legally represented.

5)   Of the shipping company "KINAROS SPECIAL MARITIME ENTERPRISE",
which is based at its registered office in Piraeus (62, Iroon Polytechniou Avenue), with
Tax Identification Number 998049676, legally represented.

6)   Of the shipping company "KIMOLOS II SPECIAL MARITIME
ENTERPRISE", which is based at its registered office in Piraeus (62 Iroon Polytechniou
Avenue), with Tax Identification Number 997904024, legally represented

7)   Of the shipping company "FOURNOI SPECIAL MARITIME ENTERPRISE",
which is based in Piraeus (62, Iroon Polytechniou Avenue), with Tax Identification
Number 997904583, legally represented.

[EXHIBIT 1  - Page 3 of 99]



8) Of the foreign shipping company "ELETSON HOLDINGS INC.", which is based at its registered office in Liberia, but de facto in Greece, at 118 Kolokotroni Street, Piraeus, legally represented by its temporary management by virtue of a letter of 12.11.2024 granted by the President of the Office of the Single Judge of the Piraeus Court of First Instance, Antonia MEGOULI, together with the Act of Election of the Members of the Board of Directors and representation of the Company (already registered on 19.11.2024 in the Company's register at the Register of Companies of the Republic of Liberia in Greece), lacking the Tax Identification (VAT) Number.

## VERSUS

1) The foreign special purpose vehicle "Pach Shemen LLC", which is based at its registered office in Delaware (1209 N. Orange Street, Wilmington, DE 19801), legaly represented, email: ml@murchinsonltd.com,

2) The foreign special purpose vehicle "Levona Holdings Ltd.", which is based at its registered office in the British Virgin Islands (Sea Meadow House, P.O. Box 116, Road Town, Tortola, British Virgin Islands), legally represented, email: adam@ace148.com,

3) The foreign special purpose vehicle "Murchinson Ltd", a foreign company based at its registered office in Canada (4th Floor, 145 Adelaide Street West Toronto, Suite 400, ON M5H 4E5 Canada), legally represented, email: mjb@murchinsonltd.com,

4) Adam Spears, resident of Canada (17 Cortleigh Crescent, ON, M4R 2C6, Toronto, Canada), email: adam@ace148.com,

5) Leonard Hoskinson, resident of New York City, namely at the offices of the foreign law firm Togut, Segal & Segal LLP (One Penn Plaza, Suite 3335, New York, NY 10119), email: kortiz@teamtogut.com, jboriello@teamtogut.com, bkotliar@teamtogut.com, bshaughnessy@teamtogut.com,

6) Mark Lichtenstein, resident by virtue of his employment with the foreign special purpose vehicle "Murchinson Ltd" of Canada (4th Floor, 145 Adelaide Street West Toronto, Suite 400, ON M5H 4E5 Canada), email: ml@murchinsonltd.com

7) Marc Bistricer, resident by virtue of his employment with the foreign special purpose vehicle company "Murchinson Ltd" ofCanada (4th Floor, 145 Adelaide Street West Toronto, Suite 400, ON M5H 4E5 Canada), email: mjb@murchinsonltd.com

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1 - Page 4 of 99]



8) Ion Varouxakis, resident of Athens, at 1 Bakou Street, no. 1, holder of the ID with Number N033180, with Tax Identification Number 074097190.

9) The company "BRASCHEL A GREECE MONOPOROSOPI I.K.E.", which is based at its registered office in Athens (26 Amalias Avenue), legally represented,

10) The company "BRASCHEL B GREECE MONOPOROSOPI I.K.E.", which is based at its registered office in Athens (26 Amalias Avenue), legally represented, and

11) The company "BRASCHEL C GREECE MONOPOROSOPI I.K.E.", which is based at its registered office in Athens (26 Amalias Avenue), legally represented.


*I. Introductory remarks - Relations between the parties*

A.    1. The multi-family shipping house "ELETSON" - Its parent company "ELETSON HOLDINGS INC." and its subsidiary 'ELETSON CORPORATION'

1. ELETSON HOLDINGS INC. (hereinafter referred *to as "the Company" or "ELETSON HOLDINGS")* is the "parent" company of the maritime multi-family business, known in the maritime events on a global scale by the name "ELETSON". The Company is a Societe Anonyme (corporation), incorporated as early as 04.12.1985 under the laws of Liberia, having its real place of business in Greece where it maintains offices at Kolokotroni Street No. 118, in Piraeus, since it was and is managed by a board of directors consisting of eight members, which meets at its above mentioned place of business, all the members of which are Greek and resident in Greece, all decisions concerning its business activity and the fulfilment of its statutory purpose are taken at its offices, which it maintains at the above address, since the Company is a holding company of shipping companies, all its activities are carried out in Piraeus through its wholly owned subsidiary, Eletson Corporation - here third of the applicants, which maintains an office legally established in Piraeus in accordance with the provisions of Article 25 of Law No.27/1975, where it employs approximately 50 staff on land (and many more seafarers at sea), paid and insured in Greece, in accordance with the provisions of Greek law.

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1  - Page 5 of 99]



2.  As from 8.11.2024 the Company lacks management and legal representation, due to the resignation of four (4) of the then members of the Board of Directors. The Company is unable to take any action to defend its interests and/or to defend itself against the actions against it, as they will be detailed below in this document, two (2) of its shareholders, namely the foreign shipping companies, namely the second of the applicants, ELAFONISSOS SHIPPING CORPORATION, and KEROS SHIPPING CORPORATION, which hold 392 shares (shareholders) each of them, representing 3.92% each of the Company's share capital, have brought an action before the Greek courts, submitting a complaint dated 11.11.11.2024, with GAK/EAK 16655/7823/11.11.2024, before the Piraeus Court of First Instance (Single Member Court of First Instance) pursuant to Article 69 of the Greek Civil Code (AK), in order to appoint a temporary administration of the Company, in the procedure for interim measures, to protect the rights of the Company and in particular to manage the Company and to convene an Extraordinary General Meeting for the election of a new Board of Directors, as stated in particular in the application, and the hearing date of the above application was initially set for 4.2.2025.

Due to the existence of an urgent case, the aforementioned application included a request for the granting of a temporary injunction, the hearing of which took place before the President of the Court of First Instance of Piraeus on 12.11.2024, which was granted, and a temporary injunction was granted with the following content:

*" - Application for temporary order granted.*

*- Appoints the provisional management of the shipping company "ELETSON HOLDINGS INC" consisting of the following persons: 1) Vasilios Hatzieftherereriadis son of Apostolos, 2) Konstantinos Hatzieftherereriadis son of Apostolos, 3) Ioannis Zilakos son of Nikolaos, 4) Emmanuel Andreoulakis son of Stylianos, 5) Adrianos Psomadakis - Karastamatis son of Michael, 6) Panos Paxinos son of Ioannis, 7) Eleni Giannakopoulou daughter of Konstantinos, 8) Niki wife of Nikolaos Zilakos, in order to handle all urgent matters of the said company and in particular to take care of its legal representation (appointment of lawyers) before the Courts of New York USA for*

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1 - Page 6 of 99]



*the pending cases, a temporar-y basis until the hearing of the application at the appointed hearing and subject to the hearing of the application at the said hearing."[1]* The aforementioned temporary order granted was maintained by the aforementioned Court as the suspended order, following a request for intervention by the allegedly reorganized "ELETSON HOLDINGS INC." and purportedly represented by the fourth defendant herein, Adam Spears, and set for trial on April 2025

<u>These persons are the only ones authorized to represent the Company.</u>

3. As mentioned above, the Company is a holding company and, among other things, holds all the shares of four Greek Special Maritime Enterprises (SSEs), which control the Greek flagged vessels MT Kastos, MT Kinaros, MT Kimolos and MT Fourni, which are tankers, namely the current 4th to 7th applicant Greek companies 'Kastos SPECIAL Maritime Enterprise', 'Kinaros SPECIAL Maritime Enterprise', 'Kimolos II SPECIAL Maritime Enterprise' and 'Fournoi SPECIAL Maritime Enterprise', respectively. The above vessels are managed by the Liberian company and herein the second of the applicants, Eletson Corporation *(hereinafter: "ELETSON CORPORATION"),* which is also a 100% subsidiary of ELETSON HOLDINGS, as mentioned above, and is legally entitled, in accordance with the provisions of Article 25 of Law 27/1975 and Law No. 89/67, with an establishment in Greece, namely in Piraeus, at 118 Kolokotroni Street, with the registration number 098035979/Piraeus Shipping Authority.

---

[1] The aforementioned interim management of the Company was registered in the Company's register number C-40191 with the Ministry of Foreign Affairs of the Republic of Liberia and the corresponding Certificate of the latter was issued on 19.11.2024, by virtue of which the Members of the Board of Directors of the Company were published and as they were appointed as aforementioned by the 12.11.2024 by the interim order of Ms. President Service of the Piraeus District Court, while (a) Vassilios Hatzieleutheriadis as Chairman and Treasurer and (b) Emmanuel Andreoulakis, as Secretary, were appointed as authorized officers / directors of the Company (Officers), who were given the power of attorney to sign on behalf of and bind the Company.

ἑΛΙΛἨ︎Ι·Ἡ                    ἸΡ꠆ΙΓΊΑ ·ΥΠ꠆Ἰ꠆ΓΕΙΟ Ε Ξ Ω ΤΤΊἸϽΙ꠆꠆Ι꠆Ω
Μητρῷο Πιστοποιημένων Μεταφραστῶν

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1 - Page 7 of 99]



A.   2. Eletson Gas LLC

Eletson Gas LLC *("Eletson Gas"),* was formed as a limited liability company (LLC) under Marshall Islands law providing for the formation of a limited liability company (LLC) by a Limited Liability Company Formation Agreement (LLC Agreement dated April 12, 2013, amended and codified as of August 16, 2019 - Amended and Restated LLC Agreement - to which subsequent amendments have been made). The shareholders of Eletson Gas were, *on the one hand,* ELETSON HOLDINGS, holding the common shares/shares, namely 13,000.000 ordinary shares, which were and are all (100%) of the ordinary shares, and *the* Blackstone investment fund, which held the preference shares/shares, i.e. having priority in the distribution of dividends and, under certain conditions, having a decisive influence over the company, namely 8,811,080 preference shares, which were all (100%) of the preference shares. ELETSON CORPORATION, as the ship management company, also became a shareholder in Eletson Gas by issuing to it certain 'special membership units'.

In Eletson Gas, ELETSON HOLDINGS contributed in kind five (5) new preexisting LPG carriers, all under the Greek flag, namely Anafi, Nisyros, TELOS, TELENDOS and SYMI and held all the common shares and Blackstone contributed significant funds for the construction/acquisition of another nine (9) state-of-the-art LPG carriers, capable of carrying ethylene products, and held all of the preferred units (shares), which, however, pursuant to the LLC Agreement *(hereinafter: "LLCA"),* had increased powers and controlled Eletson Gas LLC, i.e., could make significant corporate decisions and appointed a majority of the Board members.Σ..

As a result, at the beginning of 2022, Eletson Gas owned, directly or indirectly, fourteen (14) LPG carriers, making its fleet the second largest in the market - the first being the fleet of Unigas, ELETSON's main and direct competitor. Eletson Gas' revenues are mainly derived from the operation of these vessels, while the co-management of the above-mentioned Eletson Gas fleet was undertaken by ELETSON CORPORATION (technical management), on *the one hand, and* EMC GAS Corporation (commercial representation - monitoring - financial management), on the *other hand,* which was established as a subsidiary of Eletson Gas, with its registered office in the Marshall Islands and established as a shipping company under the legal framework of Article 25

[EXHIBIT 1 - Page 8 of 99]

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr



of Law No. 27/1975 and Law No. 27/1975. 89/67 (as a subsidiary of the aforementioned non-established Eletson Gas).

A.  3. The purchase of Blackstone's stake in Levona by Levona and the agreement to divest Levona [by transferring its (Levona's) shares to Eletson Gas or to companies it would nominate].

In November 2021, another hedge fund, - Murchinson Ltd *(hereafter Murchinson)* - here the third of the defendants, bought from Blackstone its share (for a price later revealed to be only USD 3 million), and thus became a partner (shareholder) in Eletson Gas, in place of Blackstone. The purchase was made through a company related to Murchinson, which was a special purpose vehicle, Levona Holdings Ltd *(hereinafter 'Levona'); now the second of the defendants,* incorporated under the laws of the British Virgin Islands.

Murchinson and Levona stated from the outset that they did not intend to be long-term investors, but wanted to exit soon with a significant profit on their investment. Negotiations therefore began, which took place mainly in January and February 2022 and resulted in the conclusion of a Binding Offer Letter *('BOL')* between Eletson Holdings, Eletson Corporation, Eletson Gas and Levona dated 22 February 2022, under which Eletson Gas would pay Levona USD 23 million.000,000) (or give it two ships of equivalent value, and more specifically the shares of the charterers of the bare two ships, namely SYMI II SME and TELENDOS II SME) and in return Levona would transfer the shares (preference shares) held by it to Eletson Gas, or to legal entities designated by the latter. At the same time, under the same agreement, Levona would provide a loan initially of USD 10 million, which was increased to USD 14 million (of which USD 12,8 million was eventually used), in order to pay Eletson Gas' short-term obligations to lenders. This loan was to be repaid in one lump sum over two (2) years.

Following the above, Levona under the terms of the BOL and as decided by virtue of the 29.09.2023 New York Arbitration Award (JAMS Arbitration Award), as we will set out below, was no longer a shareholder of the third applicant herein - Eletson Gas, while the latter indicated, as agreed in the BOL, and made 11.03.2022, the foreign Cypriot shipping companies, Fentalon Limited, Apargo Limited and Desimusco

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1  - Page 9 of 99]



Trading Limited *("The New Preferred Shareholders"),* nominated by Eletson Gas, as agreed in the BOL, became its preferred shareholders.

A.    4. Levona's allegations that it had not transferred the Eletson Gas shares; - Levona's unconventional, bad faith and contrary to good faith and fair dealing conduct; - Levona's breach of the terms of the LLC Agreement.

While, however, negotiations and procedures were continuing between Eletson and Levona for the change of flag of the above two (2) ships and their resale to third parties, Levona - now the second of the defendants (around mid-July 2022) suddenly started to claim that (while it had in fact been transferred the shares of SME SYMI and TELENDOS already in March 2022) it had allegedly not transferred to Eletson Gas its preferential shares in Eletson Gas, and this because according to the BOL [see the BOL of the European Union], it had not transferred to Eletson Gas its preferential shares in Eletson Gas. above under paragraph A.3..], Eletson Gas should also have followed certain formal procedures for exercising an option to acquire those preferred shares, which, according to Levona's allegations, had not happened. Consequently, Levona began to argue at that point that BOTH its two ships had been transferred AND the preferred shares it held in Eletson Gas had not been transferred and therefore the current fifth defendant company itself was still the preferred shareholder of the last and here fourth of the defendants, Eletson Gas. In fact, the whole of Levona's bad faith, unconventional and criminal conduct became most evident when it attempted to sell the other twelve (12) vessels in the Eletson Gas management fleet to Eletson's main competitor, Unigas. In particular, by a Letter of Intent (LOI) allegedly signed on 15 July 2022, between Unigas (which is Eletson Gas' main competitor, as already mentioned) and Eletson Gas, which allegedly signed it through a representative of Levona (who, however, was not entitled to sign in the name and on behalf of Eletson Gas) allegedly agreed to the sale and transfer of the other twelve (12) vessels to Unigas, thereby putting Levona in breach of the terms of the LLCA [see A.3..], in that since Levona had ceased to be a shareholder of Eletson Gas, it had no right under the LLCA to enter into the Unigas LOI or otherwise act on its behalf, while causing damages to both Eletson Gas and the New Preferred Shareholders by its bad faith, unconventional and contrary to the rules of good faith and fair dealing.

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1  - Page 10 of 99]



Levona's wholly unconventional, bad faith and contrary to good faith and morality conduct had one underlying cause: The fact that the values of the 12 LPG carriers that remained under the control of Eletson Gas had begun to rise significantly between the time the BOL was signed (i.e., February 22, 2022) and the time Levona dramatically changed its position (mid-July 2022). The reason for the increase was the (particularly critical for the gas market) geopolitical event of Russia's invasion of Ukrainian territories (which quite sympathetically started around the end of February 2022, and escalated in the following months). The Western world's attempt to find alternative routes for the extraction and especially transportation of LPG (i.e. not via Russian pipelines, but via ships), dramatically increased the demand for LPG carriers, resulting in a surge in the commercial value of ships of this type. Levona, therefore, as a hedge fund with the sole aim of making excess profits, instead of being satisfied with the already increasing value of the SYMI and TELENDOS vessels that it already controlled as of 11 March 2022, attempted to illegally reap benefits from the rest of the Eletson Gas fleet (i.e. the other 12 vessels mentioned above). In other words, it was not enough for Levona that while it had just invested USD 3 million and would have made at least USD 23 million based on the contract documents (!) from the two ships, but, as soon as it realised the new market prospects, it attempted to more than double its profits (by tens of millions more), claiming that it still owned the preferred shares and therefore had 'to receive' as a preferred shareholder also from the attempted sale of the 12 remaining ships (!!!).

*II.  The relevant facts*

A. The arbitration opened in New York; - The Arbitral Award issued in New York on 29.09.2023 by the Arbitral Tribunal, composed of retired Judge-Arbitrator Ariel E. BELEN *(hereinafter referred to as "the 29.09.2023 Arbitral Award").*

1. As a result of Levona's aforementioned unconventional and wholly bad faith conduct, both Eletson Gas' shareholder and herein eighth applicant, Eletson Holdings, and its subsidiary and herein second applicant, Eletson Corporation, responsible for providing management services for the vessels owned by Eletson Gas through its subsidiaries (the management fees being an asset of Eletson Corporation and an obligation of Eletson Gas or the respective subsidiaries incurring the expense) have

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1  - Page 11 of 99]



brought an arbitration action in New York under a 29th Anniversary Arbitration Agreement.07.2022 written claim to Levona, on the basis of the arbitration clause contained in the concluded "LLC Agreement" [Article 12.14 (a) at p. 69 of the "Third Amendment and Restatement of the Limited Liability Company Agreement for Eletson Gas LLC" dated August 16, 2019 (LLC Agreement)], to resolve the dispute between them and "Levona" as to whether they had transferred to Eletson Gas or to companies that it would (and had already) represented the shares/units, namely its preferred shares (units/units) held by Levona in Eletson Gas and related partnership disputes arising from the "LLC Agreement" (LLCA).

More specifically, in the above application, the applicants (ELETSON HOLDINGS and ELETSON CORPORATION) sought a declaration that Levona had breached the terms of the LLCA, as well as the rules of good faith and fair dealing, since the defendant, Levona, had ceased to be a shareholder of Eletson Gas, following the exercise by Eletson of its Option to Purchase the Preferred Stock of the defendant (Levona) in Eletson Gas pursuant to the terms of the BOL, namely, the transfer to Levona of the shares held by Eletson Gas in the MT SYMI and MT TELENDOS shipowning companies for $23.000,000, pursuant to which (transfer) Levona's preferred shares were acquired and at the behest of Eletson Gas the foreign shipping companies, Fentalon Limited, Apargo Limited and Desimusco Trading Limited, became New Preferred Shareholders of Levona.

Accordingly, the above-mentioned applicant companies (ELETSON HOLDINGS and ELETSON CORPORATION) contended that Levona had no right under the LLCA to enter into the Unigas LOI or otherwise act on behalf of Eletson Gas, further that the actions it took resulted in property damage to Eletson Gas itself, as well as to its New Preferred Shareholders, Fentalon Limited, Apargo Limited, and Desimusco Trading Limited, for which (damage) they sought redress in the above application.

The said Arbitral Tribunal, consisting of the Honorable Judge Sole Arbitrator, Mr. Ariel E. Belen, having considered the case, in strict compliance with the principle of equality and the principle of hearing both sides, having invited the parties to appear at the hearing, and having taken into account the evidence adduced and having heard the counsel for both sides, as well as the testimony given at the hearing, which took place on

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1 - Page 12 of 99]



15, 16, 18, 19, 22, 23 and 24 May 2023, issued its decision of 29.09.09.2023 final and conclusive decision, which was published in New York, United States of America (USA),

i.    e. the place agreed as the seat of the arbitration.

According to that decision, the Arbitral Tribunal decided on *the one hand* that <u>Eletson exercised the option in accordance with the terms of the BOL, *on the other* hand it ruled on the</u> claims of the above-mentioned claimants and that Levona had indeed breached the terms of the LLCA, and that it, together with its affiliated legal entities, "Pach Shemen" and "Murchinson" - here the first and third defendants, respectively, had violated the rules of good faith and fair dealing, causing quantifiable harm to Eletson Gas and its New Preferred Shareholders.

According to the operative part of the said decision, the Arbitral Tribunal ruled in favour of the Complaint of ELETSON HOLDINGS and ELETSON CORPORATION[2] and, after rejecting the claims and demands and the claims of Levona in the Arbitral Counterclaim brought by it, ruled as follows *(e-^^phasis added):*

*" VIII. CONCLUSION AND FINAL A WARD"*

*This Final Award resolves all issues submitted for decision in this arbitration. The undersigned has considered and resolved all the issues and arguments raised relating to the merits of the claim, counterclaims, requests for attorneys' fees, costs, expenses and pre-judgment interest, including those not explicitly addressed herein. Any argument not addressed in this Final Award was found to be unavailing, without merit, academic, or unnecessary to reach.*

*This Final Award finds and orders as follows*

*1.        Claimants have proven breaches of the LLCA and the covenant of good*

*faith and fair dealing and established that Eletson exercised its option to purchase option pursuant to the BOL, and are therefore entitled to declaratory relief, compensatory damages, punitive damages, prejudgment interest, and attorneys' fees, as set forth below.*

*2.        Defendant has not proven any of its counterclaims and they are dismissed.*

---

[2] It is noted that in the 29.09.2023 Arbitral Award, where **"ELETSON" or "Claimants"** is referred to **"ELETSON HOLDINGS"** and **"ELETSON CORPORATION"**, a subsidiary of the former, which are also the first and second claimants here, and where **"Company"** is referred to **"Eletson Gas" – here the third claimant**.

ίΑΙΑ⊞Ι·Η        ⫾Ρ⫾ΤΤΑ·*ΥΠ*⫾*ΓΕΙΟ Ε Ξ* Ω ΤΙΊⅠⅡ·Π Ω
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1  - Page 13 of 99]



*The Defendant is entitled to recover nothing from Claimants.*

A. *Declaratory relief*

*I hereby enter the following findings, determinations and declarations:*

1. *Eletson effectively exercised the buyout option granted in the Binding Offer Letter dated February 22, 2022 on and as of March 11, 2022, and any alleged precondition to the exercise of that option was either satisfied or waived.*

2. *As of March 11, 2022, Respondent Levona had no ownership interest in the Company, Eletson Gas.*

3. *The Company exercised its rights under the BOL to nominate three entities - Fentalon, Apargo and Desimusco (the Preferred Nominees) - affiliated with the principals of Claimants, as the parties to receive preferred interests in the Company, previously held by Levona.*

4. *The preferred interests in the Company were transferred to the Preferred Nominees, effective as of March 11, 2022, and the Preferred Nominees are permitted transferees under the LLCA. They have stipulated to be bound by this Award and any Judgment entered hereon.*

5. *Eletson Holdings and Eletson Corporation never held any of the preferred interests in the Company.*

6. *The shares of the subsidiaries which control the Symi and Telendos were transferred to Levona as of March 11, 2022 as Purchase Option Consideration in connection with the BOL. As of March 11, 2022, Levona retains all rights associated with ownership of the subsidiaries of those vessels.*

7. *The Status Quo Injunction shall stay in effect until the later of a final court judgment being entered on any Award or any further order of this Arbitrator.*

8. *Levona, Murchinson and Pach Shemen, are each alter egos of the other concerning every fact proven in this matter and every item of relief awarded herein. Any references to Levona herein are therefore to all alter- egos, and for the avoidance of doubt, any judgments against Levona are also against each alter-ego.*

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1 - Page 14 of 99]



9. Levona breached its LLCA and its related obligations, including without limitation common law and contractual duties to Claimants and the Company, in at least the following ways:

i.      Bribing an Eletson Corporation employee, and Company representative, Peter Kanelos, and causing him to disclose the Company's confidential information,

ii.     Violating confidentiality obligations by disclosing the Company's confidential information to third parties, failing to take steps to recover such information, and then deceiving Claimants and the Company concerning said breaches after it became a member of the Company,

iii.    Actively engaging in unlawful behavior by unlawfully influencing the Company's financiers to turn against the Company and Claimants, including without limitation by causing the arrest offive of the Company's vessels and not disclosing this misconduct to Eletson or the Company after it became a member of the Company,

iv.     Failing to acknowledge that Eletson fully complied with the terms of the BOL Purchase Option, and failing to act in good faith by remaining silent about its purported belief that the Company could or might fail to meet its BOL terms,

v.      Improperly purporting to act on behalf of the Company in its business dealings with third parties, including by attempting to sell the Company's assets to its primary competitor, Unigas, and concealing such misconduct from Claimants,

vi.     Improperly threatening Eletson and affiliated officers and directors, including by pursuing litigation against them,

vii.    Improperly purporting to seize control of the Company's board of directors postMarch 11, 2022,

viii.   Improperly purporting to direct the day-to-day operations of the Company postMarch 11, 2022,

ix.     Improperly purporting to assert control of the Company's assets post-March 11, 2022,

x.      Improperly purporting to call and hold meetings of the Board of the Company without following proper procedures and for unlawful and improper purposes of approving unlawful and improper conduct post-March 11, 2022,

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1 - Page 15 of 99]



*xi.      Breaching its obligations under the LLCA, i^cludi^g without limitation pur-p^^ting to have terminated management agreements that Eletson Corporation has with the Company's subsidiaries, purporting to change management of the Company's subsidiaries, precluding Eletson Corporation from communicating with the Company's financiers, all of which Levona knew were unlawful and in breach of the LLCA, and*

        *10. Violating the arbitration's Status Quo Injunction:*

*i.  Wrongfully declaring the Company in default on the loan from Levona and wrongfully purporting to accelerate payment of the principal,*

*ii.  Trying to sell vessels, including the Symi and Telendos, while the Status Quo Injunction was in effect; and*

*iii. Directing and/or causing Levona's affiliated to purchase a controlling position in securities of Eletson Holdings in January 2023 for the purpose of wrongfully commencing and then actually causing the commencement of litigation against Eletson Holdings and the filing of an involuntary bankruptcy petition against Eletson Holdings."*

    2.      Subsequently, the same Arbitral Award of 29.09.2023 of the Honorable Judge-Arbitrator Ariel E. BELEN recognized the obligation of the herein respondent companies, namely the first to the third of them (i.e. Levona, Pach Shemen and Murchinson respectively) to pay, jointly and severally liable, to the above mentioned companies the amounts mentioned therein as: (a) compensatory damages for consequential damages; and (b) punitive damages, plus (c) attorneys' fees, costs, expenses and additional interest; and specifically acknowledged that Levona, Murchinson and Pach Shemen [first through third defendants], as alter- egos, jointly and severally, shall pay: α) As Compensatory Damages

In the amount of $43,455,122.21, as more particularly set forth therein.

b) As Punitive Damages

Total amount of $43,455,122.21, as more particularly set forth therein.

c) For Attorneys' Fees, Costs, Expenses and Additional Interest

Among other things: (i) Attorneys' fees, costs and expenses due in connection with the arbitration amounting to $9,590,222.99; (ii) An additional amount of $22,366.10,

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1 - Page 16 of 99]



representing additional costs incurred by JAMS in connection with the pending arbitration; (iii) Attorneys' fees, costs and expenses due in connection with the Bankruptcy and Bondholders' Action in the amount of $3.007,266.20, (iv) Additional Default Interest on the principal amount of damages as awarded under the Amended Interim Arbitration Award through August 31, 2023 in the amount of $2,496,081.88, subj ect to the specific allocation of the foregoing amount to Eletson Gas and the Preferred Shareholders.

3. It is further noted that on 28 July 2023, the same as the Arbitral Tribunal, consisting of Judge et al.Arbitrator Ariel E. Belen, issued an Interim Arbitral Award in the above-mentioned arbitration, which was corrected by the same Arbitrator on 15 August 2023 by virtue of a Corrected Interim Arbitral Award, whereby he clarified that in Section VII. B4 of the arbitral award *"In the entities referred to in paragraphs under B.1 and B.2 respectively shall also be awarded default interest on the principal amount of the compensation referred to in paragraph B.1.".*

The critical 29.09.2023 Final Arbitral Award adopts, incorporates and republishes the Corrected Interim Arbitral Award in its entirety, amending the Corrected Interim Arbitral Award only to the extent necessary to make certain semantic and stylistic changes, and to incorporate the subsequent decisions of the undersigned arbitrator with respect to the Claimants' request for an award of costs and attorneys' fees. Section VII of the Corrected Interim Arbitral *Award entitled "Conclusion and Interim Arbitral Decision"* is not reproduced within the critical 29.09.2023 Final Arbitral Decision for the sake of brevity and clarity, although the findings and legal conclusions of that section are adopted in their entirety in Section VIII of the 29.09.2023 Final Arbitral Decision entitled *"Conclusion and Final Arbitral Decision "[3].*

---

[3] For the sake of completeness of the history alone, we mention that on 19.10.2023 the aforementioned Applicants, and here the eighth and third of the Applicants, respectively, ELETSON HOLDINGS and ELETSON CORPORATION, brought an action in the United States District Court for the Southern District of New York, requesting that the aforementioned decision of 29.09.2023 Arbitration Award in order to enforce it in the United States, in accordance with their domestic law and specifically in accordance with the federal arbitration law governing the interpretation and enforcement of said arbitration proceedings in New York, as provided for in Section 207 of the Federal Arbitration Act codified as 9 U.S.C. §§ 1-16. It should be noted that this confirmation procedure is purely internal, relating to the United States only and does not affect the recognition of the arbitral award in other states under the New York Convention of 10.06.1958 on the Recognition and Enforcement of Foreign Arbitral Awards, which Greece has ratified by Law 4220/1961.

ι:^ΑιΛ^]^^]|^:η                    ι^ *Ε Ξ Ω*
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1 - Page 17 of 99]



B.

Subsequently, on 09.02.2024, Judge LIMAN issued a decision, by virtue of which the above Arbitral Award of 29.09.2023 of the Arbitral Tribunal composed of the Honorable Judge (retired) - Arbitrator Ariel E. BELEN was confirmed almost in its entirety, as stated in the said decision. In particular, Judge LIMAN upheld, inter alia, the following:

(a) That Eletson effectively exercised the buyout right granted through the BOL dated February 22, 2022 on March 11, 2022, and each purported condition precedent to the exercise of such right was either satisfied or waived.

(b) That as of March 11, 2022, Respondent Levona had no interest in Eletson Gas.

(c) That the Preferred Shares in Eletson Gas have been transferred to the Preferred Shareholders, effective March 11, 2022.

(d) The amount of $43,455,122.21 awarded by the Arbitrator to Eletson Gas and the Preferred Shareholders as compensation for consequential damages

(e) The amount of $43,455,122.21 awarded by the Arbitrator to Eletson Gas and the Preferred Shareholders as punitive damages.

(f) The amounts awarded by the Arbitrator for attorneys' fees, costs and expenses, with the sole exception of the awarded attorneys' fees, costs and expenses related to the involuntary bankruptcy petition and the bondholders' trial, in the amount of $3,007,266.20.

Also, although Judge Liman did not uphold the provisions of the arbitration award relating to Murchinson and Pach Shemen, holding that the Arbitrator *""exceeded his powers b^y extending his award against Murchinson and Pach Shemen because th^^ were neither signatories to the LLCA Agreement nor parties to the arbitration"'*, Judge Liman accepted that this " *does not in itself relieve Levona of liability for its role in the actions of these entities*".

Finally, the Judge did not uphold the relevant provisions of the operative provisions of the arbitration award and the damages awarded, which were based on violations of the status quo order, which prohibited the parties from changing the status quo, a prohibition that included the arbitration award and the filing of Eletson Holdings' involuntary

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1 - Page 18 of 99]



bankruptcy petition. However, as discussed immediately below, this non-confirmation in no way affected the amounts ultimately awarded by the above Arbitrator as consequential damages (i.e. the sum of $43,455,122.21) and punitive damages (i.e. the sum of $43,455,122.21), and the beneficiaries thereof (i.e. Eletson Gas and the Preferred Shareholders).

At the same time, Judge LIMAN requested the parties to file a Proposed Judgment form. In view of the fact that Judge LIMAN in his February 9, 2024 Judgment did not uphold all of the *"damages, including* punitive damages, *based on Status Quo Injunction violations",* Levona filed a Proposed Judgment form and proposed to delete the entire amount awarded as punitive damages (i.e., the amount of USD. US$ 43,455,122.21), while on the contrary, the Eletson side (HOLDINGS and CORPORATION) argued that the entire amount of the punitive damages should be retained because the Judge et al.Arbitrator Ariel E. BELEN had plenty of other reasons to award that amount of punitive damages and in any event the question of the percentage of punitive damages that should be upheld was a matter that only the Arbitrator himself was competent to decide.

4.   Thereupon, Judge LIMAN issued an order on 19 April 2024, in which he referred the relevant issue to Judge Emeritus-Arbitrator Ariel E. BELEN, requesting clarification as to whether part of the amount awarded as punitive damages relates to the violations of the Status Quo Injunction, and in case of an affirmative answer, what amount is attributable to those violations.

5.   On 9 August 2024, a clarifying decision was issued by the Judge et al.Arbitrator Ariel E. BELEN regarding the issue of remand, in which he accepted that the full amount of punitive damages ($43,455,122.21 USD) should be upheld, as he held that no part of the amount awarded as punitive damages corresponded to violations of the Status Quo Injunction, and this was because there were many other factors that had led him to hold that he should award such high punitive damages against Levona (now the second respondent).

In the meantime, Levona, based on allegations of alleged fraud on the part of Eletson, filed on 3 July 2024 before Judge LIMAN a motion to amend its opposition to Eletson's (i.e. ELETSON HOLDINGS and ELETSON CORPORATION) request for

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1  - Page 19 of 99]



confirmation of the arbitration award and its counterclaim for annulment of the arbitration award. Levona based its allegations of alleged fraud on the basis that certain documents allegedly should have been provided to the arbitration in the context of discovery and were not provided.

Thereafter, Judge LIMAN issued a decision on 6 September 2024, by which he allowed Levona to amend its defence to the application for confirmation of the arbitral award and allowed the production of documents (discovery) regarding the issue of alleged fraud in the Arbitration.

A *case management plan* was then drawn up, setting out what actions would follow and within what timeframe.

6. On October 25, 2024, two final judgments were entered by the United States Bankruptcy Court for the Southern District of New York in the proceedings before it against the Company and the Eighth Petitioner (see immediately below under III.A.), which dismissed the Debtors' objections to the claims of certain purported creditors and approved the amended plan of reorganization proposed by the Creditors *(the "Creditors' Amended Plan of Reorganization")* with respect to the Bankruptcy of ELETSON HOLDINGS, the Eighth Petitioner herein

In view of these two decisions of the Bankruptcy Court, and given that the management of ELETSON HOLDINGS, as well as its subsidiary, ELETSON CORPORATION, the two companies that were parties to the Arbitration and the proceedings to confirm the arbitration award, was expected to pass to the alleged Creditors (i.e. basically Pach Shemen, Levona, Murchinson - now the first to third of the Respondents respectively), if they (the Judgments) were recognized - applied in Liberia and Greece, Levona filed a letter before Judge Liman requesting a stay of the 29.09.2023 Arbitral Award.

Although Eletson's side responded to the above letter, with convincing arguments, on 30 October 2024, Judge LIMAN issued a decision on 31 October 2024, by which he suspended until 12 November 2024 the proceedings for the confirmation of the arbitral award.

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1  - Page 20 of 99]



On November 25, 2024, Judge Liman ordered a complete stay of the proceedings, including the filing of motions to intervene, discovery and all pending motions and applications for discovery.

On 20.12.2024, Levona applied by letter sent to Judge Liman for a status conference for the purpose of lifting the stay granted on 25.11.2024.

On 23.12.2024 a status conference took place before Judge Liman and by his decision of 30.12.2024 Judge Liman ordered the lifting of the suspension of the proceedings for the ratification of the arbitral award on all issues, except for the issue of discovery in relation to Levona's application for annulment of the arbitral award on the grounds of fraud. The issue of discovery remains suspended until further order of the Court.

This internal, as already mentioned, exclusively US-related, procedure for the ratification of the 29.09.2023 Arbitral Award under the Federal Arbitration Act governing the interpretation and enforcement of the said arbitration proceedings in New York is still pending before the LIMAN Judge.

It is noted that both the third applicant here, "ELETSON GAS" and its New Preferred Shareholders, foreign Cypriot shipping companies, Fentalon Limited, Apargo Limited and Desimusco Trading Limited, have brought an action before the Piraeus Court of First Instance of 27.11.2024 with G.A.C. 18551/2024 and E.A.C. 8368/2024 against the respondents to the arbitration award, "Pach Shemen LLC", "Levona Holdings Ltd." and 'Murchinson Ltd', i.e. against the first to third parties, requesting the recognition of the said arbitral award of 29.09.2023 and its declaration of enforceability in Greece. The date of the above application of 27.11.2024 was set for 03.06.2025.

Γ. The bad faith filing of a bankruptcy petition against ELETSON HOLDINGS by its opponent in the Arbitration, Levona and its other affiliated companies.

Murchinson and Levona, now the third and second defendants respectively (constituting one and the same), when they perceived that they were increasingly likely to be defeated in the above-mentioned arbitration, which was the case with the Arbitral Award of 29.09.2023, put in place a plan to firstly prevent the issuance of the above Arbitral Award by filing a petition for the declaration of involuntary bankruptcy of

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1 - Page 21 of 99]



ELETSON HOLDINGS. Specifically, Levona, acting through another affiliated (in fact, entirely self-interested) special purpose vehicle related to , namely the first of the defendants here, Pach Shemen LLC (which in certain correspondence that emerged during discovery they called Levona II), purchased old bonds issued by ELETSON HOLDINGS which had been largely repaid by the sale of all the ships securing those bonds, and subsequently the first defendant here, Pach Shemen LLC, filed on 7 July 2007 a report with the Court of First Instance of the European Communities.3.2023 filed for involuntary bankruptcy of ELETSON HOLDINGS (pursuant to Chapter 7 of the U.S. Bankruptcy Code). Since a prerequisite for filing an involuntary bankruptcy petition before the US Bankruptcy Court is that it must be filed by three creditors, the first of the Pach Shemen defendants here were two other companies, VR Global and Alpine Partners, which had also purchased bonds issued by ELETSON HOLDINGS. It is noteworthy that Pach Shemen appeared as a bondholder creditor of ELETSON HOLDINGS by illegally agreeing to purchase from the old bondholders, bonds with a face value of approximately USD 1,000,000. US $183 million for the humiliating price of approximately USD 183 million. USD 2 million (plus some additional returns if it won the Arbitration). That is, Levona through its alter ego Pach Shemen LLC spent just USD. USD 2 million but sought a repayment of USD 2 million. US$ 183 million and filed for bankruptcy against its counterparty in the already at that time pending ELETSON HOLDINGS Arbitration (!).

The filing of the said petition has the effect, under US (federal) bankruptcy law, of an automatic stay of all lawsuits and arbitrations (individual prosecutions), and therefore the arbitration opened at that time was stopped. However, after the strong opposition of ELETSON HOLDINGS, which sought to continue the arbitration, the side of Pach Shemen/Levona/Murchinson was forced to come to an agreement that turned into a Stipulation & Order and thus the Bankruptcy Court of the United States of America issued a decision on 17.04.2023 and allowed the said arbitration to continue. The Arbitration hearing lasted for about two weeks in May 2023 with the examination of a number of witnesses from both sides and subsequently the Arbitral Award of 29.09.2023 was issued in New York by the Arbitral Tribunal composed of the Honorable Judge- Arbitrator Ariel E. BELEN, as detailed above under A.4.

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1  - Page 22 of 99]



As, however, the involuntary bankruptcy proceedings of "ELETSON HOLDINGS" and the other two (2) companies of its interest, Agathonisos Finance LLC and Eletson Finance (US) LLC, continued before the Bankruptcy Court, given the circumstances prevailing at the time, the constant pressure from the opposing party (Levona), which was constantly using tricks to obstruct the progress of the Arbitration and in order for ELETSON HOLDINGS to have control of its assets, at least until the expected arbitral award is issued on September 9, 2023, upon agreement of the parties, ratified by the Bankruptcy Court, the involuntary bankruptcy proceeding (under Chapter 7 of the US Bankruptcy Code) was converted into a voluntary bankruptcy (restructuring) proceeding (under Chapter 11 of the US Bankruptcy Code). In other words, the entry into the voluntary reorganization (Chapter 11) proceedings in the present case was necessarily and due to the prevailing circumstances, i.e. essentially forced and not voluntary.

Subsequently, and following bad faith manipulations by Levona and its coconspirators, Murchinson/Pach Shemen, were issued on 25.10.2024 by the Bankruptcy Court of New York, consisting of Judge John P. MASTANDO, two judgments, which dismissed the objections of the alleged debtors (ELETSON HOLDINGS, Agathonisos Finance LLC and Eletson Finance (US) LLC) against the claims of certain alleged creditors (from Pach Shemen LLC, VR Global Partners L.P., Alpine Partners L.P.) and approved the Amended Creditor Plan of Reorganization.

Just on 04.11.2024, the Order of the Bankruptcy Court of New York, composed of Judge John P. MASTANDO, was issued, confirming the aforementioned Chapter 11 voluntary bankruptcy (restructuring) of ELETSON HOLDINGS and the other companies (Agathonisos Finance LLC and Eletson Finance (US) LLC) and the Amended CreditorsPlan of Reorganization[4].

D. According to the provisions of the U.S. Bankruptcy Code, the time limit for ELETSON HOLDINGS and the other debtor companies to appeal is 14 days from the date of the judgment and commences from the date of the judgment (Rule 8002 Federal Rules of Bankruptcy Procedure) and therefore the appeal had to be filed by

08.11.11.2024 , since the aforementioned decision of the Bankruptcy Court was issued on

---

[4] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING PETITIONING CREDITORS' AMENDED JOINT CHAPTER 11 PLAN OF ELETSON HOLDINGS INC. AND ITS AFFILIATED DEBTORS.

ι:^ΛιΛ^]^^]]^:η                                    ι^ Ε Ξ Ω
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1 - Page 23 of 99]



25.10.2024, which was the case, since the relevant introductory appeal was filed before the competent court, i.e. the District Court for the Western District of New York, with Judge LIMAN presiding, on 07.11.2024.

However, in a completely abusive and dilatory manner, a few days after the appeal was filed by the only truly legitimate lawyers of ELETSON HOLDINGS (a law firm called Reed Smith), a new law firm (called Goulston & Storrs) who purported to represent the restructured ELETSON HOLDINGS and filed a purported Stipulation and Agreement to Dismiss Appeal Under Rule 8023 of the Federal Rules of Bankruptcy Procedure (the "Stipulation and Agreement to Dismiss Appeal Under Rule 8023 of the Federal Rules of Bankruptcy Procedure") with the alleged Creditors. In other words, the purportedly restructured ELETSON HOLDINGS (with other attorneys) asked Judge LIMAN to dismiss the appeal filed by ELETSON HOLIDNGS' actual attorneys.

On 23.12.2024, a status conference took place before Judge LIMAN on the issue of the above alleged Agreement to Dismiss the pending Appeal. The critical issue in that discussion was whether the reorganization of ELETSON HOLDINGS had actually occurred on 19.11.2024 and whether the representation of the allegedly restructured ELETSON HOLDINGS by the new solicitors Goulston & Storrs was valid. Judge Liman (without giving the actually legitimate lawyers for ELETSON HOLDINGS (Reed Smith) the right to respond in writing) in a short sitting and on summary judgment accepted that the reorganization of ELETSON HOLDINGS had indeed taken place on 19.11.2024 and that the representation of the restructured ELETSON HOLDINGS by new solicitors Goulston & Storrs was valid and therefore upheld the Agreement to Dismiss the Appeal, ignoring the meritorious arguments of ELETSON HOLDINGS' genuinely legitimate solicitors, Reed Smith to the contrary.

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1  - Page 24 of 99]



<u>*III.*</u>    <u>*The dispute - The relevant facts in this case*</u>

<u>A. The lack of jurisdiction of the Bankruptcy Court of the United States - Southern District of New York, composed of Judge John P. Mastando, both with respect to the Chapter 11 bankruptcy of Eletson Holdings and the other companies issued in New York on 25.10.2024 and the Chapter 11 bankruptcy of 04.11.2024 order of the same bankruptcy court confirming the voluntary Chapter 11 bankruptcy order of</u>

<u>25.10.2024    of Eletson Holdings and the other companies and the amended CreditorsPlan of Reorganization.</u>

*In this regard,* as already mentioned, ELETSON HOLDINGS Inc. is a limited liability company (corporation), which has been incorporated since 04.12.1985 under the law of Liberia, with its actual seat in Greece where it maintains offices at Kolokotroni Street no. 118, in Piraeus, since it is governed by an eight-member board of directors, which has <u>been</u> meeting at its above establishment <u>for forty (40) years without</u> <u>interruption from the time of its incorporation until today,</u> all members of which are Greek and resident in Greece, all decisions concerning its business activity and the fulfillment of its statutory purpose, are taken at its offices, which it maintains at the above address, since the company is a holding company (shipping companies) and all its activities are carried out in Piraeus through its wholly owned subsidiary Eletson Corporation, which maintains a legally established office in Piraeus in accordance with the provisions of article 25 of Law No.27/1975, where it employs a staff of approximately 50 persons on land, salaried and insured in Greece, in accordance with the provisions of Greek law. It should be noted for the sake of completeness that many more staff are employed at sea, including Greek seafarers, as Eletson is one of the traditional companies that historically and even today prefer the Greek flag for its ships.

Following the above and taking into account the fact that for more than forty years the place where the administration of the Company's interests has been exercised in an organised, permanent and continuous manner is Greece and in particular Piraeus, where the Company maintains ofTices at Kolokotroni Street No. 118, it follows that the courts of Greece and in particular, according to Greek law (CCP in conjunction with Article 78 of Law 4738/2020 and Article 51 of Law 2172/1993), the courts of Piraeus have exclusive jurisdiction to initiate insolvency proceedings.

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1  - Page 25 of 99]



Accordingly, the Chapter 11 Bankruptcy Judgment issued in New York on 25.10.2024   against ELETSON HOLDINGS (now the eighth petitioner) and the other companies by the United States Bankruptcy Court for the Southern District of New York, composed of Judge John P. MASTANDO, as well as the Order of the same Bankruptcy Court of 04.11.2024 confirming the Chapter 11 Bankruptcy Judgment of 25.10.2024 of the same Bankruptcy Court of 25.10.2024 Chapter 11 of ELETSON HOLDINGS (now the eighth applicant) and the other companies and the Amended CreditorsPlan or Reorganization <u>do not have any effect on the current eighth applicant company in</u> the Greek legal order, nor are they binding on it, and the present Eighth Applicant <u>Company has not been declared bankrupt and/or placed in any form of reorganization by virtue of the aforementioned decisions, since the aforementioned</u> <u>US Bankruptcy Court lacked jurisdiction, taking into account that the Company's</u> registered office <u>is located in Greece.</u>

In any case, these decisions of the <u>US Bankruptcy Court have not been recognized in</u> <u>Greece - nor could they be recognized, as mentioned above - therefore, they have no</u> <u>legal effect in Greece.</u> In recognition of this fact, with the force of res judicata, as well as in recognition of the fact that the current eighth applicant company has not been declared bankrupt and/or placed in any form of reorganization/restructuring by virtue of the aforementioned decisions, all the current applicants have brought before the Piraeus Multi-Member Court of First Instance (Ordinary Procedure - Maritime Litigation Section) the action of 17.01.2025 with G.A.K.1260/2025 and E.A.K. 344/2025 against the current defendants, as well as against: 1. the foreign special purpose vehicle "VR Global Partners, L.P.", 2. the foreign special purpose vehicle named "Alpine Partners (BVI), L.P.", 3. the foreign fund management company named "DuPont Capital Management", and 4. The foreign company named "Mulberry Street Ltd".

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1  - Page 26 of 99]



B. The bad faith and utterly abusive conduct of the opposing parties to date. - The failure to comply with the local limits of the New York Chapter 11 Involuntary Bankruptcy/Reorganization Order of ELETSON HOLDINGS entered in New York on October 25, 2024, as confirmed by the November 4, 2024 Order of the United States Bankruptcy Court for the Southern District of New York consisting of Judge John P. MASTANDO. - The bad faith attempt by the opposing parties to obtain control and management of ELETSON HOLDINGS, ELETSON CORPORATION, ELETSON GAS, CASTOS SPECIAL MARITIME ENTERPRISE, KINAROS SPECIAL MARITIME ENTERPRISE, KIMOLOS II SPECIAL MARITIME ENTERPRISE, and FURNOS SPECIAL MARITIME ENTERPRISE.

As discussed immediately above, the New York Chapter 11 Bankruptcy Judgment of 25.10.2024 of ELETSON HOLDINGS (now the Eighth Petitioner) and the other companies of the United States Bankruptcy Court for the Southern District of New York, composed of Judge John P. MASTANDO, as well as the Order of 04.11.2024 of the same Bankruptcy Court confirming the Order of 25.10.2024 Chapter 11 Voluntary Bankruptcy Judgment of ELETSON HOLDINGS (now the eighth applicant) and the other companies and the Amended CreditorsPlan of Reorganization do not have any effect on the eighth applicant company in the Greek legal order, nor are they binding on it, and the applicant company has not been declared bankrupt and/or placed in any form of reorganization/restructuring by virtue of the aforementioned decisions, since the above US Bankruptcy Court lacked jurisdiction, taking into account that the Company's registered office is in Greece.

Moreover, the abovementioned involuntary bankruptcy petitions were not filed for the purpose of financial reorganization of Eletson Holdings, but were aimed at gaining a strategic advantage in the arbitration proceedings already opened between Eletson Holdings and Eletson Corporation, on the one hand, as plaintiffs/appellants, and Levona (a company wholly related to, if not identical to, Murchinson), on the other hand, as the defendant/appellant.

However, although the opposing parties are aware of the above, they have not ceased to date, despite our invitations to refrain from related actions devoid of any legality, to try to take control of the second to eighth applicant companies, namely,

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1 - Page 27 of 99]



ELETSON CORPORATION, ELETSON GAS, CASTOS SPECIAL Maritime Enterprise, KINAROS SPECIAL Maritime Enterprise, KIMOLOS II SPECIAL Maritime Enterprise and FURNOS SPECIAL Maritime Enterprise and ELETSON HOLDINGS respectively [detailed below under III.B.1 - III.B.7.].

More specifically, the opponents initially engaged in a global communication and defamatory "campaign" with a press release and multiple e-mails, claiming to be shareholders, managers and representatives of the allegedly restructured ELETSON HOLDINGS, to employees and directors (who are employed in Piraeus with the activities of ELETSON CORPORATION), while they do not hesitate to address banks in Greece and Germany with which the eighth of us and its companies of interest cooperate, in order to obtain control of the assets of these companies. In a desperate attempt to gain control even of ELETSON CORPORATION, ELETSON GAS, KASTOS SPECIAL Maritime Enterprise, KINAROS SPECIAL Maritime Enterprise, KIMOLOS II SPECIAL Maritime Enterprise and FURNOS SPECIAL Maritime Enterprise (which, as already mentioned, are not included in the alleged debtors of 25.10.2024 Decision and

04.11.2024 Order of the US Bankruptcy Court), proceed to draw up unsubstantiated Deeds, which allegedly remove the existing and legal members of their Board of Directors and appoint new ones, with new officers. The opponents have even gone so far as to harass the captains of ships at sea, attempting to mislead them with false orders (as discussed below).

In particular:

B.1. Letters to Directors, officers and employees of ELETSON CORPORATION.

On 20.11.2024, Adam Spears (4th defendant herein), posing in his capacity as a member of the purported Board of Directors of the reorganized "Eletson Holdings Inc." and as the purported Chief Executive Officer of the latter, through his email address "adam.spears@eletsonholdings.com", he sent several employees of ELETSON CORPORATION (i.e. a company that was not even a party to the U.S. Chapter 11 proceeding) an email regarding the alleged future role of these employees in the allegedly restructured parent company, Eletson Holdings.

More specifically, Adam Spears addressed the following groups of ELETSON CORPORATION employees, namely the operations team, the management team, the

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1 - Page 28 of 99]



legal team, and the information and technology team, and specifically Mr. Manolis Andreoulakis, who is the in-house counsel, stating that they can be a valuable asset to the allegedly restructured parent company Eletson Holdings.

It is worth noting that Adam Spears specifically asked the IT department to grant him immediate access to the electronic files located on servers owned by ELETSON CORPORATION (and not ELETSON HOLDINGS).

In addition to the above emails, Adam Spears (now 4th defendant) also sent emails to specific employees handling ELETSON CORPORATION matters, whom he considered critical to the success of the Company, referring to the future role of these employees in the allegedly restructured parent company ELETSON HOLDINGS and its subsidiaries . [5]

It is noted that in the context of the general effort by the fourth respondent here to amend Eletson Holdings' corporate documents in the Liberian International Ship & Corporate Registry (LISCR), Adam Spears asked Ms. Thekla Matthaiou which employee, if not her, has access to the LISCR.

2. Further, on 20.11.2024, the respondent herein, Mark Lichtenstein, in his capacity as an employee of the purportedly reorganized ELETSON HOLDINGS and as purportedly authorized to sign and represent the reorganized Eletson Holdings Inc. on all accounts of the latter, who incidentally is a member of the Board of Directors of both Levona and Pach Shemen, sent an email from his also deceptively "fabricated" email address "mark.lichtenstein@eletsonholdings.com" to Mr. Vassilis Hadjieleftheriadis, Mr. Vassilis Kertsikov and Ms. Laskarina Karastamatis, who are the heads of the three

---

[5] The above email was sent to the following employees who are not even employees of ELETSON HOLDINGS, but are employed by other companies (not included among the debtors and were not parties to the Chapter 11 proceeding), namely:

α. To the Chief Operating Officer, Mr Lazaros Skoularikos.

β. The member of the Finance Department, Mr. Paschalis Radopoulos.

c. To the member of the Legal Department, Ms Elena Vandorou.

d. To the member of the financial department, Ms Marina Orphanoudaki. ε. To

the member of the legal department, Ms. Thekla Matthaiou.

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1  - Page 29 of 99]



families controlling the vast majority of the shares of ELETSON HOLDINGS, allegedly representing the "new *management of Eletson"* and pointing out to the above persons that they are not "authorized" to take any action on behalf of Eletson Holdings or its subsidiaries without prior written approval from him, Leonard Hoskinson or Adam Spears.

3. In addition, on the same day, the sixth defendant Mark Lichtenstein sent an email to the entire Eletson team (i.e. all of the above), informing them of some new procedures and precautions that will be implemented in the operation of the supposedly restructured ELETSON HOLDINGS.

B.2. Further letters to the directors, officers and employees of ELETSON GAS and ELETSON CORPORATION.

1. On 04.12.2024, Adam Spears (4th defendant), through his email address "adam.spears@eletsonholdings.com" (which, as mentioned above, was deceptively constructed by the opposing parties in order to create the impression that Adam Spears is an executive of Eletson) sent an email to Ms. Laskarina Karastamatis and Mr. Vassilis Kertsikov, who are the two members of the ELETSON GAS Board of Directors (which is not included among the debtors) appointed by Eletson Holdings, informing them that ELETSON HOLDINGS has "dismissed" them as members of the Board of Directors of Eletson Gas LLC effective December 2, 2024.

2. On 04.12.2024 again, Adam Spears, through his email address "adam.spears@eletsonholdings.com", sent another email to Ms. Laskarina Karastamatis and Mr. Vassilis Kertsikov, informing them that with effect from 2 December 2024, the unitholders and the members of the Board of Directors of ELETSON GAS (which, as mentioned above, is not included among the debtors) were dismissed by officials of the latter.

3. On 05.12.2024, Adam Spears, through his email address "adam.spears@eletsonholdings.com", sent an email to Mr. Paschalis Radopoulos, who handles the financial affairs of ELETSON CORPORATION (i.e. a company not included among the debtors), asking for explanations as to why the freight charges for the ships operated by Special Maritime Enterprises (SMEs) have not

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1 - Page 30 of 99]



been paid, which are charterers of the naked ships and subsidiaries of ELETSON HOLDINGS (and therefore not included in the debtors), and requests information as to whether this employee receives orders from someone other than Adam Spears.

4. On 06.12.2024, the 7th defendant Marc Bistricer, who is the CEO of the third defendant Murchinson Ltd, which both independently and through Levona and Pach Shemen, has initiated endless legal proceedings against ELETSON HOLDINGS, its subsidiaries and its worldwide heads, sent an email to Ms. Laskarina Karastamatis, Mr. Vassilis Kerchikov and Mr. Vassilis Hadjieleftheriadis, ostensibly exploring ways to settle the disputes. Marc Bistricer is the ultimate/controlling shareholder of the respective companies, i.e. the first to the third of the respective companies. As revealed by shocking documents disclosed in the arbitration (before the Honorable Judge-Arbitrator Ariel E. BELEN), he is the mastermind (orchestrator) behind all the critical illegal, anti-competitive, and abusive acts that have taken place against the respondent companies for at least three years. It is noted that the other company, namely Mulberry Street Ltd. of Scotland, of which the above-named person is similarly the ultimate/controlling shareholder, is the special purpose vehicle that the 7s Defendants used to finance the Amended Plan of Reorganization of the alleged Creditors and is referred to in various U.S. pleadings as an affiliate of Pach Shemen.

5. (a) On 21.11.2024, this 6th defendant Mark Lichtenstein, through his email address "mark.lichtenstein@eletsonholdings.com", sent an email to Mr. Vassilis Hadjieleftheriadis, informing him of the change in management of Eletson and setting out the new guidelines and restrictions under the alleged new management of ELETSON HOLDINGS and its subsidiaries.

6. (a) On 27.12.2024, Adam Spears (4th defendant), through his email address "adam.spears@eletsonholdings.com", sent an email to Mr. Vassilis Hadjieftheriadis, referring to the business activities of the subsidiaries of ELETSON HOLDINGS and reminding him that he is obliged to cooperate with him under the US Bankruptcy Order and the plan of reorganization.

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1 - Page 31 of 99]



7. On 28.11.2024, Adam Spears (4th defendant), through his email address "adam.spears@eletsonholdings.com", sent an email to groups of ELETSON CORPORATION employees, namely the operations team, management team, legal team, and information technology team, as well as to certain employees individually, in which, among other things, it accuses the current owners of ELETSON HOLDINGS of dishonesty and incompetence and that the current owners are responsible for all negative developments and not the alleged new management.

B.   3. Letters to the German bank Berenberg.

On November 19, 2024, the representative of Pach Shemen LLC, which is among the Creditors that proposed the Amended Creditors Plan of Reorganization, 4th Defendant Adam Spears, sent a letter to the German bank " Joh. Berenberg, Gossler & Co. KG", which holds bank accounts for ELETSON CORPORATION and EMC INVESTMENT CORPORATION, which are subsidiaries of ELETSON HOLDINGS (and are not even included among the alleged Chapter 11 Debtors), as well as bank accounts of EMC GAS CORPORATION, a subsidiary of ELETSON GAS (and not a subsidiary of ELETSON HOLDINGS, but only an affiliate of the latter, which is also not included among the alleged Chapter 11 debtors).

In this letter, Adam Spears, who even signed as the purported CEO of ELETSON HOLDINGS, requested in view of the purported reorganization of ELETSON HOLDINGS under a Chapter 11 plan certified by the United States Bankruptcy Court for the Southern District of New York, which purportedly became effective on 19.11.2024, and related subsequent corporate actions of the purportedly restructured ELETSON HOLDINGS and subsidiaries, the revocation of existing Authorized Signers, the exclusion of the latter from access to the accounts under review, and the reassignment of Authorized Signers.

In this letter Adam Spears attached the Order of the same Bankruptcy Court dated 04.11.2024  confirming the Chapter 11 voluntary bankruptcy of ELETSON HOLDINGS dated 25.10.2024.

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
**https://metafraseis.services.gov.gr**

[EXHIBIT 1  - Page 32 of 99]



It is clear that this is a completely misleading letter, as no relevant subsequent corporate action by the allegedly restructured ELETSON HOLDINGS and its subsidiaries took place, and could not have taken place, since, as stated above, such actions require recognition of the US judgment in Liberia and Greece and/or in other countries where the claimants and their subsidiaries have assets, which has not happened to date.

The Bank, not realizing the misleading nature of the letter and without informing the existing Authorized Signatories, revoked the existing Authorized Signatories and excluded the latter from access to the accounts under review, as well as reassigned Authorized Signatories.

When Eletson's authorized signatories accidentally became aware of the above developments, they were quick to inform the Bank that the necessary corporate actions that Adam Spears claimed to have taken had not in fact taken place and therefore he could not receive instructions from anyone other than Eletson's existing authorized signatories.

As a result of the above actions of Adam Spears, not only were the accounts of the above companies rendered inoperable but, as evidenced by relevant email correspondence of January 2025, the bank even refuses to return to the shipper Novum Energy money that was erroneously deposited in the EMC Investment Corporation account and which it requests to be returned to it.

B. 4. Additional actions against Citibank and ABN.

1. On 16.12.2024 Adam Spears -4[s] of the defendants forwards an email from Citi Bank to Ms. Laskarina Karastamatis. Just as the opposing parties, posing as the alleged new owners of Eletson Holdings, succeeded in causing a blockage in Eletson's accounts at Berenberg Bank, they also succeeded in doing the same with Citi Bank. Therefore, this correspondence is not a bribe and threat to the directors/employees of the Company, but worse, a bribe from the opposing parties to third parties (in this case the banks) and an obstruction of the legitimate management of the Company by the current directors.

2. More recently, on 21.1.2025, the lawyer of Eletson Corporation and the members of the provisional management of Eletson Holdings in Greece, Mr. Ioannis

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
Μητρώο Πιστοποιημένων Μεταφραστών

HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS
Register of Certified Translators
https://metafraseis.services.gov.gr

[EXHIBIT 1 - Page 33 of 99]


Markianos-Daniolos, received an email from ABN AMRO Bank NV informing him that the bank had received correspondence from Adam Spears who claimed to the bank that the existing mandates to represent Eletson Holdings and its subsidiaries vis-a-vis the bank had been revoked and that new authorised signatories had been appointed. As a result of this correspondence, the bank froze the movement of the accounts of Eletson Holdings and its subsidiaries and only allowed payments for the operational needs of the vessels managed by Eletson Corporation against a guarantee from Eletson Holdings and its subsidiaries to indemnify the bank for any loss it might suffer in making these payments.

B.   5. Actions against charterers.

1.   The actions of the opposing parties, which are devoid of any legality, are also directed against the charterers of the ships operated by the subsidiaries of ELETSON HOLDINGS Special Maritime Enterprises (charterers of the naked ships, i.e. the current 4th to 7th applicants), which are not included, as already mentioned, among the alleged debtors of the 25.10.10.2024 Order and the Order of the US Bankruptcy Court of 04.11.2024), with the result that the business activity of these companies is grossly impeded.

2.   a.   Indicatively, on 03.01.2025, the company Novum Energy, which is the time charterer of the ships KASTOS and FOURNI, which are operated by the respective subsidiaries of ELETSON HOLDINGS Special Maritime Enterprises (SME) (charterers of the naked ships), namely the 4th applicant, KASTOS SPECIAL MARITIME ENTERPRISE and the 7th applicant, FURNOS SPECIAL MARITIME ENTERPRISE, apparently following false statements made by the defendants and in particular by the 8th defendant, Adam Spears (as shown in (e) below), sent an email to an Eletson employee, and citing the US Bankruptcy Court decisions and the alleged installation of new management in the ELETSON HOLDINGS' shipowning subsidiaries, stated that it had placed the payments for the charters of the two aforementioned vessels on treasury hold until further evidence was provided.

b.  Of course, the charterer Novum Energy did not find the bankruptcy court decisions on its own, much less the alleged changes in the management of its subsidiaries ELETSON HOLDINGS, but they were clearly sent to it by the defendants and in particular by the 4th defendant Adam Spears. This is clear from what is stated below under (e) and (f).

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1  - Page 34 of 99]



c. Further, on January 7, 2025, Defendants' 4ª Adam Spears emailed Martin Hugger, who is the executive of Meerbaum Capital, a company affiliated with Oaktree Tactical Opportunities and a key financier for several vessels operated by Special Maritime Enterprises (charterers of the naked vessels) owned by ELETSON HOLDINGS and ELETSON GAS, attempting gain control of companies that are not included among the debtors or were not otherwise parties to the Chapter 11 proceedings, i.e., subsidiaries of the Company.

d. Further, the interference with the business operations of ELETSON GAS (which, as noted above, is not included among the Debtors nor was a party to the Chapter 11 proceeding) continues to this day, as on January 9, 2025, the 4th Respondent here, Adam Spears, sent an email to Tufton Investment Management, which is the financier of the ships "ANAFI", "NISYROS" and "TILOS", which are operated as charterers of the ships by naked Greek Shipping Companies owned by ELETSON GAS, stating the following (*the exact translation of this in Greek is provided*): *"We are preparing a response on behalf of Eletson Gas LLC to your letter," although it is not authorized to do so."*

e. It is noteworthy that on 14 January 2025, Adam Spears, via his email address "adam.spears@eletsonholdings.com", sent an email to Mr. Vassilis Hadjieleftheriadis, legal representative of "GLAFKOS TRUST COMPANY", one of the main shareholders of "ELETSON HOLDINGS", in which he states that some amendments to the time charter agreements with Novum Energy (for the bank account in which the charters are paid) that took place in December 2024 were not approved by the alleged owners or management of the SMEs and are therefore invalid, while it claims that the payments by the time charter company Novum Energy for the fares of the vessels operated by the subsidiaries of ELETSON HOLDINGS' Special Maritime Enterprises should be frozen. The above leaves no doubt that he, by sending false and unsubstantiated minutes of a change of Board of Directors (cf. and to the alleged changes of the Board of Directors of KINAROS SME (below under B.7.(c)) misled the time charterer Novum Energy in order to freeze the fares (not even to collect them from the opposing parties but to freeze them in order to cause harm to the claimants and in particular to the 4th applicant KASTOS

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1 - Page 35 of 99]



SPECIAL MARITIME ENTERPRISE and the 7th applicant FOURNOI SPECIAL MARITIME ENTERPRISE).

B.   6. Letters to Lawyers.

1. On 23.11.2024, the Creditors' lawyers, Togut, Segal & Segal LLP, sent a letter to the lawyer, Ioannis Markianos Daniolos, who represents in Greece the members of the Board of Directors of Eletson Holdings Inc, accusing him that his actions violate the decision of the US Bankruptcy Court that confirmed the Creditors' Amended Plan of Reorganization and threatening him with penalties. Indeed, among other things, the Creditors claim that with the issuance of the U.S. Bankruptcy Court's decision upholding the Creditors' Amended Plan of Reorganization, a number of corporate actions, such as cancellation of existing shares, issuance of new shares, change of board of directors, were automatically taken without following the necessary legal actions under the applicable law.

2. On 27.1.2025 the same above-mentioned lawyers of the Creditors Togut Segal & Segal LLP sent an email to the same aforementioned Greek lawyer Ioannis Markianos- Daniolos (as well as to Vassilis Kertsikov, Vassilis Hadjieleftheriadis and the US law firms Reed Smith and Rimon) demanding, inter alia, that Adam Spears be appointed as the person with access to the Liberian company register on behalf of Eletson Holdings, waiver of all pleadings filed in the Liberian courts in relation to Pach Shemen's pending application there for recognition of the US bankruptcy judgment; and setting dates for the delivery of keys and passwords to the Piraeus offices of Eletson Holdings.

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1  - Page 36 of 99]



B.7 The additional actions of the Defendants against ELETSON CORPORATION, ELETSON GAS, KASTOS SPECIAL MARITIME ENTERPRISE, KINAROS SPECIAL MARITIME ENTERPRISE, KIMOLOS II SPECIAL MARITIME ENTERPRISE and FURNOS SPECIAL MARITIME ENTERPRISE. - The unsubstantiated Minutes of the allegedly 'shareholders' of ELETSON CORPORATION, ELETSON GAS and KINAROS SPECIAL MARITIME ENTERPRISE which purport to remove the members of the duly elected Boards and appoint new ones and the Minutes of the purportedly new Boards appointing officers.

Finally, the actions of the defendants after the entry into force of their plan of reorganization did not stop at Eletson Holdings and its subsidiaries, but were extended, as already briefly mentioned above, to companies that have no legal connection with Eletson Holdings and therefore the restructuring plan of Eletson Holdings, even if it had indeed entered into force and produced legal effects, which we deny, would not have any basis to apply to them.

a. Letters to lawyers of ELETSON GAS.

Specifically, on 21.11.2024, the representative of Pach Shemen LLC, which is among the Creditors that proposed the Creditors' Amended Plan of Reorganization, Adam Spears, sent a letter to the London-based lawyers of the third applicant company here, Eletson Gas LLC, which is not a subsidiary of Eletson Holdings Inc, and attempted to unlawfully sever the business relationship between Eletson Gas and those lawyers.

Further, on 30.12.2024, herein 4th defendant Adam Spears sent a letter signed by himself as (purported) CEO of Eletson Holdings, herein 9th defendant Leonard J. Hoskinson as (purported) CEO of Eletson Corporation and Eletson Gas LLC to the attorneys representing in the British Virgin Islands Eletson Corporation and Eletson Gas LLC, namely Harney Westwood & Riegels LP. citing and relying again on the issuance of the U.S. Court order upholding the Amended Creditors' Plan of Reorganization.

b. The unsubstantiated Minutes of the appointment of new Board of Directors and officers of ELETSON CORPORATION and ELETSON GAS.

[EXHIBIT 1 - Page 37 of 99]



On 25.11.2024, the purportedly restructured Eletson Holdings Inc (represented by the appointed Bankruptcy Court Board) filed an emergency petition before the US Bankruptcy Court for sanctions primarily against the lawyers of the first of us in the US, Reed Smith, but also against anyone else who did not comply with the confirmed Amended Creditor Plan of Reorganization.

By the declaration (affidavit) submitted to the above Court by the Creditors' Counsel, J.C. Borriello (of the law firm of Togut) filed as supporting documents (for sanctions) a series of unsubstantiated transcripts for Eletson Corporation and Eletson Gas (attached as relevant documents (Exhibits) 3 through 8 of the above-mentioned affidavit), of which the third and fourth of us have been made aware for the first time, since no meeting was held to keep minutes while these are supposedly "Unanimous Written Consents of the Board of Directors" which are signed by all participants without a call or even a meeting. <u>Furthermore, none of these unsubstantiated Minutes have been recorded</u> either in the ELETSON CORPORATION's share in the Corporate Registry of the <u>Republic of Liberia or in the ELETSON GAS share in the Corporate Registry of the</u> <u>Marshall Islands.</u> Accordingly<u>, these unsubstantiated Minutes</u> (of purported Board or purported shareholder meetings) are in the form of "Unanimous Written Consent" (corresponding to minutes signed "by rotation") and are referred to below as Minutes.

In particular, the following unsubstantiated minutes were submitted:

i.  *The unsubstantiated Record of Eletson Corporation 19.11.2024 (Exhibit 3 of Borriello's certificate)*

Said minute purports to be a resolution of the sole director of Eletson Corporation and as sole director appears to be signed by Leonard J. Hoskinson, herein the fifth of the defendants, who resolves to remove from office all pre-existing officers of the Corporation and appoints himself as President, Secretary and Chief Executive Officer (CEO) of said Corporation.

ii. *The unsubstantiated Record of Eletson Corporation 19.11.2024 (Exhibit 4 of Borriello's certificate)*

α. This minute is purported to be a minute of the shareholder of Eletson Corporation (i.e. Eletson Holdings, which Adam Spears purportedly represents).

[EXHIBIT 1 - Page 38 of 99]

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr



β. By this minute it is assumed that:

(i)   dismiss all directors (Board members),

(ii)  amend and replace the Bylaws,

(iii)    appoints as a Director (Board member only) the 5th defendant Leonard J. Hoskinson,

(iv) take some other general decisions.

*iii.    The unsubstantiated Minutes of Eletson Gas 29.11.2024 (Exhibit 5 of Borriello's certificate)*

The minutes in question purport to be a decision of the holder of Eletson Gas' ordinary shares, namely Eletson Holdings (allegedly represented by Adam Spears), by virtue of which Laskarina Karastamatis and Vassilios Kerchikov were allegedly dismissed from the Board and Leonard Hoskinson - now 5th of them - was appointed in their place.

*iv.    The unsubstantiated Record of Eletson Gas 01.12.2024 (Exhibit 6 of Borriello's certificate*

The said minutes purport to be a unanimous decision of the senior alleged board members to appoint officers and in particular appoint (now 6th of the defendants) Mark Lichtenstein as secretary.

*v.    The unsubstantiated Minutes of Eletson Gas 02.12.2024 (Exhibit 7 of Borriello's certificate)*

The minutes in question purport to be a resolution of the Board of Directors of Eletson Gas on the basis of which:

a.   the existing officers are dismissed and the 5th defendant, Leonard Hoskinson is appointed CEO of Eletson Gas, to whom all management powers are delegated, and all officer powers are delegated to the current 6th defendant, Mark Lichtenstein (authorized designee); and

d.   the 5th defendant, Leonard Hoskinson is given bank authorization powers to represent the company in dealings with banks.

*vi.    The unsubstantiated Minutes of Eletson Gas 29.11.2024 (Exhibit 8 of Borriello's certificate)*

α. The said minutes purport to be minutes of the members-partners of Eletson Gas LLC, namely a resolution of Eletson Holdings (as holder of the common units), allegedly

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1  - Page 39 of 99]



represented by (now 4th of the defendants) Adam Spears as President and CEO, and Levona (as holder of the preferred units), represented by Eliyahu Hassett. Pursuant thereto, "the Shareholders" confirm the Board consisting of Mark Lichtenstein (now 6(th) of the Defendants), Eliyahu Hassett, Joshua Fenttiman, Adam Spears (now 4th of the Defendants) and Leonard J. Hoskinson (now 5th of the Defendants).

<u>c.</u> <u>The invalid Act of amendment of the Articles of Association and the appointment of a new Board of Directors of KINAROS SPECIAL MARITIME ENTERPRISE.</u>

On 7 January 2025, <u>a Deed of Kinaros Special Marintime Enterprise dated 6.12.2024</u> was filed by the opposing parties in a court of the State of Texas, USA, purporting to be a deed of the sole shareholder of <u>Kinaros Special Maritime Enterprise</u> (i.e. Eletson Holdings, purportedly represented by the current 5th defendant Leonard Hoskinson). By this minute it is alleged that the shareholder under its new purported representation: i) amends the company's articles of association to change its registered office; ii) elects a new Board of Directors of the company consisting of Greek IKE BRASCHEL A GREECE SINGLE-MEMBER Private Capital Company (9h of the Defendants), BRASCHEL B GREECE SINGLE-MEMBER Private Capital Company (10h of the Defendants) and BRASCHEL C GREECE SINGLE-MEMBER Private Capital Company (11h of the Defendants); and iii) amend the Articles of Association of the Company to change its counterpart.

It is reasonable to assume that similar Minutes have been signed by Eletson Holdings for the other three subsidiaries of EME, namely KASTOS SPECIAL Maritime Enterprise, KIMOLOS II SPECIAL Maritime Enterprise and FURNOS SPECIAL Maritime Enterprise, which simply have not yet come to our attention.

It is hereby emphasized that based on the data published in the G.E.M.H., the administrator of the above mentioned (9th -10th) Greek IKE BRASCHEL A GREECE ΜΟΝΟΠΡΟΣΩΠΗ I.K.E., BRASCHEL B GREECE MONOPOSOPPI I K E . and BRASCHEL C GREECE MONOPOSOPPI I K E . ) is the current 8th defendant, Ion Varouxakis (resident of Athens, at 1 Bakou Street, No. 1, holder of D.A.T. N033180, A.F.M. 074097190, profession businessman, nationality Greece and e-mail address (email) <u>braschelltd@gmail.com)</u>. Judge-Arbitrator Ariel E. BELEN) proves the decisive role of Ion Varouxakis, as the "right hand man" in Greece, i.e. the direct

[EXHIBIT 1  - Page 40 of 99]

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr



collaborator of both Marc Bistricer (now 7th[th] Respondent) and Adam Spears (now 4th Respondent) in critical anti-contractual and abusive acts that have already taken place against ELETSON GAS (now 3rd[th] Claimant) since the beginning of the dispute.

δ. The very recent attempted conservative seizure of the Kinaros in conjunction with the attempted misleading of the Captain and crew of the Kinaros

As if the foregoing were not enough, the opposing parties did not merely limit themselves to amending the record of the Kinaros Special Maritime Enterprise, but obtained unilaterally (ex *parte)* an order of conservatory attachment of the Vessel from the United States Federal Court for the Southern District of Texas and contacted, by

10.01.2025  email sent by Leonard Hoskinson, even with the captain of the vessel KINAROS, threatening him and instructing him, as alleged representatives of KINAROS SME (which operates the vessel as the charterer of the naked ship) to dock the vessel in Brownsville, Texas. The ship KINAROS, contrary to the above, was removed from Brownsville, Texas, however the above email to the master and the ship is a clear example of the confusion and damage caused to a Greek flagged ship by the opposing parties.

ε. The unsubstantiated Minutes of the Board of Directors of Eletson Gas dated January 13, 2025 purporting to terminate Eletson Gas' engagement with the law firm of Reed Smith LLP.

On 14 January 2025, a Deed purporting to be that of ELETSON GAS dated 13 January 2025 was filed by the second of the defendants Levona Holdings Ltd in the London Court of International Arbitration (LCIA), purporting to be a "Unanimous Written Consent of the Board of Directors", signed by all participants without any invitation or even a meeting. By this minute it is assumed that the Board of Directors of ELETSON GAS:

(i)  Acknowledges and ratifies the alleged termination of Eletson Gas' engagement of Reed Smith Law Firm for legal services as of December 4, 2024, and all actions taken to that end,

(ii) grants certain general powers to the officers of Eletson Gas.

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1 - Page 41 of 99]



This minute, like the minutes above, has not been registered in the Eletson Gas register of companies in the Marshall Islands.

f. New provocative claims (letter dated 27 January 2025)

On January 24, 2025, a hearing took place before Judge Mastando, where the Court issued an oral ruling on the allegedly restructured Eletson Holdings' application for sanctions. Specifically, Judge Mastando orally ruled that the CreditorsPlan of Reorganizati on is binding on the former shareholders, officers, directors, legal advisors, agents and other persons identified in the Plan of Reorganization and that such persons must comply with the Plan of Reorganization and take all reasonably necessary actions as requested by the board of directors of Restructured Eletson Holdings.

Following this oral judgment of Judge Mastando, which has not been recognized in Greece, the lawyers of the opposing parties, Togut Segal & Segal LLP, sent on 27.01.2025 letter to the lawyers representing the debtors, the lawyers representing the majority of the shareholders of Eletson Holdings, the lawyer representing in Greece the members of the Board of Directors of Eletson Holdings, and the individuals associated with the shareholders of Eletson Holdings, threatening them to take a series of actions, which in fact involve companies that have never been parties (litigants) to the bankruptcy proceedings in New York and are not covered by the US Court's decisions.

In particular, the opponents' lawyers state the following in their letter of 27.01.2025:

*" As you're aware, this past Friday, the Court directed Holdings' former shareholders, officers, directors, counsel, and others to comply with the Plan and Confirmation Order to assist in effectuating the Plan, including by taking all steps "reasonably necessary as requested by the board of Reorganized Eletson Holdings Inc. or its agent to assist in amending the AOR and updating the corporate governance documents." See Jan. 24, 2025 Hr'g Tr. at 43:16-44:3 (copy attached). This is in addition to your and the other parties' obligations already set forth in the Plan and Confirmation and required by the Bankruptcy Code.*

*We are requesting that you take the following actions as soon as possible. Again, given this recent ruling, your obligations to cooperate in good faith with us under paragraph 5 of the Confirmation Order, and the injunctive provisions of the Confirmation Order,*

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1 - Page 42 of 99]



*we expect that y^-u will wo^k with us in good faith to accomplish these and other tasks to effectuate the Plan.*

1. *Update or amend Holdings' AOR to reflect that Adam Spears is Holdings' AOR, by no later than seven days from the entry of the order to be entered by the Court*

2. *Assist with the filing of further amended articles of incorporation with LISCR by the current AOR or Mr. Spears as the new AOR, by no later than seven days from the entry of the order to be entered by the Court.*

3. *Withdraw all pleadings filed in opposition to the recognition proceeding currently pending in Liberia, including, without limitation, the opposition to the petition, the motion to strike, the motion to intervene, and the motion to dismiss.*

4. *Update or amend all other AOR or similar filings with applicable authorities for Holdings' subsidiaries, including, without limitation, the four SMEs and Eletson Corp.*

5. *Obtain or provide certificates of incumbency for Holdings and each of its wholly owned subsidiaries, including, without limitation, the four SMEs and Eletson Corp, reflecting their new management.*

6. *Provide days and times that Holdings' representatives can obtain keys and passwords for Eletson Maritime's offices located in Stanford, CT and Eletson Corp.'s offices located in Greece.*

7. *Describe all property located at the Stanford, CT office and Greek offices and identify all property that has been removed from those locations since November 19, 2024 (or confirm in writing that no property has been removed since such date)*

8. *Contact all banks andfor all accounts maintained by Holdings and its wholly owned subsidiaries, including the four SMEs and Eletson Corp., instruct the banks to remove access and authorizations for all existing personnel and replace and direct new authorizations and access for Adam Spears, Len Hoskinson, and Mark Lichtenstein*

       o *We have been in contact with what we understand to be the significant majority of the existing banks. o We will email the banks which we ^^ve had contact with, copy you into the email chain as well as Laskarina Karastamati, Vasilis Kertsikoff, and*

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1 - Page 43 of 99]



Vasilis Hadjieleftheriadis, and issue a joint instruction on yours and their behalf.

o *To the extent that the banks respond with any questions, you are directed to inform them of the foregoing instructions and changes to the authorizations.*

o *You are also directed to cooperate with us and the banks in providing all paperwork requested by the banks, such as various corporate documents to the extent that your assistance is needed with doing so.*

9. *File the necessary pleadings with the Greek Court to withdraw or dismiss with prejudice the proceedings filed there concerning the appointment of the "provisional board."*

10. *Withdraw all instructions provided to Novum and any other SME charterers and contact all charterers and identify Adam Spears as the new contact moving forward.*

11. *Provide a list of and contact information for all key employees and contact such key employees and put them in touch with Adam Spears.*

12. *Instruct all counsel or former counsel acting or purporting to act on behalf of Holdings or any of its wholly owned subsidiaries to only take instructions from the new boards.*

*This list is not exhaustive and is not intended to be a complete list of all things needed from you to effectuate the Plan and we reserve all rights, including to amend or supplement this list at any time.*

*Given this recent ruling, we expect your prompt good faith cooperation. We also expect that you will share this message with anyone not included on this email chain that you know are needed to effectuate these and other implementation tasks.*

*Please respond to this email by no later than January 28 at 5:00p.m. (ET) confirming that you will work with us in good faith."*

g.  The last actions of the 4th defendant in Greece, as the alleged representative of the foreign company under reorganization under the name "ELETSON HOLDINGS INC"

Most recently, and specifically on 3.2.2025, the 4th defendant went so far as to claim in pleadings filed before the Piraeus Single-Member Court of First Instance [jurisdiction

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1  - Page 44 of 99]



in absentia], as well as before the Athens Multi-Member Court of First Instance [jurisdiction in absentia], that on the one hand he represents in Greece the <u>foreign company under reorganization under the name "ELETSON HOLDINGS INC"</u>, on the <u>other hand, that its actual alleged registered office is</u> in the State of New York, where <u>the centre of its main interests</u> is allegedly located, namely at One Pennylvania Plaza Suite 333, New York, NY 10119, United States, where, it should be noted, the offices of the law firm Togut, Segal & Segal LLP, representing 4<sup>(t)</sup>current defendant in litigation arising in the United States.

h.  <u>Conclusion:</u>

It is clear that all of the above decisions are invalid under the law of Liberia, the Marshall Islands and Greece. Obviously these and probably others that we do not yet know are being formulated by the opposing parties and sent to the banks, creating serious problems for the second and third of us, ELETSON CORPORATION and ELETSON GAS, but also for the companies operating the four ships, i.e. the fourth to seventh of us. <u>It is in the legitimate interest of all the applicant companies to apply for interim judicial protection from Your Court, in order to prevent irrevocable situations against us.</u>

IV.  *<u>Clarification regarding the US Bankruptcy Court Decision</u>*

By this Motion, Petitioners do not intend to show disrespect to the United States Bankruptcy Court for the Southern District of New York or its October 25, 2024 decision regarding the reorganization of Eletson Holdings, Inc. (joined as a petitioner herein to obtain full judicial protection), or to any other decision of that Court. However, the United States Bankruptcy Court has not ruled, nor did it intend to rule, on the validity or enforceability of its decisions under Greek law or other non-U.S. law. In particular, the above decisions have local application and in order to be effective in the Greek legal order and in other legal orders outside the United States, they must be recognized under the law of those legal orders.

Instead, the defendants in this case are the ones who have shown disrespect and blatantly violated the decisions of the United States Court by falsely and deliberately

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1  - Page 45 of 99]



stating that those decisions are applicable in jurisdictions outside the United States without proper recognition by those jurisdictions. Respondents falsely and knowingly assert that they have authority to act on behalf of Eletson Holdings, Inc. and other entities (such as the 2[h] through 7[h] Petitioners) that were not and have never been parties (litigants) to the New York bankruptcy proceedings and are not covered by the U.S. Court's orders. Moreover, they seek to exercise this nonexistent authority in dealings with third parties who are not familiar with the issues, attempting to mislead those parties and, at the very least, create confusion and doubt. These actions threaten Applicants with serious harm, including, but not limited to, causing bank account entanglements and interference with financial and business relationships, intimidating and misleading employees on land and seamen at sea, and interfering with payments from shippers.

This action by the Defendants, as well as other illegal, irregular and abusive conduct on their part that was not presented to, approved or authorized by the United States Bankruptcy Court, makes the filing of the present petition highly necessary in order to protect the legal rights of the Petitioners against the Defendants in the Greek legal system.

Rather, the opposing parties blatantly violate the 20.12.2024 decision of the same Judge Mastando, by which the only authority given to Adam Spears in a jurisdiction outside the US was to file applications in Liberia and Greece for recognition of the Court's bankruptcy judgment, making it clear that this does not prevent (nor can the opposing parties claim to prevent) or limit any party from defending against the recognition.

*V. Imminent risk*

1. From the provision of Article 682 par. 1 of the CCP it follows that in order to order a protective measure the Court must first presume that: [a] the claim alleged to be capable of being secured has arisen, that is to say, that all the necessary elements of justification for it exist under the provision of the substantive law which is held to be applicable in concreto; and [b] there is an urgent situation or imminent danger which makes it necessary, in order to secure or preserve the right or to regulate the situation, to take appropriate conservatory or regulatory measures of interim protection. These are two concepts that are obviously not identical, because otherwise both would not have a place in the text of the law. Urgency is the existence of an urgent need to temporarily

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1 - Page 46 of 99]



activate the legal relationship (legal consequence) that constitutes the main dispute. In this sense, <u>urgency</u> is understood to be the case when the provisional adjudication of a claim (Articles 728 et seq. CCP) and the provisional adjustment of a situation (Article 731 et seq. CCP) is requested and occurs when there is a need for the temporary enjoyment of the secured right by the claimant because, in the course of time, damage of any nature is likely to occur either to the material object of the claim or to its beneficiary. <u>An imminent risk</u> arises where the insured right is about to be frustrated, in which case its occurrence must be prevented in order to prevent the creditor's satisfaction from being frustrated by the acceleration of enforcement after the final conclusion of the diagnostic proceedings. Such a situation arises when interim measures other than those referred to in Articles 728 and 731 of the CCP must be ordered. With regard to the above requirement of the existence of an imminent danger or an urgent case, in order for the application for interim measures to be complete, it must contain, even if only briefly, a statement of the facts which suggest the existence of an imminent danger or an urgent case. It is not sufficient, therefore, to refer to the stereotyped wording of the law, but it is necessary to set out, even briefly, the specific circumstances of the conceptual definition of those conditions. The conditions for granting interim judicial protection (urgency and risk) are in fact the applicant's legitimate interest in obtaining the protective measure. They are therefore characterised as procedural requirements of the proceedings and, if their existence is not presumed, the application for interim measures will be dismissed, not as essentially unfounded, but as inadmissible.

2.    α. In the present case, as set out immediately above, the eighth applicant, by virtue of a proceeding instituted against her, was placed in insolvency by a Court which lacked the jurisdiction to do so and despite the fact that she had no debt to her alleged Creditors, with the result that it is in danger of being definitively deprived of the possibility of managing its assets and its corporate affairs in general, and, as is apparent from the very recent and increasingly frequent actions of the opposing parties to that end, the risk of that happening is very real.

This was at a time when the only reason for the initiation of these proceedings against the Company was, as stated above, the desire of Levona and other, related companies or

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1  - Page 47 of 99]



individuals, to suspend the arbitration proceedings initiated by the Company, so as not to be awarded against the defendants in the relevant (arbitration) claims. In particular, as mentioned above (under A.7.3.), from numerous documents and as has already been ruled by the retired Judge-Arbitrator Ariel E. BELEN in the 29.09.2023 final arbitral award, the conduct of Levona, as well as of its affiliated companies Murchinson and Pach Shemen, about which the aforementioned Arbitrator states that "each is an alter ego of the other", towards ELETSON HOLDINGS is completely illegal, unconventional, abusive and in total bad faith.

It was this bad faith behaviour that led to the bankruptcy of ELETSON HOLDINGS, which, although it was vindicated in the Arbitration Decision of 29.09.2023, was in a state of alleged voluntary bankruptcy due to the illegal and abusive actions of the current first and third defendants and other companies of their interests.

2. β. The other applicants are also exposed to a similar risk and this is because the first applicant is a shareholder of the eighth applicant, with the consequence that its financial interests are directly and inextricably linked to the autonomous operation of the latter, and these interests are directly affected as the Amended Plan of Reorganization provides for the cancellation ('annihilation') of the shares held by ELAFONISSOS SHIPPING CORPORATION for 40 consecutive years in ELETSON HOLDINGS. Absolutely directly and inextricably linked to the autonomous operation of the first applicant are the financial interests of the second and third applicants, as well as the fourth to seventh applicants, as subsidiaries of the Company, which are the ones operating the four ships mentioned above, since the opposing parties, using the alleged decision of the voluntary bankruptcy of the latter as a vehicle, proceed to draw up a series of unsubstantiated Deeds on their behalf (see above under B.7)..b.), in order to take de facto control of these companies, as set out in detail above in this document, and boast to third parties that they also control these companies, creating enormous problems in their operation.

3. In order to safeguard their interests, the current applicants have brought an action before the Piraeus Court of First Instance (Ordinary Procedure - Maritime Disputes Division), dated 17.01.2025 with G.A.K.1260/2025 and C.A.C. 344/2025 against the current defendants, as well as against: 1. the foreign special purpose vehicle "VR Global

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1 - Page 48 of 99]



Partners, L.P.", 2. the foreign special purpose vehicle "Alpine Partners (BVI), L.P.", 3. the foreign fund management company named "DuPont Capital Management" and 4. A foreign company named 'Mulberry Street Ltd', seeking, inter alia: (a) a declaration that both the New York issued 25.10.2024 Chapter 11 Bankruptcy Judgment in respect of ELETSON HOLDINGS Inc. (of the Bankruptcy Court of the United States - Southern District of New York, composed of Judge John P. MASTANDO, as well as the Order of

04.11.2024   of the same Bankruptcy Court confirming the aforementioned Judgment of

25.10.2024   Decision of Voluntary Bankruptcy (Chapter 11) and the Creditors' Amended Plan of Reorganization, do not have any effect on the company in question in the Greek legal order, nor are they binding on it, and that ELETSON HOLDINGS has not been declared bankrupt and/or placed in any form of reorganization/restructuring by virtue of the aforementioned decisions, (b) to recognize the invalidity of the decisions of the alleged new Boards of Directors, (c) to declare that ELETSON HOLDINGS has been declared bankrupt and/or placed in any form of reorganization/restructuring by virtue of the aforementioned decisions.Board of Directors appointed pursuant to the aforementioned bankruptcy court order; and (c) to declare that the above-mentioned natural persons or anyone else deriving or claiming to derive rights from the aforementioned orders of the Bankruptcy Court for the Southern District of New York are not entitled to represent or claim (boast) to represent any of the petitioners or any of their subsidiaries, nor to perform any acts of administration or management thereof.

4. Based on the above, it follows that the bad faith and defiant behavior and arbitrary actions of the current defendants, which have escalated over the last few days, causing substantial damage to the current applicants, since these actions of the defendants impede the smooth operation of our company and at the same time threaten to cause us irreparable financial damage, the occurrence of which we cannot prevent otherwise, except by means of an action before Your Court, so that we may obtain the protection required until such time as the dispute hereby brought before You is finally settled by the judgment of the Piraeus Court of First Instance on the above-mentioned action.

In conclusion, it has become imperative to grant interim judicial protection to the current applicants, so that they can, on the one hand, manage their businesses smoothly and defend their interests in the legal disputes already opened, both within and outside

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1  - Page 49 of 99]



the country's borders, and, on the other hand, not to suffer further financial damage as a result of the arbitrary and bad faith actions of the current defendants.

## VI. *The requested interim measure*

1.    α. Pursuant to Article 731 of the Code of Civil Procedure, the Court is entitled to order as a protective measure the doing, omission or tolerance of a certain act by the person against whom the application is directed, while, pursuant to Article 732 of the same Code, the Court is entitled to order as a protective measure any other measure which, in the circumstances, it considers appropriate for securing or preserving a right or for regulating a situation. Provisional regulation of the situation is not a protective measure with a predetermined content, but the framework for taking appropriate measures (692(1) CCP), by which a certain situation (682 CCP) which has arisen or is tending to arise in the legal relations of the parties is temporarily dealt with until a final judgment is given on their legal relations, in respect of which a dispute has arisen and if there is an immediate and pressing need (urgency) to activate them by that time or to inactivate them in whole or in part, as the case may be, in order to avoid the creation of irrevocable or irreversible consequences for the probable outcome of the main proceedings. In other words, the situation to be regulated must be based on the existence of a right which has been infringed or is at risk of being infringed or a legal relationship in substantive law, which is why mere factual situations are not subject to regulation. In this sense, the provisional regulation of a situation is covered by Articles 731-736 of the CCP and has a broader content than simply securing or maintaining a right by means of measures of a regulatory nature, since it may also concern any other type of regulation, which serves the legal relations of the parties which cannot be postponed and at the same time consolidates legal peace. In that context, Article 731 provides for the imposition of an obligation to act, to refrain from acting or to refrain from acting or to tolerate a certain act as a suitable protective measure, by which the court's regulatory intervention is manifested. The applicant may be anyone who claims that his legal relations with his opponent have been disturbed. The act provided for in Article 731 of the CCP must correspond to the disruption and the limits of his substantive claim. In essence, the provision of Article 731 CCP is a provisional award of the corresponding claim for an

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

**[EXHIBIT 1  - Page 50 of 99]**



act, omission or forbearance of an act. The type of disturbance in the legal relations of the parties is irrelevant and may come from the whole range of their substantive legal relations, in whichever branch of law they belong, as long as there is jurisdiction of the civil courts (Single-Member Court of First Instance of Athens 7591/2022, 1167/2022, Single-Member Court of First Instance of Piraeus 1/2019, Single-Member Court of First Instance of Rhodes 148/2018, Single-Member Court of First Instance of Sparti 66/2018, Single-Member Court of First Instance of Herakleion 195/2017) [Single-Member Court of First Instance of Rhodes 288/2024, Legal Information Bank NOMOS].

1.    β. According to Article 691A of the CCP, as introduced by Law No. 4335/2015, the possibility is established for the Court to issue a temporary injunction, either at the request of the parties or ex officio by the Court until a decision on the application for a provisional measure is issued. The issuance of an temporary order is intended to address the need for an absolutely temporary protection, when the temporary protection provided by interim measures is not sufficient, due to a particularly urgent case or an imminent immediate danger, to prevent irreparable damage that could occur until the decision on interim measures is issued. The Court of Justice, in which the application for interim measures is pending, is competent to issue the temporary order, even if it still lacks jurisdiction (Single-Member Court of First Instance of Thessaloniki 12256/2019 ■ Legal Information Bank NOMOS).

2. In this regard, based on the detailed disclosures herein, it is lawful for Your Honor to enjoin each of the fourth through eighth current Defendants, as well as the Defendants' attorneys appearing as representatives, and any other person deriving or purporting to derive rights from the judgments of the Bankruptcy Court for the Southern District of New York herein:

(i)  Represent or claim (boast) to represent any of the applicants or any of their subsidiaries,

(ii)  To perform any acts of administration or management thereof,

(iii) Use the highly misleading @eletsonholdings.com address created by the defendants herein, based on the detailed disclosures herein,

(iv) Claim that the boards of directors of the applicants have changed,

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1  - Page 51 of 99]



(v) Attempt to register such changes with any authority and in particular with the Register of Shipping Companies Department of the Ministry of Maritime Affairs and Insular Affairs or the Department of Companies established under Article 25 of Law 27/1975 of the aforementioned Ministry or for Liberian companies to the Liberian International Ship and Corporate Registry (LISCR) (which has an office in Greece under the name LISCR HELLAS Single-Member Societe Anonyme for the Provision of Services

Monopolie Anonyme Societa Anonyme Societa Anonyme de Provision de Servicios para la Societa Maritime et de Societas) and for Marshall Islands companies to the International Registries, Inc (IRI) (which have an office in Greece under the name INTERNATIONAL REGISTRIES LLC HELLAS SINGLE-MEMBER LTD).

Order the respondents to refrain from all of the above until the final decision of the Court of Your Honour on the present case is rendered in the case of 17.01.2025 with G.A.K.1260/2025 and E.A.C. 344/2025, filed by the current applicants before the Piraeus Court of First Instance [Ordinary Procedure - Maritime Disputes Division], directed, inter alia, against the current defendants, threatening against the defendants, namely against the representatives of the first to the third and the ninth to the eleventh of them, as well as against the fourth to the eighth of them, a fine of five thousand (5.000) and a personal detention order for three (3) months, for each infringement of the operative part of the judgment of the Court of First Instance delivered on this application.

VII.

Whereas the judgments of the aforementioned Bankruptcy Court of the Southern District of New York[6] have not been recognized in Greece, nor have the conditions for their recognition been met, the defendants and in particular the natural person defendants (i.e. the 4th through 8th of the current defendants) or anyone else deriving or claiming

---

[6] Namely, the Chapter 11 Bankruptcy Judgment issued in New York on 25.10.2024 regarding the already eighth petitioner ELETSON HOLDINGS (and regarding the other two companies that are not parties to the present proceedings) by the Bankruptcy Court of the United States - Southern District of New York consisting of Judge John P. MASTANDO, as well as the Chapter 11 Bankruptcy Judgment of 04.11.2024 Order of the same aforementioned Bankruptcy Court affirming the 25.10.2024 Chapter 11 Involuntary Bankruptcy Judgment of the already eighth petitioner ELETSON HOLDINGS (and two other companies not parties to this litigation) and the Creditors' Amended Plan of Reorganization and any other order that may have been issued by the same Court,

ι:^ΔιΛ^]^^ι^:η                                     ι^ Ε Ξ Ω
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1 - Page 52 of 99]



to derive rights from the aforementioned judgments of the Bankruptcy Court of the Southern District of New York, shall not be entitled to represent or purport (boast) to represent any of the current petitioners or any of their subsidiaries, nor to perform any acts of administration or management thereof, nor to purport to change the boards of directors thereof, nor to attempt to register such changes with any authority, including but not limited to the Registry of Shipping Companies of the Department of Shipping and Insular Affairs or the Registry of Companies established pursuant to Section 25 of L.27/1975 of the same registry or for Liberian companies to the Liberian International Ship and Corporate Registry (LISCR) (which has an office in Greece under the name LISCR HELLAS Single-Member Societe Anonyme for the Provision of Services on Shipping Issues and Companies) and for Marshall Islands companies to the International Registries, Inc (IRI) (which have an office in Greece under the name INTERNATIONAL REGISTRIES LLC HELLAS MONOPORED LTD).

Whereas our present petition is admissible and well founded in law and in substance.

Whereas in this case, on the basis of the details set out in this application, there is an urgent need for the Court to grant, at the hearing of this application before it, an temporary order pursuant to Article 691$^A$ of the Civil Code, by virtue of which the defendants are ordered to refrain from all of the above-mentioned acts [under V.2. (i) to (v)   ], pending the Court's decision on this application, in order to prevent irreparable harm to the applicants up to that point.

Whereas Your Court has jurisdiction pursuant to Article 51 of Law 2172/1993, because the dispute concerns shipping companies, shipowners and charterers of naked ships, and the Court should also decide on matters relating to or connected with maritime trade, the use, operation or exploitation of ships.

Whereas our claims will be proven before Your Court, with documents and witnesses.

Whereas we hereby declare that we waive our motion dated 10.2.2025, with G.A.K. 3304/2025 and E.A.K. 190/2025, injunctive relief application before Your Court.

Whereas we are bringing the application no P5586574/2025, and P5585911/2025 Contribution Advance Bills of the D.S.A. of article 61 of Law 4194/2013, for our attorneys-at-law who sign this document.

FOR THESE REASONS

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

[EXHIBIT 1  - Page 53 of 99]



and for as many reasons as we will add during the hearing hereof, with the expressed reservation of all our rights WE REQUEST

- That our present application be granted.

- To be ordered, pursuant to Article 731 et seq. CCP, injunctive relief against the defendants, and in particular that Your Court forbid each of the fourth through eighth of the present defendants, and those appearing as representatives of the defendants, as well as any other person deriving or claiming to derive rights from the judgments of the Bankruptcy Court of the Southern District of New York herein:

(i)     To represent or claim (boast) to represent any of the applicants or any of their subsidiaries,

(ii)  To perform any acts of administration or management thereof,

(iii) To use the highly misleading @eletsonholdings.com address created by the defendants herein, based on the detailed disclosures herein,

(iv) To claim that the boards of directors of the applicants have changed,

(v)  To attempt to register such changes with any authority and in particular with the Register of Shipping Companies Department of the Ministry of Maritime Affairs and Insular Affairs or the Department of Companies established under Article 25 of Law 27/1975 of the aforementioned Ministry or for Liberian companies to the Liberian International Ship and Corporate Registry (LISCR) (which has an office in Greece under the name LISCR HELLAS Single-Member Societe Anonyme for the Provision of Services on Shipping Issues and Companies) and for Marshall Islands companies to the International Registries, Inc (IRI) (which have an office in Greece under the name INTERNATIONAL REGISTRIES LLC HELLAS SINGLE-MEMBER LTD),

- And that the present defendants be ordered by the judgment of the Court of First Instance on the present case to refrain from all of the above until the final decision on the action brought by the present applicants on 17.01.2025 under G.A.K. 1260/2025 and

E.     A.K. 344/2025 before the Piraeus Court of First Instance (Ordinary Procedure - Maritime Litigation Section), directed, inter alia, against the present defendants.

-A fine of five thousand (5,000) euros and three (3) months' personal detention be imposed on the defendants, namely the representatives of the first to the third, the ninth

[EXHIBIT 1  - Page 54 of 99]

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
Μητρώο Πιστοποιημένων Μεταφραστών

HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS
Register of Certified Translators
https://metafraseis.services.gov.gr



to the eleventh and the fourth to the eighth, for each infringement of the operative part of the judgment of the Court of First Instance delivered on this application.

    - That the above be ordered by a temporary order of the Court, granted during the hearing of this application, pending the determination of the application.

    - To convict the opposing parties to pay the costs of the proceedings and the fees of the applicants' lawyers jointly and severally.

Athens, 19 February 2025 The Authorized Lawyers

     (signature-stamp)                         (signature-stamp)

  K. F. KALAVROS LAW FIRM          K.F.  KALAVROS  LAW  FIRM

[EXHIBIT 1  - Page 55 of 99]



HELLENIC REPUBLIC
COURT OF FIRST INSTANCE OF PIRAEUS


ACKNOWLEDGEMENT OF A LEGAL DOCUMENT

Deed  Type:  APPLICATION

General  File  No.  4213/2025

Special File No. 244/2025

At the Court of First Instance of Piraeus this 19th day of February 2025, weekday Wednesday at 13.47' appeared before the Court Clerk, the Lawyer KIOUSI Panagiota with Reg.No. 030165 of the Athens Bar Association and filed the foregoing legal document.

In witness whereof this report was drafted and is legally signed.

| THE LAWYER | THE COURT CLERK |
|---|---|
| (signature) | (signature) |
| KIOUSI PANAGIOTA | DEDE SOPHIA |


ACT OF SETTING A HEARING DATE

Proceedings : Interim Measures Exhibit : Docket of Interim Measures with Exhibit Number 5 We hereby set as date of hearing, the 14th day of March 2025 (14.03.2025) weekday Friday at 09.30 at the First Instance Court of Piraeus 3-5 Skouze street, 3rd floor, Courtroom 303 on the condition that a copy of the application and this act is served, ten (10) days before the hearing, by diligence of the applicants per email to the email accounts of the defendants included at this application, except of the 8th, 9th, 10th, 11th who will be summoned through a judicial server.

Piraeus 19.02.2025

The Judge

(signature)

STAVGIANOUDAKI ELEANA


Exact Copy. Piraeus 19.02.2025

The Clerk (stamp-signature)

DEDE SOPHIA

[EXHIBIT 1  - Page 56 of 99]



APOSTILLE

(Convention of Hague of October 5th, 1961)

1. Country: GREECE

   The present public document

2. Was signed by Ms. SOPHIA DEDE

3. Acting in the capacity of the Clerk of the First Instance Court of Piraeus

4. Bears the seal/stamp of the Court of First Instance of Piraeus

Certified

5. At Piraeus

6. On 25.02.2025

7. By the Court of First Instance of Piraeus

8. No. 299/2025

9. (Stamp) Court of First Instance of Athens

10. (Signature) The President of the Three-Member Council of Administration of the Court of First Instance of Piraeus p/p KALTAKHS ELEFTHERIOS

*This Apostille only certifies the signature, the capacity of the signatory and the stamp that the document bears. It does not certify the content of the document for which it was issued.*

[EXHIBIT 1 - Page 57 of 99]

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

I hereby certify as the applicant's lawyer
that this application for interim measures
is sent to the email address indicated in
the application for those specified in the
judge's act.
Athens, February 27, 2025
The applicant's lawyer
Themistoklis Sofos
Managing Partner
SOFOS LAW FIRM

27.2.2025

**SOFOS & PARTNERS**
**LAW FIRM**
Asklepiou Str. 6 – 8
GR 10680 Athens
Tel. +30210-3633322, Id: 80903
**SOFOS THEMISTOKLIS, PhD**
Attorney-at-Law, Id: 18770
e-mail: themis@sofos.com.gr

[EXHIBIT 1  - Page 58 of 99]



**Κ. Φ. ΚΑΛΑΒΡΟΣ ΔΙΚΗΓΟΡΙΚΗ ΕΤΑΙΡΙΑ**
Χ. Π. ΦΙΛΙΟΣ • Θ. Θ. ΚΛΟΥΚΙΝΑΣ

## ΕΝΩΠΙΟΝ ΤΟΥ ΜΟΝΟΜΕΛΟΥΣ ΠΡΩΤΟΔΙΚΕΙΟΥ ΠΕΙΡΑΙΩΣ

[Διαδικασία Ασφαλιστικών Μέτρων]

### ΑΙΤΗΣΗ ΑΣΦΑΛΙΣΤΙΚΩΝ ΜΕΤΡΩΝ

**1)** Της αλλοδαπής ναυτιλιακής εταιρίας με την επωνυμία **«ELAFONISSOS SHIPPING CORPORATION»**, η οποία εδρεύει κατά την καταστατική της έδρα στη Λιβερία, εν τοις πράγμασι δε στην Ελλάδα, επί της οδού Κολοκοτρώνη αρ. 118 στον Πειραιά, νομίμως εκπροσωπούμενη στερούμενης Α.Φ.Μ..

**2)** Της αλλοδαπής ναυτιλιακής εταιρίας με την επωνυμία **«ELETSON CORPORATION »**, η οποία εδρεύει κατά την καταστατική της έδρα στη Λιβερία, εν τοις πράγμασι δε στην Ελλάδα, επί της οδού Κολοκοτρώνη αρ. 118 στον Πειραιά, με Α.Φ.Μ. 098035979/ΔΟΥ Πλοίων Πειραιά, όπως εκπροσωπείται νόμιμα.

**3)** Της αλλοδαπής ναυτιλιακής εταιρίας με την επωνυμία **«ELETSON GAS LLC »**, η οποία εδρεύει κατά την καταστατική της έδρα στους νήσους Μάρσαλ, εν τοις πράγμασι δε στην Ελλάδα, επί της οδού Κολοκοτρώνη αρ. 118 στον Πειραιά, όπως εκπροσωπείται νόμιμα, στερούμενης Α.Φ.Μ..

**4)** Της ναυτιλιακής εταιρίας με την επωνυμία **«ΚΑΣΤΟΣ ΕΙΔΙΚΗ ΝΑΥΤΙΚΗ ΕΠΙΧΕΙΡΗΣΗ»**, η οποία εδρεύει στον Πειραιά (Λεωφόρος Ηρώων Πολυτεχνείου αρ. 62), κατόχου του ΑΦΜ 997904595, όπως εκπροσωπείται νόμιμα.

**5)** Της ναυτιλιακής εταιρίας με την επωνυμία **«ΚΙΝΑΡΟΣ ΕΙΔΙΚΗ ΝΑΥΤΙΚΗ ΕΠΙΧΕΙΡΗΣΗ»**, η οποία εδρεύει στον Πειραιά (Λεωφόρος Ηρώων Πολυτεχνείου αρ. 62), κατόχου του ΑΦΜ 998049676, όπως εκπροσωπείται νόμιμα.

Κ. Φ. ΚΑΛΑΒΡΟΣ
ΚΑΘΗΓΗΤΗΣ ΠΑΝΕΠΙΣΤΗΜΙΟΥ

Μ. Κ. ΚΑΛΑΒΡΟΥ, D.E.A.
Χ. Κ. ΚΑΛΑΒΡΟΥ, LL.M.
Θ. Θ. ΚΛΟΥΚΙΝΑΣ
Α. Γ. ΚΑΡΑΛΕΚΑΣ
Α. Γ. ΤΣΙΛΗΚΑ

Χ. Π. ΦΙΛΙΟΣ
ΚΑΘΗΓΗΤΗΣ ΠΑΝΕΠΙΣΤΗΜΙΟΥ

Ι. Ν. ΒΕΡΓΕΤΗ, LL.M.
Π. Α. ΚΙΟΥΣΗ, LL.M.

Μ. Χ. ΑΞΗΜΙΝΑΚΗ
Σ. Ν. ΔΙΑΜΑΝΤΗ, M.A
Ε. Π. ΖΙΑΚΑΣ, Ph.D.
Κ. ΣΠ. ΠΤΑΒΖΗΣ
Π. Ν. ΚΑΛΟΔΙΚΗΣ
Α. Α. ΚΕΛΕΣΙΔΟΥ, LL.M.
Ε. Θ. ΚΛΟΥΚΙΝΑ, LL.M.

Ι. Γ. ΝΤΟΛΑΠΤΣΗ, LL.M.
Α. Ν. ΠΑΠΑΣΤΑΘΟΠΟΥΛΟΣ, LL. M.
Α. Κ. ΡΟΥΣΑΚΗ, LL.M.
Ν. Α. ΤΣΕΜΠΕΡΑ, LL.M.
Β. Γ. ΤΣΟΥΡΑ, LL.M.
Κ. Γ. ΦΙΛΙΠΠΟΥΠΟΛΙΤΗΣ, LL.M.
Μ. Π. ΧΑΧΑΜΗ

ΒΡΑΝΑ 19
115 25 ΑΘΗΝΑ
210 3698700
CALAVROS@CALAVROS.GR

ΠΑΥΛΟΥ ΜΕΛΑ 5
546 21 ΘΕΣΣΑΛΟΝΙΚΗ
2310 500770
THESSALONIKI@CALAVROS.GR

ΔΟΝΑΤΟΥ ΔΗΜΟΥΛΙΤΣΑ 65
491 00 ΚΕΡΚΥΡΑ
26610 49736
CORFU@CALAVROS.GR

WWW.CALAVROS.GR

[EXHIBIT 1 - Page 59 of 99]



**6)** Της ναυτιλιακής εταιρίας με την επωνυμία **«ΚΙΜΩΛΟΣ ΙΙ ΕΙΔΙΚΗ ΝΑΥΤΙΚΗ ΕΠΙΧΕΙΡΗΣΗ»**, η οποία εδρεύει στον Πειραιά (Λεωφόρος Ηρώων Πολυτεχνείου αρ. 62), κατόχου του ΑΦΜ 997904024, όπως εκπροσωπείται νόμιμα.

**7)** Της ναυτιλιακής εταιρίας με την επωνυμία **«ΦΟΥΡΝΟΙ ΕΙΔΙΚΗ ΝΑΥΤΙΚΗ ΕΠΙΧΕΙΡΗΣΗ»**, η οποία εδρεύει στον Πειραιά (Λεωφόρος Ηρώων Πολυτεχνείου αρ. 62), κατόχου του ΑΦΜ 997904583, όπως εκπροσωπείται νόμιμα.

**8)** Της αλλοδαπής ναυτιλιακής εταιρίας με την επωνυμία **«ELETSON HOLDINGS INC.»**, η οποία εδρεύει κατά την καταστατική της έδρα στη Λιβερία, εν τοις πράγμασι δε στην Ελλάδα, επί της οδού Κολοκοτρώνη αρ. 118 στον Πειραιά, όπως εκπροσωπείται νόμιμα από την προσωρινή διοίκηση αυτής δυνάμει της από **12.11.2024 χορηγηθείσας προσωρινής διαταγής** της Προέδρου Υπηρεσίας του Μονομελούς Πρωτοδικείου Πειραιά, Αντωνίας ΜΕΓΓΟΥΛΗ, σε συνδυασμό με το από **12.11.2024 Πρακτικό Εκλογής** των Μελών του Διοικητικού Συμβουλίου και εκπροσώπησης αυτής (καταχωρηθέντος ήδη στις 19.11.2024 στην μερίδα της Εταιρίας στο Μητρώο Εταιριών της Δημοκρατίας της Λιβερίας στην Ελλάδα), στερούμενης Α.Φ.Μ..

**ΚΑΤΑ**

**1)** Της αλλοδαπής εταιρείας ειδικού σκοπού με την επωνυμία **«Pach Shemen LLC»**, η οποία εδρεύει στο Ντέλαγουερ (1209 N. Orange Street, Wilmington, DE 19801), νομίμως εκπροσωπούμενης, ml@murchinsonltd.com .

**2)** Της αλλοδαπής εταιρίας ειδικού σκοπού με την επωνυμία **«Levona Holdings Ltd.»**,η οποία εδρεύει στις Βρετανικές Παρθένες Νήσους (Sea Meadow House, P.O. Box 116, Road Town, Tortola, British Virgin Islands), νομίμως εκπροσωπούμενης, adam@ace148.com / ml@murchinsonltd.com .

**3)** Της αλλοδαπής εταιρίας ειδικού σκοπού με την επωνυμία **«Murchinson Ltd»**, η οποία εδρεύει στον Καναδά (4th Floor, 145 Adelaide Street West Toronto, Suite 400, ON M5H 4E5 Canada), νομίμως εκπροσωπούμενης, mjb@murchinsonltd.com .

**4)** Του **Adam Spears**, κατοίκου Καναδά (17 Cortleigh Crescent, ON, M4R 2C6, Toronto, Canada), adam@ace148.com .

**5)** Του **Leonard Hoskinson**, κατοίκου Νέας Υόρκης και δη στην έδρα της αλλοδαπής δικηγορικής εταιρίας με την επωνυμία «Togut, Segal & Segal LLP» (One Penn Plaza, Suite 3335, New York, NY 10119), kortiz@teamtogut.com jborriello@teamtogut.com bkotliar@teamtogut.com bshaughnessy@teamtogut.com.

**6)** Του **Mark Lichtenstein**, κατοίκου ως εκ της εργασίας του στην αλλοδαπή εταιρία ειδικού σκοπού με την επωνυμία **«Murchinson Ltd»**, Καναδά (4th Floor, 145 Adelaide Street West Toronto, Suite 400, ON M5H 4E5 Canada), ml@murchinsonltd.com .

**7)** Του **Marc Bistricer**, κατοίκου ως εκ της εργασίας του στην αλλοδαπή εταιρία ειδικού σκοπού με την επωνυμία «Murchinson Ltd», Καναδά (4th Floor, 145 Adelaide Street West Toronto, Suite 400, ON M5H 4E5 Canada), mjb@murchinsonltd.com

**8)** Του **Ίωνα Βαρουξάκη**, κατοίκου Αθηνών, επί της οδού Μπάκου, αρ. 1, κάτοχος Δ.Α.Τ. Ν033180, Α.Φ.Μ. 074097190.

2

[EXHIBIT 1 - Page 60 of 99]

9) Της εταιρίας με την επωνυμία **«BRASCHEL A GREECE ΜΟΝΟΠΡΌΣΩΠΗ I.K.E.»**, η οποία εδρεύει στην Αθήνα (Λεωφόρος Αμαλίας 26), όπως εκπροσωπείται νόμιμα.

10) Της εταιρίας με την επωνυμία **«BRASCHEL B GREECE ΜΟΝΟΠΡΟΣΩΠΗ I.K.E.»**, η οποία εδρεύει στην Αθήνα (Λεωφόρος Αμαλίας 26), όπως εκπροσωπείται νόμιμα.

11) Της εταιρίας με την επωνυμία **«BRASCHEL C GREECE ΜΟΝΟΠΡΟΣΩΠΗ I.K.E.»**, η οποία εδρεύει στην Αθήνα (Λεωφόρος Αμαλίας 26), όπως εκπροσωπείται νόμιμα.

--------------------------------

### *Ι. Εισαγωγικές παρατηρήσεις – Οι σχέσεις των διαδίκων μερών.*

### *Α.1. Ο πολυοικογενειακός ναυτιλιακός οίκος «ELETSON». - Η μητρική εταιρεία αυτού «ELETSON HOLDINGS INC.» και η θυγατρική αυτής, «ELETSON CORPORATION».*

**1.** Η εταιρία **ELETSON HOLDINGS INC.** (εφεξής *«η Εταιρία ή Εταιρεία» ή «ELETSON HOLDINGS»*) είναι η «μητρική» εταιρία της ναυτιλιακής πολύ-οικογενειακής επιχείρησης, γνωστής στα ναυτιλιακά δρώμενα σε παγκόσμια κλίμακα με το όνομα «ELETSON». Η Εταιρία είναι ανώνυμη εταιρεία (corporation), η οποία έχει συσταθεί ήδη από την 04.12.1985 κατά το δίκαιο της Λιβερίας, έχουσα την **πραγματική της έδρα στην Ελλάδα όπου διατηρεί γραφεία, επί της οδού Κολοκοτρώνη αριθ. 118, στον Πειραιά**, δεδομένου ότι διοικείτο και διοικείται από οκταμελές διοικητικό συμβούλιο, που συνεδριάζει στην άνω εγκατάστασή της, όλα τα μέλη του οποίου είναι Έλληνες και κάτοικοι Ελλάδος, όλες οι αποφάσεις για την επιχειρηματική της δραστηριότητα και για την εκπλήρωση του καταστατικού της σκοπού, λαμβάνονται στα γραφεία της, που διατηρεί στην άνω διεύθυνση, δεδομένου ότι η Εταιρία είναι εταιρία χαρτοφυλακίου (holding company) ναυτιλιακών εταιριών, τη δραστηριότητά της όλη την ασκεί στον Πειραιά μέσω της 100% **θυγατρικής της, Eletson Corporation – εδώ τρίτη των αιτουσών**, η οποία διατηρεί στον Πειραιά νόμιμα εγκατεστημένο γραφείο κατά τις διατάξεις του άρθρου 25 Ν.27/1975, όπου απασχολεί προσωπικό περίπου 50 ατόμων στη στεριά (και πολλαπλάσιων ναυτικών στην θάλασσα), μισθοδοτούμενο και ασφαλιζόμενο στην Ελλάδα, κατά τις προβλέψεις του ελληνικού δικαίου.

**2.** Καθώς από τις 8.11.2024 η Εταιρεία στερείται διοικήσεως και νομίμου εκπροσωπήσεως, λόγω παραίτησης τεσσάρων (4) εκ των ως τότε μελών του Δ.Σ. αυτής, μη δυνάμενη εκ του λόγου αυτού να προβεί σε οιαδήποτε ενέργεια προκειμένου να προασπίσει τα συμφέροντά της ή/και να αμυνθεί απέναντι στις σε βάρος της ενέργειες, ως αυτές θα εκτεθούν αναλυτικά παρακάτω στην παρούσα, δύο (2) εκ των μετόχων αυτής και δη οι αλλοδαπές ναυτιλιακές εταιρείες και δη η εδώ δεύτερη των αιτουσών ELAFONISSOS SHIPPING CORPORATION καθώς και η εταιρεία KEROS SHIPPING CORPORATION, οι οποίες τυγχάνουν κυρίες 392 μετοχών (shareholders) εκάστη εξ αυτών, οι οποίες αντιπροσωπεύουν ποσοστό 3,92% εκάστη εξ αυτών του μετοχικού κεφαλαίου της Εταιρείας, προσέφυγαν στην Ελληνική Δικαιοσύνη, υποβάλλοντας την από 11.11.2024, με ΓΑΚ/ΕΑΚ 16655/7823/11.11.2024 αίτηση κατ᾽ άρθρο 69 ΑΚ ενώπιον του Μονομελούς Πρωτοδικείου Πειραιά [Εκουσία Δικαιοδοσία], προκειμένου **να διορισθεί** προσωρινή διοίκηση της Εταιρείας, κατά τη διαδικασία των ασφαλιστικών μέτρων, για την προστασία των δικαιωμάτων της Εταιρείας και δη προκειμένου να **διοικήσει** την Εταιρεία και να **συγκαλέσει έκτακτη Γενική Συνέλευση για την εκλογή νέου Διοικητικού Συμβουλίου, κατά τα ειδικότερα σ᾽ αυτήν αναφερόμενα, δικάσιμος δε της ως άνω αιτήσεως ορίστηκε καταρχάς στις 4.2.2025.**

Λόγω της συνδρομής επείγουσας περίπτωσης, στην ως άνω αίτηση περιλαμβανόταν αίτημα χορήγησης προσωρινής διαταγής, η συζήτηση του οποίου έλαβε χώρα ενώπιον της κας Προέδρου Υπηρεσίας του Πρωτοδικείου Πειραιώς στις 12.11.2024, γενόμενου αυτού δεκτού, χορηγήθηκε δε προσωρινή διαταγή με το εξής περιεχόμενο:

3

[EXHIBIT 1 - Page 61 of 99]



*« - Δέχεται αίτημα χορήγησης προσωρινής διαταγής.*

*- Διορίζει προσωρινή διοίκηση της ναυτιλιακής εταιρείας «ELETSON HOLDINGS INC» αποτελούμενη από τα εξής πρόσωπα: 1) Βασίλειος Χατζηελευθεριάδης του Αποστόλου, 2) Κωνσταντίνος Χατζηελευθεριάδης του Αποστόλου, 3) Ιωάννης Ζηλάκος του Νικολάου, 4) Εμμανουήλ Ανδρεουλάκης του Στυλιανού, 5) Αδριανός Ψωμαδάκης – Καρασταμάτης του Μιχαήλ, 6) Πάνος ΠΑΞΙΝΟΣ του Ιωάννη, 7) Ελένη Γιαννακοπούλου του Κωνσταντίνου, 8) Νίκη συζ. Νικολάου Ζηλάκου, προκειμένου να επιμεληθούν όλες τις επείγουσες υποθέσεις της εν λόγω εταιρείας και ιδιαίτερα να επιμεληθούν για τη νομική της εκπροσώπηση (διορισμό δικηγόρων) ενώπιον των Δικαστηρίων της Νέας Υόρκης ΗΠΑ για τις εκκρεμείς υποθέσεις, προσωρινά μέχρι τη συζήτηση της αίτησης κατά την ορισθείσα δικάσιμο και υπό τον όρο συζήτησης αυτής στην εν λόγω δικάσιμο.»[1].*

Η ως άνω δε χορηγηθείσα προσωρινή διαταγή διατηρήθηκε από το ως άνω Δικαστήριο ως τη μετ᾽ αναβολή, κατόπιν αιτήματος λόγω άσκησης παρέμβασης από την δήθεν αναδιοργανωμένη «ELETSON HOLDINGS INC.» και δήθεν εκπροσωπούμενη από τον τέταρτο εδώ καθ' ων, Adam Spears και η οποία ορίστηκε για την δικάσιμο της **1ης Απριλίου 2025**

**<u>Τα ανωτέρω αυτά πρόσωπα είναι και τα μόνα που έχουν την εξουσία να εκπροσωπούν την Εταιρεία.</u>**

**3.** Όπως αναφέρθηκε ανωτέρω, η Εταιρία είναι εταιρία χαρτοφυλακίου (holding company) και, μεταξύ άλλων, κατέχει εξ ολοκλήρου τις μετοχές τεσσάρων ελληνικών Ειδικών Ναυτιλιακών Επιχειρήσεων (**ΕΝΕ**), οι οποίες ελέγχουν τα πλοία ΜΤ Kastos, ΜΤ Kinaros, ΜΤ Kimolos και ΜΤ Fourni, υπό Ελληνική Σημαία, το οποία είναι δεξαμενόπλοια και συγκεκριμένα **των νυν 4ης έως 7ης αιτουσών ελληνικών εταιριών** «ΚΑΣΤΟΣ ΕΙΔΙΚΗ ΝΑΥΤΙΚΗ ΕΠΙΧΕΙΡΗΣΗ», «ΚΙΝΑΡΟΣ ΕΙΔΙΚΗ ΝΑΥΤΙΚΗ ΕΠΙΧΕΙΡΗΣΗ», «ΚΙΜΩΛΟΣ ΙΙ ΕΙΔΙΚΗ ΝΑΥΤΙΚΗ ΕΠΙΧΕΙΡΗΣΗ» και «ΦΟΥΡΝΟΙ ΕΙΔΙΚΗ ΝΑΥΤΙΚΗ ΕΠΙΧΕΙΡΗΣΗ», αντίστοιχα. Τα παραπάνω πλοία τελούν υπό τη διαχείριση της Λιβεριανής εταιρίας και **εδώ δεύτερης των αιτουσών** Eletson Corporation *(εφεξής: «ELETSON CORPORATION»)*, η οποία είναι επίσης κατά ποσοστό 100% θυγατρική εταιρεία της ELETSON HOLDINGS, όπως προαναφέρθηκε, και έχει νόμιμη, σύμφωνα με τις διατάξεις του άρθρου 25 του ν.27/1975 και του α.ν. 89/67, εγκατάσταση στην Ελλάδα και δη στον Πειραιά, επί της οδού Κολοκοτρώνη αριθμός 118, με Α.Φ.Μ. 098035979/ΔΟΥ Πλοίων Πειραιά.

<hr>

[1] Η ως άνω προσωρινή διοίκηση της Εταιρίας καταχωρήθηκε στην τηρούμενη με αριθμό C-40191 μερίδα αυτής στο Υπουργείο Εξωτερικών της Δημοκρατίας της Λιβερίας εκδόθηκε το αντίστοιχο από 19.11.2024 Πιστοποιητικό του τελευταίου, δυνάμει του οποίου δημοσιεύθηκαν τα Μέλη του Διοικητικού Συμβουλίου της Εταιρείας και όπως αυτά ορίστηκαν ως άνω με την από 12.11.2024 προσωρινή διαταγή της κας Προέδρου Υπηρεσίας του Πρωτοδικείου Πειραιώς, ενώ ορίστηκαν (α) ο Βασίλειος Χατζηελευθεριάδης ως Πρόεδρος και Ταμίας και (β) ο Εμμανουήλ Ανδρεουλάκης, ως Γραμματέας, ως εντεταλμένοι υπάλληλοι / διοικητικά στελέχη της Εταιρείας (Officers), στους οποίους δόθηκε η πληρεξουσιότητα όπως υπογράφουν για λογαριασμό και να δεσμεύουν την Εταιρεία.

4

[EXHIBIT 1 - Page 62 of 99]

# ᴐ|ᴄ

## A.2. Η εταιρεία Eletson Gas LLC

Η εταιρεία Eletson Gas LLC (**εφεξής «Eletson Gas»**), ιδρύθηκε ως εταιρεία περιορισμένης ευθύνης (LLC) σύμφωνα με το δίκαιο των νήσων Μάρσαλ (Marshall Islands) που προβλέπει την ίδρυση εταιρείας περιορισμένης ευθύνης (LLC) με μια **συμφωνία για ίδρυση εταιρείας περιορισμένης ευθύνης** (**LLC Agreement** της 12ης Απριλίου 2013, η οποία τροποποιήθηκε και κωδικοποιήθηκε στις 16 Αυγούστου 2019 – Amended and Restated LLC Agreement – στην οποία έχουν γίνει και μεταγενέστερες τροποποιήσεις). Μέτοχοι της Eletson Gas ήταν **αφενός** η εταιρία ELETSON HOLDINGS, κατέχουσα τις κοινές μετοχές/ μερίδια, και δη 13.000.000 κοινά μερίδια που ήταν και είναι το σύνολο (100%) των κοινών μεριδίων, **αφετέρου** το επενδυτικό κεφάλαιο Blackstone, κατέχουσα τις προνομιούχες μετοχές/μερίδια, ήτοι έχοντας προτεραιότητα στην διανομή μερισμάτων και, υπό προϋποθέσεις, αποφασιστική εξουσία επί της εταιρίας, και δη 8.811.080 προνομιούχα μερίδια που ήταν το σύνολο (100%) των προνομιούχων μεριδίων. Κάτοχος μεριδίων στην Eletson Gas LLC κατέστη και η ELETSON CORPORATION, ούσα η διαχειρίστρια εταιρία των πλοίων, δια της έκδοσης σε εκείνη ορισμένων «ειδικών μεριδίων» (special membership units).

Στην **Eletson Gas**, η **ELETSON HOLDINGS** εισέφερε εις είδος **πέντε (5) νέα προϋπάρχοντα υγραεριοφόρα** πλοία, όλα υπό ελληνική σημαία, και δη τα πλοία ΑΝΑΦΗ, ΝΙΣΥΡΟΣ, ΤΗΛΟΣ, ΤΕΛΕΝΔΟΣ και ΣΥΜΗ και κατείχε το σύνολο των κοινών μεριδίων (μετοχών) και η **Blackstone** εισέφερε σημαντικά κεφάλαια για τη ναυπήγηση/αγορά **άλλων εννέα (9) υπερσύγχρονων υγραεριοφόρων πλοίων, με δυνατότητα να μεταφέρουν και προϊόντα αιθυλενίου,** και κατείχε το σύνολο των **προνομιούχων μεριδίων (μετοχών),** τα οποία, όμως, σύμφωνα με το «LLC Agreement» **(εφεξής: «LLCA»),** είχαν αυξημένες εξουσίες και **ήλεγχαν την Eletson Gas LLC,** ήτοι μπορούσαν να λάβουν σημαντικές εταιρικές αποφάσεις και διόριζαν την πλειοψηφία των μελών του Δ.Σ..

Κατά συνέπεια, στις αρχές του 2022, η **Eletson Gas** κατείχε, άμεσα ή έμμεσα, **δεκατέσσερα (14) πλοία μεταφοράς υγροποιημένου αερίου,** καθιστώντας έτσι τον στόλο της τον δεύτερο μεγαλύτερο στην αγορά - πρώτος είναι ο στόλος της Unigas, βασικού και άμεσου ανταγωνιστή της ELETSON. Τα έσοδα της **Eletson Gas** προέρχονται κυρίως από την εκμετάλλευση των εν λόγω πλοίων, ενώ τη συνδιαχείριση του ως άνω στόλου της Eletson Gas, είχε αναλάβει αφενός η **ELETSON CORPORATION** (τεχνική διαχείριση), η οποία ήταν εταιρία ειδικού σκοπού (special purpose vehicle), την Levona Holdings Ltd **(εφεξής «Levona»)- νυν δεύτερη των καθ᾽ ων,** η οποία συστάθηκε σύμφωνα με τους νόμους των Βρετανικών Παρθένων Νήσων (British Virgin Islands).

Η **Murchinson** και η **Levona** ευθύς εξ αρχής δήλωσαν ότι δεν σκόπευαν να είναι μακροπρόθεσμοι επενδυτές (long-term investors), αλλά ήθελαν να αποχωρήσουν σύντομα με ένα

5

## A.3. Η αγορά του μεριδίου της Blackstone από τη Levona και η συμφωνία αποχώρησης της Levona [δια μεταβίβασης των μετοχών αυτής (της Levona) στην Eletson Gas είτε σε εταιρίες που εκείνη θα υποδείκνυε].

Τον Νοέμβριο του 2021, ένα άλλο επενδυτικό κεφάλαιο (hedge fund), **- η - Murchinson Ltd (εφεξής Murchinson)** – **εδώ τρίτη των καθ᾽ ων,** αγόρασε από την Blackstone το μερίδιό της (για τίμημα που αργότερα αποκαλύφθηκε ότι ήταν μόλις δολάρια ΗΠΑ 3 εκατομμύρια), και έτσι κατέστη εταίρος (μέτοχος) στην Eletson Gas, στη θέση της Blackstone. Η αγορά έγινε μέσω μιας συνδεδεμένης με τη Murchinson εταιρίας, η οποία ήταν εταιρία ειδικού σκοπού (special purpose vehicle), την Levona Holdings Ltd **(εφεξής «Levona»)- νυν δεύτερη των καθ᾽ ων,** η οποία συστάθηκε σύμφωνα με τους νόμους των Βρετανικών Παρθένων Νήσων (British Virgin Islands).

Η **Murchinson** και η **Levona** ευθύς εξ αρχής δήλωσαν ότι δεν σκόπευαν να είναι μακροπρόθεσμοι επενδυτές (long-term investors), αλλά ήθελαν να αποχωρήσουν σύντομα με ένα

5

[EXHIBIT 1 - Page 63 of 99]

σημαντικό κέρδος πάνω από την επένδυσή τους. Για το λόγο αυτό άρχισαν διαπραγματεύσεις, οι οποίες έλαβαν χώρα κυρίως τον Ιανουάριο και Φεβρουάριο του 2022 και κατέληξαν στη σύναψη μίας Επιστολής Δεσμευτικής Προσφοράς (Binding Offer Letter, *εφεξής «BOL»)* μεταξύ της **Eletson Holdings**, της **Eletson Corporation**, της **Eletson Gas** και της **Levona** με ημερομηνία **22 Φεβρουαρίου 2022,** σύμφωνα με την οποία η μεν **Eletson Gas** θα πλήρωνε στη **Levona** είκοσι τρία εκατομμύρια δολάρια ΗΠΑ (23.000.000 $) (ή θα της έδινε δύο πλοία αντίστοιχης αξίας, και κατ' ακρίβεια τις μετοχές των ναυλωτριών των πλοίων γυμνών δύο πλοίων, ήτοι των SYMI II ENE και TELENDOS II ENE) και σε αντάλλαγμα αυτού η Levona θα μεταβίβαζε τα μερίδια (προνομιούχες μετοχές) που κατείχε στην **Eletson Gas**, ή σε νομικά πρόσωπα που η τελευταία θα υποδείκνυε. Παράλληλα, στο πλαίσιο της ίδιας συμφωνίας, η Levona θα έδινε ένα δάνειο αρχικά Δολαρίων ΗΠΑ 10 εκατομμυρίων, το οποίο αυξήθηκε σε Δολάρια ΗΠΑ 14 εκατομμύρια (από τα οποία τελικά χρησιμοποιήθηκαν τα Δολάρια ΗΠΑ 12,8 εκατομμύρια), ώστε να πληρώσει η Eletson Gas βραχυπρόθεσμες υποχρεώσεις της σε δανειστές. Το δάνειο αυτό θα αποπληρωνόταν εφάπαξ σε δύο (2) χρόνια.

Κατόπιν, των ανωτέρω, η Levona με βάση τους όρους του BOL και όπως κρίθηκε δυνάμει της από 29.09.2023 Διαιτητικής Απόφασης της Νέας Υόρκης (απόφαση διαιτησίας JAMS), όπως θα εκθέσουμε ευθύς κατωτέρω, δεν ήταν πια μέτοχος της εδώ **τρίτης** αιτούσας- Eletson Gas, ενώ η τελευταία υπέδειξε, κατά τα συμφωνηθέντα στο BOL, και κατέστησαν την **11.03.2022** προνομιούχοι μέτοχοι αυτής οι **αλλοδαπές Κυπριακές ναυτιλιακές εταιρείες, Fentalon Limited, Apargo Limited** και **Desimusco Trading Limited (*«Οι Νέοι Προνομιούχοι Μέτοχοι»*),** που υπέδειξε, κατά τα παραπάνω, η **ELETSON GAS.**

## A.4. Οι ισχυρισμοί της Levona ότι δεν είχε μεταβιβάσει τις μετοχές της Eletson Gas. - Η αντισυμβατική, κακόπιστη και αντίθετη στην καλή πίστη και τα χρηστά συναλλακτικά ήθη συμπεριφορά της Levona. – Η παραβίαση εκ μέρους της των όρων της Συμφωνίας LLC.

Ενώ, όμως, συνεχίζονταν οι συνεννοήσεις και οι διαδικασίες μεταξύ της πλευράς της Eletson και της Levona για την αλλαγή σημαίας των ως άνω δύο (2) πλοίων και τη μεταπώλησή τους σε τρίτους, η Levona -νυν δεύτερη των καθ` ων (περί τα μέσα Ιουλίου του 2022) άρχισε ξαφνικά να ισχυρίζεται ότι (ενώ πράγματι της είχαν μεταβιβαστεί οι μετοχές των ENE ΣΥΜΗ και ΤΕΛΕΝΔΟΣ ήδη από το Μάρτιο του 2022) δήθεν εκείνη δεν είχε μεταβιβάσει στην Eletson Gas τα προνομιούχα μερίδιά της στην Eletson Gas, και αυτό επειδή σύμφωνα με το BOL [βλ. ως άνω υπό **παρ. A.3.**], η Eletson Gas έπρεπε να είχε τηρήσει και κάποιες τυπικές διαδικασίες για την άσκηση ενός δικαιώματος προαιρέσεως (option) για την απόκτηση των εν λόγω προνομιούχων μεριδίων, κάτι το οποίο, σύμφωνα με τους ισχυρισμούς της Levona, δεν είχε συμβεί. Συνεπώς, η Levona άρχισε να ισχυρίζεται στο σημείο εκείνο ότι **ΚΑΙ** τα δύο πλοία της είχαν μεταβιβαστεί **ΚΑΙ** τις προνομιούχες μετοχές που κατείχε στην Eletson Gas δεν είχε μεταβιβάσει και άρα εξακολουθούσε η ίδια η νυν πέμπτη των καθών εταιρία να είναι η προνομιούχος μέτοχος της τελευταίας και εδώ τέταρτης εξ ημών των εναγουσών, Eletson Gas. Μάλιστα, η όλη κακόπιστη, αντισυμβατική και ποινικά κολάσιμη συμπεριφορά της Levona κατέστη πλέον εμφανέστατη, όταν επιχείρησε να πωλήσει και τα άλλα δώδεκα (12) πλοία του στόλου διαχειρίσεως της Eletson Gas στον κατά το ανωτέρω βασικό ανταγωνιστή της Eletson, την εταιρία Unigas. Ειδικότερα, με ένα Letter of Intent **(LOI)** που φέρεται να έχει υπογραφεί στις **15 Ιουλίου 2022,** μεταξύ της εταιρείας Unigas (η οποία είναι βασική ανταγωνίστρια της Eletson Gas, ως αναφέρθηκε ήδη) και της Eletson Gas, η οποία φέρεται να το έχει υπογράψει δια ενός εκπροσώπου της Levona (ο οποίος, ωστόσο, δεν είχε δικαίωμα να υπογράφει επ' ονόματι και για λογαριασμό της Eletson Gas) υποτίθεται ότι συμφωνήθηκε η πώληση και μεταβίβαση των άλλων δώδεκα (12) πλοίων στην εταιρία Unigas, **παραβιάζοντας έτσι η Levona τους όρους της LLCA** [βλ. ως άνω **υπό παρ.**

6

[EXHIBIT 1 - Page 64 of 99]



**Α.3.**], **καθόσον αφού η Levona έπαψε πλέον να είναι μέτοχος της Eletson Gas δεν είχε κανένα δικαίωμα βάσει της LLCA να συνάψει το Unigas LOI ή να ενεργήσει με άλλο τρόπο για λογαριασμό της,** προκαλώντας ταυτόχρονα με τη κακόπιστη, αντισυμβατική και αντίθετη στους κανόνες καλής πίστης και χρηστών συναλλακτικών ηθών συμπεριφορά της **ζημίες τόσο στην Eletson Gas όσο και στους Νέους Προνομιούχους Μετόχους.**

Η όλως αντισυμβατική, κακόπιστη και αντίθετη με την καλή πίστη και τα χρηστά ήθη συμπεριφορά της Levona είχε κατά βάση μία υποκείμενη αιτία: Το γεγονός ότι **οι αξίες των 12 υγραεριοφόρων πλοίων που παρέμεναν υπό την έλεγχο της Eletson Gas είχαν αρχίσει να ανεβαίνουν σημαντικά** ανάμεσα στο χρονικό σημείο που υπεγράφη το BOL (ήτοι 22 Φεβρουαρίου 2022) μέχρι και τη στιγμή που η Levona άλλαξε δραματικά τη στάση της (μέσα Ιουλίου 2022). Ο λόγος της αύξησης ήταν το (ιδιαίτερα κρίσιμο για την αγορά αερίου) γεωπολιτικό **γεγονός της εισβολής της Ρωσίας στα Ουκρανικά εδάφη** (που εντελώς συμπωματικά ξεκίνησε περί τα τέλη Φεβρουαρίου 2022, και κλιμακώθηκε τους επόμενους μήνες). Η προσπάθεια του δυτικού κόσμου να εξεύρει εναλλακτικές πήγες εξόρυξης και κυρίως μεταφοράς υγραερίου (όχι δηλαδή μέσω των ρωσικών αγωγών, αλλά μέσω πλοίων), **αύξησαν δραματικά τη ζήτηση για πλοία μεταφοράς υγραερίου, με αποτέλεσμα να εκτοξευτεί η εμπορική αξία πλοίων αυτού του τύπου.** Η Levona, λοιπόν, ως hedge fund με μοναδική επιδίωξη τα υπερκέρδη, αντί να αρκεστεί στην ήδη αυξανόμενη αξία των πλοίων ΣΥΜΗ και ΤΕΛΕΝΔΟΣ που ήλεγχε ήδη από την 11η Μαρτίου του 2022, **επιχείρησε παράνομα να καρπωθεί οφέλη και από τον υπόλοιπο στόλο της Eletson Gas (ήτοι τα λοιπά, ως άνω αναφέρθηκε, 12 πλοία).** Με άλλα λόγια δεν αρκούσε στη Levona το γεγονός ότι ενώ είχε μόλις επενδύσει 3 εκατομμύρια Δολάρια και θα έβγαζε με βάση τα συμβατικά έγγραφα τουλάχιστον 23 εκατομμύρια Δολάρια (!) από τα δύο πλοία, αλλά, με το που διαπίστωσε τις νέες προοπτικές της αγοράς επιχείρησε να υπερπολλαπλασιάσει τα κέρδη της (κατά δεκάδες επιπλέον εκατομμύρια), ισχυριζόμενη ότι της ανήκαν ακόμα τα προνομιούχα μερίδια και άρα είχε «να λαμβάνει» ως προνομιούχος μέτοχος και από την απόπειρα πώλησης των 12 πλοίων που είχαν απομείνει (!!!).

## II. Τα κρίσιμα πραγματικά γεγονότα

### Α. Η ανοιγείσα διαιτησία στη Νέα Υόρκη. - Η εκδοθείσα στη Νέα Υόρκη από 29.09.2023 Διαιτητική Απόφαση του Διαιτητικού Δικαστηρίου, αποτελούμενου από τον ε.τ. Δικαστή-Διαιτητή Ariel E. BELEN (εφεξής καλούμενη «η από 29.09.2023 Διαιτητική Απόφαση»).

**1.** Κατόπιν της ως άνω, αντισυμβατικής και καθ' όλα κακόπιστης συμπεριφοράς της Levona τόσο η μέτοχος της Eletson Gas και εδώ όγδοη των αιτουσών, **Eletson Holdings**, όσο και η θυγατρική αυτής και εδώ δεύτερη των αιτουσών, **Eletson Corporation**, υπεύθυνη για την παροχή υπηρεσιών διαχείρισης των πλοίων που ανήκουν στην Eletson Gas μέσω θυγατρικών της (οι αμοιβές διαχείρισης αποτελούν περιουσιακό στοιχείο της **Eletson Corporation** και υποχρέωση για την Eletson Gas ή τις αντίστοιχες θυγατρικές εταιρίες που αναλαμβάνουν τη δαπάνη) **προσέφυγαν σε διαιτησία** στη Νέα Υόρκη δυνάμει της από **29.07.2022** έγγραφης προσφυγής τους προς την **Levona**, στη βάση της διαιτητικής ρήτρας που περιήχετο στο συναφθέν «LLC Agreement» [**άρθρο 12.14 (α) στη σελ. 69** της «Τρίτης Τροποποίησης και Αναδιατύπωσης Εταιρικής Συμφωνίας Εταιρείας Περιορισμένης Ευθύνης για την Eletson Gas LLC» με ημερομηνία **16 Αυγούστου 2019 (Συμφωνία LLC)**], ώστε να λυθεί η διαφορά μεταξύ αυτών και της **«Levona»** ως προς το αν είχαν μεταβιβαστεί στην Eletson Gas ή σε εταιρίες που αυτή θα υποδείκνυε (και είχε ήδη υποδείξει) το μερίδια/μετοχές και δη οι προνομιούχες μετοχές (μερίδια/units) της που κατείχε η Levona στην Eletson Gas καθώς και συναφείς εταιρικές διαφορές που απέρρεαν από το «LLC Agreement» (LLCA).

[EXHIBIT 1 - Page 65 of 99]




Πιο συγκεκριμένα, με την ως άνω προσφυγή τους, οι προσφεύγουσες (ELETSON HOLDINGS και ELETSON CORPORATION) ζητούσαν να αναγνωριστεί ότι η Levona **είχε παραβιάσει τους όρους της LLCA,** καθώς και τους **κανόνες της καλής πίστης και των χρηστών συναλλακτικών ηθών,** αφού **η καθ' ης η προσφυγή, Levona, είχε πάψει να είναι μέτοχος της Eletson Gas,** κατόπιν της ασκήσεως εκ μέρους της Eletson του Δικαιώματος Προαίρεσης για την Εξαγορά των Προνομιούχων Μετοχών της καθ' ης (Levona) στην Eletson Gas σύμφωνα με τους όρους του συναφθέντος BOL και δη κατόπιν της μεταβίβασης στην Levona των μετοχών που κατείχε η **Eletson Gas** στις πλοιοκτήτριες εταιρείες των MT ΣΥΜΗ και MT ΤΕΛΕΝΔΟΣ αξίας $23.000.000, δυνάμει της οποίας (μεταβίβασης) εξαγόρασε τις προνομιούχες μετοχές της Levona και καθ' υπόδειξη της Eletson Gas κατέστησαν Νέοι Προνομιούχοι Μέτοχοι αυτής οι αλλοδαπές ναυτιλιακές εταιρείες, Fentalon Limited, Apargo Limited και Desimusco Trading Limited.

**Συνεπώς, τούτων δεδομένων, οι ως άνω προσφεύγουσες εταιρίες** (ELETSON HOLDINGS και ELETSON CORPORATION) **διατείνονταν ότι η Levona** δεν είχε κανένα δικαίωμα βάσει της LLCA να συνάψει το Unigas LOI ή να ενεργήσει με οιονδήποτε άλλο τρόπο για λογαριασμό της Eletson Gas, περαιτέρω δε ότι οι ενέργειες στις οποίες προχώρησε είχαν ως αποτέλεσμα την περιουσιακή ζημία της ίδιας της Eletson Gas, καθώς και των Νέων Προνομιούχων Μετόχων αυτής, Fentalon Limited, Apargo Limited, και Desimusco Trading Limited, την αποκατάσταση της οποίας (ζημίας) αιτούνταν δια της ως άνω προσφυγής τους.

Το εν λόγω Διαιτητικό Δικαστήριο, αποτελούμενο από τον ε.τ. Δικαστή-μοναδικό Διαιτητή, κο Ariel E. Belen, αφού ερεύνησε την υπόθεση, τηρώντας απαρέγκλιτα την αρχή της ισότητας και της εκατέρωθεν ακροάσεως, κάλεσε τα μέρη να παραστούν κατά την ακροαματική διαδικασία, και αφού έλαβε υπόψη του τα προσκομισθέντα αποδεικτικά μέσα και άκουσε τους πληρεξούσιους δικηγόρους και των δύο πλευρών, καθώς και τις μαρτυρικές καταθέσεις που δόθηκαν κατά τη συζήτηση, η οποία έλαβε χώρα στις 15, 16, 18, 19, 22, 23 και 24 Μαΐου 2023, εξέδωσε την από 29.09.2023 οριστική και τελεσίδικη απόφασή του, η οποία δημοσιεύθηκε στη Νέα Υόρκη των Ηνωμένων Πολιτειών Αμερικής (Η.Π.Α.), ήτοι στον τόπο που είχε συμφωνηθεί ως έδρα της διαιτησίας.

Σύμφωνα με την εν λόγω απόφαση, το Διαιτητικό Δικαστήριο αποφάσισε **αφενός** ότι η **Eletson άσκησε το δικαίωμα προαίρεσης σύμφωνα με τους όρους του BOL,** **αφετέρου έκρινε επί των αξιώσεων** των ως άνω προσφευγουσών και ότι πράγματι η Levona **είχε παραβιάσει τους όρους της LLCA, καθώς και ότι η ίδια μαζί με τις συνδεδεμένες με αυτήν νομικές οντότητες, «Pach Shemen» και «Murchinson»** - εδώ **πρώτη** και **τρίτη** των καθ' ων, αντίστοιχα, είχαν παραβιάσει τους **κανόνες της καλής πίστης και των χρηστών συναλλακτικών ηθών,** προκαλώντας ποσοτικά μετρήσιμη ζημία στην Eletson Gas αλλά και στους Νέους Προνομιούχους Μετόχους της.

Σύμφωνα με το διατακτικό της εν λόγω απόφασης, το Διαιτητικό Δικαστήριο έκρινε θετικώς επί της Προσφυγής των **ELETSON HOLDINGS** και **ELETSON CORPORATION**[2] και αφού απέρριψε τους ισχυρισμούς και αιτήματα αλλά και τις αξιώσεις της Levona στην ασκηθείσα υπ' αυτής Διαιτητική Ανταγωγή, αποφάσισε τα ακόλουθα (*έμφαση προστεθείσα*):

### *«VIII. ΣΥΜΠΕΡΑΣΜΑ ΚΑΙ ΟΡΙΣΤΙΚΗ ΔΙΑΙΤΗΤΙΚΗ ΑΠΟΦΑΣΗ»*

*Η παρούσα Οριστική Διαιτητική Απόφαση επιλύει όλα τα ζητήματα που υποβλήθηκαν για κρίση στην παρούσα διαιτησία. Ο υπογράφων εξέτασε και αποφάσισε σχετικά με όλα τα ζητήματα και*

---

[2] Σημειώνεται ότι στην από 29.09.2023 Διαιτητική Απόφαση όπου αναφέρεται **«ELETSON» ή «Ενάγουσες»** εννοείται η **«ELETSON HOLDINGS»** και η **«ELETSON CORPORATION»**, θυγατρική της πρώτης, που τυγχάνουν και οι εδώ όγδοη και δεύτερη των αιτουσών, και όπου αναφέρεται **«Εταιρεία»** εννοείται η **«Eletson Gas» - εδώ τρίτη των αιτουσών**.

[EXHIBIT 1 - Page 66 of 99]

**)lc**

τα επιχειρήματα που ανέκυψαν σχετικά με την ουσία των αξιώσεων και ανταξιώσεων, των αιτημάτων σχετικά με το ποσό της αμοιβής των δικηγόρων των Εναγόντων, των εξόδων, των δαπανών και των τόκων υπερημερίας, συμπεριλαμβανομένων εκείνων που δεν αναφέρονται ρητά στην παρούσα. Κάθε επιχείρημα που δεν εξετάζεται στην παρούσα Ενδιάμεση Απόφαση κρίθηκε ως απαράδεκτο, αβάσιμο, ανούσιο ή περιττό να εξεταστεί.

Η παρούσα Οριστική Διαιτητική Απόφαση κρίνει και ορίζει τα εξής:

1. Οι Ενάγοντες απέδειξαν την παραβίαση της LLCA και του κανόνα καλής πίστης και συναλλακτικών ηθών και απέδειξαν ότι η Eletson άσκησε το δικαίωμα προαίρεσης αγοράς σύμφωνα με το BOL, και ως εκ τούτου δικαιούται την έκδοση αναγνωριστικής απόφασης, αποζημίωση για θετική ζημία, ποινική αποζημίωση, τόκους υπερημερίας και αμοιβές δικηγόρων, όπως ορίζεται κατωτέρω.

2. Η Εναγόμενη δεν απέδειξε καμία από τις ανταξιώσεις της, οι οποίες (συνεπώς) απορρίπτονται.

Η Καθ`ου δε δικαιούται να διεκδικήσει τίποτα από τους Ενάγοντες.

## «Α. *Αναγνωριστική απόφαση*

Δια της παρούσας αναγνωρίζονται τα εξής:

**1.** Η Eletson άσκησε ουσιαστικά το δικαίωμα εξαγοράς που παραχωρήθηκε μέσω του BOL με ημερομηνία 22 Φεβρουαρίου 2022 στις 11 Μαρτίου 2022, και κάθε υποτιθέμενη προϋπόθεση για την άσκηση του εν λόγω δικαιώματος είτε ικανοποιήθηκε είτε άρθηκε.

**2. Από τις 11 Μαρτίου 2022, η Καθ`ής Levona δεν είχε κανένα δικαίωμα συμμετοχής στην εταιρεία Eletson Gas.**

**3.** Η Εταιρεία άσκησε τα δικαιώματά της βάσει του BOL για να ορίσει τρεις οντότητες –τις Fentalon, Apargo και Desimusco (οι Προνομιούχοι Μέτοχοι)- που συνδέονται με τους εντολείς των Εναγόντων, ως τα μέρη που θα λάβουν τις προνομιούχες μετοχές της Εταιρείας, τις οποίες προηγουμένως κατείχε η Levona.

**4.** Οι προνομιούχες μετοχές στην Εταιρεία μεταβιβάστηκαν στους Προνομιούχους Μετόχους, με ισχύ από τις 11 Μαρτίου 2022, και οι Προνομιούχοι Μέτοχοι είναι επιτρεπόμενοι εκδοχείς σύμφωνα με την LLCA. Έχουν συμφωνήσει να δεσμεύονται από την παρούσα Απόφαση και από κάθε Απόφαση που εκδίδεται επ' αυτής.

**5.** H Eletson Holdings και η Eletson Corporation δεν κατείχαν ποτέ καμία από τις προνομιούχες μετοχές της εταιρείας.

**6. Οι μετοχές των θυγατρικών που ελέγχουν τα πλοία Symi και Telendos μεταβιβάστηκαν στη Levona από τις 11 Μαρτίου 2022 ως Αντάλλαγμα για το Δικαίωμα Προαίρεσης Αγοράς σε σχέση με το BOL.** Από τις 11 Μαρτίου 2022, η Levona διατηρεί όλα τα δικαιώματα που σχετίζονται με την ιδιοκτησία των θυγατρικών των εν λόγω πλοίων.

**7.** Η Απόφαση Ασφαλιστικών Μέτρων θα παραμείνει σε ισχύ έως ότου εκδοθεί οριστική δικαστική απόφαση επί οποιασδήποτε Διαιτητικής Απόφασης ή οποιασδήποτε άλλης απόφασης του εν λόγω Διαιτητή.

**8. Οι Levona, Murchinson και Pach Shemen, είναι η καθεμία alter ego της άλλης όσον αφορά κάθε γεγονός που αποδεικνύεται στην παρούσα υπόθεση και κάθε είδος αποζημίωσης που χορηγείται στο πλαίσιο της παρούσας. Οποιαδήποτε αναφορά στη Levona στο παρόν αφορά συνεπώς όλα τα alter ego και προς αποφυγή αμφιβολιών, οποιεσδήποτε αποφάσεις κατά της Levona αφορούν επίσης κάθε alter ego αυτής.**

**9.** Η **Levona** παραβίασε την **LLCA** και τις συναφείς υποχρεώσεις της, συμπεριλαμβανομένων, χωρίς περιορισμό, των υποχρεώσεων του κοινοδικαίου και των

9

[EXHIBIT 1 - Page 67 of 99]



συμβατικών υποχρεώσεων προς τους Ενάγοντες και την Εταιρεία, τουλάχιστον **με τους ακόλουθους τρόπους:**

*i.* Δωροδοκώντας έναν υπάλληλο της Eletson Corporation και εκπρόσωπο της Εταιρείας, τον Πήτερ Κανέλο, με αποτέλεσμα αυτός να αποκαλύψει εμπιστευτικές πληροφορίες της Εταιρείας,
*ii.* Παραβιάζοντας τις υποχρεώσεις εμπιστευτικότητας αποκαλύπτοντας εμπιστευτικές πληροφορίες της Εταιρείας σε τρίτους, παραλείποντας να λάβει μέτρα για την ανάκτηση των πληροφοριών αυτών, και στη συνέχεια εξαπατώντας τους Ενάγοντες και την Εταιρεία σχετικά με τις εν λόγω παραβιάσεις αφού έγινε μέτοχος της Εταιρείας,
*iii.* Συμμετέχοντας ενεργά σε παράνομη συμπεριφορά, πράγμα που ώθησε τους χρηματοδότες της Εταιρείας να στραφούν κατά της Εταιρείας και των Εναγόντων, μεταξύ άλλων, χωρίς περιορισμό, προκαλώντας την κατάσχεση πέντε πλοίων της Εταιρείας και μη γνωστοποιώντας την παραβατική αυτή συμπεριφορά στην Eletson ή στην Εταιρεία αφού έγινε μέτοχος της Εταιρείας,
*iv.* Μη αναγνωρίζοντας ότι η Eletson συμμορφώθηκε πλήρως με τους όρους του Δικαιώματος Αγοράς του BOL και μη ενεργώντας καλόπιστα, αποσιωπώντας την υποτιθέμενη πεποίθησή της ότι η Εταιρεία θα μπορούσε ή ενδέχεται να μην εκπληρώσει τους όρους του BOL,
*v.* Ισχυριζόμενη ότι ενεργεί εκ μέρους της Εταιρείας στις επιχειρηματικές της συναλλαγές με τρίτους, μεταξύ άλλων επιχειρώντας να πουλήσει τα περιουσιακά στοιχεία της Εταιρείας στον κύριο ανταγωνιστή της, την Unigas, και αποκρύπτοντας την εν λόγω παράβαση από τους Ενάγοντες,
*vi.* Απειλώντας αθέμιτα Eletson και τους συνδεδεμένους αξιωματούχους και διευθυντές, μεταξύ άλλων ασκώντας αγωγές εναντίον τους,
*vii.* Ισχυριζόμενη αθέμιτα ότι κατέλαβε τον έλεγχο του διοικητικού συμβουλίου της Εταιρείας μετά τις 11 Μαρτίου 2022,
*viii.* Ισχυριζόμενη αθέμιτα ότι διευθύνει τις καθημερινές δραστηριότητες της Εταιρείας μετά τις 11 Μαρτίου 2022,
*ix.* Ισχυριζόμενη αθέμιτα ότι διεκδικεί τον έλεγχο των περιουσιακών στοιχείων της Εταιρείας μετά τις 11 Μαρτίου 2022,
*x.* Ισχυριζόμενη αθέμιτα ότι συγκάλεσε και πραγματοποίησε συνεδριάσεις του Διοικητικού Συμβουλίου της Εταιρείας χωρίς να ακολουθήσει τις κατάλληλες διαδικασίες και για παράνομους και αθέμιτους σκοπούς έγκρισης παράνομης και ανάρμοστης συμπεριφοράς μετά τις 11 Μαρτίου 2022,
*xi.* Παραβιάζοντας τις υποχρεώσεις της σύμφωνα με την LLCA, μεταξύ άλλων, χωρίς περιορισμό, ισχυριζόμενη ότι καταγγέλλει τις συμφωνίες διαχείρισης που έχει η Eletson Corporation με τις θυγατρικές της Εταιρείας, ότι τροποποιεί τη διοίκηση των θυγατρικών της Εταιρείας, **αποκλείοντας την Eletson Corporation από την επικοινωνία με τους χρηματοδότες της Εταιρείας, (παραβιάσεις) οι οποίες η Levona γνώριζε ότι ήταν αντισυμβατικές και παραβίαζαν την LLCA** και
*10.* Παραβιάζοντας την Απόφαση Ασφαλιστικών Μέτρων της παρούσας διαιτησίας:
*i.* Κηρύττοντας αθέμιτα την Εταιρεία σε αδυναμία πληρωμής του δανείου από τη Levona και καταγγέλλοντας αθέμιτα το δάνειο,

*ii.* Προσπαθώντας να πωλήσει πλοία, συμπεριλαμβανομένων των πλοίων Symi και Telendos, ενόσω ίσχυε η Απόφαση Ασφαλιστικών Μέτρων, και

*iii.* Καθοδηγώντας και/ή προκαλώντας την αγορά από τις θυγατρικές της Levona μιας πλειοψηφικής μερίδας σε τίτλους της Eletson Holdings τον Ιανουάριο του 2023 για να εκκινήσει και στη συνέχεια να προκαλέσει τη δίκη κατά της Eletson Holdings και την υποβολή αίτησης για ακούσια πτώχευση κατά της Eletson Holdings.

10

[EXHIBIT 1 - Page 68 of 99]

**2. Ακολούθως, η ίδια ως άνω από 29.09.2023 Διαιτητική Απόφαση του ε.τ. Δικαστή-Διαιτητή Ariel E. BELEN αναγνώρισε την υποχρέωση των εδώ καθ' ων εταιρειών και δη των πρώτης έως και τρίτης αυτών (ήτοι των εταιριών Levona, Pach Shemen και Murchinson αντίστοιχα) να καταβάλουν, ευθυνόμενες από κοινού και εις ολόκληρον, στις ως άνω αναφερόμενες εταιρείες τα σε αυτήν αναφερόμενα ποσά ως: α) αποζημίωση για θετική ζημία και β) ποινική αποζημίωση, πλέον γ) αμοιβών δικηγόρων, εξόδων, δαπανών και πρόσθετων τόκων και ειδικότερα αναγνώρισε ότι οι εταιρίες Levona, Murchinson και Pach Shemen [πρώτη ως και τρίτη των καθ' ων], ως alter-egos, από κοινού και εις ολόκληρον,οφείλουν να καταβάλουν:**

### α) Ως Αποζημίωση για θετική ζημία

Ποσό 43.455.122,21 δολαρίων, κατά τα ειδικότερα σ' αυτήν αναφερόμενα.

### β) Ως Ποινική Αποζημίωση

Συνολικό ποσό 43.455.122,21 δολαρίων, κατά τα ειδικότερα σ' αυτήν αναφερόμενα.

### γ) Για Αμοιβές δικηγόρων, Έξοδα, Δαπάνες και Πρόσθετο Τόκο

Μεταξύ άλλων: (i) Αμοιβές δικηγόρων, έξοδα και δαπάνες που οφείλονται σε σχέση με την διαιτησία που ανέρχονται σε \$9.590.222,99, (ii) Πρόσθετο ποσό ύψους \$22.366,10, το οποίο αντιπροσωπεύει πρόσθετα έξοδα της JAMS που προέκυψαν στο πλαίσιο της ανοιγείσας διαιτησίας, (iii) Αμοιβές δικηγόρων, έξοδα και δαπάνες που οφείλονται σε σχέση με την Πτώχευση και την Αγωγή των Ομολογιούχων ύψους \$3.007.266,20, (iv) Πρόσθετους τόκους υπερημερίας επί του κύριου ποσού της αποζημίωσης ως επιδικάστηκε από τη Διορθωμένη Ενδιάμεση Διαιτητική Απόφαση μέχρι τις 31 Αυγούστου 2023, ύψους \$2.496.081,88, κατά τον ειδικότερο επιμερισμό του ανωτέρω ποσού στην Eletson Gas και τους Προνομιούχους Μετόχους.

**3.** Περαιτέρω, σημειώνεται ότι στις **28 Ιουλίου 2023**, το ίδιο ως Διαιτητικό Δικαστήριο, αποτελούμενο από τον Δικαστή ε.τ.-Διαιτητή Ariel E. Belen, εξέδωσε μία **Ενδιάμεση Διαιτητική Απόφαση** στο πλαίσιο της ως άνω ανοιγείσας διαιτησίας, η οποία διορθώθηκε από τον ίδιο Διαιτητή στις **15 Αυγούστου 2023** δυνάμει μίας **Διορθωμένης Ενδιάμεσης Διαιτητικής Απόφασης**, με την οποία διευκρίνισε ότι στην Ενότητα VII. B4 της διαιτητικής *απόφασης «Στις οντότητες που αναφέρονται στις παραγράφους υπό Β.1 και Β.2 αντιστοίχως επιδικάζονται επίσης τόκοι υπερημερίας επί του κύριου ποσού της αποζημίωσης της παραγράφου Β.1.».*

Η κρίσιμη από **29.09.2023 Οριστική Διαιτητική Απόφαση** υιοθετεί, ενσωματώνει και αναδημοσιεύει την **Διορθωμένη Ενδιάμεση Διαιτητική Απόφαση** στο σύνολό της, τροποποιώντας την Διορθωμένη Ενδιάμεση Διαιτητική Απόφαση μόνο στο βαθμό που είναι απαραίτητο για να γίνουν ορισμένες νοηματικές και υφολογικές αλλαγές, και για να ενσωματωθούν οι μεταγενέστερες αποφάσεις του υπογράφοντος διαιτητή σε σχέση με το αίτημα των Εναγόντων για επιδίκαση των εξόδων και των δικηγορικών αμοιβών. Η Ενότητα VII της Διορθωμένης Ενδιάμεσης Διαιτητικής Απόφασης με τίτλο *«Συμπέρασμα και Ενδιάμεση Διαιτητική Απόφαση»* δεν αναπαράγεται εντός της κρίσιμης από **29.09.2023 Οριστικής Διαιτητικής Απόφασης** για λόγους συντομίας και σαφήνειας, παρότι τα πορίσματα και τα νομικά συμπεράσματα της ενότητας εκείνης υιοθετούνται στο σύνολό τους στην **Ενότητα VIII της από 29.09.2023 Οριστικής Διαιτητικής Απόφασης με τίτλο** *«Συμπέρασμα και Οριστική Διαιτητική Απόφαση»[3].*

---

[3] Για λόγους πληρότητας και μόνο του ιστορικού, αναφέρουμε ότι την 19.10.2023 οι ως άνω Προσφεύγουσες, και εδώ όγδοη και τρίτη των αιτουσών, αντίστοιχα, ELETSON HOLDINGS και ELETSON CORPORATION, προσέφυγαν στο Περιφερειακό

11

[EXHIBIT 1 - Page 69 of 99]



**B.**

Κατόπιν, την **09.02.2024** ο Δικαστής LIMAN εξέδωσε απόφαση, δυνάμει της οποίας επικυρώθηκε σχεδόν στο σύνολό της, κατά τα διαλαμβανόμενα στην εν λόγω απόφαση, η ανωτέρω από 29.09.2023 Διαιτητική Απόφαση του Διαιτητικού Δικαστηρίου αποτελούμενου από τον Αξιότιμο Δικαστή ε.τ.-Διαιτητή Ariel E. BELEN.

Ειδικότερα, ο Δικαστής LIMAN επικύρωσε, μεταξύ άλλων, τα ακόλουθα:

**(α)** Ότι η Eletson άσκησε ουσιαστικά το δικαίωμα εξαγοράς που παραχωρήθηκε μέσω του BOL με ημερομηνία 22 Φεβρουαρίου 2022 στις 11 Μαρτίου 2022, και κάθε υποτιθέμενη προϋπόθεση για την άσκηση του εν λόγω δικαιώματος είτε ικανοποιήθηκε είτε άρθηκε.

**(β)** Ότι από τις 11 Μαρτίου 2022, η Καθ᾽ ής Levona δεν είχε κανένα δικαίωμα συμμετοχής στην εταιρεία Eletson Gas.

**(γ)** Ότι οι προνομιούχες μετοχές στην Eletson Gas μεταβιβάστηκαν στους Προνομιούχους Μετόχους, με ισχύ από τις 11 Μαρτίου 2022.

**(δ)** Το ποσό των \$43.455.122,21 που επιδίκασε ο Διαιτητής στην Eletson Gas και στους Προνομιούχους Μετόχους ως αποζημίωση για αποθετική ζημία

**(ε)** Το ποσό των \$43.455.122,21 που επιδίκασε ο Διαιτητής στην Eletson Gas και στους Προνομιούχους Μετόχους ως ποινική αποζημίωση.

**(στ)** Τα ποσά που επιδίκασε ο Διαιτητής για τις αμοιβές δικηγόρων, έξοδα και δαπάνες, με μόνη εξαίρεση τις επιδικασθείσες αμοιβές δικηγόρων, έξοδα και δαπάνες που σχετίζονται με την αίτηση ακούσιας πτώχευσης και τη δίκη ομολογιούχων, ύψους 3.007.266,20 δολαρίων.

Επίσης, παρόλο που ο Δικαστής Liman δεν επικύρωσε τις διατάξεις της διαιτητικής απόφασης που αφορούσαν στην Murchinson και στην Pach Shemen, κρίνοντας ότι ο Διαιτητής *«υπερέβη τις εξουσίες του επεκτείνοντας την απόφασή του και κατά των Murchinson και Pach Shemen, διότι δεν ήταν υπογράφοντες στη Συμφωνία LLCA ούτε μέρη της διαιτησίας»*, ο Δικαστής Liman δέχτηκε ότι αυτό *«δεν απαλλάσσει από μόνο του τη Levona από την ευθύνη για τον ρόλο της στις πράξεις αυτών των οντοτήτων»*.

Τέλος, ο Δικαστής δεν επικύρωσε μεν τις σχετικές διατάξεις του διατακτικού της διαιτητικής απόφασης και τις επιδικασθείσες αποζημιώσεις, που βασίζονται σε παραβιάσεις της διαταγής για την τήρηση του status quo, η οποία απαγόρευε στους διαδίκους να αλλάξουν την υφιστάμενη κατάσταση, στην οποία απαγόρευση ενέπιπτε κατά την διαιτητική απόφαση και η κατάθεση της αίτησης ακούσιας πτώχευσης της Eletson Holdings. Ωστόσο, όπως αναφέρεται αμέσως παρακάτω, η μη επικύρωση αυτή δεν επηρέασε διόλου τα ποσά που επιδίκασε εν τέλει ο άνω Διαιτητής ως αποζημίωση για αποθετική ζημία (ήτοι το ποσό των \$43.455.122,21) και ως ποινική αποζημίωση (ήτοι το ποσό των

---

Δικαστήριο των ΗΠΑ – Νότιας Περιφέρειας της Νέας Υόρκης, αιτούμενες όπως επικυρωθεί η ως άνω από 29.09.2023 Διαιτητική Απόφαση προκειμένου να εκτελείται αυτής στις ΗΠΑ, σύμφωνα με την εσωτερική νομοθεσία τους και δη σύμφωνα με τον ομοσπονδιακό νόμο περί διαιτησίας που διέπει την ερμηνεία και την εκτέλεση της εν λόγω διαδικασίας διαιτησίας στη Νέα Υόρκη, όπως προβλέπεται στο άρθρο 207 του Ομοσπονδιακού Νόμου περί Διαιτησίας (Federal Arbitration Act) κωδικοποιημένου ως 9 U.S.C. §§ 1-16. Σημειωτέον δε ότι η διαδικασία αυτή της επικύρωσης (confirmation) είναι καθαρά εσωτερική, αφορώσα τις ΗΠΑ και μόνον και δεν επηρεάζει την αναγνώριση της διαιτητικής απόφασης σε άλλα κράτη σύμφωνα με την από 10.06.1958 Σύμβαση της Νέας Υόρκης για την αναγνώριση και εκτέλεση αλλοδαπών διαιτητικών αποφάσεων, την οποία έχει κυρώσει η Ελλάδα με τον ν.4220/1961.

12

[EXHIBIT 1 - Page 70 of 99]



$43.455.122,21), καθώς και τους δικαιούχους αυτών (ήτοι την Eletson Gas και τους Προνομιούχους Μετόχους).

Παράλληλα, ο Δικαστής LIMAN ζήτησε από τα μέρη να καταθέσουν προτεινόμενη μορφή απόφασης (**Proposed Judgement**). Ενόψει του γεγονότος ότι ο Δικαστής LIMAN στην από 9 Φεβρουαρίου 2024 απόφασή του δεν επικύρωσε όλη την "*αποζημίωση, συμπεριλαμβανομένης της ποινικής αποζημίωσης* (punitive damages), *που βασίζεται σε παραβιάσεις Status Quo Injunction*", η Levona κατέθεσε προτεινόμενη μορφή απόφασης και πρότεινε να διαγραφεί όλο το ποσό που επιδικάστηκε ως ποινική αποζημίωση (ήτοι το ποσό των Δολ. ΗΠΑ 43.455.122,21), ενώ αντίθετα η πλευρά της Eletson (HOLDINGS και CORPORATION) ισχυρίστηκε ότι θα πρέπει να παραμείνει στο σύνολό της η ποινική αποζημίωση, διότι ο Δικαστής ε.τ.-Διαιτητής Ariel E. BELEN είχε πληθώρα άλλων λόγων να επιδικάσει αυτό το ποσό ποινικής αποζημίωσης και σε κάθε περίπτωση το ζήτημα του ποσοστού της ποινικής αποζημίωσης που θα έπρεπε να επικυρωθεί ήταν ζήτημα που μόνο ο ίδιος ο Διαιτητής είχε αρμοδιότητα να κρίνει.

**4.** Κατόπιν τούτου, ο Δικαστής LIMAN εξέδωσε στις **19 Απριλίου 2024** απόφαση, με την οποία ανέπεμψε στον Δικαστή ε.τ.-Διαιτητή Ariel E. BELEN το σχετικό ζήτημα, αιτούμενος διευκρινίσεις ως προς το αν μέρος του ποσού που επιδικάστηκε ως ποινική αποζημίωση αφορά τις παραβιάσεις του Status Quo Injunction, και σε περίπτωση θετικής απάντησης, τι ποσό αναλογεί στις παραβιάσεις αυτές.

**5.** Στις **9 Αυγούστου 2024** εκδόθηκε διευκρινιστική απόφαση από τον Δικαστή ε.τ.-**Διαιτητή Ariel E. BELEN** αναφορικά με το ζήτημα της αναπομπής, στην οποία **δέχτηκε ότι όλο το ποσό της ποινικής αποζημίωσης ($43.455.122,21 Δολάρια ΗΠΑ) πρέπει να επικυρωθεί**, καθώς έκρινε ότι κανένα μέρος του ποσού που είχε επιδικαστεί ως ποινική αποζημίωση δεν αντιστοιχούσε σε παραβιάσεις του Status Quo Injunction, και αυτό διότι ήταν πολλοί άλλοι οι παράγοντες που τον είχαν οδηγήσει να κρίνει ότι έπρεπε να επιδικάσει τόσο υψηλή ποινική αποζημίωση εις βάρος της Levona (νυν δεύτερης των καθ`ων).

Στο μεταξύ, η Levona, βασιζόμενη σε ισχυρισμούς περί τέλεσης δήθεν απάτης εκ μέρους της Eletson, κατέθεσε στις 3 Ιουλίου 2024 ενώπιον του Δικαστή LIMAN αίτηση για να τροποποιήσει την αντίκρουσή της κατά της αίτησης της Eletson (ήτοι των ELETSON HOLDINGS και ELETSON CORPORATION) για επικύρωση της διαιτητικής απόφασης και της ανταίτησης για ακύρωση της διαιτητικής απόφασης. Η Levona στήριξε τους ισχυρισμούς της περί της δήθεν τέλεσης απάτης, επικαλούμενη ότι ορισμένα έγγραφα δήθεν έπρεπε να είχαν δοθεί στη διαιτησία στο πλαίσιο της προσαγωγής εγγράφων (discovery) και δεν δόθηκαν.

Κατόπιν τούτου, ο Δικαστής LIMAN εξέδωσε απόφαση στις 6 Σεπτεμβρίου 2024, με την οποία επέτρεψε στη Levona να τροποποιήσει την αντίκρουσή της κατά της αίτησης για επικύρωση της διαιτητικής απόφασης και επέτρεψε την προσαγωγή εγγράφων (discovery) αναφορικά με το ζήτημα περί δήθεν τέλεσης απάτης στο πλαίσιο της Διαιτησίας.

Στη συνέχεια διαμορφώθηκε ένα πρόγραμμα διαχείρισης της υπόθεσης (*case management plan*), το οποίο καθόριζε ποιες ενέργειες θα ακολουθούσαν και εντός ποιων προθεσμιών.

**6.** Στις **25 Οκτωβρίου 2024**, εκδόθηκαν δύο **τελικές αποφάσεις** από το Πτωχευτικό Δικαστήριο των Η.Π.Α. - Νότιας Περιφέρειας της Νέας Υόρκης επί της ανοιγείσας ενώπιόν του διαδικασίας σε βάρος της Εταιρείας και εδώ όγδοης αιτούσας (Ιδ. αναλυτικά αμέσως κατωτέρω **υπό III.Α.),** με τις οποίες απορρίφθηκαν οι ενστάσεις των οφειλετών κατά των αξιώσεων ορισμένων φερόμενων ως πιστωτών και **εγκρίθηκε το τροποποιημένο σχέδιο αναδιάρθρωσης που είχαν προτείνει οι Πιστωτές** (*εφεξής το «Τροποποιημένο Σχέδιο Αναδιάρθρωσης των Πιστωτών»*) **αναφορικά με την Πτώχευση της** εδώ όγδοης αιτούσας **ELETSON HOLDINGS.**

[EXHIBIT 1 - Page 71 of 99]



**Ενόψει των δύο αυτών αποφάσεων του Πτωχευτικού Δικαστηρίου, και δεδομένου ότι η διαχείριση της ELETSON HOLDINGS, όπως και της θυγατρικής της, ELETSON CORPORATION, των δυο εταιριών δηλαδή, που ήταν μέρη της Διαιτησίας και της διαδικασίας επικύρωσης της διαιτητικής απόφασης, αναμενόταν να περάσει στους φερόμενους ως Πιστωτές (δηλαδή κατά βάση στις εταιρίες Pach Shemen, Levona, Murchinson-νυν πρώτη έως και τρίτη των καθ`ων αντίστοιχα), εάν αναγνωριστούν - εφαρμοστούν αυτές (οι αποφάσεις) στη Λιβερία και στην Ελλάδα, η Levona κατέθεσε επιστολή ενώπιον του Δικαστή Liman με το οποίο Ζήτησε αναστολή της διαδικασίας επικύρωσης της από 29.09.2023 Διαιτητικής Απόφασης.**

Αν και η πλευρά της Eletson απάντησε στα διαλαμβανόμενα στην άνω επιστολή, με πειστικά επιχειρήματα, στις 30 Οκτωβρίου 2024, ο Δικαστής LIMAN εξέδωσε στις **31 Οκτωβρίου 2024** απόφαση με την οποία **ανέστειλε μέχρι τις 12 Νοεμβρίου 2024 τη διαδικασία επικύρωσης της διαιτητικής απόφασης.**

Στις 25 Νοεμβρίου 2024, ο Δικαστής Liman διέταξε την πλήρη αναστολή των διαδικασιών, συμπεριλαμβανομένης της κατάθεσης αιτημάτων για παρέμβαση, την προσαγωγή εγγράφων (discovery) και όλων των εκκρεμών αιτημάτων και αιτήσεων που αφορούσαν την προσαγωγή εγγράφων.

Στις 20.12.2024, η Levona αιτήθηκε με επιστολή που έστειλε στον Δικαστή Liman τη διεξαγωγή status conference με σκοπό την άρση της αναστολής που είχε χορηγηθεί στις 25.11.2024.

Στις 23.12.2024 έλαβε χώρα status conference ενώπιον του Δικαστή Liman και με την από 30.12.2024 απόφασή του ο Δικαστής Liman διέταξε την άρση της αναστολής της διαδικασίας επικύρωσης της διαιτητικής απόφασης για όλα τα ζητήματα, εκτός από το ζήτημα της προσαγωγής εγγράφων (discovery) αναφορικά με την αίτηση της Levona για ακύρωση της διαιτητικής απόφασης λόγω απάτης. Το ζήτημα της προσαγωγής εγγράφων παραμένει σε αναστολή μέχρι νεότερη διάταξη του Δικαστηρίου.

Η εσωτερική αυτή, ως έχει αναφερθεί ήδη, αφορώσα αποκλειστικά και μόνο τις ΗΠΑ, διαδικασία επικύρωσης της **από 29.09.2023 Διαιτητικής Απόφασης σύμφωνα με τον ομοσπονδιακό νόμο περί διαιτησίας που διέπει την ερμηνεία και την εκτέλεση της εν λόγω διαδικασίας διαιτησίας στη Νέα Υόρκη εκκρεμεί ακόμη ενώπιον του Δικαστή LIMAN.**

**Σημειώνεται, ότι τόσο η εδώ τρίτη αιτούσα, «ELETSON GAS» όσο και οι Νέοι Προνομιούχοι Μέτοχοι αυτής, αλλοδαπές Κυπριακές ναυτιλιακές εταιρείες, Fentalon Limited, Apargo Limited** και **Desimusco Trading Limited, έχουν ασκήσει ενώπιον του Μονομελούς Πρωτοδικείου Πειραιά** την από 27.11.2024 με Γ.Α.Κ. 18551/2024 και Ε.Α.Κ. 8368/2024 αίτησή τους κατά των καθ' ων η διαιτητική απόφαση, , «Pach Shemen LLC», «Levona Holdings Ltd.» και «Murchinson Ltd», ήτοι κατά των εδώ πρώτης έως και τρίτης των αντιδίκων, αιτούμενες την αναγνώριση της εν λόγω από 29.09.2023 διαιτητικής απόφασης και της κήρυξης αυτής εκτελεστής στην Ελλάδα. Δικάσιμος της ως άνω από 27.11.2024 αίτησης, ορίστηκε η 03.06.2025.

### Γ. Η κακόπιστη μεθόδευση αίτησης πτωχεύσεως της ELETSON HOLDINGS από την αντίδικό της στην Διαιτησία, εταιρία Levona και τις λοιπές, συνδεδεμένες με αυτήν, εταιρίες.

Οι Murchinson και η Levona, νυν τρίτη και δεύτερη των καθ`ων αντίστοιχα (αποτελούσες ένα και το αυτό), όταν αντελήφθησαν ότι αυξάνοταν το ενδεχόμενο να ηττηθούν στην ανοιγείσα ως άνω διαιτησία, όπερ και εγένετο ως άνω με την από 29.09.2023 Διαιτητική Απόφαση, έθεσαν σε εφαρμογή ένα σχέδιο για να εμποδίσουν καταρχάς την **έκδοση** της ανωτέρω Διαιτητικής Απόφασης δια της καταθέσεως αιτήσεως περί κήρυξης της ELETSON HOLDINGS σε **ακούσια πτώχευση**. Ειδικότερα, η Levona, ενεργώντας μέσω μιας άλλης συνδεδεμένης (κατ' ακριβεία απολύτως ιδίων συμφερόντων) με

14

αυτή εταιρίας ειδικού σκοπού (special purpose vehicle), ήτοι της εδώ πρώτης των καθ`ων, **Pach Shemen LLC** (την οποία μάλιστα σε ορισμένες αλληλογραφίες που προέκυψαν κατά την προσαγωγή εγγράφων (discovery) αποκαλούσαν Levona II), αγόρασε παλαιές ομολογίες που είχε εκδώσει η ELETSON HOLDINGS και είχαν αποπληρωθεί σε μεγάλο μέρος με πώληση όλων των πλοίων που εξασφάλιζαν τις ομολογίες αυτές και ακολούθως η εδώ πρώτη των καθών, **Pach Shemen LLC,** υπέβαλε στις 7.3.2023 **αίτηση για ακούσια πτώχευση της ELETSON HOLDINGS (σύμφωνα με το κεφάλαιο 7 (chapter 7) του Αμερικανικού Πτωχευτικού Κώδικα).** Δεδομένου ότι απαραίτητη προϋπόθεση για την κατάθεση **ακούσιας αίτησης πτώχευσης** ενώπιον του Αμερικανικού Πτωχευτικού Δικαστηρίου είναι αυτή να κατατίθεται από τρεις πιστωτές, συναιτούντες με την την εδώ πρώτη των εναγομενών **Pach Shemen** ήταν δύο ακόμα εταιρείες, οι **VR Global** και **Alpine Partners,** οι οποίες επίσης είχαν αγοράσει, ομόλογα που είχε εκδώσει η ELETSON HOLDINGS. Είναι αξιοσημείωτο ότι η Pach Shemen εμφανίστηκε ως πιστωτής-ομολογιούχος της ELETSON HOLDINGS κάνοντας παράνομη συμφωνία να αγοράσει από τους παλαιούς ομολογιούχους, ομόλογα ονομαστικής αξίας περίπου Δολ. ΗΠΑ 183 εκατομμυρίων για το εξευτελιστικό τίμημα των περίπου Δολ. ΗΠΑ 2 εκατομμυρίων (συν κάποιες πρόσθετες αποδόσεις εάν έβγαινε κερδισμένη από τη Διαιτησία). **Δηλαδή η Levona μέσω του alter ego της Pach Shemen LLC ξόδεψε μόλις Δολ. ΗΠΑ 2 εκατομμύρια δολάρια αλλά επεδίωκε την αποπληρωμή Δολ. ΗΠΑ 183 εκ. και υπέβαλε αίτηση πτώχευσης κατά της αντιδίκου της στη ήδη κατά το χρόνο εκείνο εκκρεμούσα Διαιτησία ELETSON HOLDINGS (!).**

Η υποβολή της εν λόγω αιτήσεως έχει ως αποτέλεσμα, κατά το αμερικανικό (ομοσπονδιακό) πτωχευτικό δίκαιο, την αυτόματη αναστολή (automatic stay) όλων των δικών και διαιτησιών (ατομικών διώξεων), και γι' αυτό **σταμάτησε η κατά το χρόνο εκείνο ανωτέρω ανοιγείσα διαιτησία.** Όμως μετά την έντονη αντίδραση της ELETSON HOLDINGS, που επεδίωκε να συνεχιστεί η διαιτησία, αναγκάστηκε η πλευρά της Pach Shemen /Levona /Murchinson να έρθει σε μία συμφωνία που μετατράπηκε σε δικαστική απόφαση (Stipulation & Order) και έτσι το Πτωχευτικό Δικαστήριο των Η.Π.Α. εξέδωσε απόφαση στις 17.04.2023 και επέτρεψε να συνεχιστεί η εν λόγω διαιτησία. Η ακροαματική διαδικασία της Διαιτησίας διήρκεσε περί τις δυο εβδομάδες μέσα στο Μάιο του 2023 με εξέταση σειράς μαρτύρων και από τις δύο πλευρές και εν συνεχεία εκδόθηκε στη Νέα Υόρκη η από 29.09.2023 Διαιτητική Απόφαση του Διαιτητικού Δικαστηρίου αποτελούμενο από τον ε.τ. Δικαστή-Διαιτητή Ariel E. BELEN, ως προελέχθη αναλυτικά ανωτέρω **υπό Α.4.**

Καθώς, ωστόσο, συνεχιζόταν ενώπιον του Πτωχευτικού Δικαστηρίου η κατά τα ανωτέρω ακούσια διαδικασία πτώχευσης της «ELETSON HOLDINGS» και των υπόλοιπων δύο (2) εταιριών συμφερόντων της, Agathonisos Finance LLC και Eletson Finance (US) LLC., δεδομένων των ισχυουσών τότε συνθηκών, των συνεχών πιέσεων που δεχόταν από την αντίδικο πλευρά (Levona), η οποία με συνεχή τεχνάσματα παρακώλυε την εξέλιξη της Διαιτησίας και προκειμένου η ELETSON HOLDINGS να έχει τον έλεγχο της περιουσίας της, τουλάχιστον μέχρι να εκδοθεί η αναμενόμενη διαιτητική απόφαση, στις 9 Σεπτεμβρίου 2023, κατόπιν συμφωνίας των μερών που επικυρώθηκε από το Πτωχευτικό Δικαστήριο, έγινε τροπή της **ακούσιας** διαδικασίας πτώχευσης (με βάση το κεφάλαιο (chapter) **7** του Αμερικανικού Πτωχευτικού Κώδικα) σε **εκούσια** διαδικασία πτώχευσης (αναδιάρθρωσης) (με βάση το κεφάλαιο (chapter) **11** του Αμερικανικού Πτωχευτικού Κώδικα). Δηλαδή, η υπαγωγή σε διαδικασία της εκούσιας αναδιάρθρωσης (chapter 11) στην προκειμένη περίπτωση έγινε κατ' ανάγκη και λόγω των επικρατουσών συνθηκών, ήτοι ουσιαστικά αναγκαστικά και όχι εκουσίως.

Ακολούθως, και κατόπιν κακόπιστων μεθοδεύσεων της Levona και των συν αυτής εταιριών, Murchinson/Pach Shemen, εκδόθηκαν την **25.10.2024** από το Πτωχευτικό Δικαστήριο της Νέας Υόρκης, αποτελούμενο από τον Δικαστή John P. MASTANDO, δύο αποφάσεις, με τις οποίες

15

[EXHIBIT 1 - Page 73 of 99]



απορρίφθηκαν οι ενστάσεις των φερομένων ως οφειλετών (ELETSON HOLDINGS, Agathonisos Finance LLC και Eletson Finance (US) LLC) κατά των αξιώσεων ορισμένων φερόμενων ως πιστωτών (από τους Pach Shemen LLC, VR Global Partners L.P., Alpine Partners L.P.) και εγκρίθηκε το Τροποποιημένο Σχέδιο Αναδιάρθρωσης των Πιστωτών.

Μόλις δε την **04.11.2024** εκδόθηκε η **Διάταξη** του Πτωχευτικού Δικαστηρίου της Νέας Υόρκης, αποτελούμενο από τον Δικαστή John P. MASTANDO, με την οποία επικυρώνεται η ως άνω απόφαση εκούσιας Πτώχευσης (αναδιάρθρωσης) (Chapter 11) της ELETSON HOLDINGS και των λοιπών εταιριών (Agathonisos Finance LLC και Eletson Finance (US) LLC) και το Τροποποιημένο Σχέδιο Αναδιάρθρωσης των Πιστωτών[4] ().

**Δ.** Σύμφωνα με τις διατάξεις του Πτωχευτικού Κώδικα των Η.Π.Α. η προθεσμία άσκησης έφεσης της ELETSON HOLDINGS και των λοιπών οφειλέτιδων εταιριών είναι **14 ημέρες από την έκδοση της απόφασης και αρχίζει από την έκδοση της απόφασης (άρθρο 8002 Federal Rules of Bankruptcy Procedure)** και συνεπώς έπρεπε αυτή να ασκηθεί μέχρι την **08.11.2024**, αφού η ως άνω απόφαση του Πτωχευτικού Δικαστηρίου εκδόθηκε στις 25.10.2024, όπερ και εγένετο, αφού η σχετική εισαγωγική αίτηση έφεσης υποβλήθηκε ενώπιον του αρμόδιου Δικαστηρίου, ήτοι του Περιφερειακού Δικαστηρίου για τη Δυτική Περιφέρεια της Νέας Υόρκης, με πρόεδρο τον Δικαστή LIMAN στις 07.11.2024.

Ωστόσο, κατά πλήρως καταχρηστικό και παρελκυστικό τρόπο, λίγες ημέρες μετά την κατάθεση της έφεσης από τους μόνους πραγματικά νομιμοποιούμενους δικηγόρους της ELETSON HOLDINGS (Δικηγορική Εταιρία με την επωνυμία Reed Smith), εμφανίστηκε ένα νέο δικηγορικό γραφείο (ονόματι Goulston & Storrs) οι οποίοι ισχυριζόμενοι (καυχόμενοι) ότι εκπροσωπούν την αναδιαρθρωμένη ELETSON HOLDINGS κατέθεσαν μία δήθεν συμφωνία με τους φερόμενους ως Πιστωτές για Απόρριψη Έφεσης σύμφωνα με τον Κανόνα 8023 των Ομοσπονδιακών Κανόνων Διαδικασίας Πτώχευσης («stipulation and agreement to Dismiss Appeal Under Rule 8023 of the Federal Rules of Bankruptcy Procedure»). Με άλλα λόγια, η δήθεν αναδιαρθρωμένη ELETSON HOLDINGS (με άλλους δικηγόρους) ζήτησε από το Δικαστή LIMAN να απορρίψει την έφεση που είχε ασκηθεί από τους πραγματικά νομιμοποιούμενους δικηγόρους της ELETSON HOLIDNGS.

Στις **23.12.2024** έλαβε χώρα τηλεφωνική διάσκεψη (status conference) ενώπιον του Δικαστή LIMAN για το ζήτημα της ανωτέρω δήθεν Συμφωνίας για Απόρριψη της Έφεσης που εκκρεμούσε. Κρίσιμο ζήτημα στη συζήτηση αυτή ήταν το κατά πόσο είχε πράγματι επέλθει η αναδιάρθρωση της ELETSON HOLDINGS στις 19.11.2024 και κατά πόσο ήταν έγκυρη η εκπροσώπηση της δήθεν αναδιαρθρωμένης ELETSON HOLDINGS από τους νέους δικηγόρους Goulston & Storrs. Ο Δικαστής Liman (χωρίς να δώσει το δικαίωμα στους πραγματικά νομιμοποιούμενους δικηγόρους της ELETSON HOLDINGS (Reed Smith) να απαντήσουν εγγράφως) σε μια σύντομη συνεδρίαση και με συνοπτικές διαδικασίες δέχτηκε ότι η αναδιάρθρωση της ELETSON HOLDINGS είχε πράγματι συντελεστεί στις 19.11.2024 και ότι η εκπροσώπηση της αναδιαρθρωμένης ELETSON HOLDINGS από τους νέους δικηγόρους Goulston & Storrs ήταν έγκυρη και άρα έκανε δεκτή τη Συμφωνία για Απόρριψη της Έφεσης, αγνοώντας τα βάσιμα επιχειρήματα των πραγματικά νομιμοποιούμενων δικηγόρων της ELETSON HOLDINGS, Reed Smith περί του αντιθέτου.

---

[4] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING PETITIONING CREDITORS' AMENDED JOINT CHAPTER 11 PLAN OF ELETSON HOLDINGS INC. AND ITS AFFILIATED DEBTORS.

[EXHIBIT 1 - Page 74 of 99]

# ɔ|c

**III. _Η ένδικη διαφορά - Τα κρίσιμα εν προκειμένω πραγματικά περιστατικά_**

**Α. Η έλλειψη δικαιοδοσίας του πτωχευτικού δικαστηρίου των ΗΠΑ - Νότιας Περιφέρειας της Νέας Υόρκης αποτελούμενου από τον δικαστή John P. MASTANDO, τόσο αναφορικά με την εκδοθείσα στη Νέα Υόρκη από 25.10.2024 απόφαση εκούσιας πτώχευσης (Chapter 11) της Eletson Holdings και των λοιπών εταιρειών, όσο και της από 04.11.2024 διάταξης του ίδιου ως άνω πτωχευτικού δικαστηρίου που επικυρώνει την από 25.10.2024 απόφαση εκούσιας πτώχευσης (Chapter 11) της Eletson Holdings και των λοιπών εταιριών και το τροποποιημένο Σχέδιο Αναδιάρθρωσης των Πιστωτών.**

_Εν προκειμένω_, όπως έχει ήδη αναφερθεί, η **ELETSON HOLDINGS Inc** είναι ανώνυμη εταιρία (corporation), η οποία έχει συσταθεί ήδη από την 04.12.1985 κατά το δίκαιο της Λιβερίας, έχουσα την **πραγματική της έδρα στην Ελλάδα όπου διατηρεί γραφεία, επί της οδού Κολοκοτρώνη αριθ. 118, στον Πειραιά,** δεδομένου ότι διοικείται από οκταμελές διοικητικό συμβούλιο, που συνεδριάζει στην άνω εγκατάστασή της **εδώ και σαράντα (40) έτη** αδιάλειπτα από τον χρόνο σύστασή της και μέχρι σήμερα, όλα τα μέλη του οποίου είναι Έλληνες και κάτοικοι Ελλάδος, όλες οι αποφάσεις για την επιχειρηματική της δραστηριότητα και για την εκπλήρωση του καταστατικού της σκοπού, λαμβάνονται στα γραφεία της, που διατηρεί στην άνω διεύθυνση, δεδομένου ότι η εταιρεία είναι εταιρεία χαρτοφυλακίου (ναυτιλιακών εταιρειών) τη δραστηριότητά της όλη την ασκεί στον Πειραιά μέσω της 100% θυγατρικής της Eletson Corporation, η οποία διατηρεί στον Πειραιά νόμιμα εγκατεστημένο γραφείο κατά τις διατάξεις του άρθρου 25 Ν.27/1975, όπου απασχολεί προσωπικό περίπου 50 ατόμων **στη στεριά,** μισθοδοτούμενο και ασφαλιζόμενο στην Ελλάδα, κατά τις προβλέψεις του ελληνικού δικαίου. Σημειώνεται δε για λόγους πληρότητας ότι απασχολείται πολλαπλάσιο προσωπικό **στη θάλασσα** αποτελούμενο και από **Έλληνες ναυτικούς,** καθώς η Eletson είναι από τις παραδοσιακές εταιρίες που προτιμούν ιστορικά ακόμα και σήμερα την ελληνική σημαία για τα πλοία της.

Κατόπιν των παραπάνω και λαμβανομένου υπόψη του γεγονότος ότι επί σαράντα και πλέον έτη ο τόπος όπου πράγματι ασκείται κατά τρόπο οργανωμένο, μόνιμο και διαρκή η διοίκηση των συμφερόντων της Εταιρίας είναι η Ελλάδα και δη ο Πειραιάς, **όπου η Εταιρία διατηρεί γραφείο, επί της οδού Κολοκοτρώνη αριθ. 118, έπεται ότι αποκλειστική δικαιοδοσία για την έναρξη της διαδικασίας αφερεγγυότητας έχουν αποκλειστικά και μόνο τα δικαστήρια της Ελλάδος και ειδικότερα κατά τον ελληνικό νόμο (ΚΠολΔ σε συνδ. με άρθρ. 78 ν. 4738/2020 και άρθρ. 51 ν. 2172/1993) τα δικαστήρια του Πειραιά.**

Κατά συνέπεια, η εκδοθείσα στη Νέα Υόρκη από 25.10.2024 Απόφαση Εκούσιας Πτώχευσης (Chapter 11) της ELETSON HOLDINGS (νυν όγδοης αιτούσας) και των λοιπών εταιριών του Πτωχευτικού Δικαστηρίου των ΗΠΑ - Νότιας Περιφέρειας της Νέα Υόρκης αποτελούμενου από τον Δικαστή John P. MASTANDO, όσο και η από 04.11.2024 Διάταξη του ίδιου ως άνω Πτωχευτικού Δικαστηρίου που επικυρώνει την από 25.10.2024 Απόφαση Εκούσιας Πτώχευσης (Chapter 11) της ELETSON HOLDINGS (νυν όγδοης αιτούσας) και των λοιπών εταιριών και το Τροποποιημένο Σχέδιο Αναδιάρθρωσης των Πιστωτών **δεν επιφέρει οιαδήποτε συνέπεια ως προς την νυν όγδοη αιτούσα εταιρία στην Ελληνική έννομη τάξη, ούτε και τη δεσμεύει, η δε εδώ όγδοη αιτούσα εταιρία ουδόλως έχει κηρυχθεί δυνάμει των ως άνω αποφάσεων σε καθεστώς πτώχευσης ή/και τεθεί σε οιασδήποτε μορφής εξυγίανση, αφού το άνω Πτωχευτικό Δικαστήριο των ΗΠΑ στερείτο δικαιοδοσίας, λαμβανομένου υπόψη, ότι η έδρα της Εταιρίας βρίσκεται στην Ελλάδα.**

Σε κάθε δε περίπτωση οι εν λόγω αποφάσεις του Πτωχευτικού Δικαστηρίου των ΗΠΑ δεν έχουν αναγνωριστεί στην Ελλάδα – ούτε θα μπορούσαν να αναγνωριστούν, κατά τα προαναφερθέντα –

17

[EXHIBIT 1 - Page 75 of 99]



επομένως, ουδέν νομικό αποτέλεσμα παράγουν στην Ελλάδα. Προς αναγνώριση δε του γεγονότος αυτού, με δύναμη δεδικασμένου, καθώς προς αναγνώριση του γεγονότος ότι η νυν όγδοη αιτούσα εταιρεία ουδόλως έχει κηρυχθεί δυνάμει των ως άνω αποφάσεων σε καθεστώς πτώχευσης ή/και τεθεί σε οισοδήποτε μορφής εξυγίανση/αναδιάρθρωση, άπασες οι νυν αιτούσες έχουν οσκήσει ενώπιον του Πολυμελούς Πρωτοδικείου Πειραιώς [Τακτική Διαδικασία – Τμήμα Ναυτικών Διαφορών την από 17.01.2025 με Γ.Α.Κ.1260/2025 και Ε.Α.Κ. 344/2025 αγωγή κατά των νυν καθ`ων, καθώς και κατά: 1. Της αλλοδαπής εταιρίας ειδικού σκοπού με την επωνυμία «VR Global Partners, L.P.», 2.Της αλλοδαπής εταιρίας ειδικού σκοπού με την επωνυμία «Alpine Partners (BVI), L.P.», 3. Της αλλοδαπής εταιρίας διαχείρισης κεφαλαίων με την επωνυμία «DuPont Capital Management». και 4. Της αλλοδαπής εταιρίας με την επωνυμία «Mulberry Street Ltd».

**B. Η κακόπιστη και παντελώς καταχρηστική συμπεριφορά των αντιδίκων μέχρι σήμερα. – Η μη τήρηση των τοπικών ορίων ισχύος της εκδοθείσας στη Νέα Υόρκη από 25.10.2024 Απόφασης Εκούσιας Πτώχευσης / Αναδιάρθρωσης (Chapter 11) της ELETSON HOLDINGS, όπως αυτή επικυρώθηκε με την από 04.11.2024 Διάταξη του Πτωχευτικού Δικαστηρίου των ΗΠΑ - Νότιας Περιφέρειας της Νέα Υόρκης αποτελούμενου από τον Δικαστή John P. MASTANDO. - Η κακόπιστη προσπάθεια των αντιδίκων να λάβουν τον έλεγχο και την διαχείριση της ELETSON HOLDINGS, της ELETSON CORPORATION, της ELETSON GAS, της ΚΑΣΤΟΣ ΕΙΔΙΚΗ ΝΑΥΤΙΚΗ ΕΠΙΧΕΙΡΗΣΗ, της ΚΙΝΑΡΟΣ ΕΙΔΙΚΗ ΝΑΥΤΙΚΗ ΕΠΙΧΕΙΡΗΣΗ, της ΚΙΜΩΛΟΣ ΙΙ ΕΙΔΙΚΗ ΝΑΥΤΙΚΗ ΕΠΙΧΕΙΡΗΣΗ και της ΦΟΥΡΝΟΙ ΕΙΔΙΚΗ ΝΑΥΤΙΚΗ ΕΠΙΧΕΙΡΗΣΗ.**

Ως προελέχθη αμέσως ανωτέρω, η εκδοθείσα στη Νέα Υόρκη από 25.10.2024 Απόφαση Εκούσιας Πτώχευσης (Chapter 11) της ELETSON HOLDINGS (νυν όγδοης αιτούσας) και των λοιπών εταιριών του Πτωχευτικού Δικαστηρίου των ΗΠΑ - Νότιας Περιφέρειας της Νέα Υόρκης αποτελούμενου από τον Δικαστή John P. MASTANDO, όσο και η από 04.11.2024 Διάταξη του ίδιου ως άνω Πτωχευτικού Δικαστηρίου που επικυρώνει την από 25.10.2024 Απόφαση Εκούσιας Πτώχευσης (Chapter 11) της ELETSON HOLDINGS (νυν όγδοης αιτούσας) και των λοιπών εταιριών και το Τροποποιημένο Σχέδιο Αναδιάρθρωσης των Πιστωτών **δεν επιφέρει οιαδήποτε συνέπεια ως προς την όγδοη αιτούσα εταιρία στην Ελληνική έννομη τάξη, ούτε και τη δεσμεύει, η δε εδώ όγδοη αιτούσα εταιρία ουδόλως έχει κηρυχθεί δυνάμει των ως άνω αποφάσεων σε καθεστώς πτώχευσης ή/και τεθεί σε οισοδήποτε μορφής εξυγίανση/αναδιάρθρωση, αφού το άνω Πτωχευτικό Δικαστήριο των ΗΠΑ στερείτο δικαιοδοσίας, λαμβανομένου υπόψη, ότι η έδρα της Εταιρίας βρίσκεται στην Ελλάδα.**

Εξάλλου, οι ως άνω αιτήσεις ακούσιας πτώχευσης δεν κατατέθηκαν με σκοπό την οικονομική αναδιάρθρωση της εταιρίας Eletson Holdings, **αλλά στόχευαν στην απόκτηση στρατηγικού πλεονεκτήματος στη διαιτητική διαδικασία που είχε ήδη ανοιγεί μεταξύ της Eletson Holdings και της Eletson Corporation από τη μια πλευρά ως προσφευγουσών/εναγουσών, και της Levona (μιας απόλυτα συνδεδεμένης, αν όχι ταυτιζόμενης με την Murchinson εταιρίας), από την άλλη πλευρά ως καθ' ης η Προσφυγή/εναγομένης.**

Ωστόσο, αν και οι αντίδικοι γνωρίζουν τα ανωτέρω, δεν έχουν πάψει μέχρι σήμερα, παρά τις προσκλήσεις μας να απέχουν από συναφείς, στερούμενες κάθε νομιμότητας ενέργειες, να προσπαθούν να αναλάβουν τον έλεγχο των εδώ δεύτερης έως και ογδόης των αιτουσών εταιρειών, ήτοι των εταιριών, ELETSON CORPORATION, ELETSON GAS, ΚΑΣΤΟΣ ΕΙΔΙΚΗ ΝΑΥΤΙΚΗ ΕΠΙΧΕΙΡΗΣΗ, ΚΙΝΑΡΟΣ ΕΙΔΙΚΗ ΝΑΥΤΙΚΗ ΕΠΙΧΕΙΡΗΣΗ, ΚΙΜΩΛΟΣ ΙΙ ΕΙΔΙΚΗ ΝΑΥΤΙΚΗ ΕΠΙΧΕΙΡΗΣΗ και ΦΟΥΡΝΟΙ ΕΙΔΙΚΗ

18

[EXHIBIT 1 - Page 76 of 99]



NAYTIKH ΕΠΙΧΕΙΡΗΣΗ και ELETSON HOLDINGS αντίστοιχα [κατωτέρω αναλυτικά υπό III.B.1 – III.B.7.].

**Πιο συγκεκριμένα,** οι αντίδικοι αρχικά επιδίδονται σε μία παγκόσμια επικοινωνιακή και δυσφημιστική «καμπάνια» με ένα δελτίο τύπου και με αποστολή πολλαπλών e-mail, φερόμενοι οι ίδιοι ως μέτοχοι, διαχειριστές και εκπρόσωποι της δήθεν αναδιαρθρωμένης ELETSON HOLDINGS, σε υπαλλήλους και διευθυντές (που απασχολούνται στον Πειραιά με τις δραστηριότητες της ELETSON CORPORATION), ενώ δεν διστάζουν να απευθυνθούν σε Τράπεζες της Ελλάδας και της Γερμανίας με τις οποίες συνεργάζεται η όγδοη εξ ημών αλλά και οι εταιρίες συμφερόντων αυτής, προκειμένου να λάβουν τον έλεγχο της περιουσίας απασών των εταιριών. Στην απέλπιδα δε προσπάθειά της, να λάβουν τον έλεγχο ακόμη και των ELETSON CORPORATION, ELETSON GAS, ΚΑΣΤΟΣ ΕΙΔΙΚΗ NAYTIKH ΕΠΙΧΕΙΡΗΣΗ, ΚΙΝΑΡΟΣ ΕΙΔΙΚΗ NAYTIKH ΕΠΙΧΕΙΡΗΣΗ, ΚΙΜΩΛΟΣ II ΕΙΔΙΚΗ NAYTIKH ΕΠΙΧΕΙΡΗΣΗ και ΦΟΥΡΝΟΙ ΕΙΔΙΚΗ NAYTIKH ΕΠΙΧΕΙΡΗΣΗ (οι οποίες δεν συμπεριλαμβάνονται, ως αναφέρθηκε ήδη, στους φερόμενους οφειλέτες της από 25.10.2024 **Απόφασης** και από **04.11.2024 Διάταξης** του Πτωχευτικού Δικαστηρίου των ΗΠΑ), προβαίνουν στη σύνταξη ανυπόστατων Πρακτικών, με τα οποία δήθεν καταργούνται τα υφιστάμενα και νόμιμα μέλη ΔΣ αυτών και ορίζονται νέα, με νέους αξιωματούχους. Οι αντίδικοι έχουν φτάσει στο σημείο να παρενοχλούν και τους καπετάνιους των πλοίων εν πλω, προσπαθώντας να τους παραπλανήσουν με ψευδείς εντολές (όπως αναλύεται κατωτέρω).
Ειδικότερα:

## Β.1. Οι Επιστολές σε διευθυντές, στελέχη και υπαλλήλους της ELETSON CORPORATION.

Στις **20.11.2024**, ο **Adam Spears** (4<sup>ος</sup> καθ᾽ ου η παρούσα), εμφανιζόμενος υπό την ιδιότητά του ως μέλος του δήθεν Διοικητικού Συμβουλίου της αναδιοργανωμένης «Eletson Holdings Inc» και ως δήθεν Chief Executive Officer της τελευταίας, μέσω της ηλεκτρονικής του διεύθυνσης «adam.spears@eletsonholdings.com», έστειλε σε διάφορους υπαλλήλους της ELETSON CORPORATION (ήτοι μιας εταιρίας που δεν ήταν καν διάδικος στην Αμερική της διαδικασίας του Chapter 11) ένα email, το οποίο αφορά στο δήθεν μελλοντικό ρόλο των υπαλλήλων αυτών στη δήθεν αναδιαρθρωμένη μητρική εταιρία, Eletson Holdings.

Πιο συγκεκριμένα, ο Adam Spears απευθύνθηκε στις ακόλουθες ομάδες υπαλλήλων της ELETSON CORPORATION, ήτοι στις ομάδες του τμήματος επιχειρήσεων (operations team), του τμήματος διοίκησης (management team), του νομικού τμήματος (legal team), και του τμήματος πληροφορικής (Information and Technology team) καθώς και συγκεκριμένα στον κ. Μανώλη Ανδρεουλάκη, ο οποίος είναι ο εσωτερικός νομικός σύμβουλος (in-house counsel), αναφέροντας ότι μπορούν να αποτελέσουν πολύτιμο στοιχείο της δήθεν αναδιαρθρωμένης μητρικής εταιρείας Eletson Holdings.

**Αξίζει δε να σημειωθεί ότι ο Adam Spears ζήτησε συγκεκριμένα από το τμήμα πληροφορικής να του παραχωρήσει άμεσα πρόσβαση στα ηλεκτρονικά αρχεία που βρίσκονται στους server κυριότητας της ELETSON CORPORATION (και όχι της ELETSON HOLDINGS).**

Πέραν των παραπάνω emails, ο Adam Spears (νυν 4<sup>ος</sup> των καθ᾽ ων) έστειλε email και σε συγκεκριμένους υπαλλήλους που χειρίζονται θέματα της ELETSON CORPORATION, τους οποίους θεωρούσε κρίσιμους για την επιτυχία της Εταιρίας, αναφερόμενος στο μελλοντικό ρόλο των

19

[EXHIBIT 1 - Page 77 of 99]



υπαλλήλων αυτών στη δήθεν αναδιαρθρωμένη μητρική εταιρεία ELETSON HOLDINGS και στις θυγατρικές της[5].

**Σημειώνεται δε** ότι στο πλαίσιο της γενικότερης προσπάθειας του εδώ τέταρτου των καθ᾽ ων να τροποποιήσει τα εταιρικά έγγραφα της Eletson Holdings στο Διεθνές Ναυτιλιακό και Εταιρικό Μητρώο της Λιβερίας (Liberian International Ship & Corporate Registry, LISCR), ο Adam Spears ρώτησε την κα. Θέκλα Ματθαίου ποιος υπάλληλος, αν όχι η ίδια, έχει πρόσβαση στο LISCR.

**2.** Περαιτέρω, στις **20.11.2024** ο εδώ έκτος των καθ᾽ ων, **Mark Lichtenstein,** υπό την ιδιότητά του ως υπαλλήλου της δήθεν αναδιαρθρωμένης ELETSON HOLDINGS και ως δήθεν εξουσιοδοτημένος να υπογράφει και να εκπροσωπεί την αναδιοργανωμένη  Eletson Holdings Inc. σε όλους τους λογαριασμούς τα τελευταίας, ο οποίος παρεμπιπτόντως αποτελεί μέλος του Διοικητικού Συμβουλίου τόσο της Levona όσο και της Pach Shemen, έστειλε ένα email από την επίσης παραπλανητικά «κατασκευασμένη» ηλεκτρονική του διεύθυνση «mark.lichtenstein@eletsonholdings.com» στον κ. Βασίλη Χατζηελευθεριάδη, τον κ. Βασίλη Κέρτσικωφ και την κα. Λασκαρίνα Καρασταμάτη, οι οποίοι είναι οι επικεφαλής των τριών οικογενειών που ελέγχουν την συντριπτική πλειοψηφία των μετοχών της ELETSON HOLDINGS, εκπροσωπώντας, δήθεν τη *«νέα διαχείριση της Eletson»* και επισημαίνοντας στα ανωτέρω πρόσωπα ότι δεν είναι «εξουσιοδοτημένοι» να αναλάβουν καμία ενέργεια εκ μέρους της Eletson Holdings ή των θυγατρικών της, χωρίς προηγούμενη γραπτή έγκριση από τον ίδιο, τον Leonard Hoskinson ή τον Adam Spears.

**3.** Επιπλέον, την ίδια ημέρα ο εδώ έκτος των καθ᾽ ων Mark Lichtenstein έστειλε ένα email σε ολόκληρη την ομάδα της Eletson (ήτοι σε όλους τους παραπάνω), με το οποίο τους ενημέρωνε για κάποιες νέες διαδικασίες και προφυλάξεις που θα εφαρμοστούν στο πλαίσιο λειτουργίας της δήθεν αναδιαρθρωμένης ELETSON HOLDINGS.

## Β.2. Περαιτέρω επιστολές στους διευθυντές, στελέχη και υπαλλήλους των ELETSON GAS και ELETSON CORPORATION.

**1.**     Στις **04.12.2024**, ο Adam Spears (4ος καθ᾽ ου), μέσω της ηλεκτρονικής του διεύθυνσης «adam.spears@eletsonholdings.com» (την οποία, όπως αναφέρθηκε παραπάνω, κατασκεύασαν παραπλανητικά οι αντίδικοι ώστε να δημιουργούν την εντύπωση ότι ο Adam Spears είναι στέλεχος της Eletson) έστειλε email στην κα. Λασκαρίνα Καρασταμάτη και στον κ. Βασίλη Κέρτσικωφ, οι οποίοι είναι τα δύο μέλη του Διοικητικού Συμβουλίου της ELETSON GAS (η οποία δεν συμπεριλαμβάνεται στους οφειλέτες) που διορίστηκαν από την Eletson Holdings, με το οποίο τους ενημερώνει ότι η ELETSON HOLDINGS τους έχει «απολύσει» από μέλη του Διοικητικού Συμβουλίου της Eletson Gas LLC με ισχύ από 2 Δεκεμβρίου 2024.

**2.**     Στις **4.12.2024** και πάλι, ο Adam Spears, μέσω της ηλεκτρονικής του διεύθυνσης «adam.spears@eletsonholdings.com», έστειλε ακόμα ένα email στην κα. Λασκαρίνα Καρασταμάτη

---

[5] Το παραπάνω email εστάλη στους ακόλουθους υπαλλήλους που δεν είναι καν υπάλληλοι της ELETSON HOLDINGS, αλλά απασχολούνται από άλλες εταιρίες (που δεν συμπεριλαμβάνονται στους οφειλέτες και δεν ήταν διάδικοι στη διαδικασία του Chapter 11), ήτοι:

    α. Στον Γενικό Διευθυντή Επιχειρήσεων (Chief Operating Officer), κ. Λάζαρο Σκουλαρίκο.

    β. Στο μέλος του οικονομικού τμήματος, κ. Πασχάλη Ραδόπουλο.

    γ. Στο μέλος του νομικού τμήματος, κα. Έλενα Βανδώρου.

    δ. Στο μέλος του οικονομικού τμήματος, κα. Μαρίνα Ορφανουδάκη.

    ε. Στο μέλος του νομικού τμήματος, κα. Θέκλα Ματθαίου.

[EXHIBIT 1 - Page 78 of 99]

και στον κ. Βασίλη Κέρτσικωφ, με το οποίο τους ενημερώνει ότι με ισχύ από 2 Δεκεμβρίου 2024, οι μεριδιούχοι και τα μέλη του Διοικητικού Συμβουλίου της ELETSON GAS (η οποία όπως προαναφέρθηκε δεν συμπεριλαμβάνεται στους οφειλέτες) τους απέλυσαν από αξιωματούχους της τελευταίας.

3.      Στις **5.12.2024**, ο Adam Spears, μέσω της ηλεκτρονικής του διεύθυνσης «adam.spears@eletsonholdings.com», έστειλε email στον κ. Πασχάλη Ραδόπουλο, που χειρίζεται τα οικονομικά θέματα της ELETSON CORPORATION (**ήτοι εταιρίας που δεν συμπεριλαμβάνεται στους οφειλέτες**), με το οποίο ζητά εξηγήσεις ως προς τους λόγους που δεν έχουν πληρωθεί οι ναύλοι για τα πλοία που εκμεταλλεύονται οι Ειδικές Ναυτικές Επιχειρήσεις (ΕΝΕ), οι οποίες είναι ναυλώτριες των πλοίων γυμνών και θυγατρικές της ELETSON HOLDINGS (με αποτέλεσμα να μην συμπεριλαμβάνονται στους οφειλέτες), και ζητά ενημέρωση ως προς το αν ο υπάλληλος αυτός λαμβάνει εντολές από κάποιον άλλον πέραν από τον Adam Spears.

4.      Στις **6.12.2024**, ο εδώ 7ος των καθ`ων **Marc Bistricer**, ο οποίος είναι ο CEO της εδώ τρίτης των καθ`ων εταιρίας Murchinson Ltd, που τόσο ανεξάρτητα όσο και μέσω των Levona και Pach Shemen, έχει ξεκινήσει ατελείωτες δικαστικές διαδικασίες κατά της ELETSON HOLDINGS, των θυγατρικών της και των επικεφαλής της παγκοσμίως, έστειλε email στην κα. Λασκαρίνα Καρασταμάτη, στον κ. Βασίλη Κέρτσικωφ και στον κ. Βασίλη Χατζηελευθεριάδη, δήθεν εξερευνώντας τρόπους διευθέτησης των διαφορών. Ο Marc Bistricer συνιστά τον απώτατο/ελέγχοντα μέτοχο απασών των καθ`ων εταιριών, ήτοι των πρώτης έως και τρίτης των καθ` ων. Όπως μάλιστα προέκυψε και από συγκλονιστικά έγγραφα που αποκαλύφθηκαν στο πλαίσιο της διαιτησίας (ενώπιον του ε.τ. Δικαστή-Διαιτητή Ariel E. BELEN) πρόκειται για τον **ιθύνοντα νου (ενορχηστρωτή)** πίσω από όλες τις κρίσιμες παράνομες, αντισυναλλακτικές, και καταχρηστικές πράξεις που έχουν λάβει χώρα εις βάρος των εναγουσών εταιριών εδώ και τουλάχιστον τρία έτη. Σημειώνεται ότι η έτερη εταιρεία, ήτοι η Mulberry Street Ltd. με έδρα τη Σκωτία, της οποίας το ανωτέρω πρόσωπο συνιστά ομοίως τον απώτατο/ελέγχοντα μέτοχο είναι το όχημα ειδικού σκοπού το οποίο χρησιμοποίησε ο 7ος των καθ` ων για να χρηματοδοτήσει το Τροποποιημένο Σχέδιο Αναδιάρθρωσης των φερόμενων ως Πιστωτών και που αναφέρεται σε διάφορα αμερικανικά δικόγραφα ως affiliate (συνδεδεμένη εταιρία) με την Pach Shemen.

5.      (α) Στις **21.11.2024**, ο εδώ 6ος των καθ`ων Mark Lichtenstein, μέσω της ηλεκτρονικής του διεύθυνσης «mark.lichtenstein@eletsonholdings.com», έστειλε email στον κ. Βασίλη Χατζηελευθεριάδη, με το οποίο τον ενημερώνει για την αλλαγή στη διοίκηση της Eletson και καθορίζει τις νέες κατευθυντήριες γραμμές και περιορισμούς υπό τη δήθεν νέα διοίκηση της ELETSON HOLDINGS και των θυγατρικών της.

6.      (α) Στις **27.12.2024**, ο Adam Spears (4ος των καθ`ων), μέσω της ηλεκτρονικής του διεύθυνσης «adam.spears@eletsonholdings.com», έστειλε ένα email στον κ. Βασίλη Χατζηελευθεριάδη, με το οποίο αναφέρεται στις επιχειρηματικές δραστηριότητες των θυγατρικών της ELETSON HOLDINGS και του υπενθυμίζει ότι είναι υποχρεωμένος να συνεργαστεί μαζί του βάσει της Αμερικανικής Πτωχευτικής Απόφασης και του σχεδίου αναδιάρθρωσης.

7.      Στις **28.11.2024**, ο Adam Spears (4ος των καθ`ων), μέσω της ηλεκτρονικής του διεύθυνσης «adam.spears@eletsonholdings.com», έστειλε ένα email σε ομάδες υπαλλήλων της ELETSON CORPORATION και δη στην ομάδα επιχειρήσεων (operations team), διοίκησης (management team), του νομικού τμήματος (legal team), και του τμήματος πληροφορικής (Information and Technology team) καθώς και σε συγκεκριμένους υπαλλήλους ατομικά, με το οποίο, μεταξύ άλλων, διαβάλλει με ανυπόστατες κατηγορίες τους νυν-ιδιοκτήτες της ELETSON HOLDINGS για ανεντιμότητα και

21

[EXHIBIT 1 - Page 79 of 99]





ανικανότητα και ότι για όλες τις αρνητικές εξελίξεις ευθύνονται οι νυν-ιδιοκτήτες και όχι η δήθεν νέα διοίκηση.

### Β.3. Επιστολές στην γερμανική τράπεζα Berenberg.

Στις **19 Νοεμβρίου 2024**, ο εκπρόσωπος της Pach Shemen LLC, η οποία συγκαταλέγεται ανάμεσα στους Πιστωτές που πρότειναν το Τροποποιημένο Σχέδιο Αναδιάρθρωσης των Πιστωτών, ο 4ος των καθ`ων **Adam Spears**, έστειλε επιστολή στην γερμανική τράπεζα "**Joh. Berenberg, Gossler & Co. KG**", στην οποία τηρούνται τραπεζικοί λογαριασμοί των **ELETSON CORPORATION** και **EMC INVESTMENT CORPORATION**, οι οποίες είναι θυγατρικές της ELETSON HOLDINGS (**και δεν συμπεριλαμβάνονται καν στους φερόμενους οφειλέτες του Chapter 11**), καθώς και τραπεζικοί λογαριασμοί της **EMC GAS CORPORATION** μίας θυγατρικής της ELETSON GAS (**και όχι θυγατρική της ELETSON HOLDINGS, παρά μόνο μια συνδεδεμένη με την τελευταία εταιρεία, η οποία επίσης δεν συμπεριλαμβάνεται στους φερόμενους οφειλέτες του Chapter 11**).

Με την επιστολή αυτή, ο Adam Spears, ο οποίος μάλιστα υπέγραψε ως δήθεν Γενικός Διευθύνων Σύμβουλος της ELETSON HOLDINGS, ζήτησε ενόψει της δήθεν αναδιάρθρωσης της ELETSON HOLDINGS βάσει σχεδίου σύμφωνα με το Κεφάλαιο 11 που επικυρώθηκε από το Πτωχευτικό Δικαστήριο των Ηνωμένων Πολιτειών για τη Νότια Περιφέρεια της Νέας Υόρκης, η οποία υποτίθεται ότι τέθηκε σε ισχύ στις 19.11.2024, καθώς και των σχετικών μεταγενέστερων εταιρικών ενεργειών της δήθεν αναδιαρθρωμένης ELETSON HOLDINGS και των θυγατρικών, την ανάκληση των υφιστάμενων Εξουσιοδοτημένων Υπογραφόντων, τον αποκλεισμό των τελευταίων από την πρόσβαση στους υπό κρίση λογαριασμούς και την εκ νέου ανάθεση Εξουσιοδοτημένων Υπογραφόντων.

Στην επιστολή αυτή ο Adam Spears επισύναψε την από 04.11.2024 Διάταξη του ίδιου ως άνω Πτωχευτικού Δικαστηρίου που επικυρώνει την από 25.10.2024 Απόφαση Εκούσιας Πτώχευσης (Chapter 11) της ELETSON HOLDINGS.

Είναι σαφές ότι πρόκειται για μια πλήρως παραπλανητική επιστολή, καθώς καμία σχετική μεταγενέστερη εταιρική ενέργεια της δήθεν αναδιαρθρωμένης ELETSON HOLDINGS και των θυγατρικών της δεν έλαβε χώρα, και δεν μπορούσε να λάβει χώρα, δεδομένου ότι, όπως αναφέρθηκε παραπάνω, οι ενέργειες αυτές απαιτούν αναγνώριση της αμερικανικής απόφασης στην Λιβερία και στην Ελλάδα ή/και σε άλλες χώρες που οι ενάγουσες και οι θυγατρικές τους διαθέτουν περιουσιακά στοιχεία, κάτι το οποίο δεν έχει συμβεί μέχρι σήμερα.

**Η Τράπεζα, μη αντιλαμβανόμενη τον παραπλανητικό χαρακτήρα της επιστολής και χωρίς να ενημερώσει τους υφιστάμενους εξουσιοδοτημένους υπογράφοντες, προέβη στην ανάκληση των υφιστάμενων Εξουσιοδοτημένων Υπογραφόντων και τον αποκλεισμό των τελευταίων από την πρόσβαση στους υπό κρίση λογαριασμούς, καθώς και στην εκ νέου ανάθεση Εξουσιοδοτημένων Υπογραφόντων.**

Όταν οι εξουσιοδοτημένοι υπογράφοντες της Eletson τυχαία πληροφορήθηκαν για τις παραπάνω εξελίξεις, έσπευσαν να ενημερώσουν την Τράπεζα ότι οι απαραίτητες εταιρικές ενέργειες, τις οποίες ο Adam Spears ισχυρίστηκε ότι έχουν γίνει, **δεν είχαν στην πραγματικότητα λάβει χώρα και άρα δεν μπορούσε να λάβει εντολές από κανέναν, πέραν των υφιστάμενων εξουσιοδοτημένων υπογραφόντων της Eletson.**

Συνεπεία των ως άνω ενεργειών του Adam Spears, όχι μόνο κατέστησαν οι λογαριασμοί των ως άνω εταιρειών μη λειτουργήσιμοι αλλά, όπως προκύπτει από σχετική ηλεκτρονική αλληλογραφία του Ιανουαρίου 2025, η τράπεζα αρνείται ακόμα και να επιστρέψει στον ναυλωτή Novum Energy χρήματα που εσφαλμένα κατατέθηκαν στον λογαριασμό της EMC Investment Corporation και τα οποία ζητά να του επιστραφούν.

22

[EXHIBIT 1 - Page 80 of 99]



### **B.4. Επιπλέον ενέργειες έναντι των τραπεζών Citibank και ABN.**

**1.** Στις **16.12.2024** ο Adam Spears -4°ς των καθ`ων προωθεί ένα email από την τράπεζα Citi Bank στην κα. Λασκαρίνα Καρασταμάτη. Όπως κατάφεραν οι αντίδικοι εμφανιζόμενοι ως δήθεν νέοι ιδιοκτήτες της Eletson Holdings να προκαλέσουν εμπλοκή στους λογαριασμούς της Eletson στην τράπεζα Berenberg, το ίδιο κατάφεραν και με την τράπεζα **Citi Bank.** Συνεπώς, **η αλληλογραφία αυτή δεν αποτελεί καύχηση και απειλή στους διευθυντές/υπαλλήλους της Εταιρίας, αλλά ως ακόμα χειρότερα καύχηση των αντιδίκων σε τρίτους (εν προκειμένω στις τράπεζες) και παρεμπόδιση της νόμιμης διαχείρισης της Εταιρίας από τους νυν-διευθυντές.**

**2.** Όλως δε προσφάτως, στις **21.1.2025,** ο δικηγόρος της Eletson Corporation και των μελών της προσωρινής διοίκησης της Eletson Holdings στην Ελλάδα, κ. Ιωάννης Μαρκιανός-Δανιόλος, έλαβε ένα email από την τράπεζα ABN AMRO Bank NV με το οποίο η τράπεζα τον ενημέρωσε ότι έλαβε αλληλογραφία από τον Adam Spears ο οποίος ισχυρίστηκε προς την τράπεζα αυτήν ότι οι υπάρχουσες εντολές εκπροσώπησης της Eletson Holdings και θυγατρικών εταιρειών της έναντι της τράπεζας ανακλήθηκαν και ότι ορίσθηκαν δήθεν νέοι εξουσιοδοτημένοι υπογράφοντες. Αποτέλεσμα αυτής της αλληλογραφίας είναι η τράπεζα να παγώσει την κίνηση των λογαριασμών της Eletson Holdings και των θυγατρικών της εταιρειών και να επιτρέψει μόνο πληρωμές για τις ανάγκες λειτουργίας των πλοίων υπό τη διαχείριση της Eletson Corporation έναντι εγγύησης από την Eletson Holdings και τις θυγατρικές της για αποζημίωση της τράπεζας για κάθε ζημία που τυχόν υποστεί εκτελώντας αυτές τις πληρωμές.

### **B.5. Ενέργειες έναντι ναυλωτών.**

**1.** Οι στερούμενες κάθε νομιμότητας ενέργειες των αντιδίκων στρέφονται επιπλέον και έναντι των χρονοναυλωτών των πλοίων, τα οποία εκμεταλλεύονται οι θυγατρικές της ELETSON HOLDINGS Ειδικές Ναυτικές Επιχειρήσεις (ναυλώτριες των πλοίων γυμνών, ήτοι οι νυν 4η έως 7η αιτούσες), οι οποίες δεν συμπεριλαμβάνονται, ως αναφέρθηκε ήδη, στους φερόμενους οφειλέτες της από 25.10.2024 Απόφασης και της από 04.11.2024 Διάταξης του Πτωχευτικού Δικαστηρίου των ΗΠΑ), με αποτέλεσμα να παρακωλύεται κατάφωρα η επιχειρηματική δραστηριότητα των εταιριών αυτών.

**2.α.** Ενδεικτικά, στις **03.01.2025,** η εταιρία Novum Energy, η οποία είναι χρονοναυλώτρια των πλοίων KASTOS και FOURNI, τα οποία εκμεταλλεύονται οι αντίστοιχες θυγατρικές της ELETSON HOLDINGS Ειδικές Ναυτικές Επιχειρήσεις (ΕΝΕ)(ναυλώτριες των πλοίων γυμνών), ήτοι η 4η αιτούσα ΚΑΣΤΟΣ ΕΙΔΙΚΗ ΝΑΥΤΙΚΗ ΕΠΙΧΕΙΡΗΣΗ και η 7η αιτούσα ΦΟΥΡΝΟΙ ΕΙΔΙΚΗ ΝΑΥΤΙΚΗ ΕΠΙΧΕΙΡΗΣΗ, προφανέστατα μετά από ψευδείς δηλώσεις των καθ`ων και ιδίως του 8ου καθ`ου, Adam Spears (όπως προκύπτει από τα κατωτέρω υπό (ε)), έστειλε email σε υπάλληλο της Eletson, και επικαλούμενη τις αποφάσεις του Πτωχευτικού Δικαστηρίου των ΗΠΑ και τη δήθεν εγκατάσταση νέας διοίκησης στις θυγατρικές πλοιοκτήτριες εταιρίες της ELETSON HOLDINGS ανέφερε ότι έθεσε τις πληρωμές για τους ναύλους των δύο παραπάνω πλοίων σε καθεστώς δέσμευσης («treasury hold») έως ότου παρασχεθούν περαιτέρω αποδεικτικά έγγραφα.

**β.** Βέβαια, η ναυλώτρια Novum Energy ούτε μόνη της βρήκε τις αποφάσεις του πτωχευτικού δικαστηρίου, ούτε πολύ περισσότερο τις δήθεν αλλαγές διοικήσεως των θυγατρικών της ELETSON HOLDINGS, αλλά σαφώς τις της έστειλαν οι αντίδικοι και ειδικότερα ο 4ος καθ`ου, Adam Spears. Αυτό προκύπτει σαφώς από τα αναφερόμενα κατωτέρω υπό (ε) και (στ).

**γ.** Περαιτέρω, στις **7 Ιανουαρίου 2025**, ο 4ος των καθ`ων Adam Spears έστειλε email στον Martin Hugger, ο οποίος είναι ο στέλεχος της Meerbaum Capital, εταιρείας συνδεδεμένης με την Oaktree Tactical Opportunities και συνιστά βασικό χρηματοδότη για πολλά πλοία που εκμεταλλεύονται οι

23

[EXHIBIT 1 - Page 81 of 99]



Ειδικές Ναυτικές Επιχειρήσεις (ναυλώτριες των πλοίων γυμνών) που ανήκουν στην ELETSON HOLDINGS και στην ELETSON GAS, επιχειρώντας να αποκτήσει ο ίδιος τον έλεγχο εταιρειών που δεν συμπεριλαμβάνονται στους οφειλέτες ή ούτε ήταν άλλως διάδικοι στη διαδικασία του Chapter 11, ήτοι θυγατρικών εταιριών της Εταιρίας.

**δ.** Ακόμη, η παρέμβαση στις επιχειρηματικές δραστηριότητες της ELETSON GAS (που όπως αναφέρθηκε παραπάνω δεν συμπεριλαμβάνεται στους οφειλέτες ούτε ήταν διάδικος στη διαδικασία του Chapter 11) συνεχίζεται μέχρι σήμερα, καθώς στις **9 Ιανουαρίου 2025**, ο εδώ 4ος των καθ' ων, Adam Spears, έστειλε email στην εταιρία Tufton Investment Management, η οποία είναι η χρηματοδότης των πλοίων "ANAFI", "NISYROS" και "TILOS", τα οποία εκμεταλλεύονται ως ναυλώτριες των πλοίων γυμνών ελληνικές Ναυτικές Επιχειρήσεις που ανήκουν στην ELETSON GAS, όπου αναφέρει το εξής (*παρατίθεται η ακριβής μετάφραση αυτού στην ελληνική γλώσσα*):

«*Προετοιμάζουμε μια απάντηση εκ μέρους της Eletson Gas LLC στην επιστολή σας", παρόλο που δεν έχει εξουσιοδότηση να το κάνει*».

**ε.** Είναι δε αξιοσημείωτο ότι, στις **14 Ιανουαρίου 2025**, ο Adam Spears, μέσω της ηλεκτρονικής του διεύθυνσης «adam.spears@eletsonholdings.com», έστειλε ένα email στον κ. Βασίλη Χατζηελευθεριάδη, νόμιμο εκπρόσωπο της «GLAFKOS TRUST COMPANY», μίας εκ των κύριων μετόχων της «ELETSON HOLDINGS», στο οποίο αναφέρει ότι κάποιες τροποποιήσεις στα χρονοναυλοσύμφωνα με τη Novum Energy (για τον τραπεζικό λογαριασμό στον οποίο πληρώνονται οι ναύλοι) που έλαβαν χώρα το Δεκέμβριο του 2024 δεν εγκρίθηκαν από τους δήθεν ιδιοκτήτες ή τη διοίκηση των ΕΝΕ και άρα είναι άκυρες, ενώ ισχυρίζεται ότι οι πληρωμές από τη χρονοναυλώτρια εταιρία Novum Energy για τους ναύλους των πλοίων, τα οποία εκμεταλλεύονται οι θυγατρικές Ειδικές Ναυτικές Επιχειρήσεις της ELETSON HOLDINGS πρέπει να δεσμευτούν. Το ανωτέρω δεν αφήνει καμία αμφιβολία ότι αυτός αποστέλλοντας ψευδή και ανυπόστατα πρακτικά αλλαγής ΔΣ (πρβλ. και στις δήθεν αλλαγές του ΔΣ της ΚΙΝΑΡΟΣ ΕΝΕ (κατωτέρω υπό Β.7.(γ)) παραπλάνησε την χρονοναυλώτρια Novum Energy ώστε να δεσμεύσει τους ναύλους (ούτε καν να τους εισπράξουν οι αντίδικοι αλλά να τους δεσμεύσει για να προκαλέσει κακό στους ενάγοντες και ειδικότερα στην 4η αιτούσα ΚΑΣΤΟΣ ΕΙΔΙΚΗ ΝΑΥΤΙΚΗ ΕΠΙΧΕΙΡΗΣΗ και στην 7η αιτούσα ΦΟΥΡΝΟΙ ΕΙΔΙΚΗ ΝΑΥΤΙΚΗ ΕΠΙΧΕΙΡΗΣΗ).

## Β.6. Επιστολές σε Δικηγόρους.

**1.** Στις **23.11.2024**, οι δικηγόροι των Πιστωτών, Togut, Segal & Segal LLP, έστειλαν μια επιστολή στον δικηγόρο, Ιωάννη Μαρκιανό Δανιόλο, που εκπροσωπεί στην Ελλάδα τα μέλη του Διευθυντικού Συμβουλίου της εταιρείας Eletson Holdings Inc, όπου των κατηγορούν ότι οι πράξεις του παραβιάζουν την απόφαση του Αμερικανικού Πτωχευτικού Δικαστηρίου που επικύρωσε το Τροποποιημένο Σχέδιο Αναδιάρθρωσης των Πιστωτών και τον απειλούν με ποινές. Μάλιστα, μεταξύ άλλων, οι Πιστωτές ισχυρίζονται ότι με την έκδοση της απόφασης του Αμερικανικού Δικαστηρίου που επικύρωσε το Τροποποιημένο Σχέδιο Αναδιάρθρωσης των Πιστωτών, μια σειρά από εταιρικές ενέργειες, όπως η ακύρωση των υφιστάμενων μετοχών, η έκδοση νέων μετοχών, η αλλαγή του διοικητικού συμβουλίου, έγιναν αυτόματα, χωρίς να ακολουθηθούν οι απαραίτητες νομικές ενέργειες υπό το εκάστοτε εφαρμοστέο δίκαιο.

**2.** Στις **27.1.2025** οι ίδιοι ως άνω δικηγόροι των Πιστωτών Togut Segal & Segal LLP έστειλαν email στον ίδιο ως άνω Έλληνα δικηγόρο Ιωάννη Μαρκιανό-Δανιόλο (καθώς και στους Βασίλη Κέρτσικωφ, Βασίλη Χατζηελευθεριάδη και στα αμερικανικά δικηγορικά γραφεία Reed Smith και Rimon) απαιτώντας, **μεταξύ άλλων**, να ορισθεί ο Adam Spears ως το πρόσωπο που έχει πρόσβαση στο μητρώο εταιρειών της Λιβερίας για λογαριασμό της Eletson Holdings, να γίνει παραίτηση από όλα τα δικόγραφα που έχουν κατατεθεί ενώπιον των Λιβεριανών δικαστηρίων σχετικά με την εκεί

# ɔlc

εκκρεμούσα αίτηση της Pach Shemen για την αναγνώριση της αμερικανικής πτωχευτικής απόφασης και να καθορισθούν ημερομηνίες για την παράδοση κλειδιών και κωδικών (passwords) των γραφείων στον Πειραιά της Eletson Holdings.

**Β.7. Οι επιπλέον ενέργειες των καθ᾽ ων έναντι της ELETSON CORPORATION, της ELETSON GAS, της ΚΑΣΤΟΣ ΕΙΔΙΚΗ ΝΑΥΤΙΚΗ ΕΠΙΧΕΙΡΗΣΗ, της ΚΙΝΑΡΟΣ ΕΙΔΙΚΗ ΝΑΥΤΙΚΗ ΕΠΙΧΕΙΡΗΣΗ, της ΚΙΜΩΛΟΣ ΙΙ ΕΙΔΙΚΗ ΝΑΥΤΙΚΗ ΕΠΙΧΕΙΡΗΣΗ και της ΦΟΥΡΝΟΙ ΕΙΔΙΚΗ ΝΑΥΤΙΚΗ ΕΠΙΧΕΙΡΗΣΗ. – Τα ανυπόστατα Πρακτικά των, κατά τους ισχυρισμούς των αντιδίκων, «μετόχων» της ELETSON CORPORATION, της ELETSON GAS και της ΚΙΝΑΡΟΣ ΕΙΔΙΚΗ ΝΑΥΤΙΚΗ ΕΠΙΧΕΙΡΗΣΗ με τα οποία δήθεν καταργούνται τα μέλη των νομίμως εκλεγέντων ΔΣ και ορίζονται νέα και τα Πρακτικά των δήθεν νέων ΔΣ που ορίζουν αξιωματούχους.**

Τέλος, οι ενέργειες των καθ᾽ ων μετά τη θέση σε ισχύ του σχεδίου αναδιάρθρωσης τους δεν σταμάτησαν στην Eletson Holdings και τις θυγατρικές της, αλλά επεκτάθηκαν, ως αναφέρθηκε ήδη συνοπτικά ανωτέρω, και σε εταιρίες που δεν έχουν καμία νομική σύνδεση με την Eletson Holdings και άρα το σχέδιο αναδιάρθρωσης της Eletson Holdings, ακόμα και αν είχε πράγματι τεθεί σε ισχύ και επέφερε έννομα αποτελέσματα, πράγμα το οποίο αρνούμεθα, δε θα είχε οιοδήποτε έρεισμα να τύχει εφαρμογής σε αυτές.

## α. Επιστολές σε δικηγόρους της ELETSON GAS.

Ειδικότερα, στις **21.11.2024**, ο εκπρόσωπος της Pach Shemen LLC, η οποία συγκαταλέγεται ανάμεσα στους Πιστωτές που πρότειναν το Τροποποιημένο Σχέδιο Αναδιάρθρωσης των Πιστωτών, Adam Spears, έστειλε επιστολή στους δικηγόρους στο Λονδίνο της εδώ τρίτης αιτούσας εταιρίας Eletson Gas LLC, η οποία δεν είναι θυγατρική της Eletson Holdings Inc, και επιχείρησε να διακόψει παράνομα την επαγγελματική σχέση μεταξύ της ELETSON GAS και των δικηγόρων αυτών.

Περαιτέρω, στις 30.12.2024, ο εδώ 4ος των καθ᾽ ων Adam Spears έστειλε μια επιστολή υπογεγραμμένη από τον ίδιο ως (δήθεν) CEO της Eletson Holdings, τον εδώ 9ο των καθ᾽ ων **Leonard J. Hoskinson** ως (δήθεν) CEO της Eletson Corporation και της Eletson Gas LLC στους δικηγόρους που εκπροσωπούν στις Βρετανικές Παρθένες Νήσους την Eletson Corporation και την Eletson Gas LLC, ήτοι στους Harney Westwood & Riegels LP. αναφερόμενοι και επικαλούμενοι και πάλι την έκδοση της απόφασης του Αμερικανικού Δικαστηρίου που επικύρωσε το Τροποποιημένο Σχέδιο Αναδιάρθρωσης των Πιστωτών.

## β. Τα ανυπόστατα Πρακτικά διορισμού νέων ΔΣ και αξιωματούχων της ELETSON CORPORATION και ELETSON GAS.

Στις **25.11.2024** η δήθεν αναδιαρθρωμένη Eletson Holdings Inc (εκπροσωπούμενη από το διορισθέν Πτωχευτικό Δικαστήριο ΔΣ) κατέθεσε ενώπιον του Πτωχευτικού Δικαστηρίου των ΗΠΑ επείγουσα αίτηση για επιβολή κυρώσεων κυρίως στους δικηγόρους της πρώτης εξ ημών στις ΗΠΑ, Reed Smith αλλά και εναντίον οποιουδήποτε άλλου δεν συμμορφωνόταν με το επικυρωμένο Τροποποιημένο Σχέδιο Αναδιάρθρωσης των Πιστωτών.

[EXHIBIT 1 - Page 83 of 99]



Με το declaration (βεβαίωση) που υπέβαλε στο ως άνω Δικαστήριο ο Δικηγόρος των Πιστωτών, J.C. Borriello (της δικηγορικής εταιρίας Togut) ως υποστηρικτικά έγγραφα (για τις κυρώσεις) κατέθεσε μια σειρά ανυπόστατων πρακτικών για τις εταιρίες Eletson Corporation και Eletson Gas (συνημμένα ως σχετικά έγγραφα (exhibits) 3 έως 8 της πιο πάνω βεβαίωσης), των οποίων η τρίτη και τέταρτη εξ ημών λάβαμε γνώση για πρώτη φορά, αφού δεν έγινε καμία συνεδρίαση για να τηρηθούν πρακτικά ενώ πρόκειται για δήθεν «Unanimous Written Consents of the Board of Directors» (ήτοι Ομόφωνης Γραπτής Συναίνεσης των μελών ΔΣ») τα οποία υπογράφονται από όλους τους μετέχοντες χωρίς να έχει γίνει πρόσκληση ή καν συνεδρίαση. <u>Επιπλέον κανένα από αυτά τα ανυπόστατα Πρακτικά δεν έχουν καταχωρηθεί ούτε στην μερίδα της ELETSON CORPORATION στο Εταιρικό Μητρώο της Δημοκρατίας της Λιβερίας, ούτε στην μερίδα της ELETSON GAS στο Εταιρικό Μητρώο των νήσων Μάρσαλ.</u> Συνεπώς, <u>τα ανυπόστατα αυτά Πρακτικά</u> (συνεδριάσεις δήθεν ΔΣ ή δήθεν μετόχων) έχουν τη μορφή «Unanimous Written Consent» (που αντιστοιχούν σε πρακτικά που υπογράφονται «δια περιφοράς») και αναφέρονται κατωτέρω ως Πρακτικά.

Ειδικότερα, κατατέθηκαν τα εξής ανυπόστατα Πρακτικά:

### i. *Το ανυπόστατο Πρακτικό της Eletson Corporation 19.11.2024 (Exhibit 3 της βεβαίωσης Borriello)*

Το εν λόγω πρακτικό υποτίθεται ότι είναι απόφαση του μόνου διευθυντού της Eletson Corporation και ως μόνος διευθυντής εμφανίζεται να υπογράφει ο εδώ πέμπτος των καθ`ων Leonard J. Hoskinsonαυτός, ο οποίος αποφασίζει να απαλλάξει από τα καθήκοντά τους όλους τους προϋπάρχοντες officers της Εταιρίας και ορίζει τον εαυτό του ως Πρόεδρο, Γραμματέα και ανώτατο εκτελεστικό αξιωματούχο (Chief Executive Officer – CEO) της ως άνω εταιρίας.

### ii. *Το ανυπόστατο Πρακτικό της Eletson Corporation 19.11.2024 (Exhibit 4 της βεβαίωσης Borriello)*

α. Το εν λόγω πρακτικό υποτίθεται ότι είναι πρακτικό του μετόχου της Eletson Corporation (δηλαδή της Eletson Holdings, την οποία δήθεν εκπροσωπεί ο Adam Spears).

β. Με αυτό το πρακτικό υποτίθεται ότι:
   i) απολύει όλους τους διευθυντές (μέλη ΔΣ),
   ii) τροποποιεί και αντικαθιστά τα Bylaws,
   iii) διορίζει ως Διευθυντή (μόνο μέλος ΔΣ) τον 5º των καθ`ων Leonard J. Hoskinson,
   iv) λαμβάνει κάποιες άλλες γενικές αποφάσεις.

### iii. *Το ανυπόστατο Πρακτικό της Eletson Gas 29.11.2024 (Exhibit 5 της βεβαίωσης Borriello)*

Το εν λόγω πρακτικό υποτίθεται ότι αποτελεί απόφαση του κατόχου των κοινών μετοχών της Eletson Gas, ήτοι της Eletson Holdings (που φέρεται να εκπροσωπείται από τον Adam Spears), δυνάμει δε αυτού απολύθηκαν δήθεν από μέλη του ΔΣ η Λασκαρίνα Καρασταμάτη και ο Βασίλειος Κέρτσικωφ και ορίστηκε στη θέση τους ο Leonard Hoskinson-vuv 5ος των καθ`ων.

### iv. *Το ανυπόστατο Πρακτικό της Eletson Gas 01.12.2024 (Exhibit 6 της βεβαίωσης Borriello)*

Το εν λόγω πρακτικό υποτίθεται ότι είναι μία ομόφωνη απόφαση των ανωτέρω φερόμενων ως μελών του ΔΣ για τον διορισμό officers και ειδικότερα διορίζουν τον (νυν 6º των καθ`ων) Mark Lichtenstein ως γραμματέα.

26

[EXHIBIT 1 - Page 84 of 99]



**ɔ|c**

*v.* **_Το ανυπόστατο Πρακτικό της Eletson Gas 02.12.2024 (Exhibit 7 της βεβαίωσης Borriello)_**

Το εν λόγω πρακτικό υποτίθεται ότι είναι απόφαση του ΔΣ της Eletson Gas με βάση την οποία:

α. απολύονται οι υπάρχοντες αξιωματούχοι και ο 5<sup>ος</sup> των καθ᾽ ων, Leonard Hoskinson διορίζεται CEO της Eletson Gas, στον οποίο και ανατίθενται δε όλες οι εξουσίες διαχείρισης (management powers), ενώδίνονται όλες οι εξουσίες ενός officer στον (νυν 6<sup>ο</sup> των καθ᾽ ων, Mark Lichtenstein (authorized designees) και

δ. ανατίθεται στον 5<sup>ο</sup> των καθ᾽ ων, Leonard Hoskinson η εκπροσώπηση της εταιρείας απέναντι σε τράπεζες (bank authorization powers).

*vi.* **_Το ανυπόστατο Πρακτικό της Eletson Gas 29.11.2024 (Exhibit 8 της βεβαίωσης Borriello)_**

α. Το εν λόγω πρακτικό υποτίθεται ότι είναι πρακτικό των μελών-εταίρων της Eletson Gas LLC, ήτοι απόφαση της Eletson Holdings (ως κάτοχου των κοινών μεριδίων), την οποία φέρεται να εκπροσωπεί ο (νυν 4<sup>ος</sup> των καθ᾽ ων) Adam Spears ως Πρόεδρος και CEO, και της Levona (ως κάτοχου των προνομιούχων μεριδίων), την οποία εκπροσωπεί ο Eliyahu Hassett. Δυνάμει αυτού «οι Μέτοχοι» επιβεβαιώνουν το ΔΣ αποτελούμενο από τους Mark Lichtenstein (νυν 6<sup>ο</sup> των καθ᾽ ων), Eliyahu Hassett, Joshua Fenttiman, Adam Spears (νυν 4<sup>ο</sup> των καθ᾽ ων) και Leonard J. Hoskinson (νυν 5<sup>ο</sup> των καθ᾽ ων).

**γ. Το ανυπόστατο Πρακτικό τροποποίησης του καταστατικού και διορισμού νέου ΔΣ της ΚΙΝΑΡΟΣ ΕΙΔΙΚΗ ΝΑΥΤΙΚΗ ΕΠΙΧΕΙΡΗΣΗ.**

Στις **7 Ιανουαρίου 2025** κατατέθηκε από τους αντιδίκους σε δικαστήριο της Πολιτείας του Τέξας των ΗΠΑ Πρακτικό της Κίναρος Ειδική Ναυτική Επιχείρηση με ημερομηνία **6.12.2024**, το οποίο υποτίθεται ότι είναι πρακτικό του μοναδικού μετόχου της Κίναρος Ειδική Ναυτική Επιχείρηση (δηλαδή της Eletson Holdings, την οποία δήθεν εκπροσωπεί ο νυν 5<sup>ος</sup> καθ᾽ου Leonard Hoskinson). Με αυτό το πρακτικό υποτίθεται ότι η μέτοχος υπό την νέα της φερόμενη εκπροσώπηση: i) τροποποιεί το καταστατικό της εταιρείας για να αλλάξει την έδρα της, ii) εκλέγει νέο Διοικητικό Συμβούλιο της εταιρείας αποτελούμενο από ελληνικές ΙΚΕ BRASCHEL A GREECE ΜΟΝΟΠΡΟΣΩΠΗ Ι.Κ.Ε. (**9<sup>η</sup> των καθών**), BRASCHEL B GREECE ΜΟΝΟΠΡΟΣΩΠΗ Ι.Κ.Ε. (**10<sup>η</sup> των καθών**) και BRASCHEL C GREECE ΜΟΝΟΠΡΟΣΩΠΗ Ι.Κ.Ε.) (**11<sup>η</sup> των καθών** και iii) τροποποιεί το καταστατικό της εταιρείας για να αλλάξει τον αντικλητό της.

Ευλόγως, δε, υποθέτουμε ότι αντίστοιχα Πρακτικά έχουν υπογραφεί από την Eletson Holdings και για τις υπόλοιπες τρεις θυγατρικές της ΕΝΕ, ήτοι τις ΚΑΣΤΟΣ ΕΙΔΙΚΗ ΝΑΥΤΙΚΗ ΕΠΙΧΕΙΡΗΣΗ, ΚΙΜΩΛΟΣ ΙΙ ΕΙΔΙΚΗ ΝΑΥΤΙΚΗ ΕΠΙΧΕΙΡΗΣΗ και ΦΟΥΡΝΟΙ ΕΙΔΙΚΗ ΝΑΥΤΙΚΗ ΕΠΙΧΕΙΡΗΣΗ, τα οποία απλώς δεν έχουν περιέλθει ακόμη σε γνώση μας.

Τονίζεται στο παρόν σημείο ότι με βάση τα δημοσιευμένα στοιχεία στο Γ.Ε.Μ.Η, διαχειριστής των ως άνω καθ᾽ών (9<sup>ης</sup> -10<sup>ης</sup>) ελληνικών ΙΚΕ BRASCHEL A GREECE ΜΟΝΟΠΡΟΣΩΠΗ Ι.Κ.Ε., BRASCHEL B GREECE ΜΟΝΟΠΡΟΣΩΠΗ Ι.Κ.Ε. και BRASCHEL C GREECE ΜΟΝΟΠΡΟΣΩΠΗ Ι.Κ.Ε.) είναι ο νυν **8<sup>ος</sup> καθ᾽ου, Ίων Βαρουξάκης** (κάτοικος Αθηνών, επί της οδού Μπάκου, αρ. 1, κάτοχος Δ.Α.Τ. Ν033180, Α.Φ.Μ. 074097190, επάγγελμα επιχειρηματίας, υπηκοότητας Ελλάδα και ηλεκτρονική διεύθυνση (email) braschelltd@gmail.com). Σημειώνεται ότι σε έγγραφα που αποκαλύφθηκαν στο πλαίσιο της διαιτησίας (ενώπιον του ε.τ. Δικαστή-Διαιτητή Ariel E. BELEN) **αποδεικνύεται ο καθοριστικός ρόλος του Ίωνα Βαρουξάκη, ως «δεξί χέρι» στην Ελλάδα, ήτοι άμεσου συνεργάτη τόσο του Marc Bistricer (νυν 7<sup>ου</sup> των καθ᾽ ων) όσο και του Adam Spears (νυν**

27

[EXHIBIT 1 - Page 85 of 99]



**4ου των καθ`ών)** σε κρίσιμες αντισυναλλακτικές και καταχρηστικές πράξεις που έχουν λάβει χώρα εις βάρος ήδη της ELETSON GAS (νυν 3ης αιτούσας) από την αρχή της αντιδικίας.

### δ. Η πολύ πρόσφατη απόπειρα συντηρητικής κατάσχεσης του ΚΙΝΑΡΟΣ σε συνδυασμό με την απόπειρα παραπλάνησης του καπετάνιου και του πληρώματος του ΚΙΝΑΡΟΣ.

Σαν να μην έφταναν τα ανωτέρω, οι αντίδικοι δεν περιορίστηκαν απλώς στην τροποποίηση του προκτικού της Κίναρος Ειδική Ναυτική Επιχείρηση, αλλά πέτυχαν μονομερώς (*ex parte*) την έκδοση **εντολής συντηρητικής κατάσχεσης** του Πλοίου από το Ομοσπονδιακό Δικαστήριο των ΗΠΑ για τη Νότια Περιφέρεια του Τέξας και επικοινώνησαν, δια του από **10.01.2025 email** που έστειλε ο Leonard Hoskinson, μέχρι και με τον καπετάνιο του πλοίου ΚΙΝΑΡΟΣ, απειλώντας τον και δίδοντάς του εντολές, ως δήθεν εκπρόσωποι της ΚΙΝΑΡΟΣ ΕΝΕ (που εκμεταλλεύεται το πλοίο ως ναυλώτρια του πλοίου γυμνού) να ελλιμενίσει το πλοίο στο Brownsville του Texas. Το πλοίο ΚΙΝΑΡΟΣ σε αντίθεση με τα ανωτέρω απομακρύνθηκε από Brownsville του Texas, ωστόσο το ανωτέρω μήνυμα ηλεκτρονικού ταχυδρομείου προς τον πλοίαρχο και το πλοίο συνιστούν ένα πρόδηλο παράδειγμα της σύγχυσης και ζημίας που προκαλούν οι αντίδικοι σε ένα ελληνικής σημαίας πλοίο.

### ε. Το ανυπόστατο Πρακτικό του Διοικητικού Συμβουλίου της Eletson Gas της 13ης Ιανουαρίου 2025 περί δήθεν τερματισμού της ανάθεσης της Eletson Gas προς τη δικηγορική εταιρία Reed Smith LLP.

Στις **14 Ιανουαρίου 2025** κατατέθηκε από τη δεύτερη των καθ`ων Levona Holdings Ltd σε διαιτητικό δικαστήριο του Λονδίνου (London Court of International Arbitration – LCIA) Πρακτικό φερόμενο ότι είναι της ELETSON GAS με ημερομηνία 13 Ιανουαρίου 2025, το οποίο υποτίθεται ότι είναι ομόφωνη έγγραφη συναίνεση του Διοικητικού Συμβουλίου («Unaninous Written Consent of the Board of Directors»), που υπογράφεται από όλους τους μετέχοντες χωρίς να έχει γίνει πρόσκληση ή καν συνεδρίαση. Με αυτό το πρακτικό υποτίθεται ότι το Διοικητικό Συμβούλιο της ELETSON GAS:

i) αναγνωρίζει και επικυρώνει τον από 4 Δεκεμβρίου 2024 δήθεν τερματισμό της ανάθεσης της Eletson Gas προς τη δικηγορική εταιρία Reed Smith για παροχή νομικών υπηρεσιών, καθώς και όλες τις ενέργειες που έχουν λάβει χώρα για το σκοπό αυτό,

ii) παρέχει ορισμένες γενικές εξουσιοδοτήσεις στους αξιωματούχους της Eletson Gas.

Το πρακτικό αυτό, όπως και τα παραπάνω πρακτικά, δεν έχει καταχωρηθεί στη μερίδα της Eletson Gas στο Εταιρικό Μητρώο των νήσων Μάρσαλ.

### στ. Νέες προκλητικές αξιώσεις (επιστολή με ημερομηνία 27 Ιανουαρίου 2025)

Στις 24 Ιανουαρίου 2025 έλαβε χώρα ακροαματική διαδικασία ενώπιον του Δικαστή Mastando, όπου το Δικαστήριο εξέδωσε προφορικά απόφαση επί της αίτησης της δήθεν αναδιαρθρωμένης Eletson Holdings για κυρώσεις. Ειδικότερα, ο Δικαστής Mastando έκρινε προφορικά ότι το Σχέδιο Αναδιάρθρωσης των Πιστωτών είναι δεσμευτικό για τους πρώην μετόχους, αξιωματούχους, διευθυντές, νομικούς συμβούλους, αντιπροσώπους και άλλα πρόσωπα που ορίζονται στο Σχέδιο Αναδιάρθρωσης και ότι τα πρόσωπα αυτά οφείλουν να συμμορφωθούν με το Σχέδιο Αναδιάρθρωσης και να προβούν σε όλες τις εύλογα αναγκαίες ενέργειες, όπως αυτές ζητούνται από το διοικητικό συμβούλιο της Αναδιαρθρωμένης Eletson Holdings.

Κατόπιν της προφορικής αυτής απόφασης του Δικαστή Mastando, η οποία δεν έχει αναγνωριστεί στην Ελλάδα, οι δικηγόροι των αντιδίκων, Togut Segal & Segal LLP, έστειλαν στις 27.01.2025 επιστολή στους δικηγόρους που εκπροσωπούν τους οφειλέτες, τους δικηγόρους που εκπροσωπούν την πλειοψηφία των μετόχων της Eletson Holdings, στον δικηγόρο που εκπροσωπεί στην Ελλάδα τα

[EXHIBIT 1 - Page 86 of 99]



μέλη του Διοικητικού Συμβουλίου της Eletson Holdings, και στα φυσικά πρόσωπα που συνδέονται με τους μετόχους της Eletson Holdings, με την οποία τους απειλούσαν να προβούν σε μια σειρά από ενέργειες, οι οποίες μάλιστα αφορούν και εταιρίες οι οποίες ποτέ δεν υπήρξαν μέρη (διάδικοι) στη διαδικασία πτώχευσης στη Νέα Υόρκη και που δεν καλύπτονται από τις αποφάσεις του Δικαστηρίου των ΗΠΑ.

Ειδικότερα, οι δικηγόροι των αντιδίκων αναφέρουν τα ακόλουθα στην από 27.01.2025 επιστολή τους:

*«Όπως γνωρίζετε, την περασμένη Παρασκευή το Δικαστήριο έδωσε εντολή στους πρώην μετόχους, αξιωματούχους, διευθυντές, νομικούς συμβούλους και άλλα εμπλεκόμενα μέρη της Holdings να συμμορφωθούν με το Σχέδιο και την Διάταξης Επικύρωσης, προκειμένου να συμβάλουν στην υλοποίηση του Σχεδίου, συμπεριλαμβανομένης της ανάληψη όλων των "εύλογα αναγκαίων ενεργειών, όπως αυτές ζητούνται από το διοικητικό συμβούλιο της Αναδιαρθρωμένης Eletson Holdings Inc. ή από τον εκπρόσωπό της, για να συνδράμουν στην τροποποίηση του AOR και την επικαιροποίηση των εγγράφων εταιρικής διακυβέρνησης." Βλ. Πρακτικά Συζήτησης της 24ης Ιανουαρίου 2025, σελ. 43:16-44:3 (αντίγραφο επισυνάπτεται). Αυτό ισχύει επιπλέον των υποχρεώσεών σας και των υποχρεώσεων των άλλων μερών που έχουν ήδη οριστεί στο Σχέδιο και στην Διάταξη Επικύρωσης, καθώς και όσων απαιτεί ο Πτωχευτικός Κώδικας.*

*Σας ζητούμε να προβείτε στις ακόλουθες ενέργειες το συντομότερο δυνατό. Λαμβάνοντας υπόψη την πρόσφατη αυτή απόφαση, τις υποχρεώσεις σας για καλόπιστη συνεργασία σύμφωνα με την παράγραφο 5 της Διάταξης Επικύρωσης, καθώς και τις απαγορευτικές διατάξεις της Διάταξης Επικύρωσης, αναμένουμε ότι θα συνεργαστείτε μαζί μας καλόπιστα για την ολοκλήρωση αυτών και άλλων απαραίτητων ενεργειών για την υλοποίηση του Σχεδίου.*

*1. Να επικαιροποιήσετε ή τροποποιήσετε τον AOR της Holdings, ώστε να αντικατοπτρίζει ότι ο Adam Spears είναι ο νέος AOR της Holdings, το αργότερο εντός επτά ημερών από την έκδοση της σχετικής δικαστικής διάταξης.*

*2. Να συνδράμετε στην κατάθεση περαιτέρω τροποποιημένου καταστατικού στην LISCR, είτε από τον νυν AOR είτε από τον κ. Spears ως νέο AOR, το αργότερο εντός επτά ημερών από την έκδοση της σχετικής δικαστικής απόφασης.*

*3. Να παραιτηθείτε από όλα τα δικόγραφα που έχουν κατατεθεί κατά της διαδικασίας αναγνώρισης στη Λιβερία, συμπεριλαμβανομένων, ενδεικτικά, της αντίρρησης στην αίτηση, της αίτησης για διαγραφή, της αίτησης παρέμβασης και της αίτησης για απόρριψη.*

*4. Να επικαιροποιήσετε ή τροποποιήσετε όλους τους άλλους AOR ή παρόμοιες καταχωρίσεις στις αρμόδιες αρχές για τις θυγατρικές της Holdings, συμπεριλαμβανομένων, ενδεικτικά, των τεσσάρων ΕΝΕ και της Eletson Corp.*

*5. Να εξασφαλίσετε ή να παράσχετε πιστοποιητικά εν ενεργεία αξιωματούχων της εταιρίας (certificates of incumbency) για την Holdings και τις θυγατρικές που της ανήκουν εξ ολοκλήρου, συμπεριλαμβανομένων, ενδεικτικά, των τεσσάρων ΕΝΕ και της Eletson Corp., που να αντικατοπτρίζουν τη νέα διοίκηση.*

*6. Να παράσχετε ημερομηνίες και ώρες, κατά τις οποίες οι εκπρόσωποι της Holdings μπορούν να παραλάβουν κλειδιά και κωδικούς πρόσβασης για τα γραφεία της Eletson Maritime στο Stanford, CT και της Eletson Corp. στην Ελλάδα.*

*7. Να περιγράψετε όλα τα περιουσιακά στοιχεία που βρίσκονται στα γραφεία του Stanford, CT και της Ελλάδας και να εντοπίσετε στοιχεία που έχουν απομακρυνθεί από τις τοποθεσίες αυτές από τις 19 Νοεμβρίου 2024 (ή να επιβεβαιώσετε εγγράφως ότι κανένα περιουσιακό στοιχείο δεν έχει απομακρυνθεί από τότε).*

29



8. *Να επικοινωνήσετε με όλες τις τράπεζες στις οποίες η Holdings και οι εξ ολοκλήρου θυγατρικές της, συμπεριλαμβανομένων των τεσσάρων ΕΝΕ και της Eletson Corp., διατηρούν λογαριασμούς και να παράσχετε εντολές προς τις τράπεζες για την άμεση αφαίρεση πρόσβασης και εξουσιοδοτήσεων όλων των υφιστάμενων προσώπων, καθώς και την αντικατάστασή τους με νέες εξουσιοδοτήσεις και πρόσβαση για τους Adam Spears, Len Hoskinson και Mark Lichtenstein.*

o   *Έχουμε ήδη έρθει σε επαφή με τη συντριπτική πλειονότητα των σχετικών τραπεζών.*

o   *Θα αποστείλουμε email στις τράπεζες με τις οποίες έχουμε επικοινωνήσει, κοινοποιώντας το σε εσάς, καθώς και στους Λασκαρίνα Καρασταμάτη, Βασίλη Κέρτσικωφ και Βασίλη Χατζηελευθεριάδη, και θα εκδώσουμε κοινή εντολή εκ μέρους σας και εκ μέρους τους.*

o   *Σε περίπτωση που οι τράπεζες υποβάλουν ερωτήματα, υποχρεούστε να τις ενημερώσετε σχετικά με τις παραπάνω εντολές και αλλαγές στις εξουσιοδοτήσεις.*

o   *Είστε επίσης υποχρεωμένοι να συνεργαστείτε μαζί μας και με τις τράπεζες, παρέχοντας κάθε απαιτούμενο έγγραφο, όπως διάφορα εταιρικά έγγραφα, εφόσον η συνδρομή σας κρίνεται απαραίτητη.*

9. *Να καταθέσετε τα αναγκαία δικόγραφα στο Ελληνικό Δικαστήριο για την απόσυρση ή απόρριψη με δεδικασμένο των διαδικασιών που έχουν κινηθεί εκεί σχετικά με τον διορισμό του "προσωρινού διοικητικού συμβουλίου".*

10. *Να αποσύρετε όλες τις εντολές που έχουν δοθεί προς τη Novum και οποιουσδήποτε άλλους ναυλωτές ΕΝΕ και να επικοινωνήσετε με όλους τους ναυλωτές, ώστε να τους ενημερώσετε ότι ο Adam Spears είναι το νέο σημείο επαφής εφεξής.*

11. *Να παράσχετε λίστα και στοιχεία επικοινωνίας όλων των βασικών εργαζομένων και να επικοινωνήσετε με τους εργαζόμενους αυτούς, προκειμένου να τους φέρετε σε επαφή με τον Adam Spears.*

12. *Να δώσετε εντολή προς όλους τους δικηγόρους ή πρώην δικηγόρους που ενεργούν ή ισχυρίζονται ότι ενεργούν εκ μέρους της Holdings ή οποιασδήποτε θυγατρικής που της ανήκει εξ ολοκλήρου, ώστε να λαμβάνουν εντολές αποκλειστικά από τα νέα διοικητικά συμβούλια.*

*Ο κατάλογος αυτός δεν είναι εξαντλητικός και δεν είναι πλήρης καταγραφή όλων των απαιτούμενων ενεργειών για την υλοποίηση του Σχεδίου. Διατηρούμε το δικαίωμα να την τροποποιήσουμε ή να τη συμπληρώσουμε ανά πάσα στιγμή.*

*Δεδομένης της πρόσφατης απόφασης, αναμένουμε την άμεση και καλόπιστη συνεργασία σας. Επίσης, αναμένουμε να κοινοποιήσετε το παρόν μήνυμα σε οποιοδήποτε άλλο άτομο που δεν περιλαμβάνεται στην παρούσα αλληλογραφία, αλλά είναι απαραίτητο για την εκτέλεση αυτών και άλλων απαιτούμενων ενεργειών.*

*Παρακαλούμε να απαντήσετε σε αυτό το email το αργότερο έως τις 28 Ιανουαρίου στις 5:00 μ.μ. (ΕΤ), επιβεβαιώνοντας ότι θα συνεργαστείτε μαζί μας καλόπιστα.*

### ζ. Οι τελευταίες ενέργειες του 4ου των καθ΄ ων στην Ελλάδα, ως φερόμενου εκπροσώπου της φερόμενης υπό αναδιοργάνωση αλλοδαπής εταιρίας υπό την επωνυμία «ELETSON HOLDINGS INC»

Πλέον πρόσφατα, και συγκεκριμένα στις 3.2.2025, ο 4ος των καθ΄ ων έφθασε στο σημείο να ισχυρίζεται σε δικόγραφα, που κατέθεσε, ενώπιον του Μονομελούς Πρωτοδικείου Πειραιώς [Εκουσία Δικαιοδοσία], όπως και ενώπιον του Πολυμελούς Πρωτοδικείου Αθηνών [Εκουσία Δικαιοδοσία], ότι αφενός μεν εκπροσωπεί στην Ελλάδα την φερόμενη υπό αναδιοργάνωση αλλοδαπή εταιρία υπό την επωνυμία «ELETSON HOLDINGS INC», αφετέρου ότι ως πραγματική δήθεν έδρα αυτής είναι στην Πολιτεία της Νέας Υόρκης, όπου δήθεν βρίσκεται το κέντρο των κυρίων συμφερόντων της και δη την

30

[EXHIBIT 1 - Page 88 of 99]



διεύθυνση One Pennylvania Plaza Suite 333, New York, NY 10119, United States, όπου, σημειωτέον βρίσκονται τα γραφεία της δικηγορικής εταιρίας Togut, Segal & Segal LLP, που εκπροσωπεί τον 4° νυν καθ᾽ου στις δικαστικές διαφορές που έχουν ανακύψει στις Ηνωμένες Πολιτείες.

### η. Συμπερασματικά:

Είναι προφανές ότι όλες οι πιο πάνω αποφάσεις είναι ανυπόστατες κατά το δίκαιο της Λιβερίας, των νήσων Μάρσαλ και της Ελλάδας. Προφανώς αυτά και πιθανώς άλλα που ακόμη δεν γνωρίζουμε διατυπώνονται από τους αντιδίκους και αποστέλλονται στις τράπεζες, δημιουργώντας σοβαρότατα προβλήματα στη δεύτερη και τρίτη εξ ημών, ELETSON CORPORATION και ELETSON GAS, αλλά και σε εταιρίες που εκμεταλλεύονται τα 4 πλοία, ήτοι στις τέταρτη έως και έβδομη εξ᾽ ημών. **Καθίσταται δε πρόδηλο το έννομο συμφέρον όλων των αιτουσών εταιρών, όπως αιτηθούμε την παροχή προσωρινής δικαστικής προστασίας από το Δικαστήριό Σας, προς αποτροπή αμετάκλητων καταστάσεων σε βάρος ημών.**

### *IV. Διευκρίνηση αναφορικά με την Απόφαση του Αμερικανικού Πτωχευτικού Δικαστηρίου*

Δια της παρούσης αίτησης, οι αιτούσες δεν προτίθενται να δείξουν έλλειψη σεβασμού προς το Πτωχευτικό Δικαστήριο των Ηνωμένων Πολιτειών της Νότιας Περιφέρειας της Νέας Υόρκης ή προς την απόφασή του της 25ης Οκτωβρίου 2024 σχετικά με την αναδιάρθρωση της Eletson Holdings, Inc. (που συμμετέχει ως αιτούσα στην παρούσα, για την επίτευξη πλήρους δικαστικής προστασίας), ούτε προς οποιαδήποτε άλλη απόφαση του εν λόγω Δικαστηρίου. Ωστόσο, το Πτωχευτικό Δικαστήριο των Ηνωμένων Πολιτειών δεν έκρινε, ούτε είχε πρόθεση να κρίνει, την ισχύ ή την εκτελεστότητα των αποφάσεών του βάσει του ελληνικού δικαίου ή άλλων δικαίων εκτός ΗΠΑ. Ειδικότερα, οι ανωτέρω αποφάσεις έχουν τοπικά όρια εφαρμογής και προκειμένου να ισχύσουν στην Ελληνική έννομη τάξη και σε άλλες έννομες τάξεις εκτός των ΗΠΑ πρέπει να τύχουν αναγνωρίσεως με βάση το δίκαιο αυτών των εννόμων τάξεων.

Αντίθετα, οι καθ' ων στην υπόθεση αυτή είναι εκείνοι που έχουν δείξει έλλειψη σεβασμού και παραβιάζουν κατάφορα τις αποφάσεις του Δικαστηρίου των ΗΠΑ, δηλώνοντας ψευδώς και εσκεμμένα ότι οι αποφάσεις αυτές έχουν εφαρμογή σε δικαιοδοσίες εκτός των Ηνωμένων Πολιτειών, χωρίς την κατάλληλη αναγνώριση από τις εν λόγω δικαιοδοσίες. Οι καθ' ων ισχυρίζονται ψευδώς και εν γνώσει τους ότι έχουν εξουσία να ενεργούν εξ ονόματος της Eletson Holdings, Inc., αλλά και άλλων νομικών προσώπων (όπως οι 2η έως 7η αιτούσες) που δεν ήταν και ποτέ δεν υπήρξαν μέρη (διάδικοι) στη διαδικασία πτώχευσης στη Νέα Υόρκη και που δεν καλύπτονται από τις αποφάσεις του Δικαστηρίου των ΗΠΑ. Επιπλέον, επιδιώκουν να ασκήσουν αυτή την ανύπαρκτη εξουσία σε συναλλαγές με τρίτους που δεν γνωρίζουν τα ζητήματα, επιχειρώντας να παραπλανήσουν τα μέρη αυτά και, τουλάχιστον, να δημιουργήσουν σύγχυση και αμφιβολίες. Αυτές οι ενέργειες απειλούν τις αιτούσες με σοβαρή ζημία, συμπεριλαμβανομένης, αλλά όχι περιοριστικά, της πρόκλησης εμπλοκών σε τραπεζικούς λογαριασμούς και της παρεμπόδισης χρηματοοικονομικών και επιχειρηματικών σχέσεων, της τρομοκράτησης και παραπλάνησης υπαλλήλων στη στεριά και ναυτικών στη θάλασσα, της παρακώλησης πληρωμών από ναυλωτές.

Η δράση αυτή των καθ' ων, καθώς και άλλες παράνομες, παράτυπες και καταχρηστικές συμπεριφορές εκ μέρους τους που δεν παρουσιάσθηκαν στο Πτωχευτικό Δικαστήριο των ΗΠΑ και δεν εγκρίθηκαν ή εξουσιοδοτήθηκαν από αυτό, καθιστούν άκρως αναγκαία την κατάθεση της παρούσης αίτησης για την προάσπιση των νόμιμων δικαιωμάτων των αιτούντων έναντι των καθ' ων στην Ελληνική έννομη τάξη.

Αντίθετα, οι αντίδικοι παραβιάζουν κατάφωρα την από 20.12.2024 απόφαση του ίδιου δικαστού Mastando, με την οποία η μόνη εξουσία που δόθηκε στον Adam Spears σε δικαιοδοσία εκτός των ΗΠΑ ήταν να καταθέσει αιτήσεις στην Λιβερία και την Ελλάδα για την αναγνώριση της πτωχευτικής απόφασης του Δικαστηρίου, κάνοντας μάλιστα σαφές ότι αυτό δεν εμποδίζει (ούτε οι αντίδικοι

31

[EXHIBIT 1 - Page 89 of 99]




μπορούν να ισχυριστούν ότι εμποδίζει) ή περιορίζει οποιονδήποτε διάδικο να αμυνθεί κατά τη αναγνώρισης.

## V. Επικείμενος κίνδυνος

**1.** Από τη διάταξη του άρθρου 682 παρ. 1 του ΚΠολΔ προκύπτει ότι το Δικαστήριο προκειμένου να διατάξει τη λήψη ασφαλιστικού μέτρου πρέπει προηγουμένως να πιθανολογήσει ότι: [α] η προβαλλόμενη ως ασφαλιστέα αξίωση έχει γεννηθεί, δηλαδή ότι υφίστανται όλα τα κατά την διάταξη του ουσιαστικού νόμου, που κρίνεται in concreto εφορμοστέα, αναγκαία δικαιοπαραγωγικά γεγονότα της και [β] υπάρχει επείγουσα περίπτωση ή επικείμενος κίνδυνος, εξαιτίας των οποίων επιβάλλεται για την εξασφάλιση ή τη διατήρηση του δικαιώματος ή τη ρύθμιση της κατάστοσης να ληφθούν τα κατάλληλα συντηρητικά ή ρυθμιστικά μέσα προσωρινής προστασίας. Πρόκειται για δύο έννοιες που προφανώς δεν είναι ταυτόσημες, διότι διαφορετικά δεν θα είχαν θέση και οι δύο στο κείμενο του νόμου. Επείγουσα περίπτωση είναι η ύπαρξη επείγουσας ανάγκης να ενεργοποιηθεί προσωρινά η έννομη σχέση (έννομη συνέπεια) που αποτελεί την κύρια διαφορά. Με την έννοια αυτή **επείγουσα περίπτωση νοείται όταν ζητείται η προσωρινή επιδίκαση απαίτησης (άρθρα 728 επομ. ΚΠολΔ), καθώς και η προσωρινή ρύθμιση κατάστασης (άρθρο 731 επομ. ΚΠολΔ) και συντρέχει όταν υφίσταται ανάγκη προσωρινής απόλαυσης του ασφαλιστέου δικαιώματος από τον αιτούντα, επειδή με την πάροδο του χρόνου πρόκειται να επέλθει βλάβη οποιοσδήποτε φύσεως είτε στο υλικό αντικείμενο της απαίτησης είτε στο δικαιούχο αυτής. Επικείμενος κίνδυνος ανακύπτει όταν επίκειται ματαίωση του ασφαλιστέου δικαιώματος, οπότε η επέλευση αυτής πρέπει να αποτραπεί προκειμένου να μην καταστεί ανέφικτη η πραγμάτωση της ικανοποιήσεως του δανειστή με την επίσπευση αναγκαστικής εκτέλεσης μετά την τελεσίδικη περάτωση της διαγνωστικής δίκης.** Τέτοια περίπτωση αντιμετωπίζεται όταν πρέπει να διαταχθούν άλλα, πλην των ανωτέρω των άρθρων 728 και 731 ΚΠολΔ, ασφαλιστικά μέτρα. Όσον αφορά την ανωτέρω προϋπόθεση της συνδρομής επικείμενου κινδύνου ή επείγουσας περίπτωσης, για την πληρότητα της αίτησης ασφαλιστικών μέτρων, πρέπει να γίνεται σ` αυτήν, έστω και συνοπτικά, αναφορά των πραγματικών περιστατικών που πιθανολογούν τη συνδρομή του επικείμενου κινδύνου ή της επείγουσας περίπτωσης. Δεν αρκεί δηλαδή η αναφορά στη στερεότυπη διατύπωση του νόμου, αλλά απαιτείται παράθεση συγκεκριμένων, έστω και συνοπτικώς, περιστατικών του εννοιολογικού προσδιορισμού των προϋποθέσεων αυτών. Οι προϋποθέσεις παροχής προσωρινής δικαστικής προστασίας (επείγον και κίνδυνος) αποτελούν στην ουσία το έννομο συμφέρον του αιτούντος για τη λήψη του ασφαλιστικού μέτρου. Συνεπώς, χαρακτηρίζονται ως διαδικαστικές προϋποθέσεις της δίκης και, αν δεν πιθανολογηθεί η συνδρομή τους, η αίτηση ασφαλιστικών μέτρων θα απορριφθεί, όχι ως ουσιαστικά αβάσιμη αλλά ως απαράδεκτη.

**2.α.** Εν προκειμένω, ως εκτέθηκε αμέσως ανωτέρω, η όγδοη αιτούσα, δυνάμει μίας διαδικασίας μεθοδευμένης σε βάρος της τέθηκε σε κατάσταση αφερεγγυότητος από Δικαστήριο, το οποίο στερείτο της προς τούτο δικαιοδοσίας και παρά την έλλειψη οφειλής προς τους φερόμενους ως Πιστωτές της, με συνέπεια να κινδυνεύει να απωλέσει οριστικά την δυνατότητα διαχείρισης της περιουσίας της και των εν γένει εταιρικών της υποθέσεων, ως προκύπτει δε από τις όλως πρόσφατες, ολοένα συχνότερες ενέργειες των αντιδίκων προς τον σκοπό αυτόν, ο κίνδυνος να συμβεί τούτο είναι απολύτως εναργής. Τούτο μάλιστα την στιγμή όπου ο μόνος δε λόγος που κινήθηκε η σε βάρος της αυτή η διαδικασία ήταν, ως προελέχθη, η επιθυμία της Levona και των λοιπών, συνδεδεμένων με αυτή εταιρειών ή και φυσικών προσώπων, να αναστείλουν την ανοιγείσα από την Εταιρεία διαιτητική διαδικασία, ώστε να μην επιδικαστούν σε βάρος των καθ` ων στη σχετική (διαιτητική) προσφυγή αξιώσεις. Ειδικότερα, ως αναφέρθηκε ανωτέρω (υπό Α.7.3.), από πλήθος εγγράφων και όπως άλλωστε έχει κριθεί ήδη από τον

[EXHIBIT 1 - Page 90 of 99]



ε.τ. Δικαστή-Διαιτητή Ariel E. BELEN στην από 29.09.2023 οριστική διαιτητική απόφασή του, η συμπεριφορά της Levona, καθώς και των συνδεδεμένων με αυτήν εταιρειών Murchinson και Pach Shemen, για τις οποίες, μάλιστα, ο ως άνω Διαιτητής αναφέρει χαρακτηριστικά ότι «η καθεμία είναι alter ego της άλλης», έναντι της ELETSON HOLDINGS τυγχάνει παντελώς παράνομη, αντισυμβατική, καταχρηστική και παντελώς κακόπιστη.

Η κακόπιστη αυτή συμπεριφορά τους ήταν αυτή που οδήγησε στην καθ' όλα μεθοδευμένη από αυτούς πτώχευση της ELETSON HOLDINGS, η οποία αν και δικαιώνεται πανηγυρικά στην από 29.09.2023 Διαιτητική Απόφαση, βρέθηκε σε κατάσταση δήθεν εκούσιας πτώχευσης λόγω των παράνομων και καταχρηστικών ενεργειών των νυν πρώτης έως και τρίτης των καθ' ων και των λοιπών εταιρειών συμφερόντων τους.

**2.β.** Όμοιο δε κίνδυνο διατρέχουν και οι λοιπές αιτούσες και τούτο διότι η μεν πρώτη αιτούσα είναι μέτοχος της όγδοης αιτούσας, με συνέπεια τα οικονομικά της συμφέροντα είναι **άμεσα** και **άρρηκτα** συνδεδεμένα με την αυτόνομη λειτουργία της τελευταίας, και τα συμφέροντα αυτά θίγονται ευθέως καθώς το Τροποποιημένο Σχέδιο Αναδιάρθρωσης προβλέπει την ακύρωση («εξαΰλωση») των μετοχών που η ELAFONISSOS SHIPPING CORPORATION επί 40 συναπτά έτη κατέχει στην ELETSON HOLDINGS.

Απολύτως **άμεσα** και **άρρηκτα** συνδεδεμένα με την αυτόνομη λειτουργία της πρώτης αιτούσας είναι και τα οικονομικά συμφέροντα της δεύτερης και της τρίτης των αιτουσών, ως και των τέταρτης έως και έβδομης των αιτουσών, ως θυγατρικών της Εταιρίας που είναι εκείνες που εκμεταλλεύονται και τα 4 ανωτέρω αναφερόμενα πλοία πλοία, αφού οι αντίδικοι με όχημα τη δήθεν απόφαση της εκούσιας πτώχευσης της τελευταίας, προβαίνουν στη σύνταξη σωρείας ανυπόστατων Πρακτικών για λογαριασμό τους (Ιδ. ανωτέρω υπό Β.7.β.), προκειμένου να πάρουν de facto τον έλεγχο αυτών, ως εκτέθηκε αναλυτικά ανωτέρω στην παρούσα και καυχώνται σε τρίτους ότι ελέγχουν και αυτές τις εταιρίες, δημιουργώντας τεράστια προβλήματα στη λειτουργία τους.

**3.** Προς τον σκοπό διασφάλισης των συμφερόντων τους, οι νυν αιτούσες έχουν ασκήσει ενώπιον του Πολυμελούς Πρωτοδικείου Πειραιώς [Τακτική Διαδικασία – Τμήμα Ναυτικών Διαφορών την από 17.01.2025 με Γ.Α.Κ.1260/2025 και Ε.Α.Κ. 344/2025 αγωγή κατά των νυν καθ' ων, καθώς και κατά: 1. Της αλλοδαπής εταιρίας ειδικού σκοπού με την επωνυμία «VR Global Partners, L.P.», 2.Της αλλοδαπής εταιρίας ειδικού σκοπού με την επωνυμία «Alpine Partners (BVI), L.P.», 3. Της αλλοδαπής εταιρίας διαχείρισης κεφαλαίων με την επωνυμία «DuPont Capital Management» και 4. Της αλλοδαπής εταιρίας με την επωνυμία «Mulberry Street Ltd», , με αιτήματα μεταξύ των άλλων: (α) να αναγνωρισθεί ότι τόσο η εκδοθείσα στη Νέα Υόρκη από 25.10.2024 Απόφαση Εκούσιας Πτώχευσης (Chapter 11) που αφορά την ELETSON HOLDINGS Inc (του Πτωχευτικού Δικαστηρίου των ΗΠΑ - Νότιας Περιφέρειας της Νέα Υόρκης αποτελούμενου από τον Δικαστή John P. MASTANDO, όσο και η από 04.11.2024 Διάταξη του ίδιου ως άνω Πτωχευτικού Δικαστηρίου που επικυρώνει την άνω από 25.10.2024 Απόφαση Εκούσιας Πτώχευσης (Chapter 11) και το Τροποποιημένο Σχέδιο Αναδιάρθρωσης των Πιστωτών, δεν επιφέρουν οιαδήποτε συνέπεια ως προς την εν λόγω εταιρία στην Ελληνική έννομη τάξη, ούτε και τη δεσμεύουν, καθώς και ότι η ELETSON HOLDINGS ουδόλως έχει κηρυχθεί δυνάμει των ως άνω αποφάσεων σε καθεστώς πτώχευσης ή/και τεθεί σε οιασδήποτε μορφής εξυγίανση/αναδιάρθρωση, (β) να αναγνωρισθεί το ανυπόστατο των αποφάσεων των φερομένων νέων Δ.Σ. διοριζομένων στο πλαίσιο της άνω απόφασης του πτωχευτικού δικαστηρίου και (γ) να αναγνωρισθεί ότι τα εδώ καθ' ων φυσικά πρόσωπα ή οιοσδήποτε άλλος αντλεί ή ισχυρίζεται ότι αντλεί δικαιώματα από τις ανωτέρω αποφάσεις του Πτωχευτικού Δικαστηρίου της Νότιας Περιφέρειας της Νέας Υόρκης, δεν δικαιούται να εκπροσωπεί ή να ισχυρίζεται (καυχάται) ότι εκπροσωπεί οιοιαδήποτε από τις αιτούσες ή οιαιαδήποτε θυγατρική τους εταιρία, ούτε να προβαίνει σε οιοιεσδήποτε πράξεις διοίκησης ή διαχείρισης αυτών.

33

[EXHIBIT 1 - Page 91 of 99]

**4.** Με βάση τα αμέσως ανωτέρω εκτεθέντα, προκύπτει ότι η κακόπιστη και προκλητική συμπεριφορά και οι αυθαίρετες ενέργειες των νυν καθ᾽ ων, οι οποίες έχουν κλιμακωθεί κατά το διάστημα των τελευταίων ημερών, προκαλώντας πλέον ουσιαστική ζημία στις νυν αιτούσες, αφού από τις ενέργειες αυτές των καθ᾽ ων παρακωλύεται η ομαλή λειτουργία ημών και ταυτόχρονο επαπειλείται η πρόκληση εις ημάς ανεπανόρθωτης οικονομικής ζημίας, την επέλευση της οποίας δεν δυνάμεθα να αποτρέψουμε άλλως, πλην μέσω της προσφυγής στο Δικαστήριό Σας, ώστε να τύχουμε της προστασίας που απαιτείται έως ότου διαγνωσθεί οριστικώς, δια της εκδοθησόμενης αποφάσεως του Πολυμελούς Πρωτοδικείου Πειραιώς επί της ανωτέρω ασκηθείσας αγωγής, η αγόμενη δια του παρόντος ενώπιόν Σας διαφορά.

Συμπερασματικά, έχει καταστεί πλέον επιτακτική η ανάγκη παροχής προσωρινής δικαστικής προστασίας στις νυν αιτούσες, ώστε να δύνανται αφενός μεν να διοικήσουν ομαλά τις επιχειρήσεις τους και να προασπίσουν τα συμφέροντά τους στις ήδη ανοιγείσες δικαστικές αντιδικίες, εντός και εκτός των συνόρων της χώρας, αφετέρου δε να μην υποστούν περαιτέρω οικονομική ζημία εκ των σε βάρος τους αυθαίρετων και κακόπιστων ενεργειών των νυν καθ᾽ ων.

## VI. Το αιτούμενο ασφαλιστικό μέτρο

**1.α.** Σύμφωνα με τη **διάταξη του άρθρου 731 του ΚΠολΔ το Δικαστήριο δικαιούται να διατάξει ως ασφαλιστικό μέτρο την ενέργεια, παράλειψη ή ανοχή ορισμένης πράξεως από αυτόν κατά του οποίου στρέφεται η αίτηση**, ενώ, κατά τη διάταξη του άρθρου 732 του ίδιου Κώδικα, το Δικαστήριο δικαιούται να διατάξει ως ασφαλιστικό μέτρο και κάθε άλλο μέτρο που, κατά τις περιστάσεις, είναι κατά την κρίση του πρόσφορο για την εξασφάλιση ή διατήρηση του δικαιώματος ή για τη ρύθμιση καταστάσεως. Η προσωρινή ρύθμιση κατάστασης δεν αποτελεί ασφαλιστικό μέτρο με προκαθορισμένο περιεχόμενο, αλλά το πλαίσιο για τη λήψη πρόσφορων μέτρων (692 παρ.1 ΚΠολΔ), με τα οποία ορισμένη κατάσταση (682 ΚΠολΔ) που έχει διαμορφωθεί ή τείνει να διαμορφωθεί στις έννομες σχέσεις των διαδίκων, αντιμετωπίζεται προσωρινά, ωσότου κριθούν οριστικά οι έννομες σχέσεις τους, ως προς τις οποίες έχει προκύψει έριδα κι εφόσον υπάρχει άμεση και πιεστική ανάγκη (επείγουσα περίπτωση) να ενεργοποιηθούν ως τότε ή ανάλογα να αδρανοποιηθούν εν όλω ή εν μέρει, για να αποφευχθεί η δημιουργία αμετάκλητων ή δυσβάστακτων συνεπειών ως προς το πιθανολογούμενο αποτέλεσμα της κύριας δίκης. Στη βάση, δηλαδή, της ρυθμιστέας κατάστασης πρέπει να υπάρχει ορισμένο δικαίωμα που προσβλήθηκε ή κινδυνεύει να προσβληθεί ή έννομη σχέση του ουσιαστικού δικαίου, γι᾽ αυτό δεν αποτελούν αντικείμενο ρύθμισης απλές πραγματικές καταστάσεις. Υπό την έννοια αυτή η προσωρινή ρύθμιση κατάστασης καλύπτεται από τα άρθρα 731-736 ΚΠολΔ και έχει ευρύτερο περιεχόμενο από απλή εξασφάλιση ή διατήρηση και διατάσσονται με μέτρα ρυθμιστικού χαρακτήρα, αφού μπορεί να αφορά και κάθε άλλου είδους ρύθμιση, με την οποία εξυπηρετούνται οι ανεπίδεκτες αναβολής έννομες σχέσεις των διαδίκων και παράλληλα εμπεδώνεται η δικαιική ειρήνη. Στο πλαίσιο αυτό το άρθρο 731 προβλέπει ως πρόσφορο ασφαλιστικό μέτρο, με το οποίο εκδηλώνεται η ρυθμιστική επέμβαση του δικαστηρίου, την επιβολή υποχρέωσης για ενέργεια, παράλειψη ή ανοχή ορισμένης πράξης. Αιτών μπορεί να είναι οποιοσδήποτε ισχυρίζεται διατάραξη στις έννομες σχέσεις του με τον αντίδικό του. Η προβλεπόμενη στο άρθρο 731 ΚΠολΔ πράξη πρέπει να τελεί σε αντιστοιχία με τη διατάραξη και τα όρια της ουσιαστικής αξίωσής του. Στην ουσία η ρύθμιση του άρθρου 731 ΚΠολΔ αποτελεί προσωρινή επιδίκαση της αντίστοιχης αξίωσης προς ενέργεια, παράλειψη ή ανοχή πράξης. Το είδος της διατάραξης στις έννομες σχέσεις των διαδίκων είναι αδιάφορο και μπορεί να προέρχεται από όλο το φάσμα των ουσιαστικών εννόμων σχέσεων τους, σε οποιοδήποτε κλάδο του δικαίου κι αν εντάσσονται, αρκεί να υπάρχει δικαιοδοσία των πολιτικών δικαστηρίων (ΜονΠρωτΑθ 7591/2022 Νόμος, ΜονΠρωΠατρ 1167/2022 Νόμος, ΜονΠρωΠειρ 1/2019

34

[EXHIBIT 1 - Page 92 of 99]



ΕλλΔνη 2019.1702, ΜονΠρωτΡοδ 148/2018 Νόμος, ΜονΠρωτΣπάρτ 66/2018 NoB 2018.1473, ΜονΠρωτΗρακλ 195/2017 Νόμος) [**ΜΠΡ ΡΟΔΟΥ 288/2024, ΤΝΠ ΝΟΜΟΣ**].

**1.β.** Σύμφωνα δε με το άρθρο 691Α του ΚΠολΔ, όπως εισήχθη με τον ν. 4335/2015, καθιερώνεται η δυνατότητα έκδοσης προσωρινής διαταγής από το Δικαστήριο, μετά από αίτηση διαδίκων ή αυτεπαγγέλτως από το Δικαστήριο μέχρι την έκδοση απόφασης επί της αίτησης λήψης ασφαλιστικού μέτρου. Η έκδοση της προσωρινής διαταγής αποσκοπεί στη θεραπεία της ανάγκης μιας απολύτως προσωρινής προστασίας, όταν η προσωρινή προστασία που παρέχουν τα ασφαλιστικά μέτρα δεν επαρκεί, λόγω ιδιαίτερα επείγουσας περίπτωσης ή επικείμενου άμεσου κινδύνου, για την αποτροπή ανεπανόρθωτης βλάβης που θα μπορούσε να επέλθει έως την έκδοση της απόφασης των ασφαλιστικών μέτρων. Αρμόδιο για την έκδοση της προσωρινής διαταγής είναι το Δικαστήριο, στο οποίο εκκρεμεί η αίτηση ασφαλιστικών μέτρων και αν ακόμη αυτό είναι αναρμόδιο **(ΜΠ ΟΕΣΣ/ΚΗΣ 12256/2019·ΤΝΠ ΝΟΜΟΣ).**

**2.** Εν προκειμένω, με βάση τα αναλυτικά εκτεθέντα στην παρούσα, νόμιμη συντρέχει περίπτωση να απαγορευθεί από το Δικαστήριό Σας εις ένα έκαστο των τέταρτου έως και όγδοου των νυν καθ' ων, ως και στους εμφανιζόμενους ως εκπροσώπους απάντων των καθ' ων, καθώς και σε οιοδήποτε άλλο πρόσωπο αντλεί ή ισχυρίζεται ότι αντλεί δικαιώματα από τις ιστορούμενες στην παρούσα αποφάσεις του Πτωχευτικού Δικαστηρίου της Νότιας Περιφέρειας της Νέας Υόρκης:

**(i)** Να εκπροσωπούν ή να ισχυρίζονται (καυχώνται) ότι εκπροσωπούν οποιαδήποτε από τις αιτούσες ή οποιαδήποτε θυγατρική τους εταιρία,

**(ii)** Να προβαίνουν σε οποιεσδήποτε πράξεις διοίκησης ή διαχείρισης αυτών,

**(iii)** Να κάνουν χρήση της άκρως παραπλανητικής διεύθυνσης @eletsonholdings.com που κατασκεύασαν οι καθ' ων η παρούσα, με βάση τα αναλυτικά εκτεθέντα στην παρούσα,

**(iv)** Να ισχυρίζονται ότι άλλαξαν τα διοικητικά συμβούλια των αιτουσών,

**(v)** Να επιχειρούν να καταχωρίσουν τέτοιες αλλαγές σε οποιαδήποτε αρχή και ιδίως στην υπηρεσία μητρώου ναυτικών εταιρειών του Υπουργείου Ναυτιλίας και Νησιωτικής Πολιτικής ή στην υπηρεσία εταιρειών εγκατεστημένων με το άρθρο 25 Ν.27/1975 του ως άνω υπουργείου ή για τις Λιβεριανές εταιρείες στο Liberian International Ship and Corporate Registry (LISCR) (το οποίο διαθέτει γραφείο στην Ελλάδα με την επωνυμία LISCR HELLAS Μονοπρόσωπη Ανώνυμη Εταιρεία Παροχής Υπηρεσιών επί Ναυτιλιακών Θεμάτων και Εταιρειών) και για τις εταιρίες των Νήσων Μάρσαλ στα International Registries, Inc (IRI) (που διαθέτουν γραφείο στην Ελλάδα με την επωνυμία INTERNATIONAL REGISTRIES LLC HELLAS ΜΟΝΟΠΡΟΣΩΠΗ ΕΠΕ).

Να διαταχθούν δε οι καθ' ων η παρούσα με την εκδοθησόμενη απόφαση του Δικαστηρίου Σας επί της παρούσας να απόσχουν από άπαντα τα ανωτέρω έως την έκδοση τελεσίδικης αποφάσεως επί της από 17.01.2025 με Γ.Α.Κ.1260/2025 και Ε.Α.Κ. 344/2025 ασκηθείσας αγωγής των νυν αιτούσων ενώπιον του Πολυμελούς Πρωτοδικείου Πειραιώς [Τακτική Διαδικασία – Τμήμα Ναυτικών Διαφορών], στρεφόμενης, μεταξύ άλλων, κατά των νυν καθ' ων η παρούσα, απειλούμενης σε βάρος των καθ' ων, ήτοι κατά των εκπροσώπων των πρώτης έως και τρίτης και των ένατης έως και ενδέκατης αυτών, καθώς και κατά των τέταρτου έως και όγδοου αυτών, χρηματικής ποινής, ύψους πέντε χιλιάδων (5.000) ευρώ, καθώς και προσωπικής κράτησης (3) τριών μηνών, και τούτα για κάθε παράβαση του διατακτικού της εκδοθησόμενης απόφασης του Δικαστηρίου Σας επί της παρούσας αιτήσεως.

[EXHIBIT 1 - Page 93 of 99]

# ɔιc

**VII.**

**Επειδή** οι αποφάσεις του ανωτέρω Πτωχευτικού Δικαστηρίου της Νότιας Περιφέρειας της Νέας Υόρκης[6] δεν έχουν αναγνωριστεί στην Ελλάδα, ούτε συντρέχουν οι προϋποθέσεις αναγνώρισής τους, οι καθών και ιδίως τα καθών φυσικά πρόσωπα (ήτοι οι 4ος έως και 8ος των νυν καθ᾽ ων) ή οποιοσδήποτε άλλος αντλεί ή ισχυρίζεται ότι αντλεί δικαιώματα από τις ανωτέρω αποφάσεις του Πτωχευτικού Δικαστηρίου της Νότιας Περιφέρειας της Νέας Υόρκης, δεν δικαιούται να εκπροσωπεί ή να ισχυρίζεται (καυχάται) ότι εκπροσωπεί οποιαδήποτε από τις νυν αιτούσες ή οποιαδήποτε θυγατρική τους εταιρία, ούτε να προβαίνει σε οποιεσδήποτε πράξεις διοίκησης ή διαχείρισης αυτών, ούτε να ισχυρίζεται ότι άλλαξε τα διοικητικά συμβούλια αυτών, ούτε να επιχειρεί να καταχωρίσει τέτοιες αλλαγές σε οποιαδήποτε αρχή και ιδίως στην υπηρεσία μητρώου ναυτικών εταιρειών του Υπουργείου Ναυτιλίας και Νησιωτικής Πολιτικής ή στην υπηρεσία εταιρειών εγκατεστημένων με το άρθρο 25 Ν.27/1975 του ίδιου νηολογίου ή για τις Λιβεριανές εταιρείες στο Liberian International Ship and Corporate Registry (LISCR)(το οποίο διαθέτει γραφείο στην Ελλάδα με την επωνυμία LISCR HELLAS Μονοπρόσωπη Ανώνυμη Εταιρεία Παροχής Υπηρεσιών επί Ναυτιλιακών Θεμάτων και Εταιρειών) και για τις εταιρίες των Νήσων Μάρσαλ στα International Registries, Inc (IRI) (που διαθέτουν γραφείο στην Ελλάδα με την επωνυμία INTERNATIONAL REGISTRIES LLC HELLAS ΜΟΝΟΠΡΟΣΩΠΗ ΕΠΕ).

**Επειδή** η παρούσα αίτησή μας είναι παραδεκτή, νόμω και ουσία βάσιμη.

**Επειδή** συντρέχει εν προκειμένω, με βάση τα αναλυτικά εκτεθέντα στην παρούσα, επείγουσα περίπτωση να χορηγηθεί από το Δικαστήριό Σας, κατά την ορισθείσα ενώπιόν του συζήτηση της παρούσας αιτήσεως, προσωρινή διαταγή, κατ᾽ άρθρο 691Α ΚΠολΔ, δυνάμει της οποίας να διατάσσονται οι καθ᾽ ων η παρούσα να απόσχουν από άπαντα τα ανωτέρω εκτεθέντα [υπό V.2. (i) έως και (v)], έως την έκδοση της απόφασης του Δικαστηρίου Σας επί της παρούσας αιτήσεως, ώστε να αποτραπεί η επέλευση ανεπανόρθωτης βλάβης στις αιτούσες ως το χρονικό αυτό σημείο.

**Επειδή** το Δικαστήριό Σας είναι αρμόδιο σύμφωνα με το Άρθρο 51 του Ν. 2172/1993, διότι η ένδικη διαφορά αφορά ναυτιλιακές εταιρίες, πλοιοκτήτριες πλοίων και ναυλώτριες πλοίων γυμνών, και το Δικαστήριο θα πρέπει να κρίνει και ζητήματα που αφορούν ή συνδέονται με το θαλάσσιο εμπόριο, τη χρησιμοποίηση, λειτουργία ή εκμετάλλευση πλοίων.

**Επειδή** οι ισχυρισμοί μας θα αποδειχθούν ενώπιον του Δικαστηρίου Σας, με έγγραφα και μάρτυρες.

**Επειδή** δια του παρόντος δηλώνουμε ότι παραιτούμαστε από το δικόγραφο της από 10.2.2025, με Γ.Α.Κ. 3304/2025 και Ε.Α.Κ. 190/2025, αιτήσεω ασφαλιστικών μέτρων ημών ενώπιον του Δικαστηρίου Σας.

---

[6] Ήτοι η εκδοθείσα στη Νέα Υόρκη από 25.10.2024 Απόφαση Εκούσιας Πτώχευσης (Chapter 11) σχετικά με την ήδη όγδοη αιτούσα ELETSON HOLDINGS (και σχετικά με τις άλλες δύο εταιρίες που δεν είναι διάδικοι στην παρούσα δίκη) του Πτωχευτικού Δικαστηρίου των ΗΠΑ – Νότιας Περιφέρειας της Νέας Υόρκης αποτελούμενου από τον Δικαστή John P. MASTANDO, όσο και η από 04.11.2024 Διάταξη του ίδιου ως άνω Πτωχευτικού Δικαστηρίου που επικυρώνει την από 25.10.2024 Απόφαση Εκούσιας Πτώχευσης (Chapter 11) της ήδη όγδοης αιτούσας ELETSON HOLDINGS (και δύο άλλων εταιριών που δεν είναι διάδικοι στην παρούσα δίκη) και το Τροποποιημένο Σχέδιο Αναδιάρθρωσης των Πιστωτών και οποιαδήποτε άλλη απόφαση έχει τυχόν εκδοθεί από το ίδιο Δικαστήριο,

[EXHIBIT 1 - Page 94 of 99]



**Επειδή** προσάγουμε τα με αριθ. Π558651̇9./2025 και Π5585911/2025 Γραμμάτια Προκαταβολής Εισφορών του Δ.Σ.Α. του άρθρου 61 του Ν. 4194/2013, για τους υπογράφοντες την παρούσα πληρεξουσίους δικηγόρους μας.

### ΓΙΑ ΤΟΥΣ ΛΟΓΟΥΣ ΑΥΤΟΥΣ

και για όσους λόγους θα προσθέσουμε κατά τη συζήτηση της παρούσας,

με τη ρητή επιφύλαξη κάθε δικαιώματός μας.

### ΑΙΤΟΥΜΕΘΑ

- Να γίνει δεκτή η παρούσα αίτησή μας.

- Να διαταχθούν, κατ᾽ άρθρο 731 επ. ΚΠολΔ ασφαλιστικά μέτρα σε βάρος των καθών και δη <u>να απαγορευθεί από το Δικαστήριό Σας ιδίως εις ένα έκαστο των τέταρτου έως και όνδοου των νυν καθ᾽ ών, και στους εμφανιζόμενους ως εκπροσώπους απάντων των καθ᾽ ων, καθώς και σε οιοδήποτε άλλο πρόσωπο αντλεί ή ισχυρίζεται ότι αντλεί δικαιώματα από τις ιστορούμενες στην παρούσα αποφάσεις του Πτωχευτικού Δικαστηρίου της Νότιας Περιφέρειας της Νέας Υόρκης:</u>

**(i)** Να εκπροσωπούν ή να ισχυρίζονται (καυχώνται) ότι εκπροσωπούν οποιαδήποτε από τις αιτούσες ή οποιαδήποτε θυγατρική τους εταιρία,

**(ii)** Να προβαίνουν σε οποιεσδήποτε πράξεις διοίκησης ή διαχείρισης αυτών,

**(iii)** Να κάνουν χρήση της άκρως παραπλανητικής διεύθυνσης @eletsonholdings.com που κατασκεύασαν οι καθ᾽ ων η παρούσα, με βάση τα αναλυτικά εκτεθέντα στην παρούσα,

**(iv)** Να ισχυρίζονται ότι άλλαξαν τα διοικητικά συμβούλια των αιτουσών,

**(v)** Να επιχειρούν να καταχωρίσουν τέτοιες αλλαγές σε οποιαδήποτε αρχή και ιδίως στην υπηρεσία μητρώου ναυτικών εταιρειών του Υπουργείου Ναυτιλίας και Νησιωτικής Πολιτικής ή στην υπηρεσία εταιρειών εγκατεστημένων με το άρθρο 25 Ν.27/1975 του ως άνω υπουργείου ή για τις Λιβεριανές εταιρείες στο Liberian International Ship and Corporate Registry (LISCR) (το οποίο διαθέτει γραφείο στην Ελλάδα με την επωνυμία LISCR HELLAS Μονοπρόσωπη Ανώνυμη Εταιρεία Παροχής Υπηρεσιών επί Ναυτιλιακών Θεμάτων και Εταιρειών) και για τις εταιρίες των Νήσων Μάρσαλ στα International Registries, Inc (IRI) (που διαθέτουν γραφείο στην Ελλάδα με την επωνυμία INTERNATIONAL REGISTRIES LLC HELLAS ΜΟΝΟΠΡΟΣΩΠΗ ΕΠΕ),

- Να διαταχθούν δε οι καθ᾽ ων η παρούσα με την εκδοθησόμενη απόφαση του Δικαστηρίου Σας επί της παρούσας να απόσχουν από άπαντα τα ανωτέρω έως την έκδοση τελεσίδικης αποφάσεως επί της από 17.01.2025 με Γ.Α.Κ.1260/2025 και Ε.Α.Κ. 344/2025 ασκηθείσας αγωγής των νυν αιτούσων ενώπιον του Πολυμελούς Πρωτοδικείου Πειραιώς [Τακτική Διαδικασία – Τμήμα Ναυτικών Διαφορών], στρεφόμενης, μεταξύ άλλων, κατά των νυν καθ᾽ ων η παρούσα.

-Να απειληθεί σε βάρος των καθ᾽ ων, ήτοι κατά των εκπροσώπων των πρώτης έως και τρίτης και των ένατης έως και ενδέκατης αυτών, καθώς και κατά των τέταρτου έως και όγδοου αυτών, χρηματική ποινή, ύψους πέντε χιλιάδων (5.000) ευρώ και προσωπική κράτηση (3) τριών μηνών, και

37

[EXHIBIT 1 - Page 95 of 99]



τούτα για κάθε παράβαση του διατακτικού της εκδοθησόμενης απόφασης του Δικαστηρίου Σας επί της παρούσας αιτήσεως.

- Να διαταχθούν τα ανωτέρω με προσωρινή διαταγή του Δικαστηρίου Σας, χορηγηθησόμενη κατά τη συζήτηση της παρούσας αιτήσεως, έως και την έκδοση απόφασης επ᾽ αυτής.

- Να καταδικασθούν οι αντίδικοι εις ολόκληρον στη δικαστική δαπάνη και στην αμοιβή των πληρεξουσίων δικηγόρων των αιτούντων.

Αθήνα, 19 Φεβρουαρίου 2025

Οι Πληρεξούσιοι Δικηγόροι

Κ. ΘΑΚΑΛΑΒΡΟΣ ΔΙΚΗΓΟΡΙΚΗ ΕΤΑΙΡΕΙΑ
Χ. Π. ΦΙΛΙΟΣ - Θ. Θ. ΚΛΟΥΚΙΝΑΣ
ΒΡΑΝΑ 19 - ΑΘΗΝΑ 115 25
Τ. 2103696700 Φ. 2103698750
ΠΑΝΑΓΙΩΤΑ Α. ΚΙΟΥΣΗ, ΔΙΚΗΓΟΡΟΣ
E: kiousi@calavros.gr

Κ. Φ. ΚΛΑΔΑΒΡΟΣ ΔΙΚΗΓΟΡΙΚΗ ΕΤΑΙΡΕΙΑ
Χ. Π. ΦΙΛΙΟΣ / Θ. Θ. ΚΛΟΥΚΙΝΑΣ
ΒΡΑΝΑ 19 - ΑΘΗΝΑ 115 25
Τ. 2103698700 Φ. 2103698750
ΘΕΜΙΣΤΟΚΛΗΣ Θ. ΚΛΟΥΚΙΝΑΣ, ΔΙΚΗΓΟΡΟΣ
E: kloukinas@calavros.gr

38

[EXHIBIT 1 - Page 96 of 99]



**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ**
ΠΡΩΤΟΔΙΚΕΙΟ ΠΕΙΡΑΙΑ

### ΕΚΘΕΣΗ ΚΑΤΑΘΕΣΗΣ ΔΙΚΟΓΡΑΦΟΥ

Είδος Δικογράφου: ΑΙΤΗΣΗ
Γενικός Αριθμός Κατάθεσης: 4213/2025
Ειδικός Αριθμός Κατάθεσης: 244/2025

Στο ΠΡΩΤΟΔΙΚΕΙΟ ΠΕΙΡΑΙΑ σήμερα την 19-02-2025 ημέρα Τετάρτη και ώρα 13:47 εμφανίσθηκε στη Γραμματεία η δικηγόρος ΚΙΟΥΣΗ ΠΑΝΑΓΙΩΤΑ με ΑΜ: 030165 του Δ.Σ. ΑΘΗΝΩΝ και κατέθεσε το παραπάνω δικόγραφο.

Για την πράξη αυτή συντάχθηκε η έκθεση αυτή που υπογράφεται νόμιμα.

Η Καταθέσασα

ΚΙΟΥΣΗ ΠΑΝΑΓΙΩΤΑ

Η Γραμματέας

ΔΕΔΕ ΣΟΦΙΑ

### ΠΡΑΞΗ ΟΡΙΣΜΟΥ ΣΥΖΗΤΗΣΗΣ

Διαδικασία: ΑΣΦΑΛΙΣΤΙΚΩΝ ΜΕΤΡΩΝ
Έκθεμα: ΠΙΝΑΚΙΟ ΑΣΦΑΛΙΣΤΙΚΩΝ ΜΕΤΡΩΝ

με Αριθμό Εκθέματος: 5

Ορίζουμε ως χρόνο συζήτησης την 14-03-2025, ημέρα Παρασκευή και ώρα 09:30 στο ακροατήριο του ΠΡΩΤΟΔΙΚΕΙΟΥ ΠΕΙΡΑΙΑ , οδός Σκουζέ 3-5, Γ΄ όροφος, Αίθουσα 303 με τον όρο να επιδοθεί αντίγραφο της αίτησης και της πράξης αυτής ΔΕΚΑ (10) ημέρες πριν από τη συζήτηση με επιμέλεια των αιτουσών μέσω email στις διευθύνσεις των καθ' ων που διαλαμβάνονται στην αίτηση, πλην 8$^{ου}$, 9$^{ης}$, 10$^{ης}$, 11$^{ης}$, που θα υλοποιηθεί με επίδοση μέσω δικαστικού επιμελητή.

ΠΕΙΡΑΙΑΣ, 19-02-2025
Η Δικαστής

ΣΤΑΥΓΙΑΝΟΥΔΑΚΗ ΕΛΕΑΝΑ
**ΑΚΡΙΒΕΣ ΑΝΤΙΓΡΑΦΟ**
ΠΕΙΡΑΙΑΣ, 19/02/2025
Ο/Η Γραμματέας

ΔΕΔΕ ΣΟΦΙΑ

[EXHIBIT 1 - Page 97 of 99]



[EXHIBIT 1 - Page 98 of 99]



# Apostille - Επισημείωση

### Convention de la Haye du 5 Octobre 1961
### Σύμβαση της Χάγης της 5 Οκτωβρίου 1961

1. Χώρα: Ελλάδα
   Pays: Grèce

   Το παρόν δημόσιο έγγραφο
   Le présent acte public

2. έχει υπογραφεί από την ΣΟΦΙΑ ΔΕΔΕ
   a été signé par SOFIA DEDE

3. που ενήργησε με την ιδιότητα της Γραμματέως του Πρωτοδικείου Πειραιώς
   agissant en qualite de Greffier du Tribunal de Premiere Instance du Piree

4. φέρει τη σφραγίδα/επίσημα του Πρωτοδικείου Πειραιώς
   est revetu du sceau/timbre du Tribunal de Premiere Instance du Piree



Η βεβαίωση χορηγείται/attesté

5. (τόπος) Πειραιάς                6. (ημερομηνία) 25/02/2025
   au Pirée                          le          25/02/2025

7. από το Πρωτοδικείο Πειραιώς
   par le Tribunal de Première Instance du Pirée

8. με αριθμό  299/2025
   sous No     299/2025

9. Σφραγίδα/επίσημα                      10. Υπογραφή
   Sceau/timbre                             Signature

   Ο Πρόεδρος του Τριμελούς Συμβουλίου
   Διεύθυνσης του Πρωτοδικείου Πειραιώς
   και α/α
   Le Chef du Tribunal de Première
   Instance du Pirée et en son absence

   ΚΑΛΤΑΚΗΣ ΕΛΕΥΘΕΡΙΟΣ
   Πρόεδρος Πρωτοδικών
   KALTAKIS ELEFTHERIOS
   President des Juges de Premiere Instance



Αυτή η επισημείωση πιστοποιεί μόνο την υπογραφή, την ιδιότητα του υπογράφοντος και τη σφραγίδα, που φέρει το έγγραφο. Δεν πιστοποιεί το περιεχόμενο του εγγράφου, για το οποίο εκδόθηκε.
Cette apostille ne certifie que la signature, la qualité en laquelle le signataire de l' acte a agi et le sceau ou le timbre dont cet acte est revêtu. Elle ne certifie pas le contenu du document pour lequel elle a été émise.

[EXHIBIT 1 - Page 99 of 99]

<u>**EXHIBIT 2**</u>

**Known Additional Unauthorized Foreign Actions
Initiated by Holdings' Former Directors, Officers, and Shareholders**

| CLAIMANTS | DEFENDANTS | COURT | CASE NUMBER | FILING DATE | TYPE OF PROCEDURE | HEARING DATE |
|---|---|---|---|---|---|---|
| 1) Elafonissos Shipping Corporation, 2) Keros Shipping Corporation | N/A | Piraeus Single-Member Court of First Instance | 16655/1823/2024 | 11/11/24 | Petition for the Appointment of Provisional Board | 4/2/25 |
| 1) Eletson Gas LLC, 2) Fentalon Limited, 3) Apargo Limited, 4) Desimusco Trading Limited | 1) Lenova Holdings Ltd, 2) Pach Shemen LLC, 3) Murchinson Ltd | Piraeus Single-Member Court of First Instance | 18551/8368/2024 | 11/28/24 | Petition for Recognition of The Arbitration Award In Order to Be Executable In Greece | 6/3/25 |
| 1) Eletson Holdings Inc., 2) Elafonissos Shipping Corporation, 3) Eletson Corporation, 4) Eletson Gas LLC, 5) Kastos SME, 6) Kinaros SME, 7) Kimolos II SME, 8) Fourni SME | 1) Pach Shemen LLC, 2) VR Global Partners LP, 3) Alpine Partners (BVI) LP, 4) Dupont Capital Management, 5) Lenova Holdings Ltd, 6) Mulberry Street Ltd, 7) Murchinson Ltd, 8) Adam Spears, 9) Leonard Hoskinson, et al. | Piraeus Multi-Member Court of First Instance | 1260/344/2025 | 1/17/25 | Petition for an Order that Confirmation Decision and Order, do not have any consequence with respect to Holdings in the Greek legal system, nor do they bind it, and that Holdings has in no way been declared bankrupt and/or placed in any form of reorganization/restructuring by the Confirmation Decision and Order | TBD |
| 1) Eletson Holdings Inc., 2) Elafonissos Shipping Corporation, 3) Keros Shipping Corporation | Eletson Holdings Inc. | Athens Multi-Member Court of First Instance | 26019/46/2025 | 2/4/25 | Intervention for Overruling of The Petition Seeking Recognition In Greece | 3/19/25 |
| 1) Eletson Holdings Inc., 2) Elafonissos Shipping Corporation, 3) Eletson Corporation, 4) Eletson Gas LLC, 5) Kastos SME, 6) Kinaros SME, 7) Kimolos II SME, 8) Fourni SME | 1) Pach Shemen LLC, 2) Lenova Holdings Ltd, 3) Murchinson Ltd, 4) Adam Spears, 5) Leonard Hoskinson, 6) Mark Lichtenstein, 7) Marc Bistricer, 8) Ion Varouxakis, et al. | Piraeus Single-Member Court of First Instance | 4213/244/2025 | 2/19/25 | Petition Against All Defendants For An Order to Refrain From Acting As Eletson Holdings Inc. and All Other Companies Under Sanctions | 3/14/25 |