UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
In re: : Chapter 11
:
ELETSON HOLDINGS INC., et al., : Case No. 23-10322 (JPM)
:
Debtors.[1] : (Jointly Administered)
---------------------------------------------------------------x

# AMENDED ORDER (I) AUTHORIZING ADAM SPEARS TO ACT AS FOREIGN REPRESENTATIVE OF REORGANIZED HOLDINGS AND (II) GRANTING RELATED RELIEF

Upon the motion [Docket No. 1269] (the "Motion")[2] filed on November 25, 2024 of Eletson Holdings Inc., the reorganized debtor in its above-captioned Chapter 11 proceeding ("Holdings"), for entry of an order (this "Order"), authorizing, but not directing Adam Spears to act on behalf of Holdings to (a) seek recognition of the Chapter 11 Case in any foreign jurisdiction, as necessary, as well as any of the orders entered by the Bankruptcy Court in the Chapter 11 Case, including but not limited to the Confirmation Order, and (b) upon recognition, seek any other appropriate relief that is just and proper in furtherance of the protection of Holdings, all as set forth more fully in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and no other or further

---

[1] The Debtors in these cases are: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC. The Debtors' mailing address is c/o Eletson Maritime, Inc., 1 Landmark Square, Suite 424, Stamford, Connecticut 06901.

[2] Capitalized terms used herein but not otherwise defined herein shall have the meaning ascribed to it in the Motion.

notice need be provided; and the Court having reviewed the Motion and heard the statements of counsel at the hearing on the Motion held on December 16, 2024 (the "Hearing"); and the Court having entered the Foreign Representative Order on December 20, 2024 [Docket No. 1326] (the "Original Foreign Representative Order"); and the Court having determined that the legal and factual bases set forth in the Motion and at the record of the Hearing establish just cause for the relief granted herein; and the Court having determined that the relief requested is in the best interests of Holdings, the creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion is hereby GRANTED as set forth herein. For the avoidance of doubt, this Order amends, supersedes and replaces in its entirety the Original Foreign Representative Order.

2. The Chapter 11 Case constitutes "foreign proceedings" as that term is used in Article II(a) of the Model Law on Cross-Border Insolvency adopted by the United Nations Commission on International Trade Law.

3. Pursuant to section 1505 of the Bankruptcy Code, Mr. Spears (the "Foreign Rep.") is hereby authorized to act as the sole "foreign representative" on behalf of Holdings in any and all foreign jurisdictions. As foreign representative, the Foreign Rep. shall be authorized and shall have the power to act in any way, including seeking (or supporting any applications seeking) recognition of this Chapter 11 Case in any other country that Holdings determines is appropriate.

4. Any court, tribunal, regulatory body, or administrative body having jurisdiction over Holdings[3] in any country in which the Foreign Rep. may seek to recognize this Chapter 11 Case is hereby respectfully requested (a) to grant representative status to the Foreign Rep. in any foreign proceeding, (b) to issue such orders and to provide such assistance to the Foreign Rep. as the foreign representative of Holdings, and an officer of this Court, as may be necessary or desirable to give effect to this Order and all applicable provisions of the Bankruptcy Code, and (c) to assist Holdings, the Foreign Rep. (in his capacity as the foreign representative), and their respective agents in carrying out the terms of (i) this Order, (ii) any other order of this Court, including, for the avoidance of doubt, the Confirmation Order, in all regards, and (iii) the provisions of the Bankruptcy Code, including, for the avoidance of doubt, the effects of confirmation of a chapter 11 plan as provided in section 1141 of the Bankruptcy Code; provided that nothing in this Order implies or shall be argued to indicate that any party is barred or limited in any way from responding to any applications seeking recognition of this Court's orders in any jurisdiction, subject to the condition that such responses are not taken in contravention of the Bankruptcy Code, the Plan and any other order of this Court, including the Confirmation Order, the *Order in Support of Confirmation of and Consummation of the Court-Approved Plan of Reorganization* [Docket No. 1402], including the Court's January 24, 2025 oral decision attached thereto as Exhibit A, and the Court's February 20, 2025 oral decision, attached as Exhibit A to the *Notice of Filing of Transcript Related to the Court's February 20, 2025 Decision Regarding Emergency Motion of Eletson Holdings Inc. For Entry of a Further Order in Support of Confirmation and Consummation of the Court-Approved Plan of Reorganization* [Docket No. 1468].

---

[3] For the avoidance of doubt, the reference to administrative or regulatory body includes LISCR, LLC, LISCR Trust Company, the Registrar and the Deputy Registrar of Corporations.

5. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Rules</u>"), and no other or further notice of the Motion or the entry of this Order shall be required.

6. Any Bankruptcy Rule (including Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

7. Upon request of Holdings, the Clerk is directed to provide to Holdings certified copies of this Order and any other applicable order of this Court, including, for the avoidance of doubt, the *Memorandum Opinion and Order Confirming Petitioning Creditors' Amended Joint Chapter 11 Plan of Reorganization of Eletson Holdings Inc. and its Affiliated Debtors, Sustaining Objections to Competing Plans, and Denying Motion in Limine* [Docket No. 1212], the Confirmation Order, and the Order in Support, for transmission by Holdings to any court, tribunal, regulatory body, or administrative body having jurisdiction over Holdings.

8. Holdings is authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

9. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

DATED: New York, New York
March 6, 2025

/S/ John P. Mastando III
HONORABLE JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE