

**Driving progress through partnership**

**Louis M. Solomon**
Direct Phone: +1 212 549 0400
Email: lsolomon@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

March 7, 2025

**Via ECF**

Honorable John P. Mastando
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

**Re:** *In re Eletson Holdings, Inc., et al.*, Bankr. S.D.N.Y. 1:23-bk-10322 (JPM)

Dear Judge Mastando:

We write on behalf of Reed Smith to respond to Levona's letter of yesterday (Dkt. No. 1518) ("Levona Letter"). The Levona Letter was unauthorized, the second submitted by Levona after its Motion was fully submitted. If the Court accepts the Levona Letter, we ask that Your Honor consider this response.

Levona is trying to get this Court to stray farther and farther from the Motion it made and even farther from this Court's jurisdiction. Levona's Letter is not evidence and cannot be considered on the Motion. Nor does the Levona Letter make any assertions against the only Respondents on its Motion: Reed Smith and the Preferred Nominees. Gas is neither a Debtor nor a party to the Lift Stay Order, nor a party before the Court. It is not a subsidiary of Holdings especially given the controlling preferred interests, as determined by Justice Belen and not disturbed by this Court or the District Court. Your Honor should reject Levona's interest in having this Court become a port of call to address internal governance issues at non-Debtor, non-subsidiary Gas.

Internal governance issues at Gas are not remotely covered by the Lift Stay Order. Because Your Honor asked, we informed Your Honor that the actual status quo of the management and governance at Gas have not changed in at least three *years*. It is Levona that is trying radically to alter that status quo by misusing Your Honor's jurisdiction. Were there a legitimate dispute about Gas's internal governance — there is none, since Justice Belen's Final Award addressed it and at a minimum that Final Award remains a binding agreement between the parties — that is an issue that must, under the LLCA, be determined exclusively in JAMS arbitration. *See* Section 12.14(a) of the LLCA. A dispute as to who constitutes the board of Gas would not "conflict[] with any policy of the Bankruptcy Code" and would not "fundamentally and directly affect[] a core bankruptcy function". *Cardali v. Gentile (In re Cardali)*, 2010 Bankr. LEXIS 4113, *29 (Bankr. S.D.N.Y. Nov. 18, 2010) (compelling arbitration). The issue should therefore be arbitrated, exclusively.

The Levona Letter suggests facts that are not only inadmissible but demonstrably false. As we have been advised, the only new types of notices of default that Gas has received have been due to Murchinson/Levona's unlawful arrest of Gas ships, which has caused defaults under certain financing agreements. Any further insight into Gas financing that Gas would share with Murchinson/Levona



would be misused by those entities to further interfere with Gas's business — exactly as Justice Belen found for earlier periods.  Press statements (that to our reading are accurate) have zero relevance to the Motion or to Reed Smith or, as best we can tell, to the Preferred Nominees.

The Motion, lacking clear and convincing evidence of any wrongdoing, should be denied.

Respectfully submitted,

Louis M. Solomon

cc. Counsel of Record