UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
In re:                                    :    Chapter 11
                                          :
ELETSON HOLDINGS INC.,[1]                 :    Case No. 23-10322 (JPM)
                                          :
                                          :
                    Debtor.               :
                                          :
---------------------------------------------------------------x

**ORDER IN FURTHER SUPPORT OF CONFIRMATION AND
CONSUMMATION OF THE COURT-APPROVED PLAN OF REORGANIZATION**

Upon the *Emergency Motion of Eletson Holdings Inc. for Entry of a Further Order in Support of Confirmation and Consummation of the Court-Approved Plan of Reorganization* [Docket No. 1459] (the "Motion")[2] for entry of an order (this "Order"), pursuant to sections 105, 1141, and 1142 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), against the Ordered Parties (a) finding certain of the Ordered Parties in contempt of Court, (b) compelling certain of the Ordered Parties to withdraw their oppositions to the judicial recognition of the Confirmation Order [Docket No. 1223] in Liberian and Greek courts, (c) imposing coercive monetary sanctions against certain of the Ordered Parties at $50,000 per day until they withdraw their Liberian and Greek oppositions, and (d) requiring the Ordered Parties on a joint-and-several

---

[1] Prior to November 19, 2024, the Debtors in these cases were: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC. On March 5, 2025, the Court entered a final decree and order closing the chapter 11 cases of Eletson Finance (US) LLC and Agathonissos Finance LLC. Commencing on March 5, 2025, all motions, notices, and other pleadings relating to any of the Debtors shall be filed in the chapter 11 case of Eletson Holdings Inc. The Debtor's mailing address is c/o Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the Reply (as defined below) as applicable.

basis to pay Holdings' fees and expenses in connection with the Motion, the Sanctions Motion, the Liberian Proceedings, and the Greek Proceedings, and granting related relief; and the Court having jurisdiction to consider the Motion and relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order, 11 U.S.C. §§ 105 and 1142, and the Court's inherent jurisdiction to interpret and enforce its own orders (including the Confirmation Order ordering that the Plan be implemented and the Consummation Order [Docket No. 1402] enforcing the Confirmation Order; and consideration of the Motion and relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court having the authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and the Court having reviewed the Motion and the Borriello Declaration [Docket No. 1459, Ex. B], the objections filed by the Former Majority Shareholders [Docket No. 1506], the Daniolos Law Firm [Docket No. 1507], and Reed Smith LLP and the supporting declaration of Louis M. Solomon in [Docket Nos. 1508 and 1509] (collectively, the "Objections"), and Holdings' omnibus reply to the Objections [Docket No. 1522] (the "Reply") and the Borriello Reply Declaration [Docket No. 1523]; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having issued an oral decision with respect to the Motion on March 12, 2025 (ECF Docket No. 1536, the "March 12 Decision"); and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A. Family Unity Trust Company, Glafkos Trust Company, and Lassia Investment Company (the "<u>Former Majority Shareholders</u>"), Elafonissos Shipping Corporation and Keros Shipping Corporation (the "<u>Former Minority Shareholders</u>"), purported Provisional Eletson Holdings Inc. ("<u>Purported Provisional Holdings</u>"), the purported Provisional Board as defined in the *Order in Support of Confirmation and Consummation of the Court-Approved Plan of Reorganization and Imposing Sanctions on Certain Parties* [Docket No. 1495] (the "<u>Sanctions Order</u>") as: Vassilis Chatzieleftheriadis, Konstatinos Chatzieleftheriadis, Ioannis Zilakos, Niki Zilakos, Adrianos Psomadakis-Karastamatis, Eleni Giannakopoulous, Panos Paxinoz, and Emmanuel Andreulaks [*see* Sanctions Order at 3 n.5] (the "<u>Purported Provisional Board</u>"), and Vasilis Hadjieleftheriadis (collectively, the "<u>Violating Parties</u>") are in contempt of Court for ongoing violations of the Confirmation Order and the Consummation Order for the reasons set forth in the March 12 Decision, which are incorporated herein by reference.

B. The Former Majority Shareholders, the Former Minority Shareholders, Purported Provisional Holdings, the Purported Provisional Board, and Vasilis Hadjieleftheriadis are therefore subject to sanctions as set forth in the March 12 Decision.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Violating Parties, as applicable, are authorized, required, directed, and ordered to withdraw any and all filings that oppose or undermine in any way the judicial

---

[3] The findings and conclusions set forth herein and in the record of the March 12 Decision constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014, and are incorporated by reference as though fully set forth herein. To the extent that any finding of fact shall be determined to be a conclusion of law, it shall be deemed so, and vice versa.

recognition of the Confirmation Order, including, without limitation, filings in the Liberian Proceedings and the Greek Proceedings set forth on **Exhibit 1** attached hereto.

2. The Violating Parties, as applicable, are enjoined from making any filings in any court seeking to oppose or undermine in any way the judicial recognition of the Confirmation Order, including, without limitation, by initiating, or prosecuting any legal actions that seek to oppose or undermine the Confirmation Order.

3. As a result of the Violating Parties' violations of this Court's orders and this Court's finding of contempt, the Court hereby imposes coercive monetary sanctions in the amount of $5,000 per party per day against (i) each of the Former Majority Shareholders, (ii) each of the Former Minority Shareholders, (iii) Purported Provisional Holdings, (iv) the Purported Provisional Board, and (v) Vasilis Hadjieleftheriadis, commencing on March 12, 2025, and continuing until such date the parties comply with the Plan, the Confirmation Order, the Consummation Order, and this Order.

4. Holdings' rights are expressly reserved to seek additional coercive and compensatory monetary sanctions in to-be-determined amounts, including, without limitation, to pay for Holdings' fees and expenses in connection with the Sanctions Motion, Liberian proceedings, Greek proceedings, and all further actions related hereto.

5. This Order shall be immediately effective and enforceable upon its entry.

6. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: New York, New York
      March 13, 2025                /S/ John P. Mastando III
                                          HONORABLE JOHN P. MASTANDO III
                                          UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

**Known Foreign Proceedings**

| CLAIMANTS | DEFENDANTS | COURT | CASE NUMBER | FILING DATE | TYPE OF PROCEDURE | HEARING DATE |
|---|---|---|---|---|---|---|
| 1) Elafonissos Shipping Corporation, 2) Keros Shipping Corporation | N/A | Piraeus Single-Member Court of First Instance | 16655/1823/2024 | 11/11/24 | Petition for the Appointment of Provisional Board | 4/1/25 |
| 1) Eletson Gas LLC, 2) Fentalon Limited, 3) Apargo Limited, 4) Desimusco Trading Limited | 1) Lenova Holdings Ltd, 2) Pach Shemen LLC, 3) Murchinson Ltd | Piraeus Single-Member Court of First Instance | 18551/8368/2024 | 11/28/24 | Petition for Recognition of The Arbitration Award In Order to Be Executable In Greece | 6/3/25 |
| 1) Eletson Holdings Inc., 2) Elafonissos Shipping Corporation, 3) Eletson Corporation, 4) Eletson Gas LLC, 5) Kastos SME, 6) Kinaros SME, 7) Kimolos II SME, 8) Fourni SME | 1) Pach Shemen LLC, 2) VR Global Partners LP, 3) Alpine Partners (BVI) LP, 4) Dupont Capital Management, 5) Lenova Holdings Ltd, 6) Mulberry Street Ltd, 7) Murchinson Ltd, 8) Adam Spears, 9) Leonard Hoskinson, et al. | Piraeus Multi-Member Court of First Instance | 1260/344/2025 | 1/17/25 | Petition for an Order that Confirmation Decision and Order, do not have any consequence with respect to Holdings in the Greek legal system, nor do they bind it, and that Holdings has in no way been declared bankrupt and/or placed in any form of reorganization/restructuring by the Confirmation Decision and Order | TBD |
| 1) Eletson Holdings Inc., 2) Elafonissos Shipping Corporation, 3) Keros Shipping Corporation | Eletson Holdings Inc. | Athens Multi-Member Court of First Instance | 26019/46/2025 | 2/4/25 | Intervention for Overruling of The Petition Seeking Recognition In Greece | 3/19/25 |
| 1) Eletson Holdings Inc., 2) Elafonissos Shipping Corporation, 3) Eletson Corporation, 4) Eletson Gas LLC, 5) Kastos SME, 6) Kinaros SME, 7) Kimolos II SME, 8) Fourni SME | 1) Pach Shemen LLC, 2) Lenova Holdings Ltd, 3) Murchinson Ltd, 4) Adam Spears, 5) Leonard Hoskinson, 6) Mark Lichtenstein, 7) Marc Bistricer, 8) Ion Varouxakis, et al. | Piraeus Single-Member Court of First Instance | 4213/244/2025 | 2/19/25 | Petition Against All Defendants For An Order to Refrain From Acting As Eletson Holdings Inc. and All Other Companies Under Sanctions | 3/14/25 |
| Eletson Holdings Inc. | N/A | Athens Multi-Member Court of First Instance | 25046/43/2025 | 2/3/25 | Petition For Recognition of Chapter 11 Order | 3/19/25 |
| Eletson Holdings Inc. | 1) Elafonissos Shipping Corporation, 2) Keros Shipping Corporation | Piraeus Single-Member Court of First Instance | 2641/726/2025 | 2/3/25 | Intervention for the Overruling of the Petition No. 16655/1823/2024 | 4/1/25 |
| Pach Shemen LLC | Eletson Holdings Inc. | Civil Law Court, Sixth Judicial Cicuit, Montserrado Courty (Republic of Liberia) | | 1/7/25 | Petition For Recognition of Chapter 11 Order | |
| Eletson Holdings Inc., Kersos Shipping Corporation, Elafonissos Shipping Corporation, Lassia Investment Corporation, Glafkos Trust Corporation, and Family Unity Trust | Eletson Holdings Inc. | Civil Law Court, Sixth Judicial Cicuit, Montserrado Courty (Republic of Liberia) | | 1/9/25 | Petition For Recognition of Chapter 11 Order | 3/5/25 |