

**Louis M. Solomon**
Direct Phone:  +1 212 549 0400
Email:  lsolomon@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

May 20, 2025

**Via ECF**

Honorable John P. Mastando
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

**Re: *In re Eletson Holdings, Inc., et al.*, Bankr. S.D.N.Y. 1:23-bk-10322 (JPM)**

Dear Judge Mastando:

We write on behalf of Reed Smith LLP ("<u>Reed Smith</u>") to follow up on two issues raised during the argument before Your Honor on May 15, 2025.

*First*, Reed Smith wishes briefly to respond on the issue of Reed Smith's representation of Eletson Gas LLC.  During the argument, I accurately stated that "Reed Smith has had an attorney-client relationship on and off . . . with Gas" since 2013, when Gas was formed (5/15/25 Hr'g Tr. at 131:7-12).  In response, Reorganized Holdings' counsel said that this representation was "either not true or it was not disclosed" (*id.* at 141:6-9).  Counsel for Reorganized Holding is mistaken.  As disclosed in Reed Smith's retention application, "Reed Smith (itself and through certain predecessor firms) historically has represented Eletson Corp. ("<u>Corp.</u>") for more than thirty years in connection with various shipping related transactions and litigations" (Dkt. 235-2 ¶ 15).  Certain of those *past* "shipping related transactions" and matters involved Gas and vessels owned by it since 2013, and, as expressly disclosed, some of those engagements have been paid for by or through Corp. as Special Member of Gas and manager of Gas' vessels.  The scope of Reed Smith's representation of Gas is entirely consistent with Reed Smith's prior disclosures in this matter (*see id.*; *accord id.* ¶ 21 ("Reed Smith has in the past represented, currently represents, and likely in the future will represent, certain parties-in-interest . . . .")).

*Second*, and this is the key point, at the time Reed Smith filed its retention application, Reed Smith represented (and still represents) Gas in connection with two arbitrations filed by Levona Holdings Ltd. in London in 2023 (the "<u>Foreign Arbitrations</u>"), both of which remain pending (*see, e.g.*, Dkt. 253-2 ¶ 20, Dkt. 261 ¶ 7, Dkt. 297 ¶ 9).  As disclosed, "Gas is responsible to Reed Smith for its own legal fees and expenses arising from the Foreign Arbitrations" (Dkt. 261 ¶ 16, Dkt. 297 ¶ 10).  The Foreign Arbitrations involve the same issues as were in the JAMS arbitration, and so essentially the same universe of documents was relevant to both sets of arbitrations.

The practical realities of Reed Smith's representations of Holdings, Corp, and Gas make clear that the facts before the Court are exactly the same as those in *Allegaert*—that Holdings and/or Corp could have had no reasonable expectation that its confidences would not be disclosed to Gas, which was commonly represented by Reed Smith in nearly completely overlapping matters.  For example, pursuant to the Status Quo Injunction and uniform practice over many years, Gas is currently managed by its officers,

ABU DHABI ♦ ASTANA ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG
HOUSTON ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ ORANGE COUNTY ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH
PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON



Honorable John P. Mastando
May 20, 2025
Page 2

Vassilis Kertsikoff and Laskarina Karastamati, who, as this Court knows, also held director and officer positions at Holdings and Corp.  They controlled the documents on behalf of *each* entity.  In fact, Your Honor recognized as much when ordering that Gas documents be produced in this proceeding by Holdings, the Debtor.  Gas and Holdings (and Corp), as jointly represented co-corporate clients, knew that any client confidences would be shared with their common counsel—Reed Smith—and among themselves.  This is dispositive of the motion to sanction Reed Smith through the back-door, belated, waived, and improper application to disqualify based on the exact issues that are on appeal in the Second Circuit—and the exact issues determined by *Allegaert* and its dozens of progeny.

Respectfully submitted,

Louis M. Solomon

cc. Counsel of Record