# TOGUT, SEGAL & SEGAL LLP

ONE PENN PLAZA
NEW YORK, NEW YORK 10119
———
WWW.TOGUTLAWFIRM.COM

(212) 594-5000

KYLE J. ORTIZ
(212) 201-6582
KORTIZ@TEAMTOGUT.COM

May 22, 2025

**VIA ECF and EMAIL**

Honorable John P. Mastando III
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

Re:    *In re Eletson Holdings Inc.*, Case No. 23-10322 (JPM)

Dear Judge Mastando:

We represent Eletson Holdings Inc. ("Holdings") in the above-captioned chapter 11 case. We write to inform the Court of recent developments in the United States District Court for the Southern District of Texas (the "Texas Court") in connection with the ongoing arrest proceedings concerning the vessel Kithira (the "Kithira Arrest Proceedings") and the vessel Kithnos (the "Kithnos Arrest Proceedings").

## I.    The Kithira Arrest Proceedings

On  May 16, 2025, the Texas Court (Houston Division) entered an order (the "May 16 Kithira Order") following the parties' submission of the *Joint Proposed Order Outlining Points of Disagreement Regarding Terms for Release of the Vessel Pursuant to Supplemental Rule E(5)(d)* in the Kithira Arrest Proceedings (the "Joint Proposed Kithira Order"), which detailed competing proposals for the release of the Kithira. Certain Holdings subsidiaries (the "Kithira Plaintiffs") proposed to have reputable third-party managers crew and manage the vessel during the pendency of the Kithira Arrest Proceedings to maintain the vessel and generate revenue while minimizing the risk that a conflicted or noncompliant crew might defy court orders or unlawfully abscond with the vessel. The Defendants proposed that the crew taking instructions from the former managers remain in control of the vessel.

The Texas Court adopted the proposal submitted by the Kithira Plaintiffs. *See* May 16 Kithira Order at 1.

In a separate ruling on May 5, 2025 (the "May 5 Kithira Order"), the Texas Court denied a motion to vacate the arrest of the Kithira, finding that the Kithira Plaintiffs had established "by a preponderance of the evidence that they are entitled to attachment of the vessel." May 5 Kithira Order at 1.

Togut, Segal & Segal llp

Honorable John P. Mastando III
United States Bankruptcy Court
May 22, 2025
Page 2

Copies of the May 16 Kithira Order, the Joint Proposed Kithira Order, and the
May 5 Kithira Order are annexed hereto as **Exhibits A**, **B**, and **C**, respectively.

## II.     The Kithnos Arrest Proceedings

On May 21, 2025, the Texas Court (Corpus Christi Division) entered an order
(the "May 21 Kithnos Order") denying the motion to vacate the arrest of the Kithnos,
concluding—consistent with the earlier ruling in the Kithira Arrest Proceedings—that
certain Holdings subsidiaries (the "Kithnos Plaintiffs") "have shown by a
preponderance of the evidence that they are entitled to attachment of the Vessel."
May 21 Kithnos Order at 1.  The Court further adopted the Kithnos Plaintiffs' "positions
as to the terms of release" of the Kithnos and directed the Kithnos Plaintiffs to submit a
proposed order for the release of the vessel, which the Texas Court, "expects . . . will be
similar to the one ordered" in the Kithira Arrest Proceeding.  *See id.* at 2.

A copy of the May 21 Kithnos Order is annexed hereto as **Exhibit D**.

Respectfully submitted,

TOGUT, SEGAL & SEGAL LLP
By:

*/s/ Kyle J. Ortiz*
Kyle J. Ortiz
A Member of the Firm

Enclosures

**Exhibit A**

United States District Court
Southern District of Texas
**ENTERED**
May 16, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| **KITHIRA GAS SHIPPING COMPANY,** *et al.*, | § § § | |
| *Plaintiffs*, | § § | |
| **VS.** | § § | **CIVIL ACTION NO. 4:25-CV-0755** |
| **FAMILY UNITY TRUST COMPANY,** *et al.*, | § § § | |
| *Defendants*. | § § | |

## <u>ORDER</u>

Before the Court is the Joint Proposed Order Outlining Points of Disagreement Regarding Terms for Release of the Vessel Pursuant to Supplemental Rule E(5)(d). ECF No. 77. Having reviewed the Joint Proposed Order, the Court ADOPTS Plaintiffs' positions as to the terms for release.

Plaintiffs are ORDERED to file a proposed order for release of the Vessel with the Court no later than May 23, 2025.

Parties may submit additional briefing with their recommendations as to an adequate security for the release of the Vessel no later than May 23, 2025.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 16th day of May, 2025.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

1

**Exhibit B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KITHIRA GAS SHIPPING COMPANY, | § | |
| ELETSON CORPORATION, ELETSON | § | CIVIL ACTION NO. |
| GAS LLC, ELETSON HOLDINGS INC, | § | |
| | § | 4:25-civ-00755 |
| Plaintiffs, | § | |
| | § | ADMIRALTY RULE 9(h) |
| M/V KITHIRA (IMO 9788978), | § | |
| her engines, tackle, equipment, | § | |
| and appurtenances, *in rem*, | § | |
| | § | |
| and | § | |
| | § | |
| FAMILY UNITY TRUST COMPANY, | § | |
| GLAFKOS TRUST COMPANY, | § | |
| LASSIA INVESTMENT COMPANY, | § | |
| ELAFONISSOS SHIPPING | § | |
| CORPORATION, KEROS SHIPPING | § | |
| CORPORATION, | § | |
| LASKARINA KARASTAMATI, | § | |
| VASSILIS E. KERTSIKOFF, | § | |
| VASILEIOS CHATZIELEFTHERIADIS, | § | |
| KONSTANTINOS | § | |
| CHATZIELEFTHERIADIS, IOANNIS | § | |
| ZILAKOS, ELENI KARASTAMATI, | § | |
| PANAGIOTIS KONSTANTARAS, | § | |
| EMMANOUIL ANDREOULAKIS, | § | |
| ELENI VANDOROU, *in personam*, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

JOINT PROPOSED ORDER OUTLINING POINTS OF
DISAGREEMENT REGARDING TERMS FOR RELEASE OF
THE VESSEL PURSUANT TO SUPPLEMENTAL
RULE E(5)(d)

1

a) **Release of the Vessel**

| Plaintiffs' Position | Claimant's Position |
|---|---|
| This cause is before the Court in the above titled and numbered action on Plaintiffs Kithira Shipping Company, Eletson Holdings, Inc, Eletson Corporation, and Eletson Gas LLC's ("Plaintiffs") Motion to Release the Vessel Pursuant to Supplemental Rule E(5)(d) filed herein, as well as the entire record herein. The Court is of the opinion that Plaintiffs' requests are just and should be granted.<br><br>IT IS THEREFORE ORDERED AND ADJUDGED that the motion is GRANTED and M/V KITHIRA (IMO 9788978) (the "Vessel"), is permitted to leave the territory of the Southern District of Texas, strictly on the terms and conditions below: | This cause is before the Court in the above titled and numbered action on Plaintiffs Kithira Shipping Company, Eletson Holdings, Inc, Eletson Corporation, and Eletson Gas LLC's ("Plaintiffs") Motion to Release the Vessel Pursuant to Supplemental Rule E(5)(d) filed herein, as well as the entire record herein. Claimant's submission herein is without prejudice to the issues Claimant has raised before this Court, including, but not limited to, whether the Court has subject matter jurisdiction over this matter.<br><br>Upon review of the Parties' submissions regarding the temporary release of the Vessel, the Court ORDERS as follows: |

**b) Retention of Jurisdiction**

| Plaintiffs' Position | Claimant's Position |
|---|---|
| The Vessel is, shall remain, and shall be deemed to remain continuously under arrest until further order of this Court lifting such arrest. All existing obligations and orders relating to the Vessel and its arrest shall remain in full force and effect. The Vessel shall be deemed for all purposes whatsoever to remain under arrest, and no party may subsequently argue that the Vessel did not so remain.<br><br>This Court shall retain *in rem* jurisdiction over the Vessel, as well as jurisdiction with respect to all matters arising from or related to this Order and its implementation, including, among other things, jurisdiction to:<br><br>    a. decide or resolve any motions, contested or litigated matters, and any other matters and grant or deny any applications arising out of this Order;<br><br>    b. enter such further orders | The Vessel is, shall remain, and shall be deemed to remain continuously under arrest until further order of this Court lifting such arrest. All existing obligations and orders relating to the Vessel and its arrest shall remain in full force and effect. The Vessel shall be deemed for all purposes whatsoever to remain under arrest, and no party may subsequently argue that the Vessel did not so remain.<br><br>This Court shall retain *in rem* jurisdiction over the Vessel, as well as jurisdiction with respect to all matters necessary for the implementation and enforcement of this Order.<br><br>The Court recognizes that, should there be a judicial finding in the future that subject matter jurisdiction over this dispute is lacking, such a finding will impact the continued application and enforcement of this Order. |

3

as may be necessary or appropriate to implement the provisions of this Order;

c. resolve any cases, controversies, or disputes that may arise in connection with the implementation, interpretation, or enforcement of this Order or any person's rights arising from or obligations incurred in connection with this Order;

d. issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any person with implementation or enforcement of this Order;

e. modify this Order in such manner as may be necessary or appropriate to implement this Order.

### c) Technical Management

| Plaintiffs' Position | Claimant's Position |
|---|---|
| Anglo-Eastern Ship Management or any entity affiliated therewith ("Anglo-Eastern") shall be appointed the independent technical manager of the Vessel, having all rights and duties attendant to such role and entitled to take any actions reasonably necessary for the execution of its rights and duties, whether through sub-contractors, agents or in its own name (which shall include rights, duties and actions under any technical management agreement entered with Anglo-Eastern in consequence of this Order). Without limitation of the foregoing, Claimant and all of its Related Persons (defined below) shall provide all cooperation and assistance in good faith for Anglo-Eastern to be inscribed into the Vessel's Document of Compliance ("DOC") and for Anglo-Eastern to be able to carry out the above rights, duties and actions under the authority of such DOC until further order of the Court. Without limitation of the foregoing, Claimant and its Related Persons (defined below) shall provide copies of any documents evidencing any | Claimant disagrees. Claimant proposes to continue to operate the Vessel on the following terms.<br><br>a. Claimant's existing operational framework and crew will remain in place, under the current technical management of EMC Gas Corporation.<br>b. The Plaintiffs will receive timely bi-monthly updates regarding the Vessel's location, destinations, and schedule.<br>c. The Vessel's AIS equipment shall remain activated at all times during the pendency of this Order. |

**d) Observers for the Party Not in Possession**

| Plaintiffs' Position | Claimant's Position |
|---|---|
| At its election, Claimant shall be entitled to appoint up to three observers (to the extent that the Vessel has sufficient accommodations, net of crew berthing) and, subject to National Maritime Services, Inc.'s consent, a representative of the custodian. The observer(s) and the representative of the custodian may accompany the Vessel at Claimant's risk and see that the voyages are performed in accordance with this Court's orders, but may not interfere with the Vessel's operations. The observer(s) and each of Vassilis Kertsikoff, Laskarina Karastamati, and Vassilis Hadjieleftheriadis are required to sign a standard letter of waiver and indemnity recommended by the Vessel's Protection and Indemnity Association before the observer(s) may board the Vessel. The observer(s) are entitled to reasonable and appropriate compensation from the hire / freight earned by the Vessel and, in the event such funds are insufficient, by the Plaintiffs.<br><br>In the event that Claimant, acting reasonably and in good faith through the observer(s), has objections to the Vessel's | Claimant disagrees. Claimant proposes that one observer on behalf of the Plaintiffs should be sufficient and as a further comfort for Plaintiffs, Claimant proposes that Plaintiffs' observer would be a representative of National Maritime Services (NMS), which company in any event was hired by Plaintiffs to act as substitute custodian. On the basis of recent conferences with Plaintiffs and the NMS legal representative, Claimant understand that NMS would be agreeable to such a proposal. In the event that Plaintiffs, acting reasonably and in good faith through their observer, have objections to the Vessel's condition, maintenance and safety, and such objections are not resolved by Claimant within a reasonable time in accordance with accepted shipping standards after being notified by Plaintiffs in writing, Plaintiffs shall be entitled to raise such objection with this Court by motion. |

| | |
|---|---|
| condition, maintenance and safety, and such objections are not resolved by Anglo-Eastern within twenty-four (24) hours after being notified by Claimant to Anglo-Eastern in writing, Claimant shall be entitled to raise such objections with this Court by motion. | |

e) **Commercial Management**

| Plaintiffs' Position | Claimant's Position |
|---|---|
| BW Epic Kosan or any entity affiliated therewith ("BW Epic Kosan") is and shall be appointed the independent commercial and financial manager of the Vessel, having all rights and duties attendant to such role and entitled to take any actions reasonably necessary for the execution of its rights and duties, whether through sub-contractors, agents or in its own name (which shall include rights, duties and actions under any commercial and financial management agreement entered with Anglo-Eastern in consequence of this Order). Without limitation of the foregoing, BW Epic Kosan shall be entitled to seek and obtain commercial employment for the Vessel, collect hire and freight generated in the course of such employment, pay the Vessel's hire under the relevant charterparty, dated March 1, 2022, with Camarada Uno, S.A., the Vessel's expenses, and make any other payments reasonably necessary for the Vessel's operation and employment. | Claimant disagrees with the appointment of BW Epic Kosan as "independent" commercial and financial manager or any entity affiliated therewith. <br><br> a. Claimant will continue to commercially manage the Vessel through its current commercial manager, EMC Gas Corporation. <br><br> b. The Vessel will trade in commercially-acceptable locations that maximize her earning potential. <br><br> c. Claimant will continue to comply with its contractual agreement with Owners via the charter party that the Vessel will not trade in sanctioned areas, or other regions not permitted by law or under the terms of the charter party. <br><br> If the Plaintiffs have any concerns regarding the Vessel's trading locations, they will be able to raise these issues with Claimant or the Court, if necessary. |

**f) Commercial Reporting**

| Plaintiffs' Position | Claimant's Position |
|---|---|
| Prior to entry into effect of any charter party for employment of the Vessel, BW Epic Kosan shall disclose to Claimant the proposed terms of any such charter party, subject to any applicable confidentiality restrictions. In the event that Claimant acting reasonably and in good faith has objections to any such terms, and such objections are not resolved by BW Epic Kosan within twenty-four (24) hours after being notified by Claimant to BW Epic Kosan in writing, Claimant shall be entitled to raise such objections with this Court by motion. Such objections shall not affect the validity of the relevant contracts. | Prior to entry into effect of any charter party for employment of the Vessel, Claimant shall disclose to the (Vessel's Owners, Camarada Uno, S.A. ("Owners"), and) Plaintiffs the proposed terms of any such charter party, subject to any applicable confidentiality restrictions. In the event that Plaintiffs (and/or Owners) acting reasonably and in good faith have objections to any such terms, and such objections are not resolved by Claimant within forty-eight (48) hours after being notified by Plaintiffs and/or Owners in writing, Plaintiffs (and/or Owners) shall be entitled to raise such objections with this Court by motion. Such objections shall not affect the validity of the relevant contracts. |

g) **Escrow**

| Plaintiffs' Position | Claimant's Position |
|---|---|
| BW Epic Kosan shall pay any sums generated from the Vessel's employment remaining after the payments in section _____ above into an interest-bearing bank account in this District, which it shall hold pending further order of the Court. | Claimant disagrees.<br><br>a.   Recognizing Owners' paramount interest in ensuring that hire is timely paid, as well as Owners' interest that other expenses related to the operation of the Vessel are timely paid (if such expenses are not timely paid, such debts could result in third-party maritime liens against the Vessel for the provision of necessaries, etc.):<br><br>    1)  Claimant will establish an escrow account within this Court's jurisdiction and coordinate with Plaintiffs to designate an acceptable experienced escrow agent with proficient experience in maritime shipping and commercial activities. The Vessel's earnings will be deposited into this escrow account.<br><br>    2)  Upon Claimant's presentation of an expense request to the escrow agent, consistent with the Vessel's operating, capital, and voyage expenses (e.g., vessel agent/husbandry costs, crew wages and expenses, maintenance/repair costs, bunkers and provision, insurance costs, the cost of the custodian onboard the Vessel, etc.), always to be supported with proper documentation, the escrow agent will promptly review and approve any such expense within three working days of receiving same.<br><br>    3)  The Vessel's hire, and any hires in arrears, will be paid to Owners from the escrow account in accordance with the applicable contractual terms. |

| | |
|---|---|
| | 4)     Claimant will submit monthly operating revenue/expense reports to the escrow agent, and to the Plaintiffs with proper supporting documentation.<br><br>5)     Once the Court has determined the prevailing party in this suit, and subject to all vessel operating expenses, including but not limited to lease hire due to Owners first being satisfied in full, the escrow agent shall transfer any balance in the escrow account pursuant to the relevant order of the Court. |

**h) Consequences for Failure to Return/Individual Submitting to Jurisdiction**

| Plaintiff's Position | Claimant's Position |
|---|---|
|      Should the Vessel fail to return to the territory of the Southern District of Texas upon the order of this Court, Adam Spears undertakes to submit to the jurisdiction of this Court for the purposes of any proceedings for sanctions or contempt arising out of such failure. | Vassilis Kertsikoff agrees to personally submit to the jurisdiction of this Court to answer to any order issued by this Court finding that Claimant has not complied with the terms of temporary release set by this Court. |

**i)   Cooperation in Vessel Turnover**

| Plaintiffs' Position | Claimant's Position |
|---|---|
| Claimant, the Vessel's Master and crew, as well as any Related Parties of Claimant (as defined below herein) shall provide all cooperation and assistance in good faith to Anglo-Eastern and BW Epic Kosan in the exercise of their rights and duties as technical and commercial & financial managers of the Vessel and in order to implement this order. Without limitation to the foregoing, this includes providing access or handing over any documents, files, and information that is necessary for the exercise of such rights and duties, subject to any confidentiality terms as may be agreed with Anglo-Eastern and BW Epic Kosan. | Plaintiffs shall provide all cooperation and assistance in good faith to Claimant in the exercise of Claimant's and/or its affiliates' rights and duties as technical and commercial & financial managers of the Vessel and in order to implement this order. |

### j) Prohibition on Future Arrests

| Plaintiffs' Position | Claimant's Position |
|---|---|
| Plaintiffs and Claimant, as well as any of their Related Parties shall be enjoined from arresting or attaching the Vessel or seeking any other interim conservatory or detention measures against the Vessel in any jurisdiction or causing the Vessel to be so arrested, attached, detained or subjected to any such conservatory measures, pending further order of the Court.<br><br>"Related Parties" shall mean the relevant person's current and former equity holders (direct or indirect), owners (direct, indirect or beneficial), parents (direct or ultimate), subsidiaries (direct or indirect), affiliates, directors, managers, officers, advisory board members, employees, agents, representatives, servants, nominees, trustees, successors, predecessors, sellers, buyers, suppliers, insurers, subrogors, subrogees, assigns, advisors and other professionals.<br><br>Plaintiffs and Claimant, as well as their Related Parties, shall be enjoined from engaging, causing, or facilitating any other person in taking actions which Plaintiffs or Claimant and their | Plaintiffs and/or their Related Parties shall be enjoined from arresting or attaching the Vessel or seeking any other interim conservatory or detention measures against the Vessel in any jurisdiction or causing the Vessel to be so arrested, attached, detained or subjected to any such conservatory measures, pending further order of the Court.<br><br>"Related Parties" shall mean the relevant person's current and former equity holders (direct or indirect), owners (direct, indirect or beneficial), parents (direct or ultimate), subsidiaries (direct or indirect), affiliates, directors, managers, officers, advisory board members, employees, agents, representatives, , nominees, trustees, successors, predecessors, , , , , subrogors, subrogees, and assigns,.<br><br>Plaintiffs and Claimant, as well as their Related Parties, shall be enjoined from engaging, causing, or facilitating any other person in taking actions which Plaintiffs or Claimant and their Related Parties are enjoined from taking.<br><br>(By way of brief explanation for the sake of |

14

| | |
|---|---|
| Related Parties are enjoined from taking.[1] | efficiency and to avoid having the Court speculate regarding the basis for the limited above deletions, (and in view of the fact that Plaintiffs' proposed definition of "Related Parties" was not included in their prior submissions), Claimant's deletion of sellers, buyers, suppliers, etc. from the definition of "Related Parties" is in consideration of the fact that inclusion of such third-parties would likely infringe upon the well-recognized independent rights/remedies available to such third-partiesto ensure that they are timely and properly paid for their goods/services.) |

---

[1] Plaintiffs object to Claimant's explanation and their reasoning for omitting certain definitions of "Related Parties," and ask the Court to not consider and/or strike that explanation from pp. 16-17, starting with "(By way of explanation …" through "paid for their good/services.)".

**k)  Payment of Hire to Disponent Owner**

| Plaintiffs' Position | Claimant's Position |
|---|---|
| As a condition for release of the Vessel and at all times after the release, all charter hire payments, including fixed hire, variable hire, and any other payment amounts due to Camarada Uno S.A. pursuant to the relevant time charterparty dated March 1, 2022, shall be timely and fully paid to Camarada Uno S.A. in accordance with the terms of the relevant time charterparty. The parties shall provide full details and cooperation to Camarada Uno S.A. as necessary to facilitate issuance of invoices to the party or entity responsible for making timely payments to Camarada Uno S.A. pursuant to the relevant charterparty with Camarada Uno S.A., dated March 1, 2022. This Order does not alter or suspend any terms of that charterparty. | Claimant agrees that charter hire be paid to Camarada Uno S.A., as already set out in Claimant's position in Section g (escrow). |

## Exhibit C

United States District Court
Southern District of Texas
**ENTERED**
May 06, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **KITHIRA GAS SHIPPING COMPANY,** *et al.*, | § § § | |
| *Plaintiffs*, | § § | |
| VS. | § § | **CIVIL ACTION NO. 4:25-CV-0755** |
| **FAMILY UNITY TRUST COMPANY,** *et al.*, | § § § | |
| *Defendants*. | § § | |

## <u>ORDER</u>

Before the Court is Claimant Kithira Gas Shipping Company's Motion to Vacate the Arrest of the LPG/C KITHIRA (ECF No. 55) and Plaintiffs' Motion to Release the Vessel Pursuant to Supplemental Rule E(5)(d) (ECF No. 61). On April 17, 2025, the Court held a Motion Hearing on the two motions and took them under advisement.

Having considered the parties' arguments, Claimant's Motion to Vacate the Arrest of the LPG/C KITHIRA is **DENIED WITHOUT PREJUDICE**. The Court finds that Plaintiffs have satisfied their burden, under Supplemental Admiralty and Maritime Claims Rule E, to show by a preponderance of the evidence that they are entitled to attachment of the vessel. However, the Court recognizes that there are open questions about the ownership of the preferred shares of Eletson Gas that may impact the lawfulness of the arrest. Since the Court is not in the best position to resolve these questions, it will defer to Judge Liman's ruling on the confirmation or vacatur of the JAMS arbitration award. Claimant may file a new Motion to Vacate after Judge Liman enters final judgment as to the arbitration award.

1

At the April 17 Motion Hearing, the parties presented arguments on Plaintiffs' Motion to Release the Vessel Pursuant to Supplemental Rule E(5)(d). Although the parties did not agree on a plan for the Vessel's release, they both indicated support for releasing the vessel during the pendency of this proceeding. The Court encouraged the parties to confer on terms for the release of the Vessel. Now, the parties are **ORDERED** to confer and make all possible efforts to agree on the terms of a Joint Proposed Order regarding the release of the Vessel. Parties shall submit the Joint Proposed Order to the Court no later than **May 15, 2025**. If the parties are unable to agree on the terms of the order, they shall submit, no later than **May 15, 2025**, a Joint Proposed Order that outlines the points of disagreement.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 5th day of May, 2025.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**Exhibit D**

United States District Court
Southern District of Texas

**ENTERED**

May 21, 2025

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KITHNOS SPECIAL MARITIME ENTERPRISE, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:25-CV-00042 |
| M/V KITHNOS (IMO 9711523), *et al.*, | § § § | |
| Defendants. | § | |

## ORDER

Pending is Claimant Kithnos Special Maritime Enterprise's Motion to Vacate the Arrest of the M/V Kithnos ("the Vessel"). (D.E. 51). Also pending is Plaintiffs' Motion to Release the Vessel Pursuant to Supplemental Rule E(5)(d). (D.E. 72). On April 24, 2025, the Court held a hearing and heard arguments on the Motions and discussed proposed terms for the Vessel's release during the pendency of this proceeding, although the parties did not agree on a plan. (D.E. 84). The same day, the undersigned ordered the parties to submit proposed, detailed orders regarding the release of the Vessel which they did on May 2, 2025. (D.E. 83; D.E. 93 and D.E. 94).

Upon review, Claimant's Motion is **DENIED WITHOUT PREJUDICE**. (D.E. 51). Similar to related case *Kithira Gas Shipping Co. v. Family Unity Trust Co.*, the undersigned finds Plaintiffs have shown by a preponderance of the evidence that they are entitled to attachment of the Vessel while recognizing "there are open questions about the

ownership of the preferred shares of Eletson Gas that may impact the lawfulness of the arrest." Case No. 4:25-cv-755 (Order May 5, 2025). While the undersigned is familiar with the pending bankruptcy and district court proceedings in the Southern District of New York involving the conflicting ownership claims for use of the Vessel in this case, it is appropriate to defer to Judge Liman's upcoming ruling related the confirmation or vacatur of the disputed arbitral award. If necessary, Claimant may file another Motion to Vacate after Judge Liman enters final judgment.

Further, having reviewed the parties' proposed orders for the release of the Vessel, the undersigned finds, as did Judge Ellison in the related proceeding, that Plaintiffs' positions as to the terms of release are adopted by the Court. Therefore, Plaintiffs are **ORDERED** to file a proposed order for release of the Vessel on or before **May 30, 2025**. The undersigned expects this proposed order will be similar to the one ordered to be submitted in the related proceeding. Additionally, the parties may submit additional briefing with their recommendations as to an adequate security for the release of the Vessel on or before **May 30, 2025**.

ORDERED on May 21, 2025.

Jason B. Libby
United States Magistrate Judge