

                                                    **Frank Catalina**
Counsel

PENN 1
1 Pennsylvania Plaza
New York, NY 10119
212.597.2848
fcatalina@rksllp.com

August 15, 2025

**Via ECF**

The Honorable John P. Mastando III, U.S.B.J.
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

**Re:** *In re Eletson Holdings, Inc., et al.*, **Case No. 23-10322 (JPM)**

Dear Judge Mastando:

This office represents Lassia Investment Company, Glafkos Trust Company, Family Unit Trust Company (collectively, the "Majority Shareholders"), and Elafonissos Shipping Corporation ("Elafonissos") in connection with various motions for sanctions filed by Reorganized Eletson Holdings, Inc. ("Reorganized Holdings"), in the above matter.  We write in response to Reorganized Holdings' letter, dated August 11, 2025 [Dkt. No. 1774] ("RH Letter"), which distorts the facts, the law, and our words in an effort secure an unnecessary and problematic judgment (the "Proposed Judgment") without due scrutiny.  We respectfully request that the Court not enter the Proposed Judgment.

As we laid out in our first letter, dated August 8, 2025 [Dkt. No. 1769], the Proposed Judgment is unnecessary, inefficient, and an improper end-run around ongoing appeals of the sanctions orders (the "Sanctions Orders").  The Proposed Judgment adds little to the Sanctions Orders, which are already "judgments," as Rule 54(a) defines them, and already "immediately effective and enforceable," as Reorganized Holdings admits. RH Letter at 1 (quoting Dkt. No. 1716 ¶ 6).  Yet entering this redundant judgment would be costly—for both the judiciary and the parties—since it will inevitably result in another appeal concerning the sanctions.  Moreover, the Court must avoid taking *any* "action which interferes with the appeal process." *Zaks v. Mosdos Chofetz Chaim, Inc.*, No. 21-CV-10441 (PMH), 2022 WL 4783215, at *7 (S.D.N.Y. Oct. 3, 2022) (quoting *In re Prudential Lines, Inc.*, 170 B.R. 222, 243 (S.D.N.Y. 1994).  Therefore, though Reorganized Holdings claims the pending appeals are "[i]rrelevant," they implicate significant practical and legal concerns that the Court should not summarily dismiss just to enter a gratuitous judgment. RH Letter at 2.

Also, as our first letter laid out, the Proposed Judgment improperly asks the Court to help Reorganized Holdings collect specific sums without any finding—let alone any proof—that they

August 15, 2025
Page 2

are truly due. Dkt. No. 1769 at 2. The Court cannot merely assume the parties have violated the Court's orders throughout the durations specified in the Proposed Judgment; Reorganized Holdings must show it. *Id.* (quoting *Markus v. Rozhkov*, 615 B.R. 679, 710 (S.D.N.Y. 2020) (holding that imposing civil sanctions requires "a **movant must establish**[,]" among other things, that "proof of noncompliance is clear and convincing") (emphasis added)).

Reorganized Holdings has no real response. Indeed, its response letter does not provide or offer to provide proof. Instead, it misrepresents the facts and the law. First, the letter implies that the parties continuously violated the orders by repeatedly claiming—without citations or support—that they "refuse[] to comply." RH Letter at 1; *see also id.* at 2 (stating "the parties[] belie[ve] that they are not required to comply with the Sanctions Orders"). Indeed, one of the very issues currently under consideration on a fully-briefed appeal is that certain sanctioned conduct ceased the day after the March 13, 2025 Sanctions Order was issued. *See* Appeal Dkt.[1] No. 10 § III. A more blatant attempt to interfere with appellate review is hard to imagine.

Unable to meet a challenge on the facts, Reorganized Holdings' letter tries to meet a challenge on the law. Reorganized Holdings suggests that this District has ordained its Proposed Judgment and letter as an adequate mechanism for obtaining the judgment based on a case, which if anything, does the opposite. *See* RH Letter at 2 ("[U]pon letter motion, sanction judgments can be converted into 'interim judgment[s] confirming . . . a specific dollar amount.'" (quoting *Joint Stock Co. Channel One Russia Worldwide* v. *Infomir LLC*, No. 16-cv-1318, 2019 WL 8955234, at *17 n.14 (S.D.N.Y. Oct. 25, 2019), *report and recommendation adopted*, 2020 WL 1467098 (S.D.N.Y. Mar. 26, 2020)). In *Infomir*, the court found the plaintiffs entitled to attorneys' fees as a sanction, 2019 WL 8955234, at *4, but because the plaintiffs—like Reorganized Holdings—"never submitted any documentation" of the proper amount of the sanction, the court **denied** them "any such award," *id.* at 16-17. *Infomir* is a clear reason to **not** enter this gratuitous "judgment"—not a reason to do so.

The misleading language Reorganized Holdings took from that case is actually quoted from yet another, in which the court did direct a party to seek the reduction of accruing sanctions to money judgments via letter. *Id.* at 17 n.14 (quoting *Paramedics Electromedicina Comercial Ltda. v. GE Med. Sys. Info. Techs., Inc.*, No. 02 CIV. 9369 (DFE), 2004 WL 1810597, at *5 (S.D.N.Y. Aug. 12, 2004)). But *Paramedics* is of no help to Reorganized Holdings because that court **expressly** required that the party's submissions attach evidence, including an affidavit and records. *Paramedics*, 2004 WL 1810597, at *5. If this Court entertains Reorganized Holdings' unnecessary and procedurally improper Proposed Judgment, it should follow the results in the cases Reorganized Holdings cites and require evidence, including affidavits and records.

Should the Court choose to consider the Proposed Judgment, the best course is the one the Court took in response to the recent exchange of letters concerning Reorganized Holdings' Rule 2004 subpoenas—namely, permitting motion practice. *See* Dkt. No. 1763 (order setting briefing

---

[1] "Appeal Dkt." refers to the docket for *In re Eletson Holdings, Inc.*, No. 25-cv-02897-LJL (S.D.N.Y.).

August 15, 2025<br>Page 3

schedule).[2]  Neither the Proposed Judgment nor Reorganized Holdings' letter show that the "judgment" is accurate, warranted, or proper; a full briefing will show, even more so than our letters, that it is not, and that the relevant underlying orders on appeal should not disturbed.

Respectfully submitted,

*/s/ Frank T.M. Catalina*
Frank T.M. Catalina

---

[2] Notably, even though the Court invited Reorganized Holding to make a discovery motion, none has been filed, laying bear that no *ex parte* application was necessary as no emergent relief was needed.