HERBERT SMITH FREEHILLS KRAMER (US) LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100
Kyle J. Ortiz
Brian F. Shaughnessy
Jennifer Sharret
Andrew J. Citron

*Counsel for Eletson Holdings Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                              :
In re:                                        :        Chapter 11
                                              :
ELETSON HOLDINGS INC., [1]                    :        Case No. 23-10322 (JPM)
                                              :
                                              :
                  Debtor.                     :
                                              :
------------------------------------------------------------x

## ELETSON HOLDINGS INC.'S
## MOTION TO COMPEL PRODUCTION OF DOCUMENTS

---

[1]    Prior to November 19, 2024, the Debtors in these cases were:  Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC.  On March 5, 2025, the Court entered a final decree and order closing the chapter 11 cases of Eletson Finance (US) LLC and Agathonissos Finance LLC. Commencing on March 5, 2025, all motions, notices, and other pleadings relating to any of the Debtors shall be filed in the chapter 11 case of Eletson Holdings Inc.  The Debtor's mailing address is c/o Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, New York 10036.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES................................................................................................... ii

PRELIMINARY STATEMENT............................................................................................. 1

BACKGROUND .................................................................................................................. 2

    A.    The Plan and Confirmation Order............................................................ 2

    B.    The Misconduct of Eletson's Former Shareholders................................. 3

    C.    Holdings' Efforts to Obtain the Documents  Commanded in the Rule 2004
        Subpoenas ................................................................................................ 4

ARGUMENT ...................................................................................................................... 5

I.    The Rule 2004 Order Requires Production........................................................ 5

II.    The Previewed Objections Lack Merit .............................................................. 6

    A.    The Legal Objections Are Misplaced ..................................................... 6

    B.    The Boilerplate Scope and Relevance Objections Are Misplaced.......... 8

CONCLUSION...................................................................................................................11

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bizelia v. Clinton Towers Mgmt.*,
    No. 20-CV-8065 (JPC) (OTW), 2024 WL 4729769 (S.D.N.Y. Oct. 9, 2024) ........................5

*Black v. Boomsourcing, LLC*,
    No. 2:22-MC-696 RJS DBP, 2023 WL 372160 (D. Utah Jan. 24, 2023) ................................7

*Daval Steel Prods. v. M/V Fakredine*,
    951 F.2d 1357 (2d Cir. 1991)..................................................................................................5

*Eletson Holdings, Inc. v. Levona Holdings, LTD.*,
    23-07331 (S.D.N.Y. June 2, 2025) .....................................................................................3, 4

*Hanwha Azdel, Inc. v. C & D Zodiac*, Inc,
    No. 6:12-CV-00023, 2013 WL 3660562 (W.D. Va. July 11, 2013) ......................................6

*In re Cinderella Clothing Indus., Inc.*,
    93 B.R. 373 (Bankr. E.D. Pa. 1988) ....................................................................................8

*In re DG Acquisition Corp.*,
    151 F.3d 75 (2d Cir. 1998)....................................................................................................6

*In re Procom Am., LLC*,
    638 B.R. 634 (Bankr. M.D. Fla. 2022) ................................................................................7

*In re Three Arrows Cap., Ltd.*,
    647 B.R. 440 (Bankr. S.D.N.Y. 2022) .................................................................................7

*Konyen v. Lowes Home Centers, LLC*,
    No. 3:22-CV-00538-MMD-CLB, 2024 WL 1961913 (D. Nev. May 3, 2024) ................... 5-6

*Mackey v. IDT Energy, Inc.*,
    No. 19 MISC. 29(PAE), 2019 WL 2004280 (S.D.N.Y. May 7, 2019)................................7, 8

*Mancia v. Mayflower Textile Servs. Co.*,
    253 F.R.D. 354 (D. Md. 2008)..............................................................................................6

**Statutes**

11 U.S.C. § 105(a) .........................................................................................................................1

**Rules**

Fed. R. Bankr. P. 1001 ...................................................................................................................1

Fed. R. Bankr. P. 2004 .................................................................................................1, 4, 5, 8

Fed. R. Bankr. P. 2004(b) ...........................................................................................................8

Fed. R. Bankr. P. 7026 ................................................................................................................2

Fed. R. Bankr. P. 9016 ...........................................................................................................1, 5

Fed R. Civ. P. 1 ...........................................................................................................................1

Fed R. Civ. P. 26 .........................................................................................................................7

Fed R. Civ. P. 34 .........................................................................................................................7

Fed R. Civ. P. 45 .............................................................................................................1, 5, 7, 8

Fed R. Civ. P. 45(b) .....................................................................................................................6

Fed R. Civ. P. 45(b)(2) ................................................................................................................7

Fed R. Civ. P. 45(d)(2)(B) ...........................................................................................................5

**Other Authorities**

Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2452 (3d ed. 2002) .............................................7

Eletson Holdings Inc. ("Holdings"), by and through its undersigned counsel, submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1001, 2004, and 9016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rules 1 and 45 of the Federal Rules of Civil Procedure (the "Federal Rules"): compelling (a) Lassia Investment Company ("Lassia"), (b) Family Unity Trust Company ("Family Unity"), and (c) Glafkos Trust Company ("Glafkos" and collectively with Lassia and Family Unity, the "Former Majority Shareholders") to comply with Holdings' *Subpoena for Rule 2004 Examination* by producing to Holdings all documents that are responsive to the Subpoena.  In support of this Motion, Holdings respectfully states as follows:

## PRELIMINARY STATEMENT[2]

1.      By order dated June 16, 2025, the Court authorized Holdings to take Rule 2004 discovery from the Former Majority Shareholders, finding "good and sufficient cause."  In accordance with that order, Holdings issued subpoenas to the Former Majority Shareholders on June 20.  To date, however, some two months after their issuance, the Former Majority Shareholders have yet to produce a single document or even respond with formal responses and objections to discovery.  Instead, they have taken the extreme and insupportable position that they are completely immune from discovery in this case.

2.      The Court should reject this latest effort by the Former Majority Shareholders to delay and obstruct implementation of the Plan.  The discovery being sought is necessary to identify and marshal the assets of Holdings – assets that the Plan awarded to Holdings, but that

---

[2]     Capitalized terms used but not defined in this Preliminary Statement shall have the meanings ascribed to such terms where elsewhere defined in this Motion.

the Former Majority Shareholders and their affiliates and agents have persistently refused to turn

over.  There are no valid legal objections to production of the documents, nor are objections to

relevance or scope well taken.  In any event, Holdings is prepared to engage in good faith

concerning the scope of the requests (as is standard), if only the Former Majority Shareholders

would do the same.  The Court should therefore enter a further order compelling immediate

compliance with the discovery requests, on pain of contempt.

## BACKGROUND

### A.    The Plan and Confirmation Order

3.    On September 5, 2024, the Petitioning Creditors[3] filed a proposed Chapter 11

plan. [Dkt No. 1132, Ex. 1] (the "Plan").  The Debtors filed their own proposed plan.  [Dkt No.

1111].  The Debtors and Former Majority Shareholders filed objections to the Plan.  [Dkt Nos.

1029, 1033].

4.    On October 25, 2024, the Court issued a decision [Dkt No. 1212]

(the "Confirmation Decision") that, among other things, confirmed the Plan [Dkt No. 1132,

Ex. 1] and overruled all objections.

5.    On November 4, 2024, the Court entered an order confirming the Plan [Dkt No.

1223] (the "Confirmation Order"), which incorporated the Confirmation Decision by reference.

Among other things, the Confirmation Order (a) directed "[t]he Debtors and the Petitioning

Creditors and each of their respective Related Parties . . . to cooperate in good faith to implement

and consummate the Plan" (Confirmation Order ¶5(i)), (b) "authorized and directed [the

Debtors] to take or not take any and all actions as instructed by the Petitioning Creditors" and

---

[3]    The Petitioning Creditors are Pach Shemen LLC; VR Global Partners, L.P.; Alpine Partners (BVI), L.P.; Gene
B. Goldstein, in his capacity as Trustee of the Gene B. Goldstein and Francine T. Goldstein Family Trust; Mark
Millet, in his capacity as Trustee of the Mark E. Millet Living Trust; Mark Millet, in his capacity as Trustee of
the Millet 2016 Irrevocable Trust; Robert Latter; Tracy Lee Gustafson; Jason Chamness; and Ron Pike.

"not take any actions inconsistent with the Plan or this Confirmation Order without the prior

written consent of the Petitioning Creditors or further order of the Court" (*id*. ¶5(iii)),

and (c) enjoined "all Holders of Claims or Interests and other parties in interest, along with their

respective present or former employees, agents, officers, directors, principals, and affiliates . . .

from taking any actions to interfere with the implementation or consummation of the Plan"

(*id.* ¶12).

6.       No party appealed or sought to stay the Confirmation Order.  On November 19,

2024 (the "Effective Date"), the Plan went effective.  [Dkt No. 1258].

**B.       The Misconduct of Eletson's Former Shareholders**

7.       As this Court is aware, both before and since the Effective Date, various parties,

including Holdings' former management and shareholders, have gone to great lengths to obstruct

the implementation of the Plan and have interfered with Holdings' ability to manage its own

affairs.  As a result, Holdings brought a series of motions seeking to enforce the Confirmation

Order (the "Sanctions Motions").  [*See, e.g.*, Dkt Nos. 1268, 1416, 1459, 1597, 1602, 1605].  The

Sanctions Motions, as well as the Rule 2004 Application, describe the relevant issues in depth

and are each incorporated herein by reference.

8.       As those pleadings (and the facts of the case) make clear, the parties obstructing

the Plan include not just the Former Majority Shareholders, but also their controlling and

affiliated parties.  Indeed, the Former Majority Shareholders are simply vehicles through which

Holdings' former owners, directors, and officers act and potentially improperly operate, through

manipulation, Holdings and its subsidiaries.  *See Eletson Holdings, Inc. v. Levona Holdings,*

*LTD.*, 23-07331 (S.D.N.Y. June 2, 2025) [Dkt Nos. 407 (Order), 413 (Findings of Fact and

Conclusions of Law] (explaining that the Former Majority Shareholders and the Purported

Preferred Nominees are, in effect, the former owners and directors of pre-reorganized Holdings).

As Judge Liman stated when issuing the ant-suit injunction:

> Should contempt proceedings be brought for violations of this injunction, the Court anticipates little difficulty in concluding that Gas, Laskarina Karastamati, Vassilis Kertsikoff, Vasilis Hadjieleftheriadis, [the Former Majority Shareholders] are sufficiently "in privity" with, in "active concert" with, "aiding," or "abetting" [the Purported Nominees] to bring them within range of the Court's contempt power.

*Id.* at 21.

### C.    Holdings' Efforts to Obtain the Documents Commanded in the Rule 2004 Subpoenas

9.    On June 16, 2025, this Court authorized Holdings to issue subpoenas on the Former Majority Shareholders commanding them to produce documents and deposition testimony [Dkt No. 1698] (the "2004 Order").[4]  Holdings served such subpoenas (the "Subpoenas") on the Former Majority Shareholders on June 20, 2025.  Copies of the Subpoenas can be found attached hereto as **Exhibit 2**.

10.    The Subpoenas commanded the Former Majority Shareholders to, *inter alia*, produce documents responsive to fourteen different requests by no later than July 7, 2025, at 4:00 PM (ET) by delivering such documents to Holdings' counsel at its New York address or by email.

11.    The Former Majority Shareholders neither complied with the Subpoenas nor moved to quash the Subpoenas.  Instead, by a letter to Holdings, dated July 7, 2025, (the "Letter") the Former Majority Shareholders objected to the Subpoenas in their entirety.  Counsel to Holdings and the Former Majority Shareholders met and conferred, but despite Holdings'

---

[4]    By this Motion, Holdings seeks only to compel compliance with the Subpoenas' requests for document production.  Holdings reserves all rights to compel and does not waive any argument in connection with compelling, the Former Majority Shareholders produce a witness to be deposed as commanded by the Subpoenas.

effort to narrow issues and seek compromise on the scope of the Subpoenas, counsel to the

Former Majority Shareholders did not budge.  Specifically, as noted in their Letter, which is

attached hereto as **Exhibit 3**, counsel for the Former Majority Shareholders asserted, *inter alia*,

that the Subpoenas do not comply with Rule 45 of the Federal Rules of Civil Procedure (which is

incorporated by Bankruptcy Rule 9016).

## ARGUMENT

### I.    The Rule 2004 Order Requires Production

12.    In the Rule 2004 Order, the Court found "good and sufficient cause" for the

discovery sought by Holdings, and authorized Holdings to "issue subpoenas, for the production

of documents, substantially in the forms attached [to the order]."  The Former Majority

Shareholders have flouted the Court's order, failing to produce documents in response to

Holdings' subpoena nor meaningfully respond to it.

13.    Compliance with the Court's orders, and with Rule 45, is not optional.[5]  Valid

attorney-issued subpoenas operate as enforceable mandates of the court on whose behalf they are

served.  *Bizelia v. Clinton Towers Mgmt.*, No. 20-CV-8065 (JPC) (OTW), 2024 WL 4729769, at

*1 (S.D.N.Y. Oct. 9, 2024).  Absent an adequate excuse by the subpoenaed party, failure to

comply may be deemed a contempt of the court.  *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d

1357, 1364 (2d Cir. 1991) ("[A] valid subpoena is a legal instrument, non-compliance with

which can constitute contempt of court.").

14.    In the face of the Subpoenas, the Former Majority Shareholders were obligated to

either (a) comply with the Subpoenas, (b) move to quash them, or (c) issue a good faith objection

in accordance with Rule 45(d)(2)(B).  *See, e.g., Konyen v. Lowes Home Centers, LLC*, No. 3:22-

---

[5]    Holdings does not concede that strict compliance with Rule 45 is required, particularly in light of the Rule 2004
Order.  *See infra* paragraph 17.

CV-00538-MMD-CLB, 2024 WL 1961913, at *3 (D. Nev. May 3, 2024).  The Former Majority

Shareholders did none of those things, instead responding with a perfunctory letter.  But as

explained further below, the Letter raises, in large part, frivolous and/or boilerplate objections

designed only to delay and increase the costs of these proceedings.  The Former Shareholders,

therefore, have forfeited their right to object to the Subpoenas' document requests. *Hanwha*

*Azdel, Inc. v. C & D Zodiac*, Inc., No. 6:12-CV-00023, 2013 WL 3660562, at *2 (W.D. Va. July

11, 2013) (holding responding party's conclusory and boilerplate objections constitutes a waiver

of any objections it may have had to undue burden, relevance, or overbreadth); *Mancia v.*

*Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 364 (D. Md. 2008) (same); *cf In re DG*

*Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998) (all objections must be raised at once so that

discovery does not become a game).

## II.    The Previewed Objections Lack Merit

15.    In their Letter purporting to object to the Subpoenas, the Former Majority

Shareholders gestured at certain ill-conceived legal and relevance-related objections.  None of

them has merit.

### A.    The Legal Objections Are Misplaced

16.    The Former Majority Shareholders' core argument is that, as foreign nationals

residing overseas, service upon them is prohibited by Rule 45(b) of the Federal Rules of Civil

Procedures.  This is incorrect.  First, the Former Majority Shareholders agreed to service by

email. *See Notice of Appearance and Request for Service* [Dkt No. 515]; *see also Notice of*

*Substitution of Counsel and Demand for Service of Papers* [Dkt No. 1556] (stating that Former

Majority Shareholders request service upon their counsel by, *inter alia*, email and that such

request for service upon counsel applies to "all notices and papers of any kind relating to any

application, motion, pleading, request, order, complaint, or demand").  Second, as Judge Glenn

explained in *In re Three Arrows Cap., Ltd.*, Rule 45(b)(2) authorizes service on alien non-residents *within the United States*, including by serving the non-resident's United States based lawyers.  647 B.R. 440, 449 (Bankr. S.D.N.Y. 2022); *see also In re Procom Am., LLC*, 638 B.R. 634, 644 (Bankr. M.D. Fla. 2022) (service proper where subpoena was served on Florida counsel of a non-resident foreign national who, through that same counsel, appeared and actively participated in the bankruptcy case).

17.     The Former Majority Shareholders also argue that the Subpoenas improperly require production of documents in New York, in purported violation of the 100-mile rule stated in Rule 45.  That is incorrect.  Rule 45 is designed to protect third parties.  *See* Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2452, at n. 9 (3d ed. 2002).  The Former Majority Shareholders are not third parties; they are parties-in-interest that have actively participated in this case.  Rules 26 and 34 should therefore govern this dispute.  But even under Rule 45, the Former Majority Shareholders' 100-mile argument is wrong.  Electronic document production, which Holdings is requesting, occurs in the office of the producing party, simply by uploading documents.  *See Mackey v. IDT Energy, Inc.*, No. 19 MISC. 29(PAE), 2019 WL 2004280, at *4 (S.D.N.Y. May 7, 2019) (Rule 45 not violated where subpoena called for electronic production of documents, reasoning that "[f]ederal courts have universally upheld, as consistent with the Rule [45], this production mode [electronic production]—in which the subpoenaed entity, at all times acting within 100 miles of its office, uploads documents for retrieval by counsel for the party who issued the subpoena."); *see also Black v. Boomsourcing, LLC*, No. 2:22-MC-696 RJS DBP, 2023 WL 372160, at *2 (D. Utah Jan. 24, 2023) ("The production would be electronic, negating the concerns behind the 100-mile limitation in Rule 45, and making the prohibition against production inapplicable.").

18.     The Former Majority Shareholders can easily produce their own documents within 100 miles of their offices by uploading such files from those very offices in Piraeus, Greece.  Moreover, Holdings is willing to accept the production of any non-electronic, hard-copy documents at a location within 100 miles of the Former Majority Shareholders' offices.  Simply put, the Subpoenas comply with Rule 45.  *See Mackey*, 2019 WL 2004280 at *4.

**B.     The Boilerplate Scope and Relevance Objections Are Misplaced**

19.     A Rule 2004 examination may relate to, among other things, "any matter which may affect the administration of the debtors' estate . . . the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case[.]" Fed. R. Bankr. P. 2004(b); *see also In re Cinderella Clothing Indus., Inc.*, 93 B.R. 373 (Bankr. E.D. Pa. 1988) (allowing Rule 2004 discovery in the post-confirmation context); *Id.* ("[T]he use of such a discovery tool to obtain information relevant to the continued administration of the case post-confirmation . . . is supportable."). After confirmation, Rule 2004's use is a legitimate vehicle to obtain discovery into whether a party "has acted in conformity with the terms, provisions, interest, and purpose of the confirmed plan . . . ." *Cinderella Clothing Indus.*, 93 B.R. at 379 (internal quotations and citation omitted).

20.     Here, Holdings served Subpoenas in furtherance of its investigation into the misconduct perpetrated by Holdings' former management and owners.  Holdings seeks this information so that it can effectively stop such misconduct and finally receive the benefit of its $53.5 million bargain.

21.     The Subpoenas demand that the Former Majority Shareholders produce non-privileged documents responsive to fourteen separate requests.  It is these fourteen requests that

Holdings asks this Court to compel the Former Majority Shareholders to make responsive

productions of:[6]

> **Request 1:** All Documents and Communications regarding the Plan, the Confirmation Order, the Vessels, or the finances and/or bank accounts of Holdings, Gas, or any of their direct and indirect subsidiaries or affiliates.

> **Request 2:** All Documents and Communications regarding the Preferred Shares, from January 1, 2023, through the present.

> **Request 3:** All Documents and Communications regarding any attempts to alter the composition of the board of Holdings, Gas, or any of their direct and indirect subsidiaries or affiliates, beginning January 1, 2023, through the present.

> **Request 4:** All Documents and Communications concerning the control, and authority to control, Holdings, Gas, or any of their direct and indirect subsidiaries or affiliates.

> **Request 5:** All Documents and Communications regarding any efforts to oppose the implementation and consummation of the Plan, the Confirmation Order, or the authority of "Reorganized Holdings" (as defined in the Plan), whether in the United States or outside of the United States.

> **Request 6:** All Documents and Communications regarding any efforts to support the Plan, the Confirmation Order, or the authority of "Reorganized Holdings" (as defined in the Plan), whether in the United States or outside of the United States.

> **Request 7:** All Documents and Communications regarding any proceedings in the United States or outside of the United States concerning the Plan or the Confirmation Order.

> **Request 8:** All Documents and Communications regarding any proceedings in the United States or outside of the United States concerning the Arbitration.

> **Request 9:** All Documents and Communications regarding any proceedings in the United States or outside of the United States concerning the Preferred Shares.

---

[6] Holdings is not currently seeking that the Court dictate custodians or search terms. Should Holdings and the Former Majority Shareholders fail to agree upon custodians and search terms immediately, Holdings reserves its right to seek, on an expedited basis, that this Court dictate such items.

**Request 10:** All Documents and Communications regarding any proceedings in the United States or outside of the United States concerning the address of record of Holdings, Gas, or any of their direct and indirect subsidiaries or affiliates.

**Request 11:** All Documents and Communications regarding any proceedings in the United States or outside of the United States concerning the Vessels.

**Request 12:** All Documents and Communications regarding the assets, finances, and/or bank accounts, including, but not limited to, any attempts to access, use, maintain, or gain control of such assets, finances, and/or bank accounts, of Holdings, Gas, or any of their direct and indirect subsidiaries or affiliates.

**Request 13:** All Documents and Communications regarding any payments that are due or that have been made to lawyers or law firms advocating on behalf of the Former Majority Shareholders, the Purported Preferred Nominees, the Purported Provisional Board, Purported Provisional Holdings, the Former Minority Shareholders, any members of the Purported Provisional Board, Laskarina Karastamati, Vassilis Hadjieleftheriadis, or Vassilis E. Kertsikoff.

**Request 14:** All Documents and Communications regarding any actual or contemplated efforts, proposals, discussions, negotiations, analyses, marketing processes, or strategic reviews related to the management, refinancing, sale, disposition, chartering, leveraging, pledging, transfer, or other monetization of any interest in, or relating to, the Vessels or their associated income streams, operating companies, holding companies, or beneficial ownership structures, from January 1, 2023, through the present.

22.    These requests are aimed at obtaining information in the Former Majority Shareholders' possession, custody, or control concerning (a) their efforts to undermine the Plan and Confirmation Order (*e.g.*, Requests 1, 5, 6, 7, 8, and 10), and (b) the control, management, and/or status of Holdings' (and its subsidiaries') assets (*e.g.,* Requests 2, 3, 4, 9, 11, 12, 13, and 14). Together, these categories of information are relevant to Holdings' ability to determine where Holdings' (and its subsidiaries') assets are and what proceedings have been brought or have been contemplated (and may yet be brought) in furtherance of the Former Majority

Shareholders' scheme to steal from Holdings, despite their equity interest in Holdings having been cancelled.

## **<u>CONCLUSION</u>**

WHEREFORE, Holdings respectfully requests that the Court enter the Proposed Order, in substantially the form attached hereto as **<u>Exhibit 1</u>**, and grant such other further relief as this Court may deem just and proper.

DATED:  August 19, 2025                          HERBERT SMITH FREEHILLS KRAMER
New York, New York                               (US) LLP
                                                 By:

                                                 */s/ Brian F. Shaughnessy*
                                                 Kyle J. Ortiz
                                                 Brian F. Shaughnessy
                                                 Jennifer Sharret
                                                 Andrew J. Citron
                                                 1177 6th Avenue
                                                 New York, New York 10036
                                                 Tel: (212) 715-9100
                                                 E-mail: Kyle.ortiz@hsfkramer.com
                                                      Brian.shaughnessy@hsfkramer.com
                                                      Jennifer.sharret@hsfkramer.com
                                                      Andrew.citron@hsfkramer.com

                                                 *Counsel for Eletson Holdings Inc.*

# Exhibit 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x
                                 :

In re:                           :        Chapter 11
                                  :

ELETSON HOLDINGS INC.,[1]     :        Case No. 23-10322 (JPM)
                                  :
                                  :

             Debtor.          :
                                  :
--------------------------------------------------------------x

### ORDER COMPELLING THE FORMER MAJORITY SHAREHOLDERS COMPLY WITH THE SUBPOEANS ISSUED ON JUNE 20, 2025

Upon the motion (the "Motion") of Eletson Holdings, Inc. ("Holdings"), for entry of an order (this "Order"), pursuant to section 105 of the Bankruptcy Code, Rules 1 and 45(c) of the Federal Rules of Civil Procedure, and Rules 1001, 2004 and 9016 of the Federal Rules of Bankruptcy Procedures, compelling each (a) Lassia Investment Company ("Lassia"), (b) Family Unity Trust Company ("Family Unity"), and (c) Glafkos Trust Company ("Glafkos" and collectively with Lassia and Family Unity, the "Former Majority Shareholders"), to comply with the Subpoenas by producing responsive documents to the fourteen document requests in said Subpoenas;[2] and the Court having jurisdiction to consider the Motion and relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that no other notice is necessary except as provided herein; and the relief requested therein raising a core proceeding under 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1]    Prior to November 19, 2024, the Debtors in these cases were: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC. On March 5, 2025, the Court entered a final decree and order closing the chapter 11 cases of Eletson Finance (US) LLC and Agathonissos Finance LLC. Commencing on March 5, 2025, all motions, notices, and other pleadings relating to any of the Debtors shall be filed in the chapter 11 case of Eletson Holdings Inc. The Debtor's mailing address is c/o Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, New York 10036.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings as ascribed to them in the Motion.

the relief sought being in the best interests of Holdings, its creditors, and other parties in interest;

and it appearing that good and sufficient cause for the relief sought in the Motion exists, therefor,

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is granted as set forth herein.

2.     Each of the Former Majority Shareholders shall comply with the duly issued

Subpoenas.

3.     Counsel to Holdings and the Former Majority Shareholders shall meet-and-confer

no later than two (2) days after entry of this Order to discuss proposed custodians and search

terms in connection with the Subpoenas.  Should the parties fail to agree upon such custodians

and search terms within four (4) days after entry of this Order, Holdings or the Former Majority

Shareholders shall inform the Court of such, and the Court shall hold a discovery conference

where the Court will designate custodians and order the use of search terms.

4.     Each of the Former Majority Shareholders shall begin producing responsive

documents no later than ten (10) days after entry of this Order, subject to extensions for good

cause shown.

5.     Each of the Former Majority Shareholders shall substantially complete document

production no later than thirty (30) days after the entry of this Order, subject to extensions for

good cause shown.

6.     To the extent that any of the Former Majority Shareholders withhold any

documents on the basis of an asserted privilege, that entity is directed to provide a privilege log

in accordance with Bankruptcy Rule 7026 to Herbert Smith Freehills Kramer (US) LLP, 1177

Avenue of the Americas, New York, New York 10036, Attn: Kyle J. Ortiz, Esq.

(kyle.ortiz@hsfkramer.com), Brian F. Shaughnessy, Esq. (brian.shaughnessy@hsfkramer.com),

and Andrew J. Citron, Esq. (andrew.citron@hsfkramer.com) so as to be received with the

document production required by the subpoena, or at such time as may be mutually agreed to by

Holdings and the subpoenaed entity or person.

7.     Nothing herein shall prejudice Holdings' ability to seek fees and costs associated

with prosecuting the Motion or otherwise seeking to enforce the Subpoenas.

8.     In the event the Former Majority Shareholders fail to produce responsive

documents within ten (10) days of the entry of this Order, and upon notice by Holdings to the

Court of such non-compliance, the Former Majority Shareholders will be held in contempt.

Continued non-compliance may result in sanctions, including, but not limited to, monetary

sanctions.  The Court will continue to find and hold the Former Majority Shareholders in

contempt unless and until the Former Majority Shareholders establish by clear and convincing

evidence that they complied with the Subpoenas and this Order thereby purging their contempt.

9.     The Court shall retain jurisdiction to hear and determine any and all matters

arising from the interpretation and/or implementation of this Order.


Dated:   New York, New York
          _____, 2025


                                _____
                                HONORABLE JOHN P. MASTANDO III
                                UNITED STATES BANKRUPTCY JUDGE

**Exhibit 2**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____ District of _____ New York _____

In re  Eletson Holdings Inc., et al. _____          Case No. _____ 23-10322 _____
                 **Debtor**

                                              Chapter _____ 11 _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Family Unit Trust Company _____

*(Name of person to whom the subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Herbert Smith Freehills Kramer (US) LLP<br>1177 Avenue of the Americas<br>New York, NY 10036 | July 7, 2025, at 4:00 PM (ET) |

The examination will be recorded by this method:  _videographer_ _____

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A; documents to be produced by July 7, 2025, at Herbert Smith Freehills Kramer (US) LLP at the address listed below.

         The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _6/20/2025_

                 CLERK OF COURT

                                   OR

_____          /s/Brian F. Shaughnessy
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Eletson Holdings Inc. _____ , who issues or requests this subpoena, are:
Brian F. Shaughnessy, Herbert Smith Freehills Kramer (US) LLP
1177 Avenue of the Americas, New York, NY 10036  Tel: (212) 715-9100   Email: Brian.Shaughnessy@hsfkramer.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                    _____
                                                                 *Server's signature*

                                                    _____
                                                                 *Printed name and title*

                                                    _____
                                                                 *Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ELETSON HOLDINGS INC., *et al.*[1] | § | Case No. 23-10322 (JPM) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | |

**ELETSON HOLDINGS INC.'S REQUEST FOR PRODUCTION
OF DOCUMENTS TO FAMILY UNIT TRUST COMPANY PURSUANT
TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Pursuant to Federal Rule of Bankruptcy Procedure 2004, Eletson Holdings Inc., ("**Eletson**"), and its affiliated debtors in the above captioned chapter 11 cases (the "**Debtors**"), by and through their undersigned counsel, hereby serves this request for production of documents (the "**Requests**") on Family Unit Trust Company.

Eletson demands that Family Unit Trust Company produce documents responsive to the Requests to **Brian Shaughnessy, Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, New York 10036**, no later than **July 7, 2025 at 4:00 p.m. (prevailing Eastern time).**

Each of the following Requests is to be read and produced in accordance with the definitions and instructions set forth below.

---

[1]    Prior to November 19, 2024, the Debtors in these cases were: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC.  On March 5, 2025, the Court entered a final decree and order closing the chapter 11 cases of Eletson Finance (US) LLC and Agathonissos Finance LLC.  Commencing on March 5, 2025, all motions, notices, and other pleadings relating to any of the Debtors shall be filed in the chapter 11 case of Eletson Holdings Inc.  The Debtor's mailing address is c/o Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, New York 10036.

## **DEFINITIONS**

Notwithstanding anything else to the contrary herein, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under Fed. R. Civ. Proc. 26 and 34, as made applicable herein by Fed. R. Bankr. Proc. 7026, 7034, and 9014.  For purposes of these Requests, the following definitions will apply, regardless of whether the defined word is capitalized:

1.      "All," "each," and "any" shall be construed to mean all, each, every, and any, so as to be expansive as possible.

2.      The term "Affiliate" is defined to be synonymous in meaning and equal in scope to the usage of the term "affiliate" as such term is defined in section 101(2) of the Bankruptcy Code.

3.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each document request all ocuments that might otherwise be construed to be outside of its scope.

4.      "Arbitration" shall mean that certain JAMS arbitration proceeding entitled *Eletson Holdings, Inc., et. Al. v. Levona Holdings Ltd.*, JAMS Ref. No. 5425000511, before the Honorable Ariel Belen, and any related confirmation or vacatur proceeding.

5.      The term "Bankruptcy Cases" means the bankruptcy cases captioned *In re Eletson Holdings, Inc., et al.*, Case No. 23-10322-(JPM) (Bankr. S.D.N.Y. 2023).

6.      The term "Communication" or "Communications" means the transmittal of information in any form or medium including any letters, e-mail, instant messages, text messages, messages, messages sent over mobile-device chat services, including Instant Bloomberg, Bloomberg messages, BlackBerry Messenger, Google Hangouts, Apple iMessage, Facebook Messenger, WhatsApp, KakaoTalk, Line, Slack, WeChat, Snapchat, messages on other messaging

platforms, messages on other messaging platforms, telephone conversations (including recorded or taped telephone conversations and including messages left on cellular phones), correspondence, notes, facsimiles, facsimile confirmation sheets, blog entries, postings on internet websites, internal call notes, sales pipeline updates, or other forms of written or verbal intercourse (electronic or otherwise) and any Documents exchanged with or attached to such Communications.

7.      "Confirmation Order" means the November 4, 2024, order confirming the Plan entered in the Bankruptcy Cases at docket number 1223.

8.      The terms "concerning" and "relating to" shall mean concerning, relating to, referring to, reflecting, describing, involving, evidencing, constituting, or touching upon in any way, in whole or in part.

9.      The term "Document" or "Documents" is used in the broadest possible sense allowable under Federal Rule of Civil Procedure 34(a)(1)(A) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and shall include the original, all non-identical copies, and drafts of any tangible or intangible item from which information can be derived or discerned, and specifically includes any written, recorded, or graphic material of any kind, whether prepared by You or by any other Person, and whether in print or in electronic form, that is in Your possession, custody, or control. The term includes, without limitation, agreements; contracts; letters; telegrams; memoranda; reports; records; instructions; specifications; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or Communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; ledgers; financial statements;

microfilm; microfiche; tape or disc recordings; and computer print-outs, letters, e-mails, text messages, instant messaging, and all forms of electronic data and other information stored on electronic media.

10.    "Former Majority Shareholders" means, individually, and/or collectively, Lassia Investment Company, Family Unit Trust Company, and Glafkos Trust Company, including each's officers, directors, co-founders, members, partners, employees, counsel, financial advisors, investment bankers, agents, officials, representatives, and all Persons and entities purporting to act on each's behalf.

11.    "Former Minority Shareholders" means, individually, and/or collectively, Elafonissos Shipping Corporation and Keros Shipping Corporation, including each's officers, directors, co-founders, members, partners, employees, counsel, financial advisors, investment bankers, agents, officials, representatives, and all Persons and entities purporting to act on its behalf.

12.    "Former Shareholders" means, individually, and/or collectively, the Former Majority Shareholders and the Former Minority Shareholders.

13.    "Gas" means Eletson Gas LLC, including all of its purported officers, directors, co-founders, members, partners, employees, counsel, financial advisors, investment bankers, agents, officials, representatives, and all Persons and entities purporting to act on its behalf.

14.    "Holdings" means Eletson Holdings Inc., including its purported officers, directors, co-founders, members, partners, employees, counsel, financial advisors, investment bankers, agents, officials, representatives, and all Persons and entities purporting to act on its behalf.

15.     "Person" means any natural person, firm, corporation, unincorporated association, partnership, or other form of legal entity or governmental body, including affiliates, agents, and representatives.

16.     "Plan" means the chapter 11 plan of reorganization filed in the Bankruptcy Cases at docket number 1132, exhibit 1.

17.     "Preferred Shares" means the purported preferred interest or purported preferred units in Eletson Gas LLC.

18.     "Purported Preferred Nominees" means, individually, and/or collectively, Apargo Limited, Fentalon Limited, and Desimusco Trading Company, including each's officers, directors, co-founders, members, partners, employees, counsel, financial advisors, investment bankers, agents, officials, representatives, and all Persons and entities purporting to act on its behalf.

19.     "Purported Provisional Board" means, individually, and/or collectively, Vassilis Chatzieleftheriadis, Konstatinos Chartzieleftheriadis, Ionnis Zilakos, Niki Zilakos, Adrianos Psomadakis-Karastamatis, Eleni Giannakopoulous, Panos Paxinoz, and Emmanuel Andreulaks.

20.     "Purported Provisional Holdings" means the alleged juridical entity that certain Former Shareholders claim is controlled by the Purported Provisional Board and that Reed Smith LLP purports to represent in connection with matters arising subsequent to the effective date of the Plan in the Bankruptcy Cases.

21.     "Vessels" means, individually, and/or collectively, any of the following vessels: *Fourni*, *Kastos*, *Kinaros*, *Kimolos*, *Anafi*, *Antikithira*, *Astipalea*, *Dilos*, *Ithacki*, *Kalolimnos*, *Kithira*, *Kithnos*, *Nisyros*, *Othoni*, *Paros*, *Symi*, *Telendos*, *Tilos*, and any other vessel in which Holdings, Gas, or any of their respective subsidiaries or affiliates holds, directly or indirectly, any legal or beneficial interest.

- 5 -

22.    "You" and "your" means the person or entity responding to these Requests.

## **INSTRUCTIONS**

1.    These Requests encompass all documents in Your possession, custody, or control, whether or not such documents were prepared by or for You.  Where documents in Your possession, custody, or control are requested or inquired of, such Request or inquiry includes Documents in the possession, custody, or control of each of Your current and former direct and indirect affiliates, subsidiaries, directors, employees, representatives, agents, advisors, attorneys, accountants, auditors and consultants, all other persons or entities acting or purporting to act on Your behalf or under Your control, any other persons or entities from whom You could obtain Documents, and each of their predecessors and successors.

2.    If You contend that no Documents exist concerning all or part of a Request, You shall state this contention and respond as fully as possible to all parts of the Request for which Documents exist.

3.    If You claim that any privilege or protection excuses production of any Document or part thereof, You must expressly make such claim in writing and describe the nature of each Document withheld on this ground, in sufficient detail for Eletson to determine whether there is an adequate basis for invoking privilege or protection.

4.    In the event that any Document covered hereunder has been destroyed, discarded, or lost, You shall inform Eletson of this in writing and provide a general description of the categories of documents destroyed or lost and the circumstances of their destruction or loss.

5.    If any Document cannot be produced in full, it shall be produced to the maximum extent possible and You shall specify in writing the reasons for Your inability to produce the remainder.

6.      Each Document is to be produced with all non-identical copies and drafts thereof in their entirety without abbreviation or redaction (other than for a claim of privilege, consistent with these Instructions).

7.      All Documents that are produced in electronic format shall be provided with: (i) Group W "tiff" images and IPRO-ready OPT files; (ii) a Concordance DAT delimited file with boundaries; (iii) full text OCR, with OCR text files provided on a document level; and (iv) all metadata fields associated with each electronic Document. Eletson also request that all spreadsheets created in Microsoft Excel or a similar spreadsheet program be produced in their native format. Eletson reserve's its rights to request that other Documents be produced in their native format if necessary. The following metadata fields shall also be produced with all Documents produced in electronic format:

| Field Name | Description |
|---|---|
| BEGDOC | An automatically-generated number assigned to first page of the Document |
| ENDDOC | An automatically-generated number assigned to last page of the Document |
| BEGATTACH | An automatically-generated number assigned to the first page of the parent Document in a family |
| ENDATTACH | An automatically-generated number assigned to the last page of an attachment in a Document family |
| PARENT_ID | The beginning DOCID for a parent Document |
| ATTACH_IDS | The beginning DOCID for all attachments |
| ATTCOUNT | The number of attachments to an email |
| DOC_TYPE | The type of file from the header (*e.g.*, Microsoft Outlook, Excel, Word, etc.) |
| PARENT_CHILD | A vendor-populated field where "P" denotes a parent Document and "A" denotes an attachment |
| PAGECOUNT | The number of pages of each individual Document |
| FROM | The name of the sender of an email, from the "From" field |
| TO | The recipient(s) of an email, from the "To" field |

| Field Name | Description |
|---|---|
| CC | The name(s) of any Person(s) to whom a copy of an email was sent, from the "CC" field |
| BCC | The name(s) of any Person(s) that were blind copied on an email, from the "BCC" field |
| SUBJECT | The text in the "Subject" line or "Re" line of an email or application file |
| CUSTODIAN | The name(s) of the Person(s) from which a collection of |
| AUTHOR | The name of the author or the creator of an application file, from the "Author" field |
| DATE_SENT | The date on which an email was sent |
| DATE_RCVD | The date on which an email was received |
| DATE_LASTMOD | The date on which an email or application file was last Modified |
| DATE_CREATED | The date an email or application file was created |
| TIME_ CREATED | The time at which an email or application was created |
| TIME_SENT | The time at which an email was sent |
| TIME_RCVD | The time at which an email was received |
| TITLE | The text in the "Title" field of an application file |
| LAST_AUTHOR | The name in the "Last Author" field for an application file |
| LAST_SAVED | The date in the "Last Saved" field for an application file |
| LAST_PRINTED | The date in the "Last Printed" field for an application file |
| APPLICATION | The name of the application that generated the native file |
| FILEEXT | The filename extension of each email, attachment, or application file |
| FILENAME | The name of an application file, including its extension |
| FILESIZE | The size of a Document in bytes |
| SOURCEFOLDER | The full path information for email, attachments, and application files beginning with the original source-folder Name |
| HASHVALUE | The output of an algorithm-generated value for each individual file |
| SEARCH_HIT | The search term or terms that "hit" on a Document |
| NATIVE_FILE | A hyperlink to the native file |

8.      The use of the singular form of any word includes the plural and vice versa.

9.      Unless stated otherwise, these Requests call for documents generated, transmitted or received on or after October 25, 2024, to the present (the "**Relevant Period**").

10.     These Requests shall be deemed to be continuing so as to require You to supplement Your responses if You or Your attorneys or agents become aware of, receive, or generate additional documents responsive to these Requests after the time of the initial response.

## DOCUMENTS REQUESTED

1.     All Documents and Communications regarding the Plan, the Confirmation Order, the Vessels, or the finances and/or bank accounts of Holdings, Gas, or any of their direct and indirect subsidiaries or affiliates.

2.     All Documents and Communications regarding the Preferred Shares, from January 1, 2023, through the present.

3.     All Documents and Communications regarding any attempts to alter the composition of the board of Holdings, Gas, or any of their direct and indirect subsidiaries or affiliates, beginning January 1, 2023, through the present.

4.     All Documents and Communications concerning the control, and authority to control, Holdings, Gas, or any of their direct and indirect subsidiaries or affiliates.

5.     All Documents and Communications regarding any efforts to oppose the implementation and consummation of the Plan, the Confirmation Order, or the authority of "Reorganized Holdings" (as defined in the Plan), whether in the United States or outside of the United States.

6.     All Documents and Communications regarding any efforts to support the Plan, the Confirmation Order, or the authority of "Reorganized Holdings" (as defined in the Plan), whether in the United States or outside of the United States.

7.     All Documents and Communications regarding any proceedings in the United States or outside of the United States concerning the Plan or the Confirmation Order.

8.      All Documents and Communications regarding any proceedings in the United States or outside of the United States concerning the Arbitration.

9.      All Documents and Communications regarding any proceedings in the United States or outside of the United States concerning the Preferred Shares.

10.     All Documents and Communications regarding any proceedings in the United States or outside of the United States concerning the address of record of Holdings, Gas, or any of their direct and indirect subsidiaries or affiliates.

11.     All Documents and Communications regarding any proceedings in the United States or outside of the United States concerning the Vessels.

12.     All Documents and Communications regarding the assets, finances, and/or bank accounts, including, but not limited to, any attempts to access, use, maintain, or gain control of such assets, finances, and/or bank accounts, of Holdings, Gas, or any of their direct and indirect subsidiaries or affiliates.

13.     All Documents and Communications regarding any payments that are due or that have been made to lawyers or law firms advocating on behalf of the Former Majority Shareholders, the Purported Preferred Nominees, the Purported Provisional Board, Purported Provisional Holdings, the Former Minority Shareholders, any members of the Purported Provisional Board, Laskarina Karastamati, Vassilis Hadjieleftheriadis, or Vassilis E. Kertsikoff.

14.     All Documents and Communications regarding any actual or contemplated efforts, proposals, discussions, negotiations, analyses, marketing processes, or strategic reviews related to the management, refinancing, sale, disposition, chartering, leveraging, pledging, transfer, or other monetization of any interest in, or relating to, the Vessels or their associated income streams,

operating companies, holding companies, or beneficial ownership structures, from January 1,

2023, through the present.


New York, New York                          */s/ Brian Shaughnessy*
Dated: June 20, 2025                         **HERBERT SMITH FREEHILLS**
                                             **KRAMER (US) LLP**
                                             Kyle Ortiz
                                             Brian Shaughnessy
                                             1177 Avenue of the Americas
                                             New York, New York 10036
                                             Telephone:    (212) 715-9132
                                             Facsimile:    (212) 715-8000
                                             Email:        kyle.ortiz@hsfkramer.com
                                                           Brian.shaughnessy@hsfkramer.com

                                             *Counsel to reorganized Eletson Holdings Inc.*

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____ District of _____ New York _____

In re   Eletson Holdings Inc., et al. _____      Case No. _____ 23-10322 _____

                    Debtor

                                          Chapter _____ 11 _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To:   Glafkos Trust Company _____

_(Name of person to whom the subpoena is directed)_

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Herbert Smith Freehills Kramer (US) LLP<br>1177 Avenue of the Americas<br>New York, NY 10036 | July 7, 2025, at 4:00 PM (ET) |

The examination will be recorded by this method: _____ videographer _____

☑ _Production:_ You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A; documents to be produced by July 7, 2025, at Herbert Smith Freehills Kramer (US) LLP at the address listed below.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   6/20/2025 _____

                    CLERK OF COURT

                                    OR

        _____           /s/Brian F. Shaughnessy
        _Signature of Clerk or Deputy Clerk_           _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_
Eletson Holdings Inc. _____ , who issues or requests this subpoena, are:
Brian F. Shaughnessy, Herbert Smith Freehills Kramer (US) LLP
1177 Avenue of the Americas, New York, NY 10036  Tel: (212) 715-9100   Email: Brian.Shaughnessy@hsfkramer.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


 I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ELETSON HOLDINGS INC., *et al.*[1] | § | Case No. 23-10322 (JPM) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | |

### ELETSON HOLDINGS INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO GLAFKOS TRUST COMPANY PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Pursuant to Federal Rule of Bankruptcy Procedure 2004, Eletson Holdings Inc., ("**Eletson**"), and its affiliated debtors in the above captioned chapter 11 cases (the "**Debtors**"), by and through their undersigned counsel, hereby serves this request for production of documents (the "**Requests**") on Glafkos Trust Company.

Eletson demands that Glafkos Trust Company produce documents responsive to the Requests to **Brian Shaughnessy, Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, New York 10036**, no later than **July 7, 2025 at 4:00 p.m. (prevailing Eastern time).**

Each of the following Requests is to be read and produced in accordance with the definitions and instructions set forth below.

---

[1]    Prior to November 19, 2024, the Debtors in these cases were: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC.  On March 5, 2025, the Court entered a final decree and order closing the chapter 11 cases of Eletson Finance (US) LLC and Agathonissos Finance LLC.  Commencing on March 5, 2025, all motions, notices, and other pleadings relating to any of the Debtors shall be filed in the chapter 11 case of Eletson Holdings Inc.  The Debtor's mailing address is c/o Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, New York 10036.

## **DEFINITIONS**

Notwithstanding anything else to the contrary herein, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under Fed. R. Civ. Proc. 26 and 34, as made applicable herein by Fed. R. Bankr. Proc. 7026, 7034, and 9014. For purposes of these Requests, the following definitions will apply, regardless of whether the defined word is capitalized:

1.      "All," "each," and "any" shall be construed to mean all, each, every, and any, so as to be expansive as possible.

2.      The term "Affiliate" is defined to be synonymous in meaning and equal in scope to the usage of the term "affiliate" as such term is defined in section 101(2) of the Bankruptcy Code.

3.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each document request all ocuments that might otherwise be construed to be outside of its scope.

4.      "Arbitration" shall mean that certain JAMS arbitration proceeding entitled *Eletson Holdings, Inc., et. Al. v. Levona Holdings Ltd.*, JAMS Ref. No. 5425000511, before the Honorable Ariel Belen, and any related confirmation or vacatur proceeding.

5.      The term "Bankruptcy Cases" means the bankruptcy cases captioned *In re Eletson Holdings, Inc., et al.*, Case No. 23-10322-(JPM) (Bankr. S.D.N.Y. 2023).

6.      The term "Communication" or "Communications" means the transmittal of information in any form or medium including any letters, e-mail, instant messages, text messages, messages, messages sent over mobile-device chat services, including Instant Bloomberg, Bloomberg messages, BlackBerry Messenger, Google Hangouts, Apple iMessage, Facebook Messenger, WhatsApp, KakaoTalk, Line, Slack, WeChat, Snapchat, messages on other messaging

platforms, messages on other messaging platforms, telephone conversations (including recorded or taped telephone conversations and including messages left on cellular phones), correspondence, notes, facsimiles, facsimile confirmation sheets, blog entries, postings on internet websites, internal call notes, sales pipeline updates, or other forms of written or verbal intercourse (electronic or otherwise) and any Documents exchanged with or attached to such Communications.

7.    "Confirmation Order" means the November 4, 2024, order confirming the Plan entered in the Bankruptcy Cases at docket number 1223.

8.    The terms "concerning" and "relating to" shall mean concerning, relating to, referring to, reflecting, describing, involving, evidencing, constituting, or touching upon in any way, in whole or in part.

9.    The term "Document" or "Documents" is used in the broadest possible sense allowable under Federal Rule of Civil Procedure 34(a)(1)(A) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and shall include the original, all non-identical copies, and drafts of any tangible or intangible item from which information can be derived or discerned, and specifically includes any written, recorded, or graphic material of any kind, whether prepared by You or by any other Person, and whether in print or in electronic form, that is in Your possession, custody, or control. The term includes, without limitation, agreements; contracts; letters; telegrams; memoranda; reports; records; instructions; specifications; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or Communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; ledgers; financial statements;

microfilm; microfiche; tape or disc recordings; and computer print-outs, letters, e-mails, text messages, instant messaging, and all forms of electronic data and other information stored on electronic media.

10. "Former Majority Shareholders" means, individually, and/or collectively, Lassia Investment Company, Family Unit Trust Company, and Glafkos Trust Company, including each's officers, directors, co-founders, members, partners, employees, counsel, financial advisors, investment bankers, agents, officials, representatives, and all Persons and entities purporting to act on each's behalf.

11. "Former Minority Shareholders" means, individually, and/or collectively, Elafonissos Shipping Corporation and Keros Shipping Corporation, including each's officers, directors, co-founders, members, partners, employees, counsel, financial advisors, investment bankers, agents, officials, representatives, and all Persons and entities purporting to act on its behalf.

12. "Former Shareholders" means, individually, and/or collectively, the Former Majority Shareholders and the Former Minority Shareholders.

13. "Gas" means Eletson Gas LLC, including all of its purported officers, directors, co-founders, members, partners, employees, counsel, financial advisors, investment bankers, agents, officials, representatives, and all Persons and entities purporting to act on its behalf.

14. "Holdings" means Eletson Holdings Inc., including its purported officers, directors, co-founders, members, partners, employees, counsel, financial advisors, investment bankers, agents, officials, representatives, and all Persons and entities purporting to act on its behalf.

15.     "Person" means any natural person, firm, corporation, unincorporated association, partnership, or other form of legal entity or governmental body, including affiliates, agents, and representatives.

16.     "Plan" means the chapter 11 plan of reorganization filed in the Bankruptcy Cases at docket number 1132, exhibit 1.

17.     "Preferred Shares" means the purported preferred interest or purported preferred units in Eletson Gas LLC.

18.     "Purported Preferred Nominees" means, individually, and/or collectively, Apargo Limited, Fentalon Limited, and Desimusco Trading Company, including each's officers, directors, co-founders, members, partners, employees, counsel, financial advisors, investment bankers, agents, officials, representatives, and all Persons and entities purporting to act on its behalf.

19.     "Purported Provisional Board" means, individually, and/or collectively, Vassilis Chatzieleftheriadis, Konstatinos Chartzieleftheriadis, Ionnis Zilakos, Niki Zilakos, Adrianos Psomadakis-Karastamatis, Eleni Giannakopoulous, Panos Paxinoz, and Emmanuel Andreulaks.

20.     "Purported Provisional Holdings" means the alleged juridical entity that certain Former Shareholders claim is controlled by the Purported Provisional Board and that Reed Smith LLP purports to represent in connection with matters arising subsequent to the effective date of the Plan in the Bankruptcy Cases.

21.     "Vessels" means, individually, and/or collectively, any of the following vessels: *Fourni*, *Kastos*, *Kinaros*, *Kimolos*, *Anafi*, *Antikithira*, *Astipalea*, *Dilos*, *Ithacki*, *Kalolimnos*, *Kithira*, *Kithnos*, *Nisyros*, *Othoni*, *Paros*, *Symi*, *Telendos*, *Tilos*, and any other vessel in which Holdings, Gas, or any of their respective subsidiaries or affiliates holds, directly or indirectly, any legal or beneficial interest.

22.     "You" and "your" means the person or entity responding to these Requests.

## **INSTRUCTIONS**

1.     These Requests encompass all documents in Your possession, custody, or control, whether or not such documents were prepared by or for You.  Where documents in Your possession, custody, or control are requested or inquired of, such Request or inquiry includes Documents in the possession, custody, or control of each of Your current and former direct and indirect affiliates, subsidiaries, directors, employees, representatives, agents, advisors, attorneys, accountants, auditors and consultants, all other persons or entities acting or purporting to act on Your behalf or under Your control, any other persons or entities from whom You could obtain Documents, and each of their predecessors and successors.

2.     If You contend that no Documents exist concerning all or part of a Request, You shall state this contention and respond as fully as possible to all parts of the Request for which Documents exist.

3.     If You claim that any privilege or protection excuses production of any Document or part thereof, You must expressly make such claim in writing and describe the nature of each Document withheld on this ground, in sufficient detail for Eletson to determine whether there is an adequate basis for invoking privilege or protection.

4.     In the event that any Document covered hereunder has been destroyed, discarded, or lost, You shall inform Eletson of this in writing and provide a general description of the categories of documents destroyed or lost and the circumstances of their destruction or loss.

5.     If any Document cannot be produced in full, it shall be produced to the maximum extent possible and You shall specify in writing the reasons for Your inability to produce the remainder.

6.    Each Document is to be produced with all non-identical copies and drafts thereof in their entirety without abbreviation or redaction (other than for a claim of privilege, consistent with these Instructions).

7.    All Documents that are produced in electronic format shall be provided with: (i) Group W "tiff" images and IPRO-ready OPT files; (ii) a Concordance DAT delimited file with boundaries; (iii) full text OCR, with OCR text files provided on a document level; and (iv) all metadata fields associated with each electronic Document. Eletson also request that all spreadsheets created in Microsoft Excel or a similar spreadsheet program be produced in their native format. Eletson reserve's its rights to request that other Documents be produced in their native format if necessary. The following metadata fields shall also be produced with all Documents produced in electronic format:

| Field Name | Description |
|---|---|
| BEGDOC | An automatically-generated number assigned to first page of the Document |
| ENDDOC | An automatically-generated number assigned to last page of the Document |
| BEGATTACH | An automatically-generated number assigned to the first page of the parent Document in a family |
| ENDATTACH | An automatically-generated number assigned to the last page of an attachment in a Document family |
| PARENT_ID | The beginning DOCID for a parent Document |
| ATTACH_IDS | The beginning DOCID for all attachments |
| ATTCOUNT | The number of attachments to an email |
| DOC_TYPE | The type of file from the header (*e.g.*, Microsoft Outlook, Excel, Word, etc.) |
| PARENT_CHILD | A vendor-populated field where "P" denotes a parent Document and "A" denotes an attachment |
| PAGECOUNT | The number of pages of each individual Document |
| FROM | The name of the sender of an email, from the "From" field |
| TO | The recipient(s) of an email, from the "To" field |

| Field Name | Description |
|---|---|
| CC | The name(s) of any Person(s) to whom a copy of an email was sent, from the "CC" field |
| BCC | The name(s) of any Person(s) that were blind copied on an email, from the "BCC" field |
| SUBJECT | The text in the "Subject" line or "Re" line of an email or application file |
| CUSTODIAN | The name(s) of the Person(s) from which a collection of |
| AUTHOR | The name of the author or the creator of an application file, from the "Author" field |
| DATE_SENT | The date on which an email was sent |
| DATE_RCVD | The date on which an email was received |
| DATE_LASTMOD | The date on which an email or application file was last Modified |
| DATE_CREATED | The date an email or application file was created |
| TIME_ CREATED | The time at which an email or application was created |
| TIME_SENT | The time at which an email was sent |
| TIME_RCVD | The time at which an email was received |
| TITLE | The text in the "Title" field of an application file |
| LAST_AUTHOR | The name in the "Last Author" field for an application file |
| LAST_SAVED | The date in the "Last Saved" field for an application file |
| LAST_PRINTED | The date in the "Last Printed" field for an application file |
| APPLICATION | The name of the application that generated the native file |
| FILEEXT | The filename extension of each email, attachment, or application file |
| FILENAME | The name of an application file, including its extension |
| FILESIZE | The size of a Document in bytes |
| SOURCEFOLDER | The full path information for email, attachments, and application files beginning with the original source-folder Name |
| HASHVALUE | The output of an algorithm-generated value for each individual file |
| SEARCH_HIT | The search term or terms that "hit" on a Document |
| NATIVE_FILE | A hyperlink to the native file |

8.     The use of the singular form of any word includes the plural and vice versa.

9.     Unless stated otherwise, these Requests call for documents generated, transmitted or received on or after October 25, 2024, to the present (the "**Relevant Period**").

10.    These Requests shall be deemed to be continuing so as to require You to supplement Your responses if You or Your attorneys or agents become aware of, receive, or generate additional documents responsive to these Requests after the time of the initial response.

**<u>DOCUMENTS REQUESTED</u>**

1.    All Documents and Communications regarding the Plan, the Confirmation Order, the Vessels, or the finances and/or bank accounts of Holdings, Gas, or any of their direct and indirect subsidiaries or affiliates.

2.    All Documents and Communications regarding the Preferred Shares, from January 1, 2023, through the present.

3.    All Documents and Communications regarding any attempts to alter the composition of the board of Holdings, Gas, or any of their direct and indirect subsidiaries or affiliates, beginning January 1, 2023, through the present.

4.    All Documents and Communications concerning the control, and authority to control, Holdings, Gas, or any of their direct and indirect subsidiaries or affiliates.

5.    All Documents and Communications regarding any efforts to oppose the implementation and consummation of the Plan, the Confirmation Order, or the authority of "Reorganized Holdings" (as defined in the Plan), whether in the United States or outside of the United States.

6.    All Documents and Communications regarding any efforts to support the Plan, the Confirmation Order, or the authority of "Reorganized Holdings" (as defined in the Plan), whether in the United States or outside of the United States.

7.    All Documents and Communications regarding any proceedings in the United States or outside of the United States concerning the Plan or the Confirmation Order.

8.      All Documents and Communications regarding any proceedings in the United States or outside of the United States concerning the Arbitration.

9.      All Documents and Communications regarding any proceedings in the United States or outside of the United States concerning the Preferred Shares.

10.      All Documents and Communications regarding any proceedings in the United States or outside of the United States concerning the address of record of Holdings, Gas, or any of their direct and indirect subsidiaries or affiliates.

11.      All Documents and Communications regarding any proceedings in the United States or outside of the United States concerning the Vessels.

12.      All Documents and Communications regarding the assets, finances, and/or bank accounts, including, but not limited to, any attempts to access, use, maintain, or gain control of such assets, finances, and/or bank accounts, of Holdings, Gas, or any of their direct and indirect subsidiaries or affiliates.

13.      All Documents and Communications regarding any payments that are due or that have been made to lawyers or law firms advocating on behalf of the Former Majority Shareholders, the Purported Preferred Nominees, the Purported Provisional Board, Purported Provisional Holdings, the Former Minority Shareholders, any members of the Purported Provisional Board, Laskarina Karastamati, Vassilis Hadjieleftheriadis, or Vassilis E. Kertsikoff.

14.      All Documents and Communications regarding any actual or contemplated efforts, proposals, discussions, negotiations, analyses, marketing processes, or strategic reviews related to the management, refinancing, sale, disposition, chartering, leveraging, pledging, transfer, or other monetization of any interest in, or relating to, the Vessels or their associated income streams,

operating companies, holding companies, or beneficial ownership structures, from January 1,

2023, through the present.


New York, New York                              */s/ Brian Shaughnessy*
Dated: June 20, 2025                            **HERBERT SMITH FREEHILLS**
                                                **KRAMER (US) LLP**
                                                Kyle Ortiz
                                                Brian Shaughnessy
                                                1177 Avenue of the Americas
                                                New York, New York 10036
                                                Telephone:      (212) 715-9132
                                                Facsimile:      (212) 715-8000
                                                Email:          kyle.ortiz@hsfkramer.com
                                                                Brian.shaughnessy@hsfkramer.com

                                                *Counsel to reorganized Eletson Holdings Inc.*

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____ District of _____ New York _____

In re Eletson Holdings Inc., et al. _____     Case No. _____ 23-10322 _____
                    Debtor

                                                  Chapter _____ 11 _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Lassia Investment Company _____
                        *(Name of person to whom the subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Herbert Smith Freehills Kramer (US) LLP<br>1177 Avenue of the Americas<br>New York, NY 10036 | July 7, 2025, at 4:00 PM (ET) |

The examination will be recorded by this method: _____ videographer _____

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

   See attached Exhibit A; documents to be produced by July 7, 2025, at Herbert Smith Freehills Kramer (US) LLP
   at the address listed below.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____ 6/20/2025 _____

                    CLERK OF COURT

                                      OR

_____       /s/Brian F. Shaughnessy
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Eletson Holdings Inc. _____ , who issues or requests this subpoena, are:
Brian F. Shaughnessy, Herbert Smith Freehills Kramer (US) LLP
1177 Avenue of the Americas, New York, NY 10036  Tel: (212) 715-9100   Email: Brian.Shaughnessy@hsfkramer.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                              _____
                                                            *Server's signature*

                                              _____
                                                            *Printed name and title*

                                              _____
                                                            *Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ELETSON HOLDINGS INC., *et al.*[1] | § | Case No. 23-10322 (JPM) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | |

**ELETSON HOLDINGS INC.'S REQUEST FOR PRODUCTION OF
DOCUMENTS TO LASSIA INVESTMENT COMPANY PURSUANT TO
RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Pursuant to Federal Rule of Bankruptcy Procedure 2004, Eletson Holdings Inc.,

("**Eletson**"), and its affiliated debtors in the above captioned chapter 11 cases (the "**Debtors**"), by

and through their undersigned counsel, hereby serves this request for production of documents

(the "**Requests**") on Lassia Investment Company.

Eletson demands that Lassia Investment Company produce documents responsive

to the Requests to **Brian Shaughnessy, Herbert Smith Freehills Kramer (US) LLP, 1177

Avenue of the Americas, New York, New York 10036**, no later than **July 7, 2025 at 4:00 p.m.

(prevailing Eastern time).**

Each of the following Requests is to be read and produced in accordance with the

definitions and instructions set forth below.

---

[1]     Prior to November 19, 2024, the Debtors in these cases were: Eletson Holdings Inc., Eletson Finance (US) LLC, and
Agathonissos Finance LLC.  On March 5, 2025, the Court entered a final decree and order closing the chapter 11 cases of
Eletson Finance (US) LLC and Agathonissos Finance LLC.  Commencing on March 5, 2025, all motions, notices, and
other pleadings relating to any of the Debtors shall be filed in the chapter 11 case of Eletson Holdings Inc.  The Debtor's
mailing address is c/o Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, New York
10036.

## **DEFINITIONS**

Notwithstanding anything else to the contrary herein, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under Fed. R. Civ. Proc. 26 and 34, as made applicable herein by Fed. R. Bankr. Proc. 7026, 7034, and 9014.  For purposes of these Requests, the following definitions will apply, regardless of whether the defined word is capitalized:

1.      "All," "each," and "any" shall be construed to mean all, each, every, and any, so as to be expansive as possible.

2.      The term "Affiliate" is defined to be synonymous in meaning and equal in scope to the usage of the term "affiliate" as such term is defined in section 101(2) of the Bankruptcy Code.

3.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each document request all ocuments that might otherwise be construed to be outside of its scope.

4.      "Arbitration" shall mean that certain JAMS arbitration proceeding entitled *Eletson Holdings, Inc., et. Al. v. Levona Holdings Ltd.*, JAMS Ref. No. 5425000511, before the Honorable Ariel Belen, and any related confirmation or vacatur proceeding.

5.      The term "Bankruptcy Cases" means the bankruptcy cases captioned *In re Eletson Holdings, Inc., et al.*, Case No. 23-10322-(JPM) (Bankr. S.D.N.Y. 2023).

6.      The term "Communication" or "Communications" means the transmittal of information in any form or medium including any letters, e-mail, instant messages, text messages, messages, messages sent over mobile-device chat services, including Instant Bloomberg, Bloomberg messages, BlackBerry Messenger, Google Hangouts, Apple iMessage, Facebook Messenger, WhatsApp, KakaoTalk, Line, Slack, WeChat, Snapchat, messages on other messaging

platforms, messages on other messaging platforms, telephone conversations (including recorded or taped telephone conversations and including messages left on cellular phones), correspondence, notes, facsimiles, facsimile confirmation sheets, blog entries, postings on internet websites, internal call notes, sales pipeline updates, or other forms of written or verbal intercourse (electronic or otherwise) and any Documents exchanged with or attached to such Communications.

7.      "Confirmation Order" means the November 4, 2024, order confirming the Plan entered in the Bankruptcy Cases at docket number 1223.

8.      The terms "concerning" and "relating to" shall mean concerning, relating to, referring to, reflecting, describing, involving, evidencing, constituting, or touching upon in any way, in whole or in part.

9.      The term "Document" or "Documents" is used in the broadest possible sense allowable under Federal Rule of Civil Procedure 34(a)(1)(A) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and shall include the original, all non-identical copies, and drafts of any tangible or intangible item from which information can be derived or discerned, and specifically includes any written, recorded, or graphic material of any kind, whether prepared by You or by any other Person, and whether in print or in electronic form, that is in Your possession, custody, or control. The term includes, without limitation, agreements; contracts; letters; telegrams; memoranda; reports; records; instructions; specifications; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or Communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; ledgers; financial statements;

microfilm; microfiche; tape or disc recordings; and computer print-outs, letters, e-mails, text messages, instant messaging, and all forms of electronic data and other information stored on electronic media.

10.    "Former Majority Shareholders" means, individually, and/or collectively, Lassia Investment Company, Family Unit Trust Company, and Glafkos Trust Company, including each's officers, directors, co-founders, members, partners, employees, counsel, financial advisors, investment bankers, agents, officials, representatives, and all Persons and entities purporting to act on each's behalf.

11.    "Former Minority Shareholders" means, individually, and/or collectively, Elafonissos Shipping Corporation and Keros Shipping Corporation, including each's officers, directors, co-founders, members, partners, employees, counsel, financial advisors, investment bankers, agents, officials, representatives, and all Persons and entities purporting to act on its behalf.

12.    "Former Shareholders" means, individually, and/or collectively, the Former Majority Shareholders and the Former Minority Shareholders.

13.    "Gas" means Eletson Gas LLC, including all of its purported officers, directors, co-founders, members, partners, employees, counsel, financial advisors, investment bankers, agents, officials, representatives, and all Persons and entities purporting to act on its behalf.

14.    "Holdings" means Eletson Holdings Inc., including its purported officers, directors, co-founders, members, partners, employees, counsel, financial advisors, investment bankers, agents, officials, representatives, and all Persons and entities purporting to act on its behalf.

15.    "Person" means any natural person, firm, corporation, unincorporated association, partnership, or other form of legal entity or governmental body, including affiliates, agents, and representatives.

16.    "Plan" means the chapter 11 plan of reorganization filed in the Bankruptcy Cases at docket number 1132, exhibit 1.

17.    "Preferred Shares" means the purported preferred interest or purported preferred units in Eletson Gas LLC.

18.    "Purported Preferred Nominees" means, individually, and/or collectively, Apargo Limited, Fentalon Limited, and Desimusco Trading Company, including each's officers, directors, co-founders, members, partners, employees, counsel, financial advisors, investment bankers, agents, officials, representatives, and all Persons and entities purporting to act on its behalf.

19.    "Purported Provisional Board" means, individually, and/or collectively, Vassilis Chatzieleftheriadis, Konstatinos Chartzieleftheriadis, Ionnis Zilakos, Niki Zilakos, Adrianos Psomadakis-Karastamatis, Eleni Giannakopoulous, Panos Paxinoz, and Emmanuel Andreulaks.

20.    "Purported Provisional Holdings" means the alleged juridical entity that certain Former Shareholders claim is controlled by the Purported Provisional Board and that Reed Smith LLP purports to represent in connection with matters arising subsequent to the effective date of the Plan in the Bankruptcy Cases.

21.    "Vessels" means, individually, and/or collectively, any of the following vessels: *Fourni*, *Kastos*, *Kinaros*, *Kimolos*, *Anafi*, *Antikithira*, *Astipalea*, *Dilos*, *Ithacki*, *Kalolimnos*, *Kithira*, *Kithnos*, *Nisyros*, *Othoni*, *Paros*, *Symi*, *Telendos*, *Tilos*, and any other vessel in which Holdings, Gas, or any of their respective subsidiaries or affiliates holds, directly or indirectly, any legal or beneficial interest.

- 5 -

22.    "You" and "your" means the person or entity responding to these Requests.

## INSTRUCTIONS

1.    These Requests encompass all documents in Your possession, custody, or control, whether or not such documents were prepared by or for You.   Where documents in Your possession, custody, or control are requested or inquired of, such Request or inquiry includes Documents in the possession, custody, or control of each of Your current and former direct and indirect affiliates, subsidiaries, directors, employees, representatives, agents, advisors, attorneys, accountants, auditors and consultants, all other persons or entities acting or purporting to act on Your behalf or under Your control, any other persons or entities from whom You could obtain Documents, and each of their predecessors and successors.

2.    If You contend that no Documents exist concerning all or part of a Request, You shall state this contention and respond as fully as possible to all parts of the Request for which Documents exist.

3.    If You claim that any privilege or protection excuses production of any Document or part thereof, You must expressly make such claim in writing and describe the nature of each Document withheld on this ground, in sufficient detail for Eletson to determine whether there is an adequate basis for invoking privilege or protection.

4.    In the event that any Document covered hereunder has been destroyed, discarded, or lost, You shall inform Eletson of this in writing and provide a general description of the categories of documents destroyed or lost and the circumstances of their destruction or loss.

5.    If any Document cannot be produced in full, it shall be produced to the maximum extent possible and You shall specify in writing the reasons for Your inability to produce the remainder.

6.    Each Document is to be produced with all non-identical copies and drafts thereof in their entirety without abbreviation or redaction (other than for a claim of privilege, consistent with these Instructions).

7.    All Documents that are produced in electronic format shall be provided with: (i) Group W "tiff" images and IPRO-ready OPT files; (ii) a Concordance DAT delimited file with boundaries; (iii) full text OCR, with OCR text files provided on a document level; and (iv) all metadata fields associated with each electronic Document. Eletson also request that all spreadsheets created in Microsoft Excel or a similar spreadsheet program be produced in their native format.  Eletson reserve's its rights to request that other Documents be produced in their native format if necessary. The following metadata fields shall also be produced with all Documents produced in electronic format:

| Field Name | Description |
|---|---|
| BEGDOC | An automatically-generated number assigned to first page of the Document |
| ENDDOC | An automatically-generated number assigned to last page of the Document |
| BEGATTACH | An automatically-generated number assigned to the first page of the parent Document in a family |
| ENDATTACH | An automatically-generated number assigned to the last page of an attachment in a Document family |
| PARENT_ID | The beginning DOCID for a parent Document |
| ATTACH_IDS | The beginning DOCID for all attachments |
| ATTCOUNT | The number of attachments to an email |
| DOC_TYPE | The type of file from the header (*e.g.*, Microsoft Outlook, Excel, Word, etc.) |
| PARENT_CHILD | A vendor-populated field where "P" denotes a parent Document and "A" denotes an attachment |
| PAGECOUNT | The number of pages of each individual Document |
| FROM | The name of the sender of an email, from the "From" field |
| TO | The recipient(s) of an email, from the "To" field |

- 7 -

| Field Name | Description |
|---|---|
| CC | The name(s) of any Person(s) to whom a copy of an email was sent, from the "CC" field |
| BCC | The name(s) of any Person(s) that were blind copied on an email, from the "BCC" field |
| SUBJECT | The text in the "Subject" line or "Re" line of an email or application file |
| CUSTODIAN | The name(s) of the Person(s) from which a collection of |
| AUTHOR | The name of the author or the creator of an application file, from the "Author" field |
| DATE_SENT | The date on which an email was sent |
| DATE_RCVD | The date on which an email was received |
| DATE_LASTMOD | The date on which an email or application file was last Modified |
| DATE_CREATED | The date an email or application file was created |
| TIME_ CREATED | The time at which an email or application was created |
| TIME_SENT | The time at which an email was sent |
| TIME_RCVD | The time at which an email was received |
| TITLE | The text in the "Title" field of an application file |
| LAST_AUTHOR | The name in the "Last Author" field for an application file |
| LAST_SAVED | The date in the "Last Saved" field for an application file |
| LAST_PRINTED | The date in the "Last Printed" field for an application file |
| APPLICATION | The name of the application that generated the native file |
| FILEEXT | The filename extension of each email, attachment, or application file |
| FILENAME | The name of an application file, including its extension |
| FILESIZE | The size of a Document in bytes |
| SOURCEFOLDER | The full path information for email, attachments, and application files beginning with the original source-folder Name |
| HASHVALUE | The output of an algorithm-generated value for each individual file |
| SEARCH_HIT | The search term or terms that "hit" on a Document |
| NATIVE_FILE | A hyperlink to the native file |

8.      The use of the singular form of any word includes the plural and vice versa.

9.      Unless stated otherwise, these Requests call for documents generated, transmitted or received on or after October 25, 2024, to the present (the "**Relevant Period**").

10.     These Requests shall be deemed to be continuing so as to require You to supplement Your responses if You or Your attorneys or agents become aware of, receive, or generate additional documents responsive to these Requests after the time of the initial response.

## **DOCUMENTS REQUESTED**

1.      All Documents and Communications regarding the Plan, the Confirmation Order, the Vessels, or the finances and/or bank accounts of Holdings, Gas, or any of their direct and indirect subsidiaries or affiliates.

2.      All Documents and Communications regarding the Preferred Shares, from January 1, 2023, through the present.

3.      All Documents and Communications regarding any attempts to alter the composition of the board of Holdings, Gas, or any of their direct and indirect subsidiaries or affiliates, beginning January 1, 2023, through the present.

4.      All Documents and Communications concerning the control, and authority to control, Holdings, Gas, or any of their direct and indirect subsidiaries or affiliates.

5.      All Documents and Communications regarding any efforts to oppose the implementation and consummation of the Plan, the Confirmation Order, or the authority of "Reorganized Holdings" (as defined in the Plan), whether in the United States or outside of the United States.

6.      All Documents and Communications regarding any efforts to support the Plan, the Confirmation Order, or the authority of "Reorganized Holdings" (as defined in the Plan), whether in the United States or outside of the United States.

7.      All Documents and Communications regarding any proceedings in the United States or outside of the United States concerning the Plan or the Confirmation Order.

8.      All Documents and Communications regarding any proceedings in the United States or outside of the United States concerning the Arbitration.

9.      All Documents and Communications regarding any proceedings in the United States or outside of the United States concerning the Preferred Shares.

10.     All Documents and Communications regarding any proceedings in the United States or outside of the United States concerning the address of record of Holdings, Gas, or any of their direct and indirect subsidiaries or affiliates.

11.     All Documents and Communications regarding any proceedings in the United States or outside of the United States concerning the Vessels.

12.     All Documents and Communications regarding the assets, finances, and/or bank accounts, including, but not limited to, any attempts to access, use, maintain, or gain control of such assets, finances, and/or bank accounts, of Holdings, Gas, or any of their direct and indirect subsidiaries or affiliates.

13.     All Documents and Communications regarding any payments that are due or that have been made to lawyers or law firms advocating on behalf of the Former Majority Shareholders, the Purported Preferred Nominees, the Purported Provisional Board, Purported Provisional Holdings, the Former Minority Shareholders, any members of the Purported Provisional Board, Laskarina Karastamati, Vassilis Hadjieleftheriadis, or Vassilis E. Kertsikoff.

14.     All Documents and Communications regarding any actual or contemplated efforts, proposals, discussions, negotiations, analyses, marketing processes, or strategic reviews related to the management, refinancing, sale, disposition, chartering, leveraging, pledging, transfer, or other monetization of any interest in, or relating to, the Vessels or their associated income streams,

operating companies, holding companies, or beneficial ownership structures, from January 1, 2023, through the present.

New York, New York

Dated: June 20, 2025

_/s/ Brian Shaughnessy_

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**

Kyle Ortiz

Brian Shaughnessy

1177 Avenue of the Americas

New York, New York 10036

Telephone:     (212) 715-9132

Facsimile:     (212) 715-8000

Email:     kyle.ortiz@hsfkramer.com

           Brian.shaughnessy@hsfkramer.com

_Counsel to reorganized Eletson Holdings Inc._

**Exhibit 3**



**Frank Catalina**
Counsel

PENN 1
1 Pennsylvania Plaza
New York, NY 10119
212.597.2848
fcatalina@rksllp.com

July 7, 2025

<u>**Via E-Mail**</u>

Brian F. Shaughnessy, Esq.
Herbert Smith Freehills Kramer (US) LLP
1177 Avenue of the Americas
New York, New York 10036

**Re: *In re Eletson Holdings, Inc., et al.*, Case No. 23-10322 (JPM)**

Dear Brian:

This office represents Glafkos Trust Company, Family Unit Trust Company, and Lassia Investment Company (the "Majority Shareholders") in connection with the above bankruptcy matter.  We write to object to the Rule 2004 subpoenas (the "Subpoenas") you assert have been issued and served as to the Majority Shareholders by Reorganized Eletson Holdings, Inc. ("Reorganized Holdings").

The Subpoenas fail to comply with Rule 45 of the Federal Rules of Civil Procedure, made applicable to the Subpoenas by Federal Rule of Bankruptcy Procedure 9016.  In particular, the Subpoenas purport to require the Majority Shareholders, entities whose centers of main interests are in Greece, and which do not regularly transact business in the United States, to appear for depositions and produce documents at your offices in New York.  Accordingly, the Subpoenas violate Rule 45(c)'s geographic limitations, which allow only for a subpoena to compel deposition attendance or document production "within 100 miles of where the [recipient] resides, is employed, or regularly transacts business in person[.]"  Fed. R. Civ. P. 45(c)(1)(A), (2)(A).  As such the Subpoenas are improper and the Majority Shareholders object to them on that basis.

The Majority Shareholders further object to the Subpoenas on the basis that Rule 45 does not permit the service of subpoenas on foreign nationals residing overseas.  *See In re Three Arrows Capital*, 647 B.R. 440, 448-50 (Bankr. S.D.N.Y. 2022) (holding that service of subpoenas on foreign nationals residing overseas is not permitted under Rule 45).

In addition to these defects, the Majority Shareholders object to the Subpoenas in their entirety as they exceed the scope of allowable Rule 2004 discovery, were served for an improper purpose (including to obtain discovery in aid of other pending proceedings such as the District Court arbitration award confirmation proceedings), and seek wholesale categories of confidential and/or privileged documents, including numerous requests seeking "[a]ll Documents and Communications" regarding numerous legal proceedings in the U.S. or overseas.  *See In re*

July 7, 2025
Page 2

*Cambridge Analytica LLC*, 600 B.R. 750, 752 (Bankr. S.D.N.Y. 2019) (explaining that Rule 2004 is not allowed in aid of other pending proceedings, including "where the party requesting the Rule 2004 examination is to benefit in pending litigation outside of the Bankruptcy Court.").

For the above reasons, the Majority Shareholders object to the Subpoenas in their entireties.

Had Reorganized Eletson sought issuance of these subpoenas with notice and the opportunity to be heard, instead of through an *ex parte* application, these Rule 45 issues would have been readily aired without the waste of time and resources attendant to the issuance of facially improper subpoenas.

The Majority Shareholder reserve all rights.

Sincerely,

Frank T.M. Catalina