Hal S. Shaftel
Maura E. Miller
Adam Kirschbaum
GREENBERG TAURIG, LLP
One Vanderbilt Avenue
New York, NY 10017
(212) 801-9200
shaftelh@gtlaw.com
maura.miller@gtlaw.com
kirschbauma@gtlaw.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ELETSON HOLDINGS INC.,<br><br>Debtor[1] | Chapter 11<br><br>Case No.: 23-10322 (JPM) |

**APARGO LIMITED, FENTALON LIMITED, AND DESIMUSCO TRADING LIMITED'S STATEMENT OF ISSUES TO BE PRESENTED AND DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL OF THE AUGUST 1, 2025, ORDER GRANTING, IN PART, LEVONA HOLDINGS LTD.'S MOTION TO ENFORCE THE STIPULATED STAY RELIEF ORDER AND FOR SANCTIONS AGAINST THE PURPORTED PREFERRED NOMINEES PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE**

In accordance with Federal Rule of Bankruptcy Procedure 8009, Appellants Apargo Limited, Fentalon Limited, and Desimusco Trading Limited (collectively "Preferred Nominees") respectfully submits (1) the statement of issues to be tried on appeal; (2) the designation of the items to be included in the record on appeal; and (3) the certification regarding transcripts in

---

[1] The Court has ordered the following footnote to be included in this caption: "Prior to November 19, 2024, the Debtors in these cases were: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC. On [March 5, 2025], the Court entered a final decree and order closing the chapter 11 cases of Eletson Finance (US) LLC and Agathonissos Finance LLC. Commencing on [March 5, 2025], all motions, notices, and other pleadings relating to any of the Debtors shall be filed in the chapter 11 case of Eletson Holdings Inc. The Debtor's mailing address is c/o Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119." Bankr. ECF 1515 ¶ 7.

1

connection with the Appellants' Notice of Appeal (ECF 1767). As set forth in the Notice of Appeal, the Preferred Nominees appeal from the United States Bankruptcy Court for the Southern District of New York's August 1, 2025 *Order Granting in Part, Levona Holdings Ltd.'s Motion to Enforce the Stipulated Stay Relief Order and For Sanctions Against the Purported Preferred Nominees Pursuant to Section 105(a) of the Bankruptcy Code* (the "Order").

## I. Statement of Issues on Appeal

1. Whether it was error for the Bankruptcy Court to issue the Order of August 1, 2025.

2. Whether the Bankruptcy Court, in issuing the Order, erred by finding that the Preferred Nominees are bound by the Stay Relief Order.

3. Whether the Bankruptcy Court, in issuing the Order, erred by finding that the first sentence of paragraph four (4) of the Stay Relief Order, which provides that "[a]ny Arbitration Award, whether in favor of any Arbitration Party, shall be stayed pending further order of the Bankruptcy Court on a motion noticed following the issuance of the Arbitration Award" applies to all parties and is not just limited to the parties to the arbitration.

4. Whether the Bankruptcy Court, in issuing the Order, erred by finding that noticing a change of the share registry of Eletson Gas to reflect a transfer of the preferred shares away from Levona was a violation of the Stay Relief Order.

5. Whether the Bankruptcy Court, in issuing the Order, erred by finding that noticing a change of Eletson Gas's board of directors violated the Stay Relief Order.

6. Whether the Bankruptcy Court, in issuing the Order, erred by finding that authorizing ministerial actions in accordance with the Arbitration Award violated the Stay Relief Order.

7. Whether the Bankruptcy Court, in issuing the Order, erred by finding that the Preferred Nominees "directed" Gas through the February 26th Corporate Actions.

8. Whether the Bankruptcy Court, in issuing the Order, erred by finding that updating the share registry and replacing Gas's board of directors is not a ministerial act.

9. Whether the Bankruptcy Court, in issuing the Order, erred by finding that the Stay Relief Order clearly and unambiguously prohibits confirming the Arbitration Award in other jurisdictions.

10. Whether the Bankruptcy Court, in issuing the Order, erred by finding that Levona had met its burden to demonstrate by with reasonable certainty by clear and convincing evidence that the Preferred Nominees have violated the Stay Relief Order.

11. Whether the Bankruptcy Court, in issuing the Order, erred by finding the February 26th Corporate Actions clearly demonstrate that the Preferred Nominees did not comply in a reasonable manner with the Stay Relief Order.

12. Whether the Bankruptcy Court, in issuing the Order, erred by finding the Preferred Nominees are in contempt of the Stay Relief Order.

13. Whether the Bankruptcy Court, in issuing the Order, erred by ordering the Preferred Nominees to rescind their changes to the share registry and to the board of directors of Eletson Gas LLC.

## II. Designation of the Record on Appeal

Appellants respectfully designate the following items to be included in the appellate record under Bankruptcy Rule 8009(a). Each designated item includes all exhibits and/or attachments to such items. The list of designated items includes materials filed on the Bankruptcy Court's docket, as set forth in the following table:

3

**Bankruptcy Court Docket Entries (Case No. 23-10322)**

| ECF Number | Date Filed | Description |
|---|---|---|
| 1 | March 8, 2023 | Involuntary Chapter 7 bankruptcy petitions |
| 48 | April 17, 2023 | Stipulation And Order Granting Alleged Debtor's Motion for Relief from Stay to Proceed with, or to Confirm the Inapplicability of, the Automatic Stay to Prepetition Arbitration Proceedings |
| 204 | September 6, 2023 | Voluntary Stipulation to Convert Chapter 7 to Chapter 11 |
| 286 | November 27, 2023 | Opposition of the Debtors to the Motion of the Official Committee of Unsecured Creditors to Modify the Court's Prior Order Granting Relief From the Automatic Stay |
| 1212 | October 25, 2024 | Memorandum Opinion and Order Confirming Petitioning Creditors' Amended Joint Chapter 11 Plan of Reorganization of Eletson Holdings Inc. And Its Affiliated Debtors, Sustaining Objections to Competing Plans, and Denying Motion In Limine |
| 1223 | November 4, 2024 | Findings of Fact, Conclusions of Law, and Order Confirming Petitioning Creditors' Amended Joint Chapter 11 Plan of Eletson Holdings Inc. and Its Affiliated Debtors |
| 1367 | January 16, 2025 | Motion to Enforce The Stipulated Stay Relief Order And For Sanctions Against (A) The Purported Preferred Nominees And (B) Reed Smith LLP Pursuant To Section 105(a) Of The |

|  |  |  | Bankruptcy Code And Inherent Authority |
|---|---|---|---|
|  | 1369 | January 16, 2025 | Declaration Of Isaac Nesser In Support of Levona's Motion To Enforce The Stipulated Stay Relief Order And For Sanctions Against (A) The Purported Preferred Nominees And (B) Reed Smith LLP Pursuant To Section 105(a) Of The Bankruptcy Code And Inherent Authority |
|  | 1387 | January 27, 2025 | Joinder and Reservation of Rights of Eletson Holdings Inc. to Levona Holdings Ltd.'s Motion to Enforce the Stipulated Stay Relief Order and for Sanctions Against (A) the Purported Preferred Nominees and (B) Reed Smith LLP Pursuant to Section 105(a) of the Bankruptcy Code and Inherent Authority |
|  | 1431 | February 13, 2025 | Supplemental Memorandum of Law in Support of Levona's Motion to Enforce the Stipulated Relief Order and for Sanctions Against (A) The Purported Preferred Nominees and (B) Reed Smith |
|  | 1432 | February 13, 2025 | Declaration of Isaac Nesser. |
|  | 1434 | February 14, 2025 | Opposition to Levona Holdings Ltd.'s Motion to Enforce the Stipulated Stay Relief Order and for Sanctions Against (A) the Purported Preferred Nominees and (B) Reed Smith LLP Pursuant to Section 105(a) of the Bankruptcy Code and Inherent Authority |
|  | 1435 | February 14, 2025 | Declaration of Louis M. Solomon |

5

| | | |
|---|---|---|
| 1437 | February 14, 2025 | Preferred Shareholders' Objection to Sanctions Motion |
| 1476 | February 24, 2025 | Reply in Support of its Motion to Enforce the Stay Relief Order and For Sanctions Against (A) The Purported Preferred Nominees and (B) Reed Smith |
| 1478 | February 24, 2025 | Declaration of Isaac Nesser in Support of Levona's Reply |
| 1487 | February 26, 2025 | Response to Levona Holdings Ltd.'s Supplemental Memorandum in Support of Motion to Enforce the Stipulated Stay Relief Order and for Sanctions Against (A) the Purported Preferred Nominees and (B) Reed Smith LLP |
| 1488 | February 26, 2025 | Declaration of Louis M. Solomon |
| 1521 | March 3, 2025 | Transcript Regarding Hearing Held on March 3, 2025 |
| 1555 | March 14, 2025 | Letter to the Honorable John P. Mastando III Re: Status Update on Recent Developments |
| 1575 | April 2, 2025 | Letter supplementing responses to questions at March 3, 2025 hearing regarding Levona's Motion to Enforce the Stay Relief Order and for Sanctions |
| 1594 | April 10, 2025 | Letter to the Honorable John P. Mastando Regarding Levona Holdings Ltd.'s Third Supplemental Submission |
| 1699 | June 20, 2025 | Letter re: Foreign Proceedings Status Report |
| | | |

6

**District Court Docket Entries (Case 23-cv-7331)**

| ECF Number | Date Filed | Description |
|---|---|---|
| 1 | August 18, 2023 | Petition to Confirm Arbitration Award |
| 67-58 | December 21, 2023 | Final Arbitration Award |
| 83 | February 9, 2024 | Opinion and Order |
| 104 | April 19, 2024 | Amended Opinion and Order |
| 162 | September 6, 2024 | Opinion and Order |
| 268 | February 14, 2025 | Order |
| 295 | March 24, 2025 | Opinion and Order |
| 407 | June 2, 2025 | Preliminary Injunction Order |
| 413 | June 2, 2025 | Preliminary Injunction Findings of Fact and Conclusions of Law |
| 422 | June 6, 2025 | Letter from Preferred Nominees |

**III.   Certification Regarding Transcripts**

Pursuant to Bankruptcy Rule 8009(b)(1), Appellants hereby certify that they are not ordering any transcripts. All transcripts have been prepared, are available on the docket, and are designated in the foregoing designation of the record.

**IV.   Reservation of Rights**

Appellants reserve the right and do not waive any of their rights to supplement this statement of issues for appeal and the designation of the record for appeal contained herein. This filing is made expressly subject to, and without waiver of, any and all rights, remedies, challenges and objections.

Dated: August 21, 2025

Respectfully submitted,

By: /s/ *Hal S. Shaftel*

**GREENBERG TRAURIG, LLP**

Hal S. Shaftel
Maura E. Miller
Adam Kirschbaum
One Vanderbilt Avenue
New York, NY 10017
(212) 801-9200
shaftelh@gtlaw.com
maura.miller@gtlaw.com
kirschbauma@gtlaw.com

*Counsel for the Preferred Nominees*