**HERBERT SMITH FREEHILLS**
**KRAMER (US) LLP**
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100
(212) 715-8000
Kyle J. Ortiz
Brian F. Shaughnessy
Jennifer Sharret
Andrew Citron

*Counsel for Eletson Holdings Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re:                                    :   Chapter 11
:
ELETSON HOLDINGS INC.,[1]                 :   Case No. 23-10322 (JPM)
:
:
Debtor.                              :
:
------------------------------------------------------------x

**NOTICE OF HEARING OF**
**ELETSON HOLDINGS INC.'S MOTION FOR AN ORDER**
**IMPOSING AND INCREASING SANCTIONS AGAINST THE VIOLATING PARTIES**

**PLEASE TAKE NOTICE** that on October 1, 2025, Eletson Holdings Inc. filed *Eletson Holdings Inc.'s Motion for an Order Imposing and Increasing Sanctions Against the Violating Parties* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the court has scheduled a hearing on the Motion (the "Hearing") for **November 3, 2025 at 11:00 A.M. (Prevailing Eastern Time)** before the Honorable John P. Mastando III, United States Bankruptcy Judge for the Southern District of New York, in the United States Bankruptcy Court for the Southern District of New York (the "Court"), in Courtroom 501, located at One Bowling Green, New York, New York 10004.

---

[1]   Prior to November 19, 2024, the Debtors in these cases were: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC. On March 5, 2025, the Court entered a final decree and order closing the chapter 11 cases of Eletson Finance (US) LLC and Agathonissos Finance LLC. Commencing on March 5, 2025, all motions, notices, and other pleadings relating to any of the Debtors shall be filed in the chapter 11 case of Eletson Holdings Inc. The Debtor's mailing address is c/o Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, New York 10036.

**PLEASE TAKE FURTHER NOTICE** that the hearing shall be held via "*Zoom for Government*" before the Honorable John P. Mastando III, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York. Parties wishing to participate on a "live" or a "listen only" line must make an electronic appearance through the "eCourtAppearances" tab on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances, no later than **November 2, 2025, at 4:00 P.M. (Prevailing Eastern Time) (the "Appearance Deadline")**. Following the Appearance Deadline, the Court will circulate by e-mail the Zoom link to those parties who have made an electronic appearance. Further information on the use of Zoom for Government can be found at the Court's website at https://www.nysb.uscourts.gov/zoom-video-hearing-guide.

**PLEASE TAKE FURTHER NOTICE** that, responses, if any, to the Motion must be made in writing, stating in detail the reasons therefor, and must be filed with the Clerk of the Court, so as to actually be received by the Honorable Juge Mastando III, with electronic copies emailed to Chambers at: JPM.chambers@nyscb.uscourts.gov, and upon: (i) Herbert Smith Freehills Kramer (US) LLP *counsel for Eletson Holdings Inc.*, 1177 Avenue of the Americas, New York, New York 10036, Attn: Kyle J. Ortiz, Esq. (kyle.ortiz@hsfkramer.com); and Brian F. Shaughnessy, Esq. (brian.shaughnessy@hsfkramer.com); and (ii) the Office of the United States Trustee for Region 2, Attn: Daniel Rudewicz, Esq. (Daniel.Rudewicz@usdoj.gov), One Bowling Green, Room 534, New York, New York 10004-1408, no later than **October 17, 2025 (the "Responses Deadline").** Replies, if any, shall be filed no later than **October 24, 2025 (the "Reply Deadline").**

**PLEASE TAKE FURTHER NOTICE** that all case filings can be viewed and/or obtained by: (i) accessing the Court's website www.nysb.uscourts.gov or by (ii) contacting the Office of the Clerk of the Court at the United States Bankruptcy Court for the Southern District of New York.

| | |
|---|---|
| DATED: October 1, 2025<br>New York, New York | **HERBERT SMITH FREEHILLS KRAMER (US) LLP**<br><br>By:<br><br>*/s/ Kyle J. Ortiz*<br>Kyle J. Ortiz<br>Brian F. Shaughnessy<br>Jennifer Sharret<br>Andrew Citron<br>1177 Avenue of the Americas<br>1177 Avenue of the Americas<br>New York, New York 10036<br>(212) 715-9100<br>Email: kyle.ortiz@hsfkramer.com<br>       brian.shaughnessy@hsfkramer.com<br>       jennifer.sharret@hsfkramer.com<br>       andrew.citron@hsfkramer.com<br><br>*Counsel for Eletson Holdings Inc.* |

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100
Kyle J. Ortiz
Brian F. Shaughnessy
Jennifer Sharret
Andrew J. Citron

*Counsel for Eletson Holdings Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------x
: 
In re: : Chapter 11
: 
ELETSON HOLDINGS INC.,[1] : Case No. 23-10322 (JPM)
: 
: 
Debtor. : 
: 
----------------------------------------------------x

# ELETSON HOLDINGS INC.'S MOTION FOR AN ORDER IMPOSING AND INCREASING SANCTIONS AGAINST THE VIOLATING PARTIES

---

[1] Prior to November 19, 2024, the Debtors in these cases were: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC. On March 5, 2025, the Court entered a final decree and order closing the chapter 11 cases of Eletson Finance (US) LLC and Agathonissos Finance LLC. Commencing on March 5, 2025, all motions, notices, and other pleadings relating to any of the Debtors shall be filed in the chapter 11 case of Eletson Holdings Inc. The Debtor's mailing address is c/o Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, New York 10036.

## TABLE OF CONTENTS

**Page**

JURISDICTION AND VENUE ................................................................................................... 1

BACKGROUND .......................................................................................................................... 2

RELIEF REQUESTED.................................................................................................................. 5

BASIS FOR RELIEF REQUESTED ............................................................................................ 6

RESERVATION OF RIGHTS ...................................................................................................... 8

NOTICE......................................................................................................................................... 8

CONCLUSION.............................................................................................................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*BOC Aviation Ltd. v. Air Bridge Cargo Airlines, LLC*,
   Case No. 22-cv-2070 (LJL), 2022 WL 17581775 (S.D.N.Y. Dec. 12, 2022) ..........................7

*In re Chief Exec. Officers Club*
   359 B.R. 527 (Bankr. S.D.N.Y. 2007) ................................................................................7

**Statutes and Rules**

11 U. S.C. §§ 105 .............................................................................................................................1

11 U. S.C. §§ 1141 ...........................................................................................................................1

11 U. S.C. §§ 1142 ...........................................................................................................................1

28 U.S.C. §§ 157 ..............................................................................................................................1

28 U.S.C. §§ 1334 ............................................................................................................................1

28 U.S.C. §§ 1408 ............................................................................................................................1

28 U.S.C. §§ 1409 ............................................................................................................................1

Fed. R. Bankr. P. 2002 .....................................................................................................................8

Fed. R. Bankr. P. 7008 .....................................................................................................................1

Fed. R. Bankr. P. 9020 .....................................................................................................................1

Eletson Holdings Inc. ("Holdings"), by and through its undersigned counsel hereby submits this motion (the "Motion") pursuant to sections 105, 1141, and 1142 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), finding Emmanuel Andreoulakis, Vassilis Chatzieleftheriadis,[1] Laskarina Karastamati, and Vassilis Kertsikoff (together, the "Violating Parties") in contempt of court and imposing monetary, or increased monetary, sanctions upon the Violating Parties.

In support of this Motion, Holdings submits the annexed Declaration of Jennifer Sharret (the "Sharret Declaration"), and respectfully states:

## JURISDICTION AND VENUE

1. This United States Bankruptcy Court for the Southern District of New York (this "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.) (the "Amended Standing Order"). Pursuant to Bankruptcy Rule 7008, Holdings confirms its consent to the Court's exercise of jurisdiction to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Section 11.1 of the Plan and Paragraph WW of the Confirmation Order, the Court retains exclusive jurisdiction over all matters arising out of, and related to, these chapter 11 cases, including the matters set forth in Article XI of the Plan and section 1142 of the

---

[1] Also known as Vasilis Hadjieleftheriadis.

1

Bankruptcy Code. In particular, under Section 11.1(d) of the Plan, the Court retains jurisdiction to "enter such orders as may be necessary or appropriate to implement or consummate the provisions of this Plan . . . ." Plan § 11.1(d).

## BACKGROUND

4. On October 25, 2024, the Court issued a decision [Docket No. 1212] confirming the Plan (the "Confirmation Decision"). The Court entered the Confirmation Order on November 4, 2024. *See* Docket No. 1223. The Plan then went effective on November 19, 2024 (the "Effective Date"). *See* Docket No. 1258 (Notice of Effective Date) at 2.

5. Under the Plan and Confirmation Decision, former management ceased being shareholders, directors, and/or officers in Holdings. As stated in Section 5.2(c) of the Plan, "all property in each Estate . . . including interests held by the Debtors in their respective non-Debtor direct and indirect subsidiaries and Affiliates shall vest in [] Holdings, free and clear of all Liens, Claims, charges, or other encumbrances[.]" Plan § 5.2(c); *see also* Confirmation Order ¶ 7; *see also* Jan. 24, 2025, Hr'g Tr. [Docket No. 1405] at 26:5-25, 27:1-5; *Id.* at 43:10-15; Docket No. 1132, ¶ 5.10(c).

6. In addition, on the Effective Date, "[e]ach of the matters provided for under th[e] Plan involving the corporate structure of any Debtor or Reorganized Holdings or any corporate action to be taken by or required of any Debtor or Reorganized Holdings shall be deemed to have occurred and be effective as provided [in the Plan], and shall be authorized, approved, and, to the extent taken prior to the Effective Date, ratified in all respects without any requirement of further action by shareholders, members, creditors, directors, or managers of the Debtors or Reorganized Holdings, as applicable." Plan § 5.11.

7. In accordance with the Plan, and following the Effective Date, Holdings executed an Action by Written Consent for Eletson Corporation ("Eletson Corp.," and such action being,

2

the "Eletson Corp. WC"). *See* Docket No. 1606, Ex. 6. The Eletson Corp. WC (a) removed Eletson Corp.'s prior directors (*see* Eletson Corp. WC § 1), (b) adopted amended by-laws and changed the number of members of the board of directors of Eletson Corp. (the "Eletson Corp. Board") to one (*see id.* § 2), (c) appointed Leonard J. Hoskinson as director of Eletson Corp. (*see id.* § 3), and (d) authorized the officers to make any filings on behalf of Eletson Corp. (*see id.* § 4).

8.  On the same day that Holdings executed the Eletson Corp. WC, Eletson Corp.'s board executed an Action by Unanimous Written Consent (the "Eletson Corp. UWC"). *See* Docket No. 1606, Ex. 7. The Eletson Corp. UWC (a) removed Eletson Corp.'s existing officers and appointed Leonard J. Hoskinson as Chief Executive Officer, President, and Secretary (*see* Eletson Corp. UWC § 1), (b) granted Mr. Hoskinson, as an officer of Eletson Corp., "Management Powers" (as defined in the Eletson Corp. UWC) (*see id.* § 2), (c) delegated Management Powers to Mark Lichtenstein as Eletson Corp.'s authorized designee (*see id.* § 3), and (d) ratified and approved all prior acts done by Mr. Hoskinson or by Mr. Lichtenstein on behalf of Eletson Corp. (*see id.* § 5).

9.  Since the Effective Date, however, the Violating Parties, among others, have frustrated Holdings' and its subsidiaries' efforts to fully implement the Plan and have ignored Eletson Corp.'s governance changes. *See, e.g.,* Docket Nos. 1223, 1402,[2] 1468, 1495, 1520, 1536, 1537, 1713, 1716. As a result of their actions, this Court issued multiple orders imposing coercive sanctions against former management, the company's former shareholders, and their affiliates

---

[2] On January 24, 2025, the Court issued an oral decision granting Holdings' first sanctions motion [Docket No. 1402, Ex. A], which resulted in entry of the Consummation Order on January 29, 2025. *See* Docket No. 1402 (the "Consummation Order"). In the Consummation Order, the Court "authorized, required, and directed" the Debtors and their Related Parties—including Former Management—to support the Plan's implementation. *See* Consummation Order ¶¶ 1-2.

3

(including certain of the Violating Parties). *See* Docket Nos. 1495, 1537, 1713, 1716 (together the "Sanctions Orders").

10. On August 6, 2025, Eletson Corp., through its counsel D.K., Avgitidis & Associates (the "Avgitidis Firm"), filed a motion (the "Initial Avgitidis Motion", *see* Sharret Declaration Ex. A) before the Single-Member Court of First Instance of Piraeus (the "Piraeus Greek Court") seeking information from the former board members of Eletson Corp., which it needs to oppose a pending involuntary bankruptcy proceeding of Eletson Corp. initiated by a third party. *See* the Initial Avgitidis Motion at 18-19.

11. The Avgitidis Firm filed a subsequent memorandum before the Piraeus Greek Court (the "Subsequent Avgitidis Memorandum," *see* Sharret Declaration Ex. B) that, in part, summarizes events that occurred at a hearing held on September 19, 2025 before the Piraeus Greek Court. Subsequent Avgitidis Memorandum ¶¶ 3-4. At that hearing, Mr. Sofos, an attorney barred in Greece, appeared purporting to represent Eletson Corp. pursuant to authorization granted by Mr. Chatzieleftheriadis, who himself is alleging that he is the sole legal representative of Eletson Corp. *Id.* ¶ 3. Mr. Sofos "then declared . . . a withdrawal from [a] filed petition by Mr. Hoskinson on behalf of "ELETSON CORPORATION". *Id.*

12. At that same hearing, another attorney barred in Greece, Mr. Andreoulakis, appeared on behalf of Mr. Kertsikoff, Ms. Karastamati, and Mr. Chatzieleftheriadis as the former board members of Eletson Corp. to argue that "Mr. Hoskinson had no power of representation." *Id.* ¶ 4. During the hearing, the Violating Parties argued that the former board members have not been displaced "while claiming that they alone are the lawful representatives of the Company" and that they "do not have documents of the Company" that the Avigitdis Firm was seeking. *Id.* ¶ 47.

4

13. On September 19, 2025, Mr. Andreoulakis filed a memorandum (the "Andreoulakis Memorandum," *see* Sharret Declaration Ex. C) before the Piraeus Greek Court, again on behalf of Mr. Kertsikoff, Ms. Karastamati, and Mr. Chatzieleftheriadis. In the Andreoulakis Memorandum, Mr. Chatzieleftheriadis purports to be "the sole legal representative" of Eletson Corporation. *See* Andreoulakis Memorandum at 7-9. The Andreoulakis Memorandum includes several representations asserting that Mr. Chatzieleftheriadis is the lawful representative for Eletson Corp. in Greece:

- Moreover, as the actual ELETSON CORPORATION based in Piraeus, represented by its sole legal representative Mr. Vasileios Chatzeleftheriadis, has demonstrated, it is entirely possible to defend against the Bank's bankruptcy petition without any need for intervention in the allegedly pending reorganization procedure in Delaware, USA.

- Moreover, based on the certificate dated 11.4.2025 from the competent Services of the Ministry of Shipping, the lawful representative in Greece, where the only establishment and organizational structure exist, of ELETSON CORPORATION is Vasileios Chatzeleftheriadis.

- I, Vasileios Chatzeleftheriadis (Chatzeleftheriadis), am the lawful representative, in Greece, of the foreign-based shipping companies ELETSON CORPORATION (TIN 098035979/Tax Office of Piraeus) and EMC INVESTMENT CORPORATION (TIN 098059836/Tax Office of Piraeus). Vasileios Kertsikof and Lascarina Karastamati are my first cousins.

Ex. C at 7-9.

### RELIEF REQUESTED

14. Mr. Andreoulakis, Mr. Chatzieleftheriadis, and Ms. Karastamati each have failed to comply with the Plan, the Confirmation Order, or the Sanctions Orders. As a result of their non-compliance, the Court imposed coercive monetary sanctions, including most recently, in an amount of $10,000 per day for Messrs. Andreoulakis and Chatzieleftheriadis, and $5,000 per day for Ms. Karastamati. *See* Docket No. 1716, ¶¶ 3, 4. Holdings requests that the Court increase the

5

sanctions on Messrs. Andreoulakis and Chatzieleftheriadis to $15,000 per day and on Ms. Karastamati to $10,000 per day, effective as of one day after a ruling on the hearing of this Motion, which amounts shall continue to accrue until the applicable person proves to this Court that they have purged their ongoing contemptuous behavior. In addition, Holdings requests that the Court impose monetary sanctions in the amount of $5,000 per day against Vassilis Kertsikoff, effective as of one day after a ruling on the hearing on this Motion[3] which amount will continue to accrue until he proves to this Court that he has purged his contemptuous behavior. Holdings also requests authorization to submit to the Court, with notice to the Violating Parties, a proposed judgment for any and all amounts due and owing from the Violating Parties.

## BASIS FOR RELIEF REQUESTED

15. The Violating Parties have refused to acknowledge the corporate governance changes prescribed in the Confirmation Order. Mr. Andreoulakis, in particular, has demonstrated a pattern of obstructing the required changes in ownership. In February 2025, the Court ordered multiple parties to provide a certification identifying the then-current address of record (the "AOR") or face sanctions. Certain parties denied knowledge while others - including Mr. Andreoulakis – refused to provide a certification at all. The Court later learned that Mr. Andreoulakis himself was the AOR at the time. July 2, 2025 Status Conf. Tr. [Docket No. 1713] at 57:19-23. The Violating Parties' most recent actions before the Piraeus Greek Court claiming such changes have not occurred are collateral attacks on the Plan, the Confirmation Order, as well as the Sanctions Orders.

---

[3] Any sanction(s) issued pursuant to this Motion against Mr. Kertsikoff is in addition to the sanctions sought against Mr. Kertsikoff in the *Motion of Eletson Holdings Inc. and Levona Holdings Ltd. For an Order (I) Imposing and Increasing Sanctions on the Violating Parties and (II) Enjoining the Violating Parties from Exercising Control over Eletson Gas* [Docket No. 1809] for other violations, which is scheduled to be heard on November 3, 2025.

16. The Court has already held—such as in the *Foreign Opposition Sanctions Order* [Docket No. 1537]—that it has the authority to enforce compliance with the Plan, the Confirmation Order, and the other related decisions and orders of this Court. That authority includes the power to hold parties in contempt and impose sanctions, compel the withdrawal of any and all improper filings, and enjoin any further actions that seek to obstruct or undermine recognition or implementation of the Confirmation Order. *See* Foreign Opp. Sanctions Order ¶¶ A-B, 1-3; *see also* March 12, 2025, Hr'g Tr. [Docket No. 1536] at 72:20-81:2; *see also* Jan. 24, 2025, Hr'g Tr. [Docket No. 1405] at 29:10-16; *see also* Consummation Order ¶ 1, 4; Feb. 20, 2025, Hr'g Tr. [Docket No. 1468] at 107:13-18.

17. To bring sanctions, the movant must establish that "(1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not attempted in a reasonable manner to comply." *See In re Chief Exec. Officers Club*, 359 B.R. 527, 535 (Bankr. S.D.N.Y. 2007); *see* July 2, 2025 Status Conf. Tr. at 65:12-21. Here, the Plan and Confirmation Order were clear as to the transfer of corporate ownership, which were reiterated by all the prior Sanctions Orders. The Violating Parties have shown noncompliance in a "clear and convincing" way by filing statements they represent Eletson Corp. The Violating Parties have never taken any steps to comply with the Plan, the Confirmation Order or the Sanctions Orders and have in fact done the exact opposite.

18. This Court has the power to increase sanctions if its prior sanctions orders have not resulted in actual compliance and has already increased sanctions for non-compliance in this case. *See BOC Aviation Ltd. v. Air Bridge Cargo Airlines, LLC*, Case No. 22-cv-2070 (LJL), 2022 WL 17581775, at *17 (S.D.N.Y. Dec. 12, 2022) (awarding sanctions that would double per day if

7

defendants failed to comply after four weeks); *Order in Further Support of Confirmation and Consummation of the Court Approved Plan of Reorganization* [Docket No. 1716], ¶ 3.

19. Until the Violating Parties cease all actions where they purport to represent Eletson Corp., their contempt persists.

## **RESERVATION OF RIGHTS**

20. Holdings reserves all rights in connection with this Motion, including, but not limited to, the right to seek additional sanctions against any of the Violating Parties.

## **NOTICE**

21. Notice of this Motion will be given to the following parties or their counsel: (a) the Violating Parties; (b) Reed Smith; (c) U.S. Trustee; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. Holdings submits that, in light of the nature of the relief requested, no other or further notice need be provided.

[*Remainder of Page Left Blank Intentionally*]

## **CONCLUSION**

For the foregoing reasons, Holdings respectfully requests that the Court (a) grant the Motion and enter the Proposed Order and (b) grant such other and further relief as it deems just and proper.

DATED: October 1, 2025　　　　　　　　**HERBERT SMITH FREEHILLS**
　　　　　New York, New York　　　　　　**KRAMER (US) LLP**

By:

*/s/ Kyle J. Ortiz*
Kyle J. Ortiz
Brian F. Shaughnessy
Jennifer Sharret
Andrew J. Citron
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
Email: kyle.ortiz@hsfkramer.com
　　　　brian.shaughnessy@hsfkramer.com
　　　　jennifer.sharret@hsfkramer.com
　　　　andrew.citron@hsfkramer.com

*Counsel for Eletson Holdings Inc.*

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
In re: : Chapter 11
: 
ELETSON HOLDINGS INC.,[1] : Case No. 23-10322 (JPM)
: 
: 
Debtor. : 
: 
---------------------------------------------------------------x

### ORDER IMPOSING AND INCREASING
### SANCTIONS AGAINST THE VIOLATING PARTIES

Upon *Eletson Holdings Inc.'s Motion for an Order Imposing and Increasing Sanctions Against the Violating Parties* [Docket No.___] (the "Motion")[2] that seeks the entry of an order (this "Order") (a) finding the Violating Parties in contempt of Court, (b) compelling the Violating Parties to comply with the Plan, Confirmation Order, the Consummation Order, the Foreign Opposition Sanctions Order, and this Order, (c) increasing the sanctions against (i) Messrs. Andreoulakis and Chatzieleftheriadis[3] to $15,000 per day, and (ii) Ms. Karastamati to $10,000 per day, (d) imposing coercive monetary sanctions against Mr. Kertsikoff in an amount of $5,000 per day, (e) authorizing Holdings to submit a proposed judgment for any and all amounts due and owing from Violating Parties, and (f) granting related relief; and pursuant to sections 105, 1141, and 1142 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 9020 of

---

[1] Prior to November 19, 2024, the Debtors in these cases were: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC. On March 5, 2025, the Court entered a final decree and order closing the chapter 11 cases of Eletson Finance (US) LLC and Agathonissos Finance LLC. Commencing on March 5, 2025, all motions, notices, and other pleadings relating to any of the Debtors shall be filed in the chapter 11 case of Eletson Holdings Inc. The Debtor's mailing address is c/o Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, New York 10036.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[3] Also known as Vasilis Hadjieleftheriadis.

1

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and the Court having jurisdiction to consider the Motion and relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order, 11 U.S.C. §§ 105 and 1142; and the Court's inherent jurisdiction to interpret and enforce its own orders; and the Motion and relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court having the authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and upon the Court finding that it has personal jurisdiction over the Violating Parties with respect to the Motion; and the Court having reviewed the Motion and any oppositions thereto; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[4]

      A.    Emmanuel Andreoulakis, Vassilis Chatzieleftheriadis, and Laskarina Karastamati, are each in contempt of Court for ongoing and continuing violations of the Confirmation Order, the Consummation Order, and the Foreign Opposition Sanctions Order.

      B.    Vassilis Kertsikoff is in contempt of Court for ongoing and continuing violations of the Confirmation Order.

      C.    The Court has personal jurisdiction over the Violating Parties.

      D.    The Violating Parties are therefore subject to sanctions.

---

[4] The findings and conclusions set forth herein and constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014, and are incorporated by reference as though fully set forth herein. To the extent that any finding of fact shall be determined to be a conclusion of law, it shall be deemed so, and vice versa.

2

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Violating Parties are authorized, required, directed, and ordered to withdraw any and all filings that opposes or undermines the authority of Leonard J. Hoskinson or Mark Lichtenstein as lawful agents and representatives of Eletson Corp..

2. The Violating Parties are enjoined from making any filings in any court that opposes or undermines the authority of Leonard J. Hoskinson or Mark Lichtenstein as lawful agents and representatives of Eletson Corp..

3. As a result of the Violating Parties' violations of this Court's orders and this Court's finding of contempt, the Court hereby imposes coercive monetary sanctions against (i) Emmanuel Andreoulakis, and (ii) Vassilis Chatzielefteriadis, in each case in the amount of $15,000 per person per day, which amount is in addition to the sanctions that have previously accrued pursuant to prior orders of this Court, and which $15,000 per person per day shall begin accruing effective immediately as of one day after a ruling on the hearing of this Motion, and shall continue as to each individual until such individual demonstrates to the Court that he has purged his contempt.

4. As a result of Laskarina Karastamati's violations of this Court's orders and this Court's finding of contempt, the Court hereby imposes coercive monetary sanctions in the amount $10,000 per day, which amount is in addition to the sanctions that have previously accrued pursuant to prior orders of this Court, and which $10,000 per day shall begin accruing effective immediately as of one day after a ruling on the hearing of this Motion, and shall continue until Ms. Karastamati demonstrates to the Court that she has purged her contempt.

5. As a result of Vassilis Kertsikoff's violations of this Court's orders and this Court's finding of contempt, the Court hereby imposes coercive monetary sanctions in the amount

3

$5,000 per day, and which $5,000 per day shall begin accruing effective immediately as of one day after a ruling on the hearing of this Motion, and which amount shall continue to accrue until Mr. Kertsikoff demonstrates to the Court that he has purged his contempt.

6. On or after the first of each month, Holdings may submit to the Court, with notice to the Violating Parties (email notice being sufficient), a proposed judgment for any and all amounts due and owing from the Violating Parties on account this Court's orders imposing sanctions against such party; and upon Holdings' submission and notice of the proposed judgment (a) the applicable Violating Party may file a letter in opposition to entry of the proposed judgment no later than seven (7) days after such proposed judgment is submitted to the Court; *provided that* in any response to the proposed judgment, the applicable Violating Party shall have the burden to establish by clear and convincing evidence that they have paid Holdings the amount of sanctions that have accrued against them, and (b) the Court may enter the proposed judgment fourteen (14) days after Holdings submits such proposed judgment absent a showing by an applicable Violating Party—by clear and convincing evidence—that they have satisfied their obligations under this Order and all other Sanctions Orders.

7. This Order shall be immediately effective and enforceable upon its entry.

8. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2025

                                              HONORABLE JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE