UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re: : Chapter 11
:
ELETSON HOLDINGS INC.,[1] : Case No. 23-10322 (JPM)
:
:
Debtor. :
:
------------------------------------------------------------x

**ORDER IMPOSING AND INCREASING
SANCTIONS AGAINST THE VIOLATING PARTIES**

Upon *Eletson Holdings Inc.'s Motion for an Order Imposing and Increasing Sanctions Against the Violating Parties* [Dkt. No. 1843] (the "Motion")[2] that seeks the entry of an order (this "Order") (a) finding the Violating Parties in contempt of Court, (b) compelling the Violating Parties to comply with the Plan, Confirmation Order, the Consummation Order, the Foreign Opposition Sanctions Order, and this Order, (c) increasing the sanctions against (i) Messrs. Andreoulakis and Chatzieleftheriadis[3] to $15,000 per day, and (ii) Ms. Karastamati to $10,000 per day, (d) imposing coercive monetary sanctions against Mr. Kertsikoff in an amount of $5,000 per day, (e) authorizing Holdings to submit a proposed judgment for any and all amounts due and owing from Violating Parties, and (f) granting related relief; and pursuant to sections 105, 1141, and 1142 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 9020 of

---

[1] Prior to November 19, 2024, the Debtors in these cases were: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC. On March 5, 2025, the Court entered a final decree and order closing the chapter 11 cases of Eletson Finance (US) LLC and Agathonissos Finance LLC. Commencing on March 5, 2025, all motions, notices, and other pleadings relating to any of the Debtors shall be filed in the chapter 11 case of Eletson Holdings Inc. The Debtor's mailing address is c/o Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, New York 10036.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[3] Also known as Vasilis Hadjieleftheriadis.

1

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and the Court having jurisdiction to consider the Motion and relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order, 11 U.S.C. §§ 105 and 1142; and the Court's inherent jurisdiction to interpret and enforce its own orders; and the Motion and relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court having the authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and upon the Court finding that it has personal jurisdiction over the Violating Parties with respect to the Motion; and the Court having reviewed the Motion and no objections to the relief requested in the Motion having been filed; and upon the *Certificate of No Objection Regarding Eletson Holdings Inc.'s Motion for an Order Imposing and Increasing Sanctions Against the Violating Parties* [Dkt. No. 1868]; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[4]

    A.    Emmanuel Andreoulakis, Vassilis Chatzieleftheriadis, and Laskarina Karastamati, are each in contempt of Court for ongoing and continuing violations of the Confirmation Order, the Consummation Order, and the Foreign Opposition Sanctions Order.

    B.    Vassilis Kertsikoff is in contempt of Court for ongoing and continuing violations of the Confirmation Order.

---

[4] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014, and are incorporated by reference as though fully set forth herein. To the extent that any finding of fact shall be determined to be a conclusion of law, it shall be deemed so, and vice versa.

2

      C.      The Court has personal jurisdiction over the Violating Parties.

      D.      The Violating Parties are therefore subject to sanctions.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

      1.      The Violating Parties are authorized, required, directed, and ordered to withdraw any and all filings that oppose or undermine the authority of Leonard J. Hoskinson or Mark Lichtenstein as lawful agents and representatives of Eletson Corp.

      2.      The Violating Parties are enjoined from making any filings in any court that oppose or undermine the authority of Leonard J. Hoskinson or Mark Lichtenstein as lawful agents and representatives of Eletson Corp.

      3.      As a result of the Violating Parties' violations of this Court's orders and this Court's finding of contempt, the Court hereby imposes coercive monetary sanctions against (i) Emmanuel Andreoulakis, and (ii) Vassilis Chatzieleftheriadis, in each case in the amount of $15,000 per person per day, which amount is in addition to the sanctions that have previously accrued pursuant to prior orders of this Court, and which $15,000 per person per day shall begin accruing effective immediately as of one day after the earlier of a ruling on this Motion or entry of the Order, and shall continue as to each individual until such individual demonstrates to the Court that he has purged his contempt.

      4.      As a result of Laskarina Karastamati's violations of this Court's orders and this Court's finding of contempt, the Court hereby imposes coercive monetary sanctions in the amount of $10,000 per day, which amount is in addition to the sanctions that have previously accrued pursuant to prior orders of this Court, and which $10,000 per day shall begin accruing effective immediately as of one day after the earlier of a ruling on this Motion or entry of this

Order, and shall continue until Ms. Karastamati demonstrates to the Court that she has purged her contempt.

      5.      As a result of Vassilis Kertsikoff's violations of this Court's orders and this Court's finding of contempt, the Court hereby imposes coercive monetary sanctions in the amount of $5,000 per day, and which $5,000 per day shall begin accruing effective immediately as of one day after the earlier of a ruling on this Motion or entry of this Order, and which amount shall continue to accrue until Mr. Kertsikoff demonstrates to the Court that he has purged his contempt.

      6.      On or after the first of each month, Holdings may submit to the Court, with notice to the Violating Parties (email notice being sufficient), a proposed judgment for any and all amounts due and owing from the Violating Parties on account of this Court's orders imposing sanctions against such parties; and upon Holdings' submission and notice of the proposed judgment (a) the applicable Violating Party may file a letter in opposition to entry of the proposed judgment no later than seven (7) days after such proposed judgment is submitted to the Court; *provided that* in any response to the proposed judgment, the applicable Violating Party shall have the burden to establish by clear and convincing evidence that they have paid Holdings the amount of sanctions that have accrued against them, and (b) the Court may enter the proposed judgment fourteen (14) days after Holdings submits such proposed judgment absent a showing by an applicable Violating Party—by clear and convincing evidence—that they have satisfied their obligations under this Order and all other Sanctions Orders.

      7.      This Order shall be immediately effective and enforceable upon its entry.

8. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: October 31, 2025

/s/ John P. Mastando III
HONORABLE JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE