UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
In re: : Chapter 11
:
ELETSON HOLDINGS INC.,[1] : Case No. 23-10322 (JPM)
:
:
Debtor. :
:
---------------------------------------------------------------x

**STIPULATION AND ORDER BY AND BETWEEN ELETSON HOLDINGS INC. AND HERMES ACQUISITIONS B DAC (SERVICED BY CEPAL HELLAS FINANCIAL SERVICES S.A.) RESOLVING PROOF OF CLAIM NO. 16**

This Stipulation and Order (the "Stipulation and Order") is entered into on the date hereof, by and among Eletson Holdings Inc. (the "Debtor" or "Holdings") and Hermes Acquisitions B DAC (serviced by CEPAL Hellas Financial Services S.A.) ("Hermes" and, together with the Debtor, the "Parties"), by and through their respective undersigned counsel, with respect to Proof of Claim No. 16 (as amended) (the "Claim").

## RECITALS

A.  On March 7, 2023, certain creditors of Holdings filed involuntary chapter 7 petitions against Holdings and certain of its subsidiaries (collectively, the "Debtors").

B.  On September 25, 2023, the Debtors, including Holdings, voluntarily converted their involuntary chapter 7 cases to voluntary chapter 11 cases (the "Chapter 11 Cases").

C.  On November 9, 2023, the Court entered the *Order Establishing Deadlines for Filing Proofs of Claim and Claims Related to Gap Period and Approving Form and Manner*

---

[1] Prior to November 19, 2024, the Debtors in these cases were: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC. On March 5, 2025, the Court entered a final decree and order closing the chapter 11 cases of Eletson Finance (US) LLC and Agathonissos Finance LLC. Commencing on March 5, 2025, all motions, notices, and other pleadings relating to any of the Debtors shall be filed in the chapter 11 case of Eletson Holdings Inc. The Debtor's mailing address is c/o Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, New York 10036.

*Notice Thereof* [Docket No. 264], which established December 18, 2023, at 4:00 p.m. (Prevailing Eastern Time) as the general date by which most creditors must submit their proofs of claim (the "Bar Date").

  D. On or before December 18, 2023, Hermes filed a claim (the "Original Claim") against Holdings in the amount of $4,302,198.44 regarding that certain March 31, 2014 Guarantee and Indemnity, between Holdings (as guarantor) and Alpha Bank S.A. ("Alpha Bank"), which was entered into in furtherance of a March 31, 2014, Overdraft Credit Agreement by and between Alpha Bank and Eletson Corporation ("Eletson Corp.") as a condition to Alpha Bank agreeing to advance any funds pursuant to said Overdraft Credit Agreement.

  E. On December 17, 2024, Hermes amended the Original Claim by filing the Claim against Holdings in the amount of $4,302,198.44 for the same reason as asserted in the Original Claim.

  F. The Original Claim and the Claim both state that Hermes acquired the claim from Alpha Bank pursuant to that certain May 25, 2023, Agreement for the Assignment of Receivable Claims.

  G. On October 25, 2024, the Court issued a decision [Docket No. 1212], among other things, confirming a chapter 11 plan of reorganization for the Debtors [Docket No. 1132, Ex. 1] (the "Plan"), and on November 4, 2024, the Court entered an order confirming the Plan [Docket No. 1223] (the "Confirmation Order").

  H. On November 19, 2024, the Plan was substantially consummated and the "Effective Date" (as defined in the Plan) occurred. *See* Docket No. 1258 (Notice of Effective Date) at 2.

  I. Subsequent to the Effective Date, the Parties have engaged in good faith and arms'-length discussions concerning the reconciliation and resolution of the Claim. To fully

23-10322-jpm    Doc 1880    Filed 11/10/25    Entered 11/10/25 17:24:04    Main Document
Pg 3 of 7

resolve the Claim, and without prejudice to any claims Hermes has against Eletson Corp. (including claims related to the Overdraft Credit Agreement), the Parties have agreed to enter into and now jointly submit this Stipulation and Order.

**IT IS HEREBY STIPULATED AND AGREED, AND UPON COURT APPROVAL HEREOF, IT IS HEREBY ORDERED:**

1.  The above recitals are incorporated herein in in their entirety.

2.  This Stipulation and Order is immediately effective and enforceable on the date of entry of the Bankruptcy Court's approval of this Stipulation and Order (the "Stipulation Effective Date").

3.  Upon the Stipulation Effective Date, in full and final resolution of the Claim, Hermes shall have a general unsecured claim against Holdings in the amount set forth immediately below (the "Allowed Claim") and receive its treatment together with all Class 3 (General Unsecured Claims) under the Plan. The Allowed Claim shall be deemed "allowed" for all purposes in the Chapter 11 Cases and any successor cases and shall not be subject to further objection by any party in interest. All amounts in the Claim in excess of the Allowed Claims shall be and hereby are disallowed with prejudice and expunged.

| Claim No. | Debtor | Allowed Amount | Claim Class |
|---|---|---|---|
| 16 | Eletson Holdings Inc. | $4,302,198.44 | Class 3 - General Unsecured |

4.  By no later than ten (10) business days following the Stipulation Effective Date, Holdings shall make an initial distribution of $123,780.57 to Hermes on account of the Allowed Claim pursuant to the Plan. Holdings shall make additional distributions, if any, to Hermes, as provided by and pursuant to the Plan.

5.  On the Stipulation Effective Date, any claims scheduled by the Debtor in favor of Hermes shall be expunged as satisfied pursuant to the terms of the Plan.

6. This Stipulation and Order by no means affects or prejudices any claims Hermes has against Eletson Corp. (including claims related to the Overdraft Credit Agreement).

7. This Stipulation and Order shall be binding upon and inure to the benefit of Debtor, the Debtor's estate, and Hermes, as well as their respective heirs, representatives, predecessors, affiliates, successors and assigns, and any affected third parties.

8. Nothing in this Stipulation and Order shall in any way be construed as or deemed to be evidence of or reflect an admission on behalf of any of the Parties to this Stipulation and Order regarding any claim, right or remedy that such Party may have against any person or entity, unless such claim, right or remedy is specifically addressed in this Stipulation and Order.

9. This Stipulation and Order contains the entire agreement between the Parties with respect to the subject matter hereof, and may only be modified in writing, signed by the Parties or their duly appointed agents (which Holdings designates for itself as being solely Adam Spears).

10. Each of the undersigned counsel represents that he or she is authorized to execute this Stipulation and Order on behalf of his or her respective client.

11. Each of the Parties to this Stipulation and Order represents and warrants that it (x) is duly authorized to enter into and be bound by this Stipulation and Order, and (y) has knowledge of and has consented to this Stipulation and Order.

12. For the avoidance of doubt, nothing herein shall constitute an assumption of any contract or agreement between the Parties.

13.     This Stipulation and Order may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.  A facsimile or email signature delivered by portable data format (.pdf) shall be deemed an original

14.     The Debtor and the clerk of this Court are authorized to modify the official claims register and the electronic docket in the Chater 11 Cases in compliance with the terms of this Order and to take all steps necessary or appropriate to carry out the relief granted in this Order.

15.     The Court shall retain exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Stipulation and Order or any other actions to implement, interpret or enforce the terms and provisions of this Stipulation and Order.

[*Remainder of Page Intentionally Left Blank.*]

New York, New York
Dated: November 5, 2025

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**

/s/ *Kyle Ortiz*
Kyle J. Ortiz
Brian F. Shaughnessy
Jennifer Sharret
Andrew Citron
1177 Avenue of the Americas
New York, NY 10036
Telephone:  (212) 715-9100
Facsimile: (212) 715-8000
Email: kyle.ortiz@hsfkramer.com
         brian.shaughnessy@hsfkramer.com
         jennifer.sharret@hsfkramer.com
         andrew.citron@hsfkramer.com

*Counsel for Eletson Holdings, Inc.*


**Hermes Acquisitions B DAC**
**By:  CEPAL Hellas Financial Services S.A., as Servicer**

_____
Name: Theodoros Athanasopoulos
Title: Chief Executive Officer


Dated: _____, 2025
       New York, New York

_____
HONORABLE JOHN P. MASTANDO, III
UNITED STATES BANKRUPTCY JUDGE

New York, New York
Dated: October ___, 2025

        HERBERT SMITH FREEHILLS KRAMER (US) LLP

        _____
        Kyle J. Ortiz
        Brian F. Shaughnessy
        Jennifer Sharret
        Andrew Citron
        1177 Avenue of the Americas
        New York, NY 10036
        Telephone: (212) 715-9100
        Facsimile: (212) 715-8000
        Email: kyle.ortiz@hsfkramer.com
               brian.shaughnessy@hsfkramer.com
               jennifer.sharret@hsfkramer.com
               andrew.citron@hsfkramer.com

        *Counsel for Eletson Holdings, Inc.*

        **Hermes Acquisitions B DAC**
        By: CEPAL Hellas Financial Services S.A., as Servicer

        _____
        Name: Theodoros Athanasopoulos
        Title: Chief Executive Officer

        Cepal Hellas Single Member Société Anonyme
        Servicing Receivables from Loans and Credits
        348, Syngrou Avenue - 176 74, Kallithea
        VAT: EL 800715056 - Tax Office: KEFODE ATTIKIS
        GEMI Nr.: 138019601000

Dated: _____, 2025
    New York, New York

        _____
        HONORABLE JOHN P. MASTANDO, III
        UNITED STATES BANKRUPTCY JUDGE