Jennifer B. Furey
jfurey@goulstonstorrs.com
(617) 574-3575 (tel)
(617) 574-4112 (fax)

November 25, 2025

**VIA ECF**

The Honorable John P. Mastando III
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

The request to file a motion to compel is GRANTED. Any response shall be due within 14 days, and any reply shall be due within 7 days. It is SO ORDERED.

December 1, 2025     /s/ John P. Mastando III
HONORABLE JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE

Re:   *In re Eletson Holdings, Inc., et al., Case No. 23-10322 (JPM)*

Dear Judge Mastando,

We write on behalf of Eletson Holdings Inc. ("Holdings"). Pursuant to Your Honor's Chambers' Rules and Local Bankruptcy Rule 7037-1, Holdings respectfully requests a conference in anticipation of filing a motion to compel the depositions of Lassia Investment Company, Glafkos Trust Company, Family Unity Trust Company, Elafonissos Shipping Corporation (the "Entity Judgment Debtors"), and Laskarina Karastamati, Vasilis Hadjieleftheriadis a/k/a Vassilis Chatzieleftheriadis, Konstatinos Chatzieleftheriadis, Ionannis Zilakos, Niki Zilakos, Adrianos Psomadakis-Karastamatis, Eleni Giannakopoulous, Panos Paxinoz, and Emmanuel Andreulaks (the "Individual Judgment Debtors" and, together with the Entity Judgment Debtors, the "Judgment Debtors").

This Court entered judgments in favor of Holdings and against the Judgment Debtors, including those judgments dated September 22 and October 21, 2025 (Dkt. Nos. 1836, 1862) (the "Judgments"). Upon entry of the Judgments, Holdings served post-judgment discovery.

*Entity Judgment Debtors*

On October 24, 2025, Holdings served Rule 30(b)(6) deposition notices on each Entity Judgment Debtor pursuant to Fed. R. Civ. P. 30. Holdings properly served the notices on each Entity Judgment Debtor care of their counsel, Rolnick Kramer Sadighi LLP ("RKS"), by first-class mail and email. Holdings noticed the depositions for November 11 through November 13, 2025. On November 12, 2025, pursuant to Your Honor's Chambers' Rules and Local Bankruptcy Rule 7037-1, Holdings met and conferred with RKS—counsel to the Entity Judgment Debtors—about the deposition notices served on the Entity Judgment Debtors. RKS refused to make the Entity Judgment Debtors available for deposition and the parties were unable to reach an agreement. ***None*** of the Entity Judgment Debtors appeared for their properly noticed depositions. Holdings documented, on the record with a court reporter, each failure to appear.

*Individual Judgment Debtors*

On October 27, 2025, Holdings served deposition notices on each Individual Judgment Debtor pursuant to Fed. R. Civ. P. 30. Holdings properly served the notices on each Individual Judgment Debtor by both first-class mail and email at each Individual Judgment Debtor's known address and email address, as well as on the Daniolos Law Firm. Holdings noticed the depositions for November 11 through November 20, 2025. On November 4, 2025, after having not heard from any of the Individual Judgment Debtors (or any counsel that may represent them),[1] Holdings sent follow-up emails to each Individual Judgment Debtor, with the Daniolos Law Firm copied, attaching the deposition notices; reiterating the date, time, and location of each noticed deposition; asking for confirmation of attendance at the depositions; and reserving all rights. *None* of the Individual Judgment Debtors appeared for their properly noticed depositions. Holdings again documented, on the record with a court reporter, each failure to appear.

On November 20, 2025, pursuant to Your Honor's Chambers' Rules and Local Bankruptcy Rule 7037-1, Holdings emailed the Individual Judgment Debtors, copying the Daniolos Law Firm, to schedule a meet and confer to resolve the issue of their non-appearances at their noticed depositions. In the email, Holdings stated that, if it did not hear back by November 24, 2025, it would move to compel. To date, Holdings has not heard from the Individual Judgment Debtors (or any counsel that may represent them).

*Basis for Motion to Compel*

Fed. R. Civ. P. 69 provides that "[i]n the aid of the judgment or execution, the judgment creditor…may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). A party has "wide latitude in using the discovery devices provided by the Federal Rules in post-judgment proceedings,…and depositions are proper tools under the Rules." *Gibbons v. Smith*, 2010 WL 582354, at *3 (S.D.N.Y. Feb. 11, 2010). Furthermore, under Fed. R. Civ. P., 37(a), made applicable in cases under the bankruptcy code by Fed. R. Bankr. P. 7037, a judgment creditor may move for an order compelling discovery from a judgment debtor who fails to appear for a properly noticed deposition. *See e.g., Al-Bahar v. Lockhart*, Case No. 1:24-CV-00682, at Dkt. No. 55 (S.D.N.Y. Mar. 20, 2025) (order granting motion to compel post-judgment deposition).

Accordingly, Holdings respectfully requests leave to file a motion to compel the Judgment Debtors' depositions pursuant to Fed. R. Civ. P. 37 and 69 (made applicable by Fed. R. Bankr. P. 7037 and 7069).

Respectfully submitted,

*/s/ Jennifer B. Furey*
Jennifer B. Furey

cc:  All Counsel (via ECF); All Judgment Debtors (via email)

---

[1] RKS and Greenberg Traurig LLP have both disclaimed representation of the Individual Judgment Debtors.