UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
: FOR PUBLICATION
:
In re: : Chapter 11
:
ELETSON HOLDINGS INC.,[1] : Case No. 23-10322 (JPM)
:
:
:
Debtor. :
:
---------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER GRANTING ELETSON HOLDINGS INC.'S MOTION TO COMPEL THE ENTITY JUDGMENT DEBTORS' DEPOSITIONS IN AID OF JUDGMENT ENFORCEMENT**

---

[1] Prior to November 19, 2024, the debtors in these cases were: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC (the "Debtors"). On March 5, 2025, the Court entered a final decree and order closing the Chapter 11 cases of Eletson Finance (US) LLC and Agathonissos Finance LLC. Commencing on March 5, 2025, all motions, notices, and other pleadings relating to any of the Debtors shall be filed in the Chapter 11 case of Eletson Holdings Inc. The Debtor's mailing address is c/o Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, New York 10036.

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**

## I.    INTRODUCTION

On September 22, 2025, this Court entered a judgment ("September 22, 2025 Judgment") in favor of Eletson Holdings, Inc. ("Holdings") against Laskarina Karastamati, Vasilis Hadjieleftheriadis, Konstatinos Chatzieleftheriadis, Ioannis Zilakos, Niki Zilakos, Adrianos Psomadakis-Karastamatis, Eleni Giannakopoulous, Panos Paxinoz, and Emmanel Andreulaks ("Individual Judgment Debtors"); and Family Unity Trust Company, Glafkos Trust Company, Lassia Investment Company, and Elafonissos Shipping Corporation ("Entity Judgment Debtors," and with the Individual Judgment Debtors, "Judgment Debtors"). Dkt No. 1836.[2]

On October 21, 2025, this Court entered a further judgment ("October 21, 2025 Judgment") in favor of Holdings against the Judgment Debtors, save Laskarina Karastamati. Dkt. No. 1862.[3]

On December 8, 2025, Holdings filed the *Motion to Compel the Individual Judgment Debtors' Depositions in Aid of Judgment Enforcement* ("Motion to Compel Individuals"). Dkt. No. 1906. In support of the Motion to Compel Individuals is the declaration of Nathaniel Koslof ("First Koslof Declaration"). Dkt. No. 1907. The Motion to Compel Individuals sought to compel the depositions of the Individual Judgment Debtors in furtherance of collecting on the September 22, 2025 and October 21, 2025 Judgments.

On December 8, 2025, Holdings also filed the *Motion to Compel the Entity Judgment Debtors' Depositions in Aid of Judgment Enforcement* ("Motion to Compel Entities"). Dkt. No. 1910. In support of the Motion to Compel Entities is the declaration of Nathaniel Koslof ("Second

---

[2] All references to "Dkt. No." refer to docket entries in this case.

[3] Both the September 22, 2025 Judgment and the October 21, 2025 Judgment were also issued in favor of Holdings against Keros Shipping Corporation. Dkt. Nos. 1836, 1862.

2

Koslof Declaration"). Dkt. No. 1911. The Motion to Compel Entities seeks to compel the depositions of the Entity Judgment Debtors in furtherance of collecting on the September 22, 2025 and October 21, 2025 Judgments.

In opposition to the Motion to Compel Entities is *Lassia Investment Company's, Glafkos Trust Company's, Family Unit Trust Company's, and Elafonissos Shipping Corporation's Opposition to Reorganized Eletson Holdings Inc.'s Motion to Compel the Entity Judgment Debtors' Depositions in Aid of Judgment Enforcement* ("Opposition") dated December 22, 2025. Dkt. No. 1925. In support of the Opposition is the declaration of Justin Harris. Dkt. No. 1926.

In reply is *Eletson Holdings Inc.'s Reply Memorandum of Law in Further Support of Motion to Compel the Entity Judgment Debtors' Depositions in Aid of Judgment Enforcement* ("Reply") dated January 5, 2026. Dkt. No. 1936.

The Court held a hearing on January 12, 2026.

## II.    JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1) and the Amended Standing Order of Reference dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

## III.    BACKGROUND

The Motion to Compel Individuals argued that Holdings properly served deposition notices on each Individual Judgment Debtor pursuant to Federal Rule of Civil Procedure ("Rule") 30, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7030 and 9014, but that no Judgement Debtor appeared or responded to the notices or subsequent communication. Motion to Compel Individuals at 2–4. The Motion to Compel Individuals thus sought an order compelling the Individual Judgment Debtors to appear for depositions. *Id.* at 5–7. The Motion to

3

Compel Entities repeats the same argument, but as to the Entity Judgment Debtors in place of the Individual Judgment Debtors. Motion to Compel Entities.

The Opposition[4] argues that the Entity Judgment Debtors are not parties to the underlying bankruptcy, and that the deposition notices sent to them accordingly failed to comply with Rule 45, as the notices do not include subpoenas, and do not abide by the Rule's geographic requirements (which limit depositions to within 100 miles of where the proposed deponent resides, is employed, or regularly transacts business in person). Opposition at 5–9. The Opposition also argues that, even assuming the Entity Judgment Debtors were parties, the deposition notices violated Rule 30, as Holdings issued more than ten deposition notices without stipulation or leave of court. *Id.* at 9–10. Lastly, the Opposition argues that Holdings failed to serve the Entity Judgment Debtors (as non-parties), as Rule 45 prohibits service of foreign entities overseas, *id.* at 10–11, and does not permit a court to allow alternative service such as by emailing counsel, *id.* at 11–13.

The Reply argues that Rule 45 does not apply, as the Entity Judgment Debtors are themselves the judgment debtors, "not third parties providing information in aid of judgment enforcement against . . . other judgment debtors," and are accordingly parties to the underlying contempt proceedings and the instant post-judgment discovery proceedings. Reply at 5–8. The

---

[4] The Opposition notes that Elafonissos Shipping Corporation opposes based on lack of personal jurisdiction, and on the other bases in the Opposition only upon a finding that that this Court has personal jurisdiction over Elafonissos. Opposition at 1. Elafonissos raised this personal jurisdiction challenge in its March 27, 2025 motion to reconsider two of this Court's prior sanctions orders. Dkt. No. 1569. The Court denied the motion on July 2, 2025, holding that the Court had personal jurisdiction over Elafonissos, because, inter alia, Elafonissos had received actual notice of this Court's orders and proceedings, Elafonissos had voluntarily appeared before the Court and consented to its jurisdiction, and Elafonissos had sufficient minimum contacts with this forum. Dkt. Nos. 1714 (07/07/25 Or.), 1721 (Tr. of 07/02/25 Hr'g) at 13, 28–47. Elafonissos appealed, Dkt. No. 1725 (Notice of Appeal), and that appeal is pending in the District Court.

Reply argues that those proceedings are contested matters under Federal Rule of Bankruptcy Procedure 9014, notwithstanding that the Entity Judgment Debtors were not parties to the original Chapter 11 bankruptcy proceeding. *Id.* at 5. Lastly, the Reply contends that the Opposition's argument concerning Holdings' purported need to seek leave of court to file more than ten depositions is incorrect. Holdings asserts that Rule 69 does not impose a limit on depositions, and "each judgment debtor is the subject of its own contested matter," therefore Rule 30(a)(2)(A)(i)'s ten deposition limit entitles Holdings to ten depositions per judgment debtor. *Id.* at 8–11.

### IV.  LEGAL ANALYSIS

#### A.  Legal Standard

"[B]road post-judgment discovery in aid of execution is the norm in federal and New York state courts." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012). "Post-judgment discovery is governed by Federal Rule of Civil Procedure 69, which provides that '[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located.'" *Id.* (quoting Fed. R. Civ. P. 69(a)(2)). "The scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting on a judgment." *Id.* "New York state's post-judgment discovery procedures, made applicable to proceedings in aid of execution by Federal Rule 69(a)(1), have a similarly broad sweep." *Id.* "The New York Civil Practice Law and Rules provide that a 'judgment creditor may compel disclosure of all matters relevant to the satisfaction of the judgment.'" *Id.* (quoting C.P.L.R. § 5223). "[A]s in all matters relating to discovery, the district court has broad discretion to limit discovery in a prudential and proportionate way." *Id.*

#### B.  Motion to Compel Entitites

5

For the reasons discussed below, the Court agrees with Holdings, and the Motion to Compel Entities is GRANTED.

As an initial matter, the Court notes that the Individual Judgment Debtors failed to respond to the Motion to Compel Individuals, and thus they defaulted on the Motion to Compel Individuals. Dkt. No. 1938 (Certificate of No Objection); *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984) ("[I]n civil cases, where a party fails to respond, after notice the court is ordinarily justified in entering a judgment against the defaulting party."). As a result, the Court granted the Motion to Compel Individuals during the January 12, 2026 hearing, and entered an order to that effect on January 13, 2026. Dkt. No. 1942. Moreover, for the reasons discussed below, the Court finds that the deposition notices were properly served on the Individual Judgment Debtors and the Entity Judgment Debtors pursuant to the Federal Rules of Civil Procedure.

Rule 30(b), made applicable to a bankruptcy contested matter by Federal Rules of Bankruptcy Procedure 7030 and 9014, states the notice requirements for a deposition, providing that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1). Rule 30(b)(6) further provides that "a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination." The Court finds that Holdings' deposition notices complied with Rule 30(b). *See* First Koslof Declaration, Dkt. Nos. 1907-1 (Ex. 1 Individual Judgment Debtors notices stating the time and place of the deposition, and known addresses of the deponents), 1907-2 (Ex. 2 Certificate of Service as to Individual Judgment Debtors), 1907-3 (Ex. 3 email notice to Individual Judgment Debtors); Second Koslof Declaration, Dkt. Nos. 1911-1 (Ex. 1 Entity Judgment Debtors'

6

notices stating the time and place of the deposition, known addresses of the deponents, and the matters for examination), 1911-2 (Ex. 2 Certificate of Service as to Entity Judgment Debtors).

Rule 37, made applicable to a bankruptcy contested matter by Federal Rules of Bankruptcy Procedure 7037 and 9014, provides:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1). The Court also concludes that Holdings has complied with Rule 37(a)(1). Dkt. No. 1897 (So Ordered letter requesting leave to file motion to compel); First Koslof Declaration, Dkt. Nos. 1907-3, 1907-5 (emails notifying Judgment Debtors of potential motion to compel); First Koslof Declaration at ¶ 9 (certifying good-faith effort); Second Kosloff Declaration, Dkt. No. 1911-3 (Email to Judgment Debtors attaching letter requesting leave to file motion to compel, Dkt. No. 1894); Second Koslof Declaration at ¶ 7 (certifying good-faith effort).

The Opposition argues that the deposition notices violated Rule 30, as Holdings issued thirteen notices (one to each Judgment Debtor aside from Keros Shipping Corporation), which is more than the ten provided for by the Rule, without stipulation or leave of court. Opposition at 9–10. Rule 30(a)(2)(A)(i) provides that "[a] party must obtain leave of court . . . if the parties have not stipulated to the deposition and . . . the deposition would result in more than 10 depositions being taken." Rule 30(a)(2)(A)(i) further provides that "the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Rule 26(b)(1) and (2), in turn, provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," that "the court may alter the limits in these rules," including as to number and length of depositions, and that "the court must limit the frequency or

7

extent of discovery otherwise allowed . . . [if] the discovery sought is unreasonably cumulative or duplicative."

The Reply counters that Holdings is entitled to ten depositions per each judgment debtor, not ten depositions in total, as "each judgment debtor is the subject of its own contested matter." Reply at 8–11. As stated above, Rule 69(a)(2) plainly entitles Holdings to depose each judgment debtor. Fed. R. Civ. P. 69(a)(2) ("In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor."). The Court does not necessarily agree with Holdings' argument that it is entitled to ten depositions per judgment debtor, *see, e.g. Hannah v. Wal-Mart Stores, Inc.*, No. 3:12CV1361 (JCH), 2014 U.S. Dist. LEXIS 2971, at *9–10 (D.C. Ct. Jan. 10, 2014) ("The Court rejects plaintiffs' argument that the Federal Rules of Civil Procedure allow ten depositions per plaintiff. . . .The rule is clear that each side is limited to ten depositions."); but the Court need not decide that issue. The Court construes Holdings' Motion to Compel Individuals and Motion to Compel Entities as seeking leave to depose more than ten deponents in total, and, under the facts and circumstances, the request is GRANTED. *See, e.g., Bumpers v. Austal U.S.A, L.L.C.*, No. 08-0155-KD-N, 2016 U.S. Dist. LEXIS 194152, *4–5 (S.D. Ala. Oct. 31, 2016) ("Given that [Defendant] seeks to depose up to twenty-three judgment debtor Plaintiffs . . . and given that [Defendant] is entitled to depose them as part of discovery in aid of its judgment, *see* Fed. R. Civ. P. 69(a)(2), leave will be GRANTED for [Defendant] to depose each of the judgment debtor Plaintiffs once as part of post-judgment discovery.").

As the Reply notes, the Opposition does not otherwise dispute Holdings' compliance with Rules 30 or 37, or contest that Holdings "is entitled to the information it seeks through its properly noticed depositions." Reply at 8–9. Rather, the Opposition argues that the Entity Judgment Debtors are not parties to the underlying bankruptcy, and that the deposition notices sent

8

accordingly failed to comply with various requirements of Rule 45. Opposition at 5–13; *see, e.g., Chevron Corp. v. Salazar*, No. 11 Civ. 0691 (LAK), 2011 U.S. Dist. LEXIS 69480, at *8–9 (S.D.N.Y. June 28, 2011) ("[N]onparties . . . are not subject to deposition merely by the service of a notice. Service of a subpoena would be necessary."); *Markus v. Rozhkov*, 615 B.R. 679, 701–02 (S.D.N.Y. 2020) ("Rule 45 covers discovery directed to 'person[s],' which usually means non-parties."); Fed. R. Civ. P. 45 (providing requirements for a subpoena).

The Reply argues that Rule 45 does not apply, as the Entity Judgment Debtors are themselves the judgment debtors, "not third parties providing information in aid of judgment enforcement against . . . other judgment debtors." Reply at 5–8. On this point, the Court agrees with Holdings. The Judgment Debtors are parties to the contempt proceedings, including post-judgment discovery, which are contested matters. *Markus*, 615 B.R. at 701–02.[5]

---

[5] At the January 12, 2026 hearing, the Entity Judgment Debtors argued that *Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 560–61 n.1 (S.D.N.Y. 1977) and *Markus*, 615 B.R. at 702–03, cited by Holdings in the Reply, Reply at 6–7, do not stand for the proposition that judgment debtors are parties to contempt proceedings for purposes of Rule 45. In *Magnaleasing*, after a bench trial, the Court entered a judgment for the plaintiff against the defendants in a contract dispute, granting rescission and awarding damages (and thus rendering the defendants judgment debtors). 76 F.R.D. at 560. In post-judgment discovery, the plaintiff (judgment creditor) sought information about a settlement agreement between the defendants and a non-party in a separate action, under which assets were transferred from the defendants to the non-party. *Id.* In turn, that non-party then made payments to an agent of the defendants, who was also not a party to the underlying lawsuit. *Id.* The plaintiff alleged that these payments were collusive and were meant to "strip" the defendants of any assets that could satisfy the judgment. *Id.* at 562. The Court held that the plaintiff was permitted to take discovery concerning the payments received by the agent, given the relationship between the agent and the defendants. *Id.* at 562. The Court reached this holding despite noting that "disclosure concerning the assets of a non-party is generally not contemplated by Rule 69(a)." *Id.* The Court did not reach a holding about the meaning of "party" for purposes of Rule 45, because it was not controversial in that case that the agent was "neither a defendant nor a judgment debtor." *Id.* at 561. The Court simply noted that disclosure of the assets of a defendant or, as here, a judgment debtor, *is* generally contemplated by Rule 69(a). *Id.*

As to *Markus*, the Entity Judgment Debtors relied on the following line from *Markus* to distinguish it: "A plaintiff and a non-party Rule 45 subpoena recipient may oppos[e] each other with respect to relief sought by one of them, but that dispute does not turn the non-party subpoena recipient

"A 'party' [i]s '[o]ne by or against whom a lawsuit is brought; anyone who both is directly interested in a lawsuit and has a right to control the proceedings, make a defense, or *appeal from an adverse judgment*.'" *Id.* at 702 (quoting Black's Law Dictionary (11th ed. 2019) (emphasis added)). "Bankruptcy cases may develop, within them, mini-disputes known as 'contested matters.'" *Id.* "In contested matters, 'there are (at least) two parties who are opposing each other with respect to relief sought by one of them.'" *Id.* (quoting 10 Collier on Bankruptcy 9014.01 (16th ed. 2020)). "A contempt proceeding constitutes a contested matter." *Id.* (citations omitted).

Here, the underlying judgments were issued following contempt proceedings, which are contested matters; accordingly, the Entity Judgment Debtors are parties for purposes of Rule 30, and the Court rejects the Entity Judgment Debtors' argument that Holdings' deposition notices failed to comply with Rule 45.

## V. CONCLUSION

For the reasons stated above, the Motion to Compel Entities is GRANTED.

**IT IS SO ORDERED.**

Dated: January 15, 2026  
      New York, New York

/s/ John P. Mastando III  
HONORABLE JOHN P. MASTANDO III  
UNITED STATES BANKRUPTCY JUDGE

---

into a party who is then sanctionable under Rule 37." 615 B.R. at 703 (citation omitted). In *Markus,* the Bankruptcy Court issued sanctions against a debtor's lawyer, but not the debtor herself, following that lawyer's conduct in obstructing efforts to obtain discovery as to the debtor, who was served with a Rule 45 subpoena. 615 B.R. at 687, 693–94. The District Court, in considering the sanctions order on appeal, concluded that the debtor was not a party to the contested matter (the sanctions proceeding), as only the lawyer was sanctioned. *Id.* at 703. But the District Court also quite clearly stated that the contested matter resulting from the sanctions proceeding contained two parties – the party bringing the sanctions motion, and the party (the debtor's lawyer) who was subsequently sanctioned. *Id.* at 702. This is exactly analogous to the present case. Holdings moved for sanctions against, inter alia, the Entity Judgment Debtors, thereby creating a contested matter in which Holdings is one party, and the Entity Judgment Debtors are also parties.