UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:     **FOR PUBLICATION**
In re:     :     Chapter 11
:
ELETSON HOLDINGS INC.,[1]     :     Case No. 23-10322 (JPM)
:
Debtor.     :
:
------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER GRANTING IN PART ELETSON
HOLDINGS INC.'S MOTION FOR FINDINGS OF CONTEMPT AND APPLICATION
FOR BENCH WARRANTS FOR ARREST AS TO THE INDIVIDUAL JUDGMENT
DEBTORS IN AID OF JUDGMENT ENFORCEMENT**

---

[1] Prior to November 19, 2024, the debtors in these cases were: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC (the "Debtors"). On March 5, 2025, the Court entered a final decree and order closing the Chapter 11 cases of Eletson Finance (US) LLC and Agathonissos Finance LLC. Commencing on March 5, 2025, all motions, notices, and other pleadings relating to any of the Debtors shall be filed in the Chapter 11 case of Eletson Holdings Inc. The Debtor's mailing address is c/o Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, New York 10036.

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**

### I. INTRODUCTION

On September 22, 2025, this Court entered a judgment ("September 22, 2025 Judgment") in favor of Eletson Holdings, Inc. ("Holdings") against Laskarina Karastamati, Vasilis Hadjieleftheriadis, Konstatinos Chatzieleftheriadis, Ioannis Zilakos, Niki Zilakos, Adrianos Psomadakis-Karastamatis, Eleni Giannakopoulous, Panos Paxinoz, and Emmanel Andreulaks ("Individual Judgment Debtors"); and Family Unity Trust Company, Glafkos Trust Company, Lassia Investment Company, and Elafonissos Shipping Corporation ("Entity Judgment Debtors," and with the Individual Judgment Debtors, "Judgment Debtors"). Dkt No. 1836.[2]

The September 22, 2025 Judgment awarded Holdings accrued monetary sanctions imposed on the Judgment Debtors because of their failure to comply with this Court's orders and their efforts to impede this Court's confirmation order and the subsequent reorganization of Holdings, including by, inter alia, failing to update the address of record for the company,[3] and opposing

---

[2] All references to "Dkt. No." refer to docket entries in this case.

[3] As Judge Liman has previously explained:

> In order for Holding's post-confirmation amended articles of incorporation to have legal effect in Liberia (in other words, for Holdings to have control over the company), the amended corporate governance documents needed to be filed with the Liberian International Ship & Corporate Registry ("LISCR"). The LISCR accepts instruction only from a company's address of record ("AOR"). The easiest way for the AOR itself to be updated is for the corporation's existing AOR to effectuate the change; in the alternative, a Liberian court can order the LISCR to make the change. Thus, for Holdings to be able to operate as the Plan contemplated and for the creditors to obtain the value for which they contributed money to the entity, (1) the AOR would have to be updated and (2) amended corporate governance documents would have to be filed with LISCR to reflect the change of control. In the absence of a change in the corporate governance documents, the new owners of Holdings might possess all of the equity in the new company and governance rights to the company, but that ownership and control would be nominal

2

judicial recognition of this Court's confirmation order in foreign jurisdictions. Dkt. No. 1212 (Oct. 25, 2024 Memorandum Opinion and Order Confirming Petitioning Creditors' Amended Joint Chapter 11 Plan); Dkt. No. 1223 (Nov. 4, 2024 Findings of Fact, Conclusions of Law, and Order Confirming Petitioning Creditors' Amended Joint Chapter 11 Plan); Dkt. No. 1402 (Jan. 29, 2025 Order in Support of Confirmation and Consummation of the Court-Approved Plan of Reorganization); Dkt. No. 1495 (Feb. 27, 2025 Sanctions Order); Dkt. No. 1537 (Mar. 13, 2025 Sanctions Order);[4] Dkt. No. 1716 (July 8, 2025 Sanctions Order).[5]

---

> and illusory, as it would not be reflected in the country where the corporations and its assets were domiciled.

*In re Eletson Holdings Inc.*, No. 25-cv-1312, 2025 U.S. Dist. LEXIS 187947, at *13–15 (S.D.N.Y. Sept. 22, 2025) ("District Court's Sept. 22, 2025 Opinion").

[4] As Judge Liman also explained in the District Court's Sept. 22, 2025 Opinion:

> The Former Majority Shareholders argue[d] that the AOR was updated by the time the [March 13, 2025] sanctions order was entered and that the corporate documents on file with the LISCR were updated the next day. The evidence in the Bankruptcy Court records shows that it was Holdings itself, not the Former Majority Shareholders or any other related party, that was ultimately successful in getting the LISCR to update Holdings' AOR to Adam Spears on March 13, 2025. Indeed, the end to the Liberian proceedings that the Former Majority Shareholders tout[ed] in their briefing was brought about only because, without their participation or help, Holdings re-domiciled the company out of Liberia and to the Marhsall Islands. And the story does not end there—in response, on March 18, 2025, the Former Majority Shareholders (along with Provisional Holdings and Elafonissos Shipping) filed another action in Liberia challenging the change of AOR.

*Id.* at *79 n.20 (citations omitted).

[5] The District Court's Sept. 22, 2025 Opinion resolved several then-pending appeals of orders of this Court related to confirmation of the Chapter 11 plan. *Id.* at *3–4. Two of the appeals had been brought by Reed Smith and the purported entity "Provisional Holdings Inc.," that also later called itself "Unreorganized Holdings," which the District Court – and subsequently this Court – determined does not exist, and thus the District Court dismissed Provisional Holdings' appeals for lack of standing. *Id.* at *37–39; Dkt. No. 1867 (Oct. 17, 2025 Hr'g Tr. at 18–21); *see also Eletson Holdings Inc. v. Levona Holdings Ltd.*, No. 23-cv-7331, 2025 U.S. Dist. LEXIS 228048, at *3–4 (S.D.N.Y. Nov. 18, 2025) ("'Unreorganized Holdings' is simply a fiction created to evade the effect

3

On October 21, 2025, this Court entered a further judgment ("October 21, 2025 Judgment," and with the September 22, 2025 Judgment, "Judgments") in favor of Holdings against the Judgment Debtors, except for Laskarina Karastamati, for legal fees incurred associated with the Judgment Debtors' noncompliance with this Court's orders.  Dkt. No. 1862.[6]

On December 8, 2025, after the Individual Judgment Debtors failed to respond to Holdings' post-judgment deposition notices or to appear at those depositions, Holdings moved to compel the Individual Judgment Debtors' depositions in aid of enforcing the Judgments ("Motion to Compel").  On January 12, 2026, after the Individual Judgment Debtors failed to oppose the Motion to Compel or appear at a hearing on the Motion to Compel, the Court granted the Motion

---

of the Bankruptcy Court's order and to obtain by repeated incantation relief that the officers and directors of Holdings never sought from this Court.").  Three of the appeals at issue in the District Court's Sept. 22, 2025 Opinion had been brought by Family Unity Trust Company, Glafkos Trust Company, and Lassia Investment Company ("Former Majority Shareholders"), three of the four Entity Judgment Debtors.  *In re Eletson Holdings Inc.*, 2025 U.S. Dist. LEXIS 187947, at *3–4.  The District Court dismissed the appeals that had been brought by Reed Smith and the Former Majority Shareholders as to this Court's Jan. 29, 2025 Order in Support of Confirmation and Consummation of the Court-Approved Plan of Reorganization, Dkt. No. 1402, also for lack of standing, as that order's directive that the parties comply in a good-faith effort with this Court's orders confirming the Chapter 11 Plan neither "impose[d] pecuniary costs nor increase[d] the parties' burdens," and thus "they [could not] now claim to be 'aggrieved' . . . such that they ha[d] standing to appeal," *In re Eletson Holdings Inc.*, 2025 U.S. Dist. LEXIS 187947, at *43–52.  The Distrct Court found that the argument in support of those appeals was "a disguised attempt to collaterally attack the Confirmation Order itself."  *Id.* at *49.  The District Court also rejected the Former Majority Shareholders' appeal on the merits of this Court's March 13, 2025 Sanctions Order, Dkt. No. 1537, concluding that the order was not an impermissible anti-foreign suit injunction, *In re Eletson Holdings Inc.*, 2025 U.S. Dist. LEXIS 187947, at *52–72, and that this Court did not abuse its discretion in imposing monetary sanctions of $5,000 per day on the Former Majority Shareholders, as ordered in this Court's March 13, 2025 Sanctions Order, *id.* at *72–82.  Lastly, the District Court also dismissed an appeal brought by the Former Majority Shareholders of this Court's order authorizing a foreign representative of Holdings in Liberia and Greece for the purposes of seeking recognition of confirmation of the Chapter 11 Plan in those jurisdictions, after the Former Majority Shareholders failed to file any motions or briefs or to show cause why the appeal should not be dismissed.  *Id.* at *30 n.9.

[6] The Judgments were each also issued in favor of Holdings against Keros Shipping Corporation.  Dkt. Nos. 1836, 1862.

4

to Compel. Dkt. No. 1947 (Jan. 12, 2026 Hr'g Tr.) at 9; Dkt. No. 1942 (Jan. 13, 2026 Order granting Motion to Compel); *see also* Dkt. No. 1945 (Jan. 15, 2026 Memorandum Opinion and Order granting Holdings' motion to compel the Entity Judgment Debtors' depositions in aid of judgment enforcement) at 6.

On January 28, 2026, after the Court-imposed deadline for the Individual Judgment Debtors to appear for their depositions, Holdings submitted a letter requesting leave to file a motion for contempt and application for a bench warrant for the arrest of the Individual Judgment Debtors for their failure to appear at the depositions. Dkt. No. 1948 (Jan. 28, 2026 Ltr.). At a conference on February 4, 2026, which the Individual Judgment Debtors did not appear for, the Court granted leave to file the motion. Dkt. No. 1960 (Feb. 5, 2026 Hr'g Tr.) at 10.

Now before the Court is Holdings' Motion for Findings of Contempt and Application for Bench Warrants for Arrest as to the Individual Judgment Debtors in Aid of Judgment Enforcement, dated February 11, 2026 ("Arrest Motion"). Dkt. No. 1955. In support of the Arrest Motion is the declaration of Nathaniel Koslof, dated February 11, 2026 ("Koslof Declaration"). Dkt. No. 1957.

The Court held a hearing on the Arrest Motion on March 3, 2026 ("Hearing"). The Individual Judgment Debtors failed to oppose the Arrest Motion or appear at the Hearing. *See* Dkt. No. 1961 (Certificate of No Objection).

## II. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1) and the Amended Standing Order of Reference dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## III. BACKGROUND

The Arrest Motion argues that arrest warrants are necessary to compel the Individual

5

Judgment Debtors to appear at their post-judgment depositions and to comply with this Court's orders, as increasing monetary sanctions have failed to compel their compliance. Arrest Motion at 1–2. The Arrest Motion argues further that Holdings is entitled to depose the Individual Judgment Debtors in aid of enforcing the Judgments, and that the notices Holdings served on the Individual Judgment Debtors scheduling depositions and notifying them of this Court's order granting the Motion to Compel and setting a deadline for the Individual Judgment Debtors' depositions were proper under the Federal Rules of Civil Procedure. *Id.* at 8–10. The Arrest Motion also argues that this Court has the authority to hold parties in civil contempt for failure to obey an order compelling a deposition, and that this Court's order granting the Motion to Compel was clear and unambiguous, the proof of the Individual Judgment Debtors' noncompliance is clear and convincing, and the Individual Judgment Debtors did not attempt to comply in a reasonable manner. *Id.* at 10–13. The Arrest Motion then argues that arrest is the appropriate sanction, as prior monetary sanctions have not sufficed, the Individual Judgment Debtors have prevented Holdings from collecting the Judgments and have engaged in a long pattern of noncompliance with this Court's orders, and the Individual Judgment Debtors have been properly noticed of these proceedings. *Id.* at 13–17. The Arrest Motion states that "[t]he Individual Judgment Debtors cannot selectively acknowledge the reach of this Court's jurisdiction when it suits them and then hide behind their empty shell entities when it does not." *Id.* at 16. Finally, Holdings seeks attorneys' fees and costs incurred with preparing and appearing for the depositions that the Individual Judgment Debtors did not attend, and in bringing the Arrest Motion, as well as $5,000 per day on each Individual Judgment Debtor for each day they remain in violation of this Court's order granting the Motion to Compel. *Id.* at 17–18.

    IV.    <u>**LEGAL ANALYSIS**</u>

### A. <u>Legal Standard</u>

"There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Worms v. Rozhkov (In re Markus)*, 78 F.4th 554, 564 (2d Cir. 2023) (citation modified). "[T]his power is governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (citation modified). To obtain a finding of contempt and an order imposing sanctions, the movant must establish that: "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995). "In the context of civil contempt, the clear and convincing standard requires a quantum of proof adequate to demonstrate a reasonable certainty that a violation occurred." *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002) (citation modified).

Federal Rule of Civil Procedure 37, made applicable to a contested matter by Federal Rules of Bankruptcy Procedure 7037 and 9014, provides that a court may issue sanctions for disobeying a discovery order and may treat a party's non-compliance as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(vii). "To the extent that a contempt sanction is coercive, the court has broad discretion to design a remedy that will bring about compliance." *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 657 (2d Cir. 2004) (citation modified); *EEOC v. Local 28 of the Sheet Metal Workers Int'l Ass'n*, 247 F.3d 333, 336 (2d Cir. 2001) ("[T]he district court has broad discretion to fashion an appropriate coercive remedy . . . based on the nature of the harm and the probable effect of alternative sanctions." (citation modified)).

"The paradigmatic coercive, civil contempt sanction . . . involves confining a contemnor

7

indefinitely until he complies with an affirmative command such as an order." *Int'l Union v. Bagwell*, 512 U.S. 821, 828 (1994); *Hicks v. Feiock*, 485 U.S. 624, 632 (1988) ("[A] sentence of imprisonment . . . is remedial if the defendant stands committed unless and until he performs the affirmative act required by the court's order." (citation modified)). "In these circumstances, the contemnor is able to purge the contempt and obtain his release by committing an affirmative act, and thus carries the keys of his prison in his own pocket." *Int'l Union*, 512 U.S. at 828 (citation modified).

### B. <u>Arrest Motion</u>

For the reasons discussed below and in the Arrest Motion, the Court agrees with Holdings, and the Arrest Motion is GRANTED IN PART.

As an initial matter, the Court notes that the Individual Judgment Debtors failed to respond to the Arrest Motion, either by written pleading or by appearing at the Hearing, and thus they defaulted on the Arrest Motion. Dkt. No. 1961 (Certificate of No Objection); *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984) ("[I]n civil cases, where a party fails to respond, after notice the court is ordinarily justified in entering a judgment against the defaulting party.").

Moreover, in light of the lengthy history of this case set forth in numerous prior opinions and orders, the Court concludes that additional monetary sanctions will not suffice to compel the Individual Judgment Debtors' compliance with this Court's orders, including its January 13, 2026 order granting the Motion to Compel and ordering the Individual Judgment Debtors to appear for depositions, as well as the Court's prior orders sanctioning the Individual Judgment Debtors and orders related to confirmation of the Chapter 11 Plan. Dkt. No. 1212 (Oct. 25, 2024 Memorandum Opinion and Order Confirming Petitioning Creditors' Amended Joint Chapter 11 Plan); Dkt. No. 1223 (Nov. 4, 2024 Findings of Fact, Conclusions of Law, and Order Confirming Petitioning

Creditors' Amended Joint Chapter 11 Plan); Dkt. No. 1402 (Jan. 29, 2025 Order in Support of Confirmation and Consummation of the Court-Approved Plan of Reorganization); Dkt. No. 1495 (Feb. 27, 2025 Sanctions Order); Dkt. No. 1537 (Mar. 13, 2025 Sanctions Order);[7] Dkt. No. 1716 (July 8, 2025 Sanctions Order); Dkt. No. 1947 (Jan. 12, 2026 Hr'g Tr.) at 9; Dkt. No. 1942 (Jan. 13, 2026 Order granting Motion to Compel).

To the extent necessary, the Court finds that the January 13, 2026 order granting the Motion to Compel and ordering the Individual Judgment Debtors to appear for depositions was clear and unambiguous, that the Individual Judgment Debtors' failure to appear at those depositions is clear and convincing proof of noncompliance, and lastly that the Individual Judgment Debtors have not diligently attempted to comply in a reasonable manner, as evinced partially through their failure to appear, respond to, or participate in any of the related proceedings of this Court.  Dkt. No. 1947 (Jan. 12, 2026 Hr'g Tr.) at 9; Dkt. No. 1942 (Jan. 13, 2026 Order granting Motion to Compel); *King*, 65 F.3d at 1058.

---

[7] In the District Court's Sept. 22, 2025 Opinion regarding the appeals of the Former Majority Shareholders – two of which, Lassia Investment Company and Glafkos Trust Company, are controlled by the families of two of the Individual Judgment Debtors, Laskarina Karastamati and Vassilis Hadjieleftheriadis, respectively, *In re Eletson Holdings Inc.*, 2025 U.S. Dist. LEXIS 187947, at *5–6 – Judge Liman affirmed on the merits this Court's March 13, 2025 Sanctions Order, Dkt. No. 1537, concluding that: 1) the Former Majority Shareholders' argument that this Court's orders were not sufficiently clear was frivolous, and that "[u]nwillingness to execute the Bankruptcy Court's clear orders, or disagreement with a factual premises [sic] underlying them, does not make the orders themselves unclear," *In re Eletson Holdings Inc.*, 2025 U.S. Dist. LEXIS 187947, at *73–76; 2) proof that the Former Majority Shareholders' noncompliance was clear and convincing was "amply met," *id.* at *76–78; and 3) this Court did not abuse its discretion in determining that the Former Majority Shareholders did not diligently attempt to comply in a reasonable manner, as "their own declarations demonstrate[d] that they could have complied, or attempted compliance, but did not," *id.* at *78–80.  The District Court also concluded that "[a]t base, the Former Majority Shareholders [sought], via this appeal of the Bankruptcy Court's orders, to attack again with different arguments the Confirmation Plan affirmed by the Bankruptcy Court," and that "[t]hey did not have license to ask the Bankruptcy Court to reorganize Holdings and then simply to disobey the court's orders when they disliked how the company was reorganized." *Id.* at *82.

9

Given the failure of prior monetary sanctions, and the history of the Individual Judgment Debtors' noncompliance with this Court's orders, the Individual Judgment Debtors' arrest for civil contempt is warranted, as is their incarceration up to and until the time they appear for their post-judgment depositions or satisfy the Judgments against them. *See, e.g., In re 1990's Caterers Ltd.*, 531 B.R. 309, 320 (Bankr. E.D.N.Y. 2015) (concluding that "there is no available lesser sanction than the coercive sanction of incarceration," as the contemnor's "conduct and his ignorance of prior monetary sanctions" made it "extremely unlikely that any increased monetary sanctions would improve the likelihood of his compliance"); *Musalli Factory for Gold & Jewelry Co. v. New York Fin. LLC*, No. 06 Civ. 82, 2010 U.S. Dist. LEXIS 58439, at *10–11 (S.D.N.Y. June 14, 2010) (concluding that "arrest is an appropriate coercive sanction," even though it was "unclear whether an arrest warrant [would] be effective in bringing about [contemnor's] compliance," as the contemnor lived in Egypt, but that "should [the contemnor] enter this country, the United States Marshals Service is ordered to arrest him"); *Avalon Holdings Corp. v. Gentile*, No. 18-cv-7291, 2024 U.S. Dist. LEXIS 169988, at *6 (S.D.N.Y. Sept. 20, 2024) (concluding that contemnor "shall be incarcerated until he responds to . . . post-judgment subpoenas"); *Benthos Master Fund, Ltd. v. Etra*, No. 20-CV-3384, 2022 U.S. Dist. LEXIS 229076, at *44–45 (S.D.N.Y. Dec. 20, 2022) (concluding "that financial sanctions, including ever-increasing ones, will not compel [contemnor] to comply," and thus, in addition to other factors, "arrest was an appropriate coercive sanction"); *Bank of Credit & Commerce Int'l (Overseas) Ltd. v. Tamraz*, No. 97 Civ. 4759, 2006 U.S. Dist. LEXIS 39256, at *14–15 (S.D.N.Y. June 13, 2006) (concluding that "[f]inancial sanctions have proven insufficient" and have not "tempered [contemnor's] continued contumaciousness," and thus "the only remaining effective avenue of securing compliance is to order that [contemnor] be arrested").

10

## V. CONCLUSION

For the reasons stated above, the Arrest Motion is GRANTED IN PART, including the request for associated attorneys' fees and costs. Given the Court's finding of contempt and granting of the application for bench warrants for the arrest of the Individual Judgment Debtors, the Court DENIES the request for the imposition of further additional fines against the Individual Judgment Debtors.

**IT IS SO ORDERED.**

Dated: March 12, 2026  /s/ John P. Mastando III
    New York, New York  HONORABLE JOHN P. MASTANDO III
                                 UNITED STATES BANKRUPTCY JUDGE