UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                                            :
In re:                                      :          Chapter 11
                                            :
ELETSON HOLDINGS INC.,[1]                   :          Case No. 23-10322 (JPM)
                                            :
                                            :
                                            :
                   Debtor.                  :
                                            :
---------------------------------------------------------x

### ELETSON HOLDINGS INC.'S REPLY TO REED SMITH LLP'S RESPONSE TO SUPPLEMENT TO ELETSON HOLDINGS INC.'S MOTION FOR ENTRY OF AN ORDER COMPELLING REED SMITH TO IMPLEMENT THE PLAN AND IMPOSING SANCTIONS[2]

### PRELIMINARY STATEMENT

1.     Over five hundred and fifty days ago, this Court enjoined Reed Smith, as a *former* agent of the Debtors, from "taking any actions to interfere with the implementation or consummation of the Plan." Docket. No. 1223 ¶ 12. This Court has reaffirmed that injunction. Three times.  Docket Nos. 1402, 1537, 1716.  Reed Smith has consistently acted as if the injunction did not apply to it and that it, not this Court, determines when unstayed orders apply to it.

2.     The response [Docket No. 2002] (the "Response") confirms the pattern with a promise that Reed Smith's representations against Holdings and its subsidiaries (collectively, "Eletson") (on behalf of imposter versions of the same entities) will end on Reed Smith's own

---

[1]   Prior to November 19, 2024, the Debtors in these cases were:  Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC.  On March 5, 2025, the Court entered a final decree and order closing the chapter 11 cases of Eletson Finance (US) LLC and Agathonissos Finance LLC. Commencing on March 5, 2025, all motions, notices, and other pleadings relating to any of the Debtors shall be filed in the chapter 11 case of Eletson Holdings Inc.  The Debtor's mailing address is c/o Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, New York 10036.

[2]   The Reply was originally filed on May 13, 2026 and corrected on May 14, 2026 to revise a scrivener's error and include references to two inadvertently omitted exhibits.

schedule — on terms Reed Smith sets, when Reed Smith is ready. Slow-motion contempt is still contempt.

3.      Reed Smith's legal argument is no better than its timeline. Its position is essentially that this Court is *functus officio* and that the pendency of appeals eliminates this Court's authority to enforce its own orders. It does not. As discussed, countless times before this Court, if Reed Smith had wanted to ensure that the former owners and Reed Smith continued to have authority, they needed to seek a stay pending appeal. They did not.

4.      Reed Smith presents a dichotomy in which its appellate appearances are protected practice and its operational advice is merely incidental to that practice. Both halves are wrong. The operational advice — instructing local counsel globally, correspondence with vessel masters on Holdings vessels, and editing planted media stories, among other activities — is not appellate practice. Moreover, while *Schoenberg* and *Cheng* shield a lawyer's right to appeal on behalf of a client, the Plan terminated Reed Smith's engagement, and the entity Reed Smith names as its client in the appeals has been found by this Court, Judge Liman, and the Greek courts not to exist.

## REPLY

I.      ***Schoenberg* And *Cheng* And Pending Appeals Are Irrelevant.**

5.      Reed Smith attempts to recast everything in the Supplement as appellate practice and then invoke *Schoenberg* and *Cheng* for the proposition that this Court cannot sanction it. The premise misstates the record and the conclusion misstates the law. Neither decision purports to immunize extra-judicial conduct undertaken against the reorganized debtor or its subsidiaries on the instructions of displaced principals by terminated counsel. *Schoenberg* answers a narrower question: whether a lower court may sanction counsel for the act of perfecting an appeal. That act in this case is the one thing that is not sanctionable because Reed Smith filed its

initial appeal while still counsel.  It is its effort to continue to control that appeal after being terminated and taking instruction from displaced former owners that is the issue.  Efforts to carry on appeals under a new name do not alter this outcome because, as Judge Liman noted in the order dismissing certain appeals: "Provisional Holdings is not a legal entity with standing."[3]

6.      It also does not alter this Court's foundational authority to enforce its own orders.  *United States v. Hudson*, 11 U.S. 32, 34 (1812) (holding the power "[t]o fine for contempt — imprison for contumacy — enforce the observance of order" is among the implied powers "which cannot be dispensed with in a Court, because they are necessary to the exercise of all others").[4]

7.      Further, the conduct catalogued in the exhibits to the Borriello Declaration is something else entirely.  It is advising individuals (whose corporate authority the Plan removed) on their efforts to disrupt the Plan and continue to assert unlawful control.

**II.      Reed Smith's Post-Effective Date Advice to Sanctioned Parties.**

8.      Reed Smith has continued to provide broad-based advice and counsel to the former owners in their efforts to interfere with the Plan and to regain authority over Eletson. Holdings became aware of the extent of these coordinated efforts after the original Motion was filed and argued when it gained access to the Microsoft server following entry of the Microsoft Order [Docket No. 1691] on June 11, 2025.

9.      As demonstrated by the exhibits attached to the *Declaration of Jared C. Borriello* (the "Borriello Declaration") filed contemporaneously, Reed Smith has been intimately

---

[3]      *In re Eletson Holdings*, 2025 WL 2710411, at *13 (Bankr. S.D.N.Y. Sep. 22, 2025).

[4]      *See also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam); *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 743 (2023) (reaffirming *Griggs* and citing *Hovey v. McDonald*, 109 U.S. 150, 157 (1883)).  The Plan Confirmation Appeal (No. 25-0176) is, as a procedural matter, an appeal of the District Court's order entering a stipulation — it is not an appeal of this Court's Confirmation Order at all.

involved in the former owners' efforts to interfere with implementation of the Plan, including by

(i) coordinating with the former owners and other counsel in February 2025 to oppose the arrest

of the Kithnos and advancing arguments about recognition this Court had already rejected

(Borriello Decl., Exs. A, B); (ii) working with the former owners on publishing media stories that

falsely portrayed the former owners as Eletson's current management (*see id.*, Exs. C, D) (which

were subsequently published[5]); and (iii) communicating with Eletson's financier. *Id.* These

illustrations drawn from materials Holdings has elected to put before the Court are the "tip of the

iceberg" of Reed Smith's efforts to advise and assist individuals with no corporate authority in

conduct that the Court has held violated the Plan and Confirmation Order.

### III.    The Control of Eletson Gas LLC Is Not an Open Question.

10.    The Response treats the control of Gas as if it remained genuinely contested

and offers that supposed contest as a defense to the conduct catalogued above.  It is not contested.

The Plan vested Holdings' interest in Gas on the Effective Date.  The Confirmation Order is in

force and unstayed.  That Reed Smith has refused to accept those orders and has instituted parallel

proceedings to relitigate them does not cleanse the conduct. A firm does not reacquire authority

by saying, in correspondence and arbitral filings, that it disagrees with the order that took its

authority away.  On Reed Smith's theory, no confirmation order in this District would ever be self-

executing: any displaced counsel could extend its prior mandate by filing somewhere, anywhere,

to keep the disagreement alive.  The foreign authority Reed Smith invokes cuts the other way: His

Honour Judge Pelling KC decided the matter before him on the explicit premise that Holdings is

---

[5]    *See* LLOYD'S LIST, Eletson's battle with fund that became foe is cautionary tale for our times, https://www.lloydslist.com/-/media/lloyds-list/daily-pdf/2025/01 january/dailypdf090125.pdf?rev=b8d8cfe91798495886ec885978c3ab1f (January 9, 2025) ("Entering 2025, managers at Eletson's Piraeus headquarters privately concede they are in a tough fight.").

controlled by the directors appointed by operation of the Chapter 11 plan.[6]

### IV.    Reed Smith's "Withdrawal" Gambit Does Not Moot the Relief Sought.

11.    The gamesmanship displayed over the last eighteen months highlights the reason for the underlying Motion and Supplement.  After listing *some* instances where Reed Smith has withdrawn its representation of various Eletson-related entities, it notes, without any commitment as to when, that it "will be withdrawing" from the LCIA.  That it is allegedly in the process of winding down certain representations—a year and a half after its termination—is nothing but an admission of guilt.  As noted above, Reed Smith's ongoing representation of the former owners is extensive and far reaching (including outside of litigation activity) despite their termination eighteen months ago.

### V.    Deferral Is Unwarranted.

12.    That there are pending appeals of unstayed orders likewise has zero relevance to its obligations to comply with the Plan, Confirmation Order, and subsequent orders of this Court.  *See Maness v. Meyers*, 419 U.S. 449, 458-60 (1975) ("If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, **but absent a stay**, he must comply promptly with the order pending appeal.") (emphasis added).  Deferral would only further disrupt Holdings' ability to implement the Plan.  The Court should reject Reed Smith's *latest* attempt – a year and a half too late – to obtain the stay pending appeal it failed to seek prior to the Plan going effective.

13.    For the reasons stated in the Motion, the Supplement, and herein, Holdings respectfully requests that this Court grant the Motion and enter the proposed Order.

---

[6]    Docket No. 1991, Ex. B at ¶ 41 (accepting "that Eletson Holdings is controlled by the directors appointed under and by operation of the Chapter 11 plan").

DATED:  May 13, 2026
          New York, New York

**HERBERT SMITH FREEHILLS
KRAMER (US) LLP**

By:

*/s/ Kyle J. Ortiz*
Kyle J. Ortiz
Jennifer Sharret
Rebecca Polinsky
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
Email: kyle.ortiz@hsfkramer.com
      jennifer.sharret@hsfkramer.com
      rebecca.polinsky@hsfkramer.com

*Counsel for Eletson Holdings Inc.*