**HERBERT SMITH FREEHILLS KRAMER (US) LLP**
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100
Kyle J. Ortiz
Jennifer Sharret
Rebecca Polinsky

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| ELETSON HOLDINGS INC.,[1] | : | Case No. 23-10322 (JPM) |
| Debtor. | : | |

**NOTICE OF FILING OF REVISED PROPOSED ORDER WITH RESPECT TO ELETSON HOLDINGS INC.'S MOTION FOR AN ORDER AUTHORIZING TURNOVER UNDER § 542(e) OF THE BANKRUPTCY CODE AND CONFIRMING TRANSFER OF ATTORNEY-CLIENT PRIVILEGE**

**PLEASE TAKE NOTICE** that, on August 14, 2026, Eletson Holdings Inc. ("Holdings") filed *Eletson Holdings Inc.'s Motion for an Order Authorizing Turnover Under §542(e) of the Bankruptcy Code and Confirming Transfer of the Attorney-Client Privilege* [Docket No. 2094] (the "Motion"), with a proposed order attached as Exhibit A thereto (the "Original Proposed Order").

**PLEASE TAKE FURTHER NOTICE** that, on August 25, 2026, Riveron RTS, LLC ("Riveron") and Reed Smith LLP ("Reed Smith") filed certain responses to the Motion [Docket Nos. 2098, 2100] (together, the "Responses").

**PLEASE TAKE FURTHER NOTICE** that, Holdings hereby files a copy of a revised form of proposed order approving the Motion, a copy of which is attached hereto as **Exhibit 1** (the "Revised Proposed Order"), and a redline of the Revised Proposed Order reflecting the revisions to the Original Proposed Order, a copy of which is attached hereto as **Exhibit 2** (the

[1] Prior to November 19, 2024, the Debtors in these cases were: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC. On March 5, 2025, the Court entered a final decree and order closing the chapter 11 cases of Eletson Finance (US) LLC and Agathonissos Finance LLC. Commencing on March 5, 2025, all motions, notices, and other pleadings relating to any of the Debtors shall be filed in the chapter 11 case of Eletson Holdings Inc. The Debtor's mailing address is c/o Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, New York 10036.

"Redline"). Holdings believes that the Revised Proposed Order resolves some, but not all, of the Responses, and intends to address any remaining Responses at the hearing on the Motion (the "Hearing"). Holdings understands that Riveron will not object if the Court grants the Motion.

**PLEASE TAKE FURTHER NOTICE** that, the Hearing will take place via Zoom on **September 1, 2026, at 10:00 A.M. (Prevailing Eastern Time)** before the Honorable John P. Mastando III, United States Bankruptcy Judge for the Southern District of New York, in the United States Bankruptcy Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that the Motion, the Revised Proposed Order, as well as all other case related filings can be viewed and/or obtained by (i) accessing the Court's Website for a fee, or (ii) by contacting the Office of the Clerk of the United States Bankruptcy Court, Southern District of New York. Please note that a PACER password is required to access documents on the Court's Website.

DATED: August 28, 2026
New York, New York

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**

By: */s/ Kyle J. Ortiz*

Kyle J. Ortiz, Esq.
Jennifer Sharret, Esq.
Rebecca Polinsky, Esq.
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100
Email: kyle.ortiz@hsfkramer.com
jennifer.sharret@hsfkramer.com
rebecca.polinsky@hsfkramer.com

*Counsel for Eletson Holdings Inc.*

**Exhibit 1**

**Revised Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| ELETSON HOLDINGS INC.,[1] | Case No. 23-10322 (JPM) |
| Debtor. | |

**ORDER (I) AUTHORIZING TURNOVER OF THE ELETSON CLIENT FILES AND (II) CONFIRMING TRANSFER OF ATTORNEY-CLIENT PRIVILEGE**

Upon the motion (the "Motion")[2] of Eletson Holdings Inc. ("Holdings") for entry of an order (this "Order") (i) authorizing the Former Professionals to turn over the Eletson Client Files pursuant to section 542(e) of the Bankruptcy Code, and (ii) confirming that the attorney-client privilege held by Holdings prepetition with respect to the Former Professionals remains with Holdings and is now controlled by its new management following the Effective Date; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and good and sufficient notice of the Motion having been given and no other or further notice of the Motion being necessary; and the Court having reviewed the Motion and heard the statements of counsel at a hearing on the Motion (the "Hearing"); and the Court having determined that the relief requested in the Motion is in the best interests of Holdings, its estate, its creditors, and other parties in interest; and the Court having determined that the legal and factual basis set forth in the Motion

[1] Prior to November 19, 2024, the Debtors in these cases were: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC. On March 5, 2025, the Court entered a final decree and order closing the chapter 11 cases of Eletson Finance (US) LLC and Agathonissos Finance LLC. Commencing on March 5, 2025, all motions, notices, and other pleadings relating to any of the Debtors shall be filed in the chapter 11 case of Eletson Holdings Inc. The Debtor's mailing address is c/o Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, New York 10036.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

and on the record of the Hearing established just cause for the relief granted herein; and all objections to the Motion, if any, having been withdrawn or overruled, including *Riveron, RTS LLC's (I) Limited Objection to Eletson Holdings Inc.'s Motion for an Order Authorizing Turnover Under §542(e) of the Bankruptcy Code and Confirming Transfer of Attorney-Client Privilege, and (II) Reservation of Rights* [Docket No. 2098] and *Reed Smith LLP's Opposition to Motion For an Order Authorizing Turnover Under §542(e) of the Bankruptcy Code and Confirming the Transfer of Attorney-Client Privilege* [Docket No. 2011]; and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. Pursuant to Bankruptcy Code § 542(e), the Motion is granted as set forth herein.

2. All objections to the Order to the extent not withdrawn, waived, settled or resolved are hereby overruled.

3. The Former Professionals are authorized to turn over the Eletson Client Files to Holdings, through its counsel at Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, NY 10036, c/o Kyle J. Ortiz (kyle.ortiz@hsfkramer.com).

4. The attorney-client privilege held by Holdings prepetition with respect to the Former Professionals remains with Holdings and is now controlled by its new management following the Effective Date.

5. Skadden, Arps, Slate, Meagher & Flom LLP is authorized to turn over the Eletson Client File to Holdings.

6. Reed Smith LLP is authorized to turn over the Eletson Client File to Holdings.

7. Riveron RTS LLC is authorized to turn over the Eletson Client File to Holdings. For the avoidance of doubt, as to Riveron, the Eletson Client File is limited to the Deliverables, as defined in the engagement letter between Riveron and Holdings, and does not include Riveron

internal email correspondence or other internal documents, drafts, working papers, or models that were used or relied on by Riveron to prepare the Deliverables. The confidentiality, use, and disclosure of any Deliverables provided to Holdings by Riveron pursuant to this Order shall be subject to Sections 3 and 6 of Schedule C to the engagement letter between Riveron and Holdings. Until the Second Circuit rules on the Vacatur Proceeding, Riveron need not collect, review, or produce any portion of the Eletson Client File consisting of email correspondence. Holdings reserves the right to seek any email correspondence that otherwise constitutes part of the Eletson Client File after the Second Circuit rules in the Vacatur Proceeding, subject to the findings and ruling of the Second Circuit to the extent applicable to the Motion and this Order. Riveron reserves its right to seek reimbursement of costs and expenses if Holdings later requests that Riveron collect, review, and produce emails in accordance with this Order. Holdings reserves the right to dispute any request for indemnification or reimbursement.

8. Investments and Finance Ltd. is authorized to turn over the Eletson Client File to Holdings.

9. Harold Furchtgott-Roth is authorized to turn over the Eletson Client File to Holdings.

10. For the avoidance of doubt, the Former Professionals are not obligated to turn over any documents not included in the Eletson Client File, as such term is defined in any relevant engagement letters by and between Holdings and the respective Former Professional.

11. The Former Professionals are not required to produce the Vacatur Documents within the Eletson Client Files, and Holdings shall hold enforcement of this Order in abeyance, solely as to the Vacatur Documents, pending the Second Circuit's decision in the Vacatur Proceeding.

12. By no later than three (3) business days following the entry of this Order, Holdings shall serve a copy of this Order, by first class mail and e-mail, upon the Former Professionals and other parties entitled to receive notice pursuant to Bankruptcy Rule 2002.

13. Notwithstanding anything to the contrary herein or in the Motion, nothing in the Motion or this Order shall be, or shall be deemed to be or construed as any implication or suggestion that Holdings is required to seek this Court's authorization for the Eletson Client Files. Rather, the Motion was filed and this Order sought solely to provide the parties with comfort.

14. Except as otherwise provided in this Order, each Former Professional shall turn over the documents comprising the Eletson Client Files once either the time to appeal this Order has expired and the applicable Former Professional has not appealed, or the applicable Former Professional has appealed but has not obtained a stay pending appeal. If another Former Professional appeals this Order, and the appeal involves email correspondence or other documents that are Deliverables under the engagement agreement between Riveron and Holdings, then Riveron shall not be required to produce such Deliverables to Holdings while the appeal is pending.

15. Holdings is authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

16. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: ______, 2026
New York, New York

______________________________________
HONORABLE JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 2**

**Redline**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| ELETSON HOLDINGS INC.,[1] | Case No. 23-10322 (JPM) |
| Debtor. | |

**ORDER (I) AUTHORIZING TURNOVER OF THE ELETSON CLIENT FILES AND (II) CONFIRMING TRANSFER OF ATTORNEY-CLIENT PRIVILEGE**

Upon the motion (the "Motion")[2] of Eletson Holdings Inc. ("Holdings") for entry of an order (this "Order") (i) authorizing the Former Professionals to turn over the Eletson Client Files pursuant to section 542(e) of the Bankruptcy Code, and (ii) confirming that the attorney-client privilege held by Holdings prepetition with respect to the Former Professionals remains with Holdings and is now controlled by its new management following the Effective Date; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and good and sufficient notice of the Motion having been given and no other or further notice of the Motion being necessary; and the Court having reviewed the Motion and heard the statements of counsel at a hearing on the Motion~~, if any~~ (the "Hearing"); and the Court having determined that the relief requested in the Motion is in the best interests of Holdings, its estate, its creditors, and

[1] Prior to November 19, 2024, the Debtors in these cases were: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC. On March 5, 2025, the Court entered a final decree and order closing the chapter 11 cases of Eletson Finance (US) LLC and Agathonissos Finance LLC. Commencing on March 5, 2025, all motions, notices, and other pleadings relating to any of the Debtors shall be filed in the chapter 11 case of Eletson Holdings Inc. The Debtor's mailing address is c/o Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, New York 10036.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

other parties in interest; and ~~no objections to the relief requested in the Motion having been filed~~the Court having determined that the legal and factual basis set forth in the Motion and on the record of the Hearing established just cause for the relief granted herein; and all objections to the Motion, if any, having been withdrawn or overruled, including *Riveron, RTS LLC's (I) Limited Objection to Eletson Holdings Inc.'s Motion for an Order Authorizing Turnover Under §542(e) of the Bankruptcy Code and Confirming Transfer of Attorney-Client Privilege, and (II) Reservation of Rights* [Docket No. 2098] and *Reed Smith LLP's Opposition to Motion For an Order Authorizing Turnover Under §542(e) of the Bankruptcy Code and Confirming the Transfer of Attorney-Client Privilege* [Docket No. 2011]; and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. Pursuant to Bankruptcy Code § 542(e), the Motion is granted as set forth herein.

2. All objections to the Order to the extent not withdrawn, waived, settled or resolved are hereby overruled.

3. ~~2.~~ The Former Professionals are authorized to turn over the Eletson Client Files to Holdings, through its counsel at Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, NY 10036, c/o Kyle J. Ortiz (kyle.ortiz@hsfkramer.com).

4. ~~3.~~ The attorney-client privilege held by Holdings prepetition with respect to the Former Professionals remains with Holdings and is now controlled by its new management following the Effective Date.

5. ~~4.~~ Skadden, Arps, Slate, Meagher & Flom LLP is authorized to turn over the Eletson Client File to Holdings.

6. ~~5.~~ Reed Smith LLP is authorized to turn over the Eletson Client File to Holdings.

7. ~~6.~~ Riveron RTS LLC is authorized to turn over the Eletson Client File to Holdings. For the avoidance of doubt, as to Riveron, the Eletson Client File is limited to the Deliverables, as defined in the engagement letter between Riveron and Holdings, and does not include Riveron internal email correspondence or other internal documents, drafts, working papers, or models that were used or relied on by Riveron to prepare the Deliverables. The confidentiality, use, and disclosure of any Deliverables provided to Holdings by Riveron pursuant to this Order shall be subject to Sections 3 and 6 of Schedule C to the engagement letter between Riveron and Holdings. Until the Second Circuit rules on the Vacatur Proceeding, Riveron need not collect, review, or produce any portion of the Eletson Client File consisting of email correspondence. Holdings reserves the right to seek any email correspondence that otherwise constitutes part of the Eletson Client File after the Second Circuit rules in the Vacatur Proceeding, subject to the findings and ruling of the Second Circuit to the extent applicable to the Motion and this Order. Riveron reserves its right to seek reimbursement of costs and expenses if Holdings later requests that Riveron collect, review, and produce emails in accordance with this Order. Holdings reserves the right to dispute any request for indemnification or reimbursement.

8. ~~7.~~ Investments and Finance Ltd. is authorized to turn over the Eletson Client File to Holdings.

9. ~~8.~~ Harold Furchtgott-Roth is authorized to turn over the Eletson Client File to Holdings.

10. ~~9.~~ For the avoidance of doubt, the Former Professionals are not obligated to turn over any documents not included in the Eletson Client File, as such term is defined in any relevant engagement letters by and between Holdings and the respective Former Professional.

11. The Former Professionals are not required to produce the Vacatur Documents within the Eletson Client Files, and Holdings shall hold enforcement of this Order in abeyance, solely as to the Vacatur Documents, pending the Second Circuit's decision in the Vacatur Proceeding.

12. ~~10.~~ By no later than three (3) business days following the entry of this Order, Holdings shall serve a copy of this Order, by first class mail and e-mail, upon the Former Professionals and other parties entitled to receive notice pursuant to Bankruptcy Rule 2002.

13. ~~11.~~ Notwithstanding anything to the contrary herein or in the Motion, nothing in the Motion or this Order shall be, or shall be deemed to be or construed as any implication or suggestion that Holdings is required to seek this Court's authorization for the Eletson Client Files. Rather, the Motion was filed and this Order sought solely to provide the parties with comfort.

14. ~~12. Each~~Except as otherwise provided in this Order, each Former Professional shall turn over the documents comprising the Eletson Client Files once either the time to appeal this Order has expired and the applicable Former Professional has not appealed, or the applicable Former Professional has appealed but has not obtained a stay pending appeal. If another Former Professional appeals this Order, and the appeal involves email correspondence or other documents that are Deliverables under the engagement agreement between Riveron and Holdings, then Riveron shall not be required to produce such Deliverables to Holdings while the appeal is pending.

15. ~~13.~~ Holdings is authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

16. ~~14.~~ This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: ______, 2026
New York, New York

______________________________________
HONORABLE JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE

| **Summary report:<br>Litera Compare for Word 11.11.0.158 Document comparison done on 08/28/2026 3:48:05 PM** | |
|---|---|
| **Style name:** KL_Default | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** dm://KL2/3670886/1 | |
| **Modified DMS:** dm://KL2/3670886/3 | |
| **Changes:** | |
| Add | 21 |
| ~~Delete~~ | 18 |
| ~~Move From~~ | 0 |
| Move To | 0 |
| Table Insert | 0 |
| ~~Table Delete~~ | 0 |
| Table moves to | 0 |
| ~~Table moves from~~ | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 39 |