UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ELETSON HOLDINGS INC.,[1]<br><br>Debtor. | NOT FOR PUBLICATION<br><br>Chapter 11<br><br>Case No. 23-10322 (JPM) |

**MEMORANDUM OPINION AND ORDER DEFERRING RULING ON ELETSON HOLDING INC.'S MOTION FOR ENTRY OF AN ORDER COMPELLING REED SMITH TO IMPLEMENT THE PLAN AND IMPOSING SANCTIONS**

[1] Prior to November 19, 2024, the debtors in these cases were: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC (the "Debtors"). On March 5, 2025, the Court entered a final decree and order closing the Chapter 11 cases of Eletson Finance (US) LLC and Agathonissos Finance LLC. Commencing on March 5, 2025, all motions, notices, and other pleadings relating to any of the Debtors shall be filed in the Chapter 11 case of Eletson Holdings Inc. The Debtor's mailing address is c/o Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, New York 10036.

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**

## I. INTRODUCTION

On April 16, 2025, Eletson Holding Inc. ("Holdings") filed the *Motion For Entry Of An Order Compelling Reed Smith To Implement The Plan And Imposing Sanctions* ("Motion"), Dkt. No. 1607.[2] In support of the Motion is the declaration of Bryan M. Kotliar. Dkt. No. 1608.

On May 6, 2025, Reed Smith LLP ("Reed Smith") filed the *Objection To Reorganized Eletson Holdings Inc.'s Motion For Entry Of An Order Compelling Reed Smith To Implement The Plan And Imposing Sanctions* ("Objection"), Dkt. No. 1645.

On May 12, 2025, Holdings filed the *Omnibus Reply In Support Of Its April 16, 2025 Motions* ("Reply"), Dkt. No. 1651. In support of the Reply is the Second Supplemental Declaration of Bryan M. Kotliar. Dkt. No. 1652.

On May 15, 2025, the Court held a hearing on the Motion and took the Motion under advisement. Dkt. No. 1662 (May 15, 2025 Hr'g Tr.) at 155. On March 26, 2026, the Court ordered supplemental briefing on the Motion. Dkt. No. 1978 (Mar. 26, 2026 Hr'g Tr.) at 7.

On April 15, 2026, Holdings filed the *Supplement To Eletson Holdings Inc.'s Motion For Entry Of An Order Compelling Reed Smith To Implement The Plan And Imposing Sanctions [Ecf 1607]* ("Supplement"), Dkt. No. 1991.

On April 30, 2026, Reed Smith filed the *Response To "Supplement To Eletson Holdings, Inc.'s Motion For Entry Of An Order Compelling Reed Smith To Implement The Plan And Imposing Sanctions"* ("Supplement Response"), Dkt. No. 2002.

---

[2] All references to Dkt. No. refer to docket entries in this case, except where preceded by 2d Cir. Case No. xx-xxx or S.D.N.Y. Case No. xx-xxxx, which refer to docket entries in cases in the United States Court of Appeals for the Second Circuit and the United States District Court for the Southern District of New York respectively.

On May 14, 2026, Holdings filed the *Reply To Reed Smith LLP's Response To Supplement To Eletson Holdings Inc.'s Motion For Entry Of An Order Compelling Reed Smith To Implement The Plan And Imposing Sanctions* ("Supplement Reply"), Dkt. No. 2028. In support of the Supplement Reply is the declaration of Jared C. Borriello. Dkt. No. 2029.

## II. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1) and the Amended Standing Order of Reference dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## III. BACKGROUND

### A. Initial Briefing

The Motion provides background on what it calls Reed Smith's improper representation of "Provisional Holdings," "Eletson Greece," and Holdings' affiliates and subsidiaries (including Eletson Corporation ("Corp."), EMC Investment Corp, Eletson Gas LLC ("Gas"), and EMC Gas Corp. ("GasCo")), arguing that Reed Smith failed to withdraw as counsel for each of these entities after being terminated upon the effective date of the confirmation of the chapter 11 plan reorganizing Holdings. Dkt. No. 1607 at 1–4, 6–18. The Motion also describes Reed Smith's "serious payment issues," i.e., that Reed Smith has not disclosed how it has been paid since the effective date. *Id.* at 19–20.

The Motion states that Reed Smith has "explicitly agreed, after it was terminated by its client (Holdings), to represent a new client (the so-called "Provisional Holdings"), to act adverse to the interests of its former client (Holdings)." *Id.* at 8 (citing Dkt. No. 1288 (Decl. of Louis Solomon) at ¶ 41 ("We were also informed that the Provisional Board . . . had designated Reed Smith to represent Holdings and directed Reed Smith to . . . object to or pursue other legal remedies

disputing the authority of Togut or any other counsel that was not appointed by the Provisional Board[.]"); Dkt. No. 1536, Ex. A (Mar. 12, 2025 Hr'g Tr.) at 38:25-39:2 (Louis Solomon stating "[W]e were fired from representing the debtors. That is correct. And when we took on another representation, and that is correct.")). The Motion also states that Reed Smith has continued to purport to represent Holdings itself. Dkt. No. 1607 at 10–11 (citing Dkt. No. 1262 (Nov. 21, 2024 Statement of Issues to be Presented and Designation of Items to be Included in the Record on Debtors' Appeal of Confirmation Opinion filed by Louis Solomon on behalf of Holdings); Dkt. No. 1448, Ex. B (Feb. 14, 2025 Dist. Ct. Hr'g Tr.) at 50:12-13, 17-19 (Mr. Solomon stating, "[The provisional board is] here, your Honor, as Eletson Holdings . . . I don't represent the directors. I represent an entity."), 51:1-10 (Mr. Solomon stating, "[W]e filed, in the bankruptcy court, a limited appearance that listed the matters on which we are representing Eletson . . . Not the board. Provisional Holdings."); Dkt. No. 1608 (Decl. of Bryan Kotliar), Ex. 6 (Mar. 25, 2025 Letter from L. Solomon to Second Circuit on behalf of Holdings)).

The Motion requests this Court's order "(a) compelling Reed Smith to comply with the Plan [Dkt. No. 1132], the Confirmation Order [Dkt. No. 1223], and the Consummation Order [Dkt. No. 1402] (and related decisions) by ceasing (i) all of its purported representations of the Company, including, for the avoidance of doubt, Eletson Corp., EMC Investment, Eletson Gas, and GasCo, and (ii) any representation(s) of persons or entities adverse to the Company, including Provisional Holdings, and (b) imposing sanctions to coerce Reed Smith's compliance with the foregoing." Dkt. No. 1607 at 20 (footnote omitted and brackets added); *see also* Dkt. No. 1662 (May 15, 2025 Hr'g Tr.) at 106 (Counsel for Holdings stating that "Holdings filed the motion to compel Reed Smith to implement the plan by withdrawing from any representations or purported representations of Holdings or its affiliates or subsidiaries, like Corp. and Gas, and from

representing persons adverse to Holdings, like Provisional Holdings.").

The Motion argues that this Court has authority to compel Reed Smith's withdrawal and to impose sanctions to effectuate the plan. Dkt. No. 1607 at 21–22. The Motion also asserts that Reed Smith's conduct violates its ethical obligations pursuant to New York's Rules of Professional Conduct. *Id.* at 22–25.

The Objection argues that the issues raised in the Motion are before the Second Circuit, and the Court should stay the motion until the Second Circuit decides various appeals. Dkt. No. 1645 at 17–20. The Objection next argues: that this Court lacks authority to impose coercive sanctions to order Reed Smith to withdraw from other proceedings, including that it is improper to sanction an attorney for filing an appeal (either to the District Court or Second Circuit), *id.* at 20–21 (citing *Schoenberg v. Shapolsky Publishers*, 971 F.2d 926, 935 (2d Cir. 1992); *Cheng v.GAF Corp.*, 713 F.2d 886, 891–92 (2d Cir. 1983)); that this Court lacks authority to sanction counsel for purported violations in other courts, *id.* at 21–22; and that the sanctions motion is frivolous as to this proceeding, as Reed Smith had attempted to withdraw as counsel, Holdings could have consented to the withdrawal but had not, and the sanctions can only be coercive not punitive, *id.* at 22–23.

Further, the Objection argues that Reed Smith's representations of Gas or GasCo have not violated any rule of conduct, and that any purported violation should be raised before the Disciplinary Committee of the Bar, not this Court. *Id.* at 23–25. The Objection argues that Reed Smith's representation of Gas and GasCo is, even assuming "Reorganized Holdings'" control, a situation where once joint clients have become adverse to one another, and that a lawyer in such a situation need not drop its client. *Id.* at 23–24. The Objection also argues that the request for disqualification is untimely and therefore waived. *Id.* at 25. Lastly, the Objection argues that

Holdings is not entitled to disclosure of Reed Smith's fee arrangements. *Id.* at 26.

The Reply argues that this Court has authority to compel Reed Smith to withdraw as counsel, including in other proceedings, as Reed Smith is "a Related Party of the Debtors" and is thus "duty bound to cooperate to implement the Plan and Confirmation Order and, being present in these proceedings, the Court can compel their compliance." Dkt. No. 1651 at 24–27. Lastly, the Reply asserts that there is no basis to stay the motion, because, "[a]s has been discussed over and over, for whatever reason Reed Smith made the decision not to seek a stay pending appeal of the Confirmation Decision." *Id.* at 30–32.

**B. Supplemental Briefing**

The Supplement argues that developments since May 2025 confirm Holdings' current governance and Reed Smith's displacement as counsel to Holdings, and warrant sanctions against Reed Smith. Dkt. No. 1991 at 3–7.

The Supplement states that on July 14, 2025, the English High Court of Justice (Commercial Court) issued an approved judgment in *Eletson Gas LLC v. [A Limited] et al.*, [2025] EWHC 1855, Case No: CL-2025-000142 (Comm), holding that Holdings and Gas are controlled pursuant to the Confirmation Order, and that the claims of Vassilis Kertsikoff and Laskarina Karastamati (represented by Reed Smith in that proceeding) were based on an unrecognized award (which was subsequently vacated by the District Court). *Id.* at 3–5.

The Supplement then states that on June 6, 2025, the Court of First Instance of Piraeus in Greece, Maritime Department, Non-Contentious Proceedings dismissed the petition which had led to the improper formation of purported "Provisional Holdings." *Id.* at 4.[3] The Supplement then

[3] Following that decision, Holdings requested that this Court disqualify Reed Smith as counsel to purported "Provisional Holdings." Dkt. Nos. 1688, 1838 (Ltrs. requesting disqualification). On October 17, 2025, this Court held that purported "Provisional Holdings" was not an existing legal

states that since Reed Smith was disqualified as counsel in this matter, it has withdrawn some, but not all, of its appeals in the name of Provisional Holdings. Dkt. No. 1991 at 4.[4]

The Supplement further argues that 25 days after the District Court's decision vacating the arbitral award, Reed Smith sent a letter to Ambrey Security and Baxi Marine Services Agency purporting to represent the managers of, inter alia, GasCo and Gas. *Id.* at 5. The Supplement notes that this letter was sent after: i) Reed Smith was terminated by the confirmed plan; ii) the District Court disqualified Reed Smith as counsel; iii) this Court disqualified Reed Smith as counsel; and iv) the District Court's vacatur decision. *Id.* at 5–6.

The Supplement also asserts that Reed Smith continues to purport to represent Gas in the London Court of International Arbitration ("LCIA"), *id.* at 6, and continues to provide legal assistance to parties that this Court has held in contempt, *id.* at 6–7.

Lastly, the Supplement states that no pending appeals or proceedings preclude immediate relief. *Id.* at 7.

The Supplement seeks an order "compelling Reed Smith to: (a) immediately cease all purported representations of Holdings and its affiliates and subsidiaries ("Company") and all clients adverse to the Company, including in the LCIA; (b) within three business days, file a sworn statement identifying every proceeding, matter, or dispute in any jurisdiction in which Reed Smith

---

entity, and accordingly that Reed Smith did not at that time or on an ongoing basis have a client in this matter, although Reed Smith could continue to appear on behalf of itself. Dkt. No. 1867 (Oct. 16, 2025 Hr'g Tr.) at 21.

[4] The Supplement cites *In Re: Eletson Holdings Inc.*, S.D.N.Y. No. 25-06164 and *In Re: Eletson Holdings Inc.*, S.D.N.Y. No. 25-06316. On June 8, 2026, Reed Smith submitted letters of no opposition to Holdings' motions to dismiss those matters. *In Re: Eletson Holdings Inc.*, S.D.N.Y. No. 25-06164, Dkt. No. 12; *In Re: Eletson Holdings Inc.*, S.D.N.Y. No. 25-06316, Dkt. No. 14. The District Court subsequently granted the motions to dismiss as unopposed. *In Re: Eletson Holdings Inc.*, S.D.N.Y. No. 25-06164, Dkt. No. 14; *In Re: Eletson Holdings Inc.*, S.D.N.Y. No. 25-06316, Dkt. No. 16.

has appeared, assisted on, or otherwise provided services in connection with any Company entity or any person or entity purporting to act on behalf of any Company entity, since the effective date of the confirmed plan reorganizing Holdings, and confirming withdrawal from each; (c) within ten business days, provide an accounting of all fees and payments received for such representations since the effective date, including payor, wire, and account information; and (d) be subject to monetary sanctions of $25,000 per day, commencing on the fourth business day following entry of the order sought, should Reed Smith fail to file such sworn declaration." *Id.* at 7–8.

The Supplement Response asserts that the only matters that Reed Smith appears on behalf of Holdings or Corp. are appeals currently pending before the District Court or Second Circuit. Dkt. No. 2002 at 2. The Supplement Response argues that this Court lacks authority to sanction a law firm for representing a party on appeal. *Id.* (citing *Schoenberg*, 971 F.2d at 935; *Cheng*, 713 F.2d at 891–92). As to representations of Gas or GasCo, the Supplement Response states that "Reed Smith has already ended, or is in the process of ending, all legal representations related to those entities." *Id.* at 5. The Supplement Response also states that "who controls Gas and who is authorized to retain counsel on its behalf remains a contested issue, including in this Court, the District Court, and the Second Circuit." *Id.* at 5–6.

The Supplement Response also asserts that the judgment of the English High Court of Justice raised in the Supplement "addressed the narrow issue of the validity of the appointment of an arbitrator in an arbitration proceeding filed in London involving assets of Gas," and is "irrelevant." *Id.* at 7. As to the letter sent to Ambrey Security and Baxi Marine Services Agency, the Supplement Response argues that who controls Gas was then (and now) a contested issue, and that in any event Reed Smith sent the letter at a time when it represented Gas and GasCo before the London Maritime Arbitrators Association ("LMAA"), and that Reed Smith has subsequently

withdrawn as counsel in those proceedings. *Id.* at 7–8. As of the date of the Supplement Response, Reed Smith states that the only proceeding in which it represents Gas ("or any other 'Company entity' outside of appeals" to the District Court or the Second Circuit) is in the LCIA, "where Reed Smith has represented Gas since the outset of those proceedings in 2023 and where no replacement counsel for Gas has been appointed," but that "Reed Smith has recently advised its clients in the LCIA that Reed Smith will be withdrawing from that representation upon substitute counsel being engaged." *Id.* at 8.

The Supplement Response argues that the relief sought in the Supplement is overbroad and intrudes into attorney-client privilege and attorney-work product, and that the Court, in the alternative to denying relief, should defer ruling on the Motion and Supplement until the Second Circuit rules. *Id.* at 9.

The Supplement Reply argues that *Schoenberg* and *Cheng,* cited in the Supplement Response, are irrelevant, as they answer "whether a lower court may sanction counsel for the act of perfecting an appeal," and do not endorse Reed Smith's efforts to "continue to control" an appeal after being terminated as counsel, nor change this Court's inherent authority to enforce its own orders. Dkt. No. 2028 at 2–3. The Supplement Reply argues that Reed Smith has continued to provide advice and counsel in efforts to undermine this Court's orders, including by: i) coordinating with the former owners and other counsel in February 2025 to oppose the arrest of the Kithnos and advancing arguments about recognition this Court had already rejected; (ii) working with the former owners on publishing media stories that falsely portrayed the former owners as Eletson's current management; and (iii) communicating with Eletson's financier. *Id.* at 3–4.

The Supplement Reply also argues that the control of Gas is not an open question, and that

the "Plan vested Holdings' interest in Gas on the Effective Date." *Id.* at 4–5. The Supplement Reply argues that Reed Smith has not made any firm commitment to withdraw from the LCIA proceeding,[5] and that "Reed Smith's ongoing representation of the former owners is extensive and far reaching (including outside of litigation activity)." *Id.* at 5. Lastly, the Supplement Reply argues that deferral is unwarranted, which would in effect be a "stay pending appeal [Reed Smith] failed to seek prior to the Plan going effective." *Id.*

## IV. <u>LEGAL ANALYSIS</u>

Federal Rule of Bankruptcy Procedure 8008(a)(1) provides that a Bankruptcy Court may "defer considering [a] motion" if that motion is filed when an appeal is pending. *See, e.g., Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam (In re Fairfield Sentry Ltd.)*, No. 10-13164, 2020 Bankr. LEXIS 2159, at *32 (Bankr. S.D.N.Y. 2020) ("The decision whether to defer [pursuant to Federal Rule of Bankruptcy Procedure 8008(a)(1)] . . . is within the Court's discretion."). Reed Smith asserts that this Court should defer ruling on the Motion and Supplement based on the number of potentially relevant issues raised by the various appeals discussed below. Objection at 17–20; Supplement Response at 9.

The Motion seeks an order "(a) compelling Reed Smith to comply with the Plan [Dkt. No. 1132], the Confirmation Order [Dkt. No. 1223], and the Consummation Order [Dkt. No. 1402] (and related decisions) by ceasing (i) all of its purported representations of the Company, including, for the avoidance of doubt, Eletson Corp., EMC Investment, Eletson Gas, and GasCo, and (ii) any representation(s) of persons or entities adverse to the Company, including Provisional Holdings, and (b) imposing sanctions to coerce Reed Smith's compliance with the foregoing." *Id.*

---

[5] Subsequently, Reed Smith submitted a letter stating "Reed Smith's withdrawal is now complete. Reed Smith no longer represents Eletson Gas in the LCIA proceeding or in any other matter." Dkt. No. 2067. Holdings has not replied to this letter.

at 20 (footnote omitted and brackets added); *see also* Dkt. No. 1662 (May 15, 2025 Hr'g Tr.) at 106 (Counsel for Holdings stating that "Holdings filed the motion to compel Reed Smith to implement the plan by withdrawing from any representations or purported representations of Holdings or its affiliates or subsidiaries, like Corp. and Gas, and from representing persons adverse to Holdings, like Provisional Holdings.").

Similarly, the Supplement seeks an order "compelling Reed Smith to: (a) immediately cease all purported representations of Holdings and its affiliates and subsidiaries ("Company") and all clients adverse to the Company, including in the LCIA; (b) within three business days, file a sworn statement identifying every proceeding, matter, or dispute in any jurisdiction in which Reed Smith has appeared, assisted on, or otherwise provided services in connection with any Company entity or any person or entity purporting to act on behalf of any Company entity, since the effective date of the confirmed plan reorganizing Holdings, and confirming withdrawal from each; (c) within ten business days, provide an accounting of all fees and payments received for such representations since the effective date, including payor, wire, and account information; and (d) be subject to monetary sanctions of $25,000 per day, commencing on the fourth business day following entry of the order sought, should Reed Smith fail to file such sworn declaration." *Id.* at 7–8.

In this proceeding, this Court has previously held that purported "Provisional Holdings" was not an existing legal entity, and accordingly that Reed Smith did not at that time (or currently) have a client in this matter, although Reed Smith could continue to appear on behalf of itself. Dkt. No. 1867 (Oct. 16, 2025 Hr'g Tr.) at 21. Insofar as the Motion and Supplement seek Reed Smith's withdrawal of representation of Provisional Holdings in this Court, the Motion and Supplement are moot.

The District Court has also held that purported "Provisional Holdings" does not exist, and, accordingly, insofar as the Motion and Supplement seek Reed Smith's withdrawal of representation of Provisional Holdings in the District Court, the Motion and Supplement are moot.[6] *See, e.g.*, *In re Eletson Holdings Inc.*, No. 25-cv-1312, 2025 U.S. Dist. LEXIS 187947, at *37, 43, 52–82 (S.D.N.Y. Sept. 22, 2025) (affirming sanctions and anti-suit injunction against the Former Majority Shareholders and other violating parties and concluding, inter alia, that "there is not now and never was a legitimate 'Provisional Holdings,'" and "Provisional Holdings is not a legal entity with standing to sue in this Court."); *In re Eletson Holdings Inc.*, No. 25-cv-5753, 2025 U.S. Dist. LEXIS 202761, at *3–4 (S.D.N.Y. Oct. 14, 2025) ("Though the lawyers who filed this appeal are real, the entity on whose behalf they purport to speak is not . . . 'Purported "Provisional Eletson Holdings"' has no legal existence and no standing to appeal orders of the Bankruptcy Court.").

As to the remaining issues raised in the Motion and Supplement, currently before the District Court and the Second Circuit are numerous pending proceedings that relate to or may impact those issues:

1. On January 12, 2026, the District Court granted Levona Holdings, Ltd.'s and Holding's motion to vacate the arbitral award based upon clear and convincing evidence of fraud in the arbitration, and granted discovery sanctions against the Cypriot Nominees. *Eletson Holdings, Inc. v. Levona Holdings, Ltd.*, No. 23-cv-7331, 2026 U.S. Dist. LEXIS 5528, at *217 (S.D.N.Y. Jan. 12, 2026) ("Vacatur Decision"). The District Court found, inter alia, that "the 'transfer' to the Nominees was an after-the-fact contrivance designed to keep control of Eletson Gas from Holdings and, in turn, from Holdings' creditors, after Holdings had been put in

[6] Although the Request that Reed Smith withdraw from representing purported "Provisional Holdings" in this Court and the District Court may be moot at this time, the Court does not rule on whether any sanctions are appropriate for any such past purported representation.

involuntary bankruptcy proceedings." *Id.* at *56. The District Court further explained that:

> The identification of the [Cypriot Nominees] as the recipients of the Preferred [Shares] was a ruse intended to avoid the impact of the bankruptcy and the likely transfer of the economic value represented by the Preferred [Shares] to the creditors of Eletson, including Levona's affiliate Pach Shemen, through the bankruptcy proceeding.

*Id.* at *166. Further, the District Court stated that:

> The inference is overwhelming and undisputed on this record that . . . false testimony was given with the intent to mislead the Arbitrator regarding the nomination of the Cypriot entities . . . [M]ost tellingly, Eletson [under its pre-bankruptcy plan management] told its own lawyers that there had been no nomination, and instead worked with or through them post-Bankruptcy filing to create the fabricated backstory they then told to the Arbitrator.

*Id.* at 177–78. As to Reed Smith specifically, the District Court commented that:

> The Court need not decide here whether Reed Smith was complicit in its clients' perjury either directly or through a wink and a nod or instead was incredulous and was its clients' innocent dupe. . . . At a minimum, it was the vehicle through which a fraud was committed.

*Id.* at 172–73. The District Court also stated that Mr. Solomon – in a letter to J. Belen in the Preferred Shares Arbitration, stating that "there can't be . . . anything important" about a July 25, 2022 email (an email which demonstrated that the Gas preferred shares had not been purchased in March 2022 as necessary for the theory that those shares were transferred to the Cypriot Nominees) – crossed the "line between aggressive advocacy and false statements," rejecting Mr. Solomon's defense that "arguments with lawyers don't fall into the true and false category" and the Cypriot Nominees' similar argument that Mr. Solomon was engaging in "proper legal advocacy." *Id.* at 195–202.

On February 4, 2026, the Cypriot Nominees appealed the Vacatur Decision to the Second Circuit, opening Case No. 26-287. On June 29, 2026, the District Court entered judgment vacating the arbitral award and further ordered the Cypriot Nominees to pay jointly and severally

$296,014.04 in discovery sanctions. On July 28, 2026, the Cypriot Nominees and, on July 29, 2026, Reed Smith appealed the District Court's June 29, 2026 order to the Second Circuit, opening respectively Case Nos. 26-2085 and 26-2088.[7] The appeals remain pending.

2. On October 25, 2024, this Court issued a Memorandum Opinion And Order Confirming Petitioning Creditors' Amended Joint Chapter 11 Plan Of Reorganization Of Eletson Holdings Inc. And Its Afilliated Debtors, Sustaining Objections To Competing Plans, And Denying Motion In Limine ("Confirmation Opinion"), Dkt. No. 1212. On November 4, 2024, this Court entered the Findings Of Fact, Conclusions Of Law, And Order Confirming Petitioning Creditors' Amended Joint Chapter 11 Plan Of Eletson Holdings Inc. And Its Affiliated Debtors ("Confirmation Order"), Dkt. No. 1223. On November 7, 2024, Mr. Solomon filed an appeal of the Confirmation Opinion on behalf of Holdings to the District Court, Dkt. No. 1233, commencing Case No. 24-08672 before the District Court. On December 30, 2024, the District Court entered a stipulation and agreement to dismiss the appeal, signed by Goulston & Storrs PC on behalf of Holdings ("Stipulated Dismissal"). S.D.N.Y. Case No. 24-08672, Dkt. No. 20. On January 16, 2025, Mr. Solomon filed an appeal of the Stipulated Dismissal to the Second Circuit, opening Case No. 25-176 before that Court, which remains pending.[8] On June 25, 2025, the Second Circuit denied Holding's motion to dismiss the appeal, "without prejudice to the parties raising their arguments regarding who controls Eletson Holdings, Inc., and what effect that control has on the appeal." 2d Cir. Case No. 25-176, Dkt. No. 50.

---

[7] Proskauer Rose LLP also appealed the June 29, 2026 order on behalf of Holdings and Eletson Corporation, opening Case No. 26-2092, but then moved to withdraw as counsel and the case was dismissed by stipulation. 2d Cir. Case No. 26-2092, Dkt. Nos. 21, 23, 26.

[8] On February 14, 2025, the District Court granted Holdings' motion to strike the notice of appeal filed by Mr. Solomon to the Second Circuit, and, in the alternative, issued an indicative ruling that the appeal should be dismissed. S.D.N.Y. Case No. 24-08672, Dkt. No. 66.

3. On February 14, 2025, the District Court displaced Reed Smith as counsel to Holdings in the vacatur proceeding and ordered Reed Smith to turnover to Holdings:

> (1) the entire file maintained by Reed Smith in any matter wherein it represented Eletson Corp. or Eletson Holdings in relation to the arbitration award, the enforcement thereof or the monetization of it and the disputes underlying the award; (2) all communications between Eletson Corp., Eletson Holdings, and/or any agents thereof, including Reed Smith, and any third party relating to the arbitration; and (3) unredacted time sheets through the current date relating to the arbitration.

*Eletson Holdings Inc. et al v. Levona Holdings Ltd.*, S.D.N.Y. No. 23-cv-7331, Dkt. Nos. 269 (Feb. 14, 2025 Or.), 270 (Feb. 14, 2025 Hr'g Tr.) at 106–115 ("District Court's Turnover Order"). Reed Smith appealed the District Court's Turnover Order and obtained a stay before the Second Circuit pending appeal, 2d Cir. Case No. 25-445, Dkt. No. 66 (2d Cir. June 25, 2025 Or.) ("Second Circuit Stay Order"). The appeal remains pending and is to be heard in tandem with *In Re: Eletson Holdings Inc.*, 2d Cir. Case No. 25-176.[9]

4. On January 29, 2025, this Court entered the Order In Support Of Confirmation And Consummation Of The Court-Approved Plan Of Reorganization ("Consummation Order"), Dkt. No. 1402, which incorporated an oral ruling by this Court made on January 24, 2025. On February 5, 2025, Mr. Solomon filed an appeal of the Consummation Order on behalf of Reed Smith and purported "Provisional Eletson Holdings," commencing Case No. 25-1312 before the District Court, as did the Former Majority Shareholders, opening Case No. 25-1685. On March 13, 2025,

---

[9] Also pending appeal in the Second Circuit (from the District Court's vacatur proceeding) is an appeal filed by the Cypriot Nominees of the District Court's September 6, 2024 opinion and order granting Levona leave to file an amended answer to assert fraud as a basis to vacate the arbitration award, which opinion found that "newly-produced documents . . . tend[ed] to show fraud in the arbitration proceeding." *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, No. 23-cv-7331, 2024 U.S. Dist. LEXIS 160367, at *25 (S.D.N.Y. Sept. 6, 2024). The appeal before the Second Circuit, Case No. 25-1313, remains pending. The Cypriot Nominees also appealed the District Court's June 2, 2025 decision granting an anti-suit injunction, opening Case No. 25-1468, but subsequently stipulated to withdraw the appeal. 2d Cir. Case No. 25-1468, Dkt. No. 64.

this Court entered the Order In Further Support Of Confirmation And Consummation Of The Court-Approved Plan Of Reorganization ("March 2025 Order"), Dkt. No. 1537, which incorporated an oral ruling by this Court on March 12, 2025.[10] On March 24, 2025, Mr. Solomon filed an appeal of the March 2025 Order on behalf of purported "Provisional Eletson Holdings," opening Case No. 25-2824 before the District Court, and on March 26, 2026, the Former Majority Shareholders also appealed, opening Case No. 25-2897 before the District Court. On September 22, 2025, the District Court dismissed the preceding four cases (Nos. 25-1312, 25-1685, 25-2824, and 25-2897), finding that purported "Provisional Holdings" was not a legal entity with standing to sue, that Reed Smith and the Former Majority Shareholders lacked standing to appeal the Consummation Order, and affirming sanctions and the anti-suit injunction against the Former Majority Shareholders and other violating parties. *In re Eletson Holdings Inc.*, 2025 U.S. Dist. LEXIS 187947, at *82–83. On October 21, 2025, the Former Majority Shareholders appealed the District Court's September 22, 2025 decision, opening up Case Nos. 25-2670 and 25-2672,[11] which are to be heard in tandem and which remain pending.

This Court also takes note of the following pending appeals that could prove relevant to the Motion and Supplement:

---

[10] Elafonissos Shipping Corporation, a former minority shareholder, also appealed the March 2025 Order to the District Court, opening case No. 25-6240. Elafonissos also appealed this Court's July 7, 2025 order, Dkt. No. 1714, which incorporated this Court's July 2, 2025 oral decision, which found personal jurisdiction over Elafonissos and denied Elafonissos's Motion For Relief From The Court's Orders Of January 29, 2025 And March 13, 2025 Pursuant To Federal Rule Of Civil Procedure 60(B)(4) And Federal Rule Of Bankruptcy Procedure 9024, opening Case No. 25-6182. That case was consolidated with 25-6240, and remains pending before the District Court.

[11] Also on October 21, 2025, Reed Smith on behalf of purported "Provisional Holdings" appealed the District Court's September 22, 2025 decision, opening case Nos. 25-2669 and 25-2671, both of which were subsequently withdrawn. 2d Cir. Case No. 25-2669, Dkt. No. 57; 2d Cir. Case No. 25-2671, Dkt. No. 50.

1. On February 27, 2025, this Court entered an Order in Support of Confirmation and Consummation of the Court-Approved Plan of Reorganization and Imposing Sanctions on Certain Parties. Dkt. No. 1495. On March 13, 2025, the Former Majority Shareholders appealed to the District Court, opening Case No. 25-2789. The appeal remains pending.

2. On August 1, 2025, this Court entered the Memorandum Opinion And Order Granting, In Part, Levona Holdings Ltd.'s Motion To Enforce The Stipulated Stay Relief Order And For Sanctions Against The Purported Preferred Nominees Pursuant To Section 105(A) Of The Bankruptcy Code. Dkt. No. 1759. On August 7, 2025, the Cypriot Nominees appealed to the District Court, opening Case No. 25-6716, which remains pending.

3. On September 22, 2025, this Court entered the Judgment Against Vasilis Hadjieleftheriadis, Purported Provisional Board, Former Majority Shareholders, Former Minority Shareholders And Laskarina Karastamati. Dkt. No. 1836. The Former Majority Shareholders and Elafonissos appealed to the District Court, opening Case No. 25-8519, which remains pending.

4. On October 21, 2025, this Court entered the Judgment Against The Former Majority Shareholders, The Former Minority Shareholders, And The Members Of The Purported Provisional Board. Dkt. No. 1862. The Former Majority Shareholders and Elafonissos appealed to the District Court, opening Case No. 25-9367, which remains pending.

5. On November 19, 2025, this Court entered the Memorandum Opinion And Order Granting Eletson Holdings Inc.'s And Levona Holdings Ltd.'s Joint Motion For Sanctions Against The Cypriot Entities, Vassilis Kertsikoff And Laskarina Karastamati. Dkt. No. 1885. The Cypriot Nominees appealed to the District Court, opening Case No. 25-10604, which remains pending.

6. On May 11, 2026, this Court entered the Supplemental Judgment Against The Cypriot Entities. Dkt. No. 2008. The Cypriot Nominees appealed to the District Court, opening

Case No. 26-4218, which remains pending.

7. Also currently before the District Court is Case No. 26-3620, an adversary proceeding originally filed in this Court (the reference was subsequently withdrawn), brought by plaintiffs Levona, Gas, and EMC Gas Corp., against defendants Holdings; Eletson Corp;, the Cypriot Nominees; Vassilis Kertsikoff, Vasilis Hadjieleftheriadis, and Lascarina Karastamati; and Reed Smith LLP, Charles G. Weller, and Louis M. Solomon. At issue in that proceeding are, inter alia, plaintiffs' claim for a declaratory judgment that Levona owns and controls Gas's preferred shares and that Reed Smith lacks authority to represent Gas, EMC, or their subsidiaries, and that the purchase option for the preferred shares was not exercised and the Cypriot Nominees were never nominated to receive the preferred shares. Plaintiffs also bring eight state-law claims against the defendants including claims for conversion, breach of contract, tortious interference, breach of fiduciary duty, attorney misconduct, conspiracy, and aiding and abetting.

8. Also pending before this Court is Adv. P. Case No. 25-01120, brought by plaintiffs Holdings, Eletson Corporation, Eletson Chartering Inc., EMC Investment Corporation, Kastos Special Maritime Enterprise, Fourni Special Maritime Enterprise, Kinaros Special Maritime Enterprise, and Kimolos II Special Maritime Enterprise, against defendants Vassilis Kertsikoff, Vasilis Hadjieleftheriadis, and Lascarina Karastamati; Konstantinos Hadjieleftheriadis, Ioannis Zilakos, Emmanuel Andreoulakis, Adrianos Psomadakis, Panos Paxinos, Eleni Giannakopoulou, and Niki Zilakou; the Former Majority Shareholders; the Former Minority Shareholders; the Cypriot Nominees; and Reed Smith and Mr. Solomon. At issue in that proceeding are, inter alia, plaintiffs' claims for civil RICO, conspiracy, conversion, breach of contract, breach of fiduciary duty, and fraud. On August 3, 2026, this Court entered the Memorandum Opinion And Order Denying Reed Smith Defendants' Motion To Compel Arbitration Or Dismiss And Former

Shareholders' Motion To Dismiss. Dkt. No. 130. On August 17, 2026, the Reed Smith Defendants appealed that Opinion and Order to the District Court, opening Case No. 26-7343, which remains pending. Dkt. No. 149.

As set forth supra, Federal Rule of Bankruptcy Procedure 8008(a)(1) provides that a Bankruptcy Court may "defer considering [a] motion" if that motion is filed when an appeal is pending. Given the issues identified in the Motion and Supplement and the various issues raised by the appeals and related proceedings in the Second Circuit and District Cout, the Court finds it appropriate to defer ruling on the Motion and Supplement. The Court agrees with Reed Smith that "the District Court and Second Circuit have before them a pipeline of largely overlapping appeals," that "resolution of the various appeals is likely to bring clarity on disputed issues that may be relevant to the Motion and Supplement," and thus that deferral of the Motion and Supplement is accordingly justified. Objection at 17–20; Supplement Response at 9; *see Lasala v. Needham & Co.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) ("[A] court might, in the interest of judicial economy, enter a stay pending the outcome of proceedings which bear upon the case, even if such proceedings are not necessarily controlling of the action that is to be stayed.").

## V. CONCLUSION

The Court DEFERS ruling on the Motion and Supplement pending the foregoing discussed proceedings. The parties are ORDERED to provide notice within 3 days of any decisions or rulings in the referenced proceedings that relate to the relief sought in the Motion and Supplement.

**IT IS SO ORDERED.**

Dated: September 18, 2026
New York, New York

/s/ John P. Mastando III
HONORABLE JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE