UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | NOT FOR PUBLICATION |
| | Chapter 11 |
| ELETSON HOLDINGS INC.,[1] | Case No. 23-10322 (JPM) |
| Debtor. | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART ELETSON HOLDINGS INC.'S MOTION PURSUANT TO BANKRUPTCY RULE 2004 FOR AN ORDER AUTHORIZING THE ISSUANCE OF SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND DEPOSITION TESTIMONY**

[1] Prior to November 19, 2024, the debtors in these cases were: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC (the "Debtors"). On March 5, 2025, the Court entered a final decree and order closing the Chapter 11 cases of Eletson Finance (US) LLC and Agathonissos Finance LLC. Commencing on March 5, 2025, all motions, notices, and other pleadings relating to any of the Debtors shall be filed in the Chapter 11 case of Eletson Holdings Inc. The Debtor's mailing address is c/o Herbert Smith Freehills Kramer (US) LLP, 1177 Avenue of the Americas, New York, New York 10036.

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**

## I. INTRODUCTION

Before the Court is Eletson Holdings Inc.'s ("Holdings") Motion Pursuant To Bankruptcy Rule 2004 For An Order Authorizing The Issuance Of Subpoenas For The Production Of Documents And Deposition Testimony, dated September 2, 2026 ("Motion"). Dkt. No. 2109.[2] The Motion seeks authorization pursuant to Federal Rule of Bankruptcy Procedure 2004(a) "to issue subpoenas for the production of documents from and the examination of Proskauer Rose LLP and its agents and representatives (collectively, "Proskauer" or the "Examination Parties")." *Id.* at 1. Holdings seeks "to obtain information concerning the undisclosed individuals or entities that recently directed, funded, or otherwise caused Proskauer to take actions interfering with implementation of the Plan and the Confirmation Order, including the identity of those individuals or entities and the source of the funds used to finance such efforts." *Id.*[3]

The Court is also in receipt of Reed Smith LLP's ("Reed Smith") Objection To Motion Pursuant To Bankruptcy Rule 2004 For An Order Authorizing The Issuance Of Subpoenas For The Production Of Documents And Deposition Testimony, dated September 9, 2026 ("Objection"). Dkt. No. 2110. In support of the Objection is the declaration of C. Lee Wilson, dated September 9, 2026. Dkt. No. 2111.

The Court is also in receipt of Holdings' Reply In Further Support Of Its Motion Pursuant

---

[2] All references to Dkt. No. refer to docket entries in this case, unless proceeded by 2d Cir. Case No. xx-xxx or S.D.N.Y. Case No. xx-cv-xxxx, which refer to docket entries in cases in the Second Circuit and Southern District of New York respectively.

[3] Petitioning Creditors' Revised Joint Chapter 11 Plan Of Reorganization Of Eletson Holdings Inc. And Its Affiliated Debtors, Dkt. No. 1132 ("Plan"); Nov. 4, 2024 Findings of Fact, Conclusions of Law, and Order Confirming Petitioning Creditors' Amended Joint Chapter 11 Plan, Dkt. No. 1223 ("Confirmation Order").

To Bankruptcy Rule 2004 For An Order Authorizing The Issuance Of Subpoenas For The Production Of Documents And Deposition Testimony And In Response To The Reed Smith Objection, dated September 24, 2026. Dkt. No. 2122.

The Court held a hearing on the Motion on September 28, 2026.

## II. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1) and the Amended Standing Order of Reference dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## III. BACKGROUND

The Motion states that "[i]n September 2025, Proskauer joined Reed Smith as co-counsel before the Second Circuit purportedly on behalf of Holdings and Eletson Corporation ("Corp.") in the unauthorized appeal of Judge Liman's order endorsing the parties' stipulation of dismissal of the petition to confirm the arbitration award which lies at the center of the vacatur proceeding." Motion at 2.[4] The Motion also states that "on July 29, 2026, Proskauer *again* filed notices of appearance and a notice of appeal in the vacatur proceeding, again purportedly on behalf of Holdings and Corp., this time challenging Judge Liman's final judgment (entered after he vacated the arbitration award on the basis of fraud in June 2026)." *Id.* The Motion states that these filings ("Notices") were not authorized by Holdings. *Id.* at 2, 5. The Motion seeks authorization to obtain information as to who retained, directed, and paid Proskauer to act in relation to the Notices. *Id.* at 2.[5]

---

[4] *Eletson Holdings Inc. et al v. Levona Holdings Ltd.*, S.D.N.Y. Case No. 23-cv-7331 ("Vacatur Proceeding").

[5] The Motion summarizes how this Court has "sanctioned multiple times" the "[f]ormer management and directors and former shareholders" of Holdings in their efforts to obstruct the

The Motion argues that Federal Rule of Bankruptcy Procedure 2004 authorizes this Court to order examination of any entity shown to have a relationship with the debtor upon request of a party in interest. *Id.* at 9–11. The Motion states that "[t]he Examination Parties, by submitting the Notices in the Vacatur Proceeding, have made themselves an appropriate target of a Rule 2004 examination." *Id.* at 10. The Motion argues that good cause exists for examination, as "Holdings has reason to believe that Proskauer was engaged by" the same parties that this Court has found in violation of the Plan and Confirmation Order. *Id.* at 11–12. The Motion next argues that service of subpoenas by FedEx or by email and any other means of service allowable under Federal Rule of Bankruptcy Procedure 9016 is appropriate, reasonably calculated to provide actual notice, and that personal service would be unduly burdensome. *Id.* at 12–13.[6]

The Objection states that Reed Smith objects "solely because the Motion seeks information relating to Reed Smith and the adversary proceeding Reorganized Holdings has filed against it, and Reed Smith would therefore be prejudiced by an order granting the Motion." Objection at 1.[7] The Objection notes that discovery as to Reed Smith in the Adversary Proceeding has been stayed, and the Objection argues that Holdings cannot use Rule 2004 to obtain discovery through Proskauer that is otherwise governed by and stayed in the Adversary Proceeding. *Id.* at 3, 5–6.

---

Plan and Confirmation Order. Motion at 3–4. The Motion states that these parties continue to act in efforts to undermine the Plan and Confirmation Order, and that Proskauer's unauthorized filings and appeals are the latest such effort. *Id.* at 4–7, 11–12. Proskauer subsequently moved to withdraw as counsel in its appeal of the judgment entered in the vacatur proceeding, the Second Circuit granted that motion, and the appeal was then dismissed by stipulation. 2d Cir. Case No. 26-2092, Dkt. Nos. 21, 23, 26. Proskauer, however, maintains its appearance and appeal of the stipulation of dismissal of the petition to confirm the arbitration award, and the appeal remains pending. Motion at 7–8; 2d Cir. Case No. 25-1313.

[6] Federal Rule of Bankruptcy Procedure 9016 provides that "Fed. R. Civ. P. 45 applies in a bankruptcy case." Federal Rule of Civil Procedure 45 governs service of subpoenas.

[7] Bankr. S.D.N.Y., Case No. 25-01120 ("Adversary Proceeding").

The Objection argues that once an adversary proceeding has commenced, discovery is to proceed by Rule 7026, not Rule 2004. *Id.* at 5–7. Lastly, the Objection argues that the Motion seeks privileged communications from Reed Smith's counsel, as Proskauer is co-counsel to Reed Smith in "a related Second Circuit appeal." *Id.* at 8.

The Reply notes that "Proskauer itself—the party actually targeted by the Motion—has not objected," and that Reed Smith "misconstrues both the purpose and scope of the Motion." Reply at 1–2. The Reply argues that the pending Adversary Proceeding and the stay of discovery therein do not apply to the Motion, as Reed Smith has not objected to document requests 1–3 or examination topics 1–3[8] (only document request 4 and examination topic 4),[9] *id.* at 3, and that

---

[8] Document requests 1 to 3 seek: "1. Documents sufficient to identify all Persons and Entities that retained, directed, instructed, authorized, or purported to authorize Proskauer to act on behalf of Holdings or Corp. in the Vacatur Proceeding or any other matter, including all engagement letters, other similar agreements, and legal invoices. 2. Documents sufficient to identify all Persons or Entities that paid, agreed to pay, advanced, reimbursed, guaranteed, or otherwise funded any fees, expenses, or costs incurred by Proskauer in the Vacatur Proceeding or in any other actual or purported representation of Holdings or Corp. 3. Documents sufficient to identify the source of the payment, funding, or reimbursement of any fees, expenses, or costs incurred by Proskauer in connection with any actual or purported representation of Holdings or Corp. in the Vacatur Proceeding or any other matter." Dkt. No. 2109 at 35 (pdf. p.) (proposed Requests for Production).

Examination requests 1 to 3 seek: "1. The purported retention of Proskauer by Holdings and Corp. in connection with the Vacatur Proceeding, or any other matter, litigation, appeal, or proceeding. 2. The identity of all Persons or Entities who directed, authorized, requested, participated in, or were involved in the decision for Proskauer to purport to act on behalf of Holdings and Corp., including the preparation and filing of any notices of appearance, notices of appeal, motions, or other court filings. 3. The source of funding for the engagement of Proskauer, including all Persons or Entities that paid, agreed to pay, advanced, reimbursed, guaranteed, or otherwise funded Proskauer fees, costs, or expenses." *Id.*

[9] Document request 4 seeks "4. All Communications with Reed Smith LLP concerning Proskauer's purported representation of Holdings or Eletson Corp. in the Vacatur Proceeding." *Id.*

Examination request 4 seeks "4. Proskauer's purported representation of Holdings and Corp., including any diligence, investigation, communications, corporate records, governance materials, engagement agreements, or other information reviewed or relied upon before making any filing on behalf of Holdings or Corp." *Id.* at 36 (pdf. p.).

document request 4 and examination topic 4 target new conduct not at issue in the Adversary Proceeding, *id.* at 3–4. The Reply states that document request 4 "reaches only communications concerning Proskauer's representation of Holdings and Corp. in the Vacatur Proceeding," and "does not reach" Proskauer's role alongside Reed Smith as co-counsel in any proceeding. *Id.* at 3–4. The Reply states that it is "dispositive" that Proskauer did not file its notice of appearance in the Vacatur Proceeding until seven months after Holdings filed the First Amended Complaint in the Adversary Proceeding, and a year after the Adversary Proceeding commenced. *Id.* at 4–5. The Reply then asserts that examination topic 4 does not implicate the Adversary Proceeding at all, as it seeks "information provided to Proskauer in connection with its own engagement, and nothing in the First Amended Complaint puts that at issue." *Id.* at 5. The Reply argues that "the Rule 2004 discovery targets Proskauer—a separate law firm that is not a party to the Reed Smith Adversary Proceeding—regarding conduct that arose entirely after the adversary complaint was filed." *Id.* The Reply similarly argues that the stay as to Reed Smith in the Adversary Proceeding does not apply to Proskauer. *Id.* at 6. Lastly, the Reply argues that Holdings' proposed order granting the Motion already addresses the possibility that "some subset of documents otherwise responsive to the Rule 2004 document requests may be privileged," as Proskauer can provide a privilege log. *Id.* at 8.

## IV. <u>LEGAL ANALYSIS</u>

### A. Standard of review

"On a party in interest's motion, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a).[10] A "party in interest" includes the debtor. 11 U.S.C. § 1109(b); *see, e.g.,*

[10] The Motion also seeks authorization pursuant to 11 U.S.C. § 105(a), which provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in

*In re MF Global Inc.*, No. 11-02790, 2013 Bankr. LEXIS 129, a *2 (Bankr. S.D.N.Y. Jan. 8, 2013) ("Parties in interest generally include the trustee, creditors, the debtor and entities related to the debtor, and persons obligated to the debtor." (citation modified)); 9 Collier on Bankruptcy ¶ 2004.01[3] (16th ed. 2026) (same). The scope of a Rule 2004 examination includes "any matter that may affect the administration of the debtor's estate," Fed. R. Bankr. P. 2004(b)(1)(C), as well as:

> the operation of any business and the desirability of its continuing; . . . the source of any money or property the debtor acquired or will acquire for the purpose of consummating a plan and the consideration given or offered; and . . . any other matter relevant to the case[.]

Fed. R. Bankr. P. 2004(b)(2). Rule 2004 discovery is appropriate post-confirmation. *See, e.g., In re Cinderella Clothing Industries, Inc.*, 93 B.R. 373, 379 (Bankr. Pa. E.D. 1988) (granting Rule 2004 examinations post-confirmation and stating that "the broad language of Rule 2004(b) . . . allows . . . the use of Rule 2004 post-confirmation").

"[A]ny third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993). "[T]he Court may authorize the examination of third parties that possess knowledge of the debtor's acts, conduct, liabilities or financial condition which relate to the administration of the bankruptcy estate." *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002); *see also In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004) (authorizing Rule 2004 examinations as to former directors and officers of debtor).

**B. Motion**

---

interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." Motion at 3.

The Court agrees with Holdings that "[t]he Examination Parties, by submitting the Notices in the Vacatur Proceeding, have made themselves an appropriate target of a Rule 2004 examination." Motion at 9–10; *In re Ionosphere Clubs, Inc.*, 156 B.R. at 432; *In re Enron Corp.*, 281 B.R. at 840; *In re Recoton Corp.*, 307 B.R. at 755. The Court also agrees that good cause exists to order the examination, as Proskauer is purporting to represent an entity that is still the Debtor in this Court, and the proper counsel for that Debtor has not authorized the Notices filed by Proskauer. The Court rejects Reed Smith's Objection that the Motion implicates the Adversary Proceeding or the stay of discovery therein as to Reed Smith. Objection at 3–7. As argued by Holdings, the Motion targets Proskauer, a separate law firm that is not a party to the Adversary Proceeding (and the Motion was not filed in the Adversary Proceeding, but rather in the main bankruptcy case). Reply at 5–6.[11] Similarly, Reed Smith's Objection that the Motion reaches privileged material is, as argued by Holdings, adequately addressed by providing that Proskauer can submit a privilege log. Reply at 8.

Lastly, however, the Court disagrees with Holdings that personal service on Proskauer would be unduly burdensome. Motion at 12–13. Federal Rule of Civil Procedure 45 states that "[s]erving a subpoena requires delivering a copy to the named person[.]" Fed. R. Civ. P. 45(b)(1). "This language has led to '[t]he longstanding interpretation of Rule 45 . . . that personal service of subpoenas is required.'" *In re Ex Parte Application of: Bayerische Motoren Werke AG*, No. 22

[11] Reed Smith relies on *In re Enron Corp.*, 281 B.R. at 841–45, and *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 26, 28–29 (Bankr. N.D.N.Y. 1996) for the proposition that Rule 2004 discovery is unauthorized once an adversary proceeding has commenced. Objection at 5–7. But as Reed Smith itself notes, the Rule 2004 examinations in *In re Enron Corp* "target[ed] *the same defendants* and the same subject matter at issue in the stayed . . . action," Objection at 6 (emphasis added), and *In re Bennett Funding Group* similarly concerned examination as to "a third party who [wa]s also a party to the adversary proceeding," 203 B.R. at 26. Here, by contrast, the Motion targets Proskauer, who is not a party to the Adversary Proceeding.

MC 115, 2022 U.S. Dist. LEXIS 127995, at *5 (S.D.N.Y. July 18, 2022) (quoting 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2454 (3d ed. 2022)). "However, courts have authorized alternative service when a party has demonstrate[d] a prior diligent attempt to personally serve." *Great Am. Ins. Co. v. Gemstone Prop. Mgmt., LLC*, No. 23-cv-09100, 2026 U.S. Dist. LEXIS 29514, *5 (S.D.N.Y. Feb. 12, 2026) (citation modified). Here, Holdings has not previously attempted to personally serve Proskauer. The Court thus directs Holdings to comply with Federal Rule of Civil Procedure 45 and personally serve the subpoenas on Proskauer.

## V. CONCLUSION

The Motion is GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED.**

Dated: September 30, 2026
New York, New York

/s/ John P. Mastando III
HONORABLE JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE